UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: Syngenta AG MIR162 | ) | |
|     Corn Litigation | ) | |
| | ) | MDL No. 2591 |
| (This Order Relates to All Cases) | ) | |
| | ) | Case No. 14-md-2591-JWL-JPO |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## SCHEDULING ORDER NO. 1

On February 3, 2015, in accordance with Fed. R. Civ. P. 16, a scheduling conference was conducted by the undersigned U.S. District Judge John W. Lungstrum and U.S. Magistrate Judge James P. O'Hara.  Consistent with the court's January 22, 2015 order concerning appointment of counsel in this multidistrict litigation ("MDL") (ECF doc. 67), plaintiffs appeared through co-lead counsel, Don M. Downing, William B. Chaney, Scott A. Powell, and Patrick J. Stueve (Mr. Stueve also serves as plaintiffs' liaison counsel); several members of plaintiffs' executive committee also attended the conference.  The Syngenta defendants appeared through their designated national counsel, Michael D. Jones, his law partners, E. John U, Patrick F. Philbin, and Ragan Naresh, and their local liaison counsel, Thomas P. Schult, accompanied by Ryan C. Hudson of his law firm.  Having duly considered the parties' pre-conference submissions and the statements of counsel during the conference, the court now enters this scheduling order.

1.      **Remand and Other Challenges to Subject-Matter Jurisdiction.**

      **a.**      Plaintiffs' lead counsel, together with counsel for all parties seeking remand

to state court and challenging removal by defendants based on the allegation that a federal question exists under the so-called "foreign relations doctrine," must file a consolidated motion to remand and supporting brief by **March 2, 2015**.  Defendants' opposition brief and any related papers must be filed by **March 30, 2015**.  Any reply by plaintiffs must be filed by **April 13, 2015**.  Judge Lungstrum will hear oral argument on this motion on **April 27, 2015, at 10:00 a.m.**, in Courtroom 643.  He plans to rule early in May 2015 and, as discussed in more detail below, plans to convene a status conference with counsel shortly after that ruling to discuss, among other things, how to coordinate this MDL with any cases that have been remanded to state court.

b.   By **March 12, 2015**, for any case transferred into the MDL by February 3, 2015, plaintiffs in that case must file, in the main docket of these MDL proceedings and in each of their respective cases (i) any motion to remand addressing any jurisdictional basis *other than* the federal question basis identified above, and (ii) adopting, and noting any further arguments, raised in the consolidated motion to remand identified above. Defendants' opposition briefs and any related papers must be filed by **April 9, 2015**. Plaintiffs must file any reply by **April 23, 2015**.  Judge Lungstrum will decide later whether to hear oral argument on such motions.

2. **Pleadings.**

   a.   Solely as an MDL administrative and procedural tool to narrow the predominant legal issues common to the transferred cases, plaintiffs (acting by and through their lead counsel), must file their consolidated amended complaints ("CACs") by **March 13, 2015.**   In addition, separate complaints, that is, apart from the CACs, will go forward by some non-producers, certainly including but not necessarily limited to Archer Daniels Midland Company ("ADM") and Cargill, Incorporated and Cargill International SA (collectively, "Cargill").

   b.   Within 14 days of the filing of the court's ruling on the consolidated remand motion based on the foreign relations doctrine, all plaintiffs (i.e., those covered by CACs as well as ADM and Cargill), must file any amended complaints on which they wish to proceed.  No further motion or leave of court is necessary for said amendments.

   c.   After the CACs have been filed on or about March 13, 2015, in order to deal with possible challenges to the sufficiency of process or service of process, the parties' lead counsel must meet and confer about setting a deadline for plaintiffs to complete service on all defendants who have not yet been served, whether through waivers, defense counsel agreeing to accept service on behalf of U.S. defendants (as they've done thus far in

-3-

many cases), formal service on non-U.S. defendants in accordance with the Hague Convention (as those defendants have insisted thus far), or otherwise.   This will serve to avoid undue expense of translating the numerous individual state court pleadings filed by the various plaintiffs in this MDL.   The parties' lead counsel must file a joint status report on this issue within 14 days of the filing of the CACs.

**3.**   **Later Motion Practice.**

    **a.**   Within 45 days of the filing of the court's remand ruling with regard to the challenge to federal question jurisdiction under the foreign relations doctrine, defendants must file their motions to dismiss under Fed. R. Civ. P. 12(b) relating to those cases that remain in this court.   These motions are anticipated to be mainly confined to arguments that plaintiffs' CACs (and ADM and Cargill's separate state court pleadings), as amended, fail to state a claim upon which relief can be granted.   The response and reply brief deadlines for such motions to dismiss in this particular MDL will be 30 and 21 days, respectively (notwithstanding D. Kan. Rule 6.1(d)(2) which would provide for 21 and 14 days, respectively).

    **b.**   The arguments and authorities section of briefs or memoranda submitted in connection with any motions shall not exceed 30 pages, absent an order of the court.   *See* D. Kan. Rule 7.1(e).

     **c.**     Oral argument on motions will be granted only if requested <u>and</u> the court determines it would be beneficial.  *See* D. Kan. Rule 7.2.

     **d.**     Motions to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection will be deemed waived.  *See* D. Kan. Rule 37.1(b).

**4.**     **Discovery.**

     **a.**     Defendants have proposed staging discovery, i.e., with *no* discovery being permitted until after the court rules on the motions to remand *and* the motions to dismiss, and further with the completion of merits-based discovery deferred until after the court rules on the anticipated motions of some plaintiffs for class certification.  Defendants have not provided any evidentiary support for asserting that their highly protracted discovery plan is necessary to avoid imposing undue burden and expense.  And the court is unpersuaded that any bright-line distinction or bifurcation between class-certification discovery and merits-related discovery is appropriate or workable in this particular MDL.[2]

---

[2] The following commentary is instructive:

**b.**   The court, guided by Fed. R. Civ. P. 1 and the mandate for the "just, speedy,

and inexpensive" determination of this MDL, respectfully declines to adopt

---

Courts often bifurcate discovery between certification issues and those related to the merits of the allegations. Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strengths or weaknesses of the claims and defenses and tests whether they are likely to succeed. There is not always a bright line between the two. *Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to decide in certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.*

*Allowing some merits discovery during the precertification period is generally more appropriate for cases that are large and likely to continue even if not certified.* On the other hand, in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden. If merits discovery is stayed during the precertification period, the judge should provide for lifting the stay after deciding the certification motion.

Manual for Complex Litigation ("MCL") 4th § 21.14 at 256 (emphasis added).

Neither plaintiffs nor defendants have cited any authority for the proposition that an analytical framework different than that provided by MCL 4th should be used in the case at bar. And, during the court's initial conference with counsel on January 22, 2015, plaintiffs' counsel represented they believed many of the underlying cases are *very* likely to proceed even if a class is not certified. Although defendants' proposed bifurcation may seem logical, the court finds it would be impractical.

defendants' case-management suggestion.   Instead, the court believes a more nuanced and balanced approach is appropriate.   Specifically, although a stay of any deposition discovery is appropriate until further of the court, it makes sense to proceed with basic document production, initial disclosures under Fed. R. Civ. P. 26(a)(1), and some other highly targeted discovery, as it is undisputed that not all cases in this MDL will draw remand motions and it is uncertain whether defendants will prevail on their motions to dismiss.   Provided some of the cases survive defendants' Rule 12(b)(6) challenges, the court's case-management plan will allow deposition discovery to begin immediately thereafter.

c.   By **March 16, 2015**, to lay the groundwork for the initial limited phase of discovery, after the parties' lead counsel meet and confer, the parties must *jointly* file a motion, limited to 3 double-spaced pages of text, asking Judge O'Hara to review their proposals for: (i) a protective order to govern the use of any confidential information, (ii) a protocol for discovery of electronically stored information ("ESI"), and (iii) an order regarding document preservation.   For each of these three subjects, counsel must submit either a jointly proposed order or their respective proposed orders, indicating areas of disagreement by redline, accompanied by separate supporting briefs limited to 5 double-spaced pages of text, setting forth their

respective positions.  The parties' proposed orders also must be submitted in "Word" format by e-mail to Judge O'Hara's chambers.

**d.**   Proposed protective orders should be drafted in compliance with the guidelines available on the court's website:

http://www.ksd.uscourts.gov/guidelines-for-agreed-protective-orders-district-of-kansas/

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).  Judge O'Hara suggests that counsel in this MDL start with the pre-approved form of protective order available on the court's website:

http://www.ksd.uscourts.gov/flex/?fc=9&term=5062

**e.**   Of course discovery of ESI is very expensive under the best of circumstances, and is unduly expensive if not managed properly.  As discussed during the scheduling conference, the court wants to ensure that a clear ESI protocol is implemented early in the case, which hopefully will avoid motions for sanctions later.  Therefore, *before* engaging in the above-described meet and confer process, counsel must become reasonably knowledgeable about *all* of their clients' respective information management systems (given the numerous plaintiffs in this MDL, the court

-8-

has set the proposed ESI-order deadline about six weeks later than what plaintiffs' lead counsel originally proposed).  Counsel must be prepared to discuss how their various clients' information is stored and retrieved, and in turn be prepared to discuss and resolve the specific issues raised in the ESI guidelines posted on this court's website:

http://www.ksd.uscourts.gov/guidelines-for-esi/

**f.**    By **March 27, 2015**, without the need for any formal request under Fed. R. Civ. P. 34, defendants must produce for plaintiffs' inspection and copying the following documents:

1.    All documents previously produced by defendants and all deposition transcripts in the recently resolved *Bunge* litigation: *Syngenta Seeds, Inc. v. Bunge N. Am., Inc.*, Case No. No. 11-cv-4074-MWB (N.D. Iowa)  (Bennett, J.) (although the court acknowledges that not all discovery material from *Bunge* will be directly pertinent to this MDL, defendants' oral objections during the scheduling conference, on the grounds of relevance and undue burden, are overruled).

2.    Copies of all iterations of defendants' stewardship agreements in place for any Viptera or Duracade, or any other product containing the genetically modified events or traits known as MIR162 or Event

5307, sold in 2010, 2011, 2012, 2013 or 2014, or which will be sold in 2015; and

3.      Copies of all documents defendants provided to regulatory authorities in the United States and China related to their efforts to obtain approval for MIR 162 and Event 5307 (defendants' oral objection during the scheduling conference, on the ground of undue burden, is overruled).

**g.**   By **April 8, 2015**, the non-producer plaintiffs and defendants shall exchange the information required by Fed. R. Civ. P. 26(a)(1).  The parties and counsel are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party.   In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1).

h.    By **April 13, 2015**, each of the producer plaintiffs, in lieu of Rule 26(a)(1) disclosures, must serve a plaintiff fact sheet ("PFS"), providing detailed information using a standard form about which the parties' lead counsel must meet and confer.  If the parties fail to reach agreement on the form of the PFS, then by **February 20, 2015** they must *jointly* file a motion, limited to 3 double-spaced pages of text, asking Judge O'Hara to review their PFS proposals.  The parties must submit their respective proposed PFSs, indicating areas of disagreement by redline, accompanied by separate supporting briefs limited to 5 double-spaced pages of text, setting forth their respective positions.  The parties' proposed PFSs also must be submitted in "Word" format by e-mail to Judge O'Hara's chambers.

i.    To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  *See* Fed. R. Civ. P. 29.

j.    If issues remain unresolved after the parties have complied with the meet and confer requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with Judge O'Hara *before* filing such a motion.  But such a conference is not mandatory.

**k.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the manner mandated by Fed. R. Civ. P. 1. As discussed during the scheduling conference, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur

-12-

sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

5.      **Other Matters.**

a.      Absent a showing of hardship, by **February 20, 2015**, all counsel of record in this MDL proceeding must register with the court's CM/ECF system. Filing through the court's CM/ECF system shall be deemed effective service on all parties.

b.      By **February 20, 2015**, after conferring with plaintiffs' executive, committee. plaintiffs' lead counsel must submit via e-mail to Judge Lungstrum's chambers a proposed order with regard to tracking time spent by all of the various plaintiffs' counsel and establishing a the parameters of a common benefit fund.

c.      Corporate disclosure statements under Fed. R. Civ. P. 7.1 must be filed by **February 20, 2015** for all cases in the MDL that were docketed in this court by February 3, 2015.  For all cases docketed here after February 3, 2015, the disclosures statements must be filed within 30 days of docketing.

d.      For all cases in this MDL that originally were filed in the U.S. District Court for the District of Kansas (by removal or otherwise), and which are currently assigned to members of the court other than Judges Lungstrum

-13-

and O'Hara, by **February 20, 2015**, the parties' lead counsel must file written stipulations requesting that those cases be re-assigned by the respective presiding judges to Judges Lungstrum and O'Hara.

e.    Consistent with paragraph 9 of the court's preliminary practice and procedure order (EFC doc. 2), all proceedings and deadlines in each action in this MDL are and will remain stayed pending further order of the court, *except* as otherwise noted in this scheduling order.  Prior to the next status conference, the parties' lead counsel must confer and determine if this stay should be lifted in any other cases and, if so, to what extent.

f.    The court agrees with the parties that it is too early to require mediation or any other form of alternative dispute resolution ("ADR").  However, the court intends to revisit the issue of ADR at later status conferences.  If participation in an ADR process is ordered later, an ADR report, on the form located on the court's Internet website, must be filed by defense counsel within five days of any scheduled ADR process:

*http://www.ksd.uscourts.gov/adr-report/*

g.    Pursuant to Fed. R. Civ. P. 16(a), the court will convene status conferences, but only as necessary.  As earlier indicated, the first such conference probably will be held in in mid-May 2015 (in any event shortly after ruling on the consolidated motion to remand based on the foreign relations

-14-

doctrine).  Another status conference probably will be held in early

September 2015, by which time the court intends to have ruled on Rule

12(b) motions; at this conference, with regard to all cases that remain at

issue in this court, the court intends to discuss setting deadlines for

completing discovery, filing class certification motions, identifying experts,

filing summary judgment motions, and establishing one or more trial

settings.  At least 5 business days before *all* status conferences in this MDL,

the parties' lead counsel must confer and then jointly submit to the Court a

status report  and a proposed agenda by email at

ksd_lungstrum_chambers@ksd.uscourts.gov  and  ksd_ohara_chambers@ksd.uscourts.gov.

**h.**     This scheduling order (and all of the court's subsequent orders, both

procedural and substantive), and likewise all discovery conducted in this

MDL, will apply to all cases that later are consolidated in the MDL docket,

including any tag-along cases or other cases transferred to this court after

the date of this order, *unless* a party shows good cause to the contrary, by

filing a formal motion and supporting brief, within 14 days after the

docketing of that case in this court.  The court does not intend to revisit

issues that already have been decided just because a newly added party

disagrees with the court's reasoning or result.  But the court would entertain

motions filed under this show-cause provision if a newly added party

demonstrates why its case is distinguishable.  If such a motion is filed, any response must be filed within 14 days of its filing and any reply must be filed within 14 days of the filing of any response.

**i.** This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association"s *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.  Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.  The *Pillars of Professionalism* are available on this court"s website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated February 4, 2015, at Kansas City, Kansas.


 s/John W. Lungstrum
John W. Lungstrum
U.S. District Judge


 s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

-16-