IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR 162 ) <br> CORN LITIGATION, ) <br> ) <br> (This Document Relates to All Cases) ) <br> ) | MDL No: 2591 <br><br> Case No. 14-md-2591-JWL |

**DISCOVERY ORDER**

On May 19, 2015, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephone status conference to discuss discovery disputes raised in letter submissions filed by plaintiffs' co-lead counsel and counsel for the Syngenta defendants on May 12, 2015.[1] During the conference, Patrick J. Stueve argued on behalf of plaintiffs and Ragan Naresh argued on behalf of the Syngenta defendants (various other attorneys also noted their appearance and/or presence on the call). Having duly considered the parties' letter submissions and the statements of counsel during the conference, the court now makes the following rulings:

1. *Bunge* Documents. Section 4(f)(1) of Scheduling Order No. 1[2] required defendants to produce, among other things, all deposition transcripts[3] from *Syngenta Seeds, Inc. v. Bunge*

---

[1]*See* ECF docs. 407–409.

[2]ECF doc. 123.

[3]Deposition exhibits are part and parcel of deposition transcripts and thus also were ordered produced.

1

*N. Am., Inc.,* Case No. 11-cv-4074-MWB (N.D. Iowa). Syngenta has refused to produce documents from *Bunge* that Bunge designated as confidential, asserting that it is prohibited from doing so by the protective order in *Bunge.* As both a practical and legal matter, the court believes that Bunge should have an opportunity to be heard on this question. If attorneys for the parties and Bunge sit down together for a rational discussion, the court finds it likely that they will be able to negotiate terms for producing the documents that give adequate protection to Bunge's interests. To that end, counsel are ordered to meet by **June 5, 2015**. The parties have indicated that Christopher M. Hohn of the Thompson Coburn law firm in St. Louis represents Bunge. The court will electronically mail a copy of this order to Mr. Hohn to apprise him of this requirement.

In the unlikely event that the parties and Bunge cannot reach an agreement governing the production of Bunge's documents, Bunge shall show cause by **June 19, 2015**, why deposition transcripts (including exhibits) produced in *Bunge* should not be produced in this litigation, subject to the protective order entered herein.[4] Bunge's response to this show cause order should be fully supported by affidavits or declarations from competent corporate representatives that address specific pages in depositions or documents (whether or not they have been marked as exhibits) and that explain whether and why "confidential" or "highly confidential" designations under the protective order are sufficient or, if not, why not.

The court notes that plaintiffs' letter submission also indicated that Syngenta was

---

[4]ECF doc. 294.

refusing to produce documents submitted by Syngenta experts in *Bunge*, as well as exhibits introduced at depositions of Syngenta employees in *Bunge*. During the conference, however, Syngenta stated that it has now produced all such documents, other than those documents that Bunge has designated confidential. If any documents from *Bunge* remain to be produced, Syngenta shall produce them by **June 5, 2015.**[5]

2. <u>Documents Syngenta Received From Regulatory Authorities.</u> Section 4(f)(3) of Scheduling Order No. 1[6] required defendants to produce copies of documents that they provided *to* regulatory authorities in the United States and China related to their efforts to obtain approval for MIR 162 and Event 5307. The parties have agreed to interpret this requirement to include documents seeking both import approval and cultivation approval. Syngenta objects, however, to producing documents that it received *from* regulatory authorities in the United States and China, arguing that such a production "would require a burdensome collection and review."[7] The court overrules Syngenta's unsupported burdensome argument. The court finds it appropriate to extend discovery to documents that defendants received from regulatory authorities in the United States and China. Defendants

---

[5]This requirement does not apply to documents designated by Bunge as confidential if by that date the parties and Bunge have not reached an agreement governing the production of such documents.

[6]ECF doc. 123.

[7]ECF doc. 409 at 1.

shall produce these documents by **June 5, 2015**.[8]

    3. <u>Additional Targeted Discovery.</u>  Plaintiffs seek to serve 150 separate document requests on defendants.  Defendants argue that such discovery is premature, given that amended complaints are only today being filed and that motions to dismiss are anticipated.  The court agrees with defendants.  But both the undersigned and the presiding U.S. District Judge, John W. Lungstrum, agree that *some* additional discovery is appropriate at this time.  By **June 5, 2015**, plaintiffs' liaison and co-lead counsel shall meet and confer with Syngenta's counsel about parameters for targeted, narrowly drawn, requests for production of documents.  Counsel shall also discuss how much time Syngenta shall have to respond to such document requests.

    In the hopefully unlikely event that the parties cannot reach an agreement about additional targeted discovery, they shall file a joint motion requesting the court's intervention in this dispute.  The motion shall be filed by **June 12, 2015**, and shall be limited to ten, double-spaced pages.  The parties shall attach to the motion (1) document requests on which they have reached agreement, (2) document requests that are contested (in a red-lined version), and (3) any agreement or disagreement about an appropriate response period.[9]

    4. <u>ESI Search Terms and Custodians.</u>  The parties disagree about whether ESI search

---

[8] The court denied an oral request from Syngenta for a later production date based on potential difficulties in obtaining documents from China.  Syngenta is not precluded from raising this issue again if it can make a particularized showing of actual difficulty.

[9] If the undersigned is called upon to set a response period, it will be between fourteen and ninety days.

terms and custodians must be disclosed at this time. The court finds it appropriate to defer the parties' meet-and-confer regarding search terms and custodians until after the court has ruled on any disputed requests for production of documents and set the time for defendants' responses to the same.

    IT IS SO ORDERED.

    Dated May 20, 2015, at Kansas City, Kansas.

                                              s/ James P. O'Hara  
                                              James P. O'Hara  
                                              U.S. Magistrate Judge