IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR 162 ) <br> CORN LITIGATION, ) <br> ) <br> (This Document Relates to All Cases) ) <br> _____) | MDL No: 2591 <br><br> Case No. 14-md-2591-JWL |

## ORDER REGARDING SEALING COMPLAINTS

On May 19, 2015, plaintiffs filed a motion for leave to file the three master complaints in this multi-district litigation (i.e., the Producer Plaintiffs' Amended Class Action Master Complaint, the Non-Producer Plaintiffs' Amended Class Action Master Complaint, and the Milo Producer Plaintiffs' Master Complaint) under seal (ECF doc. 427). The motion indicated that plaintiffs believed they were compelled by the protective order[1] to file the complaints under seal because the complaints refer to and quote from documents that defendants have designated confidential. The undersigned U.S. Magistrate Judge, James P. O'Hara, entered an order setting a briefing schedule for the motion and noting that under paragraph 15 of the protective order, "[t]he burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality"—in this instance, defendants.[2] Defendants have taken the position in their response that, although the complaints need not be sealed in their entirety, portions of six paragraphs in each should be

---

[1] ECF doc. 294.

[2] ECF doc. 428.

1

sealed (i.e., publicly redacted) because they reveal Syngenta's business strategies.[3] Because the court finds that defendants have not met their heavy burden of demonstrating an interest that outweighs the public's presumptive right of access to judicial records, the motion for leave to file under seal is denied.

"Courts have long recognized a common-law right of access to judicial records."[4] "This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest."[5] Thus, a "strong presumption" exists that judicial records will not be sealed.[6] A party seeking to overcome this presumption "bears the burden of showing some significant interest that outweighs the presumption."[7] The party "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."[8] In weighing the interests, the court "works from the premise that the public's interests 'are presumptively paramount against those advanced by the parties.'"[9]

---

[3] ECF doc. 432.

[4] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted).

[5] *Gambrell v. Weber Carpet, Inc.*, No. 10-2131, 2011 WL 3518172, at *1 (D. Kan. Aug. 11, 2011) (quotations and citations omitted).

[6] *Mann*, 477 F.3d at 1149.

[7] *Id.* (citations omitted).

[8] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

[9] *Alewel v. Dex One Serv., Inc.*, No. 13-2312, 2013 WL 6858504, at *4 (D. Kan. Dec. 30, 2013) (quoting *Helm*, 656 F.3d at 1292).

Defendants argue that the language they wish to seal is taken from documents that are properly designated "confidential" or "highly confidential" under the protective order. However, "[t]he fact that the exhibits are 'confidential' within the meaning of the parties' protective order has no bearing on whether those exhibits should be sealed in the record."[10] As the undersigned U.S. District Judge, John W. Lungstrum, explained in *New Jersey v. Sprint Corp.*,

> The disclosure analysis is simply not the same under Rule 26(c), which applies to private materials uncovered in discovery that are not part of the judicial record. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The disclosure analysis under Rule 26(c) generally balances the need for discovery against the need for confidentiality. *Id.* But once such discovery material is filed with the court, it becomes a judicial record and the standard that applies when a party wants to keep such material under seal is much higher. *Id.*[11]

Accordingly, the court rejects defendants' reasoning that portions of the complaints must be sealed because they cite from documents designated confidential under the protective order.

Defendants also argue that the designated language should be redacted from public view because it reveals Syngenta's business and marketing strategies, the disclosure of which would risk Syngenta competitive harm. Although the Supreme Court has recognized that sealing may be appropriate to keep court files from serving "as sources of business

---

[10] *New Jersey v. Sprint Corp.*, No. 03-2071, 2010 WL 5416837, at *2 (D. Kan. Dec. 17, 2010).

[11] *Id.*

information that might harm a litigant's competitive standing,"[12] the court will not seal its records based on "unsupported hypothesis or conjecture."[13] Rather, the party seeking to seal "must come forward with evidence as to the nature of the public or private harm that would result if [publicly] filed."[14] Defendants have not established any competitive harm that will befall them if the complaints are publicly filed, let alone a significant, non-speculative harm that overcomes the presumption in favor of open records.[15]

The complaints fairly allege the facts essential to plaintiffs' claims. "There is nothing in the record to suggest that this [litigation] was brought for any spiteful purpose of harming . . . [defendants'] competitive standing with the release of business information."[16] Although some of the allegations defendants seek to seal may not place Syngenta in the best light, all

---

[12]*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

[13]*Womack v. Delaware Highlands AL Servs. Provider, LLC*, No. 10-2312, 2012 WL 1033384, at *1 (D. Kan. March 27, 2012) (quoting *Carefusion 213, LLC, v. Prof'l Disposables, Inc.*, No. 09-2616, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010)). *See also Alewel*, 2013 WL 6858504, at *5 ("For that matter, it is not enough to justify sealing that disclosure "'may lead to a litigant's embarrassment, incrimination, or exposure to further litigation.'" (internal citation omitted)).

[14]*Womack*, 2012 WL 1033384, at *1 (quoting *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 101858, at *5 (D. Kan. Jan. 10, 2007)).

[15]*See Bryan v. Eichenwald*, 191 F.R.D. 650, 653 (D. Kan. 2000) ("A speculative possibility does not justify limiting public access to judicial records.").

[16]*Stormont-Vail Healthcare, Inc. v. BioMedix Vascular*, No. 11-4093, 2012 WL 884926, at *3 (D. Kan. March 14, 2012).

of the allegations go to the "heart of the issues" in this multi-district litigation.[17]  These allegations are undoubtedly relevant to the public's understanding of this litigation and evaluation of the legal process.  Because defendants have not met their burden of establishing a significant harm that outweighs the public's significant interest, the court denies the request to file the master complaints (or portions thereof) under seal.

IT IS THEREFORE ORDERED that plaintiffs shall forthwith file the master complaints unsealed.

Dated May 28, 2015, at Kansas City, Kansas.

 s/ John W. Lungstrum
John W. Lungstrum
U.S. District Judge

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[17] *New Jersey v. Sprint Corp.*, 2010 WL 5416837, at *2 (denying request to seal tax return information "at the heart of the issues" in the case).  *See also Allen v. Kline*, No. 07-2037, 2007 WL 3396470, at *2 (D. Kan. Nov. 13, 2007) (holding that negative political consequences are insufficient to overcome the public's right of access).