IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR162 CORN LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>   ALL CASES | Case No. 14-md-02591-JWL-JPO<br><br>MDL No. 2591 |

### SCHEDULING ORDER NO. 2

On October 19, 2015, a status conference with counsel was conducted in this multidistrict litigation ("MDL") by the undersigned U.S. District Judge John W. Lungstrum and U.S. Magistrate Judge James P. O'Hara. Also participating by telephone, for coordinating purposes, was Thomas M. Sipkins, District Judge of Minnesota's Fourth Judicial District (Hennipen County); Judge Sipkins presides over numerous related cases filed in various courts in Minnesota. Jack Van de North, appointed as Judge Sipkins' special master in the Minnesota litigation, attended the conference in person.

By way of background, Scheduling Order No. 1 in this MDL was entered on February 4, 2015 (ECF doc. 123). It allowed only highly targeted discovery until motions to dismiss were ruled. More recently, on September 11, 2015, Judge Lungstrum granted in part and denied in part defendants' motions to dismiss (*see* ECF doc. 1016). And on October 5, 2015, pursuant to leave granted in Judge Lungstrum's memorandum and order on the motions to dismiss, a second amended master class action complaint was

1

filed by the so-called "non-producer" plaintiffs (ECF doc. 1064). Despite having been granted leave to amend, the "producer" plaintiffs elected not to re-plead.

Having duly considered the parties' pre-conference submissions (ECF doc. 1084) and the statements of counsel during the conference, the court now enters this Scheduling Order No. 2.

**I.      Discovery in General.**  The court remains of the view, explained in more detail in Scheduling Order No. 1, that merits-based discovery should not be deferred until the anticipated motions of some plaintiffs for class certification are filed and decided. But with motions to dismiss having now been decided, the stay of deposition discovery in Scheduling Order No. 1 is vacated. The requirement of highly targeted discovery in Scheduling Order No. 1 also is vacated. Discovery generally may now proceed in scope consistent with Fed. R. Civ. P. 26(b)(1). The court still expects the parties and counsel to limit the frequency and extent of discovery mindful of the specific factors outlined in Fed. R. Civ. P. 26(b)(2)(C) (and the corresponding proposed amendments to Rule 26(b)(1) assuming they go into effect on December 1, 2015, as expected). Discovery will proceed under the protective order filed on March 13, 2015 (ECF doc. 294), the order approving the parties' agreed protocol for handling electronically stored information ("ESI") filed on March 31, 2015 (ECF doc. 327), and the preservation order filed on April 21, 2015 (ECF doc. 369).

As the court noted in Scheduling Order No. 1 (*see* pp. 12-13), the expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the manner mandated by Fed. R. Civ. P. 1. The parties and

counsel are again respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).  Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.  If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation.  Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

Motions to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection will be deemed waived.  *See* D. Kan. Rule 37.1(b).

If issues remain unresolved after the parties have complied with the meet and confer requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with Judge O'Hara *before* filing such a motion. But such a conference is not mandatory.

For this MDL, discovery disputes that remain unresolved after the parties have complied with the meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 must be presented to the court by filing a *combined* motion and supporting brief. Unless otherwise ordered for good cause shown, briefs in opposition must be filed within 3 business days of the filing of the underlying motion, and any reply briefs must be filed within 1 business day of the filing of the response. The text of the parties' principal briefs with regard to discovery disputes must be limited to 5 double-spaced pages, with replies limited to 2 double-spaced pages. Such filings must use no smaller than 12-point font.

**II.      Bellwether Discovery Pool.** This MDL consists of several categories of cases. Plaintiffs have filed 2 master consolidated class action complaints. One complaint covers producer plaintiffs, with 52 named class representatives in 22 states asserting claims under the laws of each of those states. The other complaint covers non-producer plaintiffs, with 4 named class representatives, and each asserts a number of state-law classes. Both complaints assert class-action claims under the federal law, i.e., the Lanham Act. There also are several hundred individual cases filed in the MDL under various states' laws. Plaintiffs in these individual cases have filed notices to conform,

adopting the allegations and applicable causes of action in one of the master consolidated class action complaints, but they are pleaded as individual, not class action, claims. And finally, there is a master complaint filed on behalf of two milo farmers.

With this background, the court has considered how best to advance the central goals of the MDL to complete discovery in the just, speedy, and inexpensive manner required by Fed. R. Civ. P. 1, to rule on class certification, and to make merits rulings on issues that will advance the ultimate disposition of the individual and class claims. *See Manual for Complex Litig.* ("MCL") § 22.36 (2004). The parties agree the best method of advancing the ultimate disposition of a case is to require trials of "test cases," or so-called "bellwether" cases. MCL § 22.314. They also agree the purpose of such cases is to "produce a sufficient number of representative verdicts and settlements to enable the parties and the court to determine the nature and strength of the claims, whether they can be fairly developed and litigated on a group basis, and what range of values the cases may have if resolution is attempted on a group basis." MCL § 22.315.

The parties disagree, though, on how the bellwether method should be applied, particularly with regard to the constitution of an initial discovery pool from which bellwether trials eventually can be selected. In considering the parties' competing proposals, the court is mindful that the MCL advises that if bellwether trials "are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases." MCL § 22.315. That is, the basic purpose of bellwether selection is to "obtain a sufficient number of outcomes to provide guidance, given the variety of fact patterns, claims, and defenses anticipated." Duke Law

5

Center for Judicial Studies § 1E, Standards & Practices for Large and Mass-Tort MDLs (Dec. 19, 2014) ("Duke Best Practices").

So, in structuring the bellwether discovery pool, the court must be cognizant of the many differences between the plaintiffs in this MDL. Some are small family farmers; others are sophisticated farming conglomerates. Some are grain elevators that deliver grain into export channels; others are grain elevators serving domestic locales. Some are international grain exporters.

Applying the above-stated principles, and realizing that no particular bellwether model is perfect, the court holds that the initial bellwether discovery pool in this MDL will include the following groups of plaintiffs: (1) the 5 non-producer plaintiffs who have filed suit (4 of whom are named class representatives in any event); (2) the 2 milo plaintiffs named in the milo master complaint; (3) a sampling of 6 producer-plaintiffs from 8 of the 22 states at issue, with each side selecting 4 states on an alternating basis, with plaintiffs selecting first, and further with each side selecting 3 plaintiffs per state on a similar alternating basis; and (4) the named class representative(s) in each of the 8 selected states. If a producer plaintiff selected as a bellwether plaintiff (whether for discovery, or later for trial) voluntarily dismisses its case, the selecting party may identify a replacement. This approach will call for discovery from at least 63 plaintiffs. It will form a pool from which a narrower number of plaintiffs could eventually be selected for bellwether trials.

The court generally agrees with Syngenta that completed plaintiff fact sheets ("PFSs"), as called for several months ago by Scheduling Order No. 1 (*see* p. 11), should

be provided by *all* of the producer plaintiffs without further delay, despite the approaching harvest season.  Simply stated, plaintiffs initiated this litigation and it is only reasonable to expect them to devote the no more than one or two days of time necessary to gather the very limited and basic information to complete their PFSs.  All such PFSs must be provided by **December 1, 2015**.  In the hopefully unlikely event any particular producer plaintiff fails to comply with this deadline, absent a detailed affidavit from that plaintiff being filed by the deadline about what specific problems prevented compliance, the court will favorably entertain a motion by Syngenta to dismiss that plaintiff's claims pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

However, the court disagrees with Syngenta that selection of the plaintiffs for the bellwether discovery pool must or should await production of all previously ordered PFSs.  Aside from Syngenta's undue delay in bringing this problem to the court's attention, Syngenta has failed to show that it does not already have in its possession a sufficient number of substantially completed PFSs to make reasonably informed selections about the bellwether discovery pool.

The parties must jointly file a status report by **November 9, 2015** with regard to whom they have selected for a sampling of 48 producer-plaintiffs (i.e., 6 plaintiffs from 8 of the 22 states at issue).  This report should provide concise but reasonably detailed information about why the parties believe their selections are representative of the range of cases involved.  Of course, counsel should bear in mind that the court will expect much more detailed information later when making its final decisions about the narrower group of plaintiffs to select for bellwether trials.

**III.     Comparative Fault.**  By **December 8, 2015**, any party asserting comparative fault must identify all persons or entities whose fault is to be compared for purposes of Kan. Stat. Ann. § 60-258a (or any other similar comparative-fault statute that might be applicable).  If another person or entity is so identified, then the party asserting comparative fault also must specify the nature of the fault which is claimed.

**IV.     Amendment of Pleadings.**  Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **December 15, 2015**.

**V.     Written Discovery Exchange.**  Limited to the cases involved in the bellwether discovery pool, the further exchange of written discovery may commence immediately.  In this MDL, from this date forward, the parties must serve written objections and responses to written discovery requests within 14 (instead of 30) days.  The parties must certify when document discovery is substantially complete for any given party.  All fact written discovery must be served by **March 15, 2016**.

**VI.     Fact Depositions.**  Limited to the cases involved in the bellwether discovery pool, fact depositions may commence immediately.  All such depositions must be completed by **May 2, 2016**.  Despite Fed. R. Civ. P. 30(a)(2)(A)(i), the court sees no need during the bellwether discovery stage of this MDL to place any limitations on the parties with regard to the number of depositions that may be taken; a different approach may be taken if deposition discovery proceeds on all cases after some bellwether cases are tried.  Unless otherwise agreed to by the parties or ordered by the court, the duration of all depositions is limited to 14 hours; the court anticipates longer than 14 hours may be required to depose certain witnesses, e.g., those involving "30(b)(6)" corporate

representatives, interpreters, etc.  To be clear, the court expects the exceptionally seasoned lawyers involved in this MDL to exercise judgment and practicality about how many depositions to take and how long any particular deposition should take; if the leeway accorded to counsel is abused, however, Judge O'Hara will quickly grant appropriate relief.  In any event, all depositions are governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/deposition-guidelines/*

**VII.** **Supplementation of Discovery Responses.**  Limited to the cases involved in the bellwether discovery pool, supplementations of the parties' initial disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.  In addition, such supplemental disclosures must be served in any event 40 days before the deadline for completion of all fact depositions.  The supplemental disclosures served 40 days before the deadline for completion of all fact depositions must identify all witnesses and exhibits that probably or even might be used at trial.  The opposing parties and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for fact depositions expires.  Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

**VIII.     Class Certification.**  Limited to the cases involving the bellwether discovery pool, plaintiffs must file their class certification motions, along with all class-related expert reports and reliance materials, by **June 15, 2016**.  The parties must complete discovery of plaintiffs' class-related experts by **July 6, 2016**.  Syngenta must file its opposition to plaintiffs' class certification motions, along with all class-related expert reports and reliance materials, by **July 20, 2016**.  The parties must complete discovery of Syngenta's class-related experts by **August 10, 2016**.  No further expert testimony will be allowed on class certification issues.  Plaintiffs' reply brief, if any, must be filed by **August 17, 2016**.  After reviewing the parties' briefs and other submissions, Judge Lungstrum will decide whether to convene an oral argument hearing on class certification and, if so, when to schedule that hearing.  Further, although a final decision on this will be made later, Judge Lungstrum might elect to rule initially on only one class certification motion, and then enter an order for the parties to show cause why that ruling should not be applied in the other cases.

The parties must serve any objections to class-related expert disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 2 business days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make

a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

**IX.     Bellwether Plaintiff Selection—Trial.**  The bellwether trial pool will be comprised of 4 producer plaintiffs and 2 non-producer plaintiffs.  Subject to review and approval by the court, each side must select 2 producer plaintiffs and 1 non-producer plaintiff for the bellwether trial pool.  These selections must be made by **August 15, 2016**.

**X.     Merits Experts.**  Limited to the cases approved by the court for the bellwether trial pool, plaintiffs must serve their merits (non-class-related) expert reports and reliance materials, with regard to both liability and damages issues, by **September 9, 2016**.  The parties must complete discovery of plaintiffs' merits experts by **October 10, 2016**.  Syngenta must serve its merits experts and reliance materials by **November 4, 2016**.  The parties must complete discovery of Syngenta's merits experts by **November 23, 2016**.  No further expert disclosures will be allowed.

The parties must serve any objections to such merits expert disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 2 business days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel must confer or make

a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

**XI.** **Pretrial Conferences.**  As is this court's custom, mainly to stabilize and verify the parties' claims and defenses, and in turn to streamline dispositive motion practice and ultimately trial, Judge O'Hara will conduct pretrial conferences for the bellwether trial pool of cases on **December 1, 2016, at 9:00 a.m.**  No later than **November 23, 2016**, counsel must submit the parties' proposed pretrial orders (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*.  The proposed pretrial orders must <u>not</u> be filed with the Clerk's Office.  They must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial orders according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *[Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases](#)*.

If the cases remain at issue after timely dispositive motions have been decided, then Judge Lungstrum will enter a separate trial order setting deadlines for such things as the filing of final witness and exhibit disclosures, exchanging and marking trial exhibits, filing designations of deposition testimony for presentation at trial, motions in limine, and proposed jury instructions, and finally, scheduling an in-court limine conference shortly before trial.  At the limine conference, Judge Lungstrum will explain in more detail his

courtroom timing and procedures, and rule on motions in limine and any disputed deposition designations.

**XII.     Dispositive and *Daubert* Motions.**  Dispositive motions and any *Daubert* motions must be filed by **January 6, 2017**.  Opposition briefs must be filed by **January 27, 2017**.  Reply briefs, if any must be filed by **February 10, 2017**.  No briefing extensions will be granted absent a strong showing of extraordinary circumstances.  After reviewing the parties' briefs and other submissions, Judge Lungstrum will decide whether to convene an oral argument hearing on dispositive motions and any *Daubert* motions and, if so, when to schedule that hearing.

Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute.  The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

The arguments and authorities section of briefs or memoranda submitted in connection with any non-discovery related motions must not exceed 30 pages, absent an order of the court.  *See* D. Kan. Rule 7.1(e).

Oral argument on motions will be granted only if requested <u>and</u> the court determines it would be beneficial.  *See* D. Kan. Rule 7.2.

**XIII.** **First Bellwether Trial.** The first bellwether trial will commence in **June 2017**, with the precise date to be determined later.

IT IS SO ORDERED.

Dated October 21, 2015, at Kansas City, Kansas.

 s/ John W. Lungstrum
John W. Lungstrum
U.S. District Judge

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge