# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **In Re: Syngenta AG MIR 162 Corn** | ) | MDL No. 2591 |
| **Litigation** | ) | |
| | ) | Case No. 2:14-md-2591-JWL-JPO |
| | ) | |
| This document relates to all cases. | ) | |

## PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER NO. 2 AND <u>MEMORANDUM IN SUPPORT</u>

Days after the October 19, 2015 status conference, Syngenta filed a Joint Proposal asking the Minnesota MDL to stay discovery from all Minnesota producer plaintiffs except for limited and basic information—far narrower than the information required by the Plaintiff Fact Sheets from all Producer Plaintiffs in this MDL—from only the Bellwether Discovery Candidates, which constitute 1.5% of the cases filed in the Minnesota MDL (480 of the 32,000 plaintiffs in the Minnesota MDL).[1]  Consistent with the parties' October 23rd requests, on November 4, 2015, the Minnesota court ordered that discovery be stayed from all plaintiffs except for putative class representatives and the 40 plaintiffs in the bellwether discovery pool.[2]

Despite the similarity of the proceedings and the procedural rules in this MDL and the Minnesota MDL[3] and despite Syngenta's requested coordination between these forums, Syngenta has taken wildly different approaches to discovery in these two courts.[4]  Syngenta continues to demand fact sheets from every farmer in the Federal MDL, even though only 60-65 farmer plaintiffs from eight states will be in the bellwether discovery pool.  Here, Plaintiffs have served nearly 800 individual PFSs and tens of thousands of pages responsive to the PFSs.[5]  From farmers in this MDL, Defendants have received far more information and from a greater percentage of farmers than they requested in Minnesota.  And the PFS burden is only growing.  In the few weeks since the October 19th hearing, more than 200 new plaintiffs have been

---

[1] *See* Ex. 1 (Oct. 23, 2015 Joint Proposal) at Ex. B at 4; Ex. 2 (Oct. 30, 2015 Order) at 4.

[2] *See* Ex. 3 (Minnesota MDL Scheduling Order No. 2) at 2-3.

[3] *Compare* Fed. R. Civ. P. 26 *with* Minn. R. Civ. P. 26.01 *et seq.*

[4] Syngenta previously argued what "coordination is meant to accomplish: both sides should share in the benefits and burdens of reciprocal access to discovery across cases in order to proceed efficiently and minimize duplication—without allowing either side to have unilateral say-so over when coordination does and does not apply."  ECF No. 1093-2 at 3.

[5] Plaintiffs served 680 plaintiff fact sheets and approximately 18,000 pages of documents responsive to the document requests in the PFSs prior to October 19, 2015.  Since the status conference, Plaintiffs have served 129 additional fact sheets and approximately 5,000 additional pages.  Since October 19, more than 670 plaintiffs have voluntarily dismissed their claims.

docketed in this MDL.  Syngenta requires PFSs for these hundreds of new plaintiffs and the unknown number of additional plaintiffs who will be transferred in the upcoming months, while demanding no similar information from plaintiffs in the Minnesota MDL.

Because of Syngenta's approach in Minnesota and in light of the coordination efforts with the Minnesota MDL, Plaintiffs seek a modification of Scheduling Order No. 2's PFS deadline only for cases outside of the bellwether pool that were docketed in this MDL on or after October 23, 2015.  Plaintiffs do *not* seek any alteration of the December 1, 2015 deadline for Plaintiffs whose cases were docketed in the MDL before October 23, 2015.[6]  These Plaintiffs will timely serve PFSs (or a "detailed affidavit" explaining what prevented compliance, ECF No. 1098 at 7) or, as the Court noted, likely face a motion to dismiss.

Entering a stay of further PFS discovery is appropriate here.  Syngenta's proposed discovery plan in the parallel proceeding in Minnesota belies any argument that Syngenta needs fact sheets and documents from every plaintiff in this MDL proceeding for the bellwether process, a sentiment already shared by the Court,[7] or to defend against similar individual or class claims.  Imposing a disproportionate burden on farmers in this MDL at this time provides no benefit to Syngenta, imposes considerable burdens on plaintiffs and counsel, and diverts resources away from the timely completion of bellwether discovery.  Despite meet and confer

---

[6] The parties previously stipulated and reconfirmed on November 9, 2015, that PFSs for newly-docketed cases would be due on December 1 or within 45 days of docketing.  *See* ECF 845.  Plaintiffs will produce PFSs for *all* bellwether discovery plaintiffs on December 1 or within 45 days of docketing for any newly-docketed cases selected as bellwether plaintiffs.

[7] *See* ECF No. 1098 at 7 ("[T]he court disagrees with Syngenta that selection of the plaintiffs for the bellwether discovery pool must or should await production of all previously ordered PFSs. Aside from Syngenta's undue delay in bringing this problem to the court's attention, Syngenta has failed to show that it does not already have in its possession a sufficient number of substantially completed PFSs to make reasonably informed selections about the bellwether discovery pool.").

efforts consistent with Local Rule 37.2, the parties were unable to resolve this dispute.[8] Therefore, Plaintiffs respectfully request that the Court stay the obligation to serve a PFS for any farmer outside of the bellwether pool whose case was docketed on or after October 23, 2015.

## ARGUMENT

### A.   This Court has broad discretion to stay the Plaintiff Fact Sheets.

In addition to its inherent power to control its docket, this Court has authority under Rule 26(c) to stay discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  In determining whether to stay discovery, the burden of discovery must be considered in light of the value of the discovery to the requesting party.  "[D]iscovery has limits and . . . these limits grow more formidable as the showing of need decreases.  Thus even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it.  That is the premise of Rule 26(b)(2)(C)'s prohibition on 'disproportionate' discovery demands, and it applies equally under Rule 26(c)."[9]

Completion of one PFS is not a quick and simple task—and the completion of hundreds of plaintiff fact sheets is an enormous undertaking.  Accurately reporting corn acreage totals often requires plaintiffs to obtain official records from the Farm Service Administration and individual farmers have gathered hundreds of pages of documents in response to the fact sheet's document requests, from their own records and from third parties.  While the individual plaintiffs and their attorneys are largely responsible for completing the fact sheets and gathering

---

[8] In a telephone call on November 9, 2015, counsel for Plaintiffs and counsel for Defendants discussed a stay of the PFSs.  On November 11, 2015, Syngenta confirmed that it would not agree to any stay of PFSs from all Producer Plaintiffs in this MDL.

[9] 8A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2036 (3d 2015).  *See also Kansas Waste Water, Inc. v. Alliant Techsystems, Inc.*, 2005 WL 327144, at *3 (D. Kan. 2005) ("[T]his Court has consistently held that discovery should not be permitted where the burden or hardship is unreasonable in light of the benefits to be secured from the discovery.").

documents, one co-lead firm, Hare Wynn Newell & Newton, LLP, devoted nearly 1,400 hours in attorney and staff time between June and September 2015 assisting with and coordinating the production of the fact sheets and documents from the hundreds of farmers in this MDL.

Requiring PFSs after the bellwether process begins is unduly burdensome given that Syngenta has no need for this discovery at this time, as demonstrated by its position in the Minnesota MDL and by this Court's ruling that bellwether discovery plaintiffs will be selected before the deadline to serve additional fact sheets.

**B.  Submission of fact sheets from all plaintiffs in the Federal MDL diverts substantial resources away from the bellwether discovery.**

Further discovery from plaintiffs outside the bellwether pool at this time unnecessarily diverts resources away from bellwether discovery.  Syngenta has already served voluminous new requests for production on the producers, non-producers and milo producers in the bellwether discovery pool, *see* ECF Nos. 1189, 1202, 1212, and depositions of farmers may start in December.  Given the fact discovery deadline of May 2, 2016—less than six months away—all parties would be better served by focusing their efforts on discovery directly relevant to the bellwether cases, rather than diverting thousands of hours to PFSs for plaintiffs outside that pool at this time.  *See* Manual for Complex Litigation (Fourth) §§ 11.42, 11.422 (recognizing the benefits of phased or sequenced discovery and noting that the court should monitor the progress of discovery to ensure it is "operating fairly and effectively, and adjust it as needed").  Requiring PFSs from the non-bellwether plaintiffs at this time will not "advance the central goals of the MDL" and will not aid the Court in making "merits rulings on issues that will advance the ultimate disposition of the individual and class claims."  ECF No. 1098 at 5.  Those rulings and the bellwether process may make such discovery unnecessary, so a limited stay now comports with Rule 1's goal of resolving claims inexpensively.

By requiring a PFS from every plaintiff in the Federal MDL, Syngenta undermines the purpose of the coordination order by seeking to impose unequal burdens on federal MDL plaintiffs that it does not seek to place on the plaintiffs in the Minnesota MDL.  There is no reason for such asymmetry between related actions involving the same facts, the same defendants, and similarly situated plaintiffs.

**C.      A stay of discovery would not prejudice Syngenta.**

At the October 19, 2015 status conference, Syngenta articulated one reason for needing fact sheets now:  to help it select a bellwether discovery pool.  The Court rejected that argument. ECF No. 1098 at 7.  The parties will complete the selection of bellwether discovery plaintiffs on November 20, well before the December 1 PFS deadline.  ECF No. 1142.  Because Syngenta has sufficient information to choose plaintiffs for the bellwether discovery pool and because Syngenta will have PFSs for all individuals in the bellwether discovery pool, it will not be prejudiced by staying additional PFSs at this time, particularly since other discovery is already limited to "cases involved in the bellwether discovery pool."  ECF 1098 at 8.

This requested stay does not forever preclude Syngenta from obtaining such information. If new states or new plaintiffs are needed for additional bellwether discovery and trials, the parties can revisit PFSs for these additional plaintiffs at that time when such information would be relevant.  But for now, when the PFSs will not be used for the selection of the bellwether plaintiffs and when the PFSs are not relevant to the bellwether trials for the selected bellwether plaintiffs, the limited stay sought by Plaintiffs is appropriate and does not prejudice Syngenta.

**CONCLUSION**

Plaintiffs respectfully request the Court stay PFSs from the Producers who are not chosen for the bellwether discovery pool and whose cases are docketed on or after October 23, 2015.

Date:  November 13, 2015


Respectfully submitted,

/s/ Patrick J. Stueve
Patrick J. Stueve—KS Bar #13847
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
stueve@stuevesiegel.com


**CO-LEAD COUNSEL AND LIAISON COUNSEL FOR PLAINTIFFS**

Don M. Downing
**GRAY, RITTER & GRAHAM, P.C.**
701 Market Street, Suite 800
St. Louis, MO 63101
Telephone: (314) 241-5620
ddowning@grgpc.com


**CO-LEAD COUNSEL FOR PLAINTIFFS AND INTERIM RULE 23 CLASS COUNSEL**

William B. Chaney
**GRAY REED & MCGRAW, P.C.**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone: (469) 320-6031
wchaney@grayreed.com


Scott Powell
**HARE WYNN NEWELL & NEWTON, LLP**
2025 3rd Ave. North, Suite 800
Birmingham, AL 35203
Telephone: (205) 328-5330
scott@hwnn.com


**CO-LEAD COUNSEL FOR PLAINTIFFS**

Jayne Conroy
**SIMMONS HANLY CONROY LLC**
112 Madison Ave 7th Floor
New York, New York 10016
Tel: 212 784 6400
Fax: 212-213-5949
jconroy@simmonsfirm.com

Christopher M. Ellis #6274872IL
**BOLEN ROBINSON & ELLIS LLP**
202 S. Franklin St., 2nd Floor
Decatur, IL 62523
Tel: 217-429-4296
Fax: 219-329-0034
cellis@brelaw.com

Richard M. Paul
**PAUL MCINNES LLP**
601 Walnut, Suite 300
Kansas City, Missouri 64106
Tel: 816-984-8100
Fax: 816-984-8101
richard@paulmcinnes.com

Robert K. Shelquist #21310X
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Tel: 612-339-6900
Fax: 612-339-0981
rkshelquist@locklaw.com

Stephen A. Weiss
**SEEGER WEISS LLP**
77 Water Street
New York, New York 10004
Tel: 212-584-0700
Fax: 212-584-0799
sweiss@seegerweiss.com

Scott E. Poynter
**STEEL WRIGHT COLLIER PLLC**
400 W. Capitol Ave, Suite 2910
Little Rock, AR 72202
Tel:  501-251-1587
scott@swcfirm.com

7

Thomas V. Bender
**WALTERS BENDER STROHBEHN & VAUGHAN, P.C.**
2500 City Center Square
1100 Main Street
Kansas City, MO 64105
Tel: 816-421-6620
Fax: 816-421-4747
tbender@wbsvlaw.com

**PLAINTIFFS' EXECUTIVE COMMITTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2015, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Patrick J. Stueve
Co-Lead Counsel for Plaintiffs