IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 | ) | MDL No. 2591 |
| CORN LITIGATION | ) | |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates To Specific Cases: | ) | |
| | ) | |
| *McDonald AG Inc., et al. v. Syngenta AG, et al.*, | ) | |
| No. 15-9592-JWL | ) | |
| *Koeller, et al. v. Syngenta AG, et al.*, | ) | |
| No. 15-9593-JWL | ) | |
| *Wright, et al. v. Syngenta AG, et al.*, | ) | |
| No.15-9597-JWL | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion by defendants (hereafter "Syngenta") to dismiss the claims by the 24 non-Kansas plaintiffs in three cases for lack of personal jurisdiction and for lack of venue (Doc. # 1367). Because the Court concludes that jurisdiction is proper based on consent, and because the parties agree that venue is proper if jurisdiction may be found here, the Court **denies** the motion.

Syngenta concedes that two of the defendants, Syngenta Seeds, LLC and Syngenta Crop Protection, LLC, have offices and employees in Kansas, have made sales in Kansas, and have registered to do business in Kansas. Syngenta argues nevertheless that the contacts of those or the other defendants are not sufficient to support either general or specific jurisdiction over Syngenta with respect to claims by non-Kansas plaintiffs in these three cases. Syngenta also seeks dismissal based on a lack of venue. The parties agree, however, that the issue of venue turns on the question of personal

jurisdiction in this case.  *See* 28 U.S.C. § 1391 (providing for venue in any district in which all defendants are subject to personal jurisdiction).  Thus, the Court need only address the issue of personal jurisdiction.

Plaintiffs argue that Syngenta's motion should be denied for three reasons: two defendants consented to jurisdiction by registering to do business in Kansas; Syngenta waived any objection to personal jurisdiction by failing to raise the issue earlier in response to claims by other non-Kansas plaintiff in this MDL; and two defendants' contacts are sufficient to support specific jurisdiction in this case.  With respect to the first and third arguments, plaintiffs rely on their alter-ego allegations to support jurisdiction over the defendants that have not done business in Kansas.  Because the Court concludes that Syngenta's first argument regarding consent has merit, the Court does not address the issues of waiver and specific jurisdiction.

Plaintiffs argue that the two defendants who registered to do business in Kansas pursuant to K.S.A. § 17-7931 consented to general jurisdiction over them in Kansas courts and that such consent is sufficient to support jurisdiction here.  *See id.* (requiring a registering out-of-state entity to execute an irrevocable written consent that actions may be commenced against it in the proper Kansas court).  It is clear that at one time, under the jurisprudence of the United States Supreme Court, such consent by registration was sufficient to overcome a challenge to personal jurisdiction.  *See Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U.S. 93, 96 (1917); *Robert Mitchell Furniture Co. v. Selden Breck Constr. Co.*, 257 U.S. 213, 214-16 (1921);

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167-75 (1939); *see also Forest Labs., Inc. v. Amneal Pharmaceuticals LLC*, 2015 WL 880599, at *6 (D. Del. Feb. 26, 2015) (discussing these Supreme Court cases).  Moreover, in *Robert Mitchell Furniture*, the Supreme Court indicated that a state's construction of its own statute determines the effect of the registration.  *See Robert Mitchell Furniture*, 257 U.S. at 215-16.  The Kansas Supreme Court has held that the Kansas registration statute requires a consent to general personal jurisdiction, that is, jurisdiction even in cases not arising from or related to the defendant's actions in the state.  *See Merriman v. Crompton Corp.*, 282 Kan. 433, 443-45 (2006).  Thus, under *Pennsylvania Fire* and its progeny, the registering Syngenta defendants have consented to personal jurisdiction in Kansas.

Syngenta argues that the Court should not rely on those cases from the United States Supreme Court because they predate *International Shoe Co. v. State of Washington*, 326 U.S. 310 (1945), in which the Court set forth a jurisdictional standard based on minimum contacts, in distinction to the Court's previous focus on physical presence.  *See id.*  The Court cannot conclude, however, that *International Shoe* effectively overruled the prior cases sanctioning consent by registration.  *See Forest Labs.*, 2015 WL 880599, at *7-10 (rejecting this argument based on *International Shoe*).

First, the Supreme Court has never explicitly overruled those cases.  Second, various cases decided after *International Shoe* suggest the continuing viability of jurisdiction through consent.  *See, e.g.*, *Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 341-42 (1953) (noting that finding of venue through consent was consistent with

3

*Neirbo*); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704 (1982) (requirement of personal jurisdiction may be waived, including by express or implied consent; Court has found consent in the voluntary use of certain state procedures); *Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 486 U.S. 888 (1988) (noting that the Ohio registration statute required consent to general jurisdiction in striking down another provision of the statute).

Third, various federal circuit courts have endorsed the concept of consent by registration since *International Shoe*. *See Holloway v. Wright & Morrissey, Inc.*, 739 F.2d 695, 697 (1st Cir. 1984) (citing *Pennsylvania Fire* and *Neirbo* in noting that it is "well-settled" that a corporation may consent to jurisdiction through registration); *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991) (defendant consented to jurisdiction through registration); *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990) (finding consent through state registration statute); *see also Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 180-81 (5th Cir. 1992) (interpreting particular state statute as not providing necessary consent to general jurisdiction); *King v. American Family Mutual Ins. Co.*, 632 F.3d 570, 576-78 (9th Cir. 2011) (citing *Pennsylvania Fire* and *Robert Mitchell Furniture* in holding that a court must look to state law to determine the effect of registration on jurisdiction, before concluding that the particular state statute did not require consent).  It is true that three circuit courts have seemingly held that mere compliance with a registration statute does not support jurisdiction, but those cases are of little persuasive value because the courts did not

4

directly address the issue of consent or the relevant Supreme Court jurisprudence. *See Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745, 748 (4th Cir. 1971); *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1245 (7th Cir. 1990); *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000).[1]

Syngenta also relies on *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), in which the Supreme Court seemingly narrowed the previous standard for general jurisdiction by confirming that an entity is subject to general jurisdiction not wherever its activities are continuous and systematic, but only where the contacts are so continuous and systematic as to render the entity essentially at home there—which standard ordinarily is not satisfied by mere sales in the state. *See id.* Syngenta argues that, in light of *Daimler*, the Supreme Court would not likely allow for general jurisdiction merely through registration to do business in a state. The Court does not agree, however, that the Supreme Court effectively overruled *Pennsylvania Fire* in *Daimler*. *Daimler* did not involve the issue of jurisdiction by consent. In its sole reference to consent, the Court in *Daimler* cited a previous case (*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)) as "a textbook case of general jurisdiction appropriately exercised over a foreign corporation *that has not consented to suit in the forum*." *See id.* at 755-56 (emphasis added) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2856 (2011)). Thus, in that one reference to consent, the Court in *Daimler* distinguished

---

[1]The Tenth Circuit has not addressed the issue.

its general jurisdiction jurisprudence from instances of consent to suit, thereby undermining any argument that the Court intended to speak to the issue of consent in discussing general jurisdiction in that case. *See Forest Labs.*, 2015 WL 880599, at *13.

As discussed above, the Supreme Court has continued to sanction personal jurisdiction by consent even after *International Shoe*, and the Court has not overruled its precedents concerning consent through registration. The Court is not prepared to ignore such Supreme Court precedent based on speculation about how the Court might view jurisdiction in contexts other than that discussed in *Daimler*. Rather, the Court is persuaded by the reasoning of courts that have rejected similar arguments based on *Daimler*. *See,* e.g., *Forest Labs.*, 2015 WL 880599, at *3-15; *Acorda Therapeutics, Inc. v. Mylan Pharmaceuticals Inc.*, 78 F. Supp. 3d 572, 583-92 (D. Del. 2015); *Otsuka Pharmaceutical Co., Ltd. v. Mylan Inc.*, 106 F. Supp. 3d 456, 467-71 (D.N.J. 2015).[2] Syngenta argues that if a company is not necessarily subject to general jurisdiction in every state in which it does business (under *Daimler*), it should not be subject to general jurisdiction in every state in which it must execute a consent as a prerequisite to doing business. As the *Acorda* court stated, however, such a result may seem odd, but because consent remains a valid basis for personal jurisdiction under the law of the Supreme

---

[2]Syngenta relies on the Second Circuit's recent opinion in *Brown v. Lockheed Martin Corp.*, __ F.3d __, 2016 WL 641392 (2d Cir. Feb. 18, 2016), in which the court discussed these issues. That court declined to decide whether jurisdiction based on consent through registration was permissible, however, as it instead interpreted the particular registration statute not to require consent to general jurisdiction. *See id.* at *18-19.

Court, that result must be permitted.  *See Acorda*, 78 F. Supp. 3d at 591.

Thus, the Court agrees with plaintiffs that registration under the Kansas statute provides a basis for general jurisdiction.  Syngenta concedes that defendant Syngenta Crop Protection, LLC registered under the statute and executed the required consent in 1997.[3]  Thus, the Court concludes that it has jurisdiction over that defendant in these cases.

Syngenta does argue in its reply that defendant Syngenta Seeds, LLC did not execute the consent described in the current Kansas registration statute prior to the filing of these three suits, as the only record with the State shows a much narrower consent filed by a predecessor company in 1977.  The Court is not convinced that such fact precludes a finding of jurisdiction by consent here, as that defendant has admittedly been doing business in Kansas during a time when registration to do business requires a consent to general jurisdiction.[4]

The Court need not decide that issue, however, in light of its finding of jurisdiction with respect to one Syngenta defendant.  As plaintiffs note in their response

---

[3]Syngenta has not argued that consent given prior to the Kansas Supreme Court's opinion in *Merriman* should not be given effect.  At any rate, the United States Supreme Court noted in *Robert Mitchell Furniture* that a registering corporation assumes the risk of a subsequent state court construction of the statute.  *See Robert Mitchell Furniture*, 257 U.S. at 215-16.

[4]Moreover, Syngenta admits that this defendant has registered and consented under the present statute since the time these suits were filed.  Thus, even if the claims were dismissed as to Syngenta Seeds, LLC, plaintiffs could simply refile their suits to cure that infirmity.

to the motion, they have alleged that each defendant should be treated as the alter ego of the others. *See, e.g.*, *Lemaster v. Collins Indus.*, 2011 WL 5966911, at *3 (D. Kan. Nov. 29, 2011) (acknowledging alter-ego basis for personal jurisdiction). In its reply brief, Syngenta has not disputed plaintiffs' entitlement to rely on their alter ego allegations at this time. Accordingly, one defendant's consent is sufficient at this stage to overcome Syngenta's challenge to personal jurisdiction with respect to all of the defendants.

Syngenta makes two additional constitutional arguments against jurisdiction based on consent through compliance with the Kansas registration statute. First, Syngenta argues that such a requirement of consent would violate the unconstitutional conditions doctrine, which prevents the government from coercing a person into giving up a constitutional right by denying a benefit to that person because of the exercise of that right. *See Koontz v. St. Johns River Water Mgmt. Dist.*, 133 S. Ct. 2586, 2594 (2013). The Court rejects this argument. Syngenta relies on two cases in which the Supreme Court ruled that a state could not require a company to give up the right to remove cases to federal court as a condition of doing business there. *See Southern Pac. Co. v. Denton*, 146 U.S. 202, 207 (1892); *Terral v. Burke Constr. Co.*, 257 U.S. 529, 532 (1922). In *Neirbo*, one of the successor cases to *Pennsylvania Fire* discussed above, however, the Supreme Court distinguished *Denton* as a case involving "an entirely different situation," as the statute in *Denton* sought to deny access to federal courts. *See Neirbo*, 308 U.S. at 173. As in *Neirbo*, the consent in the present case does not similarly

deprive Syngenta of access to federal courts.

Syngenta has not cited any other precedent to support application of this doctrine in this context.   In light of the Supreme Court precedent sanctioning consent by registration as a basis for jurisdiction, the Court cannot conclude that giving effect to Syngenta's consent in this case would be unconsitutional.

Similarly, the Court rejects Syngenta's argument that giving effect to the consent would violate the Dormant Commerce Clause.  In support of this argument, Syngenta relies solely on *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888 (1988).  In that case, the Supreme Court ruled that an Ohio statute that tolled limitations periods for claims against corporate defendants that had not registered in the state (which registration operated as a consent to general jurisdiction) violated the Dormant Commerce Clause.  *See id.*  In so ruling, however, the Court relied on the result that an out-of-state corporation was treated differently from an instate corporation with respect to tolling.  *See id.* at 894-95.  In these cases, the result of the consent through registration is that out-of-state companies are subjected to the jurisdiction of Kansas's courts, just as resident companies are subject to the jurisdiction of those courts—which means that the statute does not treat out-of-state companies differently.  Thus, the reasoning of *Beneix* is not applicable here.  Syngenta has not cited any caselaw to support invalidating consent jurisdiction under the Dormant Commerce Clause.  In the absence of such authority, and in light of the Supreme Court cases sanctioning such jurisdiction, the Court will not refuse to give effect to Syngenta's consent in these cases.

Accordingly, the Court denies Syngenta's motion to dismiss these claims for lack of personal jurisdiction.  Because that ruling decides the issue of venue as well, the Court also denies Syngenta's motion to dismiss for lack of venue.

IT IS THEREFORE ORDERED BY THE COURT THAT Syngenta's motion to dismiss for lack of personal jurisdiction and for lack of venue (Doc. # 1367) is hereby **denied**.

IT IS SO ORDERED.

Dated this 11th day of March, 2016, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge