IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: Syngenta AG MIR162 ) | |
| Corn Litigation ) | |
| ) | MDL No. 2591 |
| ) | |
| This document relates to: ) | Case No. 2:14-md-2591-JWL-JPO |
| All Cases ) | |

ORDER REGARDING QUALIFICATION OF DOCUMENTS GENERATED BY A PARTY AS AUTHENTIC AND/OR RECORDS OF REGULARLY CONDUCTED ACTIVITY

The parties have jointly moved to request that the Court enter an order governing deposition exhibits' authentication and qualification as records of regularly conducted activity ("Business Records") under Federal Rules of Evidence ("FRE") 803(6). Similar orders have been entered in other MDL litigation. *See, e.g., In re: General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), ECF No. 98 (S.D.N.Y. May 4, 2015); *In re Bextra & Celebrex Marketing Sales Practices & Product Liability Litig.*, 05-1699-CRB, ECF No. 1190 (N.D. Cal. Apr. 17, 2007). Given the complex nature of this MDL, the Court believes that entry of an order along the lines proposed by the parties will promote efficiency, ensuring that (1) deposition and discovery time is used to good effect and not spent on authenticating documents and/or confirming the Business Records status of documents where those issues are not in dispute; (2) discovery with respect to any such disputes is taken in a timely fashion; and (3) many (if not most) disputes can be resolved between the parties before the close of discovery or by the Court shortly after discovery. The Order additionally provides a clear, streamlined process for any party to object to a document's authenticity and/or its qualification as a Business Record, triggers a meet and confer process with respect to such objections and establishes incentives to discourage baseless objections.

Accordingly, it is hereby ORDERED as follows:

1. **Order Applicable to All Coordinated Actions.**

This Order shall apply to all cases currently pending in MDL No. 2591 and to all Coordinated Actions that have been coordinated with MDL No. 2591 pursuant to a Coordination Order (collectively, including MDL No. 2591, "the Coordinated Actions"). This Order is binding on all parties and their counsel in all Coordinated Actions unless otherwise expressly noted.

2. **Authenticity of Documents Provided or Generated By A Party.**

   a. **Documents Presumed Authentic.**

A document produced and/or a document purportedly generated by any party that purports to be a copy of a document prepared or received by that party, or by an officer, director, employee or agent of that party, shall be presumed—subject to the requirements of this Order—to be a faithful and authentic reproduction of the original and, subject to other applicable rules of evidence, be deemed to satisfy authenticity requirements, unless any objecting party establishes, through a motion in limine or otherwise, that the document is not authentic. An objecting party must give notice no later than 30 days after the deadline for the exchange of exhibit lists in MDL No. 2591 of its intention to challenge the authenticity of a document under this paragraph, and shall not deny or oppose any request for additional discovery to establish the authenticity of the document (while otherwise retaining the right to object to the form and scope of such discovery). All evidentiary objections (except as provided in Paragraphs 3 to 5 below) other than authenticity are preserved.

   b. **Presumption of Authenticity Limited to Portion Generated by Party.**

For the purposes of this Order, a document in its entirety is deemed to have been

generated by a party only if that party or one of its then-directors, officers, agents or employees created the entire contents of the document. If a party or one of its then-directors, officers, agents, or employees created only part of a document, such as a part of a chain of electronic mail, only that part of the document is deemed to have been generated by that party.

3. **Business Records Introduced in Depositions.**

Documents produced by a party that are marked as deposition exhibits in one of the Coordinated Actions, inquired about in the deposition of one of that party's employees, and purport to be copies of memoranda, reports, records, or data compilations created by or on behalf of the deponent's employer, shall presumptively be considered to be a Business Record of the producing party within the meaning of Federal Rule of Evidence 803(6) or analogous applicable state court rules, subject to the right to object and other provisions contained in this Order. The parties shall not mark deposition exhibits en masse for the sole purpose of bringing those exhibits within the scope of this paragraph.

4. **Objections to Documents Marked as Exhibits in Depositions.**

Within 60 calendar days of the receipt by a party of the final transcript of a deposition taken in the Coordinated Actions, any party wishing to contest a deposition exhibit's presumptive qualification as a Business Record within the meaning of Rule 803(6) or applicable analogous state court rules as set forth in paragraph 3, shall advise Plaintiffs' Lead Counsel in MDL No. 2591, Plaintiffs' Lead counsel in the Coordinated Actions, and Defendants' Lead Counsel in writing of: (a) the deposition and exhibit number, as well as the bates numbers, of any exhibit for which a party claims failure to qualify as a business record within the meaning of Rule 803(6) or applicable analogous state court rules; and (b) a detailed statement (including if appropriate references to other pertinent documents and knowledgeable persons) of the grounds

for the claim of failure to qualify as a business record. Any objection shall be deemed to have been made for all depositions for which the deposition exhibit is introduced into the record in the future. Any such deposition exhibits not so identified within that time shall be deemed Business Records within the meaning of Rule 803(6) or applicable analogous state court rules. Any objections to consideration as Business Records made pursuant to this paragraph by Plaintiffs' Lead MDL Counsel shall presumptively be treated as also being made on behalf of other plaintiffs' counsel in the Coordinated Actions.

## 5. Documents Provided or Generated By Non-Parties.

Documents produced and/or purportedly generated by a non-party, marked as an exhibit in a deposition and inquired about in the deposition in which it is marked shall be presumed to be a faithful and authentic reproduction of the original and Business Records of the non-party within the meaning of Rule 803(6) or applicable analogous state court rules, unless any objecting party establishes, through a motion in limine or otherwise, that a document is not authentic and/or fails to qualify as a Business Record of the non-party within the meaning of Rule 803(6) or applicable analogous state court rules. An objecting party must give notice no later than 30 days before the close of discovery or, if a deposition is scheduled of that non-party specifically for the purpose of addressing any such authenticity or Business Record issues that have previously been raised, no later than 14 days before the deposition of that non-party of its intention to challenge either the authenticity of a document or whether it qualifies as a Business Record under this paragraph, and shall not deny or oppose any request for additional discovery reasonably necessary to address the objection (while otherwise retaining the right to object to the form and scope of such discovery).

**6.     Remedies After Notification of Any Objection to Authenticity and/or Status as Business Record.**

Upon being notified that an exhibit is claimed to be inauthentic and/or fails to qualify as a Business Record, after meeting and conferring with opposing Counsel, either Plaintiffs' Lead MDL Counsel, Plaintiffs' Lead counsel in the Coordinated Actions, or Defendants' Lead Counsel may initiate appropriate discovery limited to seeking to further establish authenticity and/or the status of the document as a Business Record. The objecting party shall not deny or oppose any request for such additional discovery (while otherwise retaining the right to right to object to the form and scope of such discovery).

**7.     Limitations of Order.**

    **a.     No Effect on Other Rules of Evidence.**

This Order addresses only the authenticity and/or Business Record status of any particular document, and is without prejudice to application of any other rule of evidence that may be implicated by a particular document. Further, in the event that the Court is called upon to rule on the admissibility of a document, this Order does not alter the burdens of proof with respect to admissibility.

    **b.     No Waiver of Objections to Similar Documents.**

The failure of any party to object to any document shall not constitute an admission or concession by that party that similar documents to which the party does object are authentic and/or qualify as Business Records under applicable federal or state laws.

    **c.     No Advance Ruling on Admissibility.**

This Order does not authorize any party to seek, or prevent any party from seeking, an advance ruling on the admissibility of evidence at trial.

8. **Parties to Meet and Confer on Disputes.**

The parties shall make good faith, cooperative efforts, through the meet and confer process or otherwise, to resolve any issues or disputes concerning this Order and the authenticity and/or Business record status of documents subject to this Order so as to minimize the time and resources of the parties and of the Courts devoted to such matters.  A party may seek relief from the Court only after meeting and conferring with the opposing parties.

Dated: 03/15/2016　　　　　　　　　　　　　　　s/ John W. Lungstrum
　　　　　　　　　　　　　　　　　　　　　　　　John W. Lungstrum
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

6