IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION | ) ) ) | MDL No. 2591 |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates To All Cases | ) ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion by defendants (hereafter "Syngenta") to strike producer plaintiffs' expanded class allegations (Doc. # 1493). The Court heard oral argument on the motion at a conference on March 15, 2016. For the reasons set forth below, the Court **grants** the motion, and it hereby strikes the expanded class definitions in producer plaintiffs' second amended class action master complaint.

**I.     Background**

On May 29, 2015, producer plaintiffs filed their amended class action master complaint (Doc. # 450). Plaintiffs brought claims under the federal Lanham Act on behalf of a nationwide class of plaintiffs defined as follows:

> The "Nationwide Corn Producers Class" consists of all corn producers in the United States who priced their corn for sale after November 18, 2013. Excluded from the Nationwide Corn Producers Class are . . . corn producers who purchased or planted the Viptera® or Duracade™ corn, or any corn sold with the MIR162 and/or Event 5307 genetically engineered corn traits.

Plaintiffs also asserted state-law claims on behalf of classes consisting of residents of 22

different states, with each state class defined as follows:

> Each State Class consists of all corn producers in each respective state who priced their corn for sale after November 18, 2013. Excluded from each of these State Classes are . . . corn producers who purchased or planted the Viptera® or Duracade™ corn, or any corn sold with the MIR162 and/or Event 5307 genetically engineered corn traits.

Thus, the original classes did not include—and specifically excluded—producers who purchased or used Syngenta's products at issue in the case.

On January 11, 2016, producer plaintiffs, with leave of Court, filed their second amended class action master complaint (Doc. # 1377). Plaintiffs again asserted claims under the Lanham Act on behalf of a nationwide class consisting of "all corn producers in the United States who priced their corn for sale after November 18, 2013," but the class definition no longer contained the exclusion for purchasers or users of Syngenta's products. The definition of the state-law classes was modified expressly to exclude only "corn producers who both (1) purchased the Viptera® or Duracade™ corn directly from Defendants or from one of Defendants' licensed seed dealers and (2) signed a Stewardship Agreement with Defendants covering Viptera® or Duracade™ seed." Thus, in the second amended complaint the class definitions were expanded to include all purchasers or users of Syngenta's products (in the case of the nationwide class) or purchasers and users who did not buy directly from Syngenta or a licensed dealer or did not sign a stewardship agreement (in the case of the statewide classes).

Syngenta now moves the Court for an order striking any allegations asserted on behalf of the new putative class members as defined in the second amended complaint.

2

Syngenta argues that plaintiffs cannot assert class allegations on behalf of purchasers and users of the products because no named class representative was a purchaser or user. Syngenta also argues that certain new class claims by purchasers or users should be struck for the following substantive reasons: (1) purchasers' and users' state-law negligence claims are barred by the various states' application of the economic loss doctrine; (2) purchasers' and users' Lanham Act claims are barred because those plaintiffs are consumers; and (3) the new claims by residents of eight states are barred by the applicable statutes of limitations.

## II.    Analysis

The Court begins its analysis by rejecting plaintiffs' argument that it should not address prior to the class certification stage any such challenges to claims by some members of the putative classes as defined in the complaint. Federal district courts have addressed at the pleading stage legal issues relating to some or all members of the putative class. For example, courts have addressed the legal viability of class claims at the pleading stage where the issues are distinct from class certification issues arising under Rule 23. *See In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 113 (D. Conn. 2014) (citing *Rogers v. Capital One Servs., LLC*, 2011 WL 873312, at *7 (D. Conn. Feb. 19, 2011), *aff'd*, 447 F. App'x 246 (2d Cir. 2011)); *Barrett v. Forest Labs., Inc.*, 39 F. Supp. 3d 407, 458 (S.D.N.Y. 2014) (citing *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008)). Thus, in *Barrett*, the court

granted a motion to strike class allegations and effectively dismissed the claims of some members of the putative class based on its conclusion that some members' claims were time-barred and thus the class had been too broadly defined. *See Barrett*, 39 F. Supp. 3d at 458-61. Similarly, in *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983 (N.D. Ill. 2010), the court granted a motion to strike class allegations and limited the class to those members who fell within the scope of EEOC charges and who thus had satisfied exhaustion requirements. *See id.* at 991-92.

Federal district courts have also granted motions to strike class allegations at the pleading stage where it is clear from the pleadings that the requirements for class certification under Rule 23 cannot be satisfied. *See Hull v. Viega, Inc.*, 2013 WL 759376, at *3 (D. Kan. Feb. 27, 2013) (citing, *inter alia*, *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)); *see also General Tel.*, 457 U.S. at 160 ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question.").

In both instances, courts have relied on Rule 23(d)(1)(D), which provides that in conducting an action asserted under Rule 23, the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." *See* Fed. R. Civ. P. 23(d)(1)(D). The Court agrees with these district courts that early resolution of class certification issues or other issues

4

regarding the viability of claims that may be decided on the pleadings serves the interests of efficiency by avoiding the continued litigation of claims that ultimately cannot survive. Thus, if a distinct portion of the putative classes alleged by plaintiffs could not maintain certain claims as a matter of law, the Court would not hesitate to dismiss those claims or to strike a certain portion of the classes at this stage.

The present case, however, presents as a preliminary matter the fundamental issue of the named class representatives' standing to assert these claims on behalf of the entire putative classes. Plaintiffs have not identified any named class representative who was a purchaser or user of Syngenta's products, and Syngenta argues that plaintiffs therefore may not pursue class claims on behalf of purchasers and users. If a putative class does not include a named representative plaintiff, then there are no individual claims that may be tested by a motion to dismiss prior to class certification. Again, Rule 23(d)(1)(D) authorizes a court to eliminate class allegations, and federal district courts have struck class allegations in the absence of named plaintiffs that are members of the putative classes. *See, e.g.*, *Rice v. Electrolux Home Prods., Inc.*, 2015 WL 4545520, at *11 (M.D. Pa. July 28, 2015) (striking allegations on behalf of subclass of persons from other states where named plaintiff was resident of forum state and thus was not a member of the subclass); *In re IPO Sec. Litig.*, 2008 WL 2050781, *3 (S.D.N.Y. May 13, 2008) (striking class allegations in cases in which named plaintiffs were not members of the asserted class); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) (plaintiff was not an adequate class representative for claims that he had not

5

administratively exhausted); *In re Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38, 41 (D. Mass. 2003) (dismissing class claims against two funds where no named plaintiff had invested in those funds).

It is true that in this case the classes are defined in the second amended complaint to include purchasers and non-purchasers alike, and thus there are named plaintiffs that are members of the classes as pleaded. The Court concludes, however, that it would in its discretion divide each class in this case to create a subclass consisting solely of purchasers and users of Syngenta's products. *See* Fed. R. Civ. P. 23(c)(5) ("When appropriate, a class may be divided into subclasses that are each treated as a class under the rule."); *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 184 (1974) ("Lower federal courts have recognized their discretion to define [under Rule 23] those subclasses proper to prosecute an action without being bound by the plaintiff's complaint."); *Diaz v. Romer*, 961 F.2d 1508, 1511 (10th Cir. 1992) (noting district court's broad discretion in creating subclasses); *see also* 7AA Charles A. Wright, et al., *Federal Practice and Procedure* § 1790 (Civ. 3d 2005) ("The process of isolating the issues appropriate for representative treatment and dividing the class into suitable units may be undertaken at any time."); 7A Wright, et al., *supra*, § 1765 (issue of adequacy of representation in putative class action should be decided at earliest practicable time; court may establish subclasses to address issues of adequacy).

Plaintiffs note that a class action may involve individualized defenses; this case goes beyond that possibility, however, as purchasers and users comprise a group within

6

the defined classes that would all face the same defenses applicable only to that group. Moreover, for purposes of the requirements for class certification, the Court would not consider non-purchasers to be typical or adequate representatives for members of the class who did purchase or use Syngenta's products. Indeed, since plaintiffs' allegations depend in part on contamination of corn through cross-pollination resulting from the use of Syngenta's products, the interests of users and non-users could be antagonistic and in conflict. Thus, the Court is convinced that it would require that a subclass consisting of purchasers and users be carved from each putative class in this case. *See Tennille v. Western Union Co.*, 785 F.3d 422, 430-31 (10th Cir. 2015) ("If there is a conflict preventing named class representatives from protecting the interest of the entire class adequately, the district court has discretion to order subclasses, each with their own named representatives.")

Because plaintiffs have not identified any named plaintiffs who would be members of a subclass consisting of purchasers and users of Syngenta's products, the Court concludes that it must strike the class allegations asserted on behalf of purchasers and users. Judicial efficiency demands that this action be taken now—particularly in light of plaintiffs' admission at oral argument that there may not actually be any purchasers or users within these subclasses who could serve as representatives to assert claims on behalf of the subclasses. Plaintiffs are granted leave to amend to name additional representative plaintiffs for these subclasses of purchasers and users, if they

are able to do so, by **April 28, 2016**.[1] If plaintiffs do so amend, Syngenta will then be free to seek dismissal of individual claims by purchasers and users for the substantive reasons asserted in the motion to strike; if plaintiffs do not so amend, there will be no need for the Court to address those substantive issues.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to strike producer plaintiffs' expanded class allegations (Doc. # 1493) is hereby **granted**, and the Court hereby strikes the expanded class definitions in producer plaintiffs' second amended class action master complaint.

IT IS SO ORDERED.

Dated this 7th day of April, 2016, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1]Of course, plaintiffs would also be required to allege facts to support a plausible claim that members of the subclasses are so numerous that class treatment is appropriate, a hefty burden in light of their concession that there may not be any such purchasers or users at all to represent these subclasses.