IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION | ) ) ) | MDL No. 2591 |
| This Document Relates To All Cases | ) ) ) | Case No. 14-md-2591-JWL |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on three motions relating to producer plaintiffs' motion for class certification and the scheduled hearing on that certification motion. For the reasons set forth below, the Court rules as follows: Plaintiffs' motion to strike the Phipps plaintiffs' expert report (Doc. # 2428) is **granted in part and denied in part**; the motion is granted with respect to opinions by the peer reviewers and with respect to the alternative request to submit rebuttal reports, but the motion is otherwise denied. The motion by defendant Syngenta to strike certain arguments and new evidence from plaintiffs' class certification reply brief (Doc. # 2458) is **granted in part and denied in part**; the motion is granted with respect to the Court's consideration of plaintiffs' rebuttal reports as applied to Syngenta, but the motion is otherwise denied. Syngenta's motion for an evidentiary hearing on class certification (Doc. # 2418) is **granted in part**, as set forth herein.[1]

---

[1]In this opinion, producer plaintiffs named in the MDL master complaint, who filed the class certification motion, are referred to simply as "plaintiffs", while "the Phipps plaintiffs" refers to plaintiffs in the eight specific cases represented by the Phipps firm.

## I.    **<u>Plaintiffs' Motion to Strike the Phipps Plaintiffs' Expert Report</u>**

On July 26, 2016, having received an extension of time, the Phipps plaintiffs (plaintiffs in eight specific cases in this MDL) filed a response to producer plaintiffs' motion for class certification that included an expert report. The report was jointly authored and signed by five experts, and four additional "peer reviewers" signed the report as well. After plaintiffs notified the Phipps plaintiffs of certain objections to the completeness of the report, the Phipps plaintiffs served on plaintiffs a supplementation of their report on August 1, 2016. Plaintiffs now move to strike the report.[2]

Plaintiffs first argue that the Phipps plaintiffs' own complaints, each of which contains allegations supporting certification of a class, constitute judicial admissions, and that any expert opinions to the contrary should therefore be precluded. *See Koch v. Koch Indus.*, 996 F. Supp. 1273, 1277 (D. Kan. 1998) (discussing judicial admissions). The Court is not persuaded, however, that that principle bars the Phipps plaintiffs from opposing certain aspects of certification in this case. As plaintiffs have pointed out in previous briefs, the Phipps plaintiffs are not parties to the master complaint at issue in the class certification proceedings; and although the Phipps plaintiffs are part of the MDL, plaintiffs have not provided any authority suggesting that a plaintiff in another case in an MDL may be judicially estopped in this way by allegations in its own

---

[2]Syngenta responded to this motion with a response that contains arguments that plaintiffs accurately describe as an unauthorized sur-reply to the motion for class certification. The Court will not consider those arguments in ruling on the certification motion.

complaint in a separate case. Certainly, the credibility of the Phipps plaintiffs may be questioned in opposing class certification, but the Court cannot conclude that the Phipps plaintiffs are precluded from submitting this report by any judicial admissions in this case.

Second, plaintiffs argue that the Court should strike the report because it violates Rule 26(a)(2)'s requirements for expert disclosures. Plaintiffs argue that the report fails to identify which of the five experts is responsible for which opinions in the report. The report and supplementation make clear, however, that all five experts adopt as their own—and would testify to—all opinions in the report. Rule 26 does not prohibit jointly-authored reports, which, as the Tenth Circuit has noted, "aren't exactly uncommon." *See Dale K. Barker Co. v. Valley Plaza*, 541 F. App'x 810, 815-16 (10th Cir. 2013) (practice is not inherently impermissible; no problem in that case concerning which opinions belonged to which expert). Indeed, in the Court's experience, it is common practice for an expert to have employees or associates assist with studies or analysis or the drafting of a report, and such practice is clearly appropriate as long as the expert who signs the report takes all of the opinions as his own and can testify about them. Thus, although there is one written report here, it is as if five experts each submitted identical reports. That fact does not provide a basis to strike the report.

Plaintiffs argue that they did not know which expert to depose. The Court notes as a practical matter, however, that any testimony by one of the five authors would effectively bind the other four (otherwise the credibility of the entire report would be

compromised), and plaintiffs did not seek to depose *any* of the experts.  Moreover, it should have been clear that the Court would never permit all five to testify, as such testimony would be cumulative, and plaintiffs nevertheless failed to ask the Phipps plaintiffs which expert would testify if provided the opportunity at a hearing (or to ask the Court to compel such a decision by the Phipps plaintiffs).  The Court also does not agree that plaintiffs did not have adequate time in which to depose one of these experts.  Thus, the Court is not moved by plaintiffs' claims of prejudice from the fact of a jointly-authored report.

Plaintiffs also argue that the report is not sufficiently complete, but they take issue with only three specific paragraphs in the report.  After review, however, the Court cannot conclude that those paragraphs are deficient, and it rejects the argument to strike on that basis.

The Court does agree with plaintiffs that the report is not sufficient with respect to any opinion by the so-called peer reviewers, who "reviewed, analyzed, approved and agreed to" the other experts' "methodologies, calculations, and analysis and conclusions."  The report does not include any separate opinions by the peer reviewers, the report does not state any basis for those reviewers' agreement and approval of the other experts' opinions, and this Court has held that an expert may not simply parrot or recite the opinions of other experts.  *See Ash Grove Cement Co. v. Employers Ins. of Wausau*, 246 F.R.D. 656, 661 (D. Kan. 2007) (Lungstrum, J.).  Any opinions by the peer reviewers are also unnecessarily cumulative.  Thus, the Court grants the motion to strike

with respect to any expert opinions by the peer reviewers. The motion is denied, however, with respect to the remainder of the report.

In the alternative, plaintiffs seek leave to submit two rebuttal expert reports (already submitted with plaintiffs' class certification reply brief) that address the Phipps plaintiffs' expert report. It is true that the governing scheduling order did not provide for any rebuttal expert reports, but in issuing that order the Court did not contemplate the possibility of an opposition to class certification by particular plaintiffs. The Phipps plaintiffs have stated in response to the motion to strike that they do not object to the Court's consideration of the rebuttal reports. Accordingly, plaintiffs' alternative request is granted, and the Court will consider the rebuttal reports to the extent that they address opinions in the Phipps plaintiffs' expert report.

The Court concludes in its discretion that consideration of the rebuttal reports is especially appropriate because the Phipps plaintiffs' experts will not be available for cross-examination at the class certification hearing. It is certainly unusual (and unprecedented in this Court's experience) for a putative class member to file an opposition to a class certification motion, and the Phipps plaintiffs have not cited any authority suggesting that they have an unfettered right to do so. Plaintiffs, however, have not sought to preclude the Phipps plaintiffs from opposing the class certification motion (instead moving only to strike the expert report on particular grounds). Thus, even though the Phipps plaintiffs have a lesser interest in the class certification determination by virtue of their ability to opt out of any class, and even though the

credibility of their arguments is somewhat undermined by their own class action allegations, the Court will consider the Phipps plaintiffs' opposition. The Court exercises its discretion, however, to limit that opposition to the written materials submitted by the Phipps plaintiffs. Thus, the Phipps plaintiffs will not be permitted to participate at the class certification hearing (by presenting expert testimony, cross-examining other parties' experts, or by arguing). Syngenta can ably and thoroughly oppose the motion for class certification, and efficiency is best served at the hearing by having only one party provide that opposition.

## II.     <u>Syngenta's Motion to Strike Material from Plaintiffs' Reply</u>

Syngenta has filed a motion asking the Court to strike certain exhibits and related argument from plaintiffs' reply brief in support of class certification.[3] First, Syngenta seeks to exclude the two rebuttal expert reports that address the Phipps plaintiffs' expert report. The Court has already ruled above that it will consider those reports in rebuttal to the Phipps plaintiff's expert report. The Court will not consider the new reports as bearing on Syngenta's arguments or evidence, and Syngenta's motion to strike is granted only to that extent.

Second, Syngenta asks the Court to strike new declarations (each approximately

---

[3]Syngenta originally sought to strike eight additional exhibits, but in its reply brief, Syngenta withdrew that portion of its motion, as it conceded that the exhibits represented proper rebuttal material.

two pages long) by Steve Smalley, an employee of Cargill, and Wesley Uhlmeyer, an employee of ADM. In those declarations, Messrs. Smalley and Uhlmeyer explain that their companies' corn prices included both a local basis component and a component tied to the futures exchange price for corn, and that changes in the exchange price are thus reflected in changes to their own prices for corn. Plaintiffs argue that such evidence is proper rebuttal evidence, submitted in response to the opinion by Syngenta's expert that local prices were not sufficiently correlated with exchange prices. The declarants also state that their companies have maintained records of contracts with corn purchasers, which evidence plaintiffs argue rebut Syngenta's arguments concerning ascertainability.

The Court is not persuaded that this new evidence may not be considered proper rebuttal evidence. Therefore, the Court will not strike the declarations on that basis.[4]

The Court also rejects Syngenta's other arguments concerning the new declarations. Syngenta complains that the declarants did not testify about their companies' pricing in their depositions, and that plaintiffs should only have used declarations from employees who did offer such testimony. Plaintiffs were entitled to choose their evidence and witnesses, however, and Syngenta was obliged in depositions to ask about anything that might be relevant. Syngenta has not shown that these witnesses should be precluded from providing evidence on a particular topic because of

---

[4]In addition, in its initial motion to strike, Syngenta did not address the new statements directed to ascertainability, and the Court declines to strike those statements for that reason as well.

an insufficient disclosure by plaintiffs concerning their witnesses. Moreover, the Court does not agree that any prior testimony by the declarants makes these improper "sham" declarations.

Syngenta also argues that ADM, in response to a Rule 30(b)(6) deposition notice, objected to providing testimony concerning pricing. The particular deposition topic in the notice, however, referred to ADM's prices for "services", which could reasonably be interpreted not to include prices for corn. Syngenta did not foreclose such an interpretation either by clarifying its notice with ADM or by seeking relief from the Court. Thus, the objection does not provide a basis for the Court to preclude this pricing evidence by an ADM employee.

Syngenta further argues that the declarations contain improper lay opinions concerning the economic effect of changes in the exchange price for corn. Having reviewed the declarations, the Court is not persuaded that they contain improper opinions, and the Court will consider only the stated facts that prices charged by Cargill and ADM contain a component tied to the exchange prices.

Finally, the Court denies Syngenta's alternative request for leave to file a sur-reply and an additional expert report addressing the new evidence submitted in support of plaintiffs' reply brief. The new material is proper rebuttal evidence; plaintiffs as movants are entitled to the last word in the briefing; the scheduling order in effect does not provide for rebuttal reports (and Syngenta has not shown good cause to deviate from that order); and Syngenta will have the opportunity to argue at the class certification

hearing. The attacks on the declarations contained in Syngenta's briefs in support of its motion to strike are sufficient for the Court.

### III. Syngenta's Motion for an Evidentiary Hearing

In its motion for an evidentiary hearing on the class certification motion, Syngenta proposes eight hours of testimony from each sides' experts, followed by oral argument. Plaintiffs respond that a hearing is unnecessary in light of the volume of written materials already submitted by the parties.

The Court concludes that an evidentiary hearing would be helpful—albeit a hearing more limited than that proposed by Syngenta. Accordingly, the hearing will be conducted as follows: The Court will hear expert testimony on September 13, 2016, beginning at 9:00 a.m. CDT. The expert reports will serve as the experts' direct testimony. If cross-examination of a particular expert is requested, the expert must be available at the hearing for cross-examination and redirect examination (properly limited to subjects addressed on cross). By 5:00 CDT on September 7, 2016, each side shall provide notice to the other of the experts that it wishes to cross-examine. The hearing will begin with the cross-examination of plaintiffs' experts (those designated by Syngenta), and each side will have a total of three hours in which to complete all of their examinations (both cross and redirect) of both sides' witnesses. On September 14, 2016, commencing at 9:00 a.m. CDT, the Court will hear oral argument from plaintiffs and Syngenta. Each side will have a total of 75 minutes for argument, with plaintiffs

<pre>
</pre>

<pre>
permitted to reserve up to half of that time for rebuttal argument.[5]

IT IS THEREFORE ORDERED BY THE COURT THAT producer plaintiffs' motion to strike the Phipps plaintiffs' expert report (Doc. # 2428) is **granted in part and denied in part**, as set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT Syngenta's motion to strike certain arguments and new evidence from plaintiffs' class certification reply brief (Doc. # 2458) is **granted in part and denied in part**, as set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT Syngenta's motion for an evidentiary hearing on class certification (Doc. # 2418) is **granted in part**, as set forth herein.

IT IS SO ORDERED.

Dated this 2nd day of September, 2016, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[5]To break up the morning evenly, the Court will take a short break at approximately 10:30 a.m. during Syngenta's argument.
</pre>