IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION | ) ) ) | MDL No. 2591 |
| This Document Relates To All Cases | ) ) ) | Case No. 14-md-2591-JWL |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs' objection (Doc. # 2364) to the Magistrate Judge's Order of July 20, 2016, by which the Magistrate Judge denied plaintiffs' motion for leave to amend. For the reasons set forth below, the Court **overrules** plaintiffs' objection, and the motion to amend is therefore denied on the terms set forth by the Magistrate Judge.

### I.     **Background**

Plaintiffs based their original Lanham Act claims on five alleged instances of misrepresentations by Syngenta, and in ruling on Syngenta's motion to dismiss, the Court concluded that plaintiffs' Lanham Act claims were properly limited to those five instances. The Court then dismissed the claims to the extent based on three of those instances, leaving only Lanham Act claims based on a fact sheet and a letter by Chuck Lee. Plaintiffs did not amend their complaints to cure pleading deficiencies with respect to the other alleged misrepresentations. On December 15, 2015, the scheduling order's

deadline for amendments to the pleadings passed.

On June 15, 2016, plaintiffs filed a motion for leave to amend the scheduling order's deadline and for leave to file amended master complaints. Specifically, plaintiffs sought to amend to add additional instances of false advertising by Syngenta in violation of the Lanham Act.[1] Plaintiffs' proposed amended complaints cited 40 new documents received in discovery.

On July 20, 2016, the Magistrate Judge issued an order denying the motion as it pertained to the proposed Lanham Act amendments. The Magistrate Judge found good cause under Fed. R. Civ. P. 16(b)(4) for modification of the scheduling order's deadline, based on his finding that plaintiffs could not have learned the information underlying the new allegations before the December 2015 deadline. The Magistrate Judge also rejected Syngenta's arguments based on undue delay and futility. The Magistrate Judge did find, however, that Syngenta would suffer undue prejudice from the proposed addition of new Lanham Act claims, and it denied plaintiffs' motion on that basis. Plaintiffs timely filed an objection to the Magistrate Judge's order.

## II.  **Standard of Review**

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a

---

[1] Plaintiffs also sought leave to make certain non-substantive changes and to omit non-producer class allegations. Syngenta did not oppose those amendments.

2

more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *See First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

On the other hand, with respect to a pretrial matter that is dispositive of a claim or defense, the court may "accept, reject, or modify" recommendations of a magistrate judge, and the district court must make a de novo determination of any issue raised by objection to those recommendations. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B) & (C); *Ocelot Oil*, 847 F.2d at 1462. This means that the district court gives no special weight to the magistrate judge's determination and independently determines the issues. *See Ocelot Oil,* 847 F.2d at 1464.

Plaintiffs argue that the Magistrate Judge's denial of the motion to amend is a dispositive order because it precludes the assertion of new claims, and that the denial should therefore be reviewed de novo. Syngenta argues that the clearly erroneous standard should apply. The Court need not decide this issue of the proper standard of review, however, because even under a de novo standard, the Court would rule that plaintiffs' motion to amend should be denied under Fed. R. Civ. P. 15(a).

### III. <u>Analysis</u>

Leave to amend under Rule 15(a) may be denied upon a showing of (among other things) undue delay, undue prejudice, or futility. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010). Syngenta cited undue prejudice in opposing the motion to amend, and the Magistrate Judge agreed that Syngenta would be unduly prejudiced if plaintiffs were allowed to amend to add bases for their Lanham Act claims at this stage of the litigation. The Magistrate Judge noted that the new allegations of Lanham Act violations through false advertising represented a substantive change that greatly expanded plaintiffs' Lanham Act claims. He also agreed with Syngenta that the new claims would result in the reopening of discovery of 80 bellwether plaintiffs who had already been deposed, so that Syngenta could inquire whether those plaintiffs had seen the newly-alleged representations. The Magistrate Judge concluded that such additional discovery, involving so many deponents and so many interested attorneys (given the coordination of this action with proceedings in other courts), would greatly disrupt the proceedings in this case, especially in light of pending deadlines relating to class certification and the parties' selection of bellwether cases.

In its objection, plaintiffs dispute the amount of additional discovery that would be required by the new allegations. Plaintiffs argue that at least 17 of the newly-cited documents are not alleged to contain new misrepresentations, but instead provide evidence of Syngenta's knowledge and state of mind, and that Syngenta therefore would have no need to ask plaintiffs about those documents. Plaintiffs further argue that there

4

is little likelihood that further questioning will produce relevant evidence, since plaintiffs' Lanham Act claims do not depend on deception of *plaintiffs* from the advertising.  Finally, plaintiffs argue that reopening the depositions is not required because some form of written discovery should suffice.[2]

For the same reasons cited by the Magistrate Judge, the Court agrees with Syngenta that allowing the proposed amendments would open the door to at least some additional discovery from all of the bellwether plaintiffs that have already been deposed.[3] Plaintiffs argue that the amendments would have no impact on discovery relating to the great majority of plaintiffs in this case (97 percent) who were not in the bellwether discovery pool and thus have not been deposed.  The amendments would, however, affect the orderly progress of the MDL proceeding.  Indeed, the briefing on plaintiffs' class certification motion is now complete, and the parties have already submitted their

---

[2] Plaintiffs also appear to argue that because many of their new allegations relate only to Syngenta's state of mind and thus require no additional discovery, they should at least be permitted to amend to make those allegations, which also support their negligence claims. Those allegations, however, relate specifically to the allegations of additional misrepresentations, and thus the Court concludes that all of the new allegations stand or fall together. Moreover, in their motion for leave to amend, plaintiffs stated specifically that the proposed amendments related to their Lanham Act claims, and they made no argument to the Magistrate Judge that the amendments also supported their negligence claims. In addition, as this Court has noted previously, plaintiffs have not asserted any claim for negligent misrepresentation.

[3] Like the Magistrate Judge, the undersigned agrees with Syngenta that any "catchall" questions in the depositions in which Syngenta asked about any additional advertising that the bellwether plaintiffs may have seen are not sufficient, and that Syngenta should be able to ask specifically whether those plaintiffs saw the representations on which the new allegations of Lanham Act violations are based.

bellwether selections, and the Court cannot say that the proposed additional Lanham Act claims would not have affected either the class certification briefing or the bellwether selection. The master complaints cannot be amended to add claims applicable only to some plaintiffs, and the efficient progress of the MDL required that the operative claims be set much earlier than now.

Plaintiffs also argue that any surprise to Syngenta is mitigated by the fact that most of the new allegations are based on Syngenta's own documents. Syngenta, however, had no reason to anticipate that it would need to defend allegations of misrepresentations other than those that survived the motion to dismiss. Moreover, the determination of undue prejudice depends on the particular circumstances of the case, and the cases cited by plaintiffs do not suggest that undue prejudice can never be found if the new allegations are derived from the defendant's own documents produced in discovery. In this case, allowing the new allegations would require discovery to be reopened, which would cause undue prejudice because of the stage of the litigation of this MDL.

Plaintiffs also contend that in determining whether any prejudice is undue, the Court should consider the harm to the plaintiffs, especially those not in the bellwether pool, who will not be able to have these new claims litigated on their merits. Any such weighing of the equities to determine the severity of the prejudice, however, must involve a consideration of any delay by plaintiffs in filing their motion to amend, given that the prejudice results from the inability to conduct the necessary discovery at this

stage of the MDL.

After considering that issue of timeliness, the Court must conclude that plaintiffs unduly delayed in bring their motion. The Magistrate Judge rejected Syngenta's delay argument, but he did not perform a separate analysis, instead merely relying on the same reasons supporting his conclusion that plaintiffs could not have brought a motion by the December 2015 amendment deadline. Thus, the Magistrate Judge did not consider whether plaintiffs could have brought this motion months earlier in 2016, and the Court thus concludes that the Magistrate Judge clearly erred in failing to find undue delay here.[4]

In their motion for leave to amend, plaintiffs included a chart showing when each of the 40 new documents was produced to them and when each was first marked as an exhibit in a deposition. That chart shows that 19 of those documents had been produced

---

[4] Although the Magistrate Judge called it a "stretch" to read Syngenta's opposition to the motion to amend as including an argument based on undue delay, the Court concludes that Syngenta did sufficiently raise the issue of the timeliness of plaintiffs' motion. Moreover, although plaintiffs note that Syngenta did not file its own objection challenging the Magistrate Judge's finding of no undue delay, plaintiffs have not cited any authority suggesting that Syngenta, who won the motion before the Magistrate Judge, needed to file its own objection in order to argue alternative grounds supporting the Magistrate Judge's decision. As Syngenta notes, other courts have held that no such "cross-objection" is necessary, *see, e.g.*, *Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005); *United States v. Willis*, 431 F.3d 709, 713 n.4 (9th Cir. 2005), and a cross-appeal is not required in an analogous context, *see El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999) (an appellee may argue in support of an order, without filing a cross-appeal, any matter appearing in the record, even though the argument may involve an attack on the reasoning of the lower court). Thus, the Court concludes that Syngenta is not precluded from challenging the Magistrate Judge's rejection of its argument that plaintiffs unduly delayed in bringing their motion.

7

by October 23, 2015, and that all but one were produced by March 14, 2016, with the last produced on April 23, 2016. Thirty-nine of the 40 documents were first marked in a deposition by April 27, 2016. Plaintiffs argue that time was needed to review the documents produced and to inquire about those documents in depositions, in order to obtain evidence to support the new allegations.[5] Plaintiffs had already alleged misrepresentations concerning the likelihood and imminence of Chinese approval, however. Thus, once plaintiffs received documents containing similar representations, plaintiffs were on notice of a possible need to seek leave to amend and to modify the scheduling order's deadlines accordingly, and they were obliged to notify the Court that such a modification may be necessary. If plaintiffs believed that they did not yet have enough information to state plausible claims based on the produced documents, they should nonetheless have brought the matter to the Court's attention in light of the numerous interrelated deadlines. They could have sought a new amendment deadline while informing the Court that certain additional discovery was needed. And they could have alerted the Court that certain other deadlines might be impacted.

Even if the Court were generous and used the dates when the documents were first used in depositions, plaintiffs would have had sufficient information by the end of April 2016 to alert the Court, and plaintiffs have not offered any reason why they then

---

[5]Plaintiffs assert that they could not have alleged these new instances of false advertising before discovery, even though they also assert that these alleged misrepresentations were disseminated to the public so widely that they constitute "commercial advertising or promotion" as required for a violation of the Lanham Act.

waited until June 15, 2016, to do so only by filing their motion for leave to amend. As noted above, that lost time was crucial, given the impending class certification and bellwether selection deadlines. Accordingly, the Court concludes that the plaintiffs' motion should be denied because of undue delay and undue prejudice, and it therefore overrules plaintiff's objection.[6]

The Magistrate Judge imposed certain deadlines that would run from the date of his order if no objection were filed by plaintiffs. The Court orders that those deadlines now run from the date of this order.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' objection (Doc. # 2364) to the Magistrate Judge's Order of July 20, 2016, is hereby **overruled**, and plaintiffs' motion to amend (Doc. # 2237) is therefore denied on the terms set forth by the Magistrate Judge.

IT IS SO ORDERED.

Dated this 8th day of September, 2016, in Kansas City, Kansas.

s/ John W. Lungstrum           
John W. Lungstrum
United States District Judge

---

[6] In light of this ruling, the Court need not address Syngenta's alternative argument based on futility.