1                    UNITED STATES DISTRICT COURT
                           DISTRICT OF KANSAS
2

3     In Re:

4     Syngenta AG MIR 162         Case No. 14-md-2591-JWL-JPO
      Corn Litigation
5                                 Kansas City, Kansas
                                  Date:  October 4, 2016
6

7     ........................

8

9                  TRANSCRIPT OF STATUS CONFERENCE
                               BEFORE
          HONORABLE JOHN W. LUNGSTRUM, SENIOR JUDGE
10

11    APPEARANCES FOR THE PLAINTIFFS:

12    William B. Chaney          Don M. Downing
      Gray Reed & McGraw         Gray, Ritter & Graham, P.C.
13    1601 Elm Street            701 Market Street
      Suite 4600                 Suite 800
14    Houston, TX 75201          St. Louis, MO 63101

15    Patrick J. Stueve          Scott A. Powell
      Stueve Siegel              Hare Wynn Newell & Newton
16      Hanson, LLP              2025 Third Avenue
      460 Nichols Road           Suite 800
17    Suite 200                  Birmingham, AL 35203
      Kansas City, MO 64112
18

19    APPEARING FOR THE SYNGENTA DEFENDANTS:

20    Michael D. Jones           Thomas P. Schult
      Ragan Naresh               Berkowitz Oliver Williams
21    Patrick Haney               Shaw & Eisenbrandt, LLP
      Kirkland & Ellis           2600 Grand Boulevard
22    655 15th Street, NW        Suite 1200
      Suite 1200                 Kansas City, MO 64108
23    Washington, D.C. 20005

24

25

```
 1                  (Court called to order.)

 2                  JUDGE LUNGSTRUM:  We're here this morning in

 3      Case No. 14-md-2591, In re:  Syngenta AG MIR 162, Corn

 4      Litigation.  We're here for a status hearing.  We have

 5      present with us Judge O'Hara, the chief magistrate judge

 6      of the District of Kansas who has been, of course,

 7      working on this case, and Special Master Jack

 8      Van de North from the district -- not the district of

 9      Minnesota -- from the state of Minnesota, I should say,

10      working on their MDL are both with us.  We also have a

11      phone line open.  So as you speak, please use the

12      microphone so folks can hear you.

13           With that, let me ask for appearances on behalf

14      of the co-lead counsel.

15                  MR. STUEVE:  Good morning, Your Honor,

16      Patrick Stueve here on behalf of plaintiffs.

17                  MR. DOWNING:  Don Downing on behalf of

18      plaintiffs.

19                  MR. CHANEY:  William Chaney on behalf of

20      plaintiffs.

21                  MR. POWELL:  Scott Powell on behalf of

22      plaintiffs.

23                  JUDGE LUNGSTRUM:  Welcome to all of you this

24      morning.  For Syngenta.

25                  MR. NARESH:  Good morning, Ragan Naresh for
```

1   Syngenta.

2            MR. SCHULT:  Tom Schult for Syngenta.

3            MR. HANEY:  Patrick Haney for Syngenta.

4            MR. JONES:  Good morning, Your Honor, Mike

5   Jones for Syngenta.

6            JUDGE LUNGSTRUM:  Welcome to you all as

7   well.

8        I received your status report and I'll address

9   the one issue that was raised in that later.  I assume

10  obviously that you read the court's status conference

11  agenda and that's how I intend to, you know, move

12  forward with this particular conversation this morning.

13       So let's start with the issue of class notice.

14  Where are we on that?  What -- what do you think is

15  going to happen next in that regard?

16       Mr. Stueve, are you speaking for the plaintiffs

17  in this matter.

18            MR. STUEVE:  Yes, Your Honor.  You obviously

19  provided us a deadline.

20            JUDGE LUNGSTRUM:  We need to have a

21  microphone, sorry.

22            MR. STUEVE:  You obviously provided us, I

23  believe, it's October 17th deadline.  We are preparing

24  the proposed notice and the motion in support of that at

25  this time.

1          JUDGE LUNGSTRUM:  Good.  And do you

2  anticipate running that by Syngenta to see what their

3  thoughts are before you file a motion or...

4          MR. STUEVE:  Yes, Your Honor, that was our

5  thought.  We are still trying to complete our draft.

6  Our thought would be that we would float it by them as

7  well.

8          JUDGE LUNGSTRUM:  Okay.  Very good.  All

9  right.  Well, we'll -- you know, we set some deadlines

10  and of course you never know whether those deadlines are

11  realistic or not, and so this is a chance for some

12  feedback on that.  And apparently that deadline works

13  for you, so let's move forward.

14          MR. STUEVE:  It does.

15          JUDGE LUNGSTRUM:  The next question I wanted

16  to address was the *Lexecon* issue.  My assumption has

17  been, based upon everything Syngenta has said so far in

18  this case, that you would intend to stand on your

19  *Lexecon* rights, which is perfectly fine by me.  I

20  don't -- that's -- I have no problem with that but I

21  want to make sure that there isn't any change in

22  thinking before I start scheduling things on the premise

23  that there will be a *Lexecon* being held tight by

24  Syngenta.  So, Mr. Naresh.

25          MR. NARESH:  Yes, Your Honor, our thinking

1   has not changed.  Syngenta does not intend to waive

2   those rights.

3            JUDGE LUNGSTRUM:  All right.  Thank you.

4   There are going to be a few federal judges around the

5   country who wish your answer was different, Mr. Naresh,

6   but as for me I think it's fine.  But don't tell anybody

7   I said that.

8            So now the next issue I had was this matter of in

9   my -- in my thinking, I would like then to have the

10  first trial in June be the Kansas class action and the

11  nationwide Lanham Act class.  What's wrong with that?

12  Why is that a problem?  Can we do that?  Mr. Stueve.

13           MR. STUEVE:  Your Honor, we think that makes

14  perfect sense and we are prepared to proceed consistent

15  with that -- with that plan.

16           I think the only issue that we've been meeting

17  and conferring with with Syngenta's counsel is related

18  to the nationwide Lanham Act claim and whether or not

19  that can be tried with class representatives from the

20  state of Kansas.  We understand that they have

21  objections to that.  We have been meeting and

22  conferring.  We're not sure what those objections are.

23           We discussed a briefing schedule related to that

24  issue.  I think the only disagreement is who goes first

25  in that briefing schedule.  Our position is that since

1    they're objecting to that that they should go first and

2    we would respond and then they would have a reply.

3                JUDGE LUNGSTRUM:  Okay.  We'll talk about

4    that.

5         By the way, just to make it easier and with the

6    microphones and everything, why don't you all just stay

7    seated and just pull the microphones over and, you know,

8    that's no problem with me.

9         Let me ask this:  Assuming for a moment that we

10   were able to try the Kansas class action, Lanham Act

11   nationwide class beginning June 5th, what is your

12   estimate of trial time now?

13               MR. STUEVE:  You know, Your Honor, I think

14   we -- we have for quite some time thought four weeks is

15   a good estimate.  Obviously expert disclosures will be

16   happening on the 10th and we'll -- from our side we'll

17   have -- they'll have a better sense of the number of

18   experts we have and obviously when we see their experts

19   that will refine our estimate.  But because of the

20   likely number of experts in the case as well as

21   extensive videotape testimony that will likely have to

22   be played, four weeks.

23               JUDGE LUNGSTRUM:  And of course be very

24   carefully edited to make sure there's not cumulative

25   testimony and stuff that bores the jury to the point

1   that they wish they were anywhere else in the world.

2        Okay, that's good.  Let me hear from you,

3   Mr. Naresh.

4             MR. NARESH:  May I approach, Your Honor?

5             JUDGE LUNGSTRUM:  Sure.  You can do whatever

6   you like.

7             MR. NARESH:  Thanks, Your Honor.  The -- as

8   we understood the agenda, understanding your -- your

9   desire to proceed in a manner that the court would like

10  to, we understood it -- the opening question to be

11  whether there should be a class trial in lieu of the

12  bellwether trial, and then if so what that class trial

13  would look like.  And if I may, I'd like to address the

14  first part first because our view is there's still a

15  benefit to continuing to proceed toward the individual

16  path.

17            JUDGE LUNGSTRUM:  You may be -- this is your

18  chance to be heard, Mr. Naresh.

19            MR. NARESH:  Okay.  Great.

20            JUDGE LUNGSTRUM:  Keep in mind where you

21  think I'm coming from.  Because in the end you want to

22  be sure to be heard on the point that I'm most likely to

23  be responsive to.

24            MR. NARESH:  Understood, Your Honor.  On the

25  first question, our view is that there's still value in

1   proceeding toward the individual bellwether path for a

2   couple of reasons.  The first is there are some

3   issues -- and I'm happy to walk through those in answer

4   to the second question -- both with respect to *Lexecon*

5   issues, Seventh Amendment issues, other issues

6   particularly with regard to the Lanham Act claim that

7   don't exist with the individual process.

8          The individual -- the parties have been working

9   towards the individual bellwether trial in June.

10  There's a Kansas bellwether that's been selected.  None

11  of the issues that -- that I'm having to walk through on

12  the class side exist for the individual bellwether

13  trials such that we can continue to proceed forward.

14         We do intend to appeal under 23(f) the class

15  decision.  That's -- the petition is due on Monday.  And

16  if the petition is accepted for review by the Tenth

17  Circuit, we do intend to seek a stay.

18             JUDGE LUNGSTRUM:  And I will not stay it.

19  If the Circuit -- if the Circuit accepts the review and

20  decides they'd like to stay it, then we will proceed

21  with the bellwether trial in June.

22             MR. NARESH:  Understood.  And --

23             JUDGE LUNGSTRUM:  What's your opinion about

24  a plaintiff's verdict in the Kansas bellwether case on

25  the tort issues having the ability to be used as

1  offensive collateral estoppel in the class case in

2  Kansas?

3           MR. NARESH:  Our view is that it can't be

4  used preclusively but it is informative and just like

5  bellwether trials are informative in the absence of

6  class certification to both parties, both sides in terms

7  of --

8           JUDGE LUNGSTRUM:  Why wouldn't it have

9  preclusive effect on issues tried in that case where

10 the -- Syngenta's had a chance to be fully heard?

11          MR. NARESH:  Well, we would have to probably

12 look into that specific issue further and we would be

13 happy to brief it for Your Honor.

14          JUDGE LUNGSTRUM:  We'll see what happens if

15 we have a bellwether trial before we have the class

16 action.  But that's just a thought that I've had about

17 why it might be a good idea not to have a bellwether

18 trial in a jurisdiction of which the class action would

19 be tried at that juncture.

20          MR. NARESH:  And we would be happy to look

21 into that issue if and when we -- we approach that down

22 the road.

23          But those are two issues, both the *Lexecon* and

24 Seventh Amendment issue on the one side and the

25 appellate issue that, in our view, we shouldn't stop

1    progressing towards the individual process since

2    we're --

3              JUDGE LUNGSTRUM:  And -- and we're not.  I

4    mean, I want to make that -- I want to make that clear,

5    as I just hope I just did a moment ago.  We're still

6    proceeding on both tracks.  If the Circuit stays the

7    class matter as a -- for their review, then we will have

8    the Kansas bellwether trial in June.

9              MR. NARESH:  And then, you know, our view is

10   that the -- the individual process still has value in

11   large part because of the large number of opt-outs that

12   are expected and the carve-outs who will be unaffected

13   by any class ruling.  Our view is that we still would

14   like those data points of what individual trials look

15   like and I think the opt-out plaintiffs may as well.

16   And given that number, there's still a fair bit of value

17   to us in knowing what the individual trial looks like.

18             JUDGE LUNGSTRUM:  And I certainly agree that

19   there is a value to that.  The question's what order

20   those things occur in.  Obviously we can't try them all

21   at the same time, although we might.  It looks to me

22   like it could be multiple trials going on at various

23   times but probably not all of them at the same time.

24             MR. NARESH:  And so that's -- that's our

25   point on the individual process.  We think that, you

 1    know, whether that's --

 2              JUDGE LUNGSTRUM:  Okay, fine, we're not

 3    going to -- I'm don't -- I'm not persuaded by that.  So

 4    let's assume that, barring the Circuit staying this

 5    matter, we're going to proceed with the Kansas class

 6    action in June.  What -- what impediments are there that

 7    would need to be dealt with in order to facilitate that?

 8              MR. NARESH:  And like Mr. Stueve said, we're

 9    happy to brief this out.  Here's -- here's some that we

10    are having a problem with in that we can't envision a

11    scenario in which there can be a Lanham Act claim

12    alongside the class -- the Kansas state class claims

13    without requiring Syngenta to waive either Seven

14    Amendment -- Seventh Amendment rights or *Lexecon* rights.

15    And that we -- we can't try the non- -- so the

16    nationwide class has, of course, Kansas representatives

17    and non-Kansas representatives.  The non-Kansas

18    representatives can't be tried here for *Lexecon* reasons

19    but there can't be a nationwide class that doesn't

20    have --

21              JUDGE LUNGSTRUM:  Where would the nationwide

22    class be tried?

23              MR. NARESH:  That's one of the issues that

24    we're struggling with, Your Honor, is that the way that

25    it's been pled and the certification that's been sought

1    is that we can't see a way in which the nationwide class

2    can effectively -- can efficiently be tried without

3    Syngenta waiving *Lexecon* rights or without running afoul

4    of the Seventh Amendment reexamination clause.

5             And so the issue -- and I think Your Honor kind

6    of alluded to that in your questioning of Mr. Downing at

7    the class certification hearing.  And the answer was,

8    well, we'll do it multiple times.  And Your Honor

9    addressed that in the Footnote 13.

10             JUDGE LUNGSTRUM:  We're not going to do

11    that.

12             MR. NARESH:  And -- and we're struggling

13    with the same issue in that --

14             JUDGE LUNGSTRUM:  Can that be cured by

15    amendment by the plaintiffs?

16             MR. NARESH:  It's -- it's hard to see how it

17    could be cured with amendment without reopening class

18    certification briefing.  Because the way the class was

19    sought and certified, it depends on what amendment they

20    would seek.

21             JUDGE LUNGSTRUM:  I could give you some

22    short deadlines to do that I'm sure.

23             MR. NARESH:  It depends on what the -- what

24    amendment they're seeking.  We haven't heard from the

25    plaintiffs of any amendments that they're seeking at

1   this point.  And that's why Mr. Stueve and I, we've

2   talked, and our view is if they have a proposal on how

3   to cure some of these issues, that we'd like to hear it

4   and react to it.  Because all we have right now is the

5   answer from Mr. Downing at the hearing, which of course

6   the court didn't accept.

7          JUDGE LUNGSTRUM:  Right.

8          MR. NARESH:  And so if they have an

9   amendment that they think could cure these issues, we'd

10  be happy to look at it.

11         JUDGE LUNGSTRUM:  Well, Mr. Stueve, how soon

12  are we going to get some input on that?  Come on.  You

13  can come on up here.  I don't care how you fellas want

14  to do it.  I was going to let you sit down, if you want

15  to both stand up.  Just talk into the microphones,

16  that's all I care about.

17         MR. STUEVE:  Your Honor, this is the first

18  we've heard what any of the specific issues that they've

19  had.  What we've been told up to now is that they're

20  struggling with some of the issues.  And so, you know,

21  this is the first specifics we've heard about, for

22  example, Seventh Amendment, et cetera.  Again, I think

23  that's why we think they should go first in the briefing

24  and then we would respond to those specific arguments

25  with respect to Seventh Amendment or other issues that

14

1    they have with respect to --

2                 JUDGE LUNGSTRUM:  To --

3                 MR. STUEVE:  -- trying the nationwide class

4    in Kansas.

5                 JUDGE LUNGSTRUM:  Well, you -- but you've

6    heard what Mr. Naresh indicated the basic concern is.

7    Have you thought about that?

8                 MR. STUEVE:  Yeah, we don't think that the

9    court trying the nationwide class in Kansas with Kansas

10   class reps raises Seventh Amendment issues that -- that

11   can't -- for example, we think the court, both on claims

12   splitting as well as the Seventh Amendment, could make

13   it clear what the preclusive effect is of the judgment

14   in Kansas making it clear that any subsequent cases

15   state -- state cases, those state law claims can proceed

16   forward and be tried to a jury.

17        So we -- we've looked into it.  But, you know,

18   again, there may be, you know, arguments or a nuance

19   that we haven't identified that -- so we would like to

20   -- like to see exactly what they're arguing and then

21   we'd respond to it.

22                JUDGE LUNGSTRUM:  So let's think about what

23   the best procedural vehicle would be to tee those issues

24   up.  Mr. Naresh, what do you think about that?  I mean,

25   I don't know, just say file me a brief and tell me what

1    you think or there's something more concrete.

2            MR. NARESH:  Well, I think it depends in

3    part on whether the plaintiffs intend to amend.  And if

4    it's an amendment -- if the idea is an amendment is

5    necessary in order to deal with these issues, then maybe

6    it's a motion for leave to amend and we can deal with it

7    that way.

8            If it's -- if they believe that the complaint as

9    drafted and the order as issued can cure -- that it's

10   workable in that context, then perhaps it's a -- a

11   position paper or plaintiffs' position on why it's --

12   it's fine in our response to that or vice versa in

13   Mr. Stueve's view.

14           JUDGE LUNGSTRUM:  Is it -- is it -- well, I

15   hear where you're going.  Mr. Stueve, you want to see

16   what they say before you take a position on whether you

17   need to amend or not.

18           But what if I -- what if I simply said as a

19   result of this conference that we are going to go

20   forward in June with the Kansas class action and the

21   nationwide Lanham Act claim and give Syngenta a deadline

22   to file a motion to do something with regard to the

23   Lanham Act claim.  I don't know what you -- to strike

24   the Lanham Act claim, to -- whatever it is that you

25   would think ought to happen to not have that Lanham Act

1    claim go forward.  Would that not be an appropriate

2    thing to do?

3             MR. NARESH:  In our view that wouldn't be

4    our preferred way of doing it but our -- the guts of

5    what we want is to have an opportunity to address why we

6    think that wouldn't be appropriate.  So while I think we

7    prefer doing it in a way that doesn't set a class

8    nationwide trial until that issue's been fully vetted,

9    if that's the way Your Honor wants to proceed, as long

10   as we have an opportunity to -- to discuss our position.

11            JUDGE LUNGSTRUM:  I say -- I'm trying to

12   figure out a procedural vehicle that makes more sense

13   than just file me some briefs and let me think about it.

14   Because then once I decide what I'm going to do -- well,

15   really you still have recourse at that point to object

16   to what I do.  So we might as well do whatever I'm going

17   to do based upon some briefing that leads to a

18   conclusion that at least becomes the law of the case as

19   opposed to just having it formed by thinking but still

20   subject to either side having another round of

21   disagreement after I made a decision.

22            So it strikes me that what I should -- now,

23   Mr. Stueve, you've consulted with your people in back at

24   the lectern, I don't want to keep talking if you

25   suddenly agree with Mr. Naresh or something.

1      MR. STUEVE:  No, I -- I had sent Ragan an

2 e-mail last night, assuming that the court would want to

3 hear if there are objections, we -- I proposed October

4 18th for Syngenta to submit any objections to proceeding

5 forward.  Then we would respond on November 1st to that.

6 And then I -- we agreed ahead of time if the court --

7 whoever was required to go first would get to have a

8 reply opportunity.  So we would not object to Syngenta

9 having an opportunity to reply to our November 1st

10 response.

11      JUDGE LUNGSTRUM:  What does that schedule

12 sound like to you, Mr. Naresh?

13      MR. NARESH:  So in terms whatever the

14 briefing format is --

15      JUDGE LUNGSTRUM:  We're -- so that -- that

16 issue's still up in the air.

17      MR. NARESH:  Yes, the timing is fine.

18      JUDGE LUNGSTRUM:  The timing is okay.

19      MR. NARESH:  I -- and like Mr. Stueve, I

20 mentioned we did talk about whoever goes first gets a

21 reply.

22      JUDGE LUNGSTRUM:  Whoever gets -- gets the

23 last shot.  Well, I suppose -- although you heard me

24 thinking out loud about my concern about wanting to tee

25 this up in a way that doesn't -- or brings about a

1    resolution that is final as to this case, maybe the

2    better idea is for me to tell you today that it is my

3    intention to go forward with the Kansas class action and

4    the nationwide Lanham Act class trial beginning June 5th

5    but I won't formally set that until I've given Syngenta

6    an opportunity to file its objections to that proposed

7    schedule no later than October 17th with the plaintiffs

8    having the opportunity by November 1st to respond and

9    Syngenta November 8th to reply.

10              MR. STUEVE:  We had proposed October 18th.

11              MR. NARESH:  Yeah.

12              MR. STUEVE:  So one clarification, we --

13              JUDGE LUNGSTRUM:  18th?

14              MR. STUEVE:  Yeah, 18th.

15              JUDGE LUNGSTRUM:  Pardon me, that's actually

16   two weeks from today as opposed to two weeks from

17   yesterday.  18th is just as good with me and that would

18   be but still November 1st and November 8th.  I want a

19   page limit here.  I don't want -- you know, I don't

20   think this needs more than ten pages.

21              MR. NARESH:  That's along the line -- we

22   talked in the 10-15 page range when we had discussed --

23              JUDGE LUNGSTRUM:  I would say -- let's say

24   15 pages total, that's Syngenta.  That's the -- and

25   that -- you don't need to give me a bunch of factual

1    background.  Plaintiffs you don't need to tell me how

2    terrible Syngenta was ruining the corn market for the

3    world.  I mean, give me -- give me, you know, a succinct

4    presentation, 15 pages.  And Syngenta that is both your

5    opening brief and your reply brief, okay.  And same

6    for -- you get 15 pages for the -- for the plaintiffs.

7                    MR. STUEVE:  Understood.

8                    JUDGE LUNGSTRUM:  And then we'll -- you

9    know, I -- those are not issues that have been addressed

10   yet, the issues you discussed about the Seventh

11   Amendment reexamination clause.  It's something we ought

12   to think about.  And the *Lexecon* ramifications, those

13   ought to be thought about.  So this probably is a good

14   way to focus on them.  So we'll do that.

15        Now, from a -- from a discover standpoint, or

16   otherwise preparing the case for trial, setting aside

17   the legal issues that need to be straightened out, I

18   assume that we'd be ready to go with the discovery

19   that's been done in the case and is still scheduled to

20   be done in the case; is that correct?

21                    MR. NARESH:  I think the parties are

22   proceeding on the assumption that either of the

23   scenarios could go forward.

24                    JUDGE LUNGSTRUM:  Yeah.  Okay.

25                    MR. STUEVE:  Right.

1          JUDGE LUNGSTRUM:  That sounds good.  Okay.

2   Thank you.  I appreciate that very much.

3          Now, then that -- that brings me to Item No. 5 on

4   the agenda and that is we have other certified statewide

5   class actions and we have bellwether cases from

6   jurisdictions other than Kansas.  Is there anything more

7   we need to do to prepare those cases for suggestions of

8   remand other than play out the schedule for discovery

9   and dispositive motions that's already in place?

10  Mr. Stueve.

11         MR. STUEVE:  Your Honor, we discussed with

12  Syngenta, we're in agreement that the court should

13  retain those cases until we get through dispositive --

14         JUDGE LUNGSTRUM:  Can you talk into the

15  microphone, please.

16         MR. STUEVE:  We're in agreement that we

17  think the court should keep the cases until, you know,

18  through dispositive motions.

19         The one thing that we raised with Syngenta and

20  told them we'd ask you is the -- it would be helpful if

21  the -- if the court was inclined to reach out to these

22  judges to let them know; one, that the cases are on the

23  way; and, number two, if we could get some trial

24  settings.

25         JUDGE LUNGSTRUM:  I thought you said -- when

 1    I heard you say it would be helpful if I would decline

 2    to, I was going to say why would that be.

 3                MR. STUEVE:  No, you incline to.

 4                JUDGE LUNGSTRUM:  I'm totally inclined to.

 5    I mean, my next -- as soon as we're done here, my next

 6    call is to Sarah Vance saying help me figure out how to

 7    get these poor suckers lined up to try these other cases

 8    when they come down the road.  So...

 9                MR. STUEVE:  And I think the only other

10    issue, I mean, if we do -- we still think, if the court

11    is inclined to consider -- consider this issue, we do

12    think there is some waiver issues with respect to

13    personal jurisdiction with named class reps that filed

14    in the District of Kansas that are part of the

15    consolidated complaint, was subject to the motion to

16    dismiss.  Syngenta answered without raising the personal

17    jurisdiction with respect to those class reps.  You

18    know, we would be -- we would be happy to address that

19    issue if the court would be open to considering it.

20                JUDGE LUNGSTRUM:  You -- honestly, you lost

21    me there.  Can you -- can you bring me back in here?

22                MR. STUEVE:  Yeah.  So there are -- there

23    are some class reps in the other states --

24                JUDGE LUNGSTRUM:  Oh, uh-huh.

25                MR. STUEVE:  -- that were -- that filed in

1   Kansas in the MDL, were part of the consolidated

2   complaint, were subject to the motions to dismiss, were

3   -- when that was denied, Syngenta answered, did not

4   raise the personal jurisdiction claim with respect to

5   those plaintiffs.  We think there are arguments to be

6   made that this court would have jurisdiction to try

7   those state bellwether cases here rather than remand

8   them.  If the court wants us to address that issue, we'd

9   be happy to do so.

10          JUDGE LUNGSTRUM:  Mr. Naresh, how -- what

11  would be the proper procedural vehicle to tee that up?

12          MR. NARESH:  This is -- this is the first

13  discussion we've had of it.  Though I believe Your Honor

14  has already addressed these both in the order addressing

15  the consolidated pleadings what a master complaint is

16  and addresses the *Lexecon* issue in that and then in

17  subsequent *Lexecon* orders.  So I think this is law of

18  the case.

19          If they have a motion they'd like to file, you

20  know, or if they want to raise it as part of their --

21  their piece in connection with the briefing that's

22  contemplated in the next few weeks, either of those is

23  fine, although I think this issue has been addressed by

24  the court several times.

25          JUDGE LUNGSTRUM:  Mr. Stueve, I guess -- I

 1    guess I would rather -- I would rather deal with this

 2    issue sooner rather than later.

 3              MR. STUEVE:  Okay.

 4              JUDGE LUNGSTRUM:  One way -- one way to deal

 5    with it would be to simply wait until the point where I

 6    say is it time to give a suggestion of remand and you

 7    say, no, and we argue about it then.

 8              MR. STUEVE:  Right.

 9              JUDGE LUNGSTRUM:  But this maybe is a better

10    time to do it.  So here's what we're going to do.  You

11    get five more pages each side.  Mr. Stueve, in

12    plaintiffs' submission, you may also then raise the

13    issue that you have just framed for us.

14              MR. STUEVE:  Okay.

15              JUDGE LUNGSTRUM:  Response due -- I will

16    move that back then from the 8th to the 15th for

17    Syngenta, which will be a reply on Syngenta's submission

18    and a response as to anything the plaintiffs are telling

19    us.  And then by the 22nd you'll have the opportunity,

20    plaintiffs, to reply as to that issue --

21              MR. STUEVE:  Okay.

22              JUDGE LUNGSTRUM:  -- which we'll call the

23    personal jurisdiction issue.

24              MR. STUEVE:  All right.

25              JUDGE LUNGSTRUM:  If you decide that you're

14-md-2591 In Re: Syngenta - 10.4.16

1  not going to raise that for some reason, so -- so

2  indicate expressly in your November 1st submission that

3  you've decided not to raise that so that we -- we can

4  know where we are and I might reinstitute the old

5  schedule.  But for now basically we're looking at a

6  total of 20 pages to be split however you like among the

7  four -- actually, the two submissions each side has and

8  they are to be divided as I indicated a moment ago.

9          MR. STUEVE:  Fair enough.  Thank you, Your

10  Honor.

11          JUDGE LUNGSTRUM:  All right.  Thank you.

12  That's helpful.

13     Now, in your status report the one issue that you

14  seem to have among yourselves was the question about

15  expert reports specific to non-producer claimed damages.

16  Mr. Naresh, let me hear from Syngenta on that issue.

17          MR. NARESH:  Sure.  Thank you, Your Honor.

18  Yes, our view is -- so we're progressing towards the

19  merits experts and damages experts on the schedule as

20  indicated.

21          JUDGE LUNGSTRUM:  Maybe better if you

22  came -- I was trying to help you guys.  I can't help

23  you.  Come on forward.

24          MR. NARESH:  Thank you, Your Honor.  We're

25  progressing towards the merits experts across cases.

 1    The one issue that has arisen is that specific to the

 2    non-producers, the two that are remaining in the MDL,

 3    Trans Coastal and Rail Transfer, our concern is that

 4    proceeding full speed ahead with the damages reports

 5    specific to those two non-producers is going to end up

 6    being inefficient for several reasons.

 7            One is those schedule -- those aren't scheduled

 8    for trial any time soon.  It's unclear even when they

 9    will get set for trial.  And our concern is that the

10    damages reports will become stale at a certain point,

11    particularly with respect to Trans Coastal whose damages

12    claim is related to their pending Chapter 11

13    proceedings.  The claims of creditors factor into their

14    damages theory.  And as that progresses, the damages

15    theory changes, as we understand it.

16            To that end, discovery of Trans Coastal with

17    respect to damages specifically is still ongoing, not on

18    the expert side but on the fact side.  We still have a

19    30(b)(6) -- I think it's our third 30(b)(6) on that

20    issue at the end of this month.  And so we'll be getting

21    their damages report under the current schedule before

22    we've even completed fact discovery on the damages

23    issue.

24            And -- and so our view is there's no prejudice to

25    -- to any party by allowing both parties to focus on

1     what is proceeding imminently towards trial over the

2     course of the fall.  We understand there's -- both sides

3     will have a number of experts.  There are a fairly --

4     they are doable but tight windows for expert discovery,

5     and by adding two non-producers specific damages reports

6     into that mix when those will have to likely be redone

7     and trial isn't scheduled for quite -- quite some time

8     isn't really the most efficient way of dealing with it.

9            So what we would propose is for those two

10    specific reports, putting them on hold until through

11    this fall and then addressing the timing for those as

12    part of the pretrial proceedings in early 2017, which at

13    that point we might have a better picture of how the

14    non-producers fit into the mix from a trial scheduling

15    perspective.

16            JUDGE LUNGSTRUM:  Okay.  Thank you.  I

17    understand your position.

18            Now let me hear from the plaintiffs.  Mr. Chaney.

19            MR. CHANEY:  Yes, Your Honor.  I have been

20    tasked with the responsibility of maintaining

21    communication with the non-producer counsel and I have

22    been in touch with counsel for both Trans Coastal and

23    Rail Transfer, the two remaining bellwether

24    non-producers in these proceedings.

25            Both have been working diligently to meet the

1   October 10 deadline to have their damage expert reports

2   ready and I'm advised that they are optimistic that they

3   are -- will be able to comply with that and they're

4   looking forward to complying with it.

5               JUDGE LUNGSTRUM:  What about the issue of

6   the Chapter 11 that Mr. Naresh --

7               MR. CHANEY:  My understanding -- and counsel

8   for Trans Coastal is here if the court wishes to hear

9   more detail -- but my understanding is that the

10  Chapter 11 is not going to impact the trial of this

11  case, the development of the theories in any -- in any

12  manner.

13       My understanding, again subject to correction if

14  counsel needs to do so, is that this really is -- this

15  claim is the prime asset in the Trans Coastal bankruptcy

16  and there isn't anything that is going to happen in the

17  bankruptcy proceeding that will impact either the

18  disclosure of expert testimony, damages, preparation for

19  trial, or the eventual trial.  Yeah, I don't -- I think

20  that's a red herring issue from what -- from what

21  limited information I have.

22       So they -- both sides -- both Rail Transfer and

23  Trans Coastal want to get "the show on the road,"

24  diligently comply with their obligations, their expert

25  reports.  They are fearful that if there is a delay in

 1    their reports, then that's going to have a cascading

 2    effect in the delay of all the other pretrial procedures

 3    and deadlines and then ultimately would delay -- given

 4    that there's no *Lexecon* waiver, delay the eventual

 5    remand of their case to the courts that would be

 6    necessary to try the cases.

 7           They are desirous though of this court

 8    maintaining control of the proceedings to -- to rule on

 9    *Daubert*, summary judgment, and all those matters.

10           JUDGE LUNGSTRUM:  And let me make this

11    clear, because there -- I didn't want to suggest to the

12    contrary, but I feel the responsibility of the MDL

13    transferee judge is to resolve all of those pretrial

14    matters before remand.

15           Now I have in one situation, the opt-outs in the

16    *Urethane* case, remanded it with some motions *in limine*

17    type things that were already pending, which I felt the

18    trial judge really ought to be the one to come to grips

19    with and sort of help him or her kind of fit into the

20    case.

21           But I would certainly believe that it's my

22    responsibility to rule on all dispositive motions, all

23    expert motions, have it basically just ready to -- to

24    roll right out by --

25           MR. CHANEY:  Put the case in the can.

 1            JUDGE LUNGSTRUM:  Right.  So --

 2            MR. CHANEY:  But that is the position from

 3   Rail Transfer and from Trans Coastal as I understand it.

 4   If the court wishes -- as I said, if the court wishes to

 5   have more detail and Trans Coastal -- counsel for Trans

 6   Coastal is present today.

 7            JUDGE LUNGSTRUM:  Well, I'm not persuaded

 8   that there's any reason to change the schedule as it

 9   exists.  So to the extent that that's a formal request

10   by Syngenta, it's denied.  So we'll keep on the schedule

11   that we have.

12            MR. CHANEY:  Thank you, Your Honor.

13            JUDGE LUNGSTRUM:  All right.  Is there

14   anything then in Paragraph No. 7, matters which counsel

15   wish to bring to the court's attention?

16            MR. STUEVE:  None from the plaintiffs, Your

17   Honor.

18            MR. NARESH:  The only thing, Your Honor,

19   from Syngenta is on a -- kind of logistics issue.  As

20   Your Honor knows, we'll be doing a Minnesota related

21   conference after this.  And as Your Honor knows, there

22   are some trials that have been tentatively scheduled in

23   Minnesota at this point.  We would respect to the extent

24   possible -- we would request, to the extent possible, to

25   the extent we can avoid having overlapping actions --

 1    overlapping trials between the Minnesota action and the

 2    MDL action, that Your Honor consider that request.  We

 3    would like to avoid if possible the situation where we

 4    have witnesses that need to be in the same place at the

 5    same time.

 6                JUDGE LUNGSTRUM:  Obviously a couple things.

 7    First of all, I am very privileged to get to work with

 8    these Minnesota folks.  Judge Sipkins and Special Master

 9    Van de North have been absolutely wonderful to work with

10    and to coordinate with and I'm sure we can continue to

11    work together to prevent there being undue burdens on

12    the system, including counsel and witnesses.

13          As we move forward, however, as I suggest, given

14    non-waiver of *Lexecon* rights, it is almost inevitable

15    that there is going to be the likelihood of overlapping

16    trials down the line whether that's sooner or later.

17          And while I'll talk to Judge Sipkins about how we

18    can make this be the most -- you know, the kinder and

19    gentler scheduling as we can, I intend to have a trial

20    beginning June 5th.  And June 5th -- Judge Sipkins will

21    have a trial when he thinks it's appropriate.  But I --

22    we will do our best to avoid causing difficulties.  Even

23    if we are in overlapping trials, we will work to make

24    sure that the scheduling is facilitated by the parties.

25          I say this in not in any denigration either way

1   but there are armies of lawyers on both sides and we can

2   figure out ways to process this case going forward.  We

3   have the cream of the crop of counsel that are involved

4   in this case and you all can make it work.

5        And the one thing that I'm determined is not

6   going to happen is that this bogs down, that we don't

7   keep moving forward.  That's why I'm committed to moving

8   the bellwether process on the parallel track with the

9   class process just as I said I would from the original

10  time we were together.

11       It's just it makes sense to me that the class

12  trial will go first, but that's just -- that's just sort

13  of my thought about it.  But the bellwether process

14  should be moving too.  And we will work to do our best,

15  as I say, to prevent there from being difficulties.

16  But, you know, before it's all over, there may be

17  difficulties.

18            MR. STUEVE:  Your Honor, there -- in our

19  status report, we did propose some changes to the

20  scheduling order.

21            JUDGE LUNGSTRUM:  Yes and those -- and those

22  were not -- they were in agreement on both sides and

23  thank you for calling it to my attention to, on the

24  record today, indicate I am going to grant those in the

25  order that is part of this particular process.  I

1   intended to do that.  I just overlooked talking about

2   it.  But thank you, because I think it's better that I

3   did.  So I appreciate that.

4        Anything else that we ought to talk about here

5   today?  All right.  Then I'm not going to schedule any

6   follow-up meetings now.  We'll wait and see what the

7   briefing on these issues presents me and it may well be

8   that we'll get together to talk about those; it may be

9   that we won't.  But once I decide that issue -- whether

10  we ought to talk about them before I decide them.  And

11  once if I decide them, then we'll probably get together

12  to talk about what I decided.  But one way or another I

13  suspect something in early December will be a time for

14  us to get together again.  And so keep that first week

15  of December a little bit loose and we'll see where we

16  go.

17       All right.  If there's nothing further, thank you

18  all for your appearances and we are in recess.

19            (Proceedings adjourned.)

20

21

22

23

24

25

1                        CERTIFICATE

2        I certify that the foregoing is a correct

3    transcript from the record of proceedings in the

4    above-entitled matter.

5        DATE October 4, 2016

6
                     /s/Kimberly R. Greiner
7                    KIMBERLY R. GREINER, CSR, RMR, CRR
                     United States Court Reporter
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25