IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| *IN RE SYNGENTA AG MIR 162 CORN LITIGATION*<br><br>THIS DOCUMENT RELATES TO:<br><br>　　ALL CASES | Master File No. 2:14-MD-02591-JWL-JPO<br><br>MDL No. 2591 |

**SYNGENTA'S OBJECTION TO INCLUSION OF NATIONWIDE
CLASS ACTION LANHAM ACT CLAIM IN PROPOSED KANSAS TRIAL**

Syngenta respectfully objects to Plaintiffs' proposal to combine the trial of a nationwide class suing under the Lanham Act with the claims of a Kansas class suing under Kansas law. Plaintiffs' proposal would violate Syngenta's rights under *Lexecon, Inc. v. Millberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), ignore the absence of personal jurisdiction over the claims of non-Kansas class representatives, and impose unfair prejudice on Syngenta as explained below.

Syngenta's opposition to class certification emphasized that Plaintiffs had not satisfied their burden of establishing manageability—for example, by proposing a trial plan for how this case would actually be tried if a class is certified. *See* Opp'n to Class Cert., Dkt. 2335 at 114-15. There is no question that Plaintiffs had the burden of proving manageability under Rule 23. *See Vallario v. Vandehey*, 554 F.3d 1259, 1267 (10th Cir. 2009). The Court specifically asked Plaintiffs how their Lanham Act claim would be tried on behalf of a nationwide class. Class Cert. Hr'g Tr. at 141:11-21. Plaintiffs explained that their plan was to try the nationwide class claim eight different times—once in each of eight different trials on behalf of eight state-by-state classes if they prevailed in their motion for class certification. *See id.* at 141:22 - 42:5. The Court rightly rejected that proposal, *see* Mem. & Order, Dkt. 2547 at 30 n.13, and has now

ordered that Syngenta explain why the Lanham Act claim brought by a nationwide class should not be tried in the District of Kansas along with the claims brought by the Kansas class. *See* Order, Dkt. 2563 at 2. While it is Plaintiffs' ongoing burden to show how the manageability requirement can be met—and not Syngenta's burden to disprove any element of Rule 23— Plaintiffs' current proposal should be rejected.

The nationwide Lanham Act class claim cannot be tried with the Kansas class claims in Kansas without violating Syngenta's rights under *Lexecon* and imposing undue prejudice on Syngenta. *First*, *Lexecon* precludes trying the nationwide class claim in Kansas because the cases originally filed by non-Kansas class representatives in different transferor courts must be remanded to their courts of origin for trial. *Second*, as this Court has already recognized, it does not have personal jurisdiction over the claims of non-Kansas plaintiffs, which includes the claims of the 56 representatives of the nationwide class who do not reside in Kansas. *Third*, trying the nationwide Lanham Act claim before the same jury as the state-law negligence claim would improperly prejudice Syngenta by placing before the jury evidence of alleged "misrepresentations" that may be relevant to the Lanham Act claim, but that is wholly irrelevant to Plaintiffs' simple negligence claim under Kansas law.

*First*, the nationwide Lanham Act claim cannot be tried in Kansas without violating Syngenta's *Lexecon* rights. Under *Lexecon*, individual cases in an MDL "must be returned to the originating district for a decision on the merits once pretrial proceedings have been completed." *In re Urethane Antitrust Litig.*, No. 04-md-1616-JWL, 2006 WL 2709847, at *2 (D. Kan. Sept. 20, 2006) (Lungstrum, J.) (citing *Lexecon, Inc. v. Millberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998)); *see also* Order Concerning Timing For *Lexecon* Waivers, Dkt. 1232 at 2 (pursuant to *Lexecon*, "this Court's practice has been to conduct pretrial conferences and issue

2

pretrial orders before cases are remanded to the transferor courts"). Indeed, the Court has made clear from the beginning of this MDL that each case, including those asserting class claims, remains its own action and is not consolidated for purposes of trial. *See* Order Relating To Consolidated Pleadings, Dkt. 287 at 1; *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 (2015) ("Cases consolidated for MDL pretrial proceedings ordinarily retain their separate identities . . . ."). Each class representative must try his case in his or her federal court of origin following remand from this MDL. *See, e.g.*, *In re Gen. Instrument Corp.*, No. 96 C 1129, 1999 WL 515485, at *4 (N.D. Ill. June 18, 1999) ("[U]nder *Lexecon*, the class and derivative actions originally filed in the Eastern District of Pennsylvania will eventually be tried in Philadelphia.").

Syngenta's *Lexecon* rights preclude trying the nationwide Lanham Act claim in this District given the way that Plaintiffs chose to package and present that claim. Plaintiffs chose to put forward a combination of putative class representatives who originally filed suit in states other than Kansas (including states that were not part of the bellwether process). And this Court certified the nationwide class with all of those individuals as class representatives. *See* Third Am. Class Action Master Compl. ("Compl."), Dkt. 2531 ¶¶ 4-10; Mem. & Order, Dkt. 2547 at 30-33. All of these individuals—both Kansas and non-Kansas—serve as class representatives for the nationwide class and must be part of a nationwide class trial. *See* Compl., Dkt. 2531 ¶ 367. Under *Lexecon*, however, the class representatives who originally filed in other courts cannot have their claims tried in Kansas; instead, their cases must be remanded to their courts of origin for trial. *See Lexecon*, 523 U.S. at 28 (holding that 28 U.S.C. § 1407(a) "imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings'"). Plaintiffs themselves recognized this inherent problem, yet the only solution they proposed was to try the same nationwide class claim multiple times in multiple

3

states. This Court properly rejected that nonsensical approach, and it is incumbent on Plaintiffs to resolve it—not Syngenta's burden to show why its *Lexecon* rights should be ignored. *See* Mem. & Order, Dkt. 2547 at 30 n.13 ("The Court thus rejects plaintiffs' suggestion that the class claims under the Lanham Act would be tried eight times, at each statewide class trial."). To date, Plaintiffs have not identified any other legitimate option for a nationwide Lanham Act trial in Kansas.[1]

*Second*, the nationwide class claim cannot be tried in Kansas because the requirements for personal jurisdiction cannot be satisfied in this Court for the claims brought by class representatives who reside outside of Kansas. For class representatives to maintain a class action, the "named plaintiffs' claims must satisfy the requirements for personal jurisdiction." *Williams v. FirstPlus Home Loan Trust 1996-2*, 209 F.R.D. 404, 412 (W.D. Tenn. 2002); *see Rexam Inc. v. United Steel Workers of Am., AFL-CIO-CLC*, No. 03-2998 ADM/AJB, 2005 WL 1260914, at *8 (D. Minn. May 25, 2005) ("Without personal jurisdiction over the class representative, the Court has no jurisdiction over the class."). This Court properly concluded that it lacks personal jurisdiction over Syngenta defendants as to the claims of non-Kansas plaintiffs. *See* Mem. & Order, Dkt. 2047 at 19 (ordering "that the claims of the non-Kansas plaintiffs in these cases be transferred" to their home districts). That limitation precludes trying the nationwide class claim in Kansas because 56 of the 66 nationwide class representatives are concededly non-Kansas residents and the Court lacks personal jurisdiction over Syngenta as to those named plaintiffs' claims. *See* Compl., Dkt. 2531 ¶¶ 14-29, 34-45, 47-68.

---

[1] Such a problem, of course, does not always arise under *Lexecon* and it is certainly possible to have nationwide class actions consistent with *Lexecon*, as long as the class has been properly structured. Here, however, the manner in which Plaintiffs have pled their nationwide claim—by cobbling together as class representatives individuals who had already filed lawsuits in varying jurisdictions *before* their cases were transferred to the MDL—prevents the nationwide class from being tried in Kansas under *Lexecon*.

4

*Third*, trying the claims of the Kansas state law class under Kansas law at the same time as the claim of the nationwide class under the Lanham Act would unduly prejudice Syngenta because Plaintiffs would introduce irrelevant and prejudicial evidence of alleged "misrepresentations" in connection with their Lanham Act claim that has nothing to do with Plaintiffs' claims under Kansas law as explained below.

Courts in this Circuit and elsewhere routinely order separate trials when a concern exists that evidence related to one claim may improperly sway the jury on a separate claim. *See, e.g.*, *McKeen v. USAA Cas. Ins. Co.*, No. 2:14cv-396-DN-PMW, 2016 WL 4256948, at *6 (D. Utah Aug. 11, 2016); *Aragon v. Allstate Ins. Co.*, No. CV 16-069 WPL/SCY, 2016 WL 2742615, at *5 (D.N.M. May 10, 2016); *Trinidad v. Moore*, No. 2:15-cv-323-WHA, 2016 WL 4974953, at *3 (M.D. Ala. Sept. 16, 2016). In *Trinidad*, for example, the plaintiff sued a driver and his employer under theories of negligence and negligent entrustment. 2016 WL 4974953, at *2. The court ordered separate trials for these claims because "evidence of [the driver's] prior driving record, which is not relevant for the jury to consider on the issue of [the driver's] alleged negligent operation of the vehicle, will be prejudicial to the Defendants if considered for an improper purpose." *Id.*; *see also Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1435-36 (10th Cir. 1993) (affirming district court's decision to bifurcate breach of contract claim from bad faith tort claim "citing the need to avoid potential prejudice" to the defendant). As these and other cases necessarily recognize, limiting instructions do not cure this concern.

The same principles apply with particular force here. Plaintiffs' theory of liability under the Lanham Act is that Syngenta made "false or misleading descriptions of fact, and/or false or misleading representations of fact." Compl., Dkt. 2531 ¶ 383. The Court has held, however, that in the causes of action based on state common law, "[P]laintiffs by these complaints have not

5

asserted any claim for negligent misrepresentation." *See* Mem. & Order, Dkt. 2426 at 20. Plaintiffs' simple negligence claim cannot assert any theory of misrepresentation because their negligence cause of action "states the legal standard for a claim of negligence, not negligent misrepresentation." *Perry v. Schumacher Grp. of La.*, No. 2:13-cv-36-FtM-29DNF, 2014 WL 988751, at *5 (M.D. Fla. Mar. 13, 2014). Thus, aside from Plaintiffs' Lanham Act claim, "there is no basis for Syngenta's liability based on false representations or omissions of fact in communications with plaintiffs." Mem. & Order, Dkt. 2426 at 20 & n.9.

Accordingly, any evidence of alleged "misrepresentations" is at best relevant only to the Lanham Act claim. Specifically, the "Plant with Confidence Fact Sheet" and the "Chuck Lee letter"—the only two allegedly false statements remaining in the case, *see* Mem. & Order, Dkt. 1016 at 81-87—have no relevance to either of Plaintiffs' negligence theories: that "Syngenta was negligent in commercializing Viptera without approval from China" or that "Syngenta was negligent in commercializing Viptera without adequate safeguards," Mem. & Order, Dkt. 2426 at 20. The Lanham Act and negligence claims should therefore be tried separately so that Syngenta is not prejudiced by having the jury swayed by irrelevant evidence related to alleged misrepresentations that relate solely to the Lanham Act claims. *See, e.g.*, *City of New Orleans v. AMBAC Assurance Corp.*, No. CIV.A. 08-3949, 2014 WL 7140056, at *4 (E.D. La. Dec. 12, 2014) (prohibiting evidence of misrepresentations that were unrelated to fraud and breach of contract claims); *see also Trinidad*, 2016 WL 4974953, at *3. Allowing such evidence to be heard by the jury would impose undue prejudice on Syngenta—and further compounds the problems with Plaintiffs' effort to bootstrap a nationwide class trial into a Kansas state class trial.

Dated:  October 18, 2016	Respectfully submitted,

*/s/ Thomas P. Schult*
Thomas P. Schult (tschult@berkowitzoliver.com)
Jennifer B. Wieland (jwieland@berkowitzoliver.com)
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:    (816) 561-7007
Facsimile:     (816) 561-1888

*Liaison Counsel for Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Seeds, Inc. (now Syngenta Seeds, LLC), and Syngenta Biotechnology, Inc.*

Michael D. Jones (mjones@kirkland.com)
Edwin John U (edwin.u@kirkland.com)
Patrick F. Philbin (patrick.philbin@kirkland.com)
Bridget K. O'Connor (bridget.oconnor@kirkland.com)
Ragan Naresh (ragan.naresh@kirkland.com)
Patrick Haney (patrick.haney@kirkland.com)
**KIRKLAND & ELLIS LLP**
655 15th Street N.W., Suite 1200
Washington, D.C. 20005
Telephone:    (202) 879-5000
Facsimile:     (202) 879-5200

*Lead Counsel for Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Seeds, Inc. (now Syngenta Seeds, LLC), and Syngenta Biotechnology, Inc.*

**CERTIFICATE OF SERVICE**

       I certify that on October 18, 2016, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ Thomas P. Schult*
Thomas P. Schult