IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE SYNGENTA AG MIR 162 | ) | |
| CORN LITIGATION, | ) | MDL No: 2591 |
| | ) | |
| (This Document Relates to All Cases) | ) | Case No. 14-md-2591-JWL |
| _____ | ) | |

## DISCOVERY ORDER

The parties have filed a joint motion (ECF doc. 2617) asking the court to decide whether Randall Giroux,[1] an employee of Cargill, Inc., should sit for a third deposition now that plaintiffs have designated him a non-retained expert under Fed. R. Civ. P. 26(a)(2)(C). On October 26, 2016, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephone conference on the motion, at which the parties supplemented their letter briefs with oral arguments. Two attorneys representing Cargill actively participated in the hearing as well. As discussed below, the court grants Syngenta leave to question Mr. Giroux in a highly limited, expert deposition.

Mr. Giroux is a vice president of food safety, quality, and regulation at Cargill. He has been deposed twice in this case. During his first deposition, Mr. Giroux testified for more than twelve hours as a Fed. R. Civ. P. 30(b)(6) representative of Cargill, who at the

---

[1]The record is not clear on whether Mr. Giroux's first name is spelled "Randall" or "Randal"–both spellings are used by the parties.

time was still a defendant in this action.[2]  During his second deposition, Mr. Giroux testified as a fact witness in his individual capacity for more than eight hours.  After the conclusion of these depositions, plaintiffs designated Mr. Giroux as an expert under Rule 26(a)(2)(C). Syngenta then asked plaintiffs to produce Mr. Giroux for a third deposition, this time in his capacity as an expert.  Plaintiffs oppose a third deposition, arguing that it would be unreasonably cumulative.

Fed. R. Civ. P. 26(b)(4)(A) permits a party to "depose any person who has been identified as an expert whose opinions may be presented at trial."  Plaintiffs recognize this rule, but counter that under Fed. R. Civ. P. 26(b)(2)(C), "the court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Plaintiffs also note that under Fed. R. Civ. P. 30(a)(2)(A)(ii), Syngenta must obtain the court's leave to depose a person that "has already been deposed in the case."

Plaintiffs argue that another deposition of Mr. Giroux would be "unreasonably cumulative" because, as indicated in plaintiffs' Rule 26(a)(2)(C) disclosures, the entire subject matter on which Mr. Giroux is expected to testify has been covered in the previous two depositions.  In other words, plaintiffs have not designated Mr. Giroux to offer opinions

---

[2]The presiding U.S. District Judge, John W. Lungstrum, entered an order dismissing Cargill on August 17, 2016.  ECF doc. 2426.

on topics not previously discussed at his depositions.  Plaintiffs assert that Syngenta had "ample opportunity" to ask Mr. Giroux questions about these topics at the depositions, but chose not to do so, leaving more than seven hours of designated deposition time unused.

Syngenta responds that Mr. Giroux's previous testimony from the perspective of a fact witness, and especially from the perspective of a Rule 30(b)(6) corporate representative expressing Cargill's views (which are not necessarily his own), is meaningfully different than his testimony will be from the perspective of an expert witness.  Syngenta states that it would like to question Mr. Giroux about "the bases of his recently disclosed 'expert' opinions and whether [he] really is qualified to offer the opinions for which he is being proffered."[3]  Thus, Syngenta asserts, the testimony will not be cumulative or duplicative.

Both plaintiffs and Syngenta cite cases supporting their positions, and there is no doubt that this caselaw, along with the Federal Rules, could justify a result in favor of either side.  But given the stakes at issue in this multidistrict litigation and the unique issue that is presented, the undersigned finds discretion weighs in favor of permitting a limited follow-up deposition of Mr. Giroux.  The court grants Syngenta leave to question Mr. Giroux in a targeted deposition focused on his qualifications and the bases of his opinions on the topics identified.  The deposition shall be limited to 3.5 hours, with Syngenta allocated 2 hours for direct and re-direct examination, and plaintiffs allocated 1 hour for cross examination.

IT IS SO ORDERED.

---

[3]ECF doc. 2617-4 at 4.

Dated October 26, 2016, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge