```
 1                    UNITED STATES DISTRICT COURT
                         DISTRICT OF KANSAS
 2

 3   In Re:

 4   Syngenta AG MIR 162            Case No. 14-md-2591-JWL-JPO
     Corn Litigation
 5

 6                                  Kansas City, Kansas
                                    Date:  11/10/2016
 7   .........................

 8

 9           TRANSCRIPT OF MOTION FOR ORDER DECISION
                           BEFORE
10         HONORABLE JOHN W. LUNGSTRUM, SENIOR JUDGE

11
     APPEARING TELEPHONICALLY FOR THE PLAINTIFFS:
12
     Don M. Downing                  Patrick J. Stueve
13   Gray, Ritter & Graham, P.C.     Stueve Siegel
     701 Market Street                 Hanson, LLP
14   Suite 800                       460 Nichols Road
     St. Louis, MO 63101             Suite 200
15                                   Kansas City, MO 64112

16   APPEARING TELEPHONICALLY FOR THE SYNGENTA DEFENDANTS:

17   Bridget K. O'Connor
     Kirkland & Ellis
18   655 Fifteenth Street, N.W.
     Washington, D.C. 20005
19

20

21

22

23

24

25
```

1               (Court called to order.)
2               THE COURT: Good morning. This is
3    Judge Lungstrum and we're here today in Case
4    No. 14-MD-2591, *In Re: Syngenta AG MIR 162, Corn*
5    *Litigation,* and we're specifically here in connection
6    with Document No. 263, the motion for order which was a
7    joint submission in response to Judge O'Hara's October
8    31, 2016 order.
9          Would the parties please state their appearances
10   beginning with plaintiffs' co-lead counsel.
11              MR. DOWNING: Don Downing, Your Honor. Good
12   morning.
13              THE COURT: Good morning.
14              MR. STUEVE: Good morning. Pat Stueve, Your
15   Honor.
16              THE COURT: Good morning. Any other
17   appearances on your side? All right. Then for
18   Syngenta.
19              MS. O'CONNOR: Good morning, this is Bridget
20   O'Connor with Kirkland & Ellis on behalf of Syngenta.
21              THE COURT: All right. Thank you. Welcome.
22   Any other appearances?
23              MR. SCHULT: Tom Schult and Jennifer Wieland
24   for Syngenta.
25              THE COURT: All right. Welcome to all

1  concerned. I appreciate your availability on such short
2  notice. I wanted to explain to you my ruling on this as
3  opposed to simply writing something and putting it in
4  the -- in the ordinary course of business in an order,
5  although I will formalize this with some kind of text
6  entry or order or something.
7          But here's my view on this: I'm denying the
8  request to add class representatives to any individual
9  bellwether trials in the event that class action trials
10 cannot proceed either because the Circuit stays the
11 action here or the Circuit reverses the class action
12 determination.
13         That would -- that would alter the mix the
14 parties and the court agreed upon from the outset to
15 have individual and class processing on separate but
16 parallel tracks. Maybe we could approach this
17 differently and thought about including bellwether -- in
18 bellwether selections class representatives and so
19 forth, but we didn't do that, and I don't think it's
20 right to sort of change that aspect of the process.
21          But the reason I wanted to explain myself to you
22 a little bit more is to let you know what I really think
23 I envision happening here as we go forward. In the
24 event that class treatment is not available for one
25 reason or another, and assuming Syngenta continues to

1  stand on its *Lexecon* rights, which it's certainly
2  entitled to do, then I would intend to try Kansas
3  plaintiffs individual cases without regard to how the
4  bellwether process is operating in other jurisdictions.
5         In other words, at the conclusion of the
6  dispositive motion process this spring, by then we'll
7  certainly know whether the class -- I assume, whether
8  the class cases are going to be able to go forward or
9  not, including the Kansas class case in June.  But, in
10 any event, at that point I intend to remand at least the
11 bellwethers and at least the class cases if we can have
12 the class cases.
13        But I feel the obligation, given the fact that
14 time moves rather slowly here, to address the cases that
15 are in my control, that is over which I would have
16 jurisdiction and proper venue to try.  And although the
17 bellwether process is all well and good, I want to give
18 trials to those people who want to have trials in the
19 District of Kansas beginning next fall.
20        So if the class -- now if the class certification
21 stands and if we have the class trial in June, that's a
22 different matter.  I won't need to do that.  But if for
23 whatever reason we can't go forward with the Kansas
24 class trial in June, then I intend to start trying
25 Kansas individual cases come next fall.

1           So what the parties need to do now is to meet and
2    confer on a schedule that would facilitate the trial of
3    Kansas cases beginning in the Fall of 2017.  And I'm
4    directing you to submit a -- a joint proposal to the
5    court no later than November 23rd.  And, in fact, let me
6    put it -- November 23rd is the Wednesday before
7    Thanksgiving.  Let me make it November 22nd so then I'll
8    have the 23rd to take a look at it before Thanksgiving
9    because I'd like to sort of see where we are.
10          In that connection, I'd like to have you take a
11   look at the Kansas cases that have been filed in Kansas.
12   There are some of them that may have issues that make
13   them different from others, particularly issues about
14   the appropriateness of the parties, but the clean Kansas
15   cases in any event, ones that clearly could go forward
16   here, ought to be able to be identified.  And I'd like
17   to get your ideas about a schedule for producing
18   information from the plaintiffs in those cases that
19   would permit those cases to go forward.
20          So are there any questions about what my
21   intentions are?  Counsel?
22               MR. DOWNING:  Your Honor, this is Don
23   Downing.  The only question I have -- I appreciate your
24   explaining your thoughts to us.  I think that helps both
25   sides.  The only question I have if -- if there is no

1  class trial in June and you proceed as you indicated
2  with -- with individual trials beginning in the fall
3  after the initial bellwether trial --
4              THE COURT:  Right.
5              MR. DOWNING:  -- Kansas plaintiff, would the
6  court entertain having -- I guess I have two questions.
7       One is would the court entertain that one or more
8  of the class representatives from Kansas in the class
9  complaint, the master class complaint, be allowed to be
10 considered for those individual trials in the fall?
11      My second question is would you consider having
12 more than one plaintiff per trial?
13             THE COURT:  Let me answer those two things
14 this way.  I would certainly be willing to entertain
15 both of those.  It seems to me the class representatives
16 filed lawsuits, and although they sought class
17 treatment, I assume they made claims in those cases.
18 And if they're denied class treatment, they, like any
19 other plaintiff who's been denied class treatment, is
20 entitled to pursue their individual case.
21      So my thinking is, without hearing any thoughts
22 to the contrary, is that if class treatment's not
23 available, then certainly the class representatives
24 would be very logical places maybe to start with a trial
25 in the -- in the fall after we move past that bellwether

1  trial in June.
2         The second about grouping plaintiffs or having
3  more than one plaintiff in a case, I would need -- I'm
4  -- would need to hear more argument on both sides.  I --
5  there's good and bad out of all of that.  I'd be happy
6  to entertain the parties' thoughts, but I'm not
7  prepared, as I sit here today, to commit myself either
8  way on that point.
9              MR. DOWNING:  And we -- that's something you
10 would like us to meet and confer about I assume?
11             THE COURT:  Yes.  That could certainly be
12 part of this process and then I would know if there's
13 disagreement between the sides on that.  Then I would
14 know that that's an issue I would need to figure out how
15 to get resolved and straightened out sooner rather than
16 later.  But we are talking about events that are
17 10 months off in terms of a trial and so there's maybe
18 some time to figure out the mechanics if we need to.
19             MR. DOWNING:  Thank you, Your Honor.
20             THE COURT:  All right. Let me ask you,
21 Ms. O'Connor, first of all, any questions about what
22 I've indicated my -- first of all, my ruling is and what
23 my intentions are?
24             MS. O'CONNOR:  No, Your Honor.  I believe we
25 understand what you have given us today in terms of what

1  you're looking for and I think we can meet and confer on
2  that and get back to you with some proposals.
3          THE COURT: Okay.  Great.  That sounds good.
4  Anything else that anybody would like to address today
5  that -- nothing too earth-shattering because nobody
6  has -- the world doesn't have notice of it, I suppose,
7  but might be interested listening in, but anybody have
8  any housekeeping or other matters that we ought to talk
9  about as long as we're on the phone?  All right.  I hear
10 none.  Thank you again for your appearances and we are
11 now in recess.
12         (Proceedings adjourned.)
13
14
15                    CERTIFICATE
16    I certify that the foregoing is a correct
17 transcript from the record of proceedings in the
18 above-entitled matter.
19    DATE:  November 10, 2016
20
21         /s/Kimberly R. Greiner
            KIMBERLY R. GREINER, CSR, RMR, CRR
            United States Court Reporter
22
23
24
25