IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| IN RE: Syngenta AG MIR162<br>Corn Litigation<br><br>(This Document Relates to All Cases) | )<br>)<br>) MDL No: 2591<br>)<br>) Case No: 14-md-2591-JWL-JPO<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

On October 17, 2016, Co-lead counsel for Producer Plaintiffs filed their Motion for Approval of Class Notice (doc. 2598). Counsel for various putative class members timely filed objections (docs. 2642, 2645 and 2660) and Co-lead counsel replied. The defendants did not weigh in. The Court has carefully considered the submissions and the motion is granted in part, as set forth below.

Subsequent to the filings which were made, the court's Special Master for Settlement engaged in discussions with those counsel who made the filings in order to attempt to arrive at some agreement resolving the objections to the proposed form of notice. On November 22, 2016, the court was provided a form of notice agreed to by most of the counsel involved. That form of notice purported to resolve the issues among counsel who agreed to it, including removing certain language and compromising on the conflicting suggestions for the time period for opting out of the class. With very few minor edits, the court adopts and

approves that form of notice, which is attached hereto as Exhibit A ("the Notice").  All other objections are overruled.

The Court finds that the Notice complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).  Moreover, the Court finds that the requirement, to which some objections were made, that the putative class members who wish to opt out of the class must personally sign a statement to that effect, either individually or on behalf of an affected entity, is permissible, indeed common place, in litigation of this kind, *see In re Oil Spill by the Oil Rig "Deepwater Horizon"*, 910 F. Supp. 2d 891, 945-46 (E.D. La. 2012), *aff'd*, 739 F.3d 790 (5th Cir. 2014)*,* and that it is prudent to include it in this case.   The record reflects strongly held disagreements between counsel for some putative class members and the court's appointed leadership counsel about how litigation against the Syngenta defendants should be handled.  Moreover, economic incentives exist for counsel who are not part of the leadership to procure opt outs in order to pursue a course in which those counsel might be better situated to earn a fee.  Much information has been disseminated to putative class members in an effort to influence their decisions, some of which is at least arguably inaccurate, which reflects those counsel's zeal.  To ensure that those who actually may possess a potential claim are in fact the decision makers, it is more than reasonable to require that they take the very minimal effort required to sign and mail an opt out.

The Court also grants that portion of the motion which seeks to appoint Analytics LLC as Administrator to supervise and administer the notice procedure.  The Administrator

shall compile a list of names and addresses of potential class members; ensure the distribution of the class notice via first class U.S. mail; create a website, which shall include a copy of the Notice and relevant pleadings and orders; and compile any timely requests to opt out, which Producer Plaintiffs Co-lead counsel shall promptly file after the deadline to opt out has expired.  The Court will include an item on its agenda for the December 2, 2016 status conference for any desired follow up discussion concerning implementation of the Notice and the role of the Administrator.

IT IS SO ORDERED.

Dated this 23rd day of November, 2016 at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT  JUDGE