```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF KANSAS


In Re:

Syngenta AG MIR 162              Case No. 14-md-2591-JWL-JPO
Corn Litigation

                                 Kansas City, Kansas
                                 Date:  12/16/2016
.........................

             TRANSCRIPT OF STATUS CONFERENCE

                         BEFORE

            HONORABLE JOHN W. LUNGSTRUM
      SENIOR UNITED STATES DISTRICT COURT JUDGE


APPEARING TELEPHONICALLY FOR THE PLAINTIFFS:

William B. Chaney               Don M. Downing
Gray Reed & McGraw              Gray, Ritter & Graham, P.C.
1601 Elm Street                 701 Market Street
Suite 4600                      Suite 800
Houston, TX 75201               St. Louis, MO 63101

Patrick J. Stueve               Scott A. Powell
Stueve Siegel                   Hare Wynn Newell & Newton
  Hanson, LLP                   2025 Third Avenue
460 Nichols Road                Suite 800
Suite 200                       Birmingham, AL 35203
Kansas City, MO 64112

APPEARING TELEPHONICALLY FOR SYNGENTA DEFENDANTS:

Ragan Naresh                    Thomas P. Schult
Kirkland & Ellis                Jennifer B. Wieland
655 15th Street, NW             Berkowitz Oliver Williams
Suite 1200                        Shaw & Eisenbrandt, LLP
Washington, D.C. 20005          2600 Grand Boulevard
                                Suite 1200
                                Kansas City, MO 64108
```

1               (Court called to order.)
2               THE COURT:  Hello, good morning.  This is
3    Judge Lungstrum and we're here today in Case
4    No. 14-MD-2591, *In re: Syngenta AG MIR 162, Corn*
5    *Litigation*.  We're conducting a status conference by
6    telephone today, so would the parties, please, state
7    their appearances beginning with plaintiffs' co-lead
8    counsel.
9               MR. CHANEY:  William Chaney, Your Honor, on
10   behalf of plaintiffs.
11              MR. POWELL:  Scott Powell, Your Honor, on
12   behalf of the plaintiffs.
13              MR. DOWNING:  Don Downing on behalf of
14   plaintiffs.
15              THE COURT:  Anybody else appearing for the
16   plaintiffs?  All right.  Then let's turn to Syngenta.
17              MR. NARESH:  Good morning, Your Honor.
18   Ragan Naresh, Kirkland & Ellis for Syngenta, and Tom
19   Schult and Jennifer Wieland on as well.
20              THE COURT:  Thank you for your appearances
21   this morning.  Let me first note I received and reviewed
22   the joint report that you submitted, Document No. 2746.
23   I appreciate your timely and thorough report and it
24   addressed the two issues which I asked you to address,
25   and as to both there were some areas of agreement.

1        First of all, with regard to the subject of who
2   should be class representatives for the nationwide
3   Lanham Act trial, the parties are agreement -- in
4   agreement with regard to a procedure there subject to
5   the defendants' preserving objections which they have
6   set out in the report.
7        Accordingly, the producer plaintiffs are ordered
8   to file their motion seeking to withdraw non-Kansas
9   class representatives.  The report says by December
10  17th, which is actually tomorrow.  I don't know whether
11  that was a typo or whatever, but I'm going to order by
12  December 19, which is Monday.  And if you file before
13  then, that's great.
14       Now --
15            MR. CHANEY:  Thank you, Your Honor.  I was
16  going to ask for that -- this is William Chaney.  I was
17  going to ask for that clarification because, in fact, it
18  was a mistake, and I conferred with Mr. Naresh this
19  morning to see if he would object to me seeking your
20  approval to move it to the 19th.
21            THE COURT:  Well, I hope you don't have any
22  objection to that, Mr. Naresh.
23            MR. NARESH:  I do not, no, Your Honor.
24            THE COURT:  Okay.  Well, good.  Okay, that's
25  what I had intended to order, assuming it was either a

1  typo or just didn't read the calendar the way -- the way
2  it actually exists I guess.
3        Now, the status report sets out that the parties
4  have agreed that that motion would be not only filed but
5  agree to the substance of it.  So if that's true, and
6  again subject to preserving the objections, I would just
7  grant that motion upon its filing without waiting any
8  time for a response.
9        Mr. Naresh, is that consistent with what you have
10 in mind?
11          MR. NARESH:  I think so.  We were just
12 discussing that if counsel share with us a copy of the
13 motion before it gets filed, and assuming no objection
14 to it, we would not need time --
15          THE COURT:  Here's what I would -- thank
16 you.  I think that's good.  Here's what I would ask.
17 Mr. Chaney, assuming that your discussions with
18 Mr. Naresh indicate that there is no objection, please
19 so state in your motion.  And if you do set that out in
20 the motion that way, I will grant it immediately.  If
21 there is some concern, just so indicate and I will set a
22 very short response date.  All right.
23          MR. CHANEY:  We shall do so, Your Honor.
24          THE COURT:  Thank you very much.
25       The next matter had to do with the place of trial

1  for other state class actions.  And in a footnote there,
2  kind of as a side issue in a sense, the plaintiffs seek
3  clarification of my December 2nd, 2016 rulings as they
4  pertain to a claim splitting or the re-examination
5  clause of the Seventh Amendment.  And as I said at that
6  time, I was not persuaded by the objections by the
7  defendants to inclusion of the nationwide Lanham Act
8  class with the trial of the Kansas class action claims,
9  and that included any objections based on claim
10 splitting or the Seventh Amendment re-examination
11 clause.
12       Now, I did discuss other objections in some
13 detail explaining why I overruled them, but I did not do
14 that with regard to claim splitting or the
15 re-examination clause because they were raised
16 conclusory at best and I didn't feel they needed any
17 addressing.  However, I did not then, nor do I now,
18 opine on claim splitting or re-examination clause
19 objections, if any are to be made in connection with
20 subsequent state class trials.  I agree with Syngenta
21 that it would be premature to do so.  If and when they
22 are raised in connection with the other state class
23 trials, I will address them then.
24       Now, as to the subsequent trials, and in
25 accordance with the agreement of the parties still

1  subject to the preservation of objections set out in
2  Document 2746, the parties are ordered to submit a joint
3  statement setting forth their agreement or disagreement
4  on where, when, and how the subsequent state class cases
5  should be tried, and that should be filed no later than
6  December 22nd, 2016.
7       To the extent the parties have areas of
8  disagreement, the joint filing shall include each side's
9  position in separate attachments not to exceed five
10 double-spaced pages per side.  Again, I think that
11 accords with the agreement of the parties as set out in
12 the report.
13      And finally, in that connection, and this is
14 something that just occurred to me and I don't know
15 where it leads to, but I want you to think about the
16 possibility and discuss the possibility of whether any
17 consolidated trials of the other state class actions
18 could occur to further Rule 1 objectives.  Again, I
19 haven't thought it through, but it seems to me it's at
20 least possible that certain state laws and claims under
21 those laws are so similar to one another that it
22 wouldn't be confusing to a jury, and there might be
23 other reasons that we might want to try two different
24 state class actions in the same trial.  I don't know.  I
25 guess I have not thought it through but I would like you

1  to think about it and report on that because, as I've
2  said numerous times, I am desirous to resolve this
3  matter as early as possible with as least expense as
4  possible and the least burden on the potential jurors
5  and the public.
6          So that's where that stands.  Any questions about
7  these matters?
8               MR. CHANEY:  Not from this side, Your Honor.
9               THE COURT:  Okay.  All right.
10              MR. NARESH:  No, Your Honor, not from
11 Syngenta either.
12              THE COURT:  Okay.  Is there anything else
13 that we ought to talk about this morning for the good of
14 the order?  Mr. Chaney?
15              MR. STUEVE:  Judge, this is Pat Stueve.
16 There -- someone did not have their phone on mute, and
17 so when you were describing what you wanted, I may be
18 the only one, but I was having a hard time hearing
19 everything that you said and I didn't want to interrupt
20 you, but there was a significant noise that kind of
21 blocked out some of what you said.
22              THE COURT:  Mr. Stueve, was that with regard
23 to the first item or the second item, the subsequent
24 trials being the second item?
25              MR. STUEVE:  Second item, yeah.

1              THE COURT:  Simply I followed your -- your
2    proposal, your joint proposal indicating you should make
3    a joint statement setting forth agreement or
4    disagreement about the where, when, and how the
5    subsequent state class cases should be tried and that
6    submission should be no later than December 22nd, 2016.
7    If there is disagreement, that joint filing must include
8    each side's position in an attachment -- separate
9    attachment for each side not to exceed five double-
10   spaced pages, which was again the parties' agreement.
11        And then I indicated that I was asking you to
12   consider whether any consolidated trials could occur of
13   subsequent state classes to further Rule 1 objectives.
14   I indicated I hadn't really thought that through
15   entirely but it occurred to me that there may be
16   submission similarity among state laws or other reasons
17   that might promote judicial economy and the purposes of
18   Rule 1 if we tried them together.  But that's for you
19   all to explore in your discussions.
20        Now does that -- do you understand now what I'm
21   directing?
22             MR. STUEVE:  Yes.  Thank you, Your Honor.
23             THE COURT:  Okay.  No problem.
24             MR. CHANEY:  Your Honor, this is William
25   Chaney, I do have one question in that regard.  Are we

1  firmly set that the June 2017 trial would only involve
2  the Kansas state class?  If -- in this analysis of
3  whether consolidation were proper, if Kansas -- if the
4  parties were to conclude the Kansas laws were
5  sufficiently similar to another bellwether class state's
6  laws, would the court consider that as a consolidated
7  trial or is that off the books for --
8              THE COURT:  Short answer --
9              MR. CHANEY:  -- purposes of the schedule?
10             THE COURT:  Short answer is, yes, I would
11 consider that.  You know, I -- as a practical matter,
12 the one thing I would note is we're set to begin on June
13 5th and I will be out of pocket beginning July 10th.
14 So -- and there's the 4th of July holiday in there.  So
15 it's a matter of what practically can be done within
16 really a four-week period.  And I -- I believe that the
17 Kansas class action and the nationwide Lanham Act class
18 can be tried in four weeks and I will hold you to that.
19 But if it -- we can do some more in that period of time,
20 that's great with me, too.
21             MR. CHANEY:  Okay.  Thank you, Your Honor.
22             THE COURT:  All right.  Any further
23 questions about where we are now or any other matters
24 that you think we ought to discuss today?  Mr. Naresh?
25             MR. NARESH:  No, Your Honor.  Nothing --

1  nothing from us.

2            THE COURT:  All right.  Well, then assuming
3  I don't visit with you again beforehand, please have a
4  good holidays and I'll check back with you after I've
5  gotten your submission that's due on December 22nd.

6        If there are matters to be resolved from that,
7  I'll probably do them by a status conference either
8  telephonically, or in person just so that we can
9  expedite ruling.  And if anything comes up in the
10 meantime, of course, Judge O'Hara and I are available to
11 help you through those problems.

12       So if there's nothing else then, we are now in
13 recess.  Thank you for your appearances.

14            (Proceedings adjourned.)

15

16                        CERTIFICATE

17      I certify that the foregoing is a correct
18 transcript from the record of proceedings in the
19 above-entitled matter.

20    DATE:  December 16, 2016

21
                /s/Kimberly R. Greiner
22              KIMBERLY R. GREINER, RMR, CRR, CRC, RDR
                United States Court Reporter
23

24

25