IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE SYNGENTA AG MIR 162 | ) | |
| CORN LITIGATION, | ) | MDL No: 2591 |
| | ) | |
| (This Document Relates to All Cases) | ) | Case No. 14-md-2591-JWL |
| _____ | ) | |

## DISCOVERY ORDER

Pursuant to a subpoena issued by plaintiffs, the parties intended to conduct the deposition of J. Thomas Carrato, an expert designated by Syngenta, on January 19, 2017.  On January 18, 2017, non-party Monsanto Company filed a motion to intervene in this case for the purpose of pursuing a protective order related to the deposition (ECF No. 2813). Monsanto's motion indicated that Mr. Carrato was employed by Monsanto as an in-house attorney from 1992 until 2014, and thereafter served as a consultant for Monsanto until 2016; in both capacities, Mr. Carrato had executed confidentiality agreements.  Monsanto expressed concern about the need to protect Monsanto's confidential and/or privileged information from disclosure by Mr. Carrato during the deposition.  At Monsanto's request,[1] the undersigned U.S. Magistrate Judge, James P. O'Hara, convened an "emergency" telephone hearing on January 19, 2017, to discuss Monsanto's motion.[2]  During the hearing, Patrick J. Stueve argued for the MDL plaintiffs, Rick Paul argued for plaintiffs in the

---

[1]ECF No. 2814.

[2]*See* ECF Nos. 2817 & 2818.

coordinated Minnesota action, Edwin J. U argued for Syngenta, and Christopher M. Horn argued for Monsanto (various other attorneys also noted their appearance on the call).  As discussed in detail on the record, the court made the following rulings:

1.    Monsanto's motion is granted to the extent Monsanto seeks leave to intervene for the limited purpose of protecting its interests related to the Carrato deposition.  When asked by the court, no party objected to intervention for this limited purpose.

2.    Monsanto's motion is granted in part and denied in part to the extent Monsanto seeks the entry of a protective order.  Counsel for Monsanto is granted permission to attend the deposition of Mr. Carrato and to make objections and/or advise Mr. Carrato not to answer certain questions based on Monsanto's assertions of confidentiality or privilege.  Monsanto's implied request to completely exclude Mr. Carrato as a witness in this case is denied without prejudice to refiling.

3.    The deposition of Mr. Carrato will go forward on Saturday, January 28, 2017, in Kansas City, Missouri,[3] at 12:00 noon and will continue on January 29, 2017, if necessary. The undersigned will preside over the deposition.  Should Monsanto object to certain testimony by Mr. Carrato as potentially revealing Monsanto's confidential and/or privileged information, the parties and Monsanto have agreed to a process whereby the undersigned will hear testimony *in camera* from Monsanto's corporate representative(s) (who are given leave to attend the deposition) addressing the nature of the Monsanto information at issue.

---

[3]Plaintiffs shall file a notice listing the exact location once it is determined.

Following the *in camera* audience, the parties will be given an opportunity to provide the court additional information that they believe to be inconsistent with the objection and instruction not to answer.  Based on caselaw in this district interpreting the attorney-client privilege and work-product doctrine (which Monsanto's counsel is instructed to review), the undersigned expects Monsanto's objections to be highly selective and few in number. Regardless, to account for the time such a process will add to the deposition, the court will extend the time limit for the deposition by a minimum of three hours and will allow adequate time for the MDL plaintiffs and Minnesota plaintiffs to examine Mr. Carrato, for Syngenta to cross-examine Mr. Carrato, and for plaintiffs to conduct re-direct examination.

4.      By 8:00 p.m. on January 19, 2017, Syngenta is ordered to produce an unredacted copy of Mr. Carrato's expert report to Monsanto's outside counsel.  The unredacted copy shall be subject to the protective order entered in this MDL (ECF No. 294) and shall be designated "Highly Confidential – Outside Counsel's Eyes Only."  In addition, by the same time, Syngenta shall produce a redacted copy of Mr. Carrato's report—with information designated by either Syngenta or plaintiffs as "confidential" or "highly confidential" redacted—which may be viewed by Monsanto's in-house counsel.

5.      The current deadlines for the close of expert discovery and the filing of *Daubert* and dispositive motions remain unchanged.

IT IS SO ORDERED.

Dated January 19, 2017, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge