IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE SYNGENTA AG MIR 162 | ) | |
| CORN LITIGATION, | ) | MDL No: 2591 |
| | ) | |
| This Document Relates to: | ) | Case No. 14-md-2591-JWL |
| The Nationwide and Kansas Class Actions | ) | |
| _____ | ) | |

## DISCOVERY ORDER

Plaintiffs have filed a motion to amend the scheduling order to permit an expert report in rebuttal to the report of one of Syngenta's designated experts on damages, Dr. Barry Goodwin (ECF No. 2856). Dr. Goodwin's report discussed the results of a damages model that no other expert in this case had used. Plaintiffs assert they could not have anticipated use of such a model when the court entered the scheduling order prohibiting rebuttal expert reports, and seek to provide a rebuttal report critical of the use and application of the model. Because plaintiffs have not demonstrated good cause to modify the scheduling order, the motion is denied.

In this multidistrict litigation, which was coordinated for discovery purposes with related actions pending in state and federal courts,[1] the court solicited input from all parties regarding the nature and structure of both fact and expert discovery.[2] After carefully

_____

[1]*See* Coordination Order, ECF No. 1099.

[2]ECF No. 1078.

considering the parties' written submissions and oral arguments,[3] the court set out a clear expert discovery plan in Scheduling Order No. 2,which included the following provision:

> Merits Experts.  Limited to the cases approved by the court for the bellwether trial pool, plaintiffs must serve their merits (non-class-related) expert reports and reliance materials, with regard to both liability and damages issues, by September 9, 2016.  The parties must complete discovery of plaintiffs' merits experts by October 10, 2016.  Syngenta must serve its merits experts and reliance materials by November 4, 2016.  The parties must complete discovery of Syngenta's merits experts by November 23, 2016.  *No further expert disclosures will be allowed.*[4]

Plaintiffs' motion seeks to amend this provision of Scheduling Order No. 2 to allow one of plaintiffs' damages experts, Dr. Colin Carter, to submit a rebuttal report addressing Dr. Goodwin's use and application of a so-called "vector error correction model" (or "VECM").

Motions to modify scheduling orders are governed by Fed. R. Civ. P. 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent."  This good-cause standard does not focus on the "bad faith" of the movant, nor the "lack of prejudice" to the opposing party.[5]  "Rather, it focuses on the diligence of the party seeking to modify the scheduling order."[6]  Ultimately, whether to modify the scheduling

---

[3]*See* ECF Nos. 1084 & 1096.

[4]ECF No. 1098 at 11 (emphasis added).  The specific date deadlines were extended in Scheduling Order No. 3, ECF No. 2368, at 2.

[5]*Manuel v. Wichita Hotel Partners, LLC*, No. 09-1244-WEB-KGG, 2010 WL 3861278, at *2 (D. Kan. Sept. 20, 2010).

[6]*Id.* (quoting *Grieg v. Botros*, No. 08–1181–EFM–KGG, 2010 WL 3270102, at *3 (D. Kan. Aug. 12, 2010)).

order lies within the court's sound discretion.[7]

Plaintiffs argue there is good cause to modify the scheduling order because Dr. Goodwin's expert report, after criticizing the reports of plaintiffs' damages experts, set forth a new type of damages model not used by plaintiffs' experts.[8]  The court disagrees that this occurrence demonstrates good cause to allow a rebuttal expert report.   Plaintiffs have cited no case, and the court is aware of none, in which an expert's use of a specific economic model was the basis for amending a scheduling order to permit a rebuttal expert report. Although Dr. Goodwin used a new model to analyze the information in this case, plaintiffs do not suggest Dr. Goodwin's report went beyond the *topics* addressed by plaintiffs' experts. Nor do plaintiffs assert that Dr. Goodwin's report identified or analyzed  new evidence that plaintiffs' damages experts could not have considered under the discovery structure set in the scheduling order.[9]   When a party seeks to present a supplemental report of its expert "in response to [an opposing expert's] analysis, rather than in response to new information or discovery of a technical miscalculation," it should not be permitted.[10]

---

[7]*Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

[8]ECF No. 2856 at 2.

[9]This distinguishes the instant situation from those in cases cited by plaintiffs. *Compare, e.g, AKH Co. v. Universal Underwriters Ins. Co.,* No. 13-2003-JAR-KGG, 2016 WL 6071796, at *5 (D. Kan. Oct. 17, 2016) (finding good cause to modify scheduling order to add an expert where missing documents were discovered after the deadline for naming experts had passed).

[10]*Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *4 (D. Kan. Apr. 30, 2013).  Although in the instant case plaintiffs label Dr. Carter's additional expert

The June 5, 2017 trial setting in this complex case is fast approaching, with summary judgment and *Daubert* motions having already been filed.  Granting plaintiffs' motion would disrupt the pre-trial process that has been in place for over fifteen months.  Plaintiffs have not demonstrated the good cause necessary to warrant straying from the court's carefully constructed discovery plan designed to put the parties on equal footing.[11]  Under the status quo, plaintiffs will have the opportunity to cross-examine Dr. Goodwin on his use of VECM and prepare their case accordingly.

Finally, it should be noted that by this order, the undersigned U.S. Magistrate Judge is only deciding the request raised in plaintiffs' motion, i.e., to permit a rebuttal report by Dr. Carter to Dr. Goodwin's report.  This order does not address the appropriateness of Dr. Carter's declaration filed in support of plaintiffs' *Daubert* motion directed at Goodwin (ECF Nos. 2886 & 2887-2), nor whether Dr. Carter will be permitted at trial to give testimony critical of Dr. Goodwin's VECM analysis.[12]  These related issues are more appropriately addressed, if and when presented, by the U.S. District Judge presiding over the trial, the

report a "rebuttal," rather than "supplemental," report, the essence of the proposed additional report is the same as the proposed report in *Sibley*.

[11]*See Nat'l Credit Union Admin. Bd. v. UBS Securities, LLC*, Nos. 12-2591-JWL, 12-2648-JWL, 2016 WL 3686300, at * 1–2 (D. Kan. Feb. 25, 2016) (denying motion to modify coordinated discovery plan to allow party with burden of proof to produce expert reports after those of opposing party's experts, even though moving party asserted that the proposed report would necessarily rely on information in the opposing expert's report).

[12]*See Jacobson v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) ("Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless.").

Honorable John W. Lungstrum.

IT IS THEREFORE ORDERED that plaintiffs' motion to modify the scheduling order to permit a rebuttal expert report to the report of Dr. Goodwin is denied.

Dated February 15, 2017, at Kansas City, Kansas.

_s/ James P. O'Hara_____
James P. O'Hara
U.S. Magistrate Judge

14-2591-JWL-2856.wpd                              5