IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR 162 ) <br> CORN LITIGATION, ) <br> ) <br> (This Document Relates to All Cases) ) <br> _____ ) | MDL No: 2591 <br><br> Case No. 14-md-2591-JWL |

# **ORDER**

This action comes before the court on the motion (ECF No. 3028) of intervenor Monsanto Company to stay the March 24, 2017 discovery order, jointly issued by the undersigned U.S. Magistrate Judge, James P. O'Hara, and the Minnesota Special Master, John B. Van de North, requiring J. Thomas Carrato to produce certain documents to plaintiffs by March 27, 2017.[1] Monsanto asserts that the undersigned erred in determining, after an *in camera* review, that the documents were not protected by the attorney-client privilege or properly withheld on confidentiality grounds, and states that it plans to file objections to the joint order under Fed. R. Civ. P. 72(a) and Minn. R. Civ. P. 53.07(b). Monsanto asks the court to stay the production requirement until said objections are ruled. Because the applicable stay factors weigh in favor of plaintiffs and against staying production, the motion is denied.

D. Kan. Rule 72.1.4(d) permits a party to apply to a magistrate judge for a stay of the

---

[1] ECF No. 3024.

magistrate judge's order pending review of the order by the district judge. Although neither the Federal Rules of Civil Procedure nor the District of Kansas local rules establish the criteria the magistrate judge should consider in evaluating the application for stay, judges in this district have applied the criteria used in evaluating discretionary stays in other contexts. "Generally stated, the rule is that the court reviewing the application assesses the movant's chances for success on appeal and weighs the equities between the parties."[2] Under this analysis, the court considers:

1. Whether the movant is likely to prevail on review;

2. Whether the movant has established that absent a stay the movant will suffer irreparable harm;

3. Whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and

4. The public interests implicated by the stay.[3]

Monsanto's motion, although citing *In re Motor Fuel*, did not state or address the applicable stay factors. After plaintiffs noted this omission and addressed the four factors in their response to the motion, Monsanto argued the applicability of the factors in its reply brief. In the interest of fairness, courts in this district generally refuse to consider arguments raised for the first time in reply briefs because the opposing party does not have the

---

[2] *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-md-1840, 2010 WL 3724665, at *1 (D. Kan. Sept. 16, 2010) (quoting *Mannell v. Kawasaki Motors Corp.*, No. 89-4258, 1991 WL 34214, at *3 (D. Kan. Feb. 22, 1991)).

[3] *See id.* (citing cases).

opportunity to respond.[4] But even ignoring Monsanto's procedural error, the undersigned finds Monsanto has not established a stay is warranted.

Under the first of the four factors, Monsanto has failed to demonstrate (and does not even attempt to demonstrate) that it is likely to prevail on its anticipated objections to the March 24, 2017 order. The order set forth the applicable legal standards in detail, and the undersigned and Special Master Van de North carefully reviewed the at-issue documents *in camera* and applied those standards. The undersigned does not believe the joint order is "clearly erroneous" or "contrary to law," the standards applicable to Monsanto's anticipated Rule 72(a) objections. This factor weighs in plaintiffs' favor.

As for the second factor, Monsanto has not established that it will suffer irreparable harm absent a stay. As plaintiffs note, the court has limited disclosure of the produced documents to outside legal counsel only, such that none of Monsanto's competitors will be privy to the information therein. Monsanto has not suggested how it will suffer by this limited disclosure. Monsanto asserts that producing the documents "would deny Monsanto its right of review,"[5] but this is not the case. As discussed below, the presiding U.S. District Judge, John W. Lungstrum, will review Monsanto's objections despite this order denying the

---

[4]*See Ambac Assurance Corp. v. Fort Leavenworth Frontier Heritage Communities, II, LLC*, 315 F.R.D. 601, 608-09 (D. Kan. 2016); *Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1244-45 (D. Kan. 2001) (citing cases). *See also Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003) (holding argument raised for the first time in reply brief was waived).

[5]ECF No. 3028 at 3.

motion to stay production of documents. Should Judge Lungstrum uphold one or more of Monsanto's objections, he will instruct the parties on the appropriate steps for curing the production.

Third, any delay in document production could substantially harm plaintiffs. As the March 24, 2017 order recognized, "[t]he first trial in this MDL is fast approaching, and plaintiffs are entitled to timely receive any documents deemed improperly withheld so that they may prepare for trial and/or seek to supplement their *Daubert* submissions."[6] Until plaintiffs have the documents in hand, they cannot begin to make assessments of whether the new information will justify additional *Daubert* filings and/or a further deposition of Mr. Carrato.

Finally, public interest does not weigh strongly in favor of, nor against, granting a stay. On the one hand, "the attorney-client privilege does hold a very special place in American jurisprudence," such that documents subject to the privilege should not be ordered released.[7] On the other hand, "the public has a general interest in prompt resolution of claims."[8] There is no indication the public has a particular interest in this specific discovery dispute. This factor may weigh slightly in favor of Monsanto.

After weighing all the equities, the undersigned finds they favor plaintiffs and dictate

---

[6] ECF No. 3024 at 8-9 n.21.

[7] *In re Motor Fuel*, 2010 WL 3724665, at *2.

[8] *Spears v. Mid-America Waffles, Inc.*, No. 11-2273, 2012 WL 12837278, at *3 (D. Kan. March 8, 2012).

that the order requiring Mr. Carrato to produce documents should not be stayed.

IT IS THEREFORE ORDERED that Mr. Carrato shall comply with the March 24, 2017 order regarding production of documents by **noon on March 29, 2017,** unless, before that time, Monsanto files a fresh motion for stay under D. Kan. Rule 72.1.4(d) directed to Judge Lungstrum.[9]

IT IS FURTHER ORDERED, with Judge Lungstrum's approval, that Monsanto's anticipated Rule 72(a) objections shall be filed by **April 3, 2017**. Any response is due by **April 5, 2017**, and any reply is due by **April 6, 2017**.

IT IS SO ORDERED.

Dated March 28, 2017, at Kansas City, Kansas.

                                           s/ James P. O'Hara
                                           James P. O'Hara
                                           U.S. Magistrate Judge

---

[9] Mr. Carrato's motion (ECF No. 3033) for relief from the requirement in the March 24, 2017 order that he produce documents by March 27, 2017, is granted. Mr. Carrato shall now be held to the above March 29, 2017 deadline, or, if that deadline becomes inapplicable by Monsanto filing a new D. Kan. Rule 72.1.4(d) motion, a new deadline will be set by Judge Lungstrum as he sees fit.