IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE SYNGENTA AG MIR 162 )
CORN LITIGATION, ) MDL No: 2591
)
 (This Document Relates to All Cases) ) Case No. 14-md-2591-JWL
_____ )

## ORDER

Plaintiffs in this multidistrict litigation have filed a motion asking the court to order Syngenta to produce 441 documents that Syngenta is withholding on the grounds of attorney-client privilege and/or work-product protection (ECF No. 3109).[1] Plaintiffs argue the information on Syngenta's privilege log does not support a finding that the documents are protected from disclosure. Syngenta responds that plaintiffs' motion must be denied because plaintiffs agreed to the form and content of the log, and, in any event, waited too long to challenge many log entries.

The undersigned U.S. Magistrate Judge, James P. O'Hara, has considered the arguments and caselaw cited by Syngenta, and is unpersuaded that plaintiffs have lost the ability to challenge privilege assertions—by either the passage of time or by agreement to the log's format.

---

[1] Plaintiffs' motion challenged Syngenta's privilege assertions over 445 documents, but Syngenta has since withdrawn its privilege claim over two documents, *see* ECF No. 3130 at 10 n.12, and plaintiffs have since withdrawn their challenge to Syngenta's privilege claim over two documents, *see* ECF No. 3135 at 5 n.5.

First, the court rejects Syngenta's argument that plaintiffs waived the ability to challenge Syngenta's privilege assertions first appearing on Syngenta's December 16, 2015 privilege log by not raising them early enough. Syngenta relies on D. Kan. Rule 37.1(b), which states motions to compel a discovery response must be made "within 30 days of the default or service of the response . . . that is the subject of the motion, *unless the court extends the time for filing such motion for good cause.*"[2] In this case, upon the filing of numerous consent motions, the court extended the deadline for plaintiffs "to bring a motion to compel related to defendants' privilege logs."[3] Plaintiffs filed the instant motion before the last deadline set by the court. The fifteen consent motions requesting extensions set forth in detail the meet-and-confer efforts in which the parties engaged between the service of Syngenta's original log and the instant motion. It is clear that plaintiffs were not simply sitting on their hands and delaying their objections.[4] Moreover, the chart Syngenta submitted in support of its timeliness argument suggests that Syngenta believes plaintiffs should have raised their objections to privilege assertions made on the December 16, 2015 log in an "April 11, 2016 Master Challenge List," rather than raising them in an "Aug. 2, 2016

---

[2]D. Kan. Rule 37.1(b) (emphasis added).

[3]ECF Nos. 1423, 1539, 1666, 1749, 1892, 2130, 2175, 2401, 2534, 2611, 2680, 2781, 2852, 2969 and 3041.

[4]Plaintiffs represent that the parties' initial meet-and-confer discussions "focused on high-level, recurring issues with Syngenta's privilege logs" and plaintiffs did not turn their attention to a document-by-document review until "these overarching issues were largely resolved." ECF No. 3135 at 3.

Challenge list."[5]  But both dates fall more then 30 days after the privilege assertions were made, and during the parties' ongoing meet-and-confer discussions, so the court does not see the significance of the earlier date.  The court declines to find waiver in this situation.

Second, the court is not persuaded that the agreement between the parties to allow Syngenta to assert privilege protections by category and populate its privilege log with metadata (a commendable approach in cases like this involving a large volume of documents)[6] wholly insulates Syngenta from privilege challenges.  Syngenta cites no case validating such an approach.  Further, this argument is belied by the fact that Syngenta participated in lengthy meet-and-confer discussions over its privilege log (which, in fact, resulted in Syngenta withdrawing its privilege assertions for more than 150 documents). Categorical privilege assertions are, without a doubt, a useful starting point to decrease discovery burden and expense, and to focus the parties' attention on what documents truly need to be reviewed by "attorney eyes."  However, they do not eliminate the burden on the withholding party to provide, for documents that remain subject to dispute after involved meet-and-confer discussions, a detailed description of the information withheld as privileged.[7]

---

[5]ECF no. 3130-12.

[6]*See, e.g.,* Hon. John M. Facciola & Jonathan M. Redgrave, *Asserting and Challenging Privilege Claims in Modern Litigation: the Facciola–Redgrave Framework*, 4 Fed. Cts. L. Rev. 19 (2010).

[7]*See id.* at 20, 46.  Such descriptions are usually made in affidavits from counsel.

Finding that plaintiffs are entitled to raise their privilege challenges, the court must find a workable approach for resolving this discovery dispute. Because plaintiffs waited to bring this dispute to the court until only a month before the start of trial, there is no practical way for the undersigned to conduct an *in camera* review of all 441 documents, issue a ruling, and reserve enough time for the parties to bring objections to the ruling to the presiding U.S. District Judge, John W. Lungstrum (let alone for Judge Lungstrum to rule any objections) before trial begins on June 5, 2017. Nevertheless, to advance the ball, the undersigned is prepared to conduct an *in camera* review of a subset of the withheld documents to assess the validity of Syngenta's privilege claims.

The parties are directed to confer and agree upon an approach whereby the undersigned will review approximately 10% of the documents. The court anticipates that the sample selected by the parties will contain documents from each category over which plaintiffs have expressed concern, such that the parties may extrapolate the court's privilege rulings on the subset of reviewed documents to all documents in the withheld categories, thereby resolving the dispute. In conjunction with submitting the selected documents for *in camera* review, Syngenta should provide affidavits addressing the elements of its privilege claims. The court has little doubt that the exceptional counsel in this case can reach an agreement on such a sample-based approach, but if they reach an impasse they will be required to provide a joint brief, limited to six pages, discussing each sides' position and supporting authorities.

IT IS THEREFORE ORDERED that the parties confer and, by **May 11, 2017**, file a joint agreement setting forth their agreed-upon method for *in camera* review of a representative subset of withheld documents. In conjunction with the agreement, Syngenta shall deliver to the undersigned's chambers two copies of the documents to be reviewed, organized by category in three-ring binders, as well as file documentary support for its privilege assertions.[8] In the unlikely event counsel cannot reach a joint agreement, a joint-brief setting forth each sides' position, as discussed above, shall be filed by that same date.

Dated May 5, 2017, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[8]Syngenta is granted leave to file its affidavits ex parte and under seal if it so wishes.