IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 | ) | MDL No. 2591 |
| CORN LITIGATION | ) | |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates To: | ) | |
| | ) | |
| The Kansas Class Trial | ) | |
| | ) | |

**JURY INSTRUCTIONS**

## INSTRUCTION NO. 1

The time has now come for me to explain to you the law that will govern your jury deliberations.

You are duty bound to follow the law as I explain it to you in the instructions that I am about to give you. You as jurors are the sole judges of the facts. This means that you must take the law as I explain it to you and apply the law to the facts revealed by the evidence.

Do not single out any one instruction alone as stating the law. Rather, consider my instructions in their entirety.

Also, do not concern yourselves with the wisdom of the law. Despite any opinion you may have about what the law should be, you would violate your sworn duty if you were to base your verdict upon any view of the law other than that given to you in these instructions.

INSTRUCTION NO. 2

Counsel's statements and arguments are not evidence unless they are admissions or stipulations. When the attorneys for the parties agree that a particular fact exists, that is referred to as a "stipulation", and the jury must accept that stipulation as true.

You may consider as evidence everything that was admitted during trial, such as witness testimony, an item or document marked as an exhibit, or any other matter admitted into evidence such as an admission, agreement, or stipulation. You must entirely disregard any evidence with respect to which I sustained an objection or which I ordered stricken.

You are to consider only the evidence, but you are not limited to considering only the bald statements of witnesses. In other words, you are not limited solely to what you see and hear. You are permitted to draw reasonable inferences based on your experience if reason and common sense lead you to draw particular conclusions from the evidence.

INSTRUCTION NO. 3

You may use the notes taken by you during the trial.  Remember, however, that notes are not evidence.  If your memory should differ from your notes or the notes of other jurors, then you should rely on your memory.

INSTRUCTION NO. 4

At times during trial I ruled on the attorneys' objections to admitting certain items into evidence. Questions relating to the admissibility of evidence are solely questions of law for me. You must not concern yourselves with the reasons for my rulings, and do not draw any inferences from my rulings. Consider only the evidence admitted.

INSTRUCTION NO. 5

Some evidence is admitted for a limited purpose only.  When I have instructed you that particular evidence is admitted for a limited purpose, you must consider that evidence only for that purpose and for no other.

INSTRUCTION NO. 6

Counsel's statements, arguments, and remarks are intended to help you understand the evidence and apply the law, but they are not evidence.  You should disregard any such comment that has no basis in the evidence.

INSTRUCTION NO. 7

You must weigh and consider the evidence without favoritism for or prejudice against either party.  Do not be influenced by anything not within the issues stated in my instructions.  Sympathy should not affect your deliberations.

INSTRUCTION NO. 8

The defendants in this lawsuit and various members of the plaintiff class are corporations, partnerships, or similar entities.  This should make no difference to you. You must decide this case as if it were between individuals.  All persons, including corporations and similar entities, stand equal before the law, and are to be dealt with as equals in a court of justice.

A corporation or similar entity may act only through people such as its agents or employees.  In general, any agents or employees of a corporation may bind the corporation by their acts and by statements made while acting within the scope of their authority or duties as agents or employees of the corporation.

INSTRUCTION NO. 9

During this trial, evidence was presented to you in the form of video depositions. A deposition is the sworn testimony of a witness taken before trial. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness testified in court.

10

INSTRUCTION NO. 10

I have not intended in anything that I have said or done -- not in these instructions, in any ruling, or in any action or remark I may have made during trial -- to suggest how I would resolve any of the questions entrusted to you, the jury, in this case.

INSTRUCTION NO. 11

As I mentioned to you at the outset, this case is proceeding as a class action.  A class action procedure allows the filing of one lawsuit by a representative or a small number of representatives on behalf of a whole group of plaintiffs who have similar claims.  You should not hold the physical absence of any class member against plaintiffs. Your verdict here will be binding on all class members.

The plaintiff class in this case consists of all corn producers in Kansas who priced any corn for sale after November 18, 2013, excluding producers who purchased Viptera or Duracade corn seed, and excluding some other particular producers that the Court has ruled are not part of the class.  A "producer" may be either a person or an entity.

12

INSTRUCTION NO. 12

In this case, Class Plaintiffs assert a claim of negligence against various related corporations, which have been referred to collectively in this case as "Syngenta". Class Plaintiffs allege that Syngenta was negligent in the timing, scope, and manner in which it commercialized the products known as Viptera and Duracade. Class Plaintiffs further allege that such negligence caused them financial harm after China rejected imports of U.S. corn. In response, among other things, Syngenta denies that it acted negligently, and it denies that its acts caused Class Plaintiffs any harm. Syngenta also asserts the affirmative defense of a superseding cause, by which Syngenta asserts that any harm to Class Plaintiffs was caused by China's decision to reject U.S. corn for reasons unrelated to the presence of genetic traits from Viptera and Duracade.

INSTRUCTION NO. 13

In order to prevail on their claim of negligence, Class Plaintiffs must prove each of the following elements by a preponderance of the evidence:

(1)    Syngenta was negligent in the timing, scope, and manner in which it commercialized the products known as Viptera or Duracade; and

(2)    Syngenta's negligence caused Class Plaintiffs to suffer financial harm.

Negligence is the lack of reasonable care.  It is the failure of a person to do something that a reasonable person would do, or doing something that a reasonable person would not do, under the same circumstances.  Although you must be unanimous in finding that Class Plaintiffs have proved these two elements, in order to find for Class Plaintiffs it is not necessary that each of you agree on a specific act or omission by Syngenta that was negligent.

INSTRUCTION NO. 14

You have heard evidence concerning whether Syngenta complied with industry customs or standards. You may consider such evidence in determining whether Syngenta acted with reasonable care. Compliance with an industry custom or standard does not necessarily preclude a finding of negligence, however, as the standard of reasonable care may require additional or different conduct under the circumstances. In addition, the failure to comply with an industry custom or standard does not necessarily mean that the actor was negligent.

Similarly, the fact that Syngenta obtained regulatory approvals needed for the sale of Viptera and Duracade in the United States does not necessarily mean that Syngenta could not have been negligent in commercializing those products.

Ultimately, you must determine whether Syngenta acted with reasonable care under all of the facts and circumstances. Syngenta's compliance or non-compliance with an industry custom or standard or with certain regulatory requirements may be relevant to that determination, but it is not determinitive or conclusive.

INSTRUCTION NO. 15

The Court has previously made various rulings limiting the permissible scope of Class Plaintiffs' claim of negligence. Thus, with respect to your consideration of that claim, you are instructed as follows.

*First,* any liability of Syngenta for negligence may not be based on the following conduct, even if you believe that such conduct occurred: making a misrepresentation or false statement of fact; failing to include certain information in making statements; or failing to make certain statements, including failing to provide warnings or other specific information, on product packaging and labels or otherwise. In other words, in order to find that Syngenta was negligent in its commercialization of Viptera or Duracade, you may not include any such conduct as described in this paragraph among the conduct found to have been unreasonable or negligent. You may consider evidence of such conduct for other purposes, however.

*Second,* any finding of negligence may not be based on any failure by Syngenta to make sure that others segregated, channeled, contained, tested, inspected, or traced any harvested corn based on whether it contained the particular genetic traits contained in Viptera and Duracade, with respect to corn placed in interstate or foreign commerce. This prohibition does not apply to steps taken with respect to seeds, as distinguished from harvested corn. Moreover, this prohibition does not apply to harvested corn that is not placed in interstate or foreign commerce.

INSTRUCTION NO. 16

If you find that Class Plaintiffs suffered harm caused by negligence of Syngenta, as set forth in Instructions No. 13-15, you must consider Syngenta's superseding cause defense. As a defense to Class Plaintiffs' claim of negligence, Syngenta asserts that China decided to reject U.S. corn shipments for reasons unrelated to the presence of the genetic traits contained in Viptera and Duracade, and that such rejection was therefore a superseding cause of any financial harm suffered by Class Plaintiffs. If you find such a superseding cause, Syngenta cannot be liable for the alleged negligence.

The defense of superseding cause is defined as follows. When an injury is caused by unrelated acts occurring at different times, you must consider whether the last act alone would have caused the injury. If so, the person committing the first act is not liable for negligence, unless the last act could have reasonably been foreseen by the person responsible for the first act.

Thus, in order to prevail on this defense, Syngenta must prove each of the following elements by a preponderance of the evidence:

(1)     Class Plaintiffs' alleged financial injury was caused by a decision by China to reject U.S. corn shipments for reasons unrelated to and independent of the presence of the genetic traits contained in Viptera and Duracade;

(2)     That act by China alone would have caused Class Plaintiffs' injury; and

(3)     That act by China could not have reasonably been foreseen by Syngenta.

17

INSTRUCTION NO. 17

As a member of the World Trade Organization (the "WTO"), China signed an international treaty known as the SPS agreement. The SPS agreement imposed certain obligations on China relating to its regulatory system for approving imports of goods with genetically modified traits ("GMO" goods). China's failure to comply with such an obligation may be relevant to your consideration of whether China had a functioning regulatory system or whether China's conduct was a superseding cause.

You are instructed as follows with respect to China's obligations under the SPS Agreement:

1.      With respect to GMO import approval, China has the right to take measures necessary for the protection of human, animal, or plant life or health. Such measures shall be based on an assessment of the risks to such life or health. Moreover, such measures shall be applied only to the extent necessary to protect such life or health; shall be based on scientific principles; and shall not be maintained without sufficient scientific evidence. China's risk assessment need not necessarily embody only the majority view in the scientific community; China may act in good faith on the basis of what may be a divergent opinion from qualified and respected sources.

2.      In cases where relevant scientific evidence is insufficient, China may provisionally adopt a measure on the basis of available pertinent information. In such circumstances, China shall seek to obtain the additional information necessary for a more

18

objective assessment of risk and review the measure accordingly within a reasonable period of time.

3.     China's procedures for GMO import approval must be undertaken and completed without undue delay and in no less favorable manner for imported products than for like domestic products.

4.     In its GMO import approval procedure, China shall not make arbitrary or unjustifiable distinctions in the levels it considers to be appropriate in different situations if such distinctions result in discrimination or a disguised restriction on international trade.

## INSTRUCTION NO. 18

If you find that Class Plaintiffs suffered harm caused by negligence of Syngenta, as set forth in Instructions No. 13-15, and you find that Syngenta has failed to prove its defense of a superseding cause, as set forth in Instruction No. 16, you must determine the amount of damages, if any, to be awarded to Class Plaintiffs. Specifically, Class Plaintiffs claim damages only for economic losses from sales of their corn at lower prices.

In awarding damages, you must determine the amount that you believe will fairly and justly compensate Class Plaintiffs for damages sustained as a result of the alleged negligence. Damages may not be based on guesswork or speculation. If you find that a damages calculation cannot be based on evidence and reasonable inferences, and instead can only be reached through guesswork or speculation, then you may not award damages. You are permitted to make reasonable estimates in calculating damages. There must be a reasonable basis in the evidence for a damages award, but damages need not be determined with absolute mathematical certainty. The amount of damages must, however, be based on reasonable, non-speculative assumptions and estimates.

INSTRUCTION NO. 19

In this case, Class Plaintiffs claim that Syngenta acted in a wanton manner toward Class Plaintiffs. If you award Class Plaintiffs actual damages, then you may consider whether punitive damages should be allowed. Punitive damages may be allowed in the jury's discretion to punish a defendant and to deter others from like conduct.

To award punitive damages, you must find that Class Plaintiffs have proved by clear and convincing evidence that Syngenta acted in a wanton manner toward Class Plaintiffs. A "wanton" act is an act performed with a realization of the imminence of danger and a reckless disregard or complete indifference to the probable consequences of the act. Evidence is "clear and convincing" if it shows that the truth of the fact asserted is highly probable.

If you decide to award punitive damages in this case, then in assessing the amount of such damages, you may consider factors including the following:

(1)    the likelihood at the time of the alleged misconduct that serious harm would arise from the defendant's misconduct;

(2)    the degree of the defendant's awareness of that likelihood;

(3)    the profitability of the defendant's misconduct;

(4)    the duration of the misconduct and any intentional concealment of it;

(5)    the attitude and conduct of the defendant upon discovery of the misconduct; and

(6)    the financial condition of the defendant.

In determining the amount of punitive damages to award, you should consider the relationship between the amount of the punitive damages award and the amount of harm that Syngenta caused to Class Plaintiffs. Any award of punitive damages must be based on the same conduct for which you find Syngenta liable on Class Plaintiffs' underlying claim, and not on any other conduct. You may consider other misconduct only in determining whether Syngenta was particularly reprehensible or blameworthy with respect to the conduct you found to be negligent (in accordance with Instructions No. 13-15). Similarly, if negligent conduct by Syngenta also caused harm to others, you may consider that fact only in determining whether the negligent conduct also posed a substantial risk of harm to the general public, and so was particularly reprehensible or blameworthy. You may not consider evidence of other misconduct or of harm to others for any other purpose. You may not punish Syngenta in this case for other misconduct or for causing harm to others, and thus you may not include in any award of punitive damages an amount to account for other misconduct or harm to others.

## INSTRUCTION NO. 20

You should not consider the fact that I have instructed you about the proper measure of damages, including compensatory and punitive damages, as an indication of my views regarding whether either party is entitled to your verdict in this case. I am giving you instructions about damages solely to provide you with guidance if you find in favor of Class Plaintiffs on their claim.

## INSTRUCTION NO. 21

You are to determine the weight and credit to give each witness's testimony. You have a right to use common knowledge and experience in evaluating witnesses' testimony.

INSTRUCTION NO. 22

A witness's credibility may be attacked by evidence that on some former occasion he or she made a statement, acted in a manner, or gave deposition testimony that was inconsistent with his or her testimony in this case.

You may consider such evidence only insofar as it may impact the witness's credibility – that is, only in deciding the weight and credit to be given to that witness's testimony.

INSTRUCTION NO. 23

Certain testimony has been given in this case by experts – that is, by persons who are specially qualified by experience or training and possess knowledge on matters not common to humankind in general.  The law permits such persons to give their opinions regarding such matters, although you are not required to accept such opinions.  The testimony of experts is to be considered like any other testimony and is to be tried by the same tests, and should receive such weight and credit as you deem it entitled to, when viewed in connection with all the other facts and circumstances, and its weight and value are questions for you.

INSTRUCTION NO. 24

Burden of proof means burden of persuasion.

Class Plaintiffs have the burden of proof with respect to their claim of negligence. Class Plaintiffs must prove their claim for actual damages by a preponderance of the evidence.  This means that, in order to prevail on that claim, Class Plaintiffs must persuade you that the claim is more probably true than not true.

Syngenta has the burden of proving its defense of a superseding cause by a preponderance of the evidence, as set forth in Instruction No. 16.

Class Plaintiffs have the burden of proving their claim for punitive damages by clear and convincing evidence, as set forth in Instruction No. 19.  Evidence is clear and convincing if it shows that the truth of the fact asserted is highly probable.

In determining whether one side has met its burden of proof, consider all of the evidence, whether produced by Class Plaintiffs or by Syngenta.  The weight of the evidence on any issue is not determined by the number of witnesses, but rather by how reasonable, persuasive, and satisfying the evidence is to you.

INSTRUCTION NO. 25

There are two types of evidence.  One is direct evidence, such as the testimony of someone who claims to have seen or heard an event.  The other is circumstantial evidence, such as evidence from which you can reasonably draw inferences about whether an event did or did not occur.

The law does not distinguish between direct and circumstantial evidence, but rather simply requires the jury to find the facts, in accordance with the appropriate standard of proof, based on all of the evidence in the case, both direct and circumstantial.

INSTRUCTION NO. 26

You are the exclusive judges of the facts proved, the weight of the evidence, and the credibility of the witnesses.  In determining the issues in this case you will, of course, rely on the evidence you heard in the courtroom and will not be swayed by sympathy, passion, or prejudice.  You may and should, however, rely on the general information you possess as to matters of common knowledge, observation, and life experience.  In weighing the testimony of witnesses, you may consider their appearance, demeanor, means of knowledge, apparent intelligence or ignorance, whether or not they have an interest in the outcome of the case, and all other facts and circumstances evident at trial that will help you determine the truth.

If you believe that any witness testified falsely about any material fact, you may disregard all or any part of his or her testimony, but you are not required to believe or disbelieve the testimony of any witness.  You should reconcile any conflicting testimony as truthful if reasonably possible, but if doing so is not possible then use your best judgment in determining what testimony to believe.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  You should keep in mind that making an innocent mistake in memory – like being unable to remember – is not uncommon.

INSTRUCTION NO. 27

On the exhibits that the parties introduced at trial, there are trial exhibit designations, consisting of either "Plaintiffs' Exhibit" or "Defendants' Exhibit" followed by a number.   Counsel may have referred to specific pages of documents by referring to the extension following the exhibit number (for example, Plaintiffs' Exhibit 478-3 is the third page of Plaintiffs' Exhibit 478, while Defendants' Exhibit 5284.00003 is the third page of Defendants' Exhibit 5284); or by referring to what is called a "Bates" number at the bottom of the document.

Many exhibits include markings at the bottom of the document referring to documents being confidential or highly confidential.  Those are markings applied to the documents in the course of the litigation when the parties produce the documents to each other, and you are not to infer any meaning from those confidentiality markings.

You may also see "redaction" markings on documents where certain text is removed that has no bearing on the issues being presented at trial.  You are not to infer any meaning from such redaction markings.

INSTRUCTION NO. 28

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, each juror must agree upon the verdict and your verdict must be unanimous.

If you do not reach a verdict, the parties may be put to the expense of another trial and will once again have to endure the mental and emotional strain of a trial.  If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to a more competent jury.  There is no reason to believe that there will be more or clearer evidence produced at a future trial.

As jurors you have a duty to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after considering the evidence impartially with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if you become convinced that it is wrong.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans.  You are judges -- judges of the facts.  Your sole interest is to ascertain the truth from the evidence in the case.

31

INSTRUCTION NO. 29

In considering the evidence in this case, you should use your good sense, consider the evidence only for those purposes for which it was admitted, and give the evidence a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.

INSTRUCTION NO. 30

When you retire to the jury room, you should first select one of you as the foreperson to preside over your deliberations, speak for the jury when in court, and sign the verdict.

Your verdict must be founded entirely upon the evidence admitted and the law that I have given to you in these instructions.

Your verdict must be unanimous.  Once you reach a unanimous verdict, the foreperson should fill in, date, and sign the verdict form.  The foreperson should then notify the bailiff, and your deliberations will be complete.  The foreperson will carry the completed verdict into the courtroom and, after we have returned to the courtroom, hand it to the clerk when instructed to do so.

INSTRUCTION NO. 31

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Instagram, or Twitter, to communicate to anyone (or to the public at large) any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You may only discuss the case in the jury room with your fellow jurors during deliberations. You must inform the Court immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom; if you were so influenced, your decision might be based on information known only by you and not your fellow jurors or the parties in the case, and that would unfairly and adversely impact the judicial process.

INSTRUCTION NO. 32

If it becomes necessary during your deliberations to communicate with me, please do so by giving a note to the bailiff who, in turn, will pass the note along to me. The note must be signed by your foreperson or by one or more of you. None of you should ever attempt to communicate with me about the merits of the case in any way other than by a signed writing. I will not communicate with any of you on any subject involving the merits of the case other than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they and all other persons are forbidden from communicating with any of you about any subject involving the merits of the case.

Bear in mind also that you are never to reveal to any person how the jury stands numerically or otherwise on the questions before you until after you have reached a unanimous verdict.

22 June 2017
Date

John W. Lungstrum
United States District Judge