# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

*IN RE SYNGENTA AG MIR 162 CORN LITIGATION*

THIS DOCUMENT RELATES TO:

     ALL CASES

Master File No. 2:14-MD-02591-JWL-JPO

MDL No. 2591

## SYNGENTA'S SUPPLEMENTAL BRIEF REGARDING PLAINTIFFS' MOTION FOR CONSOLIDATION OF CASES FOR TRIAL

## INTRODUCTION

In light of the Court's guidance at the June 23, 2017 status hearing, Syngenta provides the following submission to identify additional considerations that the Court should take into account before ruling on Plaintiffs' Motion to Consolidate (ECF No. 3082), and to respond to the Court's request that Syngenta propose alternative potential groupings of the seven state classes for trial.[1]  6/23/2017 Trial Tr. 2441:11-2442:4; 2442:11-23.  As the Court stated, this submission is subject to Syngenta's ongoing objections to consolidation for the reasons stated in its Opposition to Plaintiffs' Motion (ECF No. 3133), and expressly preserves those objections in responding to the Court's request for alternative groupings.  *Id.* at 2425:14-19, 2427:21-23, 2444:6-12.

In order to present these potential alternatives in the event that the Court overrules Syngenta's Opposition to Consolidation, this submission assumes for purposes of discussion that Plaintiffs' tortious interference claims (in the Arkansas and Missouri classes) and consumer protection act claims (in the Nebraska and Illinois classes) can survive dispositive motions.  *Id.* at 2440:12-20, 2434:15-2435:3.  Under these circumstances, Syngenta submits that the Court may consider consolidating the seven remaining state classes for trial as follows if it decides to consolidate the cases at all:[2]

1.　　　Iowa and South Dakota
2.　　　Nebraska
3.　　　Illinois
4.　　　Ohio
5.　　　Missouri and Arkansas

---

[1]　This brief refers to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Consolidation of Cases for Trial ("Motion" or "Mot.") (ECF No. 3082), Syngenta's Opposition to Plaintiffs' Motion for Consolidation of Cases for Trial ("Opposition" or "Opp'n") (ECF No. 3133), and Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Motion for Consolidation of Cases for Trial ("Reply") (ECF No. 3166).
[2]　The order in which trials are held should be reserved for later discussion and briefing, if necessary.

## DISCUSSION

In the event that the Court rejects the reasons against consolidation presented in Syngenta's Opposition, the following alternative groupings would better reconcile the diverging claims at issue, the elements of those claims, and other distinctions that exist across states.

***Iowa and South Dakota***.  Negligence is the sole remaining claim in both the Iowa class case and the South Dakota class case.  Although Plaintiffs ask this Court to hold that all states employ the same negligence standards, there are important differences between Iowa and South Dakota law.  Iowa, but not South Dakota, has adopted the Restatement (Third) of Torts: Liability for Physical and Emotional Harm for both the duty and causation elements of negligence.  *Thompson v. Kaczinski*, 774 N.W.2d 829, 836-37, 839 (Iowa 2009); *Kendall v. Bausch & Lomb, Inc.*, No. CIV. 05-5066-KES, 2009 WL 1740008, at *15-*17 (D.S.D. June 17, 2009).  The Third Restatement removed a case-by-case consideration of whether a duty exists based on factors including foreseeability.  *Compare Thompson*, 774 N.W.2d at 834-35 *with Small v. McKennan Hosp.*, 437 N.W.2d 194, 200-01 (S.D. 1989) (affirming decision under South Dakota law to have the jury decide whether duty was owed based on foreseeability).  The Third Restatement also questions the applicability of the "substantial factor" test for purposes of causation in favor of one that assesses foreseeability in the context of causation.  *Compare Thompson*, 774 N.W.2d at 836-39 *with Kendall*, 2009 WL 1740008, at *16 (asserting that South Dakota still uses "substantial factor" language).  Plaintiffs' Reply attempts to minimize these differences, but the Iowa Supreme Court itself emphasized their significance when it wrote, at length, about its decision to adopt the Third Restatement.[3]  *Thompson*, 774 N.W. 2d at 835-39.  Despite these

---

[3]   Plaintiffs dismiss differences in negligence standards as issues of law that only affect the Court's assessment and not the jury's deliberation.  Reply 20-22.  This is incorrect.  The jury must apply the applicable standard for duty to the facts of the case to assess whether Syngenta breached that standard and must assess whether Syngenta's actions

important differences, and in an effort to respond to the Court's request for potential combinations of state classes for trial, Syngenta submits that it may be possible to craft jury instructions that would enable the Iowa and South Dakota negligence claims to be tried together.

The Iowa and South Dakota classes should not be consolidated with any of the other classes that include claims for tortious interference or consumer protection violations. Plaintiffs will likely seek to introduce evidence of alleged misrepresentations to support those claims. But the Court has already ruled that alleged misrepresentations *cannot* be used as a basis for liability on a negligence claim. Order on Summ. J. 9 (ECF No. 3051). As a result, Syngenta would be unfairly prejudiced if the jury's consideration of Iowa and South Dakota negligence claims were tainted by otherwise irrelevant evidence of alleged misrepresentations. Moreover, even if *some* limited evidence of misrepresentations might be used in the Iowa and South Dakota negligence trial for some other purpose (*e.g.*, attacking credibility of a witness), *other* evidence about alleged misrepresentations that may be relevant to certain consumer protection act claims should not be presented to the jury in its determination of negligence.

Finally, the Iowa and South Dakota classes should not be combined with the Arkansas class because the presentation of evidence regarding MIR162's efficacy against the pests in those geographically different areas will vary significantly. For example, Iowa and South Dakota, like Kansas, are within the range of the western bean cutworm—which MIR162 controls—but that pest is not quite as prevalent in Arkansas. Ex. A (DX 7853, at 00012). In Arkansas, the presentation of evidence may focus on corn earworm, which "overwinters" in Arkansas and is more prevalent there than in Iowa and South Dakota. *Id.* at 00004. Evidence about MIR162's efficacy against these two different pests will differ, as will evidence and argument regarding

---

caused Plaintiffs' alleged injury. The governing jury instructions for duty and proximate cause are therefore essential.

alternative products available to control these different pests.  For example, the testimony from Dr. David O'Reilly, Dr. Joseph Keaschall, Travis Milne, and the plaintiff class representatives— to say nothing of openings and closings—would have a different focus based on the pests that are most relevant for any given state.  These differences threaten a disjointed evidentiary presentation where the documents, testimony, and arguments bounce back and forth from one pest to another and from state to state, as the jury attempts to keep straight which evidence of which pest is at issue for each of the claims they will decide.

*Nebraska*.  The Nebraska class, which asserts a claim for negligence and a claim under the Nebraska Consumer Protection Act ("NCPA"), should not be consolidated for trial with any other class, for three interrelated reasons: (i) Nebraska law recognizes that intervening cause cuts off a defendant's liability, but unlike other states, Nebraska places the burden on Plaintiffs to prove the absence of intervening cause and precludes instructing the jury on intervening cause; (ii) Nebraska law prohibits the award of punitive damages; and (iii) Plaintiffs do not have a right to a jury trial for their NCPA claim.  The only workable outcome that accommodates these three constraints is to try the Nebraska claims in their own trial.

Intervening cause cuts off liability under Nebraska law, but it is not treated as an affirmative defense on which the defendant bears the burden of proof.  *Roskop Dairy, L.L.C. v. GEA Farm Techs., Inc.*, 871 N.W.2d 776, 794 (Neb. 2015) (holding that plaintiffs must establish three requirements of proximate cause including that "there was no efficient intervening cause"); *Amanda C. ex rel. Richmond v. Case*, 749 N.W.2d 429, 440 (Neb. 2008) (same).  In addition, because proving the absence of intervening cause is viewed as part of the plaintiff's burden in proving proximate cause, Nebraska law precludes instructing the jury separately on intervening cause.  *See Sacco v. Carothers*, 567 N.W.2d 299, 305-06 (Neb. 1997); Neb. J.I.2d (Civil) 3.43.

As explained in Syngenta's Opposition, all of the remaining states (except for Missouri, as discussed below) *do* permit the jury to be instructed on intervening cause *and* place the burden on the defendant to prove intervening cause as an affirmative defense.[4]  *See* Opp. Br. 18-20; *id.* at 19 (citing Ark. Model Jury Instr., Civil AMI 503; Iowa J.I. (Civil) § 700.6; Ill. Pattern Jury Instr. (Civil) 12.05; 1 CV Ohio Jury Instr. 405.05); *Zacher v. Budd Co.*, 396 N.W.2d 122, 140 (S.D. 1986) (finding error to remove issue of superseding cause from jury).  As a result, jury instructions for the Nebraska negligence claim are legally incompatible with jury instructions for the negligence claims from the other states.

Attempting to combine the Nebraska case with any of the other class trials would prejudice Syngenta and would inevitably result in reversible error.  *Sacco*, 567 N.W. 2d at 306. If the Court were to provide an instruction on intervening cause from another state, the Court would also have to tell the jury that the instruction does not apply to the Nebraska class (both because the burden of proof is different in Nebraska and because Nebraska does not permit an instruction on the subject at all).  But that instruction would incorrectly suggest to the jury that they are not permitted to consider intervening cause at all when deliberating on the Nebraska negligence claim, which is incorrect.  To avoid leaving that erroneous impression, the Court would have to instruct the jury specifically on the different rules applicable to intervening cause in Nebraska.  But that instruction would run afoul of the Nebraska rule precluding a separate instruction on intervening cause.

---

[4]   In the remaining states, the defendant has the burden to prove intervening cause.  *Davis v. Cincinnati, Inc.*, 610 N.E.2d 496, 498 (Ohio 1991); *SKMDV Holdings, Inc. v. Green Jacobson, P.C.*, 494 S.W.3d 537, 546 (Mo. Ct. App. 2016); *Mack v. Ford Motor Co.*, 669 N.E.2d 608, 613 (Ill. App. Ct. 1996); Ark. Model Jury Instr., Civil AMI 503; Iowa J.I. (Civil) § 700.6; *see Hendrickson v. Swenson*, 133 N.W. 250, 252 (S.D. 1911) (discussing an "alleged intervening cause upon which a defendant relies for his exoneration").

Although Missouri also precludes an instruction on intervening cause,[5] the Missouri claims should not be combined with the Nebraska claims for the same reasons that none of the other class cases raising intentional torts (tortious interference or consumer protection act claims) should be consolidated with the Nebraska class. Two further features of Nebraska law will sharply limit the issues presented to the jury in the Nebraska class trial and thus the evidence that can be presented to the jury. As a result, combining the Nebraska class with *any* other case would prejudice Syngenta by presenting the Nebraska jury with a vast range of evidence that it would not otherwise hear and that is irrelevant to the issues the jury actually must decide under Nebraska law.

Nebraska law prohibits the award of punitive damages,[6] and there is no right to a jury trial in federal court for the NCPA claim.[7] Thus, any evidence that would be relevant solely to punitive damages or to a consumer protection act claim would never be presented to the jury in the Nebraska class trial. Instead, evidence relevant solely for punitive damages is irrelevant in Nebraska and any evidence that would be relevant solely for the NCPA claim would be presented to the Court separately out of the presence of the jury.[8] Combining the Nebraska class with other class trials would inject extraneous and prejudicial information into the case that the jury would never hear if the Nebraska class case were heard on its own. For example, the

---

[5]   Opp'n 18 n.7 (citing *Simpson v. Smith*, 771 S.W.2d 368, 373 (Mo. Ct. App. 1989); Mo. Approved Jury Instr. (Civil) 1.03 (7th ed.)).

[6]   *See, e.g.*, *Miller v. Kingsley*, 230 N.W.2d 472, 474 (Neb. 1975); *see Ayres v. AG Processing Inc.*, No. CIV.A. 04-2060-DJW, 2005 WL 1799261, at *3 (D. Kan. July 22, 2005); *Fusion, Inc. v. Neb. Aluminum Castings, Inc.*, No. 95-2366-JWL, 1997 WL 51227, at *25 (D. Kan. Jan. 23, 1997) (Lungstrum, J.).

[7]   *See, e.g.*, *Cargill v. Kroeger*, No. 8:11CV81, 2012 WL 12884553, at *6 (D. Neb. Aug. 15, 2012) (holding there is no Seventh Amendment right to a jury trial for an NCPA claim); *Hage v. Gen. Serv. Bureau*, 306 F. Supp. 2d 883, 889-90 (D. Neb. 2003) (same); *State ex rel. Douglas v. Schroeder*, 384 N.W.2d 626, 629 (Neb. 1986) (holding there is no right to a jury trial under Nebraska law); *see also Raad v. Wal-Mart Stores, Inc.*, 13 F. Supp. 2d 1003, 1004 (D. Neb. 1998) ("The parties have agreed that the Consumer Protection Act claim is a non-jury matter.").

[8]   Judge Sipkins had adopted a similar procedure for the *Mensik* trial in Minnesota, where Mensik's NCPA claim would be tried separately after his Nebraska negligence claim. Order re NCPA claim, *In re: Syngenta Litig.,* No. 27-CV-15-3785 (Hennepin Cty. Dist. Ct., Minn., Apr. 20, 2017).

tortious interference claim under Missouri law requires Plaintiffs to prove an act is "independently wrongful, such as threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or the common law." Opp'n 25 (quoting *Stehno v. Sprint Spectrum, L.P.*, 186 S.W.3d 247, 252 (Mo. 2006) (en banc)). There would be no basis for Plaintiffs to introduce evidence attempting to prove such actions for the simple negligence claim presented to the jury in Nebraska.

Similarly, Plaintiffs base their consumer protection act claims in Illinois and Nebraska on alleged misrepresentations, but the vast majority of that evidence could not be presented to the jury in a Nebraska-class-only trial. The Court has already held that misrepresentations cannot be used as the basis for liability in a simple negligence claim. Order on Summ. J. 9. And as noted above, even if *some* evidence of *some* misrepresentations might potentially be presented during a negligence trial, for example if used solely to attack the credibility of a particular witness, there would be no grounds for wholesale admission of that evidence. That narrower standard would exclude a vast range of evidence that Plaintiffs would otherwise like to present to the jury. In addition, in any particular instances that present a close question, given the narrower range of issues legitimately before the jury in a Nebraska case, the assessment as to whether the probative value of some evidence that is introduced only for a collateral purpose (*e.g.*, witness credibility) is substantially outweighed by its prejudicial effect (because it puts otherwise extraneous matters before the jury) would be very different. In short, a trial before a jury considering a negligence claim alone would look very different under Nebraska law because Nebraska law does not allow punitive damages and because the jury would not be deciding any intentional tort claims—unlike in the other class trials. Ignoring these differences would inject error into any Nebraska class trial and prejudice Syngenta.

*Illinois*.  Plaintiffs wrongly seek to consolidate the Illinois and Nebraska class trials, apparently because each class asserts a claim under a state consumer protection statute.  *First*, unlike in Nebraska, Illinois law permits juries to receive an intervening cause instruction.  Ill. Pattern Jury Instr. (Civil) 12.05.  This makes jury instructions for the Illinois negligence claim incompatible with those for the Nebraska negligence claim.  *Second*, Illinois permits claims for punitive damages.  735 ILCS 5/2–1115.05(b).  This creates the same conflict already discussed: presenting the jury with evidence for an Illinois punitive damages claim would unfairly prejudice Syngenta's defense of its Nebraska negligence claims because, absent consolidation with Illinois, evidence relevant solely to punitive damages would never get to the jury.  Ideally, the Illinois class claims should be tried separately.

*Ohio*.  Plaintiffs' Motion requests that the Court refrain from consolidating the Ohio state class with any other state class for trial, and the Court should grant Plaintiffs' request.  Ohio has abolished the common-law collateral source rule.  Ohio Rev. Code § 2315.20.  Accordingly, under Ohio law, evidence of payments that Plaintiffs have received as a result of their alleged damages from private crop insurance, public subsidies, or any other collateral sources is *admissible* at trial.  *Id.* at § 2315.20(a); *Jaques v. Manton*, 928 N.E.2d 434, 437 (Ohio 2010).  Plaintiffs are apparently concerned that a jury may not be able to restrict its consideration of collateral source payments solely to the Ohio claims, which may result in reduced damages (if any) being awarded to Plaintiffs from other states whose claims are consolidated in the same trial.

*Missouri and Arkansas*.  To address the Court's request for alternatives, Syngenta submits that the negligence and tortious interference claims under Missouri and Arkansas law could potentially be consolidated for trial.  There are two good reasons not to consolidate them.

*First*, as already discussed, Missouri law does not permit juries to be instructed on intervening cause; Arkansas does permit the instruction. Opp'n 18-19. It would be difficult, if not impossible, for the Court to devise an instruction reconciling the two approaches that would not result in confusing the jury.[9] *Id.* at 18-20. *Second*, Missouri and Arkansas have crucial differences in their tortious interference standards because Missouri requires proof of an independently wrongful act, whereas Arkansas asks juries to determine whether an act is "improper" by assessing seven factors. Opp'n 24-27. Asking the same jury to apply these two different standards in the very same case would invite confusion. Nevertheless, combining Arkansas and Missouri is likely a *less bad* solution than other possible combinations because the basic claims before the jury would be the same for both cases.

---

[9]   Although Missouri law, like Nebraska law, precludes instructing a jury on intervening cause, combining a state class with Missouri claims is easier than combining a state class with Nebraska claims because under Missouri law, unlike under Nebraska law, the defendant retains the burden of proving the affirmative defense. *See SKMDV Holdings, Inc. v. Green Jacobson, P.C.*, 494 S.W.3d 537, 546 (Mo. Ct. App. 2016); *Swindell v. J. A. Tobin Constr. Co.*, 629 S.W.2d 536, 545–46 (Mo. Ct. App. 1981).

Dated:  June 29, 2017

Respectfully submitted,

*/s/ Thomas P. Schult*

| Thomas P. Schult | D. Kan. Bar # 70463 |
| Jennifer B. Wieland | KS Bar # 22444 |
| Carson M. Hinderks | KS Bar # 25079 |

**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
Telephone (816) 561-7007
Fax: (816) 561-1888
tschult@berkowitzoliver.com
jwieland@berkowitzoliver.com
chinderks@berkowitzoliver.com

*Liaison Counsel for Defendants in MDL 2591*

*/s/ Edwin John U*

Michael D. Jones (*pro hac vice*)
Edwin John U (*pro hac vice*)
Patrick F. Philbin (*pro hac vice*)
Ragan Naresh (*pro hac vice*)
Patrick Haney (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
655 15th Street N.W., Suite 1200
Washington, D.C.  20005
Telephone:  (202) 879-5000
Facsimile:   (202) 879-5200
mjones@kirkland.com
edwin.u@kirkland.com
pphilbin@kirkland.com
ragan.naresh@kirkland.com
patrick.haney@kirkland.com

*Counsel for Defendants*

10

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 29, 2017, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.


*/s/ Thomas P. Schult*
Thomas P. Schult