IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: SYNGENTA AG MIR 162 ) MDL No. 2591
CORN LITIGATION )
) Case No. 14-md-2591-JWL
This Document Relates To All Cases )
)
_____)

# MEMORANDUM AND ORDER

In this MDL proceeding, by their consolidated complaint, plaintiff corn producers assert class claims against Syngenta[1] on behalf of classes comprising residents of 21 states. Producer plaintiffs initially sought certification of classes for eight of those states, and on September 26, 2016, the Court certified classes consisting of residents of Arkansas, Illinois, Iowa, Kansas, Missouri, Nebraska, Ohio, and South Dakota.[2] Trial of the claims by the Kansas class has been completed.

The MDL plaintiffs have now moved for consolidation of the remaining class actions for trial (Doc. # 3081). After the parties filed their briefs, the Court discussed the motion with counsel at a status conference on June 23, 2017, at which the Court invited one additional round of briefing. Plaintiffs now request three additional trials as follows: in the first trial, the Iowa and South Dakota classes (negligence claims only) and the Arkansas and Missouri classes (negligence and tortious interference claims); in

---

[1]The Court refers to defendants collectively as "Syngenta".

[2]The Court also certified a nationwide class for assertion of claims under the federal Lanham Act, but the Court subsequently awarded Syngenta summary judgment on those claims.

the second trial, the Nebraska and Illinois classes (negligence and consumer protection statutory claims); and in the third trial, the Ohio class (negligence claim only). Syngenta argues that there should be seven additional trials, with no state classes combined for trial. After consideration of the parties' briefs and oral arguments, the Court **grants in part and denies in part** the motion, as more specifically set forth below.

As a preliminary matter, the Court addresses the parties' dispute about the applicable burden. Syngenta argues that plaintiffs bear the burden of establishing that consolidation is appropriate under Fed. R. Civ. P. 42(a). Plaintiffs are correct, however, in noting that this is already a joined action, including all seven remaining class actions, by virtue of the master consolidated complaint, which the Court has interpreted as placing all of those claims in a single action. Thus, the Court more appropriately acts under Fed. R. Civ. P. 42(b), which allows a court to order separate trials of claims or issues. It is not only Syngenta who effectively seeks relief under that rule, however, as plaintiffs also seek division into separate groups for trial (no doubt recognizing that one trial with all seven state classes' claims would not work). Thus, in essence, each side bears the burden of persuading the Court to adopt its position. In this case, the allocation of the burden of persuasion is ultimately irrelevant, as the Court has rejected both sides' proposals in favor of its own grouping of classes, which it deems most appropriate in its discretion. Moreover, the Court's analysis is the same under either Rule 42(a) or 42(b), as the Court has weighed interests of convenience, expedition, and economy against the potential for prejudice or confusion in deciding whether and how to combine the classes'

2

claims for trial. *See, e.g.*, Fed. R. Civ. P. 42(b) (court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize").

The Court also briefly addresses Syngenta's argument that the bellwether process, to which the parties agreed and which the Court ordered, contemplates more trials, not less, to obtain more data points for use in seeking a global settlement of claims asserted against Syngenta in all courts. As the Court has previously noted the bellwether process was intended primarily to address a situation in which class certification has been denied, as a way to prepare some cases for the initial trials, including by limiting discovery to such cases. That goal of having cases ready for trial without additional discovery will still be furthered by having the certified classes' claims tried next. Moreover, even if some classes' claims are combined for trial, the parties will still have a number of verdicts (the Kansas class trial, at least one trial in Minnesota, and multiple additional class trials in this Court) that may be used by the parties in considering a global settlement. The Court's primary consideration is the efficient litigation of the cases before it, including the class actions already certified by the Court.

There is no question that efficiency would best be served by combining classes' claims for trial in some manner. The class claims are asserted against the same defendants, they involve common questions of law and fact, and as the Kansas class trial recently demonstrated, the evidence particular to the state of residence is relatively limited. Thus, consolidation is desirable to the extent that the trial of multiple classes' claims may be accomplished without undue prejudice to Syngenta or confusion of the

3

jury.

Syngenta argues that no classes' claims should be combined for trial because of differences in the law of each state. The Court rejects the argument, however, that no classes should be combined for that reason. First, the Court rejects Syngenta's argument that having a trial with multiple classes would be like having an improper multi-state class. Certification under Rule 23 serves different purposes and raises different issues, such as which parties should be bound by a class judgment and whether individual issues predominate. In this case, the identity of the particular classes would remain separate, and cases are often tried with multiple classes or sub-classes. Second, the Court is confident that differences in the state law may be addressed by appropriate instructions to the jury. Thus, the Court concludes that the potential for prejudice or confusion does not require seven separate class trials here, and that the efficiency achieved in combining multiple classes' claims in a single trial outweighs the potential problems.

That conclusion is based on the Court's decision to try only two classes' claims at a time, with the classes grouped by the type of claims asserted. The Court is persuaded that trying more than two classes' claims in one trial is not ideal, including because of the additional class representatives and state-specific evidence. Moreover, although differences in the law of two states may readily be addressed by appropriate instructions, the potential for jury confusion increases when more states and more sets of instructions are added to the mix. In addition, trying two classes' claims at a time allows the Court to avoid putting together classes with different types of claims, which

4

further reduces the potential for jury confusion and the need for limiting instructions concerning evidence that may be considered for one claim and not for another. Thus, the Court denies plaintiffs' motion to that extent, and it groups the classes as set forth below.

The parties agree that the Ohio class presents a particular difficulty because of its lack of a prohibition on collateral source evidence. In its latest submission, plaintiffs propose that the Ohio class claims be tried separately for that reason. Thus, the Court will try those claims separately.

The Court will try the negligence claims of the Iowa class and the South Dakota class in a single trial. Plaintiffs propose trying those classes' claims in the same trial (although with other classes' claims as well), while Syngenta concedes that such a grouping for trial is the least objectionable and that it may be possible to craft appropriate jury instructions for such a trial. Syngenta notes that those states' law differs with respect to duty and causation, the standard for punitive damages, and whether there can be an assumption-of-the-risk defense. The Court is confident, however, that the jury may be clearly instructed on any such differences that affect their deliberations.[3] Just as juries are routinely instructed about the different legal standards governing different types of claims, so may the jury in this consolidated trial be instructed on different legal standards for different classes' claims—particularly in light of the Court's limiting the

---

[3] Differences in state law regarding legal issues for the Court, such as the existence of a duty, are of little or no concern in this analysis.

5

consolidation to two classes per trial.

Similarly, the Court will try together the negligence and tortious interference claims of the Arkansas and Missouri classes. Plaintiffs propose to try these claims together, while Syngenta concedes that, if consolidation is deemed appropriate by the Court, this grouping would be less objectionable and these classes' claims could potentially be tried together. Syngenta points out differences in these states' law, but again the Court is persuaded that any such hurdle may be overcome through appropriate instructions. For instance, Syngenta argues that Missouri does not instruct on intervening cause, but the Court is not bound by state law concerning how to instruct, and differences in the requirements of that defense can be made clear in the instructions to the jury. Similarly, relatively minor differences in how the two states treat the improper means element of the tortious interference cause of action may be addressed in the instructions.

The Court will also try together the negligence and statutory consumer protection claims of the Illinois and Nebraska classes, as plaintiffs propose. Syngenta argues that these classes' claims should be kept separate. With respect to the consumer protection claims, Syngenta notes that the law is less developed in Nebraska, but it has not identified any difference that especially counsels against consolidation for trial.[4] Instead,

---

[4]The parties dispute whether there is a jury trial right for the statutory claims. Trial of such claims to the Court, as Syngenta argues should occur, somewhat mitigates the problem of instructing the jury because of differing state law. Moreover, if the Court
(continued...)

6

Syngenta relies most heavily on unique features of Nebraska tort law in arguing that the Nebraska class claims should be tried separately. Specifically, Syngenta notes that the assumption-of-the-risk defense is available in Nebraska; as in the case of Missouri, however, the jury may easily be instructed about a defense that applies only to one class's claims. Similarly, the fact that punitive damages are not available to the Nebraska class does not present an insurmountable barrier to consolidation. The jury may be instructed concerning an additional claim (for punitive damages) asserted by the Illinois class, and they may additionally be instructed that they may not award any such damages to the Nebraska class. Syngenta argues that evidence relevant to the Illinois punitive damages claim would prejudice Syngenta's defense of the Nebraska claims; but as the Kansas trial showed, such evidence may also be relevant to other particular issues and thus may be admissible with respect to the Nebraska claims as well. As in the Kansas trial, the Court will instruct the jury about the purposes for which it may properly consider such evidence. Finally, Syngenta notes that under Nebraska law, the burden regarding intervening cause remains on the plaintiff, with no separate instruction. Again, as with the Missouri class, the prohibition against an instruction does not bind this Court. The different burdens may also be readily understood by the jury, just as juries are routinely required to apply different burdens of proof in rendering verdicts (as in the

---

⁴(...continued)
can receive outside the jury's presence evidence relevant only to those claims, the need for limiting instructions may be reduced.

Kansas trial).

The Court then addresses the order in which to conduct these next four class trials. Syngenta has not offered any argument concerning the order, suggesting that the question of the order may be resolved at a later date. The Court concludes that the trials should be set at this time, however. When asked at the status conference, plaintiffs' counsel agreed with the Court that it made the most sense, for purposes of obtaining information for possible future settlement, to try cases involving additional claims first. Plaintiffs note that other (as yet uncertified) classes also assert tortious interference claims. Thus, the Court concludes that it would be most beneficial—without any prejudice identified by Syngenta—to try the claims of the Arkansas and Missouri classes in the next trial. The court will try the Illinois and Nebraska classes' claims in the second trial, leaving the Iowa and South Dakota classes for the third trial. The Ohio class's claims would be tried fourth.

The Court sets those claims for trial as follows:

(1) Trial of the Arkansas and Missouri classes' claims is set for **January 22, 2018**, with dispositive motions due **September 22, 2017**.[5]

(2) Trial of the Illinois and Nebraska classes' claims is set for **April 4, 2018**, with dispositive motions due **January 5, 2018**.

---

[5]As the Court has previously indicated, the Court does not intend that the parties re-argue issues that it has already resolved. Thus, by these dispositive motions, the parties should raise only state-specific issues. The Court intends to rule on any such motion at least 30 days before the respective trial.

8

(3) Trial of the Iowa and South Dakota classes' claims is set for **May 14, 2018**, with dispositive motions due **February 26, 2018**.

(4) Trial of the Ohio class's claim is set for **October 8, 2018**, with dispositive motions due **May 28, 2018**.

The Magistrate Judge will schedule and conduct final pretrial conferences for each of those class trials utilizing the dates set forth herein.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for consolidation of class trials (Doc. # 3081) is **granted in part and denied in part** as set forth herein.

IT IS FURTHER ORDERED BY THE COURT THAT the consolidated trial of the claims of the Arkansas and Missouri classes certified by the Court is hereby set for January 22, 2018, in this Court, with dispositive motions due September 22, 2017.

IT IS FURTHER ORDERED BY THE COURT THAT the consolidated trial of the claims of the Illinois and Nebraska classes certified by the Court is hereby set for April 4, 2018, in this Court, with dispositive motions due January 5, 2018.

IT IS FURTHER ORDERED BY THE COURT THAT the consolidated trial of the claims of the Iowa and South Dakota classes certified by the Court is hereby set for

9

May 14, 2018, in this Court, with dispositive motions due February 26, 2018.

IT IS FURTHER ORDERED BY THE COURT THAT the consolidated trial of the claims of the Ohio class certified by the Court is hereby set for October 8, 2018, in this Court, with dispositive motions due May 28, 2018.

IT IS SO ORDERED.

Dated this 6th day of July, 2017, in Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge