IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR162 CORN LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>NATIONWIDE AND KANSAS CLASS ACTIONS | No. 2:14-MD-02591-JWL-JPO<br><br>MDL No. 2591 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO AMEND
NATIONWIDE AND KANSAS CLASS JUDGMENT**

On June 23, 2017, the Court entered a Judgment following the Kansas jury verdict in favor of Producer Plaintiffs ("Plaintiffs"). Syngenta has represented that it believes the June 23 Judgment is final, but Plaintiffs believe that is incorrect and that, as a result, post-trial motions are not yet due.[1] Nonetheless, in an abundance of caution to preserve the instant motion, Plaintiffs submit that the Judgment should be amended to reflect the list of producers who timely

---

[1] Pursuant to the Federal Rules of Civil Procedure, the deadline for post-trial motions is triggered off entry of a "Judgment," which is defined as an appealable decree or order. Fed. R. Civ. P. 54(a). The Judgment is not final for two reasons. *First*, the trial of the Kansas class is not final under Rule 54(b) as it was a trial of fewer than all of the claims asserted by all plaintiffs on behalf of but one certified, or alleged, class under Producer Plaintiffs' Third Amended Class Action Master Complaint ("TAC"). ECF No. 2531. Thus, the Kansas plaintiffs' claims were consolidated with the claims of the other plaintiffs named in that complaint. As a result, the June 23 Judgment does not dispose of all claims of all parties, precluding finality. *Trinity Broad. Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir. 1987) ("a judgment in a consolidated action that does not dispose of all claims shall not operate as a final, appealable judgment under 28 U.S.C. § 1291"); *see* Mem. & Order, ECF No. 3319 at 2 (holding that "by virtue of the master consolidated complaint … all of those claims [are part of] a single action"). *Second*, the June 23 Judgment does not include a plan of distribution and allocation of the money judgment as required by the Tenth Circuit in *Cook v. Rockwell Int'l Corp.,* 618 F.3d 1127, 1137-38 (10th Cir. 2010) (*citing Strey v. Hunt Int'l Res. Corp*., 696 F.2d 87, 88 (10th Cir. 1982)); *see also Garcia v. Tyson Foods, Inc.*, No. 12-3346, ECF No. 0101920564 (10th Cir., Feb. 21, 2014) (unpublished); *In re: Urethane Antitrust Litig.*, No. 04-1616-JWL, 2013 WL 3879264 at *3 (D. Kan. July 26, 2013) (Lungstrum, J.). Until such a plan is proposed and approved by the Court, there is no final judgment.

1

and validly asked to exclude themselves from the classes ("opt-outs"). The Declaration of Richard Simmons, agent for the class administrator, lists the opt-outs and was filed contemporaneously as ECF No. 3340.

## PROCEDURAL HISTORY

On September 26, 2016, the Court certified a nationwide and eight state-wide classes of corn producers who priced their corn after November 18, 2013, subject to certain exceptions. ECF No. 2547. The Court subsequently approved a form of notice to be disseminated to the class members, which provided each producer a right to seek exclusion from the class prior to judgment. ECF No. 2703. To seek exclusion, producers were required to send an "Exclusion Request" in the form of a letter personally signed by the producer if a natural person or by a non-attorney agent if a business entity. ECF No. 2703-1 at ¶ 14. The letter was required to contain the producer's: name, address, social security or tax id number; an original, handwritten signature; a statement that the producer wishes to exclude itself from the "Syngenta Federal Class Action and that [it] understand[s] that [it] will not share in any recovery obtained by judgment on behalf of the class, and that [it has] reviewed and unders[tands] the Class Notice"; and, the name of the producer's attorney, if one exists. *Id.* A producer was required to deliver the letter within 90 days of the initial mailing of the class notice, *id.*, and as a result the deadline to postmark such requests was April 1, 2017. *See* Order Rel't to Class Notice, ECF No. 2821.

The Court appointed Analytics Consulting LLC ("Analytics") to disseminate the Class Notice and to receive and process the requests for exclusion. ECF No. 2703 at 2-3. Analytics disseminated over 590,977 notices based on data supplied by the USDA Farm Service Agency ("FSA"). Declaration of Richard Simmons ("Simmons Decl.") at ¶¶ 17. In total, only 4,324 notices were undeliverable, representing only .7% of all notices mailed. *Id.* Direct mail notice reached at least 99.3% of all addressed supplied by the FSA. *Id.*

2

Analytics received 32,309 requests for exclusion from the nationwide class. *Id.* at ¶ 34. The vast majority – 30,319 – were deemed compliant with the Court's requirements. 1,990 were deemed deficient because they were postmarked after the deadline or because they failed to comply with one of the Court's requirements. *Id.* Producers who submitted compliant exclusions from the nationwide class are contained in Exhibit S to the Simmons Declaration. *See* ECF No. 3340, Exhibit S. Of these exclusions, 794 valid exclusions were received for the Kansas class. A list of these producers is attached as Exhibit C to the Simmons Declaration. *See* ECF No. 3340, Exhibit C.

## ARGUMENT

Rule 59(e) permits the Court to alter or amend a judgment. Pursuant to Rule 23, the Court has wide discretion to amend a class definition. *Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1273, 1297 (D. Kan. 2012), *aff'd,* 770 F.3d 1300 (10th Cir. 2014). "This broad discretion to modify or decertify a class extends after a trial on the merits in a given case." *Garcia*, 890 F. Supp. 2d at 1297. *Garcia* is instructive. There, the Court amended a judgment following a jury verdict in favor of the plaintiffs' class to exclude persons for whom no evidence of damages was submitted to the jury. *Id.* Similarly, this Court amended the class definition in *Urethane* after the jury returned a verdict in favor of the plaintiffs' class. That amendment excluded certain purchasers that were previously included, but for whom plaintiffs abandoned claims that they were harmed by the anti-trust conspiracy, which confined the class to the evidence presented at trial. *See In re Urethane Antitrust Litig.*, 2013 WL 2097346, at *2 (D. Kan. May 15, 2013), *aff'd,* 768 F.3d 1245 (10th Cir. 2014).

Under Rule 23(c)(3)(B), a "judgment in a class action [certified under subsection (b)(3) must" describe those to whom "notice was directed," "who have not requested exclusion, and

3

whom the court finds to be class members." The Court's September 26, 2016 Memorandum and Order granting class certification defined the members of the class, and the Judgment identifies that definition in conformance with Rule 23(c)(3)(B). The Court's subsequent order, however, approving the class notice gave producers the opportunity to seek exclusion from any judgment as required by Rule 23(b)(3). ECF No. 2821 at 1-2. As a result of these orders, and by operation of Rule 23, the producers who submitted timely and valid exclusions listed in ECF No. 3340, Exhibits S and C are respectively *not* part of the Nationwide or Kansas classes, and therefore the Judgment should be amended to reflect that fact and identify those producers.

A proposed amended judgment in conformance with Rule 23(c)(3)(B) is being submitted to the Court with this motion.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully ask for entry of a proposed amended judgment consistent with this motion.

Date: July 21, 2017

Respectfully Submitted by:

/s Patrick J. Stueve

Patrick J. Stueve—KS Bar #13847
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
stueve@stuevesiegel.com

**CO-LEAD COUNSEL, LIAISON AND CLASS COUNSEL FOR PLAINTIFFS**

Don M. Downing
**GRAY, RITTER & GRAHAM, P.C.**
701 Market Street, Suite 800
St. Louis, MO 63101
Telephone: (314) 241-5620
ddowning@grgpc.com

**CO-LEAD AND CLASS COUNSEL FOR PLAINTIFFS**

William B. Chaney
**GRAY REED & MCGRAW, LLP**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 954-4135
wchaney@grayreed.com

**CO-LEAD AND CLASS COUNSEL FOR PLAINTIFFS**

Scott Powell
**HARE WYNN NEWELL & NEWTON LLP**
2025 3rd Ave. North, Suite 800
Birmingham, AL 35203
Telephone: (205) 328-5330
scott@hwnn.com
**CO-LEAD AND CLASS COUNSEL FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Patrick J. Stueve

Co-Lead Counsel for Plaintiffs