**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE SYNGENTA AG MIR162 CORN LITIGATION** | **NO. 2:14-MD-02591-JWL-JPO** |
| **THIS DOCUMENT RELATES TO:** | **MDL NO. 2591** |
| **ALL CASES** | |

**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF IN RE: SYNGENTA AG MIR 162 CORN LITIGATION COMMON BENEFIT QUALIFIED SETTLEMENT FUND TRUST AND AGREED MOTION FOR APPOINTMENT OF SPECIAL MASTER**

Liaison, Co-Lead and Class Counsel for Plaintiffs file this *Unopposed Motion for Approval of In re: Syngenta AG MIR 162 Corn Litigation Common Benefit Qualified Settlement Fund Trust and Agreed Motion for Appointment of Special Master* and show the Court as follows:

**BACKGROUND AND SUMMARY OF RELIEF SOUGHT**

1. This Court's July 27, 2015 Order Establishing Protocols for Common Benefit Work and Expenses and Establishing the Common Benefit Fee and Expense Funds (ECF No. 936) (the "CBO Order"), requires, in part, that Plaintiffs' Liaison Counsel establish two interest-bearing accounts to receive and disburse funds provided in the CBO and subsequent Orders of the Court (CBO Order at 18 – 19). The two accounts are to be denominated as the "Corn Common Benefit Fee Fund" and the "Corn Common Benefit Expense Fund" (collectively, the "Funds"). (*Id.*, at 19). Additionally, the CBO Order contemplates that the Court will appoint a Special Master "to serve as Escrow Agent over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds, if needed." (*Id.*). The CBO Order further contemplates (i) that the Court may specify the hourly rates to be charged

by the Special Master and any assistants, (ii) that the Special Master will submit quarterly reports to Liaison Counsel, and if requested, the Court, and (iii) that the parties may jointly propose a Special Master to the Court. (*Id.*). Further, the Special Master may serve to verify that the payment into the accounts for the Funds have been properly calculated for any settlements whose terms are confidential. (*Id.*, at 24).

2. Plaintiffs' Liaison, Co-Lead and Class Counsel now seek approval of the Court to establish a trust to receive the Funds (*see* paragraphs 3 - 6, below) and to appoint the Special Master as contemplated by Article IV of the CBO Order (*see* paragraphs 7 and 8, below). Counsel seek approval of the trust described herein in order to allow treatment of the Funds as a Qualified Settlement Fund ("QSF") under Section 468B of the Internal Revenue Code. A QSF allows for tax deferral benefits for the Funds deposited into the trust until they are distributed as approved by the Court. Syngenta does not oppose the Court's approval of the trust and agrees to the appointment of the Special Master as requested.

**APPROVAL OF THE IN RE: SYNGENTA MIR 162 CORN LITIGATION COMMON BENEFIT QUALIFIED SETTLEMENT FUND TRUST**

3. Until recently, accounts as contemplated by the CBO for the Funds need not have been established as no funds nor were receipts expected to be received. However, Plaintiffs' Liaison, Class and Co-Lead Counsel have been notified by Syngenta of a recent settlement of an individual case pending in Minnesota state court covered by the Remele Agreement identified in the CBO Order (*see* CBO Order, at 5 fn. 1 and 21 fn. 5). Syngenta's notice required under the CBO Order is attached as Exhibit "A." Under the terms of the CBO Order, a five and one-half (5.5%) percent assessment (4% for fees, 1.5% for costs and expenses) is due to be paid by Syngenta under the terms of the CBO Order (CBO Order at 21). Pursuant to the settlement agreement and

4118987.1

the CBO Order, the amount of the settlement is confidential to the parties and the lawyers in that case, to be known only by the administrators of the common benefit funds.

4. Liaison, Co-Lead and Class Counsel have determined that it is in the best interest of those parties who will ultimately receive distributions of the Funds to have them received into accounts or a trust which qualify as Qualified Settlement Funds ("QSF") under Section 468B of the Internal Revenue Code and Treasury Regulation §1.468B-1. Among the benefits of receiving the funds in this manner will be the deferral of any federal income tax liability for the receipt of the funds by the QSF until the funds are distributed. At that time, the income tax liability would rest with the parties who actually receive the distributions.

5. Exhibit "B" to this Motion is a form of Trust (the "Trust Instrument") which Plaintiffs' Liaison, Class and Co-Lead Counsel propose and request that the Court approve, as required by Section 468B of the Internal Revenue Code, 26 U.S.C.§ 468B, in order obtain the tax deferral and other benefits of a QSF. The Trust Instrument is modeled after a similar trust approved by the United States District Court for the Eastern District of Missouri in *In re: Genetically Modified Rice Litigation*, establishes that Liaison, Class and Co-Lead will serve as trustees of the Trust (*see* Trust Instrument, paragraph 4.1 and Exhibit A to the Trust Instrument), and provides for the added involvement and responsibilities of the Special Master contemplated by the CBO Order (*see* Trust Instrument, at Sections 4.3, 5.1, 5.2 and 5.3). The Trust Instrument also implements the requirements of the CBO Order that two accounts be established under the Trust – one for fees and one for expenses (*see* Trust Instrument, at Section 4.2). Additionally, the Trust Instrument establishes investment parameters consistent with the CBO Order, but also based upon advice from financial institutions counsel are considering to retain for management and deposit of the Funds, includes a definition of money market funds and permits investment in investment

grade, fixed yield securities. (*See* Trust Instrument, at Section 4.4). All investments, however, must be made "solely in the interest of the accomplishment of the purposes and objectives of the Trust." (*Id.*).

6. Under the regulations adopted pursuant to 26 U.S.C. 468B, in order to qualify as a QSF, a fund or trust must be established pursuant to court order, be established to resolve or satisfy one or more contested or uncontested claims, including those arising out of a tort, and be a valid trust under state law and in which its assets are otherwise segregated from other assets of the transferor. Treas. Reg. § 1.468B-1(c)(1)-(3). The first element – establishment pursuant to court order – is what counsel now seek. The second element is met as this fund is established as part of the resolution of contested tort claims and in satisfaction of Syngenta's hold payment and payment obligations under the CBO Order. Finally, the third element is also met as Syngenta' assets are segregated from the Trust and Syngenta, upon payment, has no interest in the Funds (*see*, Trust Instrument, at Section 2.3).

## AGREED APPOINTMENT OF SPECIAL MASTER

7. Plaintiffs' Liaison, Class and Co-Lead Counsel have conferred with Syngenta regarding appointment of the Special Master contemplated under Article IV of the CBO Order. Plaintiffs' counsel and Syngenta agree to the appointment of Ted Halpin ("Halpin"), a certified public accountant practicing in both Kansas City, Missouri and Kansas. Halpin's biography and a summary of his qualifications are attached as Exhibit "C." Halpin has agreed to serve as the Special Master under the terms of the CBO and at the compensation and rates set forth in attached, Exhibit "D."

8. Halpin is qualified to serve and his appointment will be in the best interests of the parties to whom distributions of the Funds may ultimately be made. Halpin has additionally reviewed and approved the terms of the Trust Instrument.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs' Liaison and Co-Lead Counsel respectfully request that this Court grant this *Unopposed Motion for Approval of the In re: Syngenta AG MIR 162 Corn Litigation Common Benefit Qualified Settlement Fund Trust and Appointment of Special Master,* approve the Trust Instrument attached as Exhibit "B" and appoint Halpin as the Special Master under Article IV of the CBO Order according the terms and conditions set forth in Exhibit "D."

Dated: July 31, 2017.

Respectfully Submitted By:

/s/ Patrick J. Stueve
Patrick J. Stueve—KS Bar #13847
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
stueve@stuevesiegel.com
**CO-LEAD COUNSEL, LIAISON AND CLASS COUNSEL FOR PLAINTIFFS**

Don M. Downing
**GRAY, RITTER & GRAHAM, P.C.**
701 Market Street, Suite 800
St. Louis, MO 63101
Telephone: (314) 241-5620
ddowning@grgpc.com
**CO-LEAD AND CLASS COUNSEL FOR PLAINTIFFS**

William B. Chaney
**GRAY REED & MCGRAW, LLP**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 954-4135
wchaney@grayreed.com
**CO-LEAD AND CLASS COUNSEL FOR PLAINTIFFS**

Scott Powell
**HARE WYNN NEWELL & NEWTON**
2025 3rd Ave. North, Suite 800
Birmingham, AL 35203
Telephone: (205) 328-5330
scott@hwnn.com
**CO-LEAD AND CLASS COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was electronically filed on this 31st day of July, 2017, with the Clerk of the Court using the CM/ECF system, which sent notification of filing to all attorneys of record.

/s/ Patrick J. Stueve
PATRICK J. STUEVE