IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR 162 CORN LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>    Nationwide Lanham Act Class Action<br><br>    Kansas Class Action | Master File No. 2:14-MD-02591-JWL-JPO<br><br>MDL No. 2591 |

**RESPONSE TO PLAINTIFFS' MOTION TO AMEND THE JUDGMENT**

Plaintiffs have asked the Court to amend the judgment entered on June 23, 2017, ECF No. 3312 ("June 23 Judgment"), to reflect the list of producers who timely and validly sought exclusion from the Nationwide Lanham Act Class and the Kansas Class. Syngenta has no objection to an amendment that reflects those who timely and validly opted out of the class, while preserving its objections to the judgment and its right to appeal.

Plaintiffs' motion, however, also asserts in a footnote that the June 23 Judgment is not final and appealable (i) because it does not include a plan of allocation for distributing the damages awarded to the Kansas Class to individual members of that class, and (ii) because the separate claims of all twenty-two putative state classes described in the Producer Plaintiffs' Third Amended Class Action Master Complaint ("Third Master Complaint") (ECF No. 2531), and the claims of every individual plaintiff named in that complaint or who has filed a notice to conform, have not yet been decided. Mot. to Am. J. 1 n.1 (ECF No. 3342). Syngenta respectfully submits that Plaintiffs' footnote—which has nothing to do with their request for an amendment that simply reflects opt-outs—is both legally flawed and inappropriate to the extent it invites an advisory opinion from this Court addressing the finality of the Court's own judgment for purposes of appeal.

1

To the extent Plaintiffs doubt the finality of the judgment, any claim on that score should be presented to the Tenth Circuit *after* a notice of appeal has been filed because it is up to that court to decide its own jurisdiction. Nevertheless, to ensure that the record is clear, Syngenta responds to Plaintiffs' assertions here.

### A. Syngenta Will File A Motion Asking The Court To Adopt A Plan Of Allocation.

With respect to Plaintiffs' assertions concerning a plan of allocation, solely to remove any doubt that a final, appealable judgment has been entered in the actions brought by the Nationwide Lanham Act Class and the Kansas Class, Syngenta intends to file a motion asking the Court to adopt a plan of allocation to be implemented in the event that the jury's award is upheld. Syngenta has been meeting and conferring with counsel for Plaintiffs over the last several days, and the parties are very close to an agreed-upon order proposing a plan of allocation while expressly preserving Syngenta's arguments on appeal, including but not limited to Syngenta's objections to class certification and to the judgment. Accordingly, Syngenta plans to file a motion asking the Court to adopt a plan of allocation within the next two days and expects to be able to submit an agreed-upon proposed order at that time.

While Syngenta believes that the Tenth Circuit's anomalous allocation-before-appeal cases are not well founded, any potential issue raised by those decisions is easily addressed. Once the Court enters an order with a plan of allocation and incorporates that plan into the judgment, there can be no doubt that there will be a final judgment resolving all claims raised by the Nationwide Lanham Act Class and the Kansas Class under Tenth Circuit precedent. *See, e.g.*, *Garcia v. Tyson Foods, Inc.*, No. 12-3346, Order of Feb. 21, 2014; *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1137-38 (10th Cir. 2010); *Strey v. Hunt Int'l Resources Corp.*, 696 F.2d 87, 88 (10th Cir. 1982).

**B.    The June 23 Judgment Is Final Because It Disposes Of All Claims By All Parties In The Actions Brought By The Nationwide Lanham Act Class And The Kansas Class.**

Plaintiffs' assertion that the June 23 Judgment is not final because it decides less than all claims of all parties in the action before the Court is patently incorrect. The June 23 Judgment is a "final decision" under 28 U.S.C. § 1291 because it quite obviously provides a final resolution of all the claims in the actions brought by the Nationwide Lanham Act Class and the Kansas Class. It is well settled that "[f]inal decisions are those that end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005). That is exactly what the June 23 Judgment accomplished in the actions by the Nationwide Lanham Act Class and the Kansas Class. All the claims of those classes have been resolved and nothing remains to be done except to execute the judgment. Accordingly, the judgment is final and appealable, and Syngenta is entitled to take its appeal as a matter of right.

Plaintiffs' theory that the June 23 Judgment is not final because it does not dispose of all claims raised by all the *other* plaintiffs in the *entire* Third Master Complaint—including claims by individuals and by 21 additional state-wide proposed classes (most of which have not even been certified)—fundamentally misunderstands the function of the master complaints in this MDL. The Court expressly limited the effect that master complaints would have, and under the Court's orders, master complaints were never intended to—nor did they—consolidate the separate actions in this MDL into a single action merged for all purposes. Instead, the actions retained their separate character, as reflected by the fact that the parties fully retained their *Lexecon* rights[1] to have the separate cases returned to their courts of origin at the conclusion of pretrial proceedings. Indeed, the record makes the limited effect of any master complaint very clear.

---

[1] *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

*First*, the Court's Order Relating to Consolidated Pleadings, ECF No. 287 ("CPO"), expressly restricted the effect that any master complaints would have. That order was the result of the parties' request for "clarification" to "more specifically set out the course and impact of any C[onsolidated] A[mended] C[omplaints]" filed in this MDL. CPO 1. The CPO expressly acknowledged that "[c]ases consolidated for MDL pretrial proceedings ordinarily retain their separate identities," CPO 1 (quoting *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 904 (2015)), but also noted authority suggesting that a substantive consolidated complaint could "merge" cases in an MDL into a single case. *Id.* at 2. In light of that authority, the Court then clarified the effect that a substantive Master Complaint would have in *this* MDL, making clear that such a complaint would *not* merge cases for all purposes:

> "Nothing in this Order, the filing of a Master Complaint, or a Plaintiff's filing of a Notice to Conform shall be deemed to affect where that Plaintiff's case is ultimately set for trial, and both sides reserve all of their respective rights and arguments (under *Lexecon* and otherwise) as to venue at the conclusion of pretrial proceedings in this MDL."

CPO 5. That statement necessarily reflects the understanding that a Master Complaint would not consolidate all of the cases for all purposes into a single action in the District of Kansas. Instead, the CPO clarified that any Master Complaint would *not* eliminate the separate identity of different actions in the MDL.

The CPO also addressed the effect that a Master Complaint would have as to the cases of plaintiffs who were named for the first time in a Master Complaint filed in this MDL (as distinguished from plaintiffs who originally filed their cases in other districts and whose cases were transferred by order of the JPML).[2] As the Court explained, Plaintiffs' Counsel had indicated

---

[2] Several of the class representatives for the Nationwide Lanham Act Class and the Kansas Class first filed their suits by being named in one of the master complaints in this MDL.

4

that it would be "administratively preferable" if they could add additional plaintiffs to the case without first having to file separate lawsuits in other districts, which would then be transferred through the MDL process—if a direct filing order could be used to expedite the same end result of having those plaintiffs in this MDL for purposes of pretrial proceedings without having to wait for JPML transfer. CPO 3. The Court thus permitted new plaintiffs to be added by being named in a Master Complaint, but at the same time made clear that the cases of such plaintiffs would *not* be treated as a single merged action in the District of Kansas and instead would retain their separate character. The CPO states:

> New Plaintiffs named in the Master Complaint shall be *deemed* to have filed suit in the District of Kansas *for purposes of pretrial proceedings*. Nothing in this Order, however, shall be construed to address the appropriate venue for any given Plaintiff for purposes of trial under *Lexecon*, or construed as a ruling on whether venue properly exists for a particular Plaintiff.

*Id*. at 4 (emphasis added). By expressly providing that a plaintiff named in a Master Complaint would be "deemed" to have filed in the District of Kansas solely "for purposes of pretrial proceedings" and by making clear that his case could later be sent to a different district where venue was appropriate for trial (just as if the case had originally been filed in another district and sent to this district by the MDL process), the Court could hardly have made it clearer that the separate actions by all plaintiffs incorporated into a Master Complaint were *not* being merged into a single action for all purposes. The express reservation of *Lexecon* rights makes that limited effect of any Master Complaint clear. Indeed, the obvious purpose of this provision in the CPO was to underscore that, while the Court would permit Plaintiffs to name new individual plaintiffs in a Master Complaint as a matter of administrative convenience, the Court would *not* permit such a filing to evade venue requirements or become an end-run around *Lexecon,* and that such actions would retain their separate character and could later be sent to other districts just as if they had originally been filed in other districts as entirely separate actions.

5

Tellingly, moreover, in making all these decisions about Master Complaints and detailing the limited effect such complaints would have in this MDL, the Court acted expressly under the authority of Rule 42(a)(3). *See* CPO 3. That rule applies where "actions before the court"—that is, *separate* actions before the court—"involve a common question of law or fact," and the rule simply permits the court to "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3). Indeed, the Court expressly quoted the entire text of Rule 42(a)(3) to make explicit the authority it was invoking. *See* CPO 3. The Court conspicuously did *not* invoke and did not exercise authority under Rule 42(a)(2), which permits a district court to take the very different course of "consolidat[ing] the actions." Fed. R. Civ. P. 42(a)(2).

*Second*, Plaintiffs' own language in the Third Master Complaint makes clear that Plaintiffs did not think the claims of the disparate state-wide classes collected in that complaint were being treated as merged into one action. Unlike a complaint where various plaintiffs have joined together in the *same claims*, the Third Master Complaint lists the claims of each state-wide class *separately* in entirely separate counts. ECF No. 2531, ¶¶ 381-873. There is not a single common claim among any of the disparate putative state classes described in the complaint. The Third Master Complaint also expressly treats the statewide classes as separate actions as it reserves to Plaintiffs "the right to *seek to combine* one or more of the Statewide Classes as appropriate" in the future. *Id*. ¶ 380 (emphasis added). Such a statement would hardly have made sense if the consolidated complaint already had the effect of consolidating the statewide classes into a single action for all purposes.

*Third*, the Court's prior rulings and statements on the record confirm that the Third Master Complaint did *not* merge the actions brought by the Nationwide Lanham Act Class and the Kansas Class with the actions brought by all the other state-wide classes asserted in the Third Master

6

Complaint.  If the Third Master Complaint had actually had that effect, then in order to conduct the trial that was just completed in June, the Court would have had to enter an order under Rule 42(b) severing the Nationwide Lanham Act Class and the Kansas Class actions for a separate trial. No such order appears on the docket.

In addition, the Court has made it explicitly clear that the Third Master Complaint did *not* merge all the claims asserted in it into a single action.  For example, at a hearing on December 16, 2016, the Court stated that it "just occurred to me" that some of the state class actions could be tried *together*, and so the Court asked the parties "to think about the possibility and discuss" it. 12/16/2016 Hr'g Tr. 6:13-18 (ECF No. 2753).  That was the first occasion on which the possibility of trying different state classes together was raised, and it is obvious from the Court's comments that no one—neither the parties nor the Court—had previously thought that *all* the claims raised by *all* twenty-two putative state-wide classes described in the complaint had *already* been merged into a single action simply by virtue of having been collected together in the Third Master Complaint.  To the contrary, at the class certification hearing, Plaintiffs made clear their understanding that "each one of the separate state classes would be tried separately." Sept. 14, 2016 Hr'g Tr. 141.  And even *after* the Court invited consideration of combined trials, Plaintiffs made clear in their proposals to Syngenta their understanding that combined trials would require the Producer Plaintiffs to file a "motion to consolidate."  12/21/2016 E-mail from W. Chaney to R. Naresh & T. Schult, attached as Exh. B to Exh. 2 attached to Joint Submission In Resp. To Court's Order, Dec. 16, 2016 Tel. Conf., ECF No. 2766.

The Plaintiffs then shifted position and claimed for the first time that the filing of the Third Master Complaint had already merged the putative state classes into a single action and that Syngenta would have to file a motion for separate trials under Rule 42(b) to sever them.  *See* Joint

7

Submission In Resp. To Court's Order, Ex. 1, at 3-4 (ECF No. 2766). Syngenta explained why that assertion was wrong. *Id.* Exh. 2, at 5. After considering the parties' submissions, the Court expressly rejected Plaintiffs' position that the disparate class actions were already merged and decided that, if any of the class actions were to be tried together, "the appropriate next step is for the *plaintiffs* to file their motion *to consolidate*." 1/6/2017 Hr'g Tr. 3:7-11 (ECF No. 2786) (emphasis added). The Court thus made clear that, under the limited effect given to Master Complaints, the various class actions remained *separate*, to be consolidated for trial only if the Court concluded, upon motion, that consolidation was appropriate.

Plaintiffs cite the Court's order of July 6, 2017, issued *after* the judgment had been entered in the Nationwide Lanham Act and Kansas Class actions, in which the Court said this case "is already a joined action, including all seven remaining class actions, by virtue of the master consolidated complaint, which the Court has interpreted as placing all of those claims in a single action." Order on Mot. to Consol. 2 (ECF No. 3319). Syngenta respectfully submits, however, that it is simply not accurate to suggest that any of the Court's prior orders interpreted the master complaint as "placing all of those claims in a single action." As explained above, the Court's orders did the opposite. And the July 6 Order cannot retroactively alter the meaning of the CPO, change the effect of a master complaint, or alter the status of the disparate state class actions, which the Court had already recognized were *not* merged into a single action. Especially where the Court's prior orders are essential for protecting the parties' rights and Syngenta has relied on those orders to preserve its rights, the Court cannot accept Plaintiffs' invitation to adopt a shifting interpretation of the effect to be given a Master Complaint.

In any event, wholly apart from the reality that the various actions have not been merged into a single action, delaying an appeal of this Court's final resolution of the Nationwide Lanham

8

Act Class and Kansas Class Actions would make no sense and ill serve the ends of justice and judicial economy. If the Tenth Circuit ultimately affirms this Court's decision, it could streamline the resolution of the remaining cases. And if the Tenth Circuit reverses, it could avoid legal errors being replicated in other actions. It would not serve anyone's interest for multiple class actions to be tried when trials are unnecessary (or might have to be redone) all because appellate review was deferred until long after the final resolution of the Nationwide Lanham Act Class and the Kansas Class actions. This Court could remove all doubt on these matters and obviate any need for the Tenth Circuit to address objections to its appellate jurisdiction by certifying its judgment as to the Nationwide Lanham Act Class and Kansas Class as a "final judgment as to … fewer than all claims or parties" as to which "there is no just reason for delay" in entering an appealable judgment. Fed. R. Civ. Pro. 54(b). The two prongs of that standard are plainly satisfied here.

*First,* the judgment as to the Nationwide Lanham Act Class and the Kansas Class is final because it has resolved all claims of those classes and leaves nothing to be done other than executing the judgment. The claims of those two classes are certainly "distinct and separable from the claims left unresolved." *Fulghum v. Embarq Corp.*, 938 F. Supp. 2d 1090, 1138 (D. Kan. 2013), *rev'd in part on unrelated grounds,* 778 F.3d 1147 (10th Cir. 2015). Nothing in the remaining state classes to be tried can affect the outcome in the Lanham Act case or the Kansas Class case in any way.

*Second*, there is also no just reason for delay, and Plaintiffs have not provided any grounds for delaying an appeal. To the contrary, there is every reason to allow an appeal as expeditiously as possible. As the Court is well aware, this case involves disputed issues of law both on the merits and as to class certification on which Syngenta has sought appellate review at every available opportunity for almost two years. Now that the first trial has been completed, prompt appellate

review is especially vital, not only as a matter of fundamental fairness to Syngenta, but also because a decision from the Tenth Circuit will affect literally thousands of cases and could eliminate the need for those cases to proceed at all. This Court has already scheduled four more class action trials that will necessarily be affected by any decision on appeal in this case, as will the further putative state class actions in this MDL on which motions for class certification have not yet been filed—not to mention thousands of actions pending in other courts across the country, all of which could also be influenced by a decision from a federal court of appeals.

Simply as a matter of efficient use of both the Court's and the parties' resources, it makes no sense to forestall appellate review while the Court forges ahead with four additional class action trials, every one of which could be unnecessary (or could have to be redone) depending on how the Tenth Circuit rules in this case. If Syngenta is successful on an appeal now, it would mean that the Court and the parties unnecessarily expended resources on *one* trial. But if an appeal is delayed until after the Court completes four more consolidated trials, time and expense may have been wasted on *five trials* (for example, if the Tenth Circuit concludes that there is no duty or that plaintiffs' claims are too remote for proximate cause). There is no just reason to condemn Syngenta to the expense of such repeated trials before Syngenta is permitted even its first opportunity at appellate review. Indeed, if Plaintiffs' theory of finality is taken seriously, the delay could be even longer. Under Plaintiffs' theory, the putative state classes that Plaintiffs have not even sought to certify yet are also merged into the same action by virtue of being included in the Third Master Complaint. Thus, under Plaintiffs' theory, there would be no final judgment until the claims of *those* putative classes have been resolved as well. Such endless delay makes no sense. To the contrary, as judges in this district have recognized, especially where remaining claims could take years to resolve and "devour a staggering amount of resources," the "most prudent course of action

is to have the Tenth Circuit review the rulings" of the district court "sooner [rather] than later" to "avert the costly possibility of having to retry" claims or the expense of trying claims that need never be tried at all. *Apsley v. Boeing Co.*, No. 05-1368-EFM, 2011 WL 2690119, at *2 (D. Kan. July 11, 2011) (granting certification under Rule 54(b)).

Delaying an appeal would also be fundamentally contrary to the objectives of the MDL process. That process is intended to ensure efficient, coordinated pretrial proceedings so that cases can be prepared for trial expeditiously and can then be *released* from the pretrial process, go to trial, and, if necessary, go on to appeal. Indeed, especially in large MDLs like this one in which multiple trials will be required in sequence, advancing early cases to appeal is vitally important for securing definitive rulings on the law that can guide both later cases and the parties' views on overall resolution of the litigation.

In short, prompt appellate review makes sense and the path to that appellate review is clear. This Court can and should promptly adopt a plan for allocating damages, which Syngenta intends to submit within the next two days, and this Court can and should either clarify that there has been no consolidation or remove all doubt on this score by entering a Rule 54(b) certification.

Dated: August 21, 2017  Respectfully submitted,

/s/ *Thomas P. Schult*
Thomas P. Schult (tschult@berkowitzoliver.com)
Jennifer B. Wieland
(jwieland@berkowitzoliver.com)
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
Telephone: (816) 561-7007
Fax: (816) 561-1888

*Liaison Counsel for Syngenta Defendants*


Michael D. Jones (mjones@kirkland.com)
Edwin John U (edwin.u@kirkland.com)
Patrick F. Philbin (patrick.philbin@kirkland.com)
Bridget K. O'Connor
(bridget.oconnor@kirkland.com)
Ragan Naresh (ragan.naresh@kirkland.com)
Patrick Haney (patrick.haney@kirkland.com)
**KIRKLAND & ELLIS LLP**
655 15th Street N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Fax: (202) 879-5200

*Lead Counsel for Syngenta Defendants*

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2017, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ Thomas P. Schult*
Thomas P. Schult