```
 1                 UNITED STATES DISTRICT COURT
                        DISTRICT OF KANSAS
 2

 3   In Re:
                                  Case No. 14-md-2591
 4   Syngenta AG MIR 162
     Corn Litigation              (Consolidated Classes
 5                                Kansas, Arkansas and Missouri)

 6
                                  Kansas City, Kansas
 7
                                  Date:  8/25/2017
 8   .........................

 9            TRANSCRIPT OF TELEPHONE CONFERENCE
                         BEFORE
10
              THE HONORABLE JOHN W. LUNGSTRUM
11          SENIOR UNITED STATES DISTRICT JUDGE

12
      TELEPHONIC APPEARANCES FOR THE PLAINTIFFS:
13
     Patrick J. Stueve          Don M. Downing
14   Stueve Siegel              Gray, Ritter & Graham, P.C.
       Hanson, LLP              701 Market Street
15   460 Nichols Road           Suite 800
     Suite 200                  St. Louis, MO 63101
16   Kansas City, MO 64112
                                Scott A. Powell
17                              Hare Wynn Newell & Newton
                                2025 Third Avenue
18                              Suite 800
                                Birmingham, AL 35203
19
      TELEPHONIC APPEARANCES FOR THE SYNGENTA DEFENDANTS:
20
     Patrick Philbin            Thomas P. Schult
21   Ragan Naresh               Berkowitz Oliver Williams
     Kirkland & Ellis             Shaw & Eisenbrandt, LLP
22   655 15th Street, NW        2600 Grand Boulevard
     Suite 1200                 Suite 1200
23   Washington, D.C. 20005     Kansas City, MO 64108

24

25
```

```
 1                   (Court called to order.)
 2                   THE COURT:  This is Case No. 14-md-2591, In
 3   re: Syngenta AG MIR 162, Corn Litigation.  Would the
 4   parties please state their appearances beginning with
 5   plaintiffs' co-lead counsel.
 6                   MR. STUEVE:  Good morning, Your Honor.
 7   Patrick Stueve here.  Along with me is Brad Wilders.
 8                   MR. DOWNING:  Don Downing here, Your Honor.
 9                   MR. POWELL:  And Scott Powell for the
10   plaintiffs.
11                   THE COURT:  I heard Mr. Downing but someone
12   else was speaking as well.
13                   MR. POWELL:  I'm sorry, Your Honor, Scott
14   Powell for the plaintiffs.  I think I interrupted
15   Mr. Downing.
16                   THE COURT:  Okay.  Anyone else for
17   plaintiffs' co-lead?  All right.  Thank you.
18         For Syngenta?
19                   MR. NARESH:  Good morning, Your Honor, Ragan
20   Naresh, Kirkland & Ellis for Syngenta.
21                   THE COURT:  Good morning, Mr. Naresh.
22   Anybody else on the line from your end?
23                   MR. PHILBIN:  Yes, Your Honor, Patrick
24   Philbin for Syngenta.
25                   THE COURT:  All right.  Anybody else?
```

1       MR. SCHULT:  Tom Schult for Syngenta.
2       THE COURT:  All right.  Does that cover it
3   for Syngenta?  All right.  Thanks.
4       I appreciate your being available on relatively
5   short notice for this call.  As Sharon alerted you by
6   e-mail and then for the calendar for this case, the
7   primary reason I wanted to talk is I need to move the
8   January 22nd, 2018 trial date for the Arkansas and
9   Missouri classes up from January 22nd to January 16th to
10  accommodate some other scheduling issues.
11      I assumed with this much lead time that that was
12  not a big problem for anybody.  But before I formally
13  did that, I wanted to at least ask you if there were any
14  problems.  And assuming that there were none, what else
15  do we need to do to accommodate moving that up?
16  Obviously you have anticipated that already by the
17  motion that was filed to change some pretrial scheduling
18  dates in terms of filing -- filing some information.
19      So that's what we're here for primarily and a
20  couple of other things that I want to touch on as well.
21  But let me start with plaintiffs' co-lead counsel, any
22  problems or things that you think we should address?
23      MR. STUEVE:  Your Honor, this is Pat Stueve.
24  No problems and nothing comes to mind at this point that
25  we need to raise.

1                THE COURT:  Okay.  Thanks.
2           And for Syngenta?
3                MR. NARESH:  Yes, Your Honor, Ragan Naresh.
4    Also no issues on our end.
5           With respect to the second half of your question,
6    we've been working with the plaintiffs on the submission
7    that we had committed to getting to Your Honor earlier
8    this week and we have largely reached an agreement on
9    all sorts of pretrial dates.  And then, when we saw
10   Sharon's e-mail, we asked for a little bit more time.  I
11   don't think the dates are going to change a lot but we
12   have some proposed dates we need to tweak in light of
13   the trial date changing.
14               THE COURT:  Yeah, sure, that makes total
15   sense.  And honestly I had -- it had totally skipped my
16   mind that that submission was due or else I would have
17   tried to relieve you of that obligation without you
18   having to ask.  But as you may tell from the way Sharon
19   orchestrated the call here, I'm not in the office.  In
20   fact, I'm in Estes Park, Colorado and I did overlook
21   that detail.  I apologize.
22          So let's do this then:  We will officially go
23   ahead and move the trial date to January the 16th and
24   then we'll take a look and see what you all need to do
25   with regard to those pretrial dates.

1                The second thing that Sharon pointed out to me is
2    that when I set the October 2018 trial date that I set
3    it to begin on Columbus Day.  And since the courthouse
4    isn't open, it makes it difficult to have a trial.  So
5    we're going to move that to October 9th instead of
6    October 8th.  Obviously that's pretty insignificant but
7    it's something we need to accomplish.  I assume there
8    are no objections.  And hearing none, I -- we will make
9    that change as well.
10               The third thing that I wanted to address, as long
11   as we were on the line, and this was an afterthought
12   from my original intention to have this conference, was
13   that Syngenta filed a motion, Document No. 3398, which
14   is styled as an Unopposed Motion to Include a Plan of
15   Allocation of Damages in the Judgment seeking to make
16   sure that there's a final judgment from which it can
17   appeal.  And I wanted to get plaintiffs' take on this
18   whole issue of allocation.  Not whether you think it's
19   necessary.  I understand your -- you're not sure about
20   all that.  But Syngenta purports to have a plan of
21   allocation for you.  What do you think about that?
22               MR. WILDERS:  Your Honor, this is Brad
23   Wilders.  We actually had been meeting and conferring
24   with Syngenta.  They proposed they wanted to make this
25   motion and we agreed with the plan of allocation that

1   Syngenta is proposing.  So we worked with them on that
2   and we think it addresses the necessary specificity to
3   meet the finality of the requirement, at least as
4   relates to the plan of allocation, and that it's a fair
5   and equitable way to distribute the judgment at the end
6   of the day.
7                THE COURT:  All right.  So what I would like
8   you to do, I would like plaintiffs' co-lead to file a
9   response so that we've got that in the written record
10  that this plan of allocation is your plan of allocation.
11  I mean, really it's your business to decide how to
12  propose an allocation plan, not the defendants.  I
13  understand why the defendant wants to take the
14  initiative here but I'm a little more comfortable with
15  it if your formal stamp of approval is made by way of a
16  filing in the case.  So within the response time for
17  responding to a motion, go ahead and file your response.
18  And assuming that it remains what you've said it is, I
19  see no reason then why I wouldn't grant the motion.
20               MR. WILDERS:  Very well, judge.
21               THE COURT:  That calls to mind one other
22  question that I want to throw out today, though I don't
23  necessarily anticipate resolving this today but any
24  means, but we have this whole motion practice concerning
25  the plaintiffs' motion to amend the judgment to list the

1   names of the opt-outs.  And that's led to a multiplicity
2   of motions to extend the time to file by the plaintiffs
3   who want to be within the opt-out category, again
4   another motion filed prompted by the weather in Texas.
5           But there's a threshold question in my mind that
6   I'm not sure has been as thoroughly addressed as I wish
7   it would, and I think in any response -- responses or
8   replies that have been filed I would like to see
9   addressed, and that is why did -- why do the opt-outs
10  need to be enumerated in the judgment at all?  I'm not
11  sure I've done that in the past.
12          To me that's a matter of something that does not
13  need to be spelled out.  If they opted out or they
14  didn't, according to whatever the formula was that was
15  supposed to have been -- or the timing that was supposed
16  to have been in place and trying to list every opt-out
17  in the judgment seems like more of a bureaucratic
18  process than necessarily needs to occur.  So I'm hitting
19  you with this somewhat out of the blue.  But does
20  anybody from the plaintiffs wish to enlighten me on that
21  point?
22          MR. WILDERS:  Your Honor, this is Brad
23  Wilders.  We did look at this issue and we could not
24  come to, I would say, a consensus on the case law as to
25  whether or not it was or was not required.  And given

1  the number of opt-outs in this case, we thought it would
2  be best if we proposed that so that there would be no
3  dispute down the line about it.  But we're happy to take
4  a look at that again.  And I believe Syngenta had a
5  contrary position, at least they may, they'll speak for
6  themselves.  But if the court wants us to look at that
7  again and brief it, we will certainly do so.
8              THE COURT:  Well, in your reply to whatever
9  the responses are, I do want you to address that, if you
10 would please.
11    Now, Syngenta, you have filed a response but what
12 is your position on the need for the enumeration of the
13 opt-outs?
14              MR. PHILBIN:  Your Honor, this is Patrick
15 Philbin.  We did not think it was necessary.  We did not
16 oppose the request because we didn't mind if the
17 judgment includes the opt-outs.  We do not think it's
18 necessary.
19              THE COURT:  Okay.  So is that a topic on
20 which -- which you care to file anything further or are
21 you willing to just let it ride with whatever the court
22 ultimately decides?
23              MR. PHILBIN:  Well, Your Honor, I suppose if
24 we could have the opportunity.  Our concern at this
25 point would only be that, while we do not -- we did not

1  oppose the request, if this turns into, as the court
2  noted, it's sort of a bureaucratic process that extends
3  and extends, and by that, just the function of trying to
4  determine who opted out, it makes it harder for a final
5  judgment to actually get entered, that's where our
6  interests would start to be affected.
7              THE COURT:  Right.  Well, if you wish to
8  provide any input with regard to the legal necessity of
9  doing it, not so much the prudential value of it, but
10 the legal necessity, please feel free to do so.  Let me
11 give you a deadline.  I think -- what would be
12 appropriate?  How much would you like time -- how much
13 time would you like if you cared to weigh in?
14             MR. PHILBIN:  Your Honor, it might make
15 sense if we simply had the same deadline as the
16 plaintiffs for their reply.
17             THE COURT:  Is that September 19th?
18             MR. PHILBIN:  I'm afraid I honestly -- I
19 don't have the schedule in front of me.
20             THE COURT:  I've got -- I've got iPads and
21 iPhones and everything else here but I don't have that
22 date sitting in front of me.
23        Sharon, do you have that?
24             COURTROOM DEPUTY:  I'm looking.  Yeah, I'm
25 looking.

1              THE COURT:  I can go back to Mr. Watt's
2    motion if nothing else.
3              COURTROOM DEPUTY:  I show reply date of
4    September 5, but that's ECF and that could be
5    inaccurate.
6              THE COURT:  No.  Yeah, that's -- the
7    response date was extended to I think -- I was thinking
8    the 19th.  Watt's motion doesn't really clarify that.
9              COURTROOM DEPUTY:  Well, if you keep
10   talking, I'll try to find it.
11             THE COURT:  Okay.
12             MR. WILDERS:  I believe the date is
13   September 8th.
14             THE COURT:  8th?
15             MR. WILDERS:  Yeah.
16             THE COURT:  Only off by quite a bit.  How
17   about September 8th, Mr. Philbin, does that work?
18             MR. PHILBIN:  Yes, Your Honor, that will be
19   fine.  Thank you.
20             THE COURT:  Okay.  Let's make it September
21   8th then and that's whatever it is for the other people,
22   that ought to be good enough.  And again I don't know
23   where I got that 19th in my mind but that's -- that's
24   what it is.  Okay.
25             The last thing I wanted to touch on was to

1   reaffirm with plaintiffs' co-lead counsel that I have
2   given my stamp of approval very much to the settlement
3   team that's been put together by Ellen Reisman.  And I
4   want there to be an understanding by counsel on both
5   sides that I am very much supportive of the process that
6   she is working and the way in which that team has been
7   put together and that I expect counsel for all parties
8   to be cooperative in that process and to be guided by
9   her in that process.
10           Whether you settle the case or not, that's
11  entirely up to you.  But the process is what the process
12  is and it's the process that I want to see followed in
13  this case.  This isn't her process, it's my process, one
14  that we've talked about with the other judges and we are
15  all fully in agreement with this particular approach and
16  I want that to be understood.  Is there any question
17  about that?  All right.
18           Is there anything else we should do in this
19  matter today?
20              MR. STUEVE:  None from the plaintiffs' side,
21  Your Honor.
22              THE COURT:  And for Syngenta?
23              MR. NARESH:  No, Your Honor.  Nothing from
24  us.
25              THE COURT:  All right.  Well, thank you all

1  very much and again I appreciate your getting together
2  on such short notice for this and I'll look forward to
3  our next occasion.  For now though, we are in recess.
4              (Proceedings adjourned.)
5
6
7                      CERTIFICATE
8       I certify that the foregoing is a correct
9  transcript from the record of proceedings in the
10 above-entitled matter.
11    DATE:   August 28, 2017
12
                   /s/Kimberly R. Greiner
13                 KIMBERLY R. GREINER, RMR, CRR, CRC, RDR
                   United States Court Reporter
14
15
16
17
18
19
20
21
22
23
24
25