IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR 162 CORN LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>    Nationwide Lanham Act Class Action<br><br>    Kansas Class Action | Master File No. 2:14-MD-02591-JWL-JPO<br><br>MDL No. 2591 |

**SYNGENTA'S FURTHER RESPONSE
TO PLAINTIFFS' MOTION TO AMEND THE JUDGMENT**

Syngenta files this further response to Plaintiffs' Motion To Amend the Judgment, ECF No. 3341, in accordance with the Court's invitation to address the question whether there is any need for the judgment to list or specifically identify producers who have opted out of the two classes at issue in the Court's judgment. *See* 8/25/2017 Hr'g Tr. 9:7-13 (ECF No. 3404).

It is well settled that there is no requirement for a judgment in a class action to list all the names of members of the class or, conversely, the names of putative class members who have opted out of the class. Federal Rule of Civil Procedure 23(c)(3)(B) requires only that a judgment in a class action maintained under Rule 23(b)(3) shall "include and specify *or describe* those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members." (emphasis added). That rule "does not require a list of every single class member" in the judgment, nor a list of those who have opted out. *In re NASDAQ Market-Makers Antitrust Litig.*, 184 F.R.D. 506, 511 (S.D.N.Y. 1999); *accord Nat'l Org. for Women v. Scheidler*, No. 86 C 7888, 2007 WL 2409826, at *4 (N.D. Ill. Aug. 22, 2007), (explaining that the "description of 'all women's health centers in the United States at which

abortions were performed' will suffice for purposes of conformity with Rule 23(c)(3)"), *aff'd sub nom. Nat'l Org. for Women, Inc. v. Scheidler*, 750 F.3d 696 (7th Cir. 2014); *In re Motor Fuel Temp. Sales Practices Litig.*, 271 F.R.D. 263, 280 n.24 (D. Kan. 2010) (explaining that Rule 23(c)(3) "requires only that the final judgment describe the class; it need not identify individual class members"); *Barfield v. Sho-Me Power Elec. Co-op.*, 309 F.R.D. 491, 492-93 (W.D. Mo. 2015) ("'The drafters of Rule 23(c)(3) were careful not to require in a final class judgment that all class members be specifically identified. Rather, even in classes under Rule 23(b)(3), all that is required is that the class be described in the final judgment.'") (quoting 1 *Newberg On Class Actions* § 2:4 (4th ed. 2002)), *vacated and remanded on unrelated grounds*, 852 F.3d 795 (8th Cir. 2017). Under the plain terms of the rule, it is sufficient if the judgment *describes* the class to whom the judgment applies by describing those to whom notice has been sent and who have not opted out. That is routinely accomplished by incorporating by reference the class definition used in certifying the class, which is exactly what the Judgment here does. *See* Judgment, ECF No. 3312.

To the extent Plaintiffs' concern is that the Judgment cross references the class definitions of the Kansas Class and the Nationwide Lanham Act Class but does not also incorporate the Court's subsequent order approving class notice that included an opt-out procedure, *see* ECF No. 2703,[1] any possible concern on that score would be easily remedied by simply including a cross reference to that order as well in the Judgment. There is certainly no need for every federal court handling a class action to engage in the laborious process of identifying by name every single opt out—and refereeing disputes about who validly opted out—simply to enter a final judgment.

---

[1] Plaintiffs' motion refers to a subsequent Order Relating To Class Notice, ECF No. 2821. The Court could cross reference that order as well, but that order did not approve the class notice or attach the form of notice to be used describing the opt-out procedure and maintained the previously established deadline for seeking exclusion from the class.

Accordingly, while Syngenta did not oppose Plaintiffs' request for the judgment to be amended to include a list of opt-outs, *see* Syngenta's Response To Plaintiffs' Motion To Amend The Judgment, ECF No. 3391, there is clearly no need for the Court to amend the judgment as Plaintiffs request. And to the extent that disputes among different groups of plaintiffs' attorneys prolong the process of identifying opt-outs, Syngenta respectfully submits that the Court *should not* engage in that process at this time with a view to amending the judgment. The Court should not allow a wholly unnecessary project to turn into a bureaucratic morass prolonging the period during which motions to amend the judgment are under consideration, thereby potentially affecting the time at which Syngenta can file an appeal. There is no legal need to amend the judgment to include the list of opt-outs, and the Court should not delay ruling on the motions to amend the judgment to accommodate that request.

Dated: September 8, 2017        Respectfully submitted,

/s/ Thomas P. Schult
Thomas P. Schult (tschult@berkowitzoliver.com)
Jennifer B. Wieland (jwieland@berkowitzoliver.com)
**BERKOWITZ OLIVER LLP**
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
Telephone (816) 561-7007
Fax: (816) 561-1888

*Liaison Counsel for Syngenta Defendants*

Michael D. Jones (mjones@kirkland.com)
Edwin John U (edwin.u@kirkland.com)
Patrick F. Philbin (patrick.philbin@kirkland.com)
Bridget K. O'Connor (bridget.oconnor@kirkland.com)
Ragan Naresh (ragan.naresh@kirkland.com)
Patrick Haney (patrick.haney@kirkland.com)
**KIRKLAND & ELLIS LLP**
655 15th Street N.W., Suite 1200
Washington, D.C.  20005
Telephone:  (202) 879-5000
Fax:   (202) 879-5200

*Lead Counsel for Syngenta Defendants*

## CERTIFICATE OF SERVICE

    I certify that on September 8, 2017, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

                          */s/ Thomas P. Schult*
                          Thomas P. Schult