IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION ) ) ) This Document Relates To: ) ) The Nationwide Certified Class and ) The Kansas Certified Class ) _____) | MDL No. 2591 Case No. 14-md-2591-JWL |

## **MEMORANDUM AND ORDER**

On June 23, 2017, the Court issued its judgment (Doc. # 3312) in favor of defendant Syngenta on the claims asserted by the Nationwide Plaintiff Class; and against Syngenta and in favor of the Kansas Plaintiff Class in the amount of $217,000,000. Syngenta's posttrial motion for judgment or a new trial remains pending.

1. The Court **grants** Syngenta's unopposed motion (Doc. # 3398) to adopt a plan of allocation and to amend the judgment to incorporate that plan.

A defendant generally has no interest in the method by which an award is distributed among plaintiff class members. *See In re Urethane Antitrust Litig.*, 768 F.3d 1245, 1269 (10th Cir. 2014). Syngenta filed its motion, however, in order to remove one barrier to the judgment's finality, with an eye towards an imminent appeal. *See Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1137-38 (10th Cir. 2010) (judgment that included a plan of allocation complied with the Tenth Circuit's finality requirement of allocation). By written submission (Doc. # 3413), plaintiffs have confirmed that they conferred with Syngenta concerning the proposed plan of allocation, that they believe the plan to be fair

and equitable, and that they therefore endorse the proposed plan. Plaintiffs further stated that no such plan need be entered now, based on the argument that the judgment would not be final even with the adoption of a plan of allocation.

Because plaintiffs endorse the proposed plan, the Court sees no reason to delay its adoption, and it therefore grants Syngenta's motion. The Court will issue the order proposed by Syngenta that sets out and adopts the specific terms of the proposed plan. In addition, if the judgment survives Syngenta's pending posttrial motion, the subsequent amended judgment will incorporate the plan and adoption order by reference.

2. The Court **denies** plaintiffs' motion (Doc. # 3341) to amend the judgment to include lists of those class members who have successfully opted out of the classes.

Fed. R. Civ. P. 23(c)(3)(B) provides that the judgment in a Rule 23(b)(3) class action must "include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members." *See id.* In moving to amend the judgment to list the opt-outs, plaintiffs noted this provision, but they cited no authority suggesting that the rule requires that the judgment contain such a list. In its response, Syngenta stated that it had no objection to the proposed amendment, but it also argued that the judgment would be final after adoption of a plan of allocation and that, in the alternative, the Court could certify the judgment as final pursuant to Fed. R. Civ. P. 54(b). One group of class members filed a response, arguing that plaintiffs' proposed lists contained errors. Other groups sought and were granted extensions of time in which to respond with their own claims of error

2

with respect to the opt-out lists. Eventually, the Court issued various orders in which it set deadlines for raising the issues with plaintiffs' opt-out administrator and for filing motions with the Court concerning any such disputes concerning the lists.

At a telephone conference on August 25, 2017, the Court asked plaintiffs and Syngenta for further briefs concerning the need for the judgment to include lists of the opt-outs. In its supplemental response, Syngenta stated that no such lists are required. In their reply brief, plaintiffs agreed that no authority requires the inclusion of a list of opt-outs in the judgment. Plaintiffs also spent many pages arguing that the judgment will not be final (even after adoption of a plan of allocation) and that the Court should not certify under Rule 54(b).

In light of the parties' agreement that there is no requirement that the judgment list the opt-outs, and in light of Rule 23's requirement that the judgment specify *or describe* the class, the Court concludes that the judgment in this case need not be amended to identify the opt-outs by name. Indeed, plaintiffs' lists of opt-outs from the two classes have seemingly spawned a number of disputes about the accuracy of the lists and the identity of those who properly opted out. There is no reason to expedite the resolution of those disputes by the parties, and there is no need for the Court to take up any such issues at this time. Whether a class member has properly opted out may be resolved when it becomes necessary, for instance when the member tries to pursue individual claims or when an award is distributed. Accordingly, the Court denies plaintiffs' motion to amend the judgment to include lists of opt-outs.

3

Certainly, plaintiffs' administrator should try to resolve any claims of error that have been raised, but the Court will not require such resolution by any particular date. Thus, the Court **orders that all deadlines concerning the accuracy of plaintiffs' lists be vacated**.[1] The amended judgment issued after the resolution of Syngenta's posttrial motion[2] will make clear that it applies to the certified classes (which will be described pursuant to Rule 23) excluding those who have properly opted out in accordance with the Court's previous orders.

3. The Court offers a final word about finality and certification. Although the parties have argued at length in their submissions about whether the judgment (with a plan of allocation) will be final for purposes of appeal, those arguments have been directed to the wrong audience, as the Tenth Circuit would resolve any such issue in the event that an appeal is filed. Syngenta has also suggested that this Court could certify pursuant to Rule 54(b), but the Court will reserve any such ruling until a proper motion pursuant to that rule has been filed and fully briefed.

IT IS SO ORDERED.

Dated this 13th day of September, 2017, in Kansas City, Kansas.

---

[1] Accordingly, one plaintiff group's motion (Doc. # 3400) for extension of the briefing schedule, which motion has not yet been ruled, is hereby **denied as moot**.

[2] Even if the Court overturns out the Kansas class award, an amended judgment will be required to address the Nationwide class's failed claims.

4

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge