IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 ) <br> CORN LITIGATION ) <br> ) <br> This Document Relates To: ) <br> ) <br>     The Arkansas and Missouri Classes ) <br>         Certified by the Court ) <br> _____) | MDL No. 2591 <br><br> Case No. 14-md-2591-JWL |

## **MEMORANDUM AND ORDER**

On August 30, 2017, the parties jointly submitted a proposed trial order for the upcoming trial of the claims of the Arkansas and Missouri classes (Doc. # 3404). In that submission, the parties noted one disagreement and their intent to submit briefs on the issue. On September 18, 2017, the parties submitted those briefs (Doc. # 3433). The Court will issue forthwith a trial order, based on the parties' proposed order, but it writes separately to address the disputed issue briefed by the parties. Specifically, the parties dispute whether the trial order should provide that witnesses listed by one side in the Rule 26(a)(3) disclosures as witnesses who may be called at trial (as opposed to witnesses who *will* be called) may also be called by the other side even if not listed in the other side's disclosures.

Fed. R. Civ. P. 23(a)(3) provides for the pretrial disclosure of witnesses a party expects to present (referred to in this order as will-call witnesses) and witnesses it may call if the need arises (may-call witnesses). *See id.* 23(a)(3)(A)(i). The comment to the rule states that listing a witness "should preclude the party from objecting if the person

is called to testify by another party who did not list the person as a witness." *See id.* 1993 cmt. This Court's local rules effectively codify that comment, providing that witnesses and exhibits disclosed by one party pursuant to Rule 23(a)(3) "may be called or offered by the other party." *See* D. Kan. Rule 16.2(d)(1). In the present dispute, Syngenta seeks to limit the application of this rule to will-call witnesses, while plaintiffs would apply the rule to may-call witnesses as well.[1]

The local rule applies by its terms to *all* witnesses listed in the Rule 23(a)(3) disclosures, and the Court is not persuaded that the rule should not be applied according to its terms in this case. Syngenta's reasons for modifying the rule in this case are not compelling. Syngenta argues that its may-call witnesses are beyond the Court's subpoena power, which means that plaintiffs cannot compel their attendance for testimony in their own case-in-chief. As plaintiffs point out, however, plaintiffs' ability successfully to secure a witness's presence at trial presents a separate issue, not directly relevant to this dispute. Plaintiffs may or may not be able to secure a witness's presence, but that uncertainty does not provide a basis for altering the rule that would allow plaintiffs to try to call such a witness listed by Syngenta.

Syngenta also notes that its proposed modification was applied in the recent trial of the Kansas class's claims, and it argues that the procedure worked well and that there is no reason to change things for the upcoming trial. Plaintiffs agreed to the modification

---

[1]The parties' dispute concerns only live witnesses presented at trial.

2

for the Kansas trial, however. They do not agree to that modification for the next trial, and thus the local rule provides the default standard. The fact that the modification did not present any particular problems in the last trial does not provide a compelling reason for abandoning the rule in this case.

Syngenta argues that it is important that it be able to assess at trial—as the party going second—whether to call particular witnesses. The Court's ruling on this issue, however, does not affect Syngenta's ability to designate witnesses as may-call witnesses. The mere fact that Syngenta may list some may-call witnesses does not provide a reason for sheltering such witnesses from operation of the standard rule.

Finally, Syngenta argues that, if the rule is applied, plaintiffs will have the ability to call Syngenta's own witnesses in plaintiffs' case-in-chief, to the advantage of plaintiffs. That possibility is present in every case, however, as a plaintiff could simply list the defendant's witnesses in its own disclosures—and is already present here with respect to will-call witnesses.

In its brief, Syngenta has failed to address the primary purpose for the disclosure requirements of Rule 23(a)(3), namely to avoid unfair surprise in the presentation of evidence at trial. If a party has listed a witness in its own disclosures, it can hardly be surprised if the witness testifies at trial—as noted in the comment to Rule 23 and as acknowledged in the local rule. Accordingly, as it does routinely in cases before it, the Court will provide in its trial order that witnesses listed in either side's Rule 23(a)(3) final disclosures may be called at trial by either side.

IT IS SO ORDERED.

Dated this 20th day of September, 2017, in Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge