# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **IN RE SYNGENTA AG MIR162 CORN LITIGATION** | **Master File No. 2:14-MD-02591-JWL-JPO** |
| **THIS DOCUMENT RELATES TO ALL CASES <u>EXCEPT</u>:** | **MDL No. 2591** |
| ***Louis Dreyfus Company Grains Merchandising LLC v. Syngenta AG, et al., No. 16-2788-JWL-JPO*** |  |
| ***Trans Coastal Supply Company, Inc. v. Syngenta AG, et al., No. 2:14-cv-02637-JWL-JPO*** |  |
| ***The Delong Co., Inc. v. Syngenta AG et al., No. 2:17-cv-02614-JWL-JPO*** |  |
| ***Agribase International Inc. v. Syngenta AG, et al., No. 2:15-cv-02279*** |  |

## <u>DECLARATION OF PATRICK J. STUEVE</u>

I, Patrick J. Stueve, declare as follows, pursuant to 28 U.S.C. § 1746:

1.      I make this declaration based on my personal knowledge and if called to testify to the contents hereof, I could and would competently do so.

2.      I am an attorney with the law firm Stueve Siegel Hanson LLP.  Along with William B. Chaney, Scott A. Powell, and Don M. Downing, I was appointed by the Court as Co-Lead Counsel and Class Counsel for the plaintiffs in this MDL.  As briefly summarized below, I was intimately involved in the conduct of discovery, trial preparation and trial of all aspects of the MDL Litigation. My direct involvement in all aspects of the litigation forms the basis of my judgement that this settlement is fair, reasonable and adequate.

3.      I respectfully submit this Declaration in support of Plaintiffs' Memorandum of Law

in Support of their Motion for Preliminary Approval of Settlement, Provisional Certification of Settlement Class and Subclasses, Appointment of Settlement Class Counsel, Subclass Counsel, and Class Representatives, Approval to Disseminate the Class Notice, Appointment of the Notice Administrator and Claims Administrator and Special Masters, and Appointment of a Schedule for the Final Approval Process.

4.     MDL Plaintiffs took the lead in preparing a response to Syngenta's initial motion to dismiss and in presenting oral argument on that motion.  After the Court issued its Memorandum and Order granting in part and denying in part the motion to dismiss, we proceeded immediately into discovery.  In fact, discovery proceeded immediately upon appointment of counsel after the Court ordered production of the documents produced in the *Bunge* litigation in the United States District Court for the Northern District of Iowa and regulatory documents, some of which formed the basis for the plaintiffs' early, amended consolidated complaints.

5.     Co-Lead Counsel also negotiated a Coordination Order with Syngenta and lead counsel in the Minnesota proceedings that set out the terms in which the MDL would share work product with Minnesota plaintiffs and counsel.  Pursuant to that agreement and order, which was ultimately entered in both this MDL and the Minnesota cases, the plaintiffs coordinated discovery against Syngenta and with respect to numerous third-party exporters and trade organizations. Plaintiffs in the MDL served written discovery on Syngenta, and we negotiated search terms and protocols relevant to that discovery with Syngenta and with various third parties. Ultimately we obtained more than 2.3 million pages of responsive documents from these parties, which were collected into a consolidated document depository made available in all coordinating cases.  The documents were subject to a thorough, multi-level document review by attorneys of various experience levels, resulting in a systematic narrowing of key documents, by which the documents

were first reduced to "hot" documents and ultimately reduced to deposition and trial exhibits.

6.      On behalf of Plaintiffs in the MDL and under the terms of the Coordination Order, MDL Co-Lead Counsel or another member of their firms deposed all or nearly all of the thirty-one Syngenta witnesses over the course of fifty-seven days on four continents – the United States, Europe, Asia, and Australia.  In total, 5,717 documents were marked as exhibits in depositions.

7.      Plaintiffs in the MDL, through MDL Co-Lead Counsel, organized a deposition team to prepare and produce plaintiffs in the eight bellwether states selected by the Court.  This team traveled across the Corn Belt obtaining responses to written discovery, collecting documents, and producing (on behalf of, or in conjunction with, individual counsel for the plaintiff) approximately fifty bellwether plaintiffs and each of the class representatives from the eight bellwether states.  In all, seventy-seven plaintiff depositions were taken in the MDL.

8.      MDL Plaintiffs developed six MDL producer experts, including two agricultural economists.  The MDL and Minnesota Class Plaintiffs jointly retained these two agricultural economists initially to provide opinions in support of class certification and ultimately for the purposes of trial.  These experts laid out the evidence of common injury and a class-wide damages methodology.  We produced both experts for deposition on June 28-29, 2016, and July 6, 2016, and put them on the stand at the Court's class-certification evidentiary hearing.

9.      Plaintiffs in the MDL filed a motion for class certification.  Syngenta filed a vigorous opposition brief, supported by three experts.  These experts were deposed in the MDL, and a reply brief was prepared and filed.  Following an evidentiary hearing in which the Plaintiffs' experts were put on the stand, the Court granted certification of the nationwide class and eight state bellwether classes.

10.     After the Court granted class certification, and the subsequent denial of interlocutory

review by the Tenth Circuit, we retained Analytics to prepare and disseminate a first-class, mailed notice to the respective classes.

11.     In addition to the two agricultural economists, we retained and worked with four additional experts to prepare reports and sit for depositions as part of the MDL.  The topics of their reports included biotechnology, the standard of care, GMO cross pollination, and the Chinese regulatory system.

12.     Syngenta produced reports for twelve experts in the MDL.  MDL Co-Lead Counsel or another MDL attorney deposed ten of these experts prior to class certification and/or summary judgment.  All of the experts were deposed.

13.     On June 5, 2017, a jury trial began in the MDL of the claims asserted on behalf of the Kansas class.  On June 23, 2017, the jury returned a $217.7 million verdict on behalf of the Kansas class.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed this 9th day of March, 2018, at Kansas City, Missouri.


*/s/ Patrick J. Stueve*_____
Patrick J. Stueve