## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE SYNGENTA AG MIR162 CORN LITIGATION** | **Master File No. 2:14-MD-02591-JWL-JPO** |
| **THIS DOCUMENT RELATES TO ALL CASES EXCEPT:** | **MDL No. 2591** |
| *Louis Dreyfus Company Grains Merchandising LLC v. Syngenta AG, et al., No: 16-2788-JWL-JPO* | |
| *Trans Coastal Supply Company, Inc. v. Syngenta ) AG, et al, 2:14-cv-02637-JWL-JPO* | |
| *The Delong Co., Inc. v. Syngenta AG et al., No. 2:17-cv-02614-JWL-JPO* | |
| *Agribase International Inc. v. Syngenta AG et al., No. 2:15-cv-02279-JWL-JPO* | |

### DECLARATION OF CHRISTOPHER A. SEEGER

CHRISTOPHER A. SEEGER declares the following, pursuant to 28 U.S.C. § 1746:

1.      I am a founding member of the firm of Seeger Weiss LLP, and am admitted to practice in the states of New York and New Jersey and in the federal courts of New York and New Jersey, among others.

2.      I am proposed Co-Class and Co-Subclass Counsel, respectively, for both the proposed Settlement Class and the proposed settlement subclass of corn producers who did not purchase Agrisure Viptera and Agrisure Duracade corn seed, as defined in the accompanying motion for, among other things, preliminary settlement approval and provisional settlement class

certification.   I submit this Declaration in support of that motion.   The statements in this Declaration are based on my personal knowledge.

3.      By Order dated August 9, 2017 (ECF No. 3366), this Court, in consultation with the judges presiding over cognate litigation in other federal and state courts and Special Master Ellen K. Reisman, appointed me as a member of the Plaintiffs' Settlement Negotiation Committee ( "PNC") to work towards reaching a global resolution of these various matters. Mikal Watts, Clayton A. Clark, and Daniel E. Gustafson were also named to the PNC.

4.      The Court directed the parties to "report on a weekly basis to the Honorable David R. Herndon" – the judge presiding over several removed mass tort actions against Syngenta[1] in the Southern District of Illinois.   Aug. 9, 2017 Order at 3.   Judge Herndon subsequently appointed the Honorable Daniel Stack (ret.), who was special discovery master in the Illinois state and federal MIR 162-related litigation brought against Syngenta, to assist in settlement negotiations.

5.      The PNC frequently met by phone with counsel for Syngenta, Special Master Reisman, and Judge Stack, as well as in person on many occasions, including in New York City, Washington, D.C., Minneapolis, St. Louis, and Chicago.

6.      On September 25, 2017, mid-way through a class trial in the centralized Minnesota state court litigation presided over by Judge Laurie Miller in *In re Syngenta Class Action Litigation*, Court File No. 27-CV-15-12625 and 27-cv-15-3785 (4th Jud. Dist. Ct. Minn., the PNC executed a term sheet with Syngenta, providing for a $1.51 billion settlement. Thereupon, the jury in the Minnesota case was released.

---

[1] For the sake of simplicity and brevity and consistent with the definition in the accompanying preliminary approval motion papers, "Syngenta" refers collectively to the various affiliated defendants in these related litigations.

7.      Several months of further, intense negotiations ensued over the precise terms of the settlement and the process for distributing the funds proceeded between the PNC, Syngenta, and Co-Lead and Class Counsel Patrick J. Stueve (on behalf of the classes certified in the multidistrict litigation centralized in this Court).

8.      In addition, separate counsel – Lynn R. Johnson, Kenneth A. Wexler, and James E. Cecchi – were involved in order to negotiate for the amount of relief and procedure for compensating members of three subclasses (respectively, of corn producers who purchased Syngenta's Agrisure Viptera and Duracade corn seeds, grain handling facilities, and ethanol production facilities).

9.      At all times, the negotiations were held at arm's-length and were non-collusive, and on many occasions were highly intense and contentious.  The assistance and involvement of Special Master Reisman and Judge Stack were required on numerous occasions.  After the term sheet was signed, the parties conferred regularly by telephone conference call and met in person on numerous occasions.

10.     Throughout this time, the Court and Judges Herndon and Miller all played a critical active oversight role in these negotiations, holding regular telephone calls with the Special Master on at least a weekly basis, and helping counsel at meetings held in the Southern District of Illinois, Kansas City, and Minnesota to break the impasse on thorny issues that had become obstacles to the hammering out of a comprehensive settlement agreement.

11.     Reflecting the vigorous representation by the parties involved and the extent to which each side was negotiating on behalf of their constituents, this Court, and the other courts, convened two in-person conferences to discuss the status of the settlement.  *See* Orders Setting Settlement Status Conference, ECF Nos. 3481, 3488.  A further conference was set for February

26, 2018 in the event that the parties had not finalized settlement documents, and the Court ordered that the conference would "continu[e] from day-to-day thereafter."  Order Regarding Settlement Status Report, ECF No. 3492, at 2.

12.     Additional in-person meetings between parties were held in New York on February 21-22, 2018.  Ultimately, on February 26, 2018, after months of hard-fought negotiations, Class Counsel in the MDL, Settlement Class Counsel, Subclass Counsel, the PNC, and Syngenta executed a Settlement Agreement.

13.     During the past two decades, I have been the lead or co-lead negotiator of some of the country's most notable litigation settlements, including, for example, those resolving *In re National Football League Players' Concussion Injury Litigation* (MDL No. 2323), *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation* (MDL No. 2672), *In re Zyprexa Products Liability Litigation* (MDL No. 1596), and *In re Vioxx Products Liability Litigation* (MDL No. 1657).  Although each of those cases involved many hundreds of millions or billions of dollars in settlement compensation and a wide variety of vexing procedural and legal challenges, the negotiations in this case were no less complex, vigorously fought, or multidimensional.

14.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of March, 2018

*/s/ Christopher A. Seeger*
CHRISTOPHER A. SEEGER