# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE SYNGENTA AG MIR162 CORN LITIGATION**<br><br>**THIS DOCUMENT RELATES TO ALL CASES EXCEPT:**<br><br>*Louis Dreyfus Company Grains Merchandising LLC v. Syngenta AG, et al., No: 16-2788-JWL*<br><br>*Trans Coastal Supply Company, Inc. v. Syngenta ) AG, et al, 2:14-cv-02637-JWL-JPO*<br><br>*The Delong Co., Inc. v. Syngenta AG et al., No. 2:147-cv-02614-JWL-JPO*<br><br>*Agribase International Inc. v. Syngenta AG et al., 2:2015-cv-02279* | Master File No. 2:14-MD-02591-JWL-JPO<br><br>MDL No. 2591 |

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT BETWEEN CLASS PLAINTIFFS AND THE SYNGENTA DEFENDANTS, PROVISIONALLY CERTIFYING THE SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS COUNSEL SUBCLASS COUNSEL, AND CLASS REPRESENTATIVES, APPROVING THE NOTICE PLAN, AND AUTHORIZING DISSEMINATION OF NOTICE, APPOINTING THE NOTICE ADMINISTRATOR AND CLAIMS ADMINISTRATOR AND SPECIAL MASTERS, AND SETTING A SCHEDULE FOR THE FINAL APPROVAL PROCESS**

On March 12, 2018, the Plaintiffs moved for preliminary approval of a class-action settlement pursuant to Federal Rule of Civil Procedure 23 ("Plaintiffs' Motion for Preliminary Approval"). A settlement agreement titled the Agrisure Viptera/Duracade Class Settlement Agreement was executed on February 26, 2018 ("Settlement Agreement") between proposed Settlement Class and Subclass Counsel, MDL Co-Lead and Litigation Class Counsel, and the Court-appointed Plaintiffs' Settlement Negotiation Committee, on behalf of the Plaintiffs and Defendants Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Seeds, Inc. (now known as Syngenta Seeds, LLC), and Syngenta

1

Biotechnology, Inc. (now merged with Syngenta Crop Protection, LLC, with Syngenta Crop Protection, LLC, as the remaining entity) (collectively, "Syngenta" or "Defendants"). The Court has reviewed the Plaintiffs' Motion for Preliminary Approval and other relief (ECF No. 3506) and their Memorandum in Support Thereof (ECF No. 3507 ("Memorandum")), including the Settlement Agreement attached as Exhibit A to the Memorandum. The Court has also considered the only written opposition to the motion, which was filed by the Toups/Coffman plaintiffs and in which the Hossley-Embry plaintiffs joined. In addition, the Court also conducted a hearing on the motion on April 5, 2018. Finding that settlement meets the initial requirements of Rule 23 to warrant dissemination of notice to members of the proposed Settlement Class, and as more fully set forth on the record of the hearing and in the Court's Memorandum and Order of April 10, 2018, the Court hereby orders as follows:

1. Plaintiffs' Motion for Preliminary Approval is **GRANTED**. The Settlement Agreement appears, upon preliminary review, to be sufficiently fair and reasonable and well within the range of possible approval so as to warrant preliminary approval and dissemination of notice to the Class. Accordingly, the proposed settlement is preliminarily approved, including preliminary approval of the method of allocation and distribution of the Settlement Funds, pending a final Fairness Hearing as provided for below.

2. Pursuant to the terms of the Settlement Agreement, the Court appoints Ellen K. Reisman and The Honorable Daniel J. Stack as Special Masters to perform such duties and responsibilities as provided for therein.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court provisionally certifies the following Settlement Class, including the defined Subclasses, for settlement purposes only:

Any Person[1] in the United States that during the Class Period owned any Interest in Corn in the United States priced for sale during the Class Period <u>and</u> falls into one of the four sub-classes.

The Settlement Subclasses are defined as:

a. <u>Subclass 1</u>: Any Producer in the United States that, during the Class Period owned any Interest in Corn in the United States priced for sale during the Class Period, excluding Producers that, at any time prior to the end of the Class Period, purchased Agrisure Viptera Corn Seed or Agrisure Duracade Corn Seed and produced Corn grown from Agrisure Viptera Corn Seed and/or Agrisure Duracade Corn Seed. ("Non-Viptera/Duracade Purchaser Subclass");

b. <u>Subclass 2</u>: Any Producer in the United States that during the Class Period owned any Interest in Corn in the United States priced for sale during the Class Period and that, at any time prior to the end of the Class Period, purchased Agrisure Viptera Corn Seed and/or Agrisure Duracade Corn Seed and produced Corn grown from Agrisure Viptera Corn Seed or Agrisure Duracade Corn Seed. ("Viptera/Duracade Purchaser Subclass");

c. <u>Subclass 3</u>: Any Grain Handling Facility in the United States that during the Class Period owned any Interest in Corn in the United States priced for sale during the Class Period. ("Grain Handling Facility Subclass"); and

d. <u>Subclass 4</u>: Any Ethanol Production Facility in the United States that during the Class Period owned any Interest in Corn in the United States priced for sale during the Class Period. ("Ethanol Production Facility Subclass").

Excluded from the Settlement Class are: (a) the Court and its officers, employees, appointees, and relatives; (b) Syngenta and its affiliates, subsidiaries, officers, directors, employees, contractors, agents, and representatives; (c) all plaintiffs' counsel in the MDL Actions or the Related Actions; (d) government entities; (e) those who opt out of the Settlement Class; and (f) "Excluded Exporters."[2]

---

[1] Any capitalized term that is not defined in this order is intended to have the definition ascribed to that term in the Settlement Agreement.

[2] Excluded Exporter means Archer Daniels Midland Company, Bunge North America, Inc., Cargill, Incorporated, Cargill, International SA, Louis Dreyfus Company, BV, Louis Dreyfus Company, LLC, Louis Dreyfus Company Grains Merchandising, LLC, Gavilon Grain, LLC, Trans Coastal Supply Company, Inc., Agribase International Inc., or the Delong Co. Inc., and their respective parent(s) and each of their predecessors, affiliates, assigns, successors, related companies, subsidiary companies, holding companies, insurers, reinsurers, current and former attorneys, and their current and former members, partners, officers, directors, agents, and employees, in their capacity as such, any licensees, distributors, retailers, seed dealers, seed advisors, other resellers, and their insurers, and affiliates, in their capacity as such. Excluded Exporter does not include, however, any Grain Handling Facilities or Ethanol Production Facilities, except those operated, owned (in whole or in part, directly or indirectly), or administered by one of the entities specifically listed in this paragraph.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court provisionally finds, for settlement purposes, that the Settlement Class and Subclasses meet the requirements thereto. Specifically, for the reasons outlined in Plaintiffs' Motion for Preliminary Approval:

   a. The Settlement Class and each Subclass are so numerous that joinder of all members is impracticable, Fed. R. Civ. P. 23(a)(1);

   b. There are questions of law or fact common to the Settlement Class and each Subclass, Fed. R. Civ. P. 23(a)(2);

   c. The claims of the representatives of the Settlement Class and each Subclass are typical of the claims of absent members of the Settlement Class and each Subclass, Fed. R. Civ. P. 23(a)(3);

   d. The representatives of the Settlement Class and each Subclass will fairly and adequately protect the interest of the Settlement Class and each Subclass, Fed. R. Civ. P. 23(a)(4); and

   e. The questions of law or fact common to the Settlement Class and each Subclass predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, Fed. R. Civ. P. 23(b)(3).

5. Pursuant to Rule 23(g) and for the reasons set forth in Plaintiffs' Motion for Preliminary Approval, the Court appoints the following individuals as Settlement Class Counsel, to act as class counsel for purposes of the Settlement Class and for the Non-Viptera/Duracade Purchaser Subclass: Daniel E. Gustafson, Christopher A. Seeger and Patrick J. Stueve. The Court also appoints the following individuals as class counsel for the Subclasses:

   a. The Viptera/Duracade Purchaser Subclass Counsel: Lynn R Johnson

   b. The Grain Handling Facility Subclass Counsel: Kenneth A. Wexler

   c. The Ethanol Production Facility Subclass Counsel: James E. Cecchi

6.      The Court appoints the following Persons to represent the Settlement Class and Subclasses ("Representatives Plaintiffs"):

a. For the Non-Viptera/Duracade Purchaser Subclass:  Mike DaVault, Bradley DaVault, and David DaVault d/b/a DaVault ArkMo Farms; Steven A. Wentworth; Charles B. Lex; Five Star Farms; the "Grafel entities" (Beaver Creek Farms, Inc., Demmer Farms, Inc., Grafel Farms, LLC, and D. and S. Grain & Cattle Co.); David Polifka; David Polifka Revocable Living Trust; Bottoms Farms Partnership; JPPL, Inc.; NEBCO, Inc.; TRIPLE BG Partnership; David Schwaninger; Kaffenbarger Farms, Inc.; Bieber Farm; Rolling Ridge Ranch, LLC; Grant Annexstad; Roger Ward; and, Leroy Edlund.

b. For the Viptera/Duracade Purchaser Subclass: Robert & Todd Niemeyer (Custom Farm Services LLC), Charles Cobb (CE Cobb Farms) and, Marvin Miller.

c. For the Grain Handling Facility Subclass: Kruseman Fertilizer Company.

d. For the Ethanol Production Facility Subclass: Al-Corn Clean Fuel, LLC.

7.      The Court appoints BrownGreer PLC as the Notice Administrator and Claims Administrator and to have such duties and responsibilities as provided for in the Settlement Agreement.

8.      The Court approves the Notice Plan as set forth in Exhibit 4 to the Settlement Agreement, finding that the Notice Plan fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitutes the best notice practicable under the circumstances, and shall constituted due and sufficient notice to all Class Members.

9.      The Court approves the Long Form Notice ("Notice"), attached as Exhibit 3 to the Settlement Agreement, with the addition required by the Court in its Memorandum and Order of April 10, 2018.  The Notice Administrator is directed to disseminate the notice in the manner and according to the Notice Plan within the timeframes set forth below in the Schedule for Final

5

Approval Process.

10. The Court also approves the Publication Notice, attached as Exhibit 5 to the Settlement Agreement. The Notice Administrator is directed to publish the Publication Notice in the manner and in accordance with the Notice Plan within the time frames provided below in the Schedule for Final Approval Process.

11. The Court also directs the Notice Administrator to comply with all other aspects of the Notice Plan as provided for therein and at the direction of Settlement Class Counsel.

12. As provided in the Notice, each Class Member shall have the right to opt out of the Settlement Classes by submitting a written request for exclusion, in the manner set forth in Section 4.3 of the Settlement Agreement and the Long Form Notice. All such requests must be postmarked no later than ninety (90) days of the First Mailing of the Class Notice, as set forth below in the Schedule for Final Approval Process. Any Class Member who does not submit a timely and valid Request for Exclusion will be deemed to have waived and forfeited his, her or its right to be excluded from the Settlement Class.

13. As provided in the Notice, each Class Member, who does not request to be excluded from the Settlement shall have the right to object to the Settlement, the proposed plan of allocation and distribution, the petition for an award of attorneys' fees and expenses, and the service awards being sought for Class Representative and those plaintiffs who helped litigate the case for the Class, by filing a written objection with the Court, in the manner set forth and with copies to the attorneys listed in Section 4.4 of the Settlement Agreement and the Long Form Notice. All such objections must be postmarked no later than ninety (90) days of the First Mailing of the Class Notice, as set forth below in the Schedule for Final Approval Process. Any Class Member who does not timely file valid written objections in compliance with Section 4.4 of the Settlement Agreement shall be deemed to have waived and shall forfeit his, her, or its right to object to the Settlement Agreement, its terms, the petition for attorneys' fees and expenses, the proposed plan

of allocation and distribution, any request for service/incentive awards, and any other aspect of the settlement or issues relating thereto, including the right to appear and be heard at the Fairness Hearing and the right to appeal from any judgment relating to these matters.

14. The Court approves the form and substance of the Claim Forms for the Producers, Grain Handling Facilities and Ethanol Facilities, attached as Exhibit 2 to the Settlement Agreement ("Claim Forms"). The Claims Administrator is directed to make the Claim Forms available for online submission through the settlement website in a manner that is readily accessible and submissible via all major Internet browsers via desktop computer, laptop, mobile phone, and tablet devices. It is further directed to post an electronic copy of the Claim Forms on the settlement website and to promptly mail a paper copy to any person who requests it by first-class mail or by e-mail.

15. Any Class Member seeking to make a claim for a portion of the Settlement Fund must submit a claim pursuant to Section 3.7.3 of the Settlement Agreement and in the manner set forth in the Notice in the timeframe set forth in Exhibit A to the Memorandum.

16. The Claims Administrator is directed to review and process claims consistent with the terms of the Settlement Agreement and to provide reports as provided for therein.

17. Settlement Class Counsel shall make any motion or petition for awards of attorneys' fees and expenses and for service/case contribution/incentive awards, including any supporting memoranda and materials, no later than thirty (30) days before the deadline for a Class Member to file an objection to the settlement by the Fee and Expense Application Deadline set forth below. Any response or objection to that motion, including any supporting memoranda or materials, shall be filed on or before the Objection Response Deadline set forth below. Any other person seeking attorneys' fees, expenses, or service/case contribution/incentive awards from the Settlement Fund must file a motion, including any supporting memoranda and materials, by the Fee and Expense Application Deadline. Any response to such a motion shall be filed on or before

the Objection Response Deadline as set forth below.

18.     Settlement Class Counsel shall file a motion for final approval of the settlement, including any supporting memoranda and materials, no later than fourteen (14) days after the Syngenta Walk Away Deadline, as set forth below.

19.     Within ten (10) days after the establishment of the Qualified Settlement Fund and appointment of an escrow agent pursuant to a further order of this Court, Syngenta is directed to make the first and second installments of $200 million each into an Escrow Account pursuant to the terms of the Settlement Agreement (as modified by the parties as set forth in the Joint Motion to Establish Qualified Settlement Fund and Appoint Escrow Agent).

20.     A hearing (the "Final Approval Hearing") will be held by this Court in Courtroom 643 at the U.S. Courthouse in Kansas City, Kansas, on **November 15, 2018, at 1:00 p.m. CST** to: (a) determine whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) determine whether final judgment should be entered dismissing with prejudice all claims against Defendants pursuant to the Agreement; and (c) consider any application(s)s for attorneys' fees and expenses and Plaintiffs' requests for service/case contribution/incentive awards.  The Court will also consider any objections during the Final Approval Hearing. The Court may adjourn or continue the Final Approval Hearing without further notice to the Settlement Class. The Court may also approve the Settlement at or after the Final Approval Hearing with or without modification without further notice to the Settlement Class.

21.     The Court retains exclusive jurisdiction of this action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED**.

**Dated this 10th day of April, 2018, at Kansas City, Kansas.**

                                                s/ John W. Lungstrum
                                                HON. JOHN W. LUNGSTRUM
                                                United States District Judge

APPROVED SCHEDULE FOR FINAL APPROVAL PROCESS

| ACTION | TIMING |
| --- | --- |
| CAFA Notice Deadline | 10 days after the Motion for Preliminary Approval Is Filed |
| First and Second Installments of Gross Settlement Proceeds Paid into Escrow | 10 days from the establishment of the Qualified Settlement Fund and appointment of an escrow agent |
| First Mailing of Class Notice | May 11, 2018 |
| Proof of Mailing of Notice | May 30, 2018 |
| Fee and Expense Application Deadline | July 10, 2018 |
| Objection Filing Deadline | August 10, 2018 |
| Opt-out Deadline | August 10, 2018 |
| Opt-Out List | September 10, 2018 |
| Syngenta Walk Away Deadline | October 10, 2018 |
| Notice Completion Date | October 12, 2018 |
| Claims Deadline | October 12, 2018 |
| Motion for Final Approval Deadline | October 17, 2018 |
| Objection Response Deadline | October 17, 2018 |
| Response to Final Approval Motion and Replies to Objections | November 1, 2018 |
| Reply to Final Approval Motion | November 8, 2018 |
| Final Approval Hearing | November 15, 2018 at 1:00 p.m. |
| Final Installment of Gross Settlement Proceeds Paid into Escrow Account | The later of April 1, 2019, or within 30 days after entry of the Final Approval Order |