# EXHIBIT 2



# SYNGENTA CORN SEED SETTLEMENT

*Read this notice carefully. Your legal rights are affected whether you act or don't act.*

# If you are or were a corn producer, grain handling facility, or ethanol production facility, you may be entitled to a portion of a $1.51 billion Syngenta settlement.

**A court authorized this notice.  This is not a solicitation from a lawyer.**

# You must submit a claim to get paid.

- A federal judge gave preliminary approval to a class action settlement. Syngenta agreed to pay $1.51 billion to settle claims related to the sale and marketing of its Agrisure Viptera and Duracade corn seeds.

- Your rights are affected and you are eligible to participate in the settlement if you are one of the following:

  1. **<u>Corn Producer</u>:**  Any Corn Producer in the U.S. with an interest in U.S. corn priced for sale between September 15, 2013 and ~~[Prelim. Approval Date]~~April 10, 2018 (including certain landlords);

  2. **<u>Grain Handling Facility</u>:**  Any Grain Handling Facility in the U.S. with an interest in U.S. corn priced for sale between September 15, 2013 and ~~[Prelim. Approval Date]~~April 10, 2018; *or*

  3. **<u>Ethanol Production Facility</u>:**  Any Ethanol Production Facility in the United States with an interest in U.S. corn, including DDGs, priced for sale between September 15, 2013 and ~~[Prelim. Approval Date]~~April 10, 2018.

  \*Certain Grain Handling Facilities and Ethanol Production Facilities are excluded.  See Question ~~[5]~~ below for a list of them and for explanations of the terms used here.  The Settlement Agreement (available at www.CornSeedSettlement.com or by calling 1-833-567-CORN) provides a more detailed description of the Settlement Class.

  *En el sitio web, www.CornSeedSettlement.com, hay una copia completa de esta notificación en español.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **OPTION** | **RESULT** |
| **SUBMIT A CLAIM FORM** | To get a payment, submit a Claim Form by ~~[Claims Deadline]~~October 12, 2018. You can submit a Claim Form quickly and easily online at www.CornSeedSettlement.com.  If you can't access the internet, you can call 1-833-567-CORN (1-833-567-2676) to ask for a paper copy Claim Form. |
| **OBJECT** | Tell the Court you don't want the settlement to be approved and why. |
| **EXCLUDE YOURSELF** | Ask not to be a part of the settlement: you will receive **no** money but keep the |

> **Formatted:** Centered

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

| | right to sue Syngenta separately. |
|---|---|
| **DO NOTHING** | Lose your claims against Syngenta, but get no payment. |

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

Page 2 of 22

**TABLE OF CONTENTS**

**PAGE**

**BASIC INFORMATION** ................................................................................................ 4

    **1. Why did I get this notice?** ..................................................................... 4

    **2. What is the lawsuit about?** ................................................................... 4

    **3. Why are these lawsuits class actions?** ................................................. 5

    **4. Why is there a settlement?** ................................................................... 5

**WHO IS IN THE CLASS** ............................................................................................... 6

    **5. Am I a part of this class?** ...................................................................... 6

    **6. Am I part of the Settlement Class if I bought Viptera or Duracade?** ............................ 7

    **7. Am I part of the Settlement Class even if I have already filed my own lawsuit?** ............ 7

    **8. Are landlords eligible to participate in the settlement?** ...................... 7

    **9. I'm still not sure if I am included.** ...................................................... 8

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ..................................................... 8

    **10. What benefits does the settlement provide?** ..................................... 8

    **11. What can I get from the settlement?** ................................................. 8

    **12. Why are Viptera and Duracade Corn Producers being treated differently?** .......... 12~~11~~

    **13. How will you determine if someone is a Viptera or Duracade purchaser?** ............ 13~~11~~

    **14. For Corn Producers, why does the Claims Administrator need my FSA 578 and RMA information?** .................................................................... 13~~11~~

    **15. Do I need to obtain a copy of my FSA 578 Form or RMA information?** ............... 13~~12~~

**HOW YOU GET A PAYMENT** ..................................................................................... 13~~12~~

    **16. How do I get paid?** ............................................................................. 13~~12~~

    **17. If I submit an eligible claim, when will I get my payment?** ................ 14~~13~~

    **18. What am I giving up to get a payment?** ........................................... 14~~13~~

    **19. Does my participation in this Settlement affect any claims I may have against exporters relating to these issues?** ................................................ 15~~13~~

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................................................ 15~~13~~

    **20. How do I get out of the settlement?** ................................................. 15~~14~~

    **21. If I opt out, can I maintain my lawsuit against Syngenta?** ................ 18~~16~~

    **22. If I don't opt out, can I sue Syngenta for the same thing later?** ......... 18~~17~~

    **23. If I opt out, can I get money from this settlement?** ............................ 18~~17~~

**THE LAWYERS REPRESENTING YOU** ..................................................................... 18~~17~~

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

**24. Do I have a lawyer in this case?** ............................................................... 19 ~~17~~

**25. What about lawyers advising me to exclude myself from the class?** .................. 19 ~~17~~

**26. How will the lawyers be paid?** ................................................................ 19 ~~17~~

**OBJECTING TO THE SETTLEMENT** ........................................................... 19 ~~18~~

**27. How do I tell the Court that I don't like the settlement?** ........................... 19 ~~18~~

**THE COURT'S FAIRNESS HEARING** ........................................................... 21 ~~19~~

**28. When and where will the Court decide whether to approve the settlement?** ............ 19

**29. Do I have to come to the hearing?** .......................................................... 19

**30. May I speak at the hearing?** .................................................................. 19

**IF YOU DO NOTHING** ............................................................................. 22 ~~20~~

**31. What happens if I do nothing at all?** ....................................................... 22 ~~20~~

**GETTING MORE INFORMATION** .................................................................. 22 ~~20~~

**32. Is more information about the lawsuit available?** ..................................... 22 ~~20~~

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

## BASIC INFORMATION

**1. Why did I get this notice?**                                    `Formatted Table`

You are receiving this notice because you have a right to know about a proposed settlement of class action lawsuits and other related lawsuits.  If you are part of this proposed settlement, then you have options you must consider before the Court decides whether to approve the settlement. This notice explains the lawsuits, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

To receive a payment from this settlement, if you are eligible, you must submit a Claim Form. The easiest, fastest, and cheapest way to do this is to submit an electronic Claim Form online at www.CornSeedSettlement.com.  You can also print a paper copy Claim Form from that website or you can request a paper copy Claim Form to complete and return by calling the number below.

**2. What is the lawsuit about?**                                    `Formatted Table`

In 2010, Syngenta began selling a genetically modified corn seed with the brand name "Agrisure Viptera" (also called just "Viptera"), which included a new insect-resistant genetic trait called "MIR 162."  In 2013, Syngenta began selling another genetically modified corn seed brand-named "Agrisure Duracade," (also called just "Duracade"), which included both the MIR 162 trait and a new insect-resistant trait known as "Event 5307."

Corn Producers, Ethanol Production Facilities, and Grain Handling Facilities filed lawsuits against Syngenta claiming that Syngenta sold Viptera and Duracade corn seed before it should have because the MIR 162 and Event 5307 genetically modified traits contained in those seeds had not yet received import approval in China.  The lawsuits argue that Syngenta should have waited to sell those seeds until it had obtained import approval in China and that Syngenta did not take reasonable steps to ensure that the seed was sold in a manner that corn harvested from Viptera and Duracade seed did not contaminate portions of the United States ("U.S.") corn supply exported to China.  The lawsuits claimed that China began rejecting shipments of U.S. corn after allegedly detecting Viptera traits in shipments from the U.S., causing the U.S. corn industry to lose access to the Chinese market and resulting in lower corn prices.

Syngenta denies that it did anything wrong, in part because before Viptera and Duracade were made available to U.S. farmers, the traits in those products were approved as safe and effective by the U.S. Department of Agriculture, the U.S. Food and Drug Administration, the U.S. Environmental Protection Agency and all of the historical U.S. trading partners for corn. Syngenta argues that China historically was not a reliable and consistent importer of U.S. corn when the company launched Viptera and Duracade, and that in any event it was exporters—not Syngenta—that sent U.S. corn to China knowing that Viptera and Duracade were not yet approved there.  Syngenta also states that the price drop in corn in 2013 was not the result of China's rejection of U. S. corn, but rather was the product of a worldwide bumper crop of corn. Both the MIR 162 and Event 5307 traits now *do* have Chinese approval.

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

The people who sued are called Plaintiffs, and the companies they sued, Syngenta (and some of Syngenta's affiliates), are called the Defendants.

The Plaintiffs filed lawsuits in various places. There were class actions and individual cases filed in or transferred to the United States District Court for the District of Kansas, known as *In re Syngenta MIR162 Corn Litigation*, No. 14-md-2591-JWL-JPO (D. Kan.). There were also individual cases and a class action in Minnesota State Court, which were collectively called *In re Syngenta Class Action Litigation*, No. 27-CV-15-12625 and 27-cv-15-3785 (4th Jud Dist. Ct. Minn). Additionally, there were other actions filed throughout the country, including *In re Syngenta Mass Tort Actions*, No. 3:15-cv-00255-DRH and No. 3:15-cv-01221-DRH (S.D. Ill.); *Browning v. Syngenta Seeds, Inc. et al.*, No. 15-L-157 (Ill. Cir. Ct.); *Fostoria Ethanol, LLC v. Syngenta Seeds, Inc.*, No. 15-cv-0323 (Seneca Cty., Ohio); *Michigan Ethanol, LLC v. Syngenta Seeds, LLC, et al.*, No. 17-29831-NZ (Tuscola Cty., Mich.); *Mid America Agri Products/Wheatland, LLC v. Syngenta Seeds, LLC, et al.*, No. CI 14-32 (Perkins Cty., Neb.); *Ultimate Ethanol, LLC v. Syngenta Seeds, Inc. et al.*, No. 48C05-1512-CT-000184 (Madison Cty., Indiana); and *TCE, LLC v. Syngenta Seeds, Inc.*, No. EQCV 039491 (Carroll Cty., Iowa).

The Court that is overseeing the settlement that covers all of these cases is the United States District Court for the District of Kansas (referred to in this notice as the "Kansas Federal Court").

## 3. Why are these lawsuits class actions?

In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims. The Class Representatives, called the "Representative Plaintiffs" in the Settlement Agreement, include Corn Producers who did and did not purchase and plant Viptera or Duracade, a Grain Handling Facility, and an Ethanol Production Facility. Their names are available at the settlement website. The group of people they sue on behalf of is called a "Class" and the individual people or companies in that Class are called "Class Members." The Kansas Federal Court will decide if this case should be a class action for purposes of the settlement. If it does, the Kansas Federal Court will resolve the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is there a settlement?

No court has decided that either Plaintiffs or Defendants are right ~~are~~or wrong. A jury in the Kansas litigation found Syngenta negligent and awarded damages to a class of Kansas corn producers, but Syngenta asked the Kansas Federal Court to reject the jury's decision. At the time of settlement, the Kansas Federal Court had not yet ruled on Syngenta's request, and even if the judge had accepted the jury's decision, Syngenta would have appealed. Plaintiffs in that case also would have appealed the claims on which Syngenta won. A Minnesota class jury trial had begun and, after three weeks of testimony, prior to a jury verdict, the parties agreed to this settlement. Finally, the claims of classes of Corn Producers and individual Corn Producers in

Questions? CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

Page 6 of 22

several other states, of Grain Handling Facilities, and of Ethanol Production Facilities, which all had been filed in the Kansas Federal Court and other courts, were advancing toward their own trials as well.

Both sides have now agreed to a settlement, which is an agreement between a plaintiff and a defendant to resolve a lawsuit.  That way, they avoid the costs of further trials and appeals, and the people affected will get compensation.  A settlement resolves those issues and makes money available to those claiming injury sooner.  The Class Representatives and their attorneys believe that the nationwide settlement is in the best interests of everyone concerned.  Although no cases have been tried by Grain Handling Facilities or Ethanol Production Facilities, this settlement also makes money available to them.

The settlement does not mean that the Plaintiffs or Defendants admit that any of the other side's claims or arguments are right.

**WHO IS IN THE CLASS**

| **5. Am I a part of this class?** |
|---|

You are a member of the **Settlement Class** certified by the Kansas Federal Court if you are a Corn Producer, a Grain Handling Facility, or an Ethanol Production Facility who fits into ~~the~~ one of the definitions below, even if you have already filed your own lawsuit against Syngenta.  A copy of this notice was mailed to all Corn Producers identified through publicly available government records, including those who filed suit, and all Grain Handling Facilities and Ethanol Production Facilities whose addresses could be located.

This section of the notice provides more information on the different types of Class Members.  You will see references to "Corn" with a capital "C" which, in the context of this settlement, means corn produced in the United States, and/or dried distillers' grains ("DDGs") produced from that corn by Ethanol Production Facilities as a byproduct of ethanol production, priced for sale after September 15, 2013.  For purposes of this settlement:

1. **Corn Producers.**  A "Corn Producer" is any owner, operator, landlord, waterlord, tenant, or sharecropper who shares in the risk of producing Corn and who is entitled to share in the Corn crop available for marketing between September 15, 2013 and ~~[Prelim. Approval Date]~~April 10, 2018.  A landlord who receives a variable rent payable based on a share of the crop or proceeds from the sale of Corn is a Corn Producer.  A landlord who receives only a fixed cash amount for renting the land that does not vary with the size of, or pricing for, the crop is not a Corn Producer.  This settlement affects Corn Producers in the U.S. with an interest in U.S. corn priced for sale between September 15, 2013 and ~~[Prelim. Approval Date]~~April 10, 2018.

2. **Grain Handling Facilities.**  A "Grain Handling Facility" is any grain elevator, grain distributor, grain transporter, or any other entity in the U.S. that, between September 15, 2013 and ~~[Prelim. Approval Date]~~April 10, 2018, (a) purchased Corn and then priced Corn in the United States for sale between September 15, 2013 and ~~[Prelim. Approval~~

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

Page 7 of 22

Date].April 10, 2018; and/or (b) purchased Corn and then transported, stored or otherwise handled Corn that was priced for sale between September 15, 2013 and [Prelim. Approval Date].April 10, 2018.  This settlement affects Grain Handling Facilities with an interest in U.S. corn priced for sale between September 15, 2013 and [Prelim. Approval Date].April 10, 2018.

3. **Ethanol Production Facilities.**  An "Ethanol Production Facility" is any ethanol plant, biorefinery, or other entity in the U.S. that, between September 15, 2013 and [Prelim. Approval Date].April 10, 2018, produced or purchased DDGs in the United States and priced those DDGs for sale.  This settlement affects Ethanol Production Facilities with an interest in U.S. Corn priced for sale between September 15, 2013 and [Prelim. Approval Date].April 10, 2018.

Excluded from the Settlement Class are the following:  (a) the Court and its officers, employees, appointees, and relatives; (b) Syngenta and its affiliates, subsidiaries, officers, directors, employees, contractors, agents, and representatives; (c) all plaintiffs' counsel in the MDL Actions or the Related Actions; (d) government entities; (e) those opting out of the Settlement; and (f) the Archer Daniels Midland Company, Bunge North America, Inc., Cargill, Incorporated, Cargill, International SA, Louis Dreyfus Company, BV, Louis Dreyfus Company, LLC, Louis Dreyfus Company Grains Merchandising, LLC, Gavilon Grain, LLC, Trans Coastal Supply Company, Inc., Agribase International Inc., and the Delong Co. Inc. (and all affiliates).

## 6. Am I part of the Settlement Class if I bought Viptera or Duracade?

Yes.  The settlement includes both Corn Producers who did and did not purchase and plant Syngenta's Viptera and/or Duracade seeds.  As explained more fully in the Settlement Benefits section of this notice below, whether an eligible Corn Producer purchased and planted Viptera and/or Duracade affects the amount that the Corn Producer will be paid in this settlement.

## 7. Am I part of the Settlement Class even if I have already filed my own lawsuit?

Yes.  Even if you have already filed your own lawsuit or retained your own attorney, you are a part of the Settlement Class if you are a Corn Producer, a Grain Handling Facility, or an Ethanol Production Facility who fits into the one of the defined groups above.  Additionally, even if you have previously excluded yourself from a class, you are still a member of the Settlement Class unless and until you submit a timely, valid request for exclusion from this Settlement Class.  See Question 20 below for more details on how to request exclusion.

## 8. Are landlords eligible to participate in the settlement?

Yes, a landlord who shares in the risk of producing Corn or the pricing of Corn and who is entitled to share in the Corn crop or proceeds from the sale of the Corn crop available for marketing between September 15, 2013 and [Prelim. Approval Date]April 10, 2018 is eligible to participate in the settlement.  A landlord who receives a variable rent payable based on a share of

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

Page 8 of 22

the Corn crop or proceeds from the sale of Corn <u>can</u> participate in the settlement.  A landlord who receives only a fixed cash amount for renting the land that does not vary with the size of, or pricing for, the Corn crop <u>cannot</u> participate in the settlement unless that fixed cash amount is tied to the price of Corn.  If you claim as a landlord based on a fixed cash amount tied to the price of corn, you will have to provide proof of such an agreement with a Producer.

**The landlord must submit his or her own Claim Form.**  The farmer cannot claim a settlement for the landlord's share of the corn marketed, if that share was reported to the Farm Service Agency ("FSA") of the U.S. Department of Agriculture ("USDA") even if the farmer normally markets the corn on behalf of the landlord.

## 9. I'm still not sure if I am included.

If you are still not sure whether you are included in the Settlement Class, you can get free help at www.CornSeedSettlement.com or by calling **1-833-567-CORN** (1-833-567-2676) or by writing to the Claims Administrator at the following address:

Corn Seed Settlement Claims Administrator
P.O. Box 26226
Richmond, VA 23260

## THE SETTLEMENT BENEFITS – WHAT YOU GET

## 10. What benefits does the settlement provide?

Syngenta has agreed to create a settlement fund of $1,510,000,000.  This amount covers: all Corn Producers, Grain Handling Facilities, and Ethanol Production Facilities who are part of the Settlement Class.  Of this amount, a maximum of $22,600,000 is set aside to pay Corn Producers who did purchase and plant Viptera or Duracade seeds (although the average per-bushel payment to one of these Corn Producers cannot exceed the average per-bushel payment to a Corn Producer who did not purchase and plant Viptera or Duracade seeds), a maximum of $29,900,000 is set aside to pay Grain Handling Facilities that are covered by the settlement, and a maximum of $19,500,000 is set aside to pay Ethanol Production Facilities that are covered by the settlement. The total amount available to Corn Producers who did not purchase or plant Viptera or Duracade seeds prior to ~~[Date]~~April 10, 2018 shall be the remaining Settlement Funds, which will be at least $1,438,000,000 before any deductions for the costs of administering the settlement and any attorneys' fees and litigation expenses awarded by the Court, and those amounts will be deducted from the total settlement fund before any payments are made.

## 11. What can I get from the settlement?

Eligible Corn Producers, Grain Handling Facilities, and Ethanol Production Facilities who stay in the settlement are entitled to a payment **if they submit a complete, signed Claim Form as**

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

Page 9 of 22

**described below and that Claim Form is approved for payment.**  The Claim Form can be submitted online at www.CornSeedSettlement.com.

<u>Corn Producers</u>:  The Claims Administrator will be responsible for determining the amount of each Corn Producer's payment based on the following factors: (1) Compensable Recovery Quantity, (2) the year of planting, (3) the Producer's ownership interest in those bushels, and (4) whether the producer purchased and planted Agrisure Viptera or Duracade.

For Corn Producers who reported Corn acres to the FSA, Compensable Recovery Quantity for each Marketing Year will be determined by:

> (1) Multiplying the number of Corn acres planted each Marketing Year as reported on the Producer's Form FSA 578 (not including acres reported as failed or for silage) by the Producer's percentage ownership in those acres as reported on the Form FSA 578;
> (2) Multiplying the resulting acreage by the average county yield as reported by USDA National Agricultural Statistics Service ("NASS") (or if no county yield is reported, the nearest yield available as determined by the Claims Administrator);
> (3) Deducting the percentage of bushels reported as "fed on farm" as reported on the Producer's Claim Form; and
> (4) Multiplying the resulting bushels by the weighted average for that particular Marketing Year.

For purposes of determining the Compensable Recovery Quantities for Corn Producer Class Members, the following weighted averages will be used for each respective Marketing Year:

> 2013/14-  26%
> 2014/15-  33%
> 2015/16-  20%
> 2016/17-  11%
> 2017/18-  10%

These averages are based on the evidence and expert analysis in the case.

For example, if the FSA 578 information reflects that John Smith in Marketing Year 2013-14 had a 25% share in 200 acres of Corn in a county with an average yield of 186 bushels per acre, the Producer's Compensable Recovery Quantity will be equal to 200 (acres) multiplied by 186 (average county yield) multiplied by 25% (ownership share) or 9,300 bushels, less any reported fed on farm percentage and then multiplied by the weighted average for that Marketing Year.  If Susan Smith had a 75% share in the same acres, her Compensable Recovery Quantity will be 200 (acres) multiplied ~~by186~~by 186 (average county yield) multiplied ~~by75~~by 75% or 27,900 bushels, less any reported fed on farm percentage and then multiplied by the weighted average for that marketing Year.

For Corn Producers who did not report their Corn acres to the USDA's FSA, Compensable Recovery Quantity will be determined in accordance with the same methodology but using

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

USDA Risk Management Agency information (from data reported to agencies based on crop insurance) instead of Form FSA data.

For those Corn Producers who did not report their Corn acres to USDA FSA or USDA Risk Management Agency ("RMA"), Compensable Recovery Quantity will be determined based on the Claim Form.

Once the Compensable Recovery Quantity is calculated for the entire Class Period for each Corn Producer, the Claims Administrator will determine payments to Corn Producers by distributing available settlement funds (less the costs of the administering the settlement and any Attorneys' Fees, Costs or Expenses approved by the Court) in proportion to each Corn Producer's Compensable Recovery Quantity (*Pro Rata).*

A Corn Producer's Compensable Recovery Quantity for Producers that purchased and planted Corn grown from Agrisure Viptera and/or Duracade Corn Seed will be calculated in the same manner as Corn Producers that did not purchase and plant Agrisure Viptera and/or Duracade Corn Seed but the *Pro Rata* distribution will be calculated from the settlement funds set aside for that Subclass ($22.6 million dollars) or at a number below $22.6 million dollars that ensures that the average per-bushel recovery for Corn Producers that purchased and planted Corn grown from Agrisure Viptera and/or Duracade Corn Seed shall not exceed the average per-bushel recovery of the members of the Subclass of Corn Producers that did not purchase and plant Agrisure Viptera and/or Duracade Corn Seed. Any remaining funds in this Subclass fund will revert to the general Settlement Fund.

<u>Grain Handling Facilities</u>:  For Grain Handling Facilities, Compensable Recovery Quantity will be determined as follows:

For each Marketing Year, a Grain Handling ~~Facilities~~Facility's total sales of Corn (in bushels) will be multiplied by the weighted average to determine the total Compensable Recovery Quantity for each Marketing Year.  Totals for each Marketing Year will be summed to determine that Grain Handling ~~Facilities'~~Facility's total Compensable Recovery Quantity for the Class Period. The Claims Administrator will determine payments to each Grain Handling Facility by distributing available settlement funds set aside for that Subclass ($29.9 Million) in proportion to each Grain Handling Facilities' total Compensable Recovery Quantity (*Pro Rata).*

For purposes of determining the Compensable Recovery Quantities for Grain Handling Facility Class Members, the following weighted averages will be used for each respective Marketing Year:

    2013/14-  26%
    2014/15-  33%
    2015/16-  20%
    2016/17-  11%
    2017/18-  10%

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

These averages are based on the evidence and expert analysis in the case. Any remaining funds in this Subclass fund will revert to the general Settlement Fund.

<u>Ethanol Production Facilities</u>:   For Ethanol Production Facilities, Compensable Recovery Quantity will be determined as follows:

> For each Marketing Year, an Ethanol Production Facility's total sales of DDGs (in short tons) will be multiplied by the weighted average to determine the total Compensable Recovery Quantity for each Marketing Year.  Totals for each Marketing Year will be summed to determine that Ethanol Production Facility's total Compensable Recovery Quantity for the Class Period.   The Claims Administrator will determine payments to each Ethanol Production Facility by distributing available settlement funds set aside for that Subclass ($19.5 Million) in proportion to each Ethanol Production Facility's total Compensable Recovery Quantity (*Pro Rata).*

For purposes of determining the Compensable Recovery Quantities for Ethanol Production Facility Class Members, the following weighted averages will be used for each respective Marketing Year:

> 2013/14- 44%
> 2014/15- 47%
> 2015/16- 4%
> 2016/17- 3%
> 2017/18- 2%

These averages are based on the evidence and expert analysis in the case.  Any remaining funds in this Subclass fund will revert to the general Settlement Fund.

| 12. Why are Viptera and Duracade Corn Producers being treated differently? |
| --- |

Syngenta has unique defenses to claims from Corn Producers who purchased and planted Viptera and/or Duracade corn seeds.  Specifically, there may be limitations on the ability of those purchasers to sue and the amount that they could recover because those Corn Producers are required to sign stewardship agreements with Syngenta that may limit their rights and ability to recover any damages.

In addition, those who purchased and planted Viptera or Duracade corn seed, if they sued, would potentially have been subject to comparative fault, contributory negligence, assumption of the risk, and other legal defenses.  For example, it could have been argued that those who purchased and planted Viptera and Duracade corn seed knew or should have known that the products were not yet approved in China.  These are some of the reasons why those who purchased and planted Viptera and Duracade corn seed will receive less than Corn Producers who did not purchase and plant those seeds.

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

### 13. How will you determine if someone is a Viptera or Duracade purchaser?

The Claim Form requires that you specify whether you purchased and planted Viptera or Duracade.  When you sign and submit your Claim Form, you will state under penalty of perjury that the information you provide in your Claim Form is true.  The Claims Administrator also may audit information provided in Claim Forms using Syngenta's records.  Make sure you do your best to be accurate in your answers.

### 14. For Corn Producers, why does the Claims Administrator need my FSA 578 and RMA information?

The Court has approved the use of FSA 578 and RMA (crop insurance) information to substantiate claims for settlement payments.  This information will be used to determine your Compensable Bushels but will be kept confidential by the Claims Administrator and used only for this settlement.

### 15. Do I need to obtain a copy of my FSA 578 Form or RMA information?

No.  The government has agreed to provide FSA 578 data and RMA data electronically for any Corn Producer who consents to that disclosure as part of the Claim Form.  Paper copies will NOT be accepted so you should NOT obtain any paper copies. Everything must be submitted as part of the Court-approved Claim Form.

## HOW YOU GET A PAYMENT

### 16. How do I get paid?

**You must submit a Claim Form in order to get paid.**  There is a different Claim Form for each type of Class Member (Corn Producer, Grain Handling Facility, or Ethanol Production Facility).  You can submit an electronic Claim Form in just a few quick and easy steps on the settlement website at www.CornSeedSettlement.com using any internet-capable device (mobile phone, tablet, desktop computer, etc.).  The online filing system will ask you only those questions required for your specific Class Member type.

The settlement website also will have downloadable and printable versions of all three Claim Forms available at www.CornSeedSettlement.com/Documents.aspx if you prefer to complete and submit a paper copy Claim Form.

If you cannot access the internet, you may request a paper copy Claim Form by calling 1-833-567-CORN (1-833-567-2676) or writing to the Claims Administrator at:

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

Corn ~~See~~Seed Settlement Claims Administrator
P.O. Box 26226
Richmond, VA 23260

Regardless of how you submit the Claim Form, all Claim Forms must be completed, signed and submitted online or postmarked on or before ~~[Claims Deadline]~~.October 12, 2018.

The Class Member or person with legal authority to act on behalf of the Class Member must complete and sign the Claim Form(s).  If you have a lawyer who represents you in a Syngenta lawsuit, the lawyer cannot sign and submit the Claim Form for you.  The Claim Form must be signed and submitted by the Class Member or, if the Class Member is a legal entity, by someone with legal authority to act on behalf of the entity other than your lawyer in the Syngenta matter.  Each Corn Producer must submit his or her own Claim Form.  For example, a tenant cannot submit on behalf of his or her landlord.  The landlord must submit his or her Claim Form separately.

**You do not need to obtain copies of your FSA 578 Report to make a claim.  After you submit a Claim Form consenting to disclosure of the FSA 578 data to the Claims Administrator to use for processing your claim (but otherwise keep confidential), this information will be provided directly by the FSA.**

Any Class Member submitting a paper copy Claim Form must mail the form to the following address:

Corn Seed Settlement Claims Administrator
P.O. Box 26226
Richmond, VA 23260

### 17. If I submit an eligible claim, when will I get my payment?

The Court will hold a hearing on ~~[TFH Date]~~,November 15, 2018, commonly referred to as a Fairness Hearing, to decide whether to grant certification of the Settlement Class and whether to approve the settlement.  If the Court approves the settlement after that, there may be appeals taken by objectors to the settlement.  Resolving those appeals often takes time, perhaps more than a year.  Progress of the payments will be put up on the settlement website. Please be patient.

### 18. What am I giving up to get a payment?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Syngenta about the legal issues in *these* cases being settled.  It also means that all of the Court's orders relating to this settlement will apply to you and legally bind you.  Even if you do not submit a claim to get paid, you will give up your claims against Syngenta and be bound by the Court's orders.  You must submit a Claim Form to get paid.

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

A copy of the Settlement Agreement containing the full language of the legal release and all of the terms of the settlement is available at www.CornSeedSettlement.com.

**19.   Does my participation in this settlement affect any claims I may have against exporters relating to these issues?**

Your participation as a Class member in this settlement does not and will not affect any claims you may have against exporters related to the rejection of U.S. corn by China.  You will not lose any claims you may have against any exporters.  The only claims that are being released if you do not request to be excluded from the Class are against Syngenta.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Syngenta on your own about the legal issues in this case, then you must take steps to get out of the settlement.  This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

**20. How do I get out of the settlement?**

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in the lawsuit.  You may be able to sue (or continue to sue) Syngenta in the future.  If you want to be excluded from this settlement, you must submit an exclusion request even if you have already separately sued Syngenta.

The procedure for asking to be excluded from the settlement (submitting an "Opt-Out Request") varies depending on what type of Class Member you are.  This section of the notice explains those different procedures.

1.  **Corn Producer Opt Out Procedure.**

    If you are a Corn Producer and do not want to be included in the settlement, you must mail a written Opt-Out Request to the Claims Administrator that includes the following:

    (a) your full legal name (or entity name if applicable), valid mailing address, and all digits of your Social Security or (if an entity) Tax ID number, a functioning telephone number and the address of the farm(s) whose Corn priced for sale after September 15, 2013 was allegedly impacted by Agrisure Viptera and/or Duracade Corn Seed;

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

(b) a statement that you have reviewed and understood the Class Notice and choose to be excluded from the Settlement Class and, that you understand that by opting out, you will not share in any recovery obtained on behalf of the Settlement Class;

(c) the name and contact information of your attorney, if you have one;

(d) a statement indicating that you are a Corn Producer who during the Class Period owned an Interest in Corn in the U.S. that was priced for sale after September 15, 2013;

(e) either (1) a signed consent to obtain your FSA 578 Report and RMA Data for each year from 2013-2017 related to any Corn crop in which you have an interest, or (2) a statement certifying by penalty of perjury, based on your knowledge, information, and belief, the number of planted Corn acres for each calendar year from 2013-2017 and your share of Corn planted on those acres in which you had an Interest; and

(f) your actual signature in ink and the signature of anyone else required under law to bind the Corn Producer who is seeking to be excluded (not an electronic copy). The signature of your attorney representing you in this matter will **not** be accepted by the Court. *You must sign your own Opt-Out Request.*

A tenant who excludes himself from the settlement cannot exclude a landlord's ownership interest in the Corn crop and vice versa; a husband and wife with a 50-50 interest in a crop, as reported to the FSA, must each sign an Opt-Out Request to exclude 100% of their crop from the settlement; and someone who produces Corn under multiple entity names must execute an Opt-Out Request for each separate entity.

Any Corn Producer who does not submit a valid Opt-Out Request for a particular interest will have that interest included in the Settlement Class.

**2. Grain Handling Facility Opt Out Procedure.**

If you are a Grain Handling Facility and do not want to be included in the settlement, you must send a written Opt-Out Request to the Claims Administrator that includes the following:

(a) your full legal name (or entity name if applicable), valid mailing address, and all digits of the Social Security or (if an entity) Tax ID number, and a functioning telephone number;

(b) a statement that you have reviewed and understood the Class Notice and choose to be excluded from the Settlement Class and, that you understand that by opting out, you will not share in any recovery obtained on behalf of the Settlement Class;

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

(c) the name and contact information of your attorney, if you have one;

(d) a statement indicating that you are a Grain Handling Facility;

(e) business records demonstrating (1) the number of Corn bushels purchased per Marketing Year; (2) the number of Corn bushels priced for sale after September 15, 2013 and for each Marketing Year (if any); (3) your total Storage Capacity; and

(f) your actual signature in ink and the signature of anyone else required under law to bind the Grain Handling Facility seeking to be excluded (not an electronic copy). The signature of your attorney representing you in this matter will **not** be accepted by the Court. *You must sign your own Opt-Out Request.*

> **Formatted:** Font: Bold

3. **Ethanol Production Facility Opt Out Procedure.**

If you are an Ethanol Production Facility and do not want to be included in the settlement, you must send a written Opt-Out Request to the Claims Administrator that includes the following:

(a) your full legal name (or entity name if applicable), valid mailing address, and all digits of the Social Security or (if an entity) Tax ID number, and a functioning telephone number;

(b) a statement that you have reviewed and understood the Class Notice and choose to be excluded from the Settlement Class and, that you understand that by opting out, you will not share in any recovery obtained on behalf of the Settlement Class;

(c) the name and contact information of your attorney, if you have one;

(d) a statement indicating that you are an Ethanol Production Facility;

(e) business records demonstrating (1) the number of Corn bushels purchased per Marketing Year; (2) the number of short tons of DDGs priced for sale after September 15, 2013 and for each Marketing Year (if any); (3) your total Production Capacity; and

(f) your actual signature in ink and the signature of anyone else required under law to bind the Ethanol Production Facility seeking to be excluded (not an electronic copy). The signature of your attorney representing you in this matter will **not** be accepted by the Court. *You must sign your own Opt-Out Request.*

**For Any Class Member** seeking to opt out of the Settlement (whether you are a Corn Producer, Grain Handling Facility or Ethanol Production Facility), your signature **must be** made and dated

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

Page 17 of 22

on or after ~~[insert mailing date for this Notice].~~May 11, 2018.  Finally, your Opt-Out Request must be postmarked by ~~[Opt Out/Objection Deadline]~~August 10, 2018 and mailed to:

Corn Seed Settlement Claims Administrator
P.O. Box 26226
Richmond, VA 23260

You can't exclude yourself on the phone or by e-mail.  If you do not provide the information required to opt out or fail to timely submit an Opt-Out Request, you will be deemed to have waived your right to opt out and will be a member of the Settlement Class.

No person or entity, including another Class Member, may submit an Opt-Out Request on behalf of any other Class Member or that Class Member's interest in a claim covered by the settlement.

**The Court will not accept Opt-Out Requests signed <u>prior to</u> the date this notice was mailed. This includes any exclusions that were submitted for previous class notices or class actions related to Agrisure Viptera or Duracade corn seed.  This means if you opted out of one or more of the prior class actions, you are included in this settlement unless you opt out again.**

### 21. If I opt out, can I maintain my lawsuit against Syngenta?

If you timely opt out and you follow the requirements in Question 20, you may sue or continue to sue Syngenta because you will not be bound by the settlement.  You should know, however, that as part of this settlement, Syngenta has agreed that for at least one year following the date this settlement is completed, it will not pay any Class Member who opts out more favorably than it is treating similarly situated Class Members who stay in the class.  The only way to get more money in a separate suit prior to that date would be to take your case to trial, obtain a verdict that is better than this settlement, and win on appeal.

### 22. If I don't opt out, can I sue Syngenta for the same thing later?

No.  Unless you exclude yourself, you give up the right to sue Syngenta for the claims that this settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.  You must exclude yourself, if eligible, from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is ~~[OBJECTION DEADLINE].~~August 10, 2018.

### 23. If I opt out, can I get money from this settlement?

No.

**THE LAWYERS REPRESENTING YOU**

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

**24. Do I have a lawyer in this case?**

The Court has appointed Daniel E. Gustafson, Christopher A. Seeger, and Patrick J. Stueve to represent the Settlement Class.  These lawyers are referred to as "Settlement Class Counsel."  If you want to be represented by your own lawyer, you may hire one at your own expense.

**25. What about lawyers advising me to exclude myself from the class?**

You may receive letters or calls from lawyers seeking to represent you in this case.  You have the right to consult an attorney for advice about whether to stay in the Settlement Class and accept the settlement.  You should be cautious, however, about advice from attorneys recommending that you exclude yourself from the Settlement Class so that they can represent you in an individual lawsuit against Syngenta, because these attorneys have a financial motive in having you hire them.

**26. How will the lawyers be paid?**

Settlement Class Counsel will seek up to one-third of the settlement fund as attorneys' fees and reimbursement for [$____ in]out of pocket costs and expenses.  The Court may award less than these amounts.  These fees represent compensation to hundreds of lawyers who participated in the litigation against Syngenta, including the lawyers who tried the cases in Kansas and Minnesota, and any other lawyers to whom the Court awards fees.  A copy of the Fee and Expense Applications will be uploaded to the www.CornSeedSettlement.com after [Fee Date].July 10, 2018.

If you hired an attorney before you received this notice and want to stay in the Settlement Class, you should discuss the issue of attorneys' fees with your lawyer.

If you choose to hire your own lawyer, you will be responsible for that lawyer's fees and expenses.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**27. How do I tell the Court that I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it, including the requests being made by Class Counsel for attorneys' fees and litigation expenses or the service awards being sought for Class RepresentativeRepresentatives and those plaintiffs

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

who helped litigate the case for the Class~~,~~.  You can give reasons why you think the Court should not approve the settlement or what you do not like about the settlement.  The Court will consider your views.

**You cannot both exclude yourself from the settlement and object at the same time.  If you exclude yourself, you cannot object to any part of the settlement.  You have to remain in the Settlement Class in order to maintain your right to object to any part of the settlement.**

To object, you must file a written objection with the Clerk of Court.  You must include your name, mailing address and telephone number.  You must also clearly state the specific legal and factual reasons why you object to the settlement and attach copies of any materials that you intend to submit to the Court or present at the Fairness Hearing.  If you're represented by a lawyer in connection with the issues involved with the sale and marketing of Viptera and Duracade, you must include the lawyer's name, email address, mailing address and telephone number.

***All objections must be personally signed by the Class Member with an actual ink signature, even if you're represented by a lawyer.***  Any request to appear and present argument at the Final Fairness Hearing must also be specifically stated.

In addition to filing your objection with the Clerk of Court, you must also mail the objection to each address listed below:

*Settlement Class Counsel:*
Daniel E. Gustafson
Gustafson Gluek, PLLC
120 S. 6th Street, Suite 2600
Minneapolis, MN 55402

Christopher A. Seeger
Seeger Weiss LLP
55 Challenger Road
Ridgefield Park, NJ  07660

Patrick J. Stueve
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

**Formatted:** Font: Not Italic

*Counsel for Syngenta:*
Leslie M. Smith, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

The objection must be postmarked no later than ~~[OBJECTION DEADLINE].~~August 10, 2018.

If you object, you may be asked to answer questions by the attorneys, or the Court, about your reasons for objecting.

No person or entity or other Class Members may object for, or on behalf of, any other Class Member.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**28. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at ~~[TIME AND DATE OF FFH],~~1:00 p.m. CST on November 15, 2018, at the United States District Court for the District of Kansas, 500 State Ave., Kansas City, KS 66101. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have previously asked to speak at the hearing. The Court may also decide how much to pay Settlement Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.CornSeedSettlement.com for updates.

**29. Do I have to come to the hearing?**

No. Settlement Class Counsel will answer questions the Court may have. You are welcome, however, to come at your own expense. If you send an objection, you don't have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**30. May I speak at the hearing?**

If you timely objected to the settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must make such a request in your objection or send a letter saying that it is your "Notice of Intention to Appear in the Syngenta Settlement." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than ~~[NOTICE TO APPEAR DEADLINE],~~August 10, 2018, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the addresses in Question ~~[27].~~27. You cannot speak at the hearing if you excluded yourself. You can speak only about issues that you timely raised in a written objection pursuant to Question

Questions? CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

[27].27.  Moreover, even if you have sent in a written objection, the Court may still decline to allow you to speak at the Fairness Hearing.

**IF YOU DO NOTHING**

**31. What happens if I do nothing at all?**

If you do nothing, you will not get any payment from this settlement, and unless you've excluded yourself from the Settlement Class, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Syngenta about the legal issues in this case.

**GETTING MORE INFORMATION**

**3132. Is more information about the lawsuit available?**

Yes.   If you have any questions or would like additional information, you may visit www.CornSeedSettlement.com, call **1-833-567-CORN (1-833-567-2676)**, or write to the Claims Administrator at:

Corn Seed Settlement Claims Administrator
P.O. Box 26226
Richmond, VA 23260

En el sitio web, www.CornSeedSettlement.com, hay una copia completa de esta notificación en español.

**Submit your Claim Form Online at www.CornSeedSettlement.com.**

**DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION**

Questions?  CALL 1-833-567-CORN toll free or VISIT www.CornSeedSettlement.com.

Page 22 of 22