IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR162 CORN LITIGATION<br><br>This Document Relates to All Cases <u>Except</u>:<br><br>*Louis Dreyfus Co. Grains Merchandising LLC v. Syngenta AG*, No. 16-2788<br><br>*Trans Coastal Supply Co., Inc. v. Syngenta AG*, No. 14-2637<br><br>*The Delong Co., Inc. v. Syngenta AG*, No. 17-2614<br><br>*Agribase Int'l Inc. v. Syngenta AG*, No. 15-2279 | MDL No. 2591<br><br>Case No. 14-md-02591-JWL-JPO |
| STATE OF MINNESOTA<br>COUNTY OF HENNEPIN<br><br>In re: Syngenta Litigation<br><br>This Document Relates to:  ALL ACTIONS | DISTRICT COURT<br>FOURTH JUDICIAL DISTRICT<br><br>Case Type: Civil Other<br>Hon. Laurie J. Miller<br><br>FILE NO. 27-CV-15-12625<br>and FILE NO. 27-CV-15-3785 |

**FEE & EXPENSE APPLICATION
BY WATTS GUERRA LLP**

Watts Guerra LLP submits this Fee & Expense Application pursuant to §7.2.1 of the Agrisure Viptera/Duracade Class Settlement Agreement, ECF No. 3507-2 (MDL 2591) (filed March 12, 2018) ("SA" or "Settlement"), and ¶17 of the Order Preliminarily Approving the Settlement, ECF No. 3532 (MDL 2591) (April 10, 2018).  This Application, together with all supporting materials, is filed in both of the above-captioned proceedings—*In Re: Syngenta AG MIR 162 Corn*

1

*Litigation*, MDL 2591 in the U.S. District Court for the District of Kansas before the Honorable John W. Lungstrum ("the Federal MDL Court"); and *In Re: Syngenta Litigation*, File Nos.: 27-cv-15-3785 and 27-cv-15-12625, a Minnesota Consolidated Proceeding in the Fourth Judicial District Court, Hennepin County, before the Honorable Laurie J. Miller ("the Minnesota Court"). This is because Watts Guerra's clients have brought suit in both proceedings, and because of the shared authority and jurisdiction provided by SA §§ 7.2.1, 7.2.2, and 7.2.3.[1]

In support, Watts Guerra states as follows:

1. Watts Guerra LLP is lead counsel for, among others, more than 57,000 individual plaintiffs who brought suit in the Minnesota Consolidated Proceeding—farmers and grain elevators hurt by Syngenta's botched commercialization of genetically modified corn seed. Watts Guerra partner Francisco Guerra, IV is Minnesota Co-Lead Counsel. In addition, Watts Guerra worked as trial counsel for the Minnesota bellwether and class trials, and partner Mikal Watts served on the four-member, court-appointed Plaintiffs' Negotiating Committee ("PNC"), which obtained and hammered out the $1.51 billion settlement as a global resolution of this massive, multi-district, multi-forum litigation (the "Corn Litigation"). Watts Guerra's clients now stand to recover hundreds of millions of dollars if the Settlement is approved.

2. Although Watts Guerra's clients represent only 10% of the class by number, they represent ***more than 23%*** of the producer classes by bushels of corn (according to an analysis by

---

[1] To be precise, Watts Guerra's filing consists of: (I) this Application, with an Index of Exhibits, and Exhibits 1 through 14; and (II) a Sealed Motion for Leave to File in the Public Record, with three exhibits—two contracts with confidentiality provisions (which protect information that is no longer sensitive and has been widely disclosed in substantial part already), and Watts Guerra's Memorandum in Support of its Fee & Expense Application (which discusses those contracts in some detail). The two contracts at issue in the Sealed Motion are Exhibits 6 and 7 to this Application. The attachments hereto thus include slip sheets indicating where those exhibits should be inserted upon disposition of that Motion. In the event it is denied and the contracts are kept under seal, Watts Guerra has requested leave to file publicly a copy of its legal Memorandum with appropriate redactions.

The Settlement Alliance, filed as Exhibit 3 hereto), and **more than 50%** of all completed claims on file with the Claims Administrator, Brown Greer, as of July 2, 2018 (according to summary statistics provided to Mikal Watts pursuant to SA §3.9.1).  Watts Guerra's clients can thus expect an aggregate, gross recovery of ***$345 million to $750 million***.  With that success, Watts Guerra now seeks a Fee & Expense Award for itself and its associate counsel.

3.  As a threshold matter, Watts Guerra proposes a simple, global framework for resolving all attorney fees in this case in a way that would meet expectations from settlement negotiations, be fair to all class members and all counsel, and limit appeals and collateral litigation.  ***First***, the class as a whole should pay 33.33% (one-third) of the Settlement Fund for *all* attorney fees and expenses, including both common benefit and contract fees—a step Watts Guerra will facilitate by voluntarily reducing the contingent fee in its private contracts from 40% to 33.33%.  ***Second***, this class-wide fee of 33.33% should be divided based on class member recoveries after all claims are made—with Watts Guerra taking a 33.33% fee for its clients, other retained counsel taking the same for their clients, and common benefit counsel being compensated by *both* the 33.33% fee taken out of recoveries by absent class members *and* common benefit assessments paid by each retained counsel.

4.  As to Watts Guerra, common benefit assessments are governed by the JPA—a longstanding agreement with the court-appointed Leaders in both proceedings, which dictates that Watts Guerra (together with its clients and co-counsel) pay *no more than* 11% from the gross recovery of any client to other common benefit counsel—or, more precisely, 11 percentage points from its 40% contingent fee, which is 9.17 percentage points on the compressed 33.33% fee.  But for that agreement, Watts Guerra's contributions arguably would excuse it from any assessment—and that is so even if a much larger assessment might be appropriate for *other* retained counsel,

3

who neither signed the JPA nor took an active role in the Corn Litigation for their clients or absent class members.

5. Accordingly, as lead counsel for the Watts Guerra Plaintiffs and on behalf of itself and its 224 associate counsel whose joinder declarations are filed in Exhibit 10, Watts Guerra applies for a Fee & Expense Award in an amount equivalent to a **24.16% contingent fee** on the gross recoveries of the Watts Guerra Plaintiffs under the Settlement (plus $12,846,863.41 for Watts Guerra's common benefit expenses).[2] This Award should be well above $100 million, the precise amount dependent on the distribution of Settlement benefits after all claims are made. This is a substantial Award, and Watts Guerra has substantial bases for requesting it.

6. With its investments of time, money, skill, and experience, as well as its work with the many other fine attorneys and firms who performed common benefit work in these proceedings, Watts Guerra has earned the benefit of its bargains—with its individual clients *and* with the rest of Plaintiffs' Leadership. Put simply: Watts Guerra made a plan to recover for its clients (including hanging the weight of tens of thousands of individual claims on Syngenta in Minnesota state court). It invested in that plan (including $23.90 million in time, costs, and expenses, *plus* contributions from its associate counsel). It went to work (including by contracting for access to common benefit work at a reasonable price; overseeing and participating in that work itself; and taking a leading role at trials and in settlement negotiations). *And the plan succeeded.* In fact, as the only counsel in the Corn Litigation with *both* a major leadership role and a substantial docket of actual clients, Watts Guerra was instrumental in obtaining recoveries not only for its own

---

[2] Common benefit fees and expenses for Watts Guerra's associate counsel should be included in the separate Fee & Expense Application filed by Minnesota Co-Lead Counsel.

57,000 clients, but for *the entire Settlement class*—including for roughly 42,000 plaintiffs who retained other counsel and another 500,000 absent class members.

7. In committing itself to this effort, Watts Guerra made promises to its clients, to hundreds of lawyers across the Corn Belt who worked with Watts Guerra as associate counsel for the farmers in their own communities, to other members of the Plaintiffs' Leadership groups, to Judge Sipkins, and to the Special Masters and Your Honors—promises it has kept. Now, Watts Guerra respectfully applies for a Fee & Expense Award consistent with the promises made *to* Watts Guerra, its unique position in this litigation, and its investment-backed expectations.

8. Watts Guerra's Application and proposed framework for allocating attorney fees and expenses in this litigation is supported by six leading complex-litigation legal scholars: Brian T. Fitzpatrick (Vanderbilt Law School); Andrew Kull (University of Texas at Austin School of Law); Alexandra D. Lahav (University of Connecticut School of Law); Arthur R. Miller (NYU School of Law); and Geoffrey P. Miller (NYU School of Law); Charles Silver (University of Texas at Austin School of Law). The expert reports of these scholars are provided as Exhibit 1 (Report on Issues of Economics, Policy, & Procedure) and Exhibit 2 (Report on Issues of Restitution & Unjust Enrichment).

9. In further support, Watts Guerra relies on its Memorandum (filed as Exhibit C to Watts Guerra's Sealed Motion for Leave to File in the Public Record), and Exhibits 3 through 14 hereto—including a report from The Settlement Alliance (Exhibit 3), detailed factual Declarations by Mikal C. Watts and Francisco Guerra, IV (Exhibits 4 and 5)—and the following key metrics:

| **Key Metrics for Watts Guerra's Fee & Expense Application** | |
|---|---|
| Est. percentage of U.S. corn harvest (2013-2017) represented by Watts Guerra producer clients | **23.1%** <br> Ex. 3, TSA Report at 7 |
| Percentage of total completed claims made by Watts Guerra Plaintiffs with the Claims Administrator (by number, not value) (as of July 2, 2018) | **50.66%** <br> Ex. 4, Watts Decl. ¶340 |
| Est. total investment in the Corn Litigation by Watts Guerra (as of July 2, 2018) | **$23,904,775.49**[3] <br> Ex. 5, Guerra Decl. ¶¶ 31, 44 |
| Common benefit time submitted by Watts Guerra to Minnesota Co-Lead Counsel for audit | **$8,298,318.25.00** <br> (14,733.30 hours) <br> Ex. 5, Guerra Decl. ¶31 |
| Common benefit expenses submitted by Watts Guerra to Minnesota Co-Lead Counsel for audit | **$12,846,863.41** <br> Ex. 5, Guerra Decl. ¶31 |
| Additional non-common benefit costs and expenses incurred by Watts Guerra | **$2,105,714.34** <br> Ex. 5, Guerra Decl. ¶31 |
| Law firms working with Watts Guerra as associate counsel (*i.e.*, other members of the "Watts Guerra Group") | **332** <br> Ex. 4, Watts Decl. ¶31 & App. B (identifying each) |
| Watts Guerra Group members who have submitted declarations joining this Application and detailing their own time and expenses | **224** <br> Ex. 4, Watts Decl. ¶38; <br> Ex. 10 (collecting declarations) |
| Est. number of fully-executed fee contracts between Watts Guerra and its clients | **62,290** <br> Ex. 4, Watts Decl. ¶34 |
| Est. number of Watts Guerra clients for whom Watts Guerra brought suit in this matter (excluding claims since dismissed) | **57,935** (total) <br> **57,788** (farmers) <br> **147** (grain elevators) <br> Ex. 4, Watts Decl. ¶45, 55, 58 |

---

[3] This does *not* include non-common benefit time by Watts Guerra staff, such as roughly 50,000 hours devoted to administrative and management tasks necessary to a 57,000-plus client docket. Guerra Decl. ¶44; *see, e.g.*, Watts Decl. ¶359 (estimating that Watts Guerra received 56,609 incoming calls, and made 198,252 outgoing calls on this matter, not including nearly 500,000 autodial calls). This figure also does *not* include the time and expense invested by Watts Guerra's associate counsel. *See generally* Exhibit 10.

Dated: July 10, 2018

William P. Ferranti
THE FERRANTI FIRM LLP
1819 SW 5th Ave. #403
Portland, Oregon 97202
Telephone: (503) 877-9220
Facsimile: (503) 473-8519
wpf@ferrantiappeals.com

*Counsel for Watts Guerra LLP*

Respectfully submitted,

/s/ Mikal C. Watts
Mikal C. Watts
   Texas State Bar No. 20981820
Francisco Guerra, IV
   Texas State Bar No. 00796682
WATTS GUERRA LLP
Four Dominion Drive
Building Three, Suite 100
San Antonio, Texas 78257
Telephone: (210) 447-0500
Facsimile: (210) 447-0501
mcwatts@wattsguerra.com
fguerra@wattsguerra.com

*Counsel for the Watts Guerra Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on July 10, 2018, I caused the foregoing Application, together with the Index of Exhibits and Exhibits 1 to 14, to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in the Federal proceeding.

I also caused this same filing to be made electronically with Minnesota state trial court using the eFS System which will serve all counsel of record in the Minnesota proceeding.

/s/ Mikal C. Watts
Mikal C. Watts