# EXHIBIT 11

**From:** **Chris Seeger** cseeger@seegerweiss.com 
**Subject:** Redline of Fee Agreement.pdf
**Date:** February 23, 2018 at 6:25 PM
**To:** Mikal Watts mcwatts@wattsguerra.com

This should work for you.   Please let me know ASAP.


Redline of Fee Agreement.pdf

Sent from my iPhone

# FEE-SHARING AGREEMENT
Syngenta MIR162 Litigation

Pursuant to the terms of the Agrisure Viptera/Duracade Class Settlement Agreement ("Master Settlement Agreement"), Settlement Class Counsel shall make a Fee and Expense Application to the Court for an attorneys' fee and expense award.[1] This Fee-Sharing Agreement ("Agreement") governs the division of attorney's fees and expenses between the Parties associated with any fee and expense award ordered by the Court in *In re Syngenta AG MIR 162 Corn Litigation*, MDL 2591, in the United States District Court for the District of Kansas. ~~If there are any attorneys' fees or expenses awarded by the Court from the Settlement Fund to counsel not otherwise referenced, mentioned or included within the scope of this Agreement, as the result of petitions filed pursuant to the Master Settlement Agreement, those fees shall be deducted first, before any fee split made under this Agreement.~~

The Parties agree to divide any attorney's fees awarded by the Court as follows:

| **Party** | **Percentage (%)** |
|---|---|
| Patrick J. Stueve<br>*STUEVE SIEGEL HANSON LLP*<br>Don Downing<br>*GRAY, RITTER & GRAHAM, PC*<br>William B. Chaney<br>*GRAY REED & MCGRAW, LLP*<br>Scott A. Powell<br>*HARE WYNN NEWELL & NEWTON*[2] | 50% |

---

[1] The Clayton A. Clark and Mikal C. Watts groups shall submit expenses on their own behalf to Settlement Class Counsel, who will include them in the Attorneys' Fee and Expense Petition.

[2] This group includes Patrick J. Stueve (Stueve Siegel Hanson LLP), Don M. Downing (Gray, Ritter & Graham, PC), William B. Chaney (Gray Reed & McGraw, LLP), Scott A. Powell (Hare Wynn Newell & Newton), Christopher M. Ellis (Bolen Robinson & Ellis, LLP), David F. Graham (Sidley Austin LLP), Jayne Conroy (Simmons Hanly Conroy), John W. Ursu (Greene Espel PLLP), Richard M. Paul, III (Paul McInnes, LLP and Paul LLP)(Kansas MDL common benefit work), Robert K. Shelquist (Lockridge Grindal Nauen)(Kansas MDL common benefit work), Scott E. Poynter (Emerson Poynter LLP ), Stephen A. Weiss (Seeger Weiss Law Firm), and Thomas V. Bender (Walters Bender Strohbehn & Vaughan, PC) and all "Referring Counsel." "Referring Counsel" means a law firm engaged with the named law firm in the joint representation of one or more Claimants in connection with the prosecution of their Claims. The four Kansas MDL Co-Lead Counsel (William B. Chaney, Don Downing, Scott

| Daniel E. Gustafson<br>*GUSTAFSON GLUEK PLLC*[3] | 12.5% |
|---|---|
| Clayton A. Clark<br>*CLARK, LOVE & HUTSON, GP*[4] | 17.5% |
| Mikal C. Watts<br>*WATTS GUERRA LLP*[5] | 20.0% |

The Parties to this Agreement agree that it is in the Parties' and Class Members' best interest to consummate this Agreement and to cooperate with each other and take all actions reasonably necessary to obtain Court approval of this Agreement.  The Parties also agree to take all actions necessary to obtain entry of Orders required to implement this Agreement, and that all Orders entered to implement and approve this Agreement shall be final. The Parties further agree to waive any right to appeal any Order implementing and approving this Agreement.

The Parties agree that no signatory to this Agreement, or their co-counsel, partners, or

---

Powell and Patrick J. Stueve) will allocate the fees represented by this percentage among all firms that provided common benefit work in the Kansas MDL consistent with the Kansas MDL Court's orders.  The four Kansas MDL Co-Lead Counsel will have the right to review, revise and approve any common benefit time and expense submissions for common benefit work performed in the Kansas MDL that will be submitted by Settlement Class Counsel to the Kansas MDL Court consistent with the Kansas MDL Court's orders.

[3] This group also includes Lewis A. Remele, Jr. (Bassford Remele), William R. Sieben (Schwebel Goetz & Sieben, P.A.), Richard M. Paul, III (Paul McInnes LLP and Paul LLP)(Minnesota work), Will Kemp (Kemp, Jones & Coulthard, LLP), Tyler Hudson (Wagstaff & Cartmell, LLP), Robert K. Shelquist (Lockridge Grindal Nauen)(Minnesota work), and Paul Byrd (Paul Byrd Law Firm PLLC) and all Referring Counsel.  Daniel E. Gustafson and Lew Remele will allocate fees represented by this percentage among all firms that provided common benefit work in the Minnesota MDL consistent the Minnesota MDL Court's orders.  Daniel E. Gustafson and Lew Remele will have the right to review, revise and approve ~~-~~any common benefit time and expense submissions for common benefit work performed in the Minnesota MDL that will be submitted by Settlement Class Counsel to the Kansas MDL Court consistent with the Minnesota MDL Court's orders.

[4] This group also includes Peter J. Flowers (Meyers & Flowers) and Martin J. Phipps (Phipps Anderson Deacon LLP), as well as Clark's, Flowers' and / or Phipps' Referring Counsel, co-counsel and / or joint venture partners.  Clayton A. Clark shall petition the Honorable David R. Herndon of the United States District Court for the Southern District of Illinois concerning the allocation of fees among the members of this group.

[5] This group also includes John R. W. Cracken (The Cracken Law Firm, P.C.), as well as this group's Referring Counsel~~-~~, <u>affiliated counsel,</u> co-counsel, and / or joint venture partners~~,~~. <u>including but not limited to the law firms representing the 56,259</u> ~~-~~producers referenced in ~~the~~ Appendix A (Summary of Minnesota Leadership Producers Excluded from Class(es)) filed in support of Producer Plaintiffs' Memorandum in Support of their Motion for Class Certification in the MDL (attached hereto as Exhibit 1).~~, that signed any Joint Prosecution Agreement or Addendum, excluding those law firms otherwise included in Footnotes 2-4 herein.~~  Mikal C. Watts shall petition the Honorable Laurie J. Miller of the Fourth Judicial District Court, County of Hennepin, State of Minnesota concerning the allocation of fees among the members of this group.

referring counsel will seek to void this Agreement or take any actions in any Court contrary to any provision in this Agreement.  In the event that any Party challenges this Agreement for any reason, any dispute shall be submitted exclusively to the Honorable David R. Herndon, John W. Lungstrum, and Laurie J. Miller for final resolution, with no right of appeal, and consistent with the terms of the Master Settlement Agreement.

All Parties must consent before any Party may amend or supplement this Agreement. If any provision of this Agreement is held to be illegal, invalid, or unenforceable under present or future laws, the legality, validity, and enforceability of the remaining provisions of this Agreement shall not be affected. This Agreement shall be liberally construed so as to carry out the intent of the Parties.  It shall be construed without regard to any presumption or rule requiring construction or interpretation against the Party drafting same. If any Party perceives another may be in default in connection with this Agreement, such Party shall provide such other Party notice of, and a reasonable opportunity to cure, such default; if the latter cures such default, or if the former provides the latter notice of the former's intent to waive such default, then there shall have been no default under this Agreement.  To the extent this Agreement requires a Party consent to, or give notice of, anything, such consent or notice must be in writing and signed by such Party, and a copy of such consent or notice must delivered to each of the other Parties.

The Parties also agree that this Agreement, along with the Master Settlement Agreement and the separate fee agreement between Seeger Weiss LLP and Kansas MDL Co-Lead Counsel (collectively, "Fee Agreements"), embodies the entire agreement between the Parties with respect to its subject matter and, if the Master Settlement Agreement is granted final approval, this Agreement supersedes and cancels all prior oral or written agreements by and among the parties, other than the Fee Agreements, including, without limitation, the March 23, 2015 Joint

Prosecution Agreement ("JPA"), the June 18, 2015 JPA, and the January 21, 2016 JPA. All parties to the JPAs will sign a separate agreement confirming that this Agreement supersedes and cancels all JPAs if the Master Settlement Agreement is granted final approval. No party that signed a JPA may receive any fee or expense reimbursement from the monies awarded by the Court without signing this separate agreement.

      Finally, the Parties further agree to take all actions reasonably necessary to effectuate the terms of the Master Settlement Agreement and ensure all participation thresholds are met. In the event that the Master Settlement Agreement is not granted final approval, this Agreement shall be null and void.

SIGNED on this the 23rd day of February, 2018.

                STUEVE SIEGEL HANSON LLP

                _____

                By:    Patrick J. Stueve
                Title:  Partner

                GRAY, RITTER & GRAHAM, PC

                _____

                By:    Don Downing
                Title:  ~~Partner~~Shareholder

                GRAY REED & MCGRAW, LLP

                _____

                By:    William B. Chaney
                Title:  Partner

                HARE WYNN NEWELL & NEWTON

                _____

                By:    Scott Powell
                Title:  Partner

SEEGER WEISS LLP

_____

By: Christopher A. Seeger
Title: Partner

GUSTAFSON GLUEK PLLC

_____

By: Daniel E. Gustafson
Title: Member

CLARK LOVE HUTSON GP

_____

By: Clayton A. Clark
Title: Partner

WATTS GUERRA LLP

_____

By: Mikal C. Watts
Title: Partner