# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE SYNGENTA AG MIR 162 CORN
LITIGATION

THIS DOCUMENT RELATES TO ALL CASES
EXCEPT:

*Louis Dreyfus Company Grains
Merchandising LLC v. Syngenta AG, et al.,
No.: 16-2788-JWL-JPO*

*Trans Coastal Supply Company, Inc. v.
Syngenta AG, et al., No. 2:14-cv-02637-JWL-
JPO*

*The Delong Co., Inc. v. Syngenta AG, et al.,
No. 2:17-cv-02614-JWL-JPO*

*Agribase International Inc. v. Syngenta AG, et
al., No. 2:15-cv-02279-JWL-JPO*

Master File No. 2:14-MD-02591-
JWL-JPO

MDL No. 2591

## SIMON RADEMACHER & CHRISTOPHER ROBERTS' SUR-REPLY TO REPLY MEMORANDUM IN SUPPORT OF KANSAS MDL CO-LEAD COUNSEL AND SETTLEMENT CLASS COUNSEL CHRISTOPHER SEEGER'S PETITION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS TO CLASS REPRESENTATIVES/BELLWETHER PLAINTIFFS AND ALLOCATION OF ATTORNEYS' FEE AWARD

# INTRODUCTION

Kansas MDL Co-Lead Counsel and Settlement Class Counsel Christopher Seeger (hereinafter "Kansas attorneys") attempt to undermine Simon Rademacher's and Christopher Roberts' valid objection to more than half-a-billion dollars in attorneys' fees by making false accusations about their counsel. Doc. 3712, at 26-28. These *ad hominem* attacks should be seen for what they are: an attempt to distract the Court from the substance of the objection. There can be little doubt on the merits considering one of the firms seeking fees acknowledged the Court could "reasonably ask whether this [33% of $1.5 billion] still takes too much from absent class members who never agreed to pay these attorneys a dime." Doc. 3611, at 39.

Rademacher's and Roberts' objection answers this question directly. The proposed fee takes far too much from farmers like Rademacher and Roberts. Statistically, the proposed fee is way out of bounds for a settlement of this scale. Doc. 3669, at 13-17. As the objection explains, neither *Urethane* nor *Allapattah* support 33% from $1.5 billion because both involved more than a decade of litigation and, more importantly, complete or even greater recovery for the class. Doc. 3669, at 1-2, 16.[1] The Reply fails to

---

[1] Citing *In re: Urethane Antitrust Litig.*, No. 04-1616-JWL, 2016 WL 4060156 (D. Kan. July 29, 2016); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1213 (S.D. Fla. 2006).

reasonably reconcile the "unique circumstances"[2] of those cases with the 26-38% recovery of class damages after four years of litigation. Doc. 3712, at 28-29.[3]

The Kansas attorneys' approach of shooting the messenger is a substitute for legal argument and should be disregarded. Nevertheless, several statements concerning the Objectors' attorneys are so deceptive as to require correction for a fair record on the objection and proposed fees.

## I. MR. CLORE OF BANDAS LAW FIRM, P.C., EXPRESSLY DISCLOSED HIS REPRESENTATION.

As disclosed in the objection, Rademacher and Roberts are represented by local counsel Anthony LaCroix of the LaCroix Law Firm and by "Robert Clore of [the] Bandas Law Firm" as general counsel in objecting to the settlement. Doc. 3669, at 4. Both Mr. LaCroix and Mr. Clore specifically requested to appear and present argument on behalf of Mr. Rademacher and Mr. Roberts. Doc. 3669, at 4. In fact, Mr. Clore initially attempted to move for pro hac vice admission. Doc. 3670. The Court found the motion moot pursuant to D. Kan. Rule 83.5.4, as it has with other similar requests. Doc. 3678; *see also* Docs. 69, 70, 2504.

---

[2] *Urethane*, 2016 WL 4060156, at *8.

[3] The Kansas attorneys are mistaken that Rademacher's and Roberts' objections did not account for the significant risks faced in the litigation. Doc. 3712, at 29. Rademacher and Roberts acknowledged that counsel should be compensated "for their hard work in the face of complex issues and significant risks[,]" and proposed a 17% recovery with a 2.1 multiplier as adequately compensating the attorneys, while protecting against a windfall. Doc. 3669, at 20. Rademacher and Roberts also did not assume "the Court should apply the so-called sliding scale approach to 'mega-fund' settlements." Doc. 3712, at 29 n. 29. Rather, they called for the economies of scale to be taken into consideration when examining certain *Johnson* factors, including the amount involved and the results obtained, as well as awards in similar cases. Doc. 3669, at 12-17.

Class counsel represent that Mr. Bandas sought to avoid appearing in the case, and did so by simply having "another attorney sign the objection." Doc. 3712, at 12. That is not true. Mr. Clore, an attorney with the Bandas Law Firm, expressly disclosed his representation and intent to appear at the fairness hearing on behalf of the objectors. Doc. 3669, at 4. If Mr. Bandas were seeking to avoid appearing in the case, then why did an attorney in his office disclose his and the firm's representation of the objectors, and his intent to participate in the fairness hearing?

Of course, the clients themselves, and not just local counsel, also signed the objection. Doc. 3669, at  22-23. The idea that counsel attempted to hide involvement of representation by the Bandas Law Firm, or that Mr. Bandas had someone else sign a document to protect his own interests, is a farce.

## II.    MR. BANDAS IS NOT CURRENTLY A DEFENDANT IN A CIVIL RICO LAWSUIT.

Seeking to muddy the waters further, the Kansas attorneys assert that Mr. Bandas is "currently a defendant in a lawsuit alleging that his conduct as a professional objector violates civil RICO statutes." Doc. 3712, at 27-28. That also is false. Granted, a law firm did *attempt* to concoct a RICO theory against Mr. Bandas. But the district court dismissed it under Rule 12(b)(6). *Edelson PC v. Bandas Law Firm PC*, No. 16 C 11057, 2018 WL 723287, at *2 (N.D. Ill. Feb. 6, 2018) (dismissing all federal claims, including the alleged RICO claim). Of note, the district court dismissed these claims months before Mr. Stueve, who signed the reply, made the misleading statement to the Court.

### III.    OBJECTORS SERVE A VALUABLE ROLE—MR. RADEMACHER AND MR. ROBERTS HOPE TO RETURN MILLIONS TO THE CLASS.

The smear campaign directed at Bandas, and by association, Robert Clore and Anthony LaCroix, is nothing more than an attempt to short circuit Rademacher's and Roberts' valid objection while protecting $503 million in attorneys' fees. But, the Tenth Circuit recognizes that objectors, presumably even those represented by counsel, can "add value to the class-action settlement process by . . . preventing collusion between lead plaintiff and defendants." *UFCW Loc. 880-Retail Food Employers Jt. Pension Fund v. Newmont Min. Corp.*, 352 Fed. Appx. 232, 236 (10th Cir. 2009). Further, "[o]bjectors can encourage scrutiny of a proposed settlement and identify areas that need improvement. They can provide important information regarding the fairness, adequacy, and reasonableness of the settlement terms." *Pallister v. Blue Cross and Blue Shield of Montana*, 285 P.3d 562, 568 (Mont. 2012).

It is not surprising then that the Kansas attorneys omit from their discussion the numerous instances in which Mr. Bandas's clients have succeeded in overturning unfair settlements and excessive fee awards. *See, e.g., In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 12-4671-CV, 2016 WL 3563719, at *12 (2nd Cir. June 30, 2016) (Mr. Bandas' client was part of an effort in which the court "vacate[d] the district court's certification of the class, reverse[d] approval of the settlement, and remand[ed] for further proceedings not inconsistent with this opinion"); *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ("The judgment [approving the settlement] is

4

reversed and the case remanded for further proceedings"); *Litwin v. iRenew Bio Energy Sols.*, LLC, 172 Cal. Rptr. 3d 328, 333 (Cal. App. 2d Dist. 2014), as modified (May 29, 2014) (in a case in which Mr. Bandas represented the objector in the lower court, "the order granting final approval of the settlement must be reversed"); *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 181-82 (3rd Cir. 2013) ("We vacate the District Court's orders approving settlement and the fund allocation plan[;] "[w]e vacate the Court's order awarding attorneys' fees and costs because this award was based on the now-vacated settlement"); *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) ("we reverse the district court's order approving the settlement and dismissing the case, vacate the judgment and award of attorneys' fees, and remand for further proceedings").

In addition to these victories, less than a year ago one of Mr. Bandas's clients succeeded in reducing excessive fees by $6.7 million. *In re Lithium Ion Batteries Antitrust Litig.*, 4:13-md-02420-YGR, Doc. 2005 (Oct. 27, 2017) (reducing fees), Doc. 1906 (objection of Mr. Bandas' client setting forth a thorough legal analysis advocating for a reduction of fees). The court cut fees based on the mega-fund argument advanced by Mr. Bandas's client, awarding 10% fees rather than 25% where the settlement "approach[ed] the characteristics of a so-called 'megafund' case[.]" Doc. 2005, at 2.

A few months earlier, one of Mr. Bandas' clients assisted in returning $4.3 million in excessive fees to the class members. *See Edwards v. National Milk Prod. Fed.*, 11-04766, Doc. 485, at 12, 19 (N.D. Cal. June 26, 2017); Doc. 441 (objection of Ira Conner Erwin). The court in *Edwards* discounted the labeling of litigants as "professional objectors[,]" and reminded the parties to focus on the substance of the objections. *Id.* at

5

ECF Doc. 485, at 2.

Another one of Mr. Bandas's clients successfully prosecuted an objection to an excessive fee request in *Jeffrey A. Thomas v. Dun & Bradstreet Credibility Corp.*, 2-15-CV-03194, Doc. 70, at 1, 6-11 (objection), Doc. 80 (C.D. Cal. Mar. 22, 2017) (order awarding fees). The district court specifically "agree[d] with several of the objections made by" Mr. Bandas's client, including his "contention that a 30% fee award is inappropriate." *Id*. at 38. As a result, the court reduced fees from 30% to 27%. *Id*. at 37-38, 42. The Court specifically found that even a relatively modest amount being returned to the class, $315,000, did not transform the argument into a frivolous objection.

Still another client succeeded in reducing class counsels' attorneys' fees by $1.2 million, resulting in a direct benefit to the class in *JPMorgan Chase Bank*, No. SA-14-CA-00912-FB, Docs. 85, 93, 94 (W.D. Tex. June 20, 2016).

Clearly, courts have recognized the validity of objections asserted by clients of Mr. Bandas on multiple occasions. Granted, some courts have taken the torch from class counsel and labeled him a "professional objector," while still considering the objections of his clients. But, "[m]erely characterizing . . . attorneys as 'professional objectors' without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough." *Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383, No. 09 CV 10035(HB) (S.D.N.Y. Nov. 22, 2011).

Here, the objection before the Court is meritorious and should result in a substantial reduction in fees, not to mention critical information for class members concerning their recoveries under the settlement and an appropriate allocation of any

residual funds, consistent with the ALI Principles. Doc. 3669, at *passim*. The Kansas attorneys should not be heard to circumvent those meritorious positions with character assassinations built upon false representations.

## Conclusion

Class members Simon Rademacher and Christopher Roberts urge the Court to disregard the false narrative advanced by the Kansas attorneys and to consider the objection on the merits. The objection to, *inter alia*, the requested 33% fee from $1.5 billion is on point, and should result in more funds allocated to the class, and less to class counsel.

Respectfully submitted,

*/s/ Anthony E. LaCroix*
Anthony E. LaCroix    KS No. 24279
LACROIX LAW FIRM, LLC
406 W. 34th St., Suite 810
Kansas City, Missouri 64111
Telephone:  (816) 399-4380
Fax:  (816) 399-4380
Email:  tony@lacroixlawkc.com
ATTORNEY FOR SIMON
RADEMACHER AND
CHRISTOPHER ROBERTS

**Certificate of Service**

The undersigned certifies that today he filed the foregoing objection and associated exhibits on ECF which will send electronic notification to all attorneys registered for ECF thus effectuating service.

DATED:  September 27, 2018

*/s/ Anthony E. LaCroix*
Anthony E. LaCroix