## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE SYNGENTA AG MIR162 CORN LITIGATION** | **Master File No. 2:14-MD-02591-JWL-JPO** |
| **THIS DOCUMENT RELATES TO ALL CASES EXCEPT:** | **MDL No. 2591** |
| *Louis Dreyfus Company Grains Merchandising LLC v. Syngenta AG, et al.*, No. 16-2788-JWL-JPO | |
| *Trans Coastal Supply Company, Inc. v. Syngenta AG, et al.*, No. 2:14-cv-02637-JWL-JPO | |
| *The Delong Co., Inc. v. Syngenta AG et al.*, No. 2:147-cv-02614-JWL-JPO | |
| *Agribase International Inc. v. Syngenta AG et al.*, No. 2:2015-cv-02279-JWL-JPO | |

## FINAL ORDER AND JUDGMENT

On April 10, 2018, the Court granted, pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), Plaintiffs' motion for preliminary approval of a class-action settlement agreement. ECF Nos. 3531-32. That settlement agreement, titled the Agrisure Viptera/Duracade Class Settlement Agreement ("Settlement" or "Settlement Agreement") (ECF No. 3507-2) and executed on February 26, 2018, had been entered into between proposed Settlement Class and Subclass Counsel, MDL Co-Lead and Litigation Class Counsel, and the Court-appointed Plaintiffs' Settlement Negotiation Committee ("PNC") on behalf of producer and non-producer plaintiffs in this multidistrict and a number of cognate litigations in other federal and state courts (collectively, "Plaintiffs") and Defendants Syngenta AG, Syngenta Crop Protection AG, Syngenta Corporation, Syngenta Crop Protection, LLC, Syngenta Seeds, Inc. (now known as Syngenta Seeds, LLC), and

Syngenta Biotechnology, Inc. (now merged with Syngenta Crop Protection, LLC, with Syngenta Crop Protection, LLC, as the remaining entity) (collectively, "Syngenta" or "Defendants"). Plaintiffs and Syngenta are collectively referred to herein as the Settling Parties.

In a declaration filed with the Court, the Notice Administrator has advised that the Class Notice was directly mailed to over 652,000 prospective members of the Settlement Class, reaching more than 99% of the Settlement Class.  In addition, dissemination of the Class Notice was augmented by an extensive campaign of Court-approved summary Publication Notice in various national and state-specific publications, such as industry publications, specifically selected to target prospective Settlement Class members, as well as dissemination of the Publication Notice to various corn trade organizations.  It was further supplemented by digital banner advertisements in various social media outlets, including those specifically targeting individuals with an interest in farming; radio ads; the distribution of a party-neutral press release; and by the establishment of a toll-free number and dedicated Settlement website (www.CornSeedSettlement.com) maintained by BrownGreer, whereby prospective Class members could obtain information and copies of the Class Notice, Settlement Agreement, and various Orders, the operative Producer and Non-Producer Plaintiffs' Consolidated Fourth Amended Class Action Master Complaint (ECF No. 3505), and sundry other papers filed with the Court.  Beginning approximately six weeks prior to the claims deadline, two additional direct-mail reminders were also sent to those prospective Class members who had not opted out and had not completed a Claim Form.

A total of only nine objections to the Settlement, from 15 objectors, were filed.  In addition, according to the Notice Administrator, a total of sixty-five requests for exclusion from the Settlement Class were received, of which twenty-nine were either untimely or incomplete, leaving only thirty-six timely and valid opt-out requests.  With the Settling Parties' consent, nineteen of

the thirty-six Class Members with timely and valid opt-out requests revoked their requests for exclusion.

In accordance with the schedule prescribed by the Court in its Preliminary Approval Order, on October 17, 2018, Plaintiffs filed a motion for final approval of the Settlement.  ECF No. 3776.  Also in accordance with that schedule, the Court held a Final Approval (or "Fairness") Hearing pursuant to Rule 23(e)(2) on November 15, 2018, at which it heard from counsel for the Settling Parties and those objectors (or their counsel) who had, in their objections, requested the opportunity to present argument.

The Court having reviewed Plaintiffs' motion for final approval and other relief and the memorandum in support thereof (ECF Nos. 3776-77), and having considered all of the written objections to the Settlement and the arguments presented at the Fairness Hearing, both in favor and in opposition to the Settlement's final approval, in accordance with the reasons set forth on the record of the Final Approval Hearing and in the Court's Memorandum and Order of December 7, 2018, it is now hereby

**ORDERED, ADJUDGED, AND DECREED** as follows:

1.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a), and pursuant to 28 U.S.C. §§ 1332(d)(2)(A) & (C) and 1367.

2.      The Court has personal jurisdiction over the Class Representatives appointed in paragraph 11 below, the members of the Settlement Class and Settlement Subclasses defined in paragraph 7 below, and Defendants.

3.      The Court finds that notice of the Settlement that was disseminated to prospective members of the Settlement Class through direct mail, publication, and other means outlined above

fully comported with the requirements of both Rules 23(c)(2)(B) and (e)(1) and constitutional due process.  The notice furnished to the Settlement Class plainly constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class members of (a) the material terms of the Settlement, including the benefits provided, the procedure for filing a Claim Form, the release provided to Syngenta, the consequences of participating in the Settlement, and their options; (b) all applicable deadlines; (c) their right to opt out or to object to any aspect of the Settlement and how to do so; (d) the attorneys' fees that Settlement Class Counsel would seek; (e) the date, place, and time of the Rule 23(e)(2) Fairness Hearing and their right to appear at that hearing; and (f) where they could obtain further information.

4.    In addition, the notice given by Syngenta to state and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

5.    For the reasons discussed in the Court's Memorandum and Order of December 7, 2018, the Court overrules all objections to the Settlement.

6.    Plaintiffs' motion for final approval of the Settlement is **GRANTED**.  The Court finds that the Settlement, including its method of allocation and distribution of the Settlement Funds, is the product of extensive arm's-length negotiation by seasoned counsel and that it is fair, reasonable, and adequate.

7.    Pursuant to Rule 23, the Court certifies the following Settlement Class and Settlement Subclasses, for settlement purposes only:

Any Person[1] in the United States that, between September 15, 2013 and April 10, 2018, owned any Interest in Corn in the United States priced for sale at any time during that period and falls into one of the four sub-classes.

---

[1] Any capitalized term that is not defined in this Final Order and Judgment is intended to have the definition ascribed to that term in the Settlement Agreement.

The Settlement Subclasses are defined as:

a.  <u>Subclass 1</u>:  Any Producer in the United States that, between September 15, 2013 and April 10, 2018, owned any Interest in Corn in the United States priced for sale at any time during that period, excluding Producers that, purchased Agrisure Viptera Corn Seed or Agrisure Duracade Corn Seed and produced Corn grown from Agrisure Viptera Corn Seed and/or Agrisure Duracade Corn Seed. ("Non-Viptera/Duracade Purchaser Subclass");

b.  <u>Subclass 2</u>:  Any Producer in the United States that, between September 15, 2013 and April 10, 2018, owned any Interest in Corn in the United States priced for sale at any time during that period, purchased Agrisure Viptera Corn Seed and/or Agrisure Duracade Corn Seed and produced Corn grown from Agrisure Viptera Corn Seed or Agrisure Duracade Corn Seed. ("Viptera/Duracade Purchaser Subclass");

c.  <u>Subclass 3</u>:  Any Grain Handling Facility in the United States that, between September 15, 2013 and April 10, 2018, owned any Interest in Corn in the United States priced for sale at any time during that period ("Grain Handling Facility Subclass"); and

d.  <u>Subclass 4</u>:  Any Ethanol Production Facility in the United States that, between September 15, 2013 and April 10, 2018, owned any Interest in Corn in the United States priced for sale at any time during that period ("Ethanol Production Facility Subclass").

Excluded from the Settlement Class and Settlement Subclasses are:  (a) the Court and its officers, employees, appointees, and relatives; (b) Syngenta and its affiliates, subsidiaries, officers, directors, employees, contractors, agents, and representatives; (c) all plaintiffs' counsel in the MDL Actions or the Related Actions; (d) government entities; (e) those who opted out of the Settlement Class; and (f) "Excluded Exporters."[2]

---

[2] Excluded Exporter means Archer Daniels Midland Company, Bunge North America, Inc., Cargill, Incorporated, Cargill, International SA, Louis Dreyfus Company, BV, Louis Dreyfus Company, LLC, Louis Dreyfus Company Grains Merchandising, LLC, Gavilon Grain, LLC, Trans Coastal Supply Company, Inc., Agribase International Inc., or the Delong Co. Inc., and their respective parent(s) and each of their predecessors, affiliates, assigns, successors, related companies, subsidiary companies, holding companies, insurers, reinsurers, current and former attorneys, and their current and former members, partners, officers, directors, agents, and employees, in their capacity as such, any licensees, distributors, retailers, seed dealers, seed advisors, other resellers, and their insurers, and affiliates, in their capacity as such.  Excluded Exporter does not include, however, any Grain Handling Facilities or Ethanol Production

8.     The Court finds, for settlement purposes, that the Settlement Class and Settlement Subclasses satisfy the requirements for certification pursuant to Rules 23(a) and (b)(3). Specifically, for the reasons outlined in Plaintiffs' motion for final approval and the Court's Memorandum and Order of December 7, 2018:

   a.   The Settlement Class and Settlement Subclasses are each so numerous that joinder of all members is impracticable, Fed. R. Civ. P. 23(a)(1);

   b.   There are questions of law or fact common to the Settlement Class and each Settlement Subclass, Fed. R. Civ. P. 23(a)(2);

   c.   The claims of the representatives of the Class and each Settlement Subclass are typical of the claims of absent members of the Settlement Class and each Settlement Subclass, Fed. R. Civ. P. 23(a)(3);

   d.   The representatives of the Settlement Class and each Settlement Subclass will fairly and adequately protect the interest of the Settlement Class and each Settlement Subclass, Fed. R. Civ. P. 23(a)(4); and

   e.   The questions of law or fact common to the Settlement Class and each Settlement Subclass predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, Fed. R. Civ. P. 23(b)(3).

9.     Pursuant to Rule 23(c)(3)(B), the Court finds that all those members who did not timely and validly request exclusion from the Settlement Class are Settlement Class members who are bound by the Settlement Agreement and this Final Order and Judgment.  Given the vast size of the Class (numbering approximately 652,000 members), the Court finds it impracticable to identify each Settlement Class and Settlement Subclass member by name in this Final Order and Judgment.

---

Facilities, except those operated, owned (in whole or in part, directly or indirectly), or administered by one of the entities specifically listed in this paragraph.

10.     Pursuant to Rule 23(g) and for the reasons set forth in Plaintiffs' motion for final approval and the Court's Memorandum and Order of December 7, 2018, the Court confirms the appointment of the following individuals as Settlement Class Counsel, to act as class counsel for purposes of the Settlement Class and for Settlement Subclass 1 (Non-Viptera/Duracade Purchaser Subclass):  Patrick J. Stueve, Christopher A. Seeger, and Daniel E. Gustafson.  The Court also confirms the appointment of the following individuals as Settlement Subclass Counsel for Settlement Subclasses 2, 3, and 4:

    a.   Settlement Subclass 2 (the Viptera/Duracade Purchaser Subclass) Counsel:  Lynn R Johnson.

    b.   Settlement Subclass 3 (the Grain Handling Facility Subclass) Counsel:  Kenneth A. Wexler.

    c.   Settlement Subclass 4 (the Ethanol Production Facility Subclass Counsel):  James E. Cecchi.

11.     The Court confirms the appointment of the following individuals or entities to represent the Settlement Class and Settlement Subclasses ("Class Representatives"):

    a.   For Settlement Subclass 1 (the Non-Viptera/Duracade Purchaser Subclass):  Mike DaVault, Bradley DaVault, and David DaVault d/b/a DaVault ArkMo Farms; Steven A. Wentworth; Charles B. Lex; Five Star Farms; the "Grafel entities" (Beaver Creek Farms, Inc., Demmer Farms, Inc., Grafel Farms, LLC, and D. and S. Grain & Cattle Co.); David Polifka; David Polifka Revocable Living Trust; Bottoms Farms Partnership; JPPL, Inc.; NEBCO, Inc.; TRIPLE BG Partnership; David Schwaninger; Kaffenbarger Farms, Inc.; Bieber Farm; Rolling Ridge Ranch, LLC; Grant Annexstad; Roger Ward; and, Leroy Edlund.

      b.   For Settlement Subclass 2 (the Viptera/Duracade Purchaser Subclass):  Robert & Todd Niemeyer (Custom Farm Services LLC), Charles Cobb (CE Cobb Farms) and, Marvin Miller.

      c.   For Settlement Subclass 3 (the Grain Handling Facility Subclass):  Kruseman Fertilizer Company.

      d.   For Settlement Subclass 4 (the Ethanol Production Facility Subclass):  Al-Corn Clean Fuel, LLC.

12.    The Court confirms its earlier appointment of Ellen K. Reisman and The Honorable Daniel J. Stack as Special Masters to perform such duties and responsibilities as provided for in the Settlement Agreement.

13.    The Court confirms its earlier appointment of BrownGreer PLC ("BrownGreer") as the Notice Administrator and Claims Administrator, to have such duties and responsibilities as provided for in the Settlement Agreement.  The Court also confirms its earlier appointment of BrownGreer as Administrator of the Qualified Settlement Fund ("QSF") established in accordance with this Court's April 10, 2018 Order Granting Joint Motion to Establish Qualified Settlement Fund and Appoint Citibank, N.A. as Escrow Agent (ECF No. 3535) and its earlier appointment of Citibank, N.A. as Escrow Agent.

14.    The Court expressly incorporates into this Final Order and Judgment the Settlement Agreement and all exhibits thereto, which were filed on March 12, 2018 (ECF Nos. 3507-2 to 3507-8).  In accordance with section 9.18.1 of the Settlement Agreement, the terms of the Settlement Agreement shall serve as an enforceable injunction for purposes of the Court's continuing jurisdiction.

15.     The Court also expressly incorporates into this Final Order and Judgment its Memorandum and Order of December 7, 2018, in which it granted final approval to the Settlement and awarded – in accordance with sections 2.25 and 7.2 of the Settlement Agreement – attorneys fees in connection with work performed for the common benefit of the Class.

16.     No later than April 1, 2019, Syngenta is directed to deposit the remainder of the Gross Settlement Proceeds (as defined in section 2.32 of the Settlement Agreement) – amounting to one billion, one hundred and ten million U.S. dollars ($1,110,000,000) – into the QSF.

17.     As provided in the Settlement Agreement, this Final Order and Judgment and the related documents and any actions taken by Syngenta or the Released Parties[3] in the negotiation, execution, or satisfaction of the Settlement Agreement: (a) do not and shall not, in any event, constitute, or be construed as, an admission of any liability or wrongdoing, or recognition of the validity of any claim made by the Class Representatives, the Settlement Class, or any Settlement Class member in this or any other action or proceeding; and (b) shall not, in any way, be construed as, offered as, received as, used as, or deemed to be evidence, admissible or otherwise, of any kind, or used in any other fashion, by the Class Representatives, the Settlement Class, any Settlement Class member, Settlement Class Counsel, or any of the Released Parties in any litigation, action, hearing, or any judicial, arbitral, administrative, regulatory, or other proceeding for any purpose, except a proceeding to resolve a dispute arising under, or to enforce, the Settlement Agreement.

---

[3] As provided in section 2.54 of the Settlement Agreement, "Released Parties" means Syngenta, along with its parent(s) and each of its predecessors, affiliates, assigns, successors, related companies, subsidiary companies, holding companies, insurers, reinsurers, current and former attorneys, and their current and former members, partners, officers, directors, agents, and employees, in their capacity as such, any licensees, distributors, retailers, seed dealers, seed advisors, other resellers, and their insurers, and affiliates, in their capacity as such. Released Parties include, but are not limited to, the Persons listed in Exhibit 6 of the Settlement Agreement (ECF No. 3507-8). The Special Masters shall also be included among the Released Parties.  The Excluded Exporters listed in section 2.22 of the Settlement Agreement are not Released Parties.

Neither the Settlement Agreement nor any of its provisions, negotiations, statements, or court proceedings relating to its provisions, nor any actions undertaken in this Settlement Agreement, will be construed as, offered as, received as, used as, or deemed to be evidence, admissible or otherwise, or admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Released Parties, or as a waiver by the Released Parties of any applicable defense, or as a waiver by the Class Representatives, the Settlement Class, or any Settlement Class member, of any claims, causes of action, or remedies. This paragraph shall not apply to disputes between Syngenta and its insurers, as to which the Syngenta reserves all rights.

18.      Article 6 of the Settlement Agreement (sections 6.1 to 6.2.4) is expressly incorporated into this Final Order and Judgement.  Therefore, the Settlement Class, the Class Representatives, and each Settlement Class member, on his, her, or its own behalf and on behalf of his, her, or its respective predecessors, successors, assigns, assignors, representatives, attorneys, agents, trustees, insurers, heirs, next of kin, estates, beneficiaries, executors, administrators, and any natural, legal, or juridical person or entity to the extent he, she, or it is entitled to assert any claim on behalf of any Settlement Class member, waive and release, forever discharge and hold harmless the Released Parties, and each of them, of and from all Released Claims as defined in Article 6 of the Settlement Agreement.

19.      In addition, all Settlement Class members are forever enjoined from  filing, commencing, prosecuting, continuing to prosecute, supporting, intervening in, or participating as plaintiffs, claimants, or class members in any other lawsuit or proceeding in any jurisdiction against the Released Parties any Released Claims.  Further, Settlement Class Members and their counsel are forever enjoined from filing, commencing, prosecuting, continuing to prosecute, supporting,

intervening in, or participating as plaintiffs, claimants, or class members in any other lawsuit or proceeding in any jurisdiction any claims or causes of action that interfere with the Orders and Judgments entered in this action related to the Settlement and/or award or allocation of attorneys' fees, costs, or expenses, subject only to the express exceptions listed in the Settlement Agreement's Reservation of Claims and Rights in section 6.2.  To the extent any such proceeding exists in any court, tribunal or other forum as of the Effective Date, the Class Representatives and Settlement Class members are ordered to withdraw and seek dismissal with prejudice of such proceeding forthwith.

20.     Save as to those client fee contract and referring counsel referral agreement matters set forth in sections 7.2.3, 9.18.2.1, and 9.18.2.2 of the Settlement Agreement, this Court retains continuing and exclusive jurisdiction over this action, including jurisdiction over the Settling Parties and their counsel, the Class Representatives, all Settlement Class members and their counsel, the Special Masters, the Notice Administrator, the Claims Administrator, the QSF, and the QSF Administrator, and continuing and exclusive jurisdiction to interpret, implement, administer, and enforce the Settlement Agreement, to distribute, allocate, and decide any disputes among counsel related to attorneys' fees, costs and expenses, and to implement and complete the claims administration and distribution process.  Exclusive jurisdiction is also retained to decide any issues regarding objections filed, including but not limited to deciding any motion for sanctions and/or for entry of an appellate bond.

21.     The Settling Parties are ordered to implement each and every obligation set forth in the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement.

22.     Absent approval from the Court and the express written consent of Settlement Class Counsel and Counsel for Syngenta, the Settlement Agreement is not subject to any change, modification, amendment, or addition.

23.     The terms of the Settlement Agreement and of this Final Order and Judgment are forever binding on the Settling Parties, as well as on their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns.  The individuals and entities identified by the Notice Administrator as having filed timely and valid requests for exclusion from the Settlement Class that were revoked with the Settling Parties' consent, a list of whom is annexed to this Final Order and Judgment as an Appendix and which the Notice Administrator has posted on the Settlement website, are expressly excluded from the Settlement Class pursuant to their request and are therefore not bound by the terms of the Settlement Agreement or this Final Order and Judgment.

24.     The Producer and Non-Producer Plaintiffs' Consolidated Fourth Amended Class Action Master Complaint (ECF No. 3505) is dismissed with prejudice and without costs to any party, including claims for interest, penalties, costs, and attorneys' fees, save the Fee and Expense Award rendered in accordance with sections 2.25 and 7.2 of the Settlement Agreement.

25.     The Settlement Class members who are named plaintiffs in the Related Actions listed in Exhibit 1 to the Settlement Agreement (ECF No. 3507-3) that are pending in other courts shall take immediate steps to have those cases promptly dismissed with prejudice and without costs to any party, including claims for interest, penalties, costs, and attorneys' fees, save the Fee and Expense Award rendered in accordance with sections 2.25 and 7.2 of the Settlement Agreement.

**IT IS SO ORDERED.**

**Dated this 7th day of December, 2018 at Kansas City, Kansas.**


s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge