IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION, | ) ) ) | MDL No. 2591 |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates to All Cases <u>Except</u>: | ) ) | |
| *Louis Dreyfus Co. Grains Merchandising LLC v. Syngenta AG, et al.*, No. 16-2788 | ) ) ) ) | |
| *Trans Coastal Supply Co., Inc. v. Syngenta AG, et al.*, No. 14-2637 | ) ) ) | |
| *The Delong Co., Inc. v. Syngenta AG, et al.*, No. 17-2614 | ) ) ) | |
| *Agribase Int'l Inc. v. Syngenta AG, et al.*, No. 15-2279 | ) ) ) ) ) | |

## **<u>MEMORANDUM AND ORDER</u>**

This multi-district litigation (MDL) comes before the Court on the motion by certain plaintiffs' counsel for a determination that all final fee allocations will ultimately emanate from this Court (Doc. # 4108).[1] Responses to the motion were filed by the Toups/Coffman plaintiffs' counsel group ("Toups") (Doc. # 4110), Shields Law Group, LLC ("Shields")

---

[1] The motion was filed on behalf of settlement class counsel, Kansas MDL co-lead counsel, lead counsel in the Minnesota consolidated litigation, and the firm of Clark, Love & Hutson G.P. (counsel in federal court litigation in Illinois).

(Doc. # 4123), and Heninger Garrison Davis, LLC ("HGD") (Doc. # 4125). As more fully set forth below, the Court **grants the motion in part**.[2]

I. <u>Background</u>

By Memorandum and Order of December 7, 2018, the Court granted final approval of a settlement agreement resolving claims against Syngenta[3] and certified a settlement class. *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6436074 (D. Kan. Dec. 7, 2018) (Lungstrum, J.). At that time, the Court awarded total attorney fees in the amount of one third of the settlement fund. *See id.* at *11-16. The Court also issued a Final Order and Judgment on that date (Doc. # 3850).

By Memorandum and Order of December 31, 2018, the Court adopted in large part a report and recommendation by the special master concerning the initial allocation of attorney fees. *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6839380 (D. Kan. Dec. 31, 2018) (Lungstrum, J.). The Court allocated the total fee award among four pools: a Kansas MDL common benefit pool; a Minnesota state court common benefit pool; an Illinois federal court common benefit pool; and a pool for individually-retained private attorneys (IRPAs). *See id.* The Court adopted the master's recommendation that each of the three courts be responsible for the further allocation among attorneys of the portion of

---

[2] In considering this motion, the Court has consulted with the Hon. Laurie Miller of the District Court of Hennepin County, Minnesota, and the Hon. Nancy Rosenstengel of the United States District Court for the Southern District of Illinois, and both judges have expressly approved of the rulings contained herein.

[3] The Court refers to defendants in the MDL collectively as "Syngenta".

2

the fee award allocated to its common benefit pool (with this Court, in consultation with the other courts, responsible for the administration of awards from the IRPA pool). *See id.* at *11, 15. The Court consulted with the judges overseeing the related litigation in Minnesota and Illinois, and all three judges expressly approved of this framework for the initial allocation of fees, the allocation among the pools, and all other rulings contained in that Memorandum and Order. *See id.* at *1.

The Court designated Kansas MDL co-lead counsel to recommend the further allocation of the Kansas common benefit pool among the attorneys assigned to that pool. By Memorandum and Order of March 20, 2019, the Court overruled objections and adopted the recommended allocations for that pool. *See In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 1274813 (D. Kan. Mar. 20, 2019) (Lungstrum, J.). The Minnesota and Illinois courts have not yet ruled on reports and recommendations submitted to them concerning the allocation of the Minnesota and Illinois common benefit pools. This Court also awaits reports and recommendations from the special master concerning allocation of the IRPA pool and awards of expenses.

**II.   Analysis**

    *A.   Whether This Court Should Issue Final Allocation Orders*

Movants seek an order clarifying, in essence, how any appeals from the three courts' fee award allocations will be taken. Specifically, Movants request that the Court order that the allocation orders by the Minnesota and Illinois courts be filed here for inclusion in a final judgment by this Court, from which judgment all appeals could be taken. Movants

argue that the settlement agreement requires that the final allocations come from this Court and that such a procedure would allow for all appeals to be heard by the Tenth Circuit, thereby avoiding piecemeal appeals and potentially conflicting results.

At first blush, that approach would seem to run counter to the previous understanding of the three courts and counsel. The initial allocation order stated as follows:

> No objection has been lodged to the master's recommendation that the Kansas MDL court, the Minnesota state court, and the Illinois federal court be responsible for the allocation to attorneys in the next phase from the Kansas, Minnesota, and Illinois common benefit pools respectively. That approach reasonably comports with the settlement agreement and the understanding of counsel. Moreover, each court is most familiar with the litigation in the cases before it, and thus is in the best position to determine a reasonable allocation from its particular pool to the applicants assigned to that pool. Each court will enter an order establishing a process by which to accomplish its assigned allocation.

*See In re Syngenta*, 2018 WL 6839380, at *15. Although the order states that the Minnesota and Illinois courts will be responsible for the allocation to attorneys from their common benefit pools, it does not state that those courts will enter judgments from which appeals could be taken or that the eventual awards to attorneys would not come from this Court.

The Court agrees with Movants that the settlement agreement requires that final allocation awards be issued by this Court. The agreement provides that any Fee and Expense Award (defined to mean an order by this Court granting in whole or in part fee and expense applications) shall be issued by this Court (in consultation with and approved by the other two courts), and that this Court retains exclusive jurisdiction over a Fee and Expense Award. The only exceptions are for matters or disputes arising from client fee

contracts and referring counsel referral agreements involving either Minnesota litigants or the Clark firm, which matters are subject to the jurisdiction of the Minnesota and Illinois courts respectively; those exceptions do not apply here, however, as the attorney fee awards arise from the settlement fund and not from any client fee contracts (which, under the initial allocation order, may not provide the basis for *any* fees). Specific fee applications by attorneys assigned to the Minnesota and Illinois common benefit pools cannot be granted until the allocations of those pools has been completed, and under the settlement agreement, the orders granting those applications (Fee and Expenses Awards) must be issued by this Court. Moreover, the settlement agreement gives this Court exclusive jurisdiction over the settlement fund, and thus any disbursements from that fund for attorney fees must be authorized ultimately by this Court. The Court's Final Order and Judgment of December 7, 2018, confirms that this Court has exclusive jurisdiction over the settlement fund and the allocation and distribution of attorney fees (with the exception of certain matters arising from client fee contracts and referring counsel referral agreements). Finally, no attorney has objected to this aspect of the instant motion, and thus all potentially-affected attorneys have consented to a procedure by which the ultimate allocation orders (from which appeals may be taken) will be issued by this Court.

Accordingly, the Court grants the instant motion to this extent. At the conclusion of the allocation procedures in Minnesota and Illinois, Movants shall ensure that allocation rulings by the Minnesota and Illinois courts are filed in this Court (as an attachment to a notice). The Court shall subsequently issue final allocation orders and authorize that funds be disbursed to attorneys.

### B. *Timing of Final Allocation Orders*

Toups agrees that this Court should issue a final allocation order for all three common benefit pools, but it takes issue with Movants' suggestion that such an order need not await the Court's final allocation of the IRPA pool. Toups argues that it makes sense to include the IRPA allocation in any comprehensive fee allocation order because the resolution of any appeal of the Court's attorney fee awards could depend on the outcome of the IRPA allocation. Movants respond that appeals could be taken from the common benefit pool allocations because a specific amount has already been allocated to the IRPA, and distribution from that pool is simply a mechanical exercise subject to a particular formula. The Court agrees with Toups that, despite the IRPA formula having been set, each firm does not yet know how much it will receive from that pool, and that such amount could play a factor in that firm's argument on appeal that its overall fee award was insufficient.

Ultimately, however, the issue of when orders are final for purposes of appeal and the issue of when appeals are best considered by the appellate court are for the parties to consider and litigate to the Tenth Circuit. There is no requirement that the Court's final allocation rulings be contained in a single order. The Court has already issued its final allocation order for the Kansas MDL common benefit pool. The court will issue its other allocations orders—for the Minnesota common benefit pool, the Illinois common benefit pool, the IRPA pool, and expenses—seriatum, as completed. It will then be up to interested parties to prosecute appeals when and how they see fit.

### C. *Opportunity for Further Objection*

Movants have assumed that there would be no further opportunity for an attorney to object before this Court issues its final allocation orders for the Minnesota and Illinois common benefit pools. They argue that all attorneys waived any objection to such a procedure by failing to object to the master's recommendation, which the courts adopted in the initial allocation order, that the Minnesota and Illinois courts make allocations from those pools. Toups notes that it objected to the two-stage process recommended by the master, and it argues that it has therefore not waived any right to make a further objection. Toups was assigned to the Kansas pool, however, and its objections concerning the allocation from that pool have already been overruled; thus Toups would have no standing to object to the Minnesota or Illinois common benefit allocation.

Nevertheless, the Court does not intend merely to sign off on the allocations by the Minnesota and Illinois courts without any consideration whatsoever. If the final allocations orders are to be issued by this Court (as requested and as required), then that act will mean that the Court has exercised its own judgment in some fashion (as it does with respect to every order the Court issues). Thus, the Court will not foreclose entirely the opportunity for attorneys to litigate whether this Court should adopt the other courts' allocations without alteration.

The Court does intend, however, to defer to the reasoning of the other courts in making their allocations of the Minnesota and Illinois pools. As stated in the initial allocation order, those courts were tasked with the responsibility of making those allocations because they are in the best position to understand the relative contributions of the attorneys assigned to those pools to the ultimate outcome of the litigation against

Syngenta. Thus, this Court will not entertain objections to specific allocations based on the judgment of those courts. Rather, attorneys will only be permitted to raise structural or procedural issues that are not dependent on any understanding or judgment of the relative contributions of the attorneys in that pool.[4]

Accordingly, the Court adopts the following procedure: If an attorney assigned to the Minnesota pool or the Illinois pool objects to the allocation for that pool by the Minnesota or Illinois court (on a permitted basis, as set forth in the preceding paragraph), such objection must be filed within 14 days after the other court's allocation has been filed in this Court. Any response to the objection will then be due within 14 days after the filing of the objection.

### D. *Other Issues Raised by Responses*

The Court briefly addresses the other issues raised in the responses to the instant motion.

1. Shields does not oppose the motion, but merely requests that the underlying record on which the other courts ruled also be filed in this Court. Movants do not oppose that request, which the Court grants. Thus Movants are ordered to file in this Court, along with the rulings of the Minnesota and Illinois courts, the following: any reports and recommendations for those allocations; objections and supporting documents; any briefs

---

[4] Thus, to state the most extreme example, an attorney could object to this Court on the basis of a fraud in the proceedings in the other court. The possibility of such an objection, however unlikely, requires that this Court at least provide a mechanism by which it could be raised. On the other hand, the Court would not entertain an objection based on the argument that the objector's contribution to the settlement class should have been given more value.

and submissions in support of or in opposition to the objections; and any transcripts of hearings or other proceedings concerning the allocations. The underlying fee petitions and documents submitted to the author of a report and recommendation need not be filed at that time—the Court will request any such documents as necessary.

2. In its response, HGD does not oppose the motion, but it seeks assurance that the procedures adopted by the Illinois court for its allocation not be disturbed. The Court agrees that the Minnesota and Illinois courts may follow whatever procedures they deem appropriate to aid their allocations. Only when those procedures have been completed and those courts have made their allocations will this Court begin its review.

3. Finally, HGD objects to Movants' description of the Clark/Phipps group as "lead counsel" in Illinois. The propriety of any such designation is irrelevant to the issues before the Court.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion for an order concerning final allocation orders (Doc. # 4108) is **granted in part** as set forth herein.

IT IS SO ORDERED.

Dated this 2nd day of April, 2019, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
