IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 ) <br> CORN LITIGATION ) <br> ) <br> This Document Relates To: ) <br> ) <br> *The DeLong Co., Inc. v. Syngenta AG, et al.*, ) <br> No. 17-2614-JWL ) <br> _____) | MDL No. 2591 <br><br> Case No. 14-md-2591-JWL |

## MEMORANDUM AND ORDER

This single case within this multi-district litigation (MDL) presently comes before the Court on the motion by defendants (collectively "Syngenta") to dismiss Counts I, II, III, V, and VI of the complaint filed by plaintiff The DeLong Co., Inc. ("DeLong") (Doc. # 12). For the reasons set forth below, the Court **grants** the motion and hereby dismisses the claims alleged in those counts, leaving only plaintiff's claim for negligence.

### I.   Background

This MDL includes hundreds of similar suits filed against Syngenta by corn farmers and others in the corn industry. The suits generally relate to Syngenta's commercialization of genetically-modified corn seed products known as Viptera and Duracade that contained a trait that had not been approved by China, an export market. The farmer plaintiffs (corn producers), who did not use Syngenta's products, alleged that Syngenta's commercialization of its products caused the genetically-modified corn to be commingled throughout the corn supply in the United States; that China rejected imports of all corn

from the United States because of the presence of the trait; that such rejection caused corn prices to drop in the United States; and that corn farmers were harmed by that market effect.

In 2015, in a lengthy opinion, the Court dismissed several claims asserted by corn producers in a consolidated complaint, but it allowed the plaintiffs' primary negligence claim to proceed. *See In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177 (D. Kan. 2015) (Lungstrum, J.) ("MTD Order"). In 2017, after certifying several state-wide classes for tort claims by producers, the Court granted summary judgment in favor of Syngenta against the Kansas class of producers on some claims (other than the negligence claim). *See In re Syngenta AG MIR 162 Corn Litig.*, 249 F. Supp. 3d 1224 (D. Kan. 2017) (Lungstrum, J.) ("SJ Order"). The Kansas class claims proceeded to trial, and eventually Syngenta entered into a global settlement of almost all related claims, which settlement the Court approved. Claims asserted by DeLong and a few other non-producers, however, were excepted from the settlement. In 2018, the Court dismissed Lanham Act and fraud claims asserted by one of those non-producers, Louis Dreyfus Company Grains Merchandising, LLC ("LDC"). *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 489098 (D. Kan. Jan. 19, 2018) (Lungstrum, J.) ("the LDC Order").

In the present case, which DeLong initiated in October 2017 (after the Court had issued its MTD Order and SJ Order), DeLong asserts the following claims against Syngenta: violations of the federal Lanham Act, 15 U.S.C. § 1125(a) (Count I); violations of two Minnesota consumer protection statutes, Minn. Stat. §§ 325D.13 and 325F.69 (Count II); trespass to chattels (Count III); negligence (Count IV); fraudulent

2

misrepresentation (Count V); and negligent misrepresentation (Count VI). DeLong alleges that it is a non-producer that purchased and exported corn and corn by-products to China, and that it suffered economic losses after China began rejecting corn shipments from the United States in November 2013 and the price of corn dropped. Syngenta now moves to dismiss all of these claims except for the negligence claim.

## II.    Governing Standards

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

## III.    Lanham Act Claims (Count I)

In Count I of its complaint, DeLong alleges violations of the Lanham Act, 15 U.S.C. § 1125(a), which provides for liability for certain false or misleading representations in

3

"commercial advertising or promotion." *See id.* In this count, DeLong specifically cites five categories of representations by Syngenta as bases for its Lanham Act claims. Syngenta argues that claims based on various representations are foreclosed by the Court's prior rulings.[1] In its MTD Order, the Court dismissed Lanham Act claims based on alleged misrepresentations in Syngenta's 2007 deregulation petition, in a 2012 earnings conference call with investors and analysts, and in a Bio-Safety Certificates request form, on the basis that such representations were not made in "commercial advertising or promotion." *See* MTD Order, 131 F. Supp. 3d at 1224-27. In its SJ Order, the Court granted judgment to Syngenta on Lanham Act claims based on an August 2011 Grower Letter from Chuck Lee, on the basis that the plaintiffs had not presented evidence to show that farmers were influenced by the letter; or presented evidence to support a theory that any such misrepresentations could have caused the trade disruption, in light of the plaintiffs' theory that contamination of the corn supply would result from any significant planting of Syngenta's seed and the fact that the seed had already been sold and planted during the 2010-11 season. *See* SJ Order, 249 F. Supp. 3d at 1230-31. Finally, in the LDC Order, the Court dismissed Lanham Act claims based on representations made after July 2011, on that same basis that any contamination would already have been inevitable under the plaintiff's theory because of the prior sales and planting of the seed in the 2010-11 season. *See* LDC Order, 2018 WL 489098, at *2-3.

---

[1] As the parties note in their briefs, the Court has previously indicated that it will rule in a consistent fashion on issues that it has already addressed in this MDL unless good cause is shown to depart from a prior ruling.

Syngenta argues that any claim by DeLong based on the same representations should be dismissed under the prior rulings. Syngenta further argues that any claim based on a 2014 fact sheet should also be dismissed because of the same timing issue with respect to causation. In its response, DeLong concedes that its arguments in support of any such claims are foreclosed by the Court's prior rulings, and it states that is has asserted such claims so that such issues may be argued on appeal. Accordingly, the Court dismisses DeLong's Lanham Act claims to the extent based on any such representations, including all representations made in or after July 2011.

In its response, DeLong has identified only two possible additional representations by Syngenta on which it could still base a claim, alleged in paragraphs 331 through 339 of DeLong's complaint. First, DeLong cites a February 2011 statement by Syngenta to Randy Giroux of Cargill (alleged to be the largest grain handler in the United States) that Chinese approval could be expected by "harvest 2011." Second, DeLong cites a March 2011 statement by Syngenta to Mr. Giroux that DeLong alleges was misleading concerning the timing and status of Syngenta's application for Chinese approval. DeLong alleges that Syngenta intended by its response to "fudg[e] the truth" and to buy some time so that Cargill would not put up signs warning farmers against planting Syngenta's seeds with the non-approved trait. DeLong alleges that because Cargill and others did not put up such signs, over 12,000 farmers planted the seed and contaminated the corn supply in the United States. DeLong argues that a claim based on those representations do not run afoul of the

Court's prior ruling concerning timing because they were made prior to the end of the 2011 planting season.

Syngenta argues that such representations were not made in "commercial advertising or promotion" as required under the Lanham Act. Syngenta notes that these statements were not made to potential customers, but rather were allegedly made to a single person, in response to that person's questions. The Tenth Circuit has adopted the following four-part test:

> In order for representations to constitute "commercial advertising or promotion" under [Section 1125(a)(1)(B) of the Lanham Act], they must be: (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*See Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262, 1273-74 (10th Cir. 2000) (quoting *Gordon & Breach Science Publishers S.A. v. American Inst. of Physics*, 859 F. Supp. 1521, 1535-56 (S.D.N.Y. 1994)).

The Court concludes that DeLong has not alleged sufficient facts to support a plausible claim that these statements by Syngenta to Cargill were disseminated widely enough to the relevant public to constitute "advertising" or "promotion".[2] DeLong has not alleged that Cargill repeated these statements by Syngenta to anyone else, and

---

[2] In light of this ruling, the Court need not decide whether the statements constitute "commercial speech" for purposes of this test.

6

dissemination to a single person (who is not a corn grower and thus is not a potential purchaser) cannot support a plausible claim under this statute. *See, e.g.*, *Garland Co. Inc. v. Ecology Roof Sys. Corp.*, 895 F. Supp. 274 (D. Kan. 1995) (Lungstrum, J.) (statement to a single recipient is not sufficient for dissemination required for Lanham Act claim). DeLong's allegation that Syngenta intended to affect the public indirectly is not sufficient – DeLong has alleged that Syngenta acted to prevent signs from going up, and thus acted to prevent Cargill from influencing others; but it has not alleged that Syngenta intended that its representations would be relayed to farmers. DeLong has also alleged that Sygenta knew the Cargill would communicate Syngenta's position to farmers; but it has not alleged that Cargill did repeat these statements by Syngenta to anyone. In the deposition testimony quoted in the complaint, Mr. Giroux stated that he would have shared information from a technology owner such as Syngenta with others in the company, and that farmers would ask Cargill if it would take seeds with new traits before they purchased them; but he is not quoted as testifying that he shared all information from Syngenta with farmers, or that he repeated to farmers what Syngenta had told him in February and March 2011. Finally, in its causation allegation in paragraph 339, DeLong alleges that the grain trade believed certain facts about Syngenta's application and that farmers planted Syngenta's seeds because no signs were put up, but again DeLong has not alleged any actual dissemination of Syngenta's statements to Cargill. DeLong's theory is really one of reliance on omissions (the lack of signs); it has not alleged that farmers acted because they were told what

Syngenta had said to Cargill. Accordingly, DeLong has not stated a plausible claim that these statements to Cargill constituted advertising or promotion.

DeLong's claim based on these alleged misrepresentations to Cargill are also subject to dismissal because DeLong has not alleged a plausible claim of proximate causation by its theory that because there were no signs, farmers planted Sygenta's Viptera seeds and contamination resulted. DeLong has not alleged sufficient facts to support the theory that if signs had been put up by Cargill, enough farmers would have chosen not to use Viptera to prevent the resulting contamination – that farmers would choose not to buy Viptera, and that farmers that had already bought Viptera would choose not to use that seed, in sufficient numbers. Without specific facts to support it, that theory is not plausible in light of the allegations that the product had been approved by the United States government and that the product had been marketed already for many months. Such plausibility is further undermined by DeLong's allegations that Cargill and another company did eventually put up signs, in light of the fact that Syngenta was still able to sell its product to farmers. DeLong's theory without supporting facts is simply not sufficient to state a plausible claim given the other facts alleged in the complaint. Accordingly, the Court dismisses DeLong's Lanham Act claim in its entirety.[3]

---

[3] The Court also declines to grant DeLong's alternative request for leave to amend this claim. DeLong's statement of this claim was deficient despite the fact that it had the benefit of the Court's MTD Order and SJ Order when it filed the complaint. In addition, DeLong has not cited any facts that it could allege to cure the pleading deficiencies identified by the Court.

8

## IV. Minnesota Statutory Claims (Count II)

Syngenta moves to dismiss DeLong's statutory claims under Minnesota law, based on the Court's previous rulings that such claims would not benefit the public (as required for claims asserted under Minnesota's private attorney general statute) and that such claims may not be asserted by non-Minnesota residents. *See* MTD Order, 131 F. Supp. 3d at 1229-31, 1232-34. In its response, DeLong concedes that its arguments against dismissal of these claims are foreclosed by the Court's prior rulings, and it states that it has asserted the claims to preserve such issues for appeal. Accordingly, the Court dismisses Count II for the same reasons stated in the MTD Order.

## V. Trespass to Chattels (Count III)

In Count III, DeLong asserts a claim for trespass to chattels under Wisconsin law.[4] The Court, for multiple reasons, previously dismissed trespass-to-chattels claims by producers and non-producers asserted under the laws of several states, including Wisconsin. *See* MTD Order, 131 F. Supp. 3d at 1209-12. Syngenta seeks dismissal of DeLong's similar claim for the same reasons. As in the case of the Minnesota statutory claims, DeLong concedes in its response that any argument against dismissal of this claim is foreclosed by the Court's previous rulings (with the claim asserted for purposes of

---

[4] The parties agree that the common-law claims asserted by DeLong, a Wisconsin resident who suffered any financial injury in that state, are governed by Wisconsin law. *See* MTD Order, 131 F. Supp. 3d at 1188 (substantive law of each plaintiff's home state applies).

9

appeal). Accordingly, the Court dismisses Count III for the same reasons stated in the MTD Order.

Moreover, Syngenta argues that this claim is barred by the applicable three-year statute of limitations, Wis. Stat. § 893.57. DeLong has not addressed this issue and thus has not opposed dismissal on that basis. According, this claim is also dismissed as time-barred to the extent that it is based on any conduct by Syngenta prior to October 11, 2014.

### VI. <u>Fraudulent and Negligent Misrepresentation (Counts V and VI)</u>

In Counts V and VI of its complaint, DeLong asserts claims for fraudulent and negligent misrepresentation. The only representations by Syngenta to DeLong that DeLong has cited in these counts are those contained in a Bio-Safety Certificates request form sent on June 26, 2013. DeLong alleges that this form falsely indicated that the MIR 162 trait had been approved by China. Syngenta argues that DeLong has not stated a plausible claim of reliance on the form in light of its allegations (in paragraph 380) that Syngenta's commercialization of its product without Chinese approval had caused concern throughout the grain trade industry in 2012 and 2013, and that DeLong therefore studied the issue to see whether the contamination could be controlled. DeLong argues that it is not required to plead its reliance with particularity, but it has not responded directly to this argument by Syngenta.

The Court agrees that DeLong has not alleged a plausible claim of reasonable reliance on Syngenta's alleged misrepresentation about approval in light of its allegations

10

that indicate that it was aware of the lack of approval. Although a plaintiff ordinarily need not plead reliance with particularity, it must state a plausible claim, and thus DeLong was required to plead sufficient facts to overcome other allegations that make its claim implausible. DeLong has not alleged (or otherwise suggested) any way that it acted in reasonable reliance on the alleged misrepresentations contained in the June 2013 request form. Therefore, the Court dismisses DeLong's misrepresentation claims to the extent based on statements in that form.

In seeking dismissal, Syngenta argues that DeLong cannot plead plausible causation for any representations after the 2011 planting season, for the same reason of timing discussed with respect to the Lanham Act claim. In response, DeLong cites the two statements by Syngenta to Cargill before the end of the 2011 planting season. Those representations were not made to DeLong; but Delong cites *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960 (E.D. Wis. 2009), in which the court noted that civil liability for misrepresentation may exist when it is "foreseeable and intended that a fraudulent misrepresentation will be repeated to third parties and acted upon by them." *See id.* at 971 (quoting *State v. Timblin*, 657 N.W.2d 89, 97 (Wis. Ct. App. 2002)). DeLong also again argues that reliance need not be pleaded with particularity.

The Court agrees with Syngenta, however, that DeLong has failed to allege facts to support a plausible claim based on the statements to Cargill, even under the theory of imputed reliance discussed in *Forst*. DeLong has not alleged that Cargill ever repeated Syngenta's statements to it (or to anyone else); rather, it has only alleged that farmers acted

11

because Cargill did not erect warning signs. Moreover, as discussed above, DeLong cannot have reasonably relied on these alleged misrepresentations to Cargill at the time that it allegedly suffered damages beginning in 2013 (prior to the first rejected shipments), as such statements about pending approval in 2011 or 2012 would have already been proven false by that time. *See* LDC Order, 2018 WL 489098, at *8. DeLong has not addressed this argument by Syngenta, and thus DeLong has not alleged or explained how it could have been damaged (in 2013 or later) by relying on the 2011 statements to Cargill. Accordingly, the Court dismisses these counts to the extent based on any affirmative misrepresentations.

Finally, DeLong argues that it may rely on fraudulent omissions by Syngenta. Indeed, DeLong has alleged that Syngenta failed to disclose in 2010-11 that it would not have Chinese approval by the 2011 crop year, and DeLong argues that a claim based on such an omission would not be affected by the timing issue that must doom any claim based on representations or omissions after the 2011 planting season. (Thus, DeLong does not dispute that any claim based on later omissions would be subject to dismissal.) Again, however, as with its claim based on affirmative misrepresentations, DeLong has not pleaded a plausible claim of reasonable reliance on any such 2010 or 2011 omission that could be tied to damages incurred much later.

The Court also agrees with Syngenta that DeLong has not alleged circumstances that would impose a duty on Syngenta to disclose the concealed facts to DeLong. DeLong alleges and argues only that DeLong was a stakeholder in the same industry in which

Syngenta operated. Syngenta and DeLong were not involved in any commercial transaction, however, and Syngenta did not make any statements to DeLong at that time that could have created an ongoing duty of disclosure. DeLong has not cited any authority recognizing an exception to the general rule against imposition of a duty of disclosure under Wisconsin law that would apply here, *see Ollerman v. O'Rourke Co., Inc.*, 288 N.W.2d 95, 99-108 (Wis. 1980) (discussing recognized exceptions), and the Court will not create a new exception that would fit these facts absent some authority suggesting that the general rule should not be applied here. Therefore, the Court also dismisses any claim based on alleged omissions, and Counts V and VI are therefore dismissed in their entirety.[5]

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss Counts I, II, III, V, and VI of plaintiff's complaint (Doc. # 12) is **granted**, and the claims alleged in those counts are hereby dismissed.

IT IS SO ORDERED.

Dated this 26th day of August, 2019, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[5] The Court denies DeLong's request for leave to amend, as DeLong has not cited any additional representations or facts that would allow these claims to withstand dismissal.