IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: SYNGENTA AG MIR 162 ) MDL No. 2591
CORN LITIGATION )
) Case No. 14-md-2591-JWL
This Document Relates To: )
)
*Kellogg, et al. v. Watts Guerra, LLP, et al.*, )
No. 18-2408-JWL )
_____)

**MEMORANDUM AND ORDER**

This matter comes before the Court on objections (Doc. # 167) by Joanna and John Burke ("the Burkes") to the Magistrate Judge's order denying the Burkes' motion to intervene in this action. For the reasons set forth below, the Court **overrules** the objections, and the Burkes will not be permitted to intervene.

**I.  Background**

On January 17, 2019, the Burkes, acting pro se, filed a motion to intervene in this action pursuant to Fed. R. Civ. P. 24. By Order of February 12, 2019, the Magistrate Judge denied the motion. On February 26, 2019, the Burkes filed the instant motion for "reconsideration" and "appeal" of the Magistrate Judge's order pursuant to Fed. R. Civ. P. 72. The motion became moot on March 1, 2019, when the Court dismissed this action in its entirety, but the Court vacated that dismissal in part on May 21, 2019. Subsequently, the Court set deadlines for the parties to respond to the Burkes' motion and for the Burkes to file a reply brief. The matter is now fully briefed and ripe for decision.

## II. Authority of Magistrate Judge and Standard of Review

Although the Burkes refer to their present motion as seeking "reconsideration", it is clear that the motion is addressed to the undersigned district judge, for several reasons: the motion also seeks "appeal" of the Magistrate Judge's order; the motion is made pursuant to Rule 72, which addresses review of a magistrate judge's orders; and the Burkes argue that the Magistrate Judge in this case did not have the authority to decide the motion to intervene. Thus, the Court considers the present motion as one seeking review of the Magistrate Judge's order by the undersigned.

28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72 allow a magistrate judge to decide nondispositive matters and to recommend dispositions of dispositive matters. The Burkes argue that the Magistrate Judge should only have been permitted to make a recommendation concerning their motion to intervene. The Court concludes, however, that the Magistrate Judge's order did not resolve any claim or defense, and thus the motion presented only a nondispositive matter within the Magistrate Judge's authority to decide. *See Day v. Sebelius*, 227 F.R.D. 668, 671 (D. Kan. 2005) (O'Hara, Mag. J.); *Perles v. Kagy*, 394 F. Supp. 3d 68, 70 n.6 (D.D.C. 2005) (citing cases). The case cited by the Burkes and the case cited therein for support are not helpful here, as in each case the entire action had been referred to the magistrate judge by consent, and the court did not discuss whether a motion to intervene presented a nondispositive issue. *See Stackhouse v. McKnight*, 168 F. App'x 464, 466 (2d Cir. 2006) (citing *New York Chinese TV Programs, Inc. v. U.E. Enters.,*

*Inc.*, 996 F.2d 21, 25 (2d Cir. 1993)); *see also United States v. W.R. Grace & Co.-Conn.*, 185 F.R.D. 184, 187 n.2 (D.N.J. 1999) (distinguishing *New York Chinese TV* on this basis).[1]

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *See First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**III.   Analysis**

The Magistrate Judge first addressed intervention of right pursuant to Fed. R. Civ. P. 24(a). That rule allows intervention by one who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See id.* (a)(2). The

---

[1] Even if the Court decided the Burkes' motion *de novo*, the result would be the same, for the reasons set forth herein.

3

movant "must have an interest that could be adversely affected by the litigation." *See San Juan County, Utah v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007).

The Magistrate Judge did not clearly err in concluding that the Burkes did not identify a sufficient interest relating to the property or transaction that is the subject of this action. The subject of the present action is whether defendants breached duties to their clients in representing them in the underlying Syngenta action, which involved claims by farmers and others in the grain industry against a seed manufacturer. The Burkes have not identified any interest relating to that subject. They are not farmers and did not assert any claim against Syngenta. They do not dispute that they have not had an attorney-client (or any other) relationship with these defendants, whether in relation to the Syngenta case or any other case. They argue only that their own separate litigation in Texas, like the present case, involves allegations of misconduct by attorneys, and they also state a desire to help farmers. Thus, the Burkes have identified no specific interest that could be affected by the resolution of the particular claims asserted in this suit.[2] Accordingly, the Court overrules the Burkes' objection to the Magistrate Judge's denial of intervention under Rule 24(a).

The Magistrate Judge also addressed permissive intervention pursuant to Fed. R. Civ. P. 24(b), which allows intervention by one who "has a claim or defense that shares with the main action a common question of law or fact." *See id.* (b)(1)(B). Permissive

---

[2] The Burkes' reliance on *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Deparment of Interior*, 100 F.3d 837 (10th Cir. 2007), is misplaced. In that case, the putative intervenor had a direct interest in the specific subject of the suit (protection of a particular animal species). *See id.* The Burkes, on the other hand, have only an interest in the general topic of attorney misconduct, and do not have an interest in the specific subject of this case.

intervention under this rule is a matter within the district court's discretion.  *See City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1943 (10th Cir. 1996).

The Magistrate Judge did not clearly err in refusing to exercise his discretion to allow permissive intervention here.  Again, at best the Burkes have identified only a topic common to this case and their own litigation (attorney misconduct); they have not identified a specific question of law or fact common to the two cases.  The Burkes also request that they at least be permitted to intervene on a restricted basis so that they may have access to documents produced in discovery.  The Court denies that request as well, however, as the Burkes have not explained how any of the parties' documents are directly related to their own claims against nonparties.  Accordingly, the Court overrules the Burkes' objection to the Magistrate Judge's denial of intervention under Rule 24(b).  The Burkes' objections are therefore overruled in their entirety, and their motion to intervene remains denied.

IT IS THEREFORE ORDERED BY THE COURT THAT the objections (Doc. # 167) by Joanna and John Burke to the Magistrate Judge's order are hereby **overruled**, and the Burkes will not be permitted to intervene in this action.

IT IS SO ORDERED.

Dated this 12th day of September, 2019, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
