# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR162 CORN LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES EXCEPT:<br><br>*Louis Dreyfus Company Grains Merchandising LLC v. Syngenta AG, et al., No: 16-2788-JWL-JPO*<br><br>*Trans Coastal Supply Company, Inc. v. Syngenta AG, et al., 2:14-cv-02637-JWL-JPO*<br><br>*The Delong Co., Inc. v. Syngenta AG, et al., No. 2:17-cv-02614-JWL-JPO*<br><br>*Agribase International Inc. v. Syngenta AG et al., No. 2:15-cv-02279-JWL-JPO* | Master File No. 2:14-MD-02591-JWL-JPO<br><br>MDL No. 2591 |

# Program Status Report
# from Special Master Ellen Reisman and the Claims Administrator

November 26, 2019

**I.      INTRODUCTION**

Settlement Special Master Ellen Reisman and Claims Administrator BrownGreer, PLC submit this Program Status Report to inform the Court of: (1) the progress that has been made in processing claims, (2) the significant outreach program that has been undertaken by the Claims Administrator, Settlement Class Counsel, and the Special Master to assist Class Members in perfecting their claims, and (3) our intent to make interim payments to eligible Class Members if final resolution of the Objections pending before the U.S. Court of Appeals for the Tenth Circuit occurs.

**II.     SUMMARY OF CLAIMS RECEIVED**

As of November 18, 2019, 246,008 claims have been submitted to the Claims Administrator. 203,791 of these claims would be eligible for payment from the Settlement Fund. These claims are ones that were complete and timely when submitted or ones where subsequent submissions made to cure deficiencies (as discussed below) made the claim eligible for payment. The large number of successfully completed claims reflects the efforts not only of Class Members but also of Settlement Class Counsel, the Special Master, and the Claims Administrator, who have focused on helping Class Members who submitted incomplete Claim Forms to resolve their Notices of Rejection and complete their claims.

**III.    EFFORTS TO HELP CLAIMANTS CURE CLAIM FORM DEFICIENCIES**

The Claims Administrator issued 58,587 Notices of Rejection on a rolling basis to claimants: (i) whose Claim Form submissions lacked information required under the Settlement Agreement, (ii) who had not shown that they are Class Members, and/or (iii) who submitted Claim Forms long after the Claims Deadline. The Notices of Rejection for such claims described the missing information or documents and instructed the claimants how to cure these deficiencies

either on the Settlement Website or in hard copy by mail. The deadline to respond to the majority of these Notices of Rejection was August 12, 2019 or earlier. By that date, 31,989 claimants whose Notices of Rejection were potentially curable had not responded to the Notices of Rejection. Settlement Class Counsel, the Special Master, and the Claims Administrator worked together to assist these claimants in curing their Claim Form deficiencies and completing their claims.

### A. Outreach Campaign

To achieve maximum participation by Class Members, the Special Master, the Claims Administrator, and Settlement Class Counsel conducted an extensive campaign of telephone and written outreach to all claimants who had received and had not responded to a potentially curable Notice of Rejection. To support this effort, the Special Master extended all claimants' Notice of Rejection response deadlines. Many claimants (and where applicable, their individual counsel) received multiple reminders to respond and cure their incomplete claims.

Beginning in early August and continuing through October, the Claims Administrator and Settlement Class Counsel made over 24,000 phone calls to claimants. Some claimants received multiple phone calls telling them they could respond to the Notice of Rejection and complete their claim, even after the deadline posted on their Notice. Callers from the Claims Administrator and Settlement Class Counsel helped claimants submit their responses with live, step-by-step instructions.

Most claimants with incomplete claims also received written reminders to respond to their Notices of Rejection. On August 14, 2019, the Claims Administrator sent emails to all claimants who had provided the Claims Administrator with an email address and had not responded to a potentially curable Notice of Rejection. The emails reminded these claimants to

2

respond to their Notices of Rejection and provided a link to respond online.  Settlement Class Counsel also wrote reminder letters to unrepresented claimants.  The Claims Administrator mailed these letters to claimants during the week of August 19, 2019.  Finally, the Claims Administrator sent a final reminder email to those claimants who had provided email addresses whose claims remained incomplete as of November 13, 2019.

In addition to these outreach efforts directed to claimants, the Special Master sent multiple letters from August to October to law firms reminding the firms of their clients' uncured Notices of Rejection.  These letters included a list of each firm's clients who had received Notices of Rejection which remained uncured.  The Special Master also followed up with phone calls to law firms. Additionally, the Settlement Website provides each law firm with a Portal that lets them monitor the status of their clients' claims.

### B.  Implementing Decision Rules Regarding Acceptance of Claim Forms

To maximize Class Members' ability to recover under the Settlement, the Claims Administrator, with the approval of the Special Master, Settlement Class Counsel, and Counsel for Syngenta, adopted certain claims processing decision rules to allow acceptance of some Claim Forms initially identified as incomplete.  The Class Members affected by these rule changes will receive Notices of Determination showing their Compensable Recovery Quantity.

#### 1.  Class Member Signatures

Section 2.6 of the Settlement Agreement requires all Class Members to sign the Claim Form under penalty of perjury.  The Claims Administrator originally required a new signature with each revised Claim Form submission, and claimants received Notices of Rejection if they did not sign their last submitted Claim Form.  After reviewing and discussing the purpose of the signature requirement, Settlement Class Counsel, Counsel for Syngenta, and the Special Master

3

determined that the Claims Administrator could compile a claimant's Claim Form submissions and accept Claim Forms where at least one version of the Claim Form was signed.

Section 3.7.3.1 of the Settlement Agreement requires Producer Class Members to provide consent to the Claims Administrator to obtain Corn acreage data from the FSA and RMA. The Producer Claim Form has two places for a Class Member to sign, one specifically referencing this consent (in Section II of the Claim Form) and one at the end of the Claim Form that verifies all information in the Claim Form. Because the signature at the end of the Claim Form contains language identical to the Consent and Authorization in Section II, it was determined that signatures in both places were not necessary, and that Claim Forms with only one signature would be accepted.

### 2. Producer Class Members Who Did Not Answer the Agrisure Viptera / Agrisure Duracade Question on the Producer Claim Form

Producer Class Members were required to indicate on the Claim Form whether they purchased Agrisure Viptera and/or Agrisure Duracade Corn Seed so that the Claims Administrator can determine in which Settlement Subclass the Class Member belongs. The Claims Administrator issued Notices of Rejection to Producers who did not answer this question. Rather than reject these Class Members, the Claims Administrator will assign them to Settlement Subclass 2 and issue a Notice of Determination. These Producers can respond to the Notice of Determination and request to be moved to Subclass 1 if they attest under penalty of perjury that they did not purchase Agrisure Viptera and/or Agrisure Duracade Corn Seed.

### 3. Producer Class Members Who Did Not Provide "Fed on Farm" Percentages

Section 2.15.1.1 of the Settlement Agreement mandates that the percentage "fed on farm" that a Producer reports on the Claim Form be deducted from the Producer's Compensable

4

Recovery Quantity. The Claims Administrator initially issued Notices of Rejection to Producers who did not indicate the percentage of Corn they "fed on farm." Rather than deny these claims, the Claims Administrator will issue Notices of Determination to those Producers who did not provide "fed on farm" percentages but are otherwise eligible. The Producers will be able to see their potentially compensable bushels on the Notices of Determination and respond with the percentage "fed on farm."

### C. Claims that Remain Ineligible

As of November 18, 2019, of the 58,587 claimants to whom the Claims Administrator issued Notices of Rejection, 19,294 appear to not be Class Members because they did not provide information to show they farmed Corn acres or had an Interest in Corn covered by the Settlement Agreement. Another 9,917 were closed because they were withdrawn, abandoned, or duplicates of another claim. This leaves 29,376 claims submitted by claimants who received potentially curable Notices of Rejection. After extensive outreach and implementing design rules to assist claimants, 24,457 claims were no longer deficient or the claimants had responded to the Notice of Rejection.[1] 4,919 claims remain deficient, and the Claims Administrator and the Special Master continue to try to identify those claims that could be cured. These deficient claims represent just under 2% of the 246,008 claims submitted to the Settlement Program.

## IV.  INTERIM PAYMENTS

203,791 claims are currently eligible for payment from the Settlement Fund. The Claims Administrator started issuing Notices of Determination to these Class Members on November 19, 2019. The Notices of Determination explain the Class Members' Compensable Recovery Quantity and allow for appeals to the Special Master if the Class Member disputes the quantity.

---

[1] The Claims Administrator is still reviewing all responsive submissions to make sure that the claim deficiencies are cured.

The Claims Administrator cannot fully pay eligible Class Members until all claim calculations are final and not subject to appeal, because each Class Member's payment amount is a *pro rata* share of the relevant Subclass's Settlement Fund.  After discussion with Settlement Class Counsel, the Claims Administrator and the Special Master recommend issuing interim payments to eligible Class Members that could begin as early as the first quarter of 2020 if the Settlement Agreement becomes Final as a result of resolution of the Objectors' appeals pending before the Tenth Circuit.  Interim payments will allow currently eligible Class Members to receive money from the Settlement Fund before the Claims Administrator and Special Master complete review of all submitted claims.

Settlement Class Counsel, the Claims Administrator, and the Special Master are developing a proposed Interim Payment process which will be provided to the Court prior to implementation.  The goal will be to allow currently eligible Class Members to receive a significant percentage of their ultimate compensation while keeping an appropriate amount in the Settlement Fund to assure that at the end of the process all eligible Class Members can receive full compensation.

Respectfully submitted,

_____/s/_____
Ellen K. Reisman
REISMAN KARRON GREENE LLP
1700 K Street NW, Suite 200
Washington, D.C. 20006
202-695-7712
Ellen.Reisman@rkgattorneys.com

_____/s/_____
William G. Atkinson
BROWNGREER, PLC
250 Rocketts Way
Richmond, VA 23231
804-521-7209
watkinson@browngreer.com