IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE SYNGENTA AG MIR162 CORN LITIGATION**<br><br>**THIS DOCUMENT RELATES TO ALL CASES <u>EXCEPT</u>:**<br><br>*Trans Coastal Supply Company, Inc. v. Syngenta AG, et al.*, No. 2:14-cv-02637-JWL-JPO<br><br>*The Delong Co., Inc. v. Syngenta AG et al.*, No. 2:17-cv-02614-JWL-JPO<br><br>*Agribase International Inc. v. Syngenta AG, et al.*, No. 2:15-cv-9900-JWL-JPO<br><br>*Kellogg, et al., v. Watts Guerra, LLP, et al.*, No. 2:18-cv-2408-JWL-JPO | Master File No. 2:14-MD-02591-JWL-JPO<br><br>MDL No. 2591 |

**UNOPPOSED MOTION FOR DISBURSEMENT OF FUNDS FROM THE QUALIFIED SETTLEMENT FUND TO MAKE INTERIM PAYMENTS TO CLASS MEMBERS**

For the reasons set forth below, Settlement Class Counsel move the Court for an order approving the disbursement of certain settlement funds to allow for interim payment to Class Members.

As detailed in the Declaration of William G. Atkinson, attached as Exhibit A, the Claims Administrator has sent over 175,000 Notices of Determination for Eligible Claims, those claims that are eligible for payment under the Settlement Agreement. These Notices informed Class Members of their Compensable Recovery Quantity, which is the number of corn bushels or short tons of DDGs for which they may recover under the terms of the Settlement Agreement. While

Class Members have the right to appeal their Notice of Determination to the Special Master, fewer than 700 Class Members—or less than 1% of all Eligible Claims—have thus far appealed.

Rather than wait to make a single payment to each Class Member after the conclusion of the appeal process, which would delay all payments to Class Members, the Claims Administrator, the Special Master, Settlement Class Counsel and counsel for Syngenta have met and developed a process by which partial, interim payments could be made while the Claims Administrator completes the review of remaining claims and the Special Master completes the review of all appeals.

The Settlement Agreement does not specify whether payments to Class Members must be made a single time or whether multiple payments can be made. Instead, the Settlement Agreement only specifies the earliest time for any distributions: "[n]o distributions to Class Members shall occur until after the Final Effective Date." ECF No. 3507-2 at § 3.7.4.

On December 7, 2018, the Court granted final approval of a $1.51 billion class settlement in this litigation and entered judgment finding that the settlement met the requirements of Rule 23(e). (ECF Nos. 3849 and 3850). Several Class Members who had objected to approval of the settlement appealed. On January 7, 2020, the Court of Appeals for the Tenth Circuit dismissed with prejudice those appeals pursuant to the agreement of the parties. Mandate issued on the same date. In the Settlement Agreement, the "Final Effective Date" is defined as "the date upon which the Final Approval Order approving this Agreement becomes Final." *Id.* at § 2.29. The word "Final" is defined as:

> one of the following conditions has occurred: (1) if no timely appeal of the Final Approval Order by the Court is taken, then upon expiration of the time for any Class Member to appeal the Final Approval Order; or, (2) if there are any timely appeals of the Final Approval Order, then (i) all appellate courts with jurisdiction affirm the Final Approval Order or (ii) the appeal is dismissed or denied such that the Final

2

Approval Order is no longer subject to further appeal.

*Id.* at § 2.27. Although timely appeals were taken by the objectors, those appeals have been "dismissed … such that the Final Approval Order is no longer subject to further appeal." Thus, the "finality" condition precedent of the Settlement Agreement permitting distribution of settlement proceeds has been met, and the Court should make a finding to this effect.[1]

---

[1] One set of lawyers and their clients ("Toups/Coffman") timely noticed an appeal from the December 7 Order and Judgment. *See* Not. of Appeal, ECF No. 3891. Toups/Coffman did not, however, file an objection to the approval of the settlement, and their notice of appeal expressly disclaims that they are noticing an appeal from the Final Approval Order as defined by the Settlement Agreement. Specifically, the settlement agreement defines "Final Approval" as the "order and judgment granting final approval of this Agreement pursuant to Fed. R. Civ. P. 23(e), *such order and judgment granting final approval of this Agreement to be termed the Court's 'Final Approval Order.'"* ECF No. 3507-2 at § 2.28 (emphasis added). Thus, the Final Approval Order is the portion of the December 7 order and judgment granting final approval under Rule 23(e). In their notice of appeal, Toups/Coffman state: "Toups/Coffman Plaintiffs' Counsel and Toups/Coffman Plaintiffs specifically do not appeal the fairness and/or overall amount of the settlement of this action."). ECF No. 3891 at 2. They then make clear that they are appealing from the allocation and distribution of the aggregate award of attorneys' fees, *id.*, which was made pursuant to Rule 23(h), not Rule 23(e). The Settlement Agreement does not define Final Approval Order to include an order awarding or allocating attorneys' fees; rather, it separately defines such an order as the Fee and Expense Award. *See* ECF No. 3507-2 at § 2.26. The parties' intent to treat these separate orders for purposes of the Final Effective Date is made even clearer by the fact that the Settlement Agreement states that "Final Approval … need not include the Fee and Expense Award." *Id.* at § 2.28. Thus, while Toups/Coffman appealed the December 7 order and judgment, their notice of appeal did not include, and in fact expressly disclaimed, the portions of that order and judgment that the Settlement Agreement defines as the Final Approval Order.

Moreover, Toups/Coffman did not object to approval of the settlement and, thus, would not have had standing to appeal approval of the settlement. And, in the Tenth Circuit, Toups/Coffman filed a status report further confirming that neither the Syngenta defendants nor their own clients needed to be parties to the pending appeal from the December 7 order and judgment because the appeal "only concern[s] fee-allocation issues among competing plaintiffs' groups." *See* Appeal No. 19-3008 (Mar. 15, 2019) (Doc. 010110139541). Thus, the Court should find that the Settlement Agreement's requirement of a Final Effective Date has been met.

Toups/Coffman have informed Settlement Class Counsel that they have no opposition to the request that the Court find that the December 7, 2018 Memorandum Order and Judgment are final, as defined by the Settlement Agreement, and that payments be made to the claimants.

The attached Declaration from the Claims Administrator explains the interim payment process. Settlement Class Counsel have provided a copy of the Motion and Declaration to Syngenta and Syngenta is unopposed to this motion.

Settlement Class Counsel therefore move the Court to authorize the Claims Administrator to:

1. Implement the interim payment process described in the attached Declaration of the Claims Administrator, and
2. Transfer all funds estimated to be paid to Class Members, both for interim payments and final payments, to the bank chosen by the Claims Administrator for issuing payments.

Dated: February 6, 2020

Respectfully Submitted,

/s/  Patrick J. Stueve
**STUEVE SIEGEL HANSON LLP**
Patrick J. Stueve, KS Bar #13847
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:     (816) 714-7100
Facsimile:     (816) 714-7101
stueve@stuevesiegel.com

**CO-LEAD, CLASS AND LIAISON COUNSEL
FOR PLAINTIFFS AND SETTLEMENT CLASS COUNSEL**


**SEEGER WEISS LLP**
Christopher A. Seeger
55 Challenger Road
Ridgefield Park, NJ  07660
Telephone:     (212) 584-0700
Facsimile:     (212) 584-0799
cseeger@seegerweiss.com

**MEMBER OF PLAINTIFFS' SETTLEMENT
NEGOTIATION COMMITTEE
AND SETTLEMENT CLASS COUNSEL**


**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson
120 S. 6th St., Minneapolis, MN 55402
Telephone:     (612) 333-8844
Facsimile:     (612) 339-6622
dgustafson@gustafsongluek.com

**MINNESOTA CO-LEAD LITIGATION CLASS COUNSEL,
MEMBER OF PLAINTIFFS' SETTLEMENT
NEGOTIATION COMMITTEE
AND SETTLEMENT CLASS COUNSEL**

**SHAMBERG JOHNSON AND BERGMAN**
Lynn R. Johnson
2600 Grand Blvd.
Suite 500
Kansas City, Missouri 64108
Telephone:     (816) 474-0004
Facsimile:     (816) 474-0003
ljohnson@sjblaw.com

**SUBCLASS COUNSEL FOR THE**
**VIPTERA/DURACADE CORN PRODUCER SUBCLASS**

**WEXLER WALLACE LLP**
Kenneth A. Wexler
55 W. Monroe Street
Suite 3300
Chicago, IL 60603
Telephone:     (816) 589-6270
Facsimile:     (312) 346-2222
kaw@wexlerwallace.com

**SUBCLASS COUNSEL FOR THE GRAIN HANDLING**
**FACILITY SUBCLASS**

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
James E. Cecchi
5 Becker Farm Rd.
Roseland, NJ 07068
Telephone:     (973) 994-1700
Facsimile:     (973) 994-1744
JCecchi@carellabyrne.com

**SUBCLASS COUNSEL FOR THE ETHANOL PRODUCTION**
**FACILITY SUBCLASS**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on February 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Patrick J. Stueve
Plaintiffs' Co-Lead, Liaison, and Class Counsel for Plaintiffs