# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR162 CORN LITIGATION<br><br>THIS DOCUMENT RELATES TO: All Actions | Master File No. 2:14-MD-02591-JWL-JPO<br><br>MDL No. 2591 |

**DECLARATION OF WILLIAM G. ATKINSON**
**IN SUPPORT OF MOTION FOR INTERIM PAYMENTS**

I, William G. Atkinson, declare, pursuant to 28 U.S.C. § 1746, based upon my personal knowledge, information and belief, the following:

### I.   INTRODUCTION

**1.**   *Personal Information.*  I am a partner at BrownGreer PLC ("BrownGreer"), located at 250 Rocketts Way, Richmond, Virginia 23231, the Notice and Claims Administrator in this matter.

**2.**   *The Capacity and Basis of this Declaration.*  I am over the age of 21.  The matters set forth in this Declaration are based upon my personal knowledge, information received from Settlement Class Counsel and counsel for Syngenta, and information provided by my colleagues at BrownGreer.  Any opinions presented in this Declaration rest upon my training and experience, and any data provided are based upon BrownGreer's and my work performed to date in the Corn Seed Settlement Program established under the Court's December 7, 2018 Final Order and Judgment (Doc. 3850.)

**3.**   *Purpose of this Declaration.*  The November 26, 2019 Program Status Report from Special Master Ellen Reisman and the Claims Administrator (Doc. 4276) discussed

1

developing a proposed interim payment process to allow eligible Class Members to receive compensation from the Settlement Fund before the Claims Administrator and Special Master fully complete the review and appeal process for all submitted claims.

    I submit this Declaration to describe the claims that would be eligible to receive interim payments as well as the claims that are not yet eligible, and to describe the proposed process for making interim payments.  Interim payments will allow eligible Class Members to receive a significant percentage of their awarded *pro rata* compensation while keeping an adequate amount in the Settlement Fund to ensure that all eligible Class Members will receive their full awarded compensation when all claim calculations are final in fall 2020.

**II.**    <u>**STATUS OF CLAIMS**</u>

**4.**    ***Claims Submissions.***  246,038 claims have been submitted to the Claims Administrator as of February 6, 2020.

> **(a) Administratively Closed Claims.**  As explained in the November 26, 2019 Program Status Report, the Claims Administrator administratively closed certain claims because it determined that:
>
> (1) the claimants failed to provide information sufficient to demonstrate they farmed Corn acres or had an Interest in Corn as required by the Settlement Agreement;
>
> (2) the claims were withdrawn (voluntarily terminated by potential claimant), abandoned (claims started but not completed), or duplicates of other claims, or

2

(3) the claims were submitted long after the Claims Deadline.[1]

As of February 6, 2020, there are 46,076 of these Administratively Closed claims. The November 26, 2019 Program Status Report contains additional information about these claims and describes the efforts of the Special Master, the Claims Administrator, and Settlement Class Counsel to: (1) assist potential Class Members to cure their Claim Form deficiencies and complete their claims; and (2) achieve maximum participation by Class Members.[2]

**(b) Active Claims.** The remaining 199,962 claims are active in the Program.

(1) Eligible Claims. 176,498 claims are eligible for payment under the Settlement Agreement and have received Notices of Determination that explain the Compensable Recovery Quantity and the appeal process.[3]

(2) Rejected Claims. 503 claims have been rejected for failing to provide a complete Claim Form or required documents.

(3) Claims in Review. The Claims Administrator is processing the remaining 22,961 claims. We expect many of these claims will become eligible for payment under the Settlement Agreement and will receive Notices of Determination. We anticipate completing initial reviews of these claims by March, 2020.

**5.** *Active Claims Ready for an Interim Payment.* To be ready for an interim payment:

---

[1] These claims were submitted more than one month after the Claims Deadline. If any of these potential Class Members appeal the timeliness of their claim to the Special Master, and prevail on that appeal, their claim will be recategorized as timely and they will no longer be Administratively Closed for this reason.
[2] These efforts were directed to potential Class Members and, where applicable, their counsel, and included both written communications and phone calls.
[3] *See* Settlement Agreement §§ 2.15, 3.7.2.

3

      (a) A claim must be an Eligible Claim as defined in Paragraph 4(b)(1).

      (b) A claim must not have a pending appeal or unexpired appeal rights from the Notice of Determination. As of February 6, 2020, 129,201 claims that received Notices of Determination have passed their 30-day appeal period and have not appealed. The Claims Administrator projects that over 175,000 claims will have received Notices of Determination and passed their appeal period by March 1, 2020.

      (c) The claim must have a properly completed W-9 form.[4] As of February 6, 2020, the Claims Administrator has accepted 110,085 properly completed W-9 forms from Class Members who received a Notice of Determination. This is 62% of the total Eligible Claims described in Paragraph 4(b)(1). We have attempted to contact the Class Members and lawyers for the remaining Eligible Claims to encourage submission of W-9s.

6. ***Active Claims Not Satisfying Requirements for an Interim Payment.*** The Rejected Claims and the Claims in Review discussed in Paragraph 4(b) do not satisfy the requirements for an interim payment. Additionally, the Eligible Claims that have not submitted required payment information, including W-9 forms or legal authorization for Representative Claimants, do not satisfy the requirements for interim payments.

---

[4] The Internal Revenue Service requires that the Claims Administrator verify the identity and Taxpayer Identification Number of each Class Member before issuing payment. To comply with this requirement, the Claims Administrator must obtain a completed W-9 form before paying a Class Member.

## III. INTERIM PAYMENT PROCESS

7. *Calculation Steps.*  Settlement Class Counsel, the Claims Administrator, and the Special Master have developed the following process for issuing interim payments, which is being submitted for the Court's consideration and approval:

**Step 1: Calculate Total Compensable Recovery Quantity.**  The Claims Administrator must determine the total Compensable Recovery Quantity ("CRQ") for each Settlement Subclass in order to calculate an individual eligible Class Member's *pro rata* share.  To calculate the total CRQ for each Subclass and avoid the risk that interim payments would result in overpayment that would leave inadequate funds for final payment, including for claims that have not yet qualified for payment, the Claims Administrator will:

> **(a) Include the maximum possible number of claims in each Subclass.**  The Claims Administrator will include in the total Subclass CRQ all acreage or bushel data associated with all Active Claims in the Subclass, including acreage and bushel data from Eligible Claims, Claims in Review, and Rejected Claims as defined in Paragraph 4(b).  If any of the Claims in Review or Rejected Claims later become Eligible Claims, the claims' CRQ will have already been included in the total Subclass CRQ.
>
> Some Producer Class Members have not yet informed the Claims Administrator whether they purchased or planted Agrisure Viptera/Agrisure Duracade.  The Claims Administrator will include those claims in both Subclasses 1 and 2 to ensure their data are represented in the total CRQ for either subclass, no matter which Subclass is ultimately the correct one for those claims.

**(b) Include the maximum amount of CRQ in each Subclass.** The total Subclass CRQ must include Claims in Review and Rejected Claims who have not yet provided all the data needed to calculate their individual CRQ. To avoid overpayment, we will assume average CRQ amounts and maximum average county yield for these claims.

**Step 2: Calculate Dollar Value of CRQ.** The Claims Administrator will calculate the dollar value of each CRQ by dividing the settlement funds available to each Subclass by the total Subclass CRQ calculated in Step 1. The total settlement funds are $1.51 billion, plus any interest earned in the life of the fund. Section 3.7.2 of the Settlement Agreement states:

(a) Subclass 4 members receive a total of $19,500,000;

(b) Subclass 3 members receive a total of $29,900,000;

(c) Subclass 2 members receive either a total of $22,600,000 or a total amount that "ensures that the average per-bushel recovery of Subclass 2 shall not exceed" that of Subclass 1; and

(d) Subclass 1 members receive the remaining Settlement Funds after the following adjustments:

(1) Subtracting amounts owed to the other subclass members ($72,000,000),

(2) Subtracting all costs of the Settlement administration, including paid and projected Claims Administrator and Special Master fees and expenses (~$33,500,000),

(3) Subtracting Plaintiff Service Awards ($2,782,500),

6

(4) Subtracting the Fee Award ($503,333,333), the potential total Expense Award ($31,452,435.43),[5] and any interest earned on those amounts, and

(5) Adding $3,000,000 awarded as fees and expenses of objectors' counsel in connection with the resolution of certain objections to the settlement.[6]

Accounting for these adjustments, the Claims Administrator estimates that the dollar value of each CRQ will be no less than:

(a) $0.1222 for Eligible Claims in Subclass 1;

(b) $0.0194 for Eligible Claims in Subclass 2;

(c) $0.0043 for Eligible Claims in Subclass 3; and

(d) $0.4402 for Eligible Claims in Subclass 4.

**Step 3: Determine a Claim's Eligibility for Interim Payment.** To receive an interim payment, a claim: (1) must have a Notice of Determination, (2) must not have a pending appeal or unexpired appeal rights from the Notice of Determination, and (3) must have an accepted W-9 form.

**Step 4: Calculate Interim Payment.** To calculate a claim's potential final award, the Claims Administrator will multiply the claim's CRQ by the CRQ dollar value for the Subclass calculated in Step 2. The Claims Administrator will multiply that potential final award by an interim payment percentage equal to 65% for claims in Subclasses 1 and 2 and 50% for claims in Subclasses 3 and 4. The Claims Administrator, Settlement Class Counsel, and the Special Master believe that this percentage provides a sufficient reserve to ensure that funds will remain

---

[5] This potential total Expense Award includes the $31,321.740.09 in expenses awarded by the Court and also the amounts sought by two law firms, but denied by the Court, who have appealed the Court's decision. Paul Byrd and affiliated firms sought $31,549.75 (ECF 4174) and Shields Law Group sought $99,145.59 (ECF 4175).

[6] *See* Order Approving Objector Settlement Agreement and Attorneys' Fees and Expenses, ECF No. 4308, entered Jan. 6, 2020; Joint Motion For An Indicative Ruling Approving Objector Settlement Agreement, ECF No. 4278, filed Dec. 9, 2019, at 3 ($1.975 million in interest on Fee and Expense Award to go to objectors for attorneys' fees, costs and service awards and at least $3 million in interest on Fee and Expense Award to be distributed to the Class).

to pay all current Eligible Claims in full, and all Claims in Review or Rejected Claims that may ultimately become eligible for payment consistent with the terms of the Settlement Agreement.

**Step 5: Issue Interim Payments.** Starting in March 2020, the Claims Administrator will issue interim payments to claims as they become ready for these payments. The Claims Administrator will issue only one interim payment for each claim and will offset any interim payment amount from the claim's final payment. The Claims Administrator will continue issuing interim payments until the Claims Administrator has reviewed all claims and the Special Master has resolved all appeals. At that point, the universe of claims eligible for payment, the CRQ for each claim, and the CRQ dollar value will be final. The Claims Administrator will then report final payment amounts to the Court so that final payments can be made for all Eligible Claims.

## IV.    FINAL PAYMENTS

8.    *Final Payments and Remaining Claims.*  While interim payments are ongoing, the Claims Administrator will work expeditiously to complete processing the remaining Claims in Review. The Claims Administrator expects to finish processing all claims and to make final payments by the fall of 2020.

## V.    CONCLUSION

I declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Virginia that the foregoing is true and correct.

Dated this 6th day of February, 2020.

_____
William G. Atkinson