IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2591<br><br>Case No. 14-md-2591-JWL |
| This Document Relates To: | | |
| *Kellogg, et al. v. Watts Guerra, LLP, et al.*, No. 18-2408-JWL | | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs' Motions to Vacate Orders and Recuse and Stay District Court Proceedings (Doc. # 319). For the reasons set forth below, the motions are **denied**. In addition, pursuant to 28 U.S.C. § 1927, defendants are awarded their reasonable attorney fees and expenses incurred in responding to the instant motions.

### I.      **Motion to Vacate Orders – District Court's Jurisdiction**

Plaintiffs move to vacate all orders issued by the Court since January 16, 2020. Plaintiffs argue that the Court had no jurisdiction to enter such orders after they filed their notice of appeal to the Tenth Circuit on that date. The Court has addressed and rejected this same jurisdictional argument on multiple occasions, including in the Court's latest Memorandum and Order of April 3, 2020. Plaintiffs have still not appealed from a final order of this Court, and thus the Court retains jurisdiction to act. Plaintiffs argue that the issue of finality is for the Tenth Circuit to decide. The Tenth Circuit will indeed decide that issue in considering plaintiffs' present appeals. This Court must also determine its

own jurisdiction, however, and because it has not issued a final order, it has not lost jurisdiction. The Court denies this motion once again.[1]

## II. Motion for Review of Magistrate Judge's Order of March 3, 2020

Plaintiffs seek to vacate or overturn the Magistrate Judge's Order of March 3, 2020, by which the Magistrate Judge sanctioned plaintiffs for their failure to comply with orders of the Court. Defendants had requested dismissal as a sanction, but the Magistrate Judge denied that request and instead awarded defendants attorney fees, while warning that further failure to comply with the Court's orders could result in dismissal.

Plaintiffs argue that their appeals robbed the Magistrate Judge of jurisdiction to issue various orders. The Court rejects that argument for the reasons stated above and in its prior orders.

Plaintiffs argue that an Order of February 18, 2020, by which the Magistrate Judge canceled a scheduling conference, objectively shows the Magistrate Judge's bias in favor of defendants. The Court rejects this argument. As stated in that order, the Magistrate Judge canceled the conference because plaintiffs had indicated that they would not attend.

---

[1] In their reply brief, plaintiffs argue for the first time that the Court should have conducted a hearing pursuant to *McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158 (10th Cir. 2005), to determine whether plaintiffs' appeal was frivolous and thus failed to divest the Court of jurisdiction. In *McCauley*, however, the court was specifically addressing an interlocutory appeal from the denial of a motion to compel arbitration pursuant to a particular statute. *See id.* Plaintiffs have not cited any authority requiring additional proceedings before the Court may continue to exercise its jurisdiction after an attempt to appeal from a non-final order.

That logical decision would not cause a reasonable person to believe that the Magistrate Judge was improperly biased in this case.

The Court also rejects plaintiffs' argument that the Magistrate Judge sought to punish plaintiffs for exercising their right to pursue appeals. The Magistrate Judge did no such thing. As set forth in the Magistrate Judge's opinion, plaintiffs were sanctioned because they repeatedly refused to comply with the Court's orders.

In seeking review of the Magistrate Judge's Order, plaintiffs have not shown that the Magistrate Judge made an error of law or fact; indeed, plaintiffs have not challenged any particular portion of the substance of the order.[2] Plaintiffs argue generally that their counsel has an obligation to represent his clients zealously, which includes the obligation to resist "bullying" by opposing counsel and the Court. The Court's insistence that plaintiffs comply with orders and prosecute this case, however, does not constitute bullying, and zealous representation in this case does not require counsel's willful violation of those orders. Plaintiffs' motion to vacate the Magistrate Judge's order is denied, and any objections to that order are hereby overruled.

### III. Motion for Recusal

Citing an expert report, plaintiffs move for recusal pursuant to 28 U.S.C. § 455. The Court has addressed and rejected this argument on multiple occasions, including in its

---

[2] In a footnote, plaintiffs argue that defendants have requested an excessive amount of fees, but that argument does not go to the merits of any order, as the Magistrate Judge has not yet determined the amount of fees awarded as a sanction.

3

Memorandum and Order of April 3, 2020, in which the Court addressed the expert report at length. The Court denies this motion for the same reasons stated in that opinion.

### IV.     Motion for Stay

Plaintiffs move for a stay of proceedings in this Court pending the Tenth Circuit's resolution of plaintiffs' appeals and petition for mandamus. Plaintiffs argue that a stay should be issued because the Court should recuse and because it lacks jurisdiction, but the Court has rejected such arguments. As the Court has stated multiple times, this case has been delayed long enough, and any stay must now come from the Tenth Circuit itself. Plaintiffs have not indicated in their briefs that they have made such a request. The Court again denies the motion for a stay.

### V.     Defendants' Request for Fees and Costs

Pursuant to 28 U.S.C. § 1927, defendants request an award of attorney fees and expenses incurred in responding to plaintiffs' "repetitive and vexatious filings." That statute provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *See id.* Such a sanction may be warranted by "conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)). Defendants also invoke the Court's inherent power

to impose to attorney fees as a sanction for bad-faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

The Court agrees that plaintiffs' counsel, by filing the instant motions, has unreasonably and vexatiously multiplied proceedings in this case, and that an award of attorney fees and costs as a sanction is appropriate pursuant to 28 U.S.C. § 1927. The Court has previously rejected these same arguments on multiple occasions regarding the Court's jurisdiction, recusal under 28 U.S.C. § 455, and a stay of proceedings. For instance, on February 12, 2020, plaintiffs filed a motion for recusal under Section 455 based on a new expert report, and they even asked the Tenth Circuit to abate their pending appeal to allow this Court the opportunity to address that motion in the first instance. On March 12, 2020, plaintiffs seemingly shifted course by filing a petition for mandamus in the Tenth Circuit on the issue of recusal, based on that expert report. Then, on March 17, 2020, despite those previous filings, and despite the fact that the Court had not yet ruled on the February 12 motion for recusal, plaintiffs filed the instant motions, in which they make the same arguments based on the same expert report. Making the same arguments again without even waiting for a ruling, and without citing any material change in circumstances, is the very definition of conduct that unreasonably and vexatiously multiplies the proceedings.

In the instant motions, plaintiffs have made a new argument seeking review of the Magistrate Judge's sanctions order. As noted above, however, plaintiffs did not address the merits of that order or claim an error of law or fact, but instead made the same argument concerning jurisdiction that the Court has repeatedly rejected. Plantiffs' new argument that

the Magistrate Judge acted under an appearance of bias or sought to punish plaintiffs for filing appeals is frivolous.

This conduct by plaintiffs' counsel, Mr. Nill, has caused defendants to bear unnecessary expense, and the Court concludes that an award of attorney fees and expenses, to be paid by Mr. Nill as a sanction, is appropriate. Defendants request fees and expenses incurred in responding to various filings, but they have not specified those filings. The Court concludes that the award will be limited to the attorney fees and expenses reasonably incurred by defendants' counsel only in preparing and filing its brief in response to the instant motions (Doc. # 319). On or before **April 17, 2020**, defendants shall file a response to this order in which they request and support a specific amount of fees and expenses. Mr. Nill may file any objection to that request, relating only to the amount of fees and costs reasonably incurred in preparing and filing defendants' response brief, on or before **April 21, 2020**. No reply will be permitted. The Court will then determine an award by separate order.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' Motions to Vacate Orders and Recuse and Stay District Court Proceedings (Doc. # 319) are hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendants are awarded their reasonable attorney fees and expenses incurred in responding to the instant motions,

with the amount to be determined by separate order after further submissions as set forth herein.

    IT IS SO ORDERED.

    Dated this 15th day of April, 2020, in Kansas City, Kansas.

                                      *s/ John W. Lungstrum*
                                      John W. Lungstrum
                                      United States District Judge