IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION | ) ) ) ) | MDL No. 2591
| | | Case No. 14-md-2591-JWL |
| This Document Relates To: | ) ) |
| *Kellogg, et al. v. Watts Guerra, LLP, et al.*, No. 18-2408-JWL | ) ) ) |
| _____ ) | |

## **MEMORANDUM AND ORDER**

On April 15, 2020, the Court issued a Memorandum and Order (Doc. # 335) by which it denied plaintiffs' Motions to Vacate Orders and Recuse and Stay District Court Proceedings (Doc. # 319). In addition, pursuant to 28 U.S.C. § 1927, the Court found that Douglas Nill, plaintiffs' counsel, had multiplied proceedings in this case unreasonably and vexatiously by filing the motions being ruled, and the Court ordered Mr. Nill to pay the attorney fees and costs reasonably incurred by defendants in preparing and filing their brief in opposition to the motions (Doc. # 321). The Court ordered defendants to submit requests in specific amounts by April 17, 2020, and it gave Mr. Nill until April 21, 2020, to file any objection "relating only to the amount of fees and costs" sought by defendants. Three sets of defendants' counsel have now submitted specific requests (Doc. ## 339, 340, 341), and Mr. Nill has submitted a response (Doc. # 343). The Court is thus prepared to award fees in a specific amount.

First, however, the Court must address Mr. Nill's response to the Court's Order of April 15, 2020. Although Mr. Nill was instructed to limit his response to the amount of

fees reasonably incurred by defendants in preparing their brief, the response does not address that issue a single time in its 21 pages (supported by 22 pages of exhibits). The response instead raises or reargues a number of other issues, a few of which merit discussion here.

Mr. Nill argues that the Court's sanction violates due process. He notes that defendants did not file a separate motion seeking sanctions, and he cites the Tenth Circuit's requirement that an attorney be given notice and an opportunity to respond before a sanction is imposed. *See G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990). Due process has been satisfied here, however. Mr. Nill did receive notice of a possible sanction under Section 1927, as defendants' response brief contained explicit requests for fees under that statute (in the brief's introduction and in two full pages devoted to the request under a separate heading). Mr. Nill had the opportunity to oppose sanctions in plaintiffs' reply brief, but he declined to address the issue. Mr. Nill was also given the opportunity to object to specific amounts requested by defense counsel after the Court's April 15 Order, but he declined to address that issue in his latest filing.

Mr. Nill offers additional arguments against a sanction (and this additional opportunity to have such arguments considered further comports with due process). Mr. Nill argues that the Court, by addressing the argument in its April 3 Order, has conceded the "merit" of plaintiffs' argument based on the Painter expert report. In fact, the Court rejected that argument on its merits. Perhaps Mr. Nill means to argue that the argument was properly raised by plaintiffs. The Court did address the argument in its April 3 Order, and Mr. Nill was not sanctioned for raising the argument in the motion at issue there (which

was filed on February 12, 2020). The present sanction is based in part on the fact that Mr. Nill filed another motion, with the same request for recusal under 28 U.S.C. § 455, based on the same arguments and the same expert report, without waiting for the Court to rule on the same issue raised in a still-pending motion. That second filing based on the Painter report multiplied proceedings in this case vexatiously and unreasonably.

Mr. Nill notes that the purpose of an award under Section 1927 is "to compensate victims of abusive litigation practices, not to deter and punish offenders." *See Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008). The Court's intent in presently awarding fees is indeed to compensate defendants for Mr. Nill's abusive practices, as evidenced by the Court's limiting the award to fees incurred by defendants in preparing a response brief that should not have been required.

Finally, Mr. Nill argues that this sanction is prohibited by the Court's loss of jurisdiction and by the conflict and bias that require the undersigned's recusal. The Court stands by its repeated rejections of these arguments. Accordingly, the Court denies Mr. Nill's request that the Court's latest order be vacated.

The rest of Mr. Nill's brief is devoted to previously-rejected arguments concerning other issues, including jurisdiction, recusal, the need for a *McCauley* hearing, and even standing. Thus, Mr. Nill follows a familiar pattern of refusing to accept or address the Court's rulings. For instance, Mr. Nill again argues the issue of jurisdiction, but he does not address the fact that the case is ongoing and thus no final order has been issued. He again argues that the Court should have conducted a *McCauley* hearing to determine whether plaintiffs' appeals are frivolous, but he has not addressed the Court's reason for

3

rejecting that argument in its last order. Moreover, Mr. Nill resurrects these arguments in contravention of the Court's order that his response be limited to the issue of the amount of fees sought by defendants. Thus, Mr. Nill's latest brief (apparently unironically) illustrates perfectly how he has multiplied – and continues to multiply – proceedings in this case vexatiously and unreasonably.

The Court now turns to the issue at hand, namely, the amounts of the awards to defendants' counsel. The Court has received specific requests for attorney fees from counsel for three sets of defendants. The Court finds that defendants properly worked together to submit a joint brief in opposition to plaintiffs' underlying motions (thereby minimizing their expense and the burden on the Court), and thus they reasonably incurred expenses relating to coordination and communication among counsel concerning the drafting of the brief. The Court finds that the attorneys' hourly rates are reasonable, as are the 30.1 total hours expended on the brief for which defendants seek reimbursement. *See Hamilton*, 519 F.3d at 1206-07 (district court has discretion in awarding fees under Section 1927 to use a lodestar or to award actual fees reasonably incurred). As noted above, Mr. Nill has not objected to these amounts.

Thus, the Court awards reasonable attorney fees in the amount of $5,060.00 to the firm of Thompson, Coe, Cousins & Irons, L.L.P., counsel for defendants Watts Guerra, L.L.P. and Messrs. Watts and Guerra.

The Court awards reasonable attorney fees in the amount of $1,637.50 to the firm of Taft Stettinius & Hollister, counsel for defendants Hovland and Rasmus, PLLC; Dewald Deaver, P.C., LLO; Patton, Hoversten & Berg, P.A.; and Wojtalewicz Law Firm, Ltd.

The Court awards reasonable attorney fees in the amount of $474.00 to the firm of Lind, Jensen, Sullivan & Peterson, P.A., counsel for defendants Daniel M. Homolka, P.A. and Yira Law Office, Ltd. That amount represents fees incurred for work relating to the filing of defendants' joint response brief. This firm also sought fees for work performed after that filing (reviewing plaintiffs' reply brief and the Court's subsequent order, preparing the fee amount submission); but the Court expressly limited its award to fees incurred in preparing the response brief, and no defendant has objected to that limitation. The Court's award to this firm is limited accordingly.

The Court thus grants a total award of $7,171.50, as set forth herein. Mr. Nill is ordered to pay these awards (and file with the Court a notice of compliance) by **May 11, 2020**, unless that obligation is expressly stayed by this Court or by the Tenth Circuit. Failure to comply may result in further sanction.

IT IS THEREFORE ORDERED BY THE COURT THAT Douglas Nill, plaintiffs' counsel, shall pay the attorney fee awards as set forth herein, and file with the Court a notice of compliance, on or before **May 11, 2020**.

IT IS SO ORDERED.

Dated this 27th day of April, 2020, in Kansas City, Kansas.

                                               s/ John W. Lungstrum
                                               John W. Lungstrum
                                               United States District Judge