UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KENNETH P. KELLOGG, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-2408-JWL |
| | ) | |
| WATTS GUERRA, LLP, et al., | ) | MDL 14-md-2591-JWL |
| | ) | |
| Defendants. | ) | |

**ORDER**

On March 3, 2020, the court entered an order sanctioning plaintiffs and awarding

defendants their attorneys' fees and costs incurred in attending a February 11, 2020

planning conference (which plaintiffs' counsel failed to attend) and in bringing a

subsequent motion for sanctions.[1]  The court directed defense counsel to submit their travel

receipts and detailed billing records for time spent attending the conference and briefing

the sanctions motion.  Counsel for five groups of defendants filed submissions.[2]  Despite

an invitation from the court to file a response to the fee submissions,[3] plaintiffs' only

challenge to a specific submission was asserted in a footnote to a memorandum in support

---

[1] ECF No. 308 at 9-10.

[2] ECF Nos. 309-313.

[3] ECF No. 308 at 10.

1

of a motion to vacate various orders (which was ultimately denied).[4]   Because the court finds the fee submissions reasonable, the court now sets the specific amount of the sanctions award.

The court has reviewed the fee submissions in detail.  They reflect that defendants properly worked together in their briefing related to the motion for sanctions, and thereby reasonably incurred expenses related to coordination and communication among counsel.[5] The travel expenses incurred by three defense counsel to attend the planning conference were well-founded.  In addition, as Judge Lungstrum recently found in awarding sanctions in a specific amount, "the attorneys' hourly rates are reasonable."[6]   Finally, the hours expended by counsel to attend the conference and to brief the motion for sanctions were reasonable.  Where counsel has sought fees for work beyond these two events, those requests are denied below.

Thus, the court awards reasonable attorney fees in the amount of **$3,060** and travel expenses in the amount of **$1,161** to the firm of Evans & Dixon, LLC, counsel for defendant Pagel Weikum, PLLP.[7]

---

[4] ECF No. 320 at 19-20 n.2.  The motion to vacate orders, including the order awarding sanctions, was denied by Judge Lungstrum on April 15, 2020.  ECF No. 335.

[5] *See* ECF No. 345 at 4 (order finding such coordination and communication reasonable).

[6] *Id.*

[7] *See* ECF Nos. 310, 310-1, and 310-2.

O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-308.docx

The court awards reasonable attorney fees in the amount of **$4,566** to the firm of Lind, Jensen, Sullivan & Peterson, P.A., counsel for defendants Daniel M. Homolka, P.A. and Yira Law Office, Ltd.[8]  That amount represents fees incurred for time spent attending the planning conference, and work related to briefing the motion for sanctions and the reply thereto.  This firm also sought fees for work performed before the February 11, 2020 conference and performed after the court's order granting sanctions (such as preparing the fee submission);[9] but the court expressly limited its award to fees incurred in attending the conference and drafting related to the sanctions motion.[10]  The court's award to this firm is limited accordingly.

The court awards reasonable attorney fees in the amount of **$1,440** to the firm of Taft Stettinius & Hollister, counsel for defendants Hovland and Rasmus, PLLC; Dewald Deaver, P.C., LLO; Patton, Hoversten & Berg, P.A.; and Wojtalewicz Law Firm, Ltd.[11]  That amount does not include fees requested for time spent preparing for the planning conference because such time was not included in the court's fee award.

The court awards reasonable attorney fees in the amount of **$4,278** and travel expenses in the amount of **$34** to the firm of Thompson, Coe, Cousins & Irons, L.L.P.,

---

[8] *See* ECF No. 309.

[9] This "overreaching" is the only objection plaintiffs raised to any fee submission. *See* ECF No. 320 at 19-20 n.2.

[10] ECF No 308 at 9-10 and n.30.

[11] *See* ECF No. 311.

O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-308.docx

counsel for defendants Watts Guerra, L.L.P. and Messrs. Watts and Guerra.[12]   The

attorney-fee award does not include fees requested for time spent preparing for the planning

conference or for worked performed after the court's order granting sanctions (such as

preparing the fee submission), as such time was not included in the court's fee award.

Similarly, that amount does not include expenses incurred as a result of the court's

cancellation of the February 25, 2020 scheduling conference, which also was not included

in the court's fee award.

Finally, the court awards reasonable attorney fees in the amount of **$2,926**, and

travel expenses in the amount of **$1,073** to the firm of Brown and James, P.C., counsel for

defendant Lowes Eklund Wakefield Co., LPA.[13]

IT IS THEREFORE ORDERED that plaintiffs are sanctioned in a total amount of

**$18,538**, as set forth herein.  Plaintiffs are ordered to pay the awards (and file with the court

a notice of compliance) by **May 11, 2020**, unless that obligation is expressly stayed by this

court or by the Tenth Circuit.  Failure to comply may result in further sanction.

Dated April 28, 2020, at Kansas City, Kansas.

 s/ James P. O'Hara

James P. O'Hara
U.S. Magistrate Judge

---

[12] *See* ECF No. 312.

[13] *See* ECF Nos. 313, 313-1, and 313-2.

O:\14-MD-2591-JWL, Syngenta\18-2408-JWL-308.docx