IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: SYNGENTA AG MIR 162          )          MDL No. 2591
CORN LITIGATION                     )
                                    )          Case No. 14-md-2591-JWL
This Document Relates To:           )
                                    )
*Kellogg, et al. v. Watts Guerra, LLP, et al.*,  )
No. 18-2408-JWL                     )
_____)

## **MEMORANDUM AND ORDER**

Plaintiffs and their counsel have repeatedly, obstinately refused to accept the Court's rulings or to comply with its orders, even after warnings that continued noncompliance could result in dismissal. Accordingly, the Court **dismisses** this action as a sanction for that noncompliance. Plaintiffs' objections (Doc. # 362) to the Magistrate Judge's Report and Recommendation in favor of dismissal are hereby **overruled**, the Report and Recommendation (Doc. # 357) is hereby adopted, and defendants' motion to dismiss (Doc. # 327) is hereby **granted**. Plaintiffs' motion for a stay or for other relief (Doc. # 363) is hereby **denied**.

## I.    **Background**

The failures by plaintiffs and their counsel, Mr. Nill, are well documented in the Court's prior orders. The Court summarizes the most pertinent rulings here.

On January 14, 2020, the Court denied plaintiffs' motion for a stay pending resolution of a soon-to-be-filed appeal to the Tenth Circuit. The Court ordered the parties to submit by January 17 their planning report pursuant to Fed. R. Civ. P. 26(f).

On January 16, 2020, plaintiffs filed a second interlocutory appeal in this matter, and plaintiffs refused to participate in any planning meeting based on their argument that the appeal divested this Court of jurisdiction. By Order of February 4, 2020, the Magistrate Judge granted defendants' motion to compel plaintiffs' participation. The Magistrate Judge rejected plaintiffs' jurisdictional argument, ordered the parties to hold their planning meeting on February 11, 2020 (a date for which both sides' counsel had indicated availability), and reset the court scheduling conference.

After plaintiffs' counsel failed to attend the ordered meeting, defendants moved for dismissal as a sanction, and by Order of March 3, 2020, the Magistrate Judge ruled that motion. The Magistrate Judge concluded that dismissal was not warranted at that juncture, but he awarded defendants attorney fees and costs as a sanction against plaintiffs for the failure of plaintiffs' counsel to participate in the court-ordered meeting. The Magistrate Judge found as a matter of undisputed fact that Mr. Nill had failed to respond to defense counsel's emails confirming the location of the meeting near Mr. Nill's office; had failed to attend the meeting; and had failed to respond to defense counsel's attempts to reach him during the scheduled meeting time. The Magistrate Judge again rejected plaintiffs' jurisdictional argument. He noted that plaintiffs had not sought reconsideration or review of his February 4 Order, but had instead "brazenly ignored the order and effectively stopped this case from proceeding toward resolution." The Magistrate Judge concluded that two of

the applicable *Ehrenhaus* factors did not weigh in favor of dismissal – the Court had not yet warned plaintiffs that dismissal would result from noncompliance, and the Magistrate Judge could not say with certainty that "a sanction short of dismissal would not spur plaintiffs to begin prosecuting this case in this court." The Magistrate Judge did warn plaintiffs as follows:

> The court takes the opportunity now to warn plaintiffs that **future noncompliance with court orders or continued refusal to move forward with this case (which has not been stayed by either this court or the Tenth Circuit) likely will result in dismissal**.

(Emphasis in original.) The Magistrate Judge awarded defendants their fees and costs incurred in attending the February 11 planning meeting and in filing their motion for sanctions, with the amounts to be determined by further briefing. The Magistrate Judge also ordered the parties to conduct a planning meeting by April 1 and to submit a completed report by April 8, while warning plaintiffs that if they again failed to attend the meeting or to participate in the submission of the report, he would recommend dismissal of the case.

By Memorandum and Order of April 15, 2020, the Court denied plaintiffs' motion for various relief. *See In re Syngenta AG MIR 162 Corn Litig. (Kellogg)*, 2020 WL 1873601 (D. Kan. Apr. 15, 2020) (Lungstrum, J.). It again rejected plaintiffs' jurisdictional argument, and it therefore denied plaintiffs' motion to vacate orders issued since the January 16 appeal. The Court overruled plaintiffs' objections to the Magistrate Judge's March 3 Order. In doing so, the Court noted that plaintiffs had not challenged any particular portion of that order, and it rejected plaintiffs' arguments that the Magistrate Judge lacked jurisdiction to act, was biased, or sought to punish plaintiffs for exercising

their right to appeal.  The Court denied plaintiffs' motion for recusal, which was based in part on an expert report, for the same reasons set forth in a prior order, by which the Court had denied an identical motion for recusal.  The Court also denied yet another motion for a stay pending the Tenth Circuit's resolution of plaintiffs' appeal and mandamus petitions.

Finally, the Court granted defendants' request for an award of attorney fees pursuant to 28 U.S.C. § 1927.  The Court concluded that plaintiffs' counsel, by filing the motion at issue, had unreasonably and vexatiously multiplied proceedings in the case, causing defendants to incur fees unnecessarily.  The Court noted that it had previously rejected the same arguments concerning jurisdiction, recusal, and a stay.  The Court noted in particular that plaintiffs had filed the same motion seeking recusal, based on the same expert report, without waiting for a ruling on their previous motion.  The Court noted that plaintiffs had made a new argument seeking review of the Magistrate Judge's March 3 Order, but it found that plaintiffs had not addressed the merits of that order, and it deemed plaintiffs' new accusation of bias to be frivolous.  The Court ordered further briefing on the amount of the fees to be awarded, while warning Mr. Nill that his response should address only that issue.

By Memorandum and Order of April 27, 2020, the Court awarded fees in favor of defendants against Mr. Nill in the total amount of $7,171.50.  *See Kellogg*, 2020 WL 1984264 (D. Kan. Apr. 27, 2020) (Lungstrum, J.).  The Court noted that, despite the Court's instruction, Mr. Nill did not address the requested fee amounts in his response, but instead challenged the basis for the sanctions (after having failed to address defendants' request for sanctions in briefing the pervious motion) and resurrected previously-rejected arguments concerning jurisdiction, recusal, and standing.  The Court stated:  "Thus, Mr.

4

Nill's latest brief (apparently unironically) illustrates perfectly how he has multiplied – and continues to multiply – proceedings in this case vexatiously and unreasonably." The Court ordered Mr. Nill to pay the attorney fee awards and file a notice of compliance by May 11, 2020 (unless the obligation be expressly stayed by this Court or the Tenth Circuit), and it warned Mr. Nill that failure to comply could result in further sanction.

By Order of April 28, 2020, the Magistrate Judge set the amount of his previously-ordered sanctions. He awarded fees in favor of defendants against plaintiffs in the total amount of $18,538.00; ordered that the fees be paid and a notice of compliance filed by May 11, 2020 (unless the order be stayed); and warned that the failure to comply could result in further sanction.

By Order of May 12, 2020, the Tenth Circuit dismissed plaintiffs' January 16 appeal, for the reasons that the case continued in the district court and thus was not final, and that under "clear" caselaw of the Tenth Circuit, an order denying a motion for recusal is not final and thus not immediately appealable. The Tenth Circuit concluded by citing Section 1927 and stating that plaintiffs' counsel "is cautioned to carefully reflect on the legitimacy of any future actions brought in [that] court."[1]

Neither plaintiffs nor Mr. Nill filed the required notice of compliance with the fee award orders. On May 13, 2020, the Court ordered plaintiffs and Mr. Nill to show cause why the case should not be dismissed as a sanction.

---

[1] In addition, by Order of June 1, 2020, the Tenth Circuit denied plaintiffs' three pending mandamus petitions. Plaintiffs have conceded that the filing of such petitions do not affect a district court's jurisdiction.

Also on May 13, 2020, the Magistrate Judge issued a Report and Recommendation by which he recommended the dismissal of the case as a sanction for the continued failure to comply with court orders by plaintiffs and their counsel. The Magistrate Judge found that plaintiffs had continued to defy the Court's orders and had refused to prosecute the case meaningfully since the Magistrate Judge's March 3 Order. The Magistrate Judge found that although Mr. Nill called into the April 1 planning meeting, he did so with no intent to develop a discovery plan pursuant to Rule 26(f), as evidenced by Mr. Nill's statements to opposing counsel before and after the call and his subsequent statements in plaintiffs' written report to the Court. The Magistrate Judge also found that plaintiffs had not worked with defendants to submit a joint planning report, but had instead submitted their own report that failed to address the required subjects. The Magistrate Judge further noted that plaintiffs had not paid the attorney fee awards as ordered by the Court. The Magistrate Judge then concluded that all five *Ehrenhaus* factors weighed in favor of dismissal. With respect to the fifth factor, the Magistrate Judge concluded that, in light of the misconduct leading up to the March 3 Order and plaintiffs' failure to change their conduct in response to the order, plaintiffs had made clear that "they will neither recognize this court's jurisdiction nor prosecute this case at this time."

On May 27, 2020, plaintiffs filed a response to the show cause order and objections to the Magistrate Judge's Report and Recommendation. In that response, plaintiffs also requested that the Court vacate the monetary sanction orders; vacate all orders during the pendency of their appeal between January 16 and May 12, 2020; stay proceedings pending the Tenth Circuit's decisions on plaintiffs' mandamus petitions; and suggest remand to the

MDL transferor court.  Plaintiffs also filed a separate motion for a stay or, alternatively, requesting that orders be vacated and remand be suggested.  Defendants filed a brief in response, and plaintiffs filed a brief in reply.  The matter is now ripe for ruling.

## II.   **Analysis**

### A.   *Applicable Standards*

Because plaintiffs[2] have objected to the Magistrate Judge's Report and Recommendation, the Court determines all issues *de novo*.  *See* Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge sanctioned plaintiffs and awarded attorney fees to defendants pursuant to Fed. R. Civ. P. 37(b).  That rule provides that if a party fails to comply with an order relating to discovery, the court may issue further just orders, including an order dismissing the action.  *See id.*  The rule also provides that the court "must" order the disobedient party to pay reasonable expenses (including attorney fees) caused by the failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  *See id.*

The undersigned sanctioned Mr. Nill pursuant to 28 U.S.C. § 1927.  That statute provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  *See id.*

---

[2] The Court refers to plaintiffs and Mr. Nill collectively as "plaintiffs".

7

In addition, Fed. R. Civ. P. 16(f)(1) provides that a court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney fails to obey a scheduling or other pretrial order. *See id.* Fed. R. Civ. P. 41(b) provides that a defendant may move for dismissal of the action if the plaintiff refuses to prosecute or to comply with the rules or a court order. *See id.*

Dismissal "represents an extreme sanction appropriate only in cases of willful misconduct," and it should be used only as a last resort when a lesser sanction will not deter future misconduct. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The Tenth Circuit set forth has the following non-exhaustive list of factors (the *Ehrenhaus* factors) to be considered in determining whether an action should be dismissed for failure to comply with court orders: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1140-41 (10th Cir. 2007) (citing *Ehrenhaus*, 965 F.2d at 921). "[D]ismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *See id.* at 1141 (internal quotations omitted) (quoting *Ehrenhaus*, 965 F.2d at 921).

Plaintiffs cite *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958), for the position that a case may not be dismissed because of the pursuit of a legal strategy in good faith. That case contains no such holding, however. In *Rogers*, the Supreme Court held that dismissal under Fed. R.

8

Civ. P. 37(b) for failure to comply with a court order (to produce certain documents) was not permitted in that case because the failure to comply was "due to inability, not to willfulness, bad faith, or any fault of [the plaintiff]." *See id.* at 212.  The Court noted that the failure was not a result of the plaintiff's own conduct or circumstances within its control, but resulted from an inability to comply without violating Swiss law.  *See id.* at 211.  This holding would not prohibit dismissal in this case, as plaintiffs were not prevented from complying with this Court's orders by circumstances outside their control; rather, they (and their counsel) chose not to comply.  Plaintiffs' insistence that their decision was part of a good-faith legal strategy does not alter that conclusion.

B.  *Plaintiffs' Arguments Against the Underlying Sanctions and Orders*

Plaintiffs argue that the case should not be dismissed on the basis of noncompliance with orders because those underlying orders, including the prior sanction orders, were improper.  For their primary argument, plaintiffs repeat their oft-rejected claim that this Court lost jurisdiction to act when plaintiffs filed their appeal to the Tenth Circuit on January 16, 2020.  Included within that claim is the argument that this Court could not retain jurisdiction during the appeal without an initial finding that the appeal was frivolous after a *McCauley* hearing.  Plaintiffs also argue that, whatever the eventual merits of that jurisdictional claim, the claim was substantially justified, and plaintiffs should not be sanctioned for zealously pursuing such a claim.

The Court rejects this argument.  As it has ruled over and over, under clear Tenth Circuit law the Court did not automatically lose jurisdiction when plaintiffs attempted to appeal a non-final order.  No applicable authority required the Court to conduct a hearing

9

in this case to retain jurisdiction. Plaintiffs' position was not substantially justified given the clear Tenth Circuit precedent governing these issues.

First, plaintiffs had no right to an interlocutory appeal from a non-final order in this case. As conceded in their reply brief, plaintiffs filed its January 2020 appeal to challenge this Court's denial of plaintiffs' motion for recusal. The Tenth Circuit, however, has stated unequivocally that "[a]n order denying a motion to recuse or disqualify a judge is interlocutory, not final, and is not immediately appealable." *See In re American Ready Mix, Inc.*, 14 F.3d 1497, 1499 (10th Cir. 1994). Indeed, the Tenth Circuit had already dismissed plaintiffs' earlier appeal in this case on the ground that plaintiffs had not established that the challenged decisions were final or immediately appealable.[3]

Moreover, under Tenth Circuit precedent, the filing of a notice of appeal does not necessarily divest the district court of jurisdiction; if the notice is deficient, including because it references a non-appealable order, the district court may ignore it and proceed with the case. *See Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976). Plaintiffs, as they have all along, rely solely on the general rule that an appeal divests the district court of jurisdiction; they refuse to recognize or address, however, this exception for an appeal from a non-appealable order.

Plaintiffs argue again that this Court could not retain jurisdiction during the pendency of their appeal because the Court failed to conduct a hearing pursuant to

---

[3] Plaintiffs argue that the Tenth Circuit's order of dismissal in December 2019 was an unpublished, non-precedential order that did not address the underlying merits of the appeal. Nevertheless, the order made clear the Tenth Circuit's view in this case that only a final order would be appealable.

*McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158 (10th Cir. 2005), to determine whether the appeal was frivolous.  The Court rejected this argument in its April 15 Memorandum and Order, noting that *McCauley* involved an interlocutory appeal authorized by a particular statute.  *See Kellogg*, 2020 WL 1873601, at *1 n.1.  In its April 27 Memorandum and Order, the Court again rejected this argument, noting that plaintiffs had failed to address the Court's prior reasoning.  *See Kellogg*, 2020 WL 1984264, at *2. Yet again, plaintiffs have made this argument without addressing the Court's reasons for previously rejecting this argument.  Even in their reply brief here, plaintiffs have refused to address defendants' argument that plaintiffs' cited cases do not apply here because they involved permissible interlocutory appeals.

The Court again rejects this argument, for the reasons argued by defendants.  As noted above, *McCauley* involved an appeal under the Arbitration Act, which permits certain interlocutory appeals.  *See McCauley*, 413 F.3d at 1159 (citing 9 U.S.C. § 16(a)(1)(C)).  In *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990), the court held that an interlocutory appeal from the denial of summary judgment based on qualified immunity divested the district court of jurisdiction, in light of the Supreme Court's authorization of interlocutory appeals from such orders.  *See id.* at 574-75 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).  Plaintiffs' other cases similarly involved appeals from rulings involving qualified immunity.  *See Martinez v. Mares*, 2014 WL 12650970, at *1-2 (D.N.M. Sept. 22, 2014); *Howards v. Reichle*, 2009 WL 2338086, at *1-2 (D. Colo. July 28, 2009).  Plaintiffs have not cited any authority to support the argument that a hearing is

required before the Court may proceed in the face a deficient appeal from a non-appealable order.

Thus, because plaintiffs appealed a non-appealable order, this Court did not lose jurisdiction, and there is no cause to vacate the Court's prior orders on that basis. No Tenth Circuit authority required an initial hearing or determination of frivolousness. Because Tenth Circuit law was clear on these points, plaintiffs' refusal to recognize this Court's jurisdiction and their refusal to comply with the Court's orders were not substantially justified. Plaintiffs were free to challenge the Court's jurisdiction, but once the Court ruled on that issue, plaintiffs were obligated to prosecute the case and to comply with the Court's orders. Plaintiffs could – and did – challenge the Court's ruling by way of a mandamus petition, but plaintiffs concede that such a petition does not affect the district court's jurisdiction (and the Tenth Circuit has now denied plaintiffs' petitions).

Plaintiffs also argue that the Magistrate Judge's March 3 sanction was not justified. Again, however, the Magistrate Judge did not lack jurisdiction to act. Plaintiffs also repeat their argument for the Court's recusal, but those merits are not relevant to this issue – the Court rejected that argument, and plaintiffs were ordered to proceed. Notably, plaintiffs have not offered any argument why their violation of the February 4 Order and their refusal to attend the February 11 planning meeting – including the refusal even to answer emails or take calls concerning the meeting – was excusable or did not warrant sanctions.

Plaintiffs also challenge this Court's award of fees pursuant to Section 1927. Plaintiffs argue that attorney fees may be awarded as a sanction under Section 1927 or under the inherent power of the court only for conduct in bad faith. The cases cited by

plaintiffs, however, do not support such a limitation. Plaintiffs cite *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), in which the Supreme Court addressed courts' inherent power to award attorney fees as a sanction. *See id.* In this case, the Court awarded sanctions pursuant to Section 1927, without invoking its inherent power; thus, *Chambers* is not directly applicable. Moreover, the Supreme Court stated that a court may assess attorney fees as a sanction for the willful disobedience of a court order; or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, including when the party has shown bad faith by delaying or disrupting the litigation. *See id.* at 45. Plaintiffs also cite various Tenth Circuit cases involving awards under Section 1927, including *Baca v. Berry*, 806 F.3d 1262 (10th Cir. 2015). In *Baca*, the Tenth Circuit stated that although a court should guard against dampening the legitimate zeal of an attorney in representing a client, the court need not find that an attorney acted in bad faith. *See id.* at 1268. Rather, any conduct that "manifests either intentional or reckless disregard of the attorney's duties to the court is sanctionable." *See id.* (internal quotation omitted).

Plaintiffs argue that their conduct in filing the underlying motion was not vexatious and unreasonable. They argue that they first had to raise issues in this Court, including their objections to the Magistrate Judge's March 3 Order, before such issues could be raised on appeal. As the Court ruled in its April 15 Order, however, plaintiffs failed to address the merits of the March 3 Order and made a frivolous argument based on bias. In addition, plaintiffs in that motion resurrected several arguments that the Court had already rejected multiple times – including the same argument for recusal, based on the same expert report, that was already pending before the Court in a prior motion. Plaintiffs have not offered

13

any justification for raising the same arguments again and again, or for refusing to wait for a ruling before filing the same motion.

Plaintiffs also offer excuses for the instances of misconduct cited by the Magistrate Judge that occurred after the issuance of the March 3 Order.  Plaintiffs challenge the Magistrate Judge's finding that they failed to participate in the April 1 planning meeting call.  Plaintiffs argue that they did participate in good faith, although they disagreed with defense counsel concerning the need for class discovery and discovery on fraud-related issues.  As the Magistrate Judge pointed out, however, plaintiffs made clear to defense counsel and to the Court, before and after the call, that their participation in the planning meeting was *pro forma* at best.  Specifically, in their unilateral report to the Court and in a post-meeting letter to defense counsel, plaintiffs' counsel stated that he had been clear, at the outset of the meeting, that plaintiffs were "unwilling to proceed with discovery and pretrial proceedings while awaiting a disposition" of plaintiffs' appeal and mandamus petitions.  Moreover, as the Magistrate Judge pointed out, plaintiffs did not attempt to submit a joint report as orderd, and their own report did not address all of the required issues.  In that report, plaintiffs repeated their claims that the Court lacked jurisdiction, was conflicted, and was biased, and they offered no hint that they intended to participate in discovery going forward until the Tenth Circuit had ruled.  For these reasons, the Court concludes that plaintiffs and their counsel did willfully refuse to comply with the Court's March 3 Order requiring participation in the planning meeting and the submission of the planning report, and that such noncompliance was not justified.

Finally, plaintiffs and Mr. Nill failed to comply with the Court's orders to pay certain attorney fee awards by a certain date. With respect to that failure, plaintiffs argue only that the Court could have stayed that requirement until the conclusion of the litigation and allowed plaintiffs to post a bond instead. Plaintiffs did not seek any such stay, however, either from this Court or from the Tenth Circuit. Plaintiffs were explicitly warned that in the absence of such a stay, the failure to comply could result in further sanction. Despite that warning, plaintiffs elected simply to ignore the Court's orders. Such willful noncompliance provides another basis for the sanction of dismissal.

### C.    *Consideration of the* Ehrenhaus *Factors*

The Court proceeds to a consideration of the *Ehrenhaus* factors. The Court concludes that all five factors weigh in favor of dismissal in this case.

First, defendants have suffered prejudice from plaintiffs' noncompliance. This case has been pending in this Court for almost two years, and yet no scheduling conference has been conducted and discovery has not commenced. Defendants have the right to have this case proceed, and plaintiffs' refusal to accept the jurisdiction of the Court or to participate in the discovery process has delayed the prosecution of the case. Throughout this case, defendants have been forced to incur attorney fees to address the same meritless arguments made by plaintiffs and their counsel. Indeed, plaintiffs' failure to pay the fee awards causes prejudice in a direct and tangible way, as defendants must otherwise pay those fees that were incurred unnecessarily.

Plaintiffs argue that these defendants who committed the underlying torts and who have misled this Court should not be deemed to have suffered prejudice, but the underlying

merits of the case are not relevant to this consideration. Whatever those merits, defendants have suffered prejudice from plaintiffs' violations.[4] Plaintiffs also argue that a four-month delay during the pendency of plaintiffs' appeal is not sufficiently prejudicial, but the Court disagrees. Plaintiffs' lack of respect for the rulings of this Court and their excessive briefing practice has gone on much longer; as the Court noted in its prior order, the recent conduct by plaintiffs and their attorney was merely the culmination of a pattern of behavior. Plaintiffs have not explained how defendants suffered no prejudice in having to respond to arguments repeatedly or in having shown up at a court-ordered meeting that plaintiffs chose not to attend.

Second, by their conduct, plaintiffs and their counsel have continually interfered with the judicial process. Plaintiffs have not argued that this factor does not weigh in favor of dismissal. The Magistrate Judge has had to cancel and reschedule the scheduling conference more than once because of plaintiffs' failure to participate meaningfully in a planning meeting. The Court has had to address the same arguments on multiple occasions. Moreover, plaintiffs' undisguised lack of respect and even contempt for the rulings and authority of this Court, evident in plaintiffs' claims and briefing since they first received adverse rulings from the Court – undermines the Court's ability to preside over the case.

Third, the culpability of plaintiffs and their counsel weighs in favor of dismissal. As discussed above, plaintiffs' primary argument, that the Court lacked jurisdiction, had

---

[4] Moreover, plaintiffs' insistence that defendants were not merely incorrect in their jurisdictional arguments, but that they "misrepresented" the governing law to the Court, is beyond the pale, in light of the clear law favoring defendants' position.

no reasonable basis in the law.  Plaintiffs' counsel insists that he participated in the April 1 planning conference in good faith, but he conceded by his written statements that plaintiffs had no intention of engaging in discovery as ordered.  Not only did plaintiffs repeat the same unsuccessful arguments in multiple briefs, they did so seemingly by cutting-and-pasting from previous briefs, without bothering to address the Court's reasoning or defendants' arguments.  Plaintiffs' counsel repeatedly refused to limit his arguments as instructed, even while arguing that he had not vexatiously multiplied proceedings.  On one occasion, plaintiffs filed a motion while an identical motion, seeking the same relief and based on the same expert report, was already pending before the Court. Plaintiffs have continually refused to accept adverse rulings by the Court, while accusing the Court of actual bias and breaches of duty.  Not only did plaintiffs' counsel fail to attend, the original planning meeting; he refused to answer an email confirmation of the meeting place, and he refused to answer calls at the time of the meeting.  Finally, plaintiffs simply refused to pay sanctions as ordered, without seeking a stay or offering any excuse for not complying.   This conduct goes far beyond a case of zealous, though ultimately unsuccessful, advocacy.  Plaintiffs by this conduct have displayed a willful refusal to abide by the Court's orders, based on (at best) a reckless disregard of the law concerning jurisdiction.

Fourth, plaintiffs were explicitly warned in the March 3 Order that future noncompliance would likely result in dismissal.  Plaintiffs were similarly warned in the

orders imposing the monetary sanctions that the failure to pay those sanctions could result in further sanction.  Thus, this factor weighs in favor of dismissal here.[5]

Fifth, plaintiffs' recalcitrance demonstrates that a lesser sanction would not be sufficient to provoke future compliance.  The Magistrate Judge declined to recommend dismissal on March 3 only because plaintiffs had not been explicitly threatened with dismissal and he could not be certain that a lesser sanction would not work.  Despite that close call and the Magistrate Judge's explicit warning, plaintiffs again defied the Court's order to participate meaningfully in a planning meeting, while clinging to their meritless and rejected jurisdictional argument.  Plaintiffs then refused to pay sanctions as ordered. Plaintiffs have not shown any remorse for their noncompliance; nor have plaintiffs or their counsel promised compliance in the future.  They have not even indicated that they will pay the ordered sanctions in the future.  Plaintiffs are not guilty of an isolated misguided act; as noted, plaintiffs and their counsel have exhibited a pattern of willful behavior.

Plaintiffs only argue that the Court should impose the lesser "sanction" of staying the case to allow the Tenth Circuit to address their mandamus petitions (which have now been denied) – the very relief plaintiffs have been seeking for some time.  Of course, that request demonstrates the problem here – plaintiffs all along have believed that this Court should not act at all while there were issues before the Tenth Circuit.  This Court did not

---

[5] Although plaintiffs have not addressed this factor directly, they state in their brief that the fifth factor is "[t]he only conceivable *Ehrenhaus* factor that may apply here." Plaintiffs refusal to concede the fourth factor's applicability, given the Court's express warnings, is indicative of the attitude of plaintiffs' counsel and his lack of respect for this Court.

lose jurisdiction, however, and plaintiffs and their counsel are not entitled simply to choose whether to obey an order of this Court.

Although the Court would always prefer to have a case decided on its merits, the conduct of a party and its attorney may prevent such consideration, as the Tenth Circuit has recognized. All of the *Ehrenhaus* factors weigh in favor of dismissal as a sanction in this case. Plaintiffs have shown unequivocally that warnings and monetary sanctions are not sufficient to induce their compliance. Thus, this is the time of last resort. The Court hereby dismisses this action with prejudice.[6]

IT IS THEREFORE ORDERED BY THE COURT THAT this action is hereby **dismissed**. Plaintiffs' objections (Doc. # 362) to the Magistrate Judge's Report and Recommendation in favor of dismissal are hereby **overruled**, the Report and Recommendation (Doc. # 357) is hereby adopted, and defendants' motion to dismiss (Doc. # 327) is hereby **granted**.

IT IS FURTHER ORDERED BY THE COURT THAT plaintiffs' motion for a stay or for other relief (Doc. # 363) is hereby **denied**.

---

[6] Because the Tenth Circuit has dismissed plaintiffs' latest appeal and denied their petitions for mandamus, plaintiffs' motion for a stay is denied as moot. For the reasons set forth herein, the Court denies plaintiffs' alternative request that the Court's prior orders be vacated. In light of the dismissal of this action, plaintiffs' alternative request for a suggestion of remand is denied as moot.

19

IT IS SO ORDERED.

Dated this 28th day of July, 2020, in Kansas City, Kansas.

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge