IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: SYNGENTA AG MIR 162          )          MDL No. 2591
CORN LITIGATION                     )
                                    )          Case No. 14-md-2591-JWL
This Document Relates To:           )
                                    )
*Heartland Corn Products v. Syngenta*   )
*Seeds, LLC, et al.*, No. 20-2168-JWL   )
_____)

## **MEMORANDUM AND ORDER**

In this multi-district litigation (MDL), plaintiff Heartland Corn Products ("Heartland") has brought a case against defendant Syngenta.[1]  That single case presently comes before the Court on Syngenta's partial motion to dismiss plaintiff's complaint (Doc. # 27).  For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to Heartland's claims for damages from Syngenta's commercialization of Viptera; those claims are hereby dismissed as time-barred.  The motion is further granted with respect to Heartland's claims to the extent they are based on alleged misrepresentations.  The motion is denied with respect to any additional basis that Syngenta asserts solely for appeal purposes.

---

[1] As it has throughout the litigation of this MDL, the Court refers to defendants collectively as "Syngenta".

## I.      **Background**

In this MDL, corn farmers and others in the industry asserted claims against Syngenta based on the allegation that Syngenta improperly commercialized genetically-modified corn seed products called Viptera and Duracade before genetic traits in those products were approved for import into China, with the result that China rejected corn shipments and corn prices fell in the United States.  A global settlement of most claims was reached, which the Court approved.  Heartland, however, opted out of the settlement, and on November 15, 2019, it filed suit against Syngenta in Minnesota state court. Syngenta removed the case to federal court, and the case was then transferred into this MDL.

By its complaint, Heartland, in a single count, alleges that Syngenta was negligent (and grossly negligent) in its commercialization of Viptera and Duracade.  Heartland alleges that it owns and operates a Minnesota biorefinery that produces ethanol from corn through a process that also produces distillers grains known as DDGS.  Heartland sells those DDGS within the United States.  Heartland alleges that Syngenta's negligence has caused it financial harm, including from diminished prices for DDGS after the loss of the Chinese market; and property damage through the physical contamination of Heartland's land, facilities, and equipment.

## II.      **Statute of Limitations for Viptera-Based Claims**

Syngenta argues that Heartland's claim is time-barred to the extent Heartland seeks to recover for Syngenta's commercialization of Viptera.  The parties agree that the

timeliness of this suit is governed by Minnesota's six-year statute of limitations, Minn. Stat. § 541.05.[2]  Under Minnesota law, "the statute begins to run when the cause of action accrues, that is, when the plaintiff can allege sufficient facts to survive a motion to dismiss for failure to state a claim upon which relief can be granted."  *See Antone v. Mirviss*, 720 N.W.2d 331, 335 (Minn. 2006).  Minnesota has rejected the "occurrence" rule and the "discovery" rule, and it has instead taken the middle ground by adopting the "damage" accrual rule, "under which the cause of action accrues and the statute of limitations begins to run when some damage has occurred as a result of the alleged [tort]."  *See id.* at 335-36 (internal quotations omitted).  "Some damage" for purposes of triggering the limitations period includes any compensable damage, whether or not specifically identified in the complaint, whether or not the plaintiff seeks to recover for that damage, and whether or not the plaintiff knew of the damage.  *See id.* at 336-37.  The parties agree that the present case is subject to the "some damage" standard of accrual.

Syngenta argues that Heartland's claim of damage from the commercialization of Viptera accrued in late 2010, when that commercialization began, or at least in Spring 2011, when Viptera was first planted in the United States.  Syngenta notes Heartland's allegations that the domestic supply of corn and DDGS was contaminated by Syngenta's sales of Viptera, including through cross-pollination that Syngenta allegedly knew would occur.

---

[2] The parties agree that this action is governed by the substantive and limitations law of Minnesota, where Heartland is located.

In response, Heartland argues that it did not suffer damage until 2014, when the domestic market for DDGS was affected, or at the earliest in December 2013, when DDGS shipments were rejected in China. Use of those dates, within six years of this suit's filing, would make the claim timely.

The Court agrees that Heartland has not alleged a *financial* injury that occurred until December 2013 at the earliest. As Syngenta notes, however – and as Heartland states multiple times in its response brief – Heartland has also alleged physical damage through contamination of its land, facilities, and equipment.[3] As Syngenta argues, any such contamination began at the time of the first plantings in early 2011, and under Heartland's theory of contamination of the domestic corn and DDGS supply through cross-pollination, the effects would reasonably have reached Heartland by the end of three seasons of crops in 2013. Even though Syngenta raised this issue and referenced Heartland's allegation of damage from physical contamination, Heartland has not addressed this form of alleged damages in its brief, and thus Heartland has not offered any explanation how its alleged physical harm was not incurred before November 2013.

By its complaint, Heartland concedes that its damages from Syngenta's allegedly wrongful act – the commercialization of Viptera – would have included physical harm from contamination, and Heartland has not shown that under its theory of liability such damage would not have occurred until after November 15, 2013. Accordingly, Heartland's claim did not accrue within six years of the date of this suit's commencement.

---

[3] Syngenta posits that Heartland has alleged physical damage so that its claim may fall within an exception to the economic loss doctrine.

Heartland's claim is therefore time-barred unless the statute of limitations was tolled for some reason. The only basis for tolling argued by Heartland (in approximately one page of its brief) is what Heartland calls the Continuing Tort Doctrine, which according to Heartland, "restarts the statute of limitations period each time the defendant commits an overt act."[4] In support of that doctrine, Heartland cites only two cases: *In re Pre-Filled Propane Tank Antitrust Litigation*, 860 F.3d 1059 (8th Cir. 2017); and *Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997). In *Pre-Filled Propane Tank*, the Eighth Circuit discussed the plaintiff's allegation of "a continuing violation – an exception to the general rule – which restarts the statute of limitations period each time the defendant commits an overt act." *See* 860 F.3d at 1063. The court noted that such an overt act must be a new and independent act that is not merely a reaffirmation of a previous act and that inflicts new and accumulating injury on the plaintiff. *See id.* The court applied the definition of a continuing violation set forth by the Supreme Court in *Klehr*, by which "each overt act that is part of the violation and that injures the plaintiff, *e.g.*, each sale to the plaintiff, starts the statutory period running again, regardless of the plaintiff's knowledge of the alleged illegality at much earlier times." *See id.* at 1064 (quoting *Klehr*, 521 U.S. at 189) (internal quotations omitted). Based on that exception as set forth in *Pre-Filled Propane Tank* and *Klehr*, Heartland argues that each sale of Viptera by Syngenta was an overt act that restarted the limitations period, as was Syngenta's subsequent commercialization of Duracade.

---

[4] Heartland expressly disclaims any reliance on *American Pipe* tolling.

The Court rejects application of this theory in this case, as Heartland has not provided any authority to support its application to limitations periods under Minnesota law. *Pre-Filled Propane Tank* involved a federal antitrust claim, and it applied the Supreme Court's description in *Klehr* (which involved a federal RICO claim) of a principle of antitrust law. *See id.* (quoting *Klehr*, 521 U.S. at 189). In neither case cited by Heartland did the court apply or discuss a Minnesota limitations period or Minnesota limitations law. The present case does not include an antitrust claim. Heartland has not cited any case in which this "overt act" exception has been applied under Minnesota law or even outside of the antitrust context. Nor has Heartland explained how the exception is aptly applied in non-antitrust cases. The present case does not involve a series of sales to the plaintiff with each sale constituting a violation. Thus, this exception found in antitrust law does not provide a basis for tolling in the present case under Minnesota law.

Heartland has not identified any other possible basis for tolling here.[5] In the absence of such a basis, the Court concludes that Heartland's claim is not timely under applicable Minnesota law to the extent based on Syngenta's commercialization of Viptera. Syngenta's motion is granted in that respect.[6]

---

[5] Heartland has not responded to Syngenta's preemptive argument that the continuing course of conduct doctrine, which Minnesota courts have recognized in a limited fashion as a tolling doctrine, does not apply here.

[6] This ruling does not affect Heartland's claim to the extent based on Syngenta's commercialization of Duracade.

III.   <u>**Negligence Claims Based on Misrepresentations**</u>

Syngenta also seeks dismissal of Heartland's negligence claim to the extent the claim is based on alleged misrepresentations.  Syngenta notes that Heartland has alleged, for instance, that Syngenta made misrepresentations concerning the status of its deregulation petition.  By its complaint, Heartland has asserted only a single count of negligence, and Syngenta argues that Heartland has not properly pleaded any claim for intentional or negligent misrepresentation.

In the MDL's class action case, the Court accepted this same argument and granted summary judgment in Syngenta's favor on the class plaintiffs' negligence claim to the extent based on an alleged misrepresentation.  *See In re Syngenta AG MIR 162 Corn Litig.*, 249 F. Supp. 3d 1224, 1231-32 (D. Kan. 2017) (Lungstrum, J.).  In rejecting the plaintiffs' argument that misrepresentations were part of the totality of Syngenta's conduct that was allegedly unreasonable, the Court ruled as follows:

> The Court rejects this argument by plaintiffs.  The law sets forth certain requirements for liability based on negligence with respect to representations, and plaintiffs may not circumvent those requirements by basing an ordinary negligence claim on alleged misrepresentations.  *See Rodriguez v. ECRI Shared Servs.*, 984 F. Supp. 1363, 1368 (D. Kan. 1997) (plaintiff could not base negligence claim on statements to a third party; "to hold otherwise would allow plaintiff to circumvent the more stringent requirements of the torts of defamation, negligent misrepresentation, and tortious interference").  Plaintiffs cannot avoid that result by alleging that additional conduct was also negligent, as any liability would then improperly be based, at least in part, on alleged misrepresentations, without plaintiffs' having satisfied the requirements for the applicable tort.  Thus, the Court rules that alleged misrepresentations cannot be part of the conduct the reasonableness of which the jury determines.  Accordingly, Syngenta is awarded summary judgment on any claims of negligence based in whole or in part on any alleged misrepresentation, including any misrepresentation made in the deregulation petition or the *Bunge* suit.

7

*See id.*

The same result is warranted here.  In its response to Syngenta's motion, Heartland argues that it has adequately pleaded a negligence claim under Minnesota, but it "agrees . . . that it has not [pleaded] a misrepresentation claim."[7]  Accordingly, the Court grants this portion of the motion, and it dismisses any negligence claim asserted by Heartland based in whole or in part on any alleged misrepresentation.[8]

## IV.   Additional Issues Raised for Appeal Purposes

In a footnote in its supporting brief, Syngenta states that it "preserves all of its prior arguments for dismissal," including certain enumerated defenses, but that it "does not repeat those arguments that the Court has already rejected and instead incorporates them by reference solely for appellate preservation purposes."  Because Syngenta has not offered any new argument on any such additional basis for dismissal, or explained how the Court erred in any prior ruling, the Court denies the motion to the extent based on any additional basis.

---

[7] At the same time, Heartland argues that a similar ruling by a Minnesota state court in related litigation should not apply here because that case involved only claims of economic loss while Heartland also alleges damage to its property.  Heartland has not attempted to explain, however, how this Court's prior reasoning (set forth above) depends on the type of damage alleged or why the Court should not make the same ruling in this case.

[8] In its prior ruling, the Court noted that it was not making any ruling concerning the admissibility of any evidence.  *See id.* at 1232.  Similarly, the Court does not address whether evidence of any misrepresentation would be admissible for some purpose in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT Syngenta's partial motion to dismiss plaintiff's complaint (Doc. # 27) is hereby **granted in part and denied in part**. The motion is granted with respect to Heartland's claims for damages from Syngenta's commercialization of Viptera; those claims are hereby dismissed as time-barred. The motion is further granted with respect to Heartland's claims to the extent they are based on alleged misrepresentations. The motion is denied with respect to any additional basis that Syngenta asserts solely for appeal purposes.

IT IS SO ORDERED.

Dated this 18th day of September, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge