IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 ) <br> CORN LITIGATION, ) <br> ) <br> This Document Relates to All Cases <u>Except</u>: ) <br> ) <br>    *Trans Coastal Supply Co., Inc. v.* ) <br>    *Syngenta AG, et al.*, No. 14-2637 ) <br> ) <br>    *The Delong Co., Inc. v. Syngenta AG,* ) <br>    *et al.*, No. 17-2614 ) <br> ) <br>    *Heartland Corn Prods. v. Syngenta* ) <br>    *Seeds, LLC, et al.*, No. 20-2168 ) <br> ) <br> _____) | MDL No. 2591 <br><br> Case No. 14-md-2591-JWL |

## **MEMORANDUM AND ORDER**

This matter arising from multi-district litigation (MDL) comes before the Court on the motion by Shields Law Group, LLC ("SLG") for leave to supplement its IRPA application (Doc. # 4438). For the reasons set forth below, the motion is **denied**.

By Memorandum and Order of December 31, 2018, the Court made an initial allocation of the total attorney fees that it had previously awarded from the total settlement amount in this litigation. *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6839380 (D. Kan. Dec. 31, 2018) (Lungstrum, J.). The Court allocated a portion of the total fee award to a pool for individually-retained private attorneys (IRPAs), who would share that portion *pro rata* based on the ultimate recoveries by their claimant clients. *See id.* Specifically, the Court ordered as follows:

> Accordingly, any attorney who represented a settlement class claimant with respect to the claims covered by this settlement, prior to preliminary approval of the settlement, and who is not included in any fee or expense application previously submitted, may file in this Court, on or before **January 18, [2019]**, a petition for an award from the IRPA pool or for an award of expenses. The petition should include a list of all claimants represented by that attorney. . . . The applicant must also comply with any requirement of the special master (such as the requirement that a retainer agreement be provided) relating to claims from the IRPA pool or claims for expenses.

*See id.* at *11. On January 4, 2019, the Court issued another order in which it set forth requirements for all IRPA applications (whether or not the IRPA had already submitted an attorney fee application in accordance with a previous deadline). The Court required each attorney seeking an IRPA award to file a petition by January 18, 2019, that included "a list of all claimants represented by that attorney and confirmation that the attorney has submitted to the Claims Administrator the IRPA pool information required." The Court further required each applicant to submit to the claims administrator (a) a spreadsheet listing each claimant represented by that attorney applicant and the claimant's identification number issued by the administrator (or if not known, the claimant's Social Security Number (SSN) or Tax Identification Number (TIN)); and (b) a copy of each claimant's retainer agreement or power of attorney.

SLG filed an IRPA application at the January 2019 deadline and made corresponding submissions to the claims administrator. In that application, SLG listed 2,657 clients along with their claim identification numbers as listed in SLG's portal on the administrator's submission website. Those claimants appeared in SLG's portal because they had listed SLG as their attorney in the litigation. SLG also listed 68 additional clients

2

without their claim numbers – presumably because they were not listed in SLG's portal at the time – although SLG instead provided their TINs in accordance with the Court's order.[1] Thus it appears that SLG understood at that time that at least some of its clients were absent from the portal because they had filed claims without listing SLG as their attorney. Indeed, SLG concedes that after it filed its initial application, it occasionally learned that a client-claimant had not listed SLG and thus was missing from the portal.

SLG now requests leave to add 96 such clients to its IRPA application. SLG asserts that all of those clients have successfully submitted claims and have now identified SLG as their attorney, either through a change-of-representation form or in an amended claim, and that all are now listed in SLG's portal (with the result that SLG has received copies of those clients' claim determinations). SLG argues that it did not know about these client-claimants at the time of its IRPA application in January 2019 because they were not listed in SLG's portal at that time (because they had not yet identified SLG as their attorney). SLG states that in January 2020, "suspecting" that some claim numbers had been added to SLG's portal after the IRPA application deadline, it asked the administrator to run a comparison between its application and the claim numbers listed on notices of determination issued for SLG's clients. The administrator responded that in light of the January 2019 deadline, it was unable to provide a list of clients for whom SLG had failed to submit a retainer agreement as part of its IRPA application, and that only the Court could grant an extension to allow a late addition to the application. Despite that response, SLG

---

[1] SLG states in its motion that it had the SSN or TIN for almost 100 percent of its clients, as such information was required for those clients' plaintiff fact sheets (PFSs).

did not file a motion at that time. SLG argues in the present motion, filed August 28, 2020, that it had to wait until the last of the notices of determinations were issued in July 2020 before it could submit an additional list of clients who were successful claimants.

SLG's motion comes far too late. SLG did not seek to supplement its IRPA application until 19 months after the deadline, even though the necessary information was within SLG's control. First, SLG could simply have listed all of its clients on its application, even if some were not listed in its portal; or barring that, it could have checked with its clients to determine whether they had filed claims (and if so, whether they had listed SLG as their attorney). The Court was clear in its orders that an attorney had to list in the application all clients for whom he or she sought an IRPA fee award. It was certainly apparent at that time that a client-claimant might be missing from the attorney's portal (because the client did not identify its attorney or because of some other issue), and thus that the attorney should not simply rely on the list in the portal. Indeed, it appears that SLG included some clients in its application that were not included in its portal. SLG was otherwise obligated in the weeks after the IRPA application deadline to check with its clients and run the comparison that it later requested from the administrator, so that it could determine whether any clients had been left out of its IRPA application. SLG knew of this issue, as it concedes that it "occasionally" came across such client-claimants who had not listed SLG as their attorney, but it still failed to raise the issue of supplementing its application. SLG certainly knew of this potential problem in January 2020, when it raised the issue with the administrator; and although it was told that only the Court could address the issue, it still failed to seek relief for another seven months. SLG argues that it needed

to wait to see whether all if its clients' claims were accepted, but it knew of the issue much earlier, and it should have sought to supplement its application with additional names much earlier, whether or not those claims had yet been deemed successful.

The Court in its discretion denies SLG's motion to supplement its IRPA application. The Court's orders were clear, and those orders required SLG to list all clients (and submit retainer agreements) for whom SLG wished to receive an IRPA fee award. The Court does not agree with SLG that no prejudice would result if the requested relief were granted here. It is not simply a matter of giving SLG credit for newly-listed clients – the administrator and special master would still be required to perform all of the work with respect to those 96 clients, including making sure that a proper retainer agreement has been submitted, which would significantly delay the master's ultimate IRPA fee recommendation. Moreover, the Court agrees with class counsel that failing to enforce the deadline would set a dangerous precedent and open the door to similar requests. The special master has not yet made her preliminary IRPA award determinations, and if supplementation were allowed now, any attorney who is denied credit for a particular claimant (for instance, because of an insufficient retainer agreement submission) could essentially seek to redo his or her application. Such an attorney would be in a superior position to SLG, as that attorney may have at least listed that claimant by the application deadline, but in the Court's view, such amendment would not be proper. If supplementations and amendments were permitted at this time, then the whole process would essentially start over, and such a delay is unacceptable.

Accordingly, the Court will not make exceptions to its prior orders at this time. The January 2019 IRPA deadline already provided a second chance, as it allowed for applications by attorneys who had not previously submitted fee applications. The Court's orders were clear, and their requirements were not unduly onerous, as an attorney could simply list all clients and provide information and documents that should already have been in the attorney's possession. SLG did not seek an extension at the time of the deadline, even though it had sufficient notice that its application likely omitted some client-claimants. Nor did SLG seek relief at any time in the succeeding 19 months.[2] The Court therefore denies the motion.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by Shields Law Group, LLC for leave to supplement its IRPA application (Doc. # 4438) is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of September, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[2] In light of that delay, SLG's reference to an ice storm and a loss of power just before the January 2019 deadline is completely gratuitous.

[3] In a footnote in its reply brief, SLG requests a "clarification" concerning a particular claimant for whom SLG received a notice of determination, but whom SLG did not represent until the claims process. SLG does not make clear whether it listed that claimant on its IRPA application. If not, then SLG has been denied leave to add the claimant by this order. If so, then SLG must await the special master's preliminary IRPA determination. The Court notes, however, that its orders unambiguously allowed for IRPA fee awards only for clients represented before the date of the Court's preliminary approval of the settlement. An attorney hired after that date could only be compensated by charging for work on a non-contingent basis.