IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 | ) | MDL No. 2591 |
| CORN LITIGATION, | ) | |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates to All Cases Except: | ) | |
| | ) | |
| _Trans Coastal Supply Co., Inc. v._ | ) | |
| _Syngenta AG, et al._, No. 14-2637 | ) | |
| | ) | |
| _The Delong Co., Inc. v. Syngenta AG,_ | ) | |
| _et al._, No. 17-2614 | ) | |
| | ) | |
| _Heartland Corn Prods. v. Syngenta_ | ) | |
| _Seeds, LLC, et al._, No. 20-2168 | ) | |
| | ) | |
| _____ | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter arising from multi-district litigation (MDL) comes before the Court on the motion by certain Objectors to the global settlement[1] for immediate disbursement of funds to pay certain attorney fee awards and service awards (Doc. # 4424).  For the reasons set forth below, the Court **denies** the motion.

On December 6, 2019, plaintiff class counsel and Objectors executed a settlement agreement.  In that agreement, Objectors agreed to dismiss their appeals from the Court's approval of the global settlement of this litigation.  Class counsel agreed that at least $3,000,000 from interest accruing on the Court's total attorney fee award in the litigation

---

[1] The moving Objectors are Dale Brookover, Jami Hayhurst, Simon Rademacher, Christopher Roberts, F. Ronalds Walker, Egler Brothers, Inc., and W. Lee Egler Farms, Inc.

would be used to benefit class members directly; and they agreed not to oppose Objectors' request for a total award in the amount of $1,975,000 for attorney fees and service awards. Pursuant to that agreement, class counsel and Objectors filed a joint motion for an indicative ruling under Fed. R. Civ. P. 23(e)(5)(B) and 62.1.  On January 3, 2020, the Court conducted a hearing, and it issued an indicative ruling in which it stated (a) that the proposed awards to Objectors were reasonable; and (b) that if the matter were remanded by the Tenth Circuit, the Court would approve the settlement agreement with Objectors. As the Court noted on the record of the hearing, the efforts of the Objectors resulted in both monetary and non-monetary benefits to the settlement class, and the settlement with Objectors was therefore in the best interests of the class.  The Tenth Circuit did remand the matter, and on January 6, 2020, the Court issued an order approving the settlement agreement and the requested awards.  Objectors' appeals were subsequently dismissed.

By the present motion, Objectors seek immediate payment of the awards requested in the joint motion and approved in the Court's January 6 order.  Class counsel oppose the motion, arguing that under the terms of the settlement agreement executed by Objectors and approved by the Court, the awards are not to be paid until class counsel receive their portion of the total fee award.

The relevant provision of the settlement agreement executed by Objectors and class counsel may be found in Section 2.1 of the agreement, which provides in relevant part as follows:

> 2.1    **Payment.**   All Class Counsel will not oppose Objectors'
> request that the court award Objectors and their counsel [particular amounts
> totaling $1,975,000], which amounts include any service awards approved

2

by the Court and/or the Tenth Circuit.  The Payment shall be paid from the Fee and Expense Award, after [certain procedural steps, including an indicative ruling, remand, an order of approval, and the dismissal of appeals]. . . . The Payment shall be paid from the Fee and Expense Award <u>at the same time Class Counsel receives payment of their portion of the Fee and Expense Award</u>, subject to the terms and conditions stated below or other terms and conditions as ordered by the Court.

(Emphasis added.)  Class counsel rely on the phrase underlined in the excerpt above, arguing that the agreement unambiguously provides for payment when class counsel receives their own fee award.  Objectors argue that this provision concerning the timing of the payment was modified by language in a proposed approval order that class counsel drafted, to which the Objectors agreed and which the Court issued on January 6.  In the relevant portion of that order, the Court stated as follows:

The Objector Settlement Agreement is approved as in the best interests of the class, and the requested fees and expenses stated in the Parties' Joint Motion . . . are approved as reasonable, <u>said amounts to be paid from the accrued interest on the Fee and Expense Award previously approved by the Court</u> . . . .

(Emphasis added.)  Objectors argue that the parties' agreement, which provided for payment to Objectors from the total fee award, was modified by the parties' agreement to the proposed order and by the January 6 order itself, which provides for payment to Objectors from *the accrued interest* on the total fee award.  Objectors further argue that this modification concerning the *source* of the payment to Objectors also implicitly modified the settlement agreement's provision concerning the *timing* of the payment.  In support of that position, Objectors argue that their payments were tied to class counsel's receipt of their own awards because funds for Objectors' awards would then be available; but when the source of the payments was changed to the accrued interest, which was

3

already available, that change also necessarily modified the timing provision (by its excision).

The Court disagrees with Objectors' interpretation of the January 6 order. The Court must enforce unambiguous terms of a contract according to their plain and ordinary meaning. *See Lincoln v. BNSF Rwy. Co.*, 900 F.3d 1166, 1187 (10th Cir. 2018) (applying Kansas law). The settlement agreement with Objectors unambiguously provides for payment to Objectors at the time class counsel receive their fee award. Assuming that the agreed proposed order effected a modification of the agreement (which class counsel dispute), it did so only with respect to the source of the funds for the payment. The purported modification in the proposed order (and the order issued by the Court) included no language related to the timing of the payment; and although they were contained in a single sentence in the agreement, the term dictating the payments' source and the term dictating their timing were distinct. Thus, the Court applies the unambiguous language from the agreement concerning timing, which does not provide for payment at the present time.

In light of the unambiguous contract language, the other considerations cited by Objectors – the fact that the funds for the payments are presently available, the fact that others have already received service awards, the fact that the benefit secured for the class by Objectors has been realized through interim payments to claimants – are irrelevant. The parties' intent may only be determined from the unambiguous contract term. Thus, the Court need not try to figure out whether the parties actually intended to tie timing only to the availability of the funds, despite the absence of such language in the agrement (as

4

Objectors insist); or whether they intended that all attorneys whose work contributed to the class recovery be paid at the same time (as class counsel suggest).

Accordingly, the Court denies Objectors' motion for immediate disbursement of the awards. The Court also denies Objectors' alternative request that the settlement agreement be enforced in accordance with their proposed interpretation.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by certain Objectors for immediate disbursement of funds to pay certain attorney fee awards and service awards (Doc. # 4424) is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of September, 2020, in Kansas City, Kansas.

_s/ John W. Lungstrum_
John W. Lungstrum
United States District Judge