# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR162 ) <br> CORN LITIGATION ) <br> ) <br> This Document Relates to All Cases <u>Except</u>: ) <br> ) <br> *Louis Dreyfus Co. Grains* ) <br> *Merchandising LLC v. Syngenta AG*, ) <br> No. 16-2788 ) <br> ) <br> *Trans Coastal Supply Co., Inc. v.* ) <br> *Syngenta AG*, No. 14-2637 ) <br> ) <br> *The Delong Co., Inc. v. Syngenta AG*, ) <br> No. 17-2614 ) <br> ) <br> *Agribase Int'l Inc. v. Syngenta AG*, ) <br> No. 15-2279 ) <br> ) <br> ) | MDL No. 2591 <br><br> Case No. 14-MD-02591-JWL-JPO |

**SHIELDS LAW GROUP, LLC AND PAUL BYRD LAW FIRM, PLLC'S OBJECTIONS, AND SUGGESTIONS IN OPPOSITION, TO JOINT MOTION FOR AN INDICATIVE RULING APPROVING FEE-ALLOCATION SETTLEMENT AGREEMENT WITH WATTS GUERRA, LLP (DKT. #4485)**

COMES NOW Shields Law Group, LLC ("SLG") and Paul Byrd Law Firm, PLLC ("PBLF") and move this Court for an Order denying the Joint Motion for an Indicative Ruling Approving Fee-Allocation Settlement Agreement with Watts Guerra, LLP (Dkt. #4485).

Watts Guerra and certain other law firms[1] ("Joint-Movants") have reached a private settlement agreement to divvy up the aggregate attorneys' fee award and ask this Court to bless

---

[1] (1) Patrick Stueve on behalf of himself and all law firms receiving a fee from the Kansas Common Benefit Pool except Weller, Green, Toups, &Terrell, LLP; Richard L. Coffman, P.C.; and Hossley-Embry, LLP; (2) Daniel Gustafson on behalf of himself and all law firms receiving a fee from the Minnesota Common Benefit Pool, except Watts Guerra; the Watts Guerra Group; the Shields Law Group; Paul Byrd Law Firm, PLC; and Johnson Becker, PLLC; and (3) W. Lewis Garrison Jr. on behalf of himself, HGD, and any firm sharing in the fee awarded to HGD. (Dkt. #4485, p. 4 n.1).

the private agreement by ordering money be shaved from each of the three jurisdictional pools and that money handed over to Watts Guerra. This Court should decline this invitation.

## I.     ARGUMENT

Joint-Movants' proposed private settlement agreement and its invitation to this Court to issue an indicative ruling is fraught with problems and should be denied.

### A.     FED. R. CIV. P. 62.1 does not authorize an indicative ruling in this case.

Joint-Movants rely on FED. R. CIV. P. 62.1 as authority for its Motion for Indicative Ruling. This Rule provides, in relevant part, as follows:

> (a)     Relief Pending Appeal. If a timely motion is made for relief **that the court lacks authority to grant because of an appeal** that has been docketed and is pending, the court may:
>
> (1)     defer considering the motion;
> (2)     deny the motion; or
> (3)     state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

(emphasis added).

This rule "allows the district court to indicate to the court of appeals whether it would grant a . . . motion during the pendency of an appeal **when the district court has been divested of jurisdiction**." *United States v. Neihart*, Case No. 17-2164, (10th Cir. Nov. 21, 2018) (emphasis added).

This Court has not been divested of jurisdiction as required to invoke Rule 62.1. In its initial Order allocating fees to the four pool, the Court held:

> the Court's awards of attorney fees are not final, and to the extent that there is an appealable judgment concerning approval of the settlement, the awards discussed herein are collateral matters that may yet be addressed by the Court despite the notice of appeal. *See McKissick v. Yuen*, 618 F.3d 1177, 1197 (10th Cir. 2010).

(Dkt. #3882, p. 3, n.2).

Accordingly, "the district court retains jurisdiction over the fee issue while the court of appeals has jurisdiction over the appeal." *McKissick*, 618 F.3d at 1196. The present appeals notwithstanding, this Court retained jurisdiction over its Order allocating attorneys' fees to the four jurisdictional pools (Dkt. #3882), as well as its four subsequent Orders allocating those fees (Dkt. #3886 (IRPA), Dkt. #4128 (KS), Dkt. #4202 (MN), and Dkt. #4275 (IL)). The Court may revise its Orders until a final judgment has been entered.

On September 25, 2020 some of the law firms that now ask this Court for an indicative ruling and to approve the private settlement agreement filed joint objections to a Motion to Reconsider filed by SLG and PBLF (Dkt. #4459). In their objection, some of the Joint-Movants[2] informed the Court:

> the question of finality [of the allocation orders] is fully briefed to the **Tenth Circuit, which expressly made "[n]o determination regarding this court's jurisdiction"** in ordering the parties to submit their merits briefs, referring the issue "to the panel of judges that will be assigned to consider these appeals on the merits."

(Dkt. #4459, p. 10) (citing Appeal No. 19-3008, Doc. #010110317614 (Mar. 11, 2020)).

Rather than an indicative ruling following by an indication to the Tenth Circuit that this Court would enter an Order if the case was remanded, the Joint-Movants should be asking this Court to reconsider its previous allocation orders. *See Etienne v. Wolverine Tube, Inc.,* 15 F. Supp. 2d 1060, 1061 (D. Kan. 1998) (Lungstrum, J.) (Reconsideration is appropriate to "to correct clear error or *prevent manifest injustice*") (emphasis added). *See also Alpenglow Botanicals, LLC v. United States,* 894 F.3d 1187, 1203 (10th Cir. 2018).

---

[2] Settlement Class Counsel, Kansas Co-Lead Counsel, and Minnesota Co-Lead Counsel

A reconsideration would be based on all relevant evidence, *not* a private settlement agreement crafted by certain law firms. Accordingly, Joint-Movants' Motion for Indicative Ruling should be denied.

### B. *Joint-Movants agree that this Court's Orders allocating attorneys' fees among the four pools was unreasonable and should be reconsidered which requires a thorough review of all allocation orders after full briefing by all law firms.*

Joint-Movants suggest their private settlement agreement merely requires this Court to "redistribut[es] certain attorneys' fees awarded," (Dkt. #4485, Joint Motion, p. 4). That representation is a gross understatement. The private settlement agreement shaves money this Court had previously allocated to the three jurisdictional pools and hands that money over to Watts Guerra. The Joint-Movants ask this Court to find, without any basis other than their self-serving settlement agreement, that this Court overfunded the Minnesota, Kansas, and Illinois Pools and that it did so at the expense of Watts Guerra alone. This Court should not entertain their request. Instead, their Motion should be seen for what it is -- an admission that the allocations previously made by this Court were unjust and improper.

On December 31, 2018, this Court ordered the aggregate attorney fee award of $503.33 million be divided into four pools (Dkt. #3882). This Court then entered Orders dividing the money from each pool to attorneys assigned to each of those pools (Dkt. #4128, #4202, #4275). Joint-Movants propose modifying these Orders "to increase the award of attorneys' fees to Watts Guerra by a total of $7,048,667" through a "reduction of the Kansas Pool, the Minnesota Pool, and the HGD fee award from the Illinois Pool" (Dkt. #4485, p. 5). The following chart shows the current allocation and the Joint-Movants' proposal:

| Pool | Percent | Amount Allocated | Joint-Movants' Proposed Reduction (Dkt. #4485, pp. 6-7) |
|---|---|---|---|
| Kansas | 49% | $246,633,333.33 | ($2,966,333.67) |
| Minnesota | 23.5% | $118,283,333.33 | ($1,582,333.33) |
| Illinois | 15.5% | $78,016,666,67 | ($2,500,000.00) |
| IRPA | 12% | $60,400,000.00 | |
| TOTALS | 100% | $503,000,000.00 | ($7,048,667.00) to be reassigned exclusively to Watts Guerra |

(Dkt. # 3882, pp. 31-32).

On September 11 and 14, 2020, SLG, PBLF, and Hossley-Embry, LLP filed motions to reconsider this Court's fee allocation Orders (Dkt. #4443, #4443, #4444, and #4445) (asking this Court to reconsider Dkt. #3882, #4128, #4202, and #4275). On September 25, 2020, Watts Guerra "partially support[ed] and join[ed] the motions for reconsideration of ECF No. 3882 insofar as they show that the fee-pool allocations made in that order should be modified to more fairly compensate retained counsel" because "new information . . . justifies reconsideration of the Court's allocation of attorneys' fees." (Dkt. #4458, p. 2, 3).

Now the Kansas Common Benefit Pool (except Weller, Green, Toups, &Terrell, LLP; Richard L. Coffman, P.C.); the Minnesota Common Benefit Pool (except and Johnson Becker, PLLC); and W. Lewis Garrison Jr. on behalf of himself, HGD, and any firm sharing in the fee awarded to HGD join Watts Guerra, SLG, PBLF, and Hossley-Embry in the quest to modify the allocation orders (including Dkt. #3882 which established the four pool process and allocated amounts to each pool). While it appears that almost every law firm involved now seeks to modify the allocation orders, the Joint-Movants' seek to do so by avoiding judicial scrutiny.

Joint-Movants concede SLG, PBLF, and all other firms "with a purported interest in the Aggregate Fee Award, Expense Award, or Fee Allocation Orders" are interested parties to the Joint-Movants' settlement agreement (Dkt. #4485-1, Joint-Movants' Exhibit A, Settlement Agreement, § 1(b)(ii), p. 2). Despite this recognition, the Joint-Movants propose a self-interested allocation that invites this Court to shirk its "responsibility to closely scrutinize the attorneys' fees allocation." *In re High Sulfur Content Gasoline Prod. Liab. Litig.,* 517 F.3d 220, 227 (5th Cir. 2008). The reason is obvious: "[T]he attorneys recommending the allocation have a financial interest in the resulting awards." *Id.* As observed by the Court:

> [O]ur precedents do not permit courts simply to defer to a fee allocation proposed by a select committee of attorneys, in no small part, because "counsel have inherent conflicts." . . . "They make recommendations on their own fees and thus have a financial interest in the outcome. How much deference is due the fox who recommends how to divvy up the chickens?"

*Id.* at 235 (quoting *In re Diet Drugs Products Liab. Litig.,* 401 F.3d 143, 173 (3rd Cir. 2005)).

Either this Court stands by its decision that the amounts it allocated to the jurisdictional pools were reasonable[3] or it does not. If it does, then an indicative ruling cannot withstand scrutiny because, by its very nature, such a ruling announces the unreasonableness of its allocation orders which shirks the duty to closely scrutinize the entire attorneys' fee allocation. If this Court no longer believes its allocation orders were reasonable, then it must reconsider those allocation orders and allow *all law firms* to participate in the reconsideration process, including SLG and PBLF which the Joint-Movants recognize are "interested parties" to the settlement agreement. If the Court does not permit all law firm to participate in the reconsideration process,

---

[3] On December 31, 2018, this Court ordered the aggregate attorney fee award of $503.33 million be divided into jurisdictional pools and expressly found the division to be "reasonable" [Dkt. #3882, pp. 28, 30, 31]).

it is merely rubber-stamping a fee allocation proposed by select attorneys who have inherent conflicts due to their own financial interests.

### C. *An indicative ruling will not further judicial economy because it will not dispose of all issues on appeal and will undoubtedly generate more appeals.*

Joint-Movants incorrectly represent to this Court that the appeals pending in the Tenth Circuit "have been fully briefed" (Dkt. #4485 Joint Motion, p. 1). On October 13, 2020, SLG, PBLF, and Hossley-Embry, filed a Motion for Leave to File Additional Briefing (Dkt. #010110777883). On October 20, 2020, the Motion was "referred to the panel of judges that will be assigned to consider these appeals on the merits" (Dkt. #010110426146). The appellants are awaiting a ruling on the submission of supplemental briefs.

Joint-Movants assert that, upon issuance of the indicative ruling, they will "promptly seek **limited remand** for entry of the Final Approval Order" (Dkt. #4485, Joint Motion, p. 7) (emphasis added). They further advise this Court that Watts Guerra will dismiss its appeals and the Kansas CLC will dismiss its contingent cross-appeal as between Watts Guerra and Kansas CLC (Dkt. #4485, Joint Motion, p. 7).

If this Court approves the Joint-Movants' proposed settlement, this Court will be required to enter a new Order or Judgment allocating attorneys' fees into at least three of the four pools. That Judgment would then be subject to appeal and would join the 17 appeals already pending from this Court's allocation Orders, including the appeal filed by SLG and PBLF. This is the antithesis of judicial economy.

Moreover, the proposed "limited remand" and the dismissal of appeals as between Watts Guerra and the Kansas CLC will not dispose of any appeals. The Tenth Circuit Ordered that Watts Guerra, SLG, PBLF, and Johnson Becker be consolidated for purposes of appeal (Dkt.

#010110329836). Even if Watts Guerra's claims were severed from the appeals, the appeals remain as do the Joint Consolidated Briefs filed by Watts Guerra, SLG, and PBLF. In addition, the appeal filed by SLG and PBLF (Case No. 19-3174) and the separate Appellant's Brief of SLG and PBLF challenge both the allocation of attorneys' fees *and* the Court's handling and award of expenses. Even if the attorneys' fee allocation issue could be resolved, SLG and PBLF's appeal concerning the expense issue would remain (and would likely join any subsequent appeals stemming from a reallocation order).

      **C.**    *The Joint-Movants' Motion underscores the misguided belief of some law firms that they control the purse-strings to the $503 million in attorney's fees.*

The clawing back of money this Court had previously allocated to Minnesota, Illinois, and Kansas and diverting it to Watts Guerra illustrates underscores what has long been observed by many firms (including Watts Guerra) during the fee allocation process -- that private meetings are held by select firms to rearrange money based on the whims of the self-anointed who treat the $503 million in attorneys' fees as if it theirs to dole out.  Not only do the Joint-Movants treat the aggregate attorneys' fees as theirs to divide up, they now have exerted authority to disburse the interest earned on the aggregate attorneys' fee (interest which belongs to *all* law firms who were awarded common benefit, including SLG and PBLF).

On appeal, Watts Guerra, SLG, and PBLF (Minnesota Appellants) argued that Watts Guerra and its 300+ associated law firms were "unceremoniously excluded" from the fee sharing agreement (Doc. #010110355144, p.50). The Minnesota Appellants argued: "Dismissing the ex-ante agreements of counsel as 'irrelevant,' the special master and district court proceeded to give 'significant weight' to a last-minute fee-sharing agreement among a limited set of counsel" (Doc. #010110355144, p. 51).

Now that Watts Guerra has been invited back to the table, it and the settling parties, ask this Court to do exactly what Watts Guerra argued on appeal that this Court did -- ignore the duty to "closely scrutinize" the allocation and enter an order blessing the ex-ante agreement of a limited set of counsel. To effectuate their settlement agreement, Joint-Movants want this Court to further reduce the allocation to Minnesota, despite Watts Guerra's position that the current allocation "dramatically undercompensate[s] Minnesota" (Doc. #010110355144, p. 34).

As Toups Coffman and Hossley-Embry noted in their Joint Appellate Brief:

> Notwithstanding the district court's directives, the PNC never communicated with individual plaintiffs' counsel about their deliberations and, in fact, snubbed multiple direct requests for information by Toups/Coffman and Hossley-Embry, insisting that all negotiations had to be secret. . . . Not only did they secretly settle the litigation but, as described below, they secretly cut up the attorneys' fee pie for themselves in a "Secret Fee Deal."
>
> * * *
>
> Under the Secret Fee Deal, in exchange for walking away from the Term Sheet and agreeing to a hybrid class-action settlement, the four PNC members and their constituencies agreed to split 100% of the attorneys' fees awarded by the district court—to the exclusion of all other individual plaintiffs' counsel—regardless of the number of their clients who actually filed claims, their lodestars, and the underlying contingent-fee contracts.

(Doc. #010110355210, pp. 30, 31).

SLG and PBLF respectfully ask this Court to reconsider its allocation orders and reallocate the attorneys' fees, but not in the self-serving manner recommended by a few select firms. The process should be open to, and include the participation of, all law firms affected by the allocation orders.

## II. DISCOVERY SHOULD BE PERMITTED WITH RESPECT TO THE JOINT-MOVANTS' SETTLEMENT AGREEMENT

In light of the "Secret Fee Deals," private settlement agreements, and realignment of interests, limited discovery should be permitted. Questions abound that should be answered. For example, when did the negotiations between Joint-Movants begin and when did they come to terms on the settlement agreement? The Tenth Circuit Ordered that SLG and PBLF be consolidated with Watts Guerra for purposes of appeal and, believing their interests were aligned, SLG and PBLF allowed Watts Guerra to take the lead on preparing the Consolidated Appellants' Briefs. If Watts Guerra was already in settlement negotiations that might have undermined the appeal, SLG and PBLF should know.

In addition, *all* law firms should be entitled to discover whether any "side" deals exist among the Joint-Movants. If other agreements exist that are not contained within the settlement agreement presented to this Court, the representation about the fairness and reasonableness of the current settlement proposal is suspect. Moreover, if other agreements exist allowing additional compensation to Watts Guerra, then this directly affects this Court's consideration of the compensation actually paid to various law firms and what more (or less) they should be entitled to pursuant to an allocation order.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth herein, Shields Law Group, LLC and Paul Byrd Law Firm, PLLC move this Court for an Order denying the Joint Motion for an Indicative Ruling Approving Fee-Allocation Settlement Agreement with Watts Guerra, LLP, for an Order permitting discovery as set forth herein, and for such other and further relief as this Court deems just and proper.

Dated: November 16, 2020.

Respectfully Submitted,

SHIELDS LAW GROUP, LLC

*/s/ Spencer C. Shields*
Spencer C. Shields  KS17819  MO48374
James T. Yoakum  KS17435
Telephone: (913) 393-2080
Telephone: (816) 421-0800
Facsimile: 1-877-247 9844
scs0303@gmail.com
yoakum.shields@gmail.com

-and-

*/s/ Paul Byrd*
Paul Byrd (AR Bar #85020)
PAUL BYRD LAW FIRM, PLLC
415 N. McKinley St., Suite 210
Little Rock, AR 72205
Ph: (501) 420-3050
Paul@PaulByrdLawFirm.com

Jerry Kelly
KELLY LAW FIRM, PA
118 North Center St.
Lonoke, AR 72086
Phone: (501) 676-5770
jkelly@kellylawfirm.net

James J. Thompson, Jr.
The Historic Massey Building
2025 3rd Avenue North
Birmingham, AL 35203
Ph: (205) 327-9290
JT@jimthompsonlaw.com

Clark W. Mason
CLARK MASON ATTORNEYS
200 River Market Ave., Suite 250
Little Rock, AR 72201
Ph: (501) 219-0077
Clark@clarkmason.com

Nolan Awbrey
THE AWBREY LAW FIRM
2 20th St. N. Suite 950
Birmingham, AL 35203-4031
Ph: (205) 354-5921
Nolan@awbreylaw.com

**CERTIFICATE OF SERVICE**

I hereby certify on this 16th day of November 2020 that a true and correct copy of the foregoing was served upon all parties of record via the Court's ECF system.

*/s/ Spencer C. Shields*

Spencer C. Shields