IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE SYNGENTA AG MIR162 CORN LITIGATION** | **Master File No. 2:14-MD-02591-JWL-JPO** |
| **THIS DOCUMENT RELATES TO ALL CASES <u>EXCEPT</u>:** | **MDL No. 2591** |
| *The Delong Co., Inc. v. Syngenta AG, et al.*, No. 2:17-cv-02614-JWL-JPO | |
| *Heartland Corn Prods. v. Syngenta Seeds, LLC, et al.*, No. 20-cv-2168-JWL-JPO | |

**MOTION FOR DISBURSEMENT OF FUNDS FROM THE QUALIFIED SETTLEMENT FUND TO PAY EXPENSE AND ATTORNEY FEE AWARDS AND MEMORANDUM IN SUPPORT THEREOF**

On December 7, 2018, the Court granted approval of the settlement in this matter. ECF No. 3849. Earlier, on April 10, 2018, the Court had granted the Joint Motion to Establish a Qualified Settlement Fund ("QSF"). ECF No. 3535. As has been noted in earlier motions requesting disbursements from the QSF to make interim payments to class members and to reimburse the fees and expenses incurred by the Claims Administrator, the Court has exclusive jurisdiction over the QSF.

Included in the QSF are the $503.33 million aggregate attorneys' fee award, plus interest earned on that aggregate award, which the Court made in its December 7, 2018 memorandum and order approving the settlement. ECF No. 3849 at 24-34. Also included in the QSF are funds awarded by the Court in an order dated July 19, 2019 for expenses incurred by the plaintiffs' attorneys. That amount totaled $31,321,740.09. ECF No. 4203-1 at 3 ("Expense Award"). In orders dated March 20, July 16, and November 19, 2019, the Court made individual awards to law

firms totaling $442,933,333.33 of the aggregate fee award. ECF Nos. 4128, 4202 and 4275 ("Common Benefit Fee Awards").[1] The remaining portion of the fee award — 12% the total fee award — will be allocated after all determinations of claimants' awards have been made ("IRPA Awards").

On November 3, 2020, MDL Co-Lead Counsel, Minnesota Co-Lead Counsel, Heninger Garrison Davis LLP, and Watts Guerra LLP moved for modification of certain awards pursuant to a settlement agreement. ECF No. 4485. On November 4, 2020, the Court ordered that any response or opt-out to that settlement and modification be filed on or before November 16, 2020. ECF No. 4487. Three law firms objected to the proposed modifications; none of them, however, has a cognizable interest in the requested modification because the modification does not affect their fee award. *See* ECF No. 4496. Subject to and provided the Court grants the requested modifications pursuant to that settlement agreement, Settlement Class Counsel now seek an order for disbursement from the QSF equal to: (1) $412,714,426.35 of the attorneys' fees for distribution of the Common Benefit Fee Awards to all the law firms awarded such fees, in the amounts allocated by the Court as modified by the proposed order approving the settlement with Watts Guerra, less a pro rata holdback of $30 million (6.78%); and (2) $31,321,740.09 to satisfy the Expense Award. All disbursements will be subject to each recipient signing an agreement that unequivocally submits each recipient to jurisdiction before this Court and, if necessary, that each recipient will promptly return the funds if the Court's orders are modified (such as in the unlikely event of a successful appeal or motion for reconsideration). *See* Exhibit A. In addition, Settlement Class Counsel request that the order further provide that IRPA Awards be disbursed within

---

[1] The Court previously authorized disbursement of $218,906.98 from the Illinois Common Benefit Pool to pay a pending invoice of the special master appointed by the Illinois court. ECF No. 4273. Thus, of the amount in principal stated above, $442,714,426.35 remains in the QSF.

fourteen days of the date that the Court issues its final order making individual IRPA Awards to IRPA applicants.

At this point in effectuating the class settlement, there are no reasons to delay distribution of these awards. The class settlement was reached nearly two years ago, after several years of hard-fought litigation. None of the plaintiffs' attorneys have been compensated for their time and effort or reimbursed for their expenses. A significant portion of the settlement fund was distributed to class members earlier this year, and all but a small portion will be distributed by the end of the year.[2] Plaintiffs' counsel have waited to request these disbursements until the claims process was nearly complete, which distinguishes this case from many settlements, which provide for payment of attorneys' fees as soon as they are approved. *E.g.*, *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Practices & Prod. Liab. Litig.*, 952 F.3d 471, 487 (4th Cir. 2020) (finding that such provisions "have generally been approved by other federal courts"); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 479-80 (S.D.N.Y. 1998) ("Numerous courts have directed that the entire fee award be disbursed immediately upon entry of the award, or within a few days thereafter.") (citing cases).

Although appeals are pending to the Court's fee-allocation orders filed by six firms, those appeals do not weigh in favor precluding firms awarded fees from being paid now. As of the Tenth

---

[2] The claims deadline under the settlement has expired. All valid claims have been identified and any invalid claims have been rejected. The deadline to appeal from the rejection of a claim has also expired. A Notice of Determination—showing the Compensable Recovery Quantity ("CRQ")—has issued for all valid claims. The deadline to appeal from those determinations for most of the claimants has expired; the deadline to appeal for the last issued Notice of Determination is November 30, 2020. It is anticipated that settlement checks will issue for all claimants by December 30, 2020, except the small minority that may still have a pending appeal from a Notice of Determination. A modest portion of the settlement fund will be held back to pay claimants whose appeals are pending but essentially, nearly all the claimants will have been paid 100% of the amount due them by the end of this year.

3

Circuit's most recent order in the pending fee allocation appeals, issued on October 20, 2020, the appeals had not yet been assigned to a merits panel. The mere existence of those appeals – which will likely take an indeterminate number of additional months to resolve given that they had not even been assigned to a merits panel as of a month ago – should not prevent disbursement to firms that sign Exhibit A.

First, no appellant has ever sought to stay the awards from the Common Benefit Pools, and no such stay would be appropriate. The Court's fee awards are subject to considerable deference. *See Cadena v. Pacesetter Corp*., 224 F.3d 1203, 1215 (10th Cir. 2000); *Gottlieb v. Barry*, 43 F.3d 474, 486 (10th Cir. 1994). They were based on extensive factual findings made by the Special Master, adopted and supplemented by this Court, and supported by two additional judges, who oversaw the litigation that led to the settlement. Second, there is no potential for irreparable harm to appellants. All firms will be required to agree that they will return any disbursements if necessary. *E.g., Brady v. Airline Pilots Ass'n, Int'l*, No. 02-2917 (JEI/KMW), 2014 WL 12767679, at *1 (D.N.J. Dec. 16, 2014) (allowing class counsel to withdraw portion of its allocated share from settlement fund where class counsel agreed to make repayment in event of objectors' success on appeal). Third, the undersigned propose holding back from the Common Benefit Awards $30 million, which is more than any legitimate estimate of what the remaining appellants (if the Watts Guerra agreement is approved) are seeking through their appeals. *See* Exhibit B.

Finally, it is not uncommon for the Court to permit fee awards to be disbursed while appeals are pending. *See, e.g., id.*; *Brown v. Hain Celestial Grp., Inc.,* No. 3:11-CV-03082-LB, 2016 WL 631880 at *10 (N.D. Cal. Feb. 17, 2016) ("The plaintiffs' counsel has the option of being paid fees before resolution of any appeal; they also must return them immediately if the settlement is overturned on appeal."). This is true even when the appeal relates to allocation of the fee award.

4

*In re: NFL Players' Concussion,* No. 18-2225 (3d. Cir. June 26, 2018) (denying motions to stay disbursement of fee awards and to compel return of funds pending appeals) (copy attached as Exhibit C).

For these reasons, and subject to the approval of the Joint Motion approving the settlement with the Watts Guerra Group, Settlement Class Counsel request that the Court order the expenses to be distributed in accordance with its Expense Awards (ECF No. 4203), and that the fees be distributed in accordance with its Common Benefit Fee Awards, as modified by the proposed order approving the settlement with Watts Guerra, reduced pro rata to account for the $30 million holdback.  Furthermore, they request that the Court order that any awards it makes from the IRPA pool be distributed within fourteen days of such an order.

Dated: November 20, 2020

Respectfully Submitted,

/s/  Patrick J. Stueve
**STUEVE SIEGEL HANSON LLP**
Patrick J. Stueve, KS Bar #13847
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:     (816) 714-7100
Facsimile:      (816) 714-7101
stueve@stuevesiegel.com

**CO-LEAD, CLASS AND LIAISON COUNSEL
FOR PLAINTIFFS AND SETTLEMENT CLASS COUNSEL**


**SEEGER WEISS LLP**
Christopher A. Seeger
55 Challenger Road
Ridgefield Park, NJ  07660
Telephone:     (212) 584-0700
Facsimile:      (212) 584-0799
cseeger@seegerweiss.com

**SETTLEMENT CLASS COUNSEL**

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson
120 S. 6th St., Minneapolis, MN 55402
Telephone:     (612) 333-8844
Facsimile:      (612) 339-6622
dgustafson@gustafsongluek.com

**MINNESOTA CO-LEAD LITIGATION CLASS COUNSEL
AND SETTLEMENT CLASS COUNSEL**

**SHAMBERG JOHNSON AND BERGMAN**
Lynn R. Johnson
2600 Grand Blvd.
Suite 500
Kansas City, Missouri 64108
Telephone:     (816) 474-0004
Facsimile:      (816) 474-0003
ljohnson@sjblaw.com

**SUBCLASS COUNSEL FOR THE**
**VIPTERA/DURACADE CORN PRODUCER SUBCLASS**


**WEXLER WALLACE LLP**
Kenneth A. Wexler
55 W. Monroe Street
Suite 3300
Chicago, IL 60603
Telephone:     (816) 589-6270
Facsimile:     (312) 346-2222
kaw@wexlerwallace.com

**SUBCLASS COUNSEL FOR THE GRAIN HANDLING**
**FACILITY SUBCLASS**


**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
James E. Cecchi
5 Becker Farm Rd.
Roseland, NJ 07068
Telephone:     (973) 994-1700
Facsimile:     (973) 994-1744
JCecchi@carellabyrne.com

**SUBCLASS COUNSEL FOR THE ETHANOL PRODUCTION**
**FACILITY SUBCLASS**