# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE SYNGENTA AG MIR162 CORN LITIGATION** | Master File No. 2:14-MD-02591-JWL-JPO |
| **THIS DOCUMENT RELATES TO ALL CASES <u>EXCEPT</u>:** | MDL No. 2591 |
| *The Delong Co., Inc. v. Syngenta AG, et al.*, No. 2:17-cv-02614-JWL-JPO | |
| *Heartland Corn Prods. v. Syngenta Seeds, LLC, et al.*, No. 20-cv-2168-JWL-JPO | |

**DECLARATION OF WILLIAM G. ATKINSON IN SUPPORT OF UNOPPOSED MOTION FOR DISBURSEMENT OF FUNDS TO PAY CLASS MEMBERS**

I, William G. Atkinson, declare the following, pursuant to 28 U.S.C. § 1746:

## I.  INTRODUCTION

**1.**   *Personal Information.*   I am a partner at BrownGreer PLC ("BrownGreer"), located at 250 Rocketts Way, Richmond, Virginia 23231, the Court-appointed Notice and Claims Administrator in this matter.

**2.**   *The Capacity and Basis of this Declaration.*   I am over the age of 21. The matters set forth in this Declaration are based upon my personal knowledge, information received from Settlement Class Counsel, and information provided by my colleagues at BrownGreer. Any opinions presented in this Declaration rest upon my training and experience, and any data provided are based upon BrownGreer's and my work performed to date in the Corn Seed Settlement Program established under the Court's December 7, 2018 Final Order and Judgment. (ECF No. 3850.)

**3.**     *Purpose of this Declaration.*  I submit this Declaration to describe the status of the claims process and to describe the proposed process for final payments to all Class Members who currently have final and valid Claims.

## II.     STATUS OF CLAIMS

**4.**     *Claims Submissions.*  More than 240,000 Claims have been submitted to the Claims Administrator as of November 25, 2020.

> **(a) Administratively Closed Claims.**  As previously explained in the November 26, 2019 Program Status Report (ECF No. 4276), the Claims Administrator administratively closed some claims because:
>
> (1) the claimant did not provide information to show they farmed Corn acres or had an Interest in Corn covered by the Settlement Agreement;
>
> (2) the claims were withdrawn, abandoned, or duplicates of other claims; or
>
> (3) the claims were submitted long after the Claims Deadline.
>
> As of November 25, 2020, there are 47,993 of these administratively closed claims.  The November 26, 2019 Program Status Report contains additional information about these claims and describes the efforts of the Special Master, the Claims Administrator, and Settlement Class Counsel to achieve maximum participation by Class Members, efforts which continued after the submission of that Program Status Report.[1]

---

[1] Prior to closing these claims, the Claims Administrator and Settlement Class Counsel, in consultation with the Special Master, engaged in a substantial outreach program that included letters, e-mails, and direct phone calls from the Claims Administrator and Settlement Class Counsel (and other law firms) to claimants to cure any deficiencies with these claims.

**(b) Active Claims.** The remaining 198,189 claims are active in the Settlement Program.

 (1) Final and Valid Claims. 194,186 claims are currently final and valid with no further appeal rights from their Notice of Determination.

 (2) Rejected Claims. 1,963 claims were rejected for failing to provide a complete Claim Form or required documents.

 (3) Claims in Appeal Review. The Claims Administrator is processing the remaining 2,040 claims, which are Claims that are either currently being appealed or still within the appeal window. We anticipate completing appeal reviews of these claims no later than January 31, 2021.

**5.** *Interim Payments.* On February 28, 2020, the Court approved Settlement Class Counsel's motion seeking to make interim payments to the Class. (ECF No. 4357.) Interim payments totaling $475,612,451.12 were made to 135,144 eligible Class Members in 2020.

**6.** *Claims Eligible for a Final Payment.* To be eligible for a final payment:

 (a) A claim must be eligible under the Settlement Agreement and have received a Notice of Determination with a Compensable Recovery Quantity greater than zero; and

 (b) A claim must not have a pending appeal or unexpired appeal rights from the Notice of Determination. As of November 25, 2020, only 1,523 claims remain in which an appeal is pending, and 517 claims remain in which an appeal right has not yet expired. Because these claims are not yet final, they do not currently satisfy the requirements for a final payment.

### III.     FINAL PAYMENT PROCESS

**7.**     *Calculation Steps.*  Settlement Class Counsel and the Claims Administrator have developed the following process for issuing final payments for all valid and final claims that received a Notice of Determination with a Compensable Recovery Quantity greater than zero, which has been discussed with the Special Master and is being submitted for the Court's consideration and approval:

**Step 1:  Calculate Total Compensable Recovery Quantity.**  The Claims Administrator, Settlement Class Counsel, and the Special Master will determine the total Compensable Recovery Quantity ("CRQ") for each Settlement Subclass.  The Claims Administrator will include in the total Subclass CRQ all acreage or bushel data associated with all Active Claims in the Subclass that have been finally determined.  With respect to claims in appeal review, the Claims Administrator will include the potential acreage and bushel amounts at issue, adjusting those potential amounts to take account of appeals experience to date so that, if these claims later become eligible, the claims' CRQ will have already been included in the total Subclass CRQ.  The total CRQ for each Subclass will be calculated to avoid:  (1)  the risk that final payments would result in overpayments, leaving insufficient funds to pay all remaining Claims that are still under review and ultimately are found eligible for payment; and (2) the risk that after all eligible Claims are paid, a material amount of excess funds would remain in the Settlement Fund.[2]

---

[2] Settlement Class Counsel and the Claims Administrator estimate that the maximum potential increased value of claims in appeal review, which are not currently eligible for payment will be:
     a. less than $6.7 million for claims in Subclass 1,
     b. less than $300,000 for claims in Subclass 2, and
     c. less than $1.5 million for claims in Subclass 3.
Settlement Class Counsel and the Claims Administrator do not estimate any increased value for Subclass 4 claims.  As of November 25, 2020, only one Subclass 4 claim remains with an unexpired appeal right.

**Step 2: Calculate Dollar Value of CRQ.** The Claims Administrator will calculate the dollar value of each CRQ by dividing the settlement funds available to each Subclass by the total subclass CRQ calculated in Step 1. The gross settlement fund was $1.51 billion, plus any interest earned to date. Section 3.7.2 of the Settlement Agreement provides that:

(a) Subclass 4 members receive a total of $19,500,000,

(b) Subclass 3 members receive a total of $29,900,000,

(c) Subclass 2 members receive either a total of $22,600,000 or a total amount that "ensures that the average per-bushel recovery of Subclass 2 shall not exceed" that of Subclass 1, and

(d) Subclass 1 members receive the remaining Settlement Funds after the following adjustments:

(1) Subtracting amounts owed to the other subclass members (a total of $72,000,000);

(2) Subtracting all costs of the Settlement administration, including paid and projected Claims Administrator and Special Master fees and expenses (these come to approximately $33,500,000);

(3) Subtracting tax liabilities for 2019 (these total $600,980.66);

(4) Subtracting Plaintiff Service Awards (these total $2,697,500);

(5) Subtracting the aggregate Attorneys' Fee Award ($503,333,333) and the Expense Award ($31,452,435.43)[3] and any interest earned on those amounts, and

---

[3] This expense award includes the $31,321.740.09 in expenses awarded by the Court and also the amounts sought by two law firms, but denied by the Court, who have appealed their awards (Paul Byrd Law Firm, PLLC and affiliated firms sought $31,549.75 (ECF No. 4174) and Shields Law

5

(6) Adding $3,000,000 awarded from the interest earned on the aggregate Fee Award in connection with the resolution of certain objections to the settlement.[4]

**Step 3: Calculate Final Award.** To calculate a claim's final award, the Claims Administrator will multiply the claim's CRQ by the CRQ dollar value for the Subclass calculated in Step 2. For claims currently under appeal as of this filing, the Claims Administrator will not calculate their final award until the Special Master has ruled on their appeals, and the Claims Administrator has issued the claimants a final, non-appealable Notice of Determination. At this time, the Claims Administrator estimates that the CRQ dollar values for each of the following Subclasses will be approximately: $0.1240 for Subclass 1; $0.0200 for Subclass 2; $0.0045 for Subclass 3; and $0.8800 for Subclass 4. The Claims Administrator will submit the final CRQ numbers for each Subclass when the Claims Administrator's Preliminary Report is submitted to the Court, which the Claims Administrator anticipates will occur on December 4, 2020.

**8.    *Issuing Final Payments.*** Starting on or around December 30, 2020, the Claims Administrator will issue final payments to all Claims that are currently eligible for a final payment. The Claims Administrator will make payments on a rolling basis to Class Members whose claims become eligible for a final payment as their appeals are resolved.

---

Group sought $99,145.59 (ECF No. 4175) for a total of rejected reimbursement of expense claims currently on appeal of $130,695.34, making the total deducted for purposes of making partial payments $31,452,435.43.

[4] *See* Order Approving Objector Settlement Agreement and Attorneys' Fees and Expenses, ECF No. 4308, entered Jan. 6, 2020; Joint Motion For An Indicative Ruling Approving Objector Settlement Agreement, ECF No. 4278, filed Dec. 9, 2019, at 3 ($1.975 million in interest on Fee and Expense Award to go to objectors for attorneys' fees, costs and service awards and at least $3 million in interest on Fee and Expense Award to be distributed to the Class).

6

The Claims Administrator will subtract from the claim's final award any interim payments and any required federal tax withholding.[5]

## IV.   CONCLUSION

I declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Virginia that the foregoing is true and correct.

Dated this 25th day of November, 2020.

_William G. Atkinson_

---

[5] The Internal Revenue Service requires that the Claims Administrator verify the identity and Taxpayer Identification Number of each claimant before issuing payment. To comply with this requirement, the Claims Administrator will either obtain a completed W-9 form before paying a Claimant or, if a valid W-9 is not provided, withhold the appropriate tax amount from the payment.