IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION | ) ) ) | MDL No. 2591 |
| This Document Relates To: | ) ) ) | Case No. 14-md-2591-JWL |
| *The DeLong Co., Inc. v. Syngenta AG, et al.*, No. 17-2614-JWL | ) ) ) ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This single case within this multi-district litigation (MDL) presently comes before the Court on the motion by defendants (collectively "Syngenta") to exclude expert testimony by Randal Giroux (Doc. # 93). For the reasons set forth below, the Court **grants** the motion, and plaintiff will not be permitted at trial to offer expert testimony by Mr. Giroux pursuant to Fed. R. Evid. 702.

### I.   Background

On July 17, 2020, plaintiff The DeLong Co., Inc. ("DeLong") served its expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2), by which it identified the witnesses who might be called at trial to present opinion testimony under Fed. R. Evid. 702. In that disclosure, DeLong identified Mr. Giroux as a non-retained expert, stating that he would provide expert opinions "by his prior trial testimony in the Kansas farmer class trial, and potentially his trial testimony in the coordinated action pending in the state district court of Hennepin County, Minnesota." As it has made clear in its subsequent briefs, DeLong

thereby disclosed its intent to offer expert testimony at the trial of this case by reading Mr. Giroux's prior trial testimony into the record.

Syngenta moved either to compel the deposition of Mr. Giroux or to strike his designation as an expert witness, but the Magistrate Judge denied the motion. The Magistrate Judge stated that because Mr. Giroux had been identified as an expert witness, Rule 26(b)(4)(A) gave Syngenta the right to depose Mr. Giroux, even though Mr. Giroux would be a non-retained expert; but he ruled that DeLong could not be compelled to produce for deposition a non-party outside its control, and that Syngenta was obliged instead to issue a subpoena for the deposition under Rule 45. Syngenta did issue such a subpoena to Mr. Giroux, who then filed a motion to quash the subpoena in the District of Minnesota.

On October 16, 2020, after the motion had been transferred to this Court, the Magistrate Judge, in the interest of judicial economy, conditionally granted the motion to quash the subpoena. The Magistrate Judge noted the undersigned's ruling on a motion to exclude, which Syngenta was intending to file, could affect and possibly moot the motion to quash. Thus, the Magistrate Judge granted the motion to quash, with the condition that if the undersigned did not grant Syngenta's motion to exclude, the motion to quash would be revived and ruled. Syngenta subsequently filed the instant motion to exclude expert testimony by Mr. Giroux pursuant to DeLong's expert designation.

## II.     <u>Analysis</u>

Syngenta objects to DeLong's plan to present expert testimony by Mr. Giroux at trial pursuant to Rule 702 by reading his prior trial testimony to the jury. For a number of reasons, the Court concludes in its discretion that DeLong should not be permitted to present expert testimony by Mr. Giroux in this way, and it therefore grants the motion to exclude.

First, DeLong has not identified any authority that would allow it to use prior trial testimony by an unretained and unwilling expert in this way. In its response brief, DeLong devotes multiple pages to its argument that Fed. R. Civ. P. 32 would permit the use at trial of Mr. Giroux's prior *deposition* testimony. Mr. Giroux did not testify by deposition at the two trials, however, but rather appeared live; and in its expert designation, DeLong has indicated only that it would offer Mr. Giroux's expert testimony by using his prior *trial* testimony.

In only a few sentences in its brief, DeLong also argues that it is entitled to use Mr. Giroux's prior trial testimony, but it cites no authority for that statement other than Fed. R. Evid. 804(b)(1), which provides a possible hearsay exception for prior trial testimony by an unavailable witness. That hearsay exception, however, does not provide authority for the use of the entirety of a witness's prior trial testimony, in the way the Rule 32 authorizes the use of deposition testimony at trial. This is not a situation in which, for instance, a party seeks to use a portion of an unavailable witness's trial testimony while examining a different witness, for which use a hearsay exception would be needed. Here, DeLong's

3

intent is to use a witness's prior trial testimony wholesale, in lieu of having a live witness, and DeLong has not identified any authority that would permit the presentation of evidence in that fashion. *See Jaiyeola v. Toyota Motor Corp.*, 2018 WL 9785497, at *2 (W.D. Mich. Aug. 10, 2018) (plaintiff failed to identify authority that would allow the use of expert trial testimony from another case; Rule 32 did not provide such authority, as plaintiff was not intending to use prior deposition testimony), *appeal filed* (6th Cir. Aug. 15, 2019).

Moreover, DeLong has not directly addressed Syngenta's argument that DeLong should not be permitted essentially to force a witness to provide expert testimony without consent. In a declaration in support of his motion to quash, Mr. Giroux stated as follows: he has not been retained as an expert in DeLong's case; he has not agreed to provide additional testimony or opinions in this case by appearing at a deposition or trial; he has not reviewed any documents produced by DeLong; he has not applied his prior opinions to any circumstances unique to DeLong; and he knows nothing about DeLong's case against Syngenta. Thus, Mr. Giroux has not consented to serve as an expert witness for DeLong in this case, a fact that DeLong does not dispute. In its brief, DeLong states that cases cited by Syngenta, in which courts indicated that expert testimony could not be compelled from an unwilling witness, were distinguishable as cases that involved discrete circumstances not including a witness that could not be compelled by subpoena. DeLong has not cited authority allowing such testimony, however.

The Court does not agree with DeLong that the situation is akin to forcing a treating physician (for instance, by subpoena) to give expert testimony. In this case, Mr. Giroux is

4

not merely providing opinions and expert testimony regarding things that he observed, as would a treating physician; rather, DeLong intends to use expert opinion testimony concerning the standard of care and its breach (which testimony would normally be presented by a retained expert physician, not the treating physician), which opinions have been specially and specifically developed for litigation.

Indeed, the circumstances of this case illustrate why a party should not be permitted to compel expert testimony by an unwilling witness by using prior trial testimony. Such use gives rise to a valid issue of the prior opinions' staleness – as Syngenta points out, DeLong seeks to use testimony given over three years ago, prior to the occurrence of events that could affect Mr. Giroux's opinions. Moreover, DeLong is an exporter, primarily of DDGS, and Syngenta had no reason to cross-examine Mr. Giroux at the prior two trials, which involved only corn producer plaintiffs, concerning the applicability or aptness of his opinions to non-producers like DeLong.[1] The Court is also concerned that the use of Mr. Giroux's prior expert testimony would incorrectly convey to the jury Mr. Giroux's agreement that his opinions apply to and support DeLong's claim, when in actuality he has expressed no such agreement and might not have provided such opinions for use in this case if asked by DeLong. In fact, he has stated that has not agreed to provide additional testimony for DeLong, that he knows nothing about DeLong's case, and that he absolutely

---

[1] This distinction would also call into question the applicability of the hearsay exception, which applies only if the opposing party had a similar motive in conducting its cross-examination. *See* Fed. R. Evid. 804(b)(1).

refuses even to sit for a short deposition concerning the applicability of his opinions to DeLong's case.

Finally, the Court's decision here is supported by the arguments made by Mr. Giroux in his motion to quash. As the Magistrate Judge previously noted, Rule 26 gives Syngenta the right to depose any designated expert witness, *see* Fed. R. Civ. P. 26(b)(4)(A), and this Court certainly would not permit the use of Mr. Giroux's prior trial testimony if Syngenta were not able to depose Mr. Giroux first concerning the aptness and timeliness of his opinions as applied to this case.[2] Mr. Giroux has made a compelling case, however, that forcing him to sit for such a deposition would impose a significant burden on him, as he has already been deposed a number of times in the MDL and in related cases, and on his employer, Cargill, whose attorneys represent Mr. Giroux and who still has litigation pending with Syngenta. That factor also weighs against allowing DeLong to use Mr. Giroux's prior trial testimony.

For all these reasons, the Court rules in its discretion that DeLong may not offer expert testimony by Mr. Giroux as specified in its expert witness disclosure, and the Court therefore grants Syngenta's motion. Moreover, in light of this ruling, there is no need for

---

[2] DeLong appears to suggest that this rule has been satisfied by Mr. Giroux's previous depositions. The rule provides, however, that a party "may depose" a person who "has been identified" as an expert witness, *see* Fed. R. Civ. P. 26(b)(4)(A), without any exception for a previously-deposed witness. The only natural and reasonable reading of that language is that the party may depose the witness *after* the expert designation, and DeLong has not cited any authority supporting an alternative interpretation.

Syngenta to depose Mr. Giroux, and thus there is no basis to disturb the Magistrate Judge's previous ruling granting Mr. Giroux's motion to quash.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to exclude expert testimony by Randal Giroux (Doc. # 93) is hereby **granted**; plaintiff will not be permitted at trial to offer expert testimony by Mr. Giroux pursuant to Fed. R. Evid. 702.

IT IS SO ORDERED.

Dated this 11th day of December, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge