IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION, | ) ) ) | MDL No. 2591 |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates to All Cases <u>Except</u>: | ) ) | |
| *The Delong Co., Inc. v. Syngenta AG, et al.*, No. 17-2614 | ) ) ) | |
| *Heartland Corn Prods. v. Syngenta Seeds, LLC, et al.*, No. 20-2168 | ) ) ) ) | |
| _____ | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on the joint motion by Watts Guerra LLP ("Watts") and various plaintiffs' counsel for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 (Doc. # 4485). The motion has been fully briefed, and on December 11, 2020, the Court conducted a brief telephonic hearing to address particular aspects of the motion. For the reasons set forth below, the Court **grants** the motion. Upon limited remand by the Tenth Circuit, the Court will issue an order as proposed by movants.

Watts and other law firms have filed appeals from this Court's orders by which it allocated the total attorney fee award in this action among four pools (three common benefit pools and the IRPA pool) and awarded fees from the common benefit pools. In the course of mediation required by the Tenth Circuit, Watts reach an agreement with appellees and other firms receiving fee awards that would resolve its appeal concerning the fee allocation and awards (and also resolve appellees' cross-appeal with respect to Watts).

Under the agreement, Watts would receive an additional sum, to be paid from the fee awards to the other parties to the agreement. The agreement includes all law firms awarded fees under the Court's orders from the three non-IRPA pools except for those firms that still have appeals pending concerning the fee allocation and awards. The agreement is conditioned on the parties' request for and receipt of an indicative ruling from this Court stating that upon remand the Court would approve the settlement agreement and would modify its fee allocation and award orders to accomplish the payment to Watts from the other contracting parties' fee awards. The contracting parties have now filed their motion for such an indicative ruling pursuant to Rule 62.1. No firm affiliated with Watts that would receive additional fees has opted out of the agreement; and no firm included in the agreement that would have its fees reduced has objected to the settlement or opposed the motion for an indicative ruling.

A joint brief opposing the motion has been filed by three firms: Shields Law Group, LLC; Paul Byrd Law Firm, PLLC; and Hossley-Embry, LLP (collectively "objectors"). The Court rejects the arguments and overrules the objections asserted by objectors. First, objectors are not included in the agreement (they have pending appeals from the Court's fee allocation and award orders), and their fee awards would not be affected in any way; therefore, objectors have no interest in this issue, and thus they lack standing to oppose the requested approval and modifications. *See Tennille v. Western Union Co.*, 809 F.3d 555, 560 (10th Cir. 2015) (party lacked standing to challenge fee award that did not cause it injury). Second, the Court does not agree with objectors that the instant motion calls into question the reasonableness of the Court's prior allocation and awards. Movants have not

argued that the prior orders were unreasonable or incorrect, and it is clear that the modifications to those orders are requested only to effectuate the settlement with Watts. Objectors' awards would not be affected, and the Court has already addressed and rejected objectors' own arguments for reconsideration of the prior orders. Finally, the Court denies objectors' request for discovery concerning the settlement agreement or other agreements among the settling parties.

The Court reaffirms its recent ruling that it lacks jurisdiction to amend its prior orders that are presently on appeal. Thus, the Court agrees that the requested modifications are appropriately sought through the mechanism of an indicative ruling under Rule 62.1 that could be given effect after a limited remand by the Tenth Circuit.

The Court concludes in its discretion that it should issue an indicative ruling and eventually a final order as requested by movants. Courts always favor the settlement of disputes, and these actions will effectuate the resolution of all appeals involving Watts (thereby reducing the burden on the Tenth Circuit as it resolves the other appeals in this case). The terms of the settlement appear reasonable for the reasons stated by movants in their motion.[1]  As noted above, all parties affected by the requested redistribution of the attorney fee awards have agreed to the settlement, and no Watts-affiliated firm has opted out of the agreement. No affected party has opposed the instant motion.

The Court makes clear that, by this ruling and by its subsequent order after remand, it is *not* modifying or reconsidering its findings and conclusions regarding the

---

[1] A full recitation of the agreement's terms may be found in movants' brief, to which movants have attached the agreement itself.

3

reasonableness and propriety of the method and amounts of Court's previous allocation of fees among the four pools or its previous awards of fees from those pools.  Movants have not challenged the reasonableness of the prior allocation and awards, and the Court reaffirms those findings and conclusions.  By these present actions, the Court is only intending to modify its prior orders to the extent necessary to change the eventual distribution of money from the attorney fee fund to particular law firms to give effect to the settlement agreement between Watts and the other parties to the contract.  The Court is not intending to affect in any way its prior awards to firms who are prosecuting appeals from the Court's allocation and award orders.

As the Court indicated at the hearing on the motion, it is not clear that either approval or a modification of the prior orders is required in order for the parties to settle their disputes on appeal, as the other parties could simply agree to make payments to Watts after they receive their fee awards from the common benefit pools.  The Court is persuaded, however, that the requested rulings will serve the interests of judicial economy.  Specifically, by altering at the front end the amounts distributed by the appointed administrator overseeing the attorney fee fund, the Court will be allowing the agreed redistribution of fees to be accomplished in the most efficient manner, while decreasing the likelihood of later delays or disputes concerning the payments.  This benefit to the parties and to the judicial process warrants the Court's granting the relief requested.  Accordingly, pursuant to Fed. R. Civ. P. 62.1, the Court states that upon limited remand from the Tenth Circuit, the Court will issue a final order as requested by movants.

IT IS THEREFORE ORDERED BY THE COURT THAT the joint motion by Watts Guerra LLP and various plaintiffs' counsel for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 (Doc. # 4485) is hereby **granted**, and upon limited remand by the Tenth Circuit, the Court will issue an order as proposed by movants.

IT IS SO ORDERED.

Dated this 14th day of December, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge