IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE SYNGENTA AG MIR162 CORN LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES <u>EXCEPT</u>:<br><br>*The Delong Co., Inc. v. Syngenta AG, et al.*, No. 2:17-cv-02614-JWL-JPO<br><br>*Heartland Corn Prods. v. Syngenta Seeds, LLC, et al.*, No. 20-cv-2168-JWL-JPO | Master File No. 2:14-MD-02591-JWL-JPO<br><br>MDL No. 2591 |

**SETTLEMENT CLASS COUNSEL'S SUR-REPLY IN RESPONSE TO JOINT MOTION TO STAY ANY RULING ON THE MOTION FOR DISBURSEMENT OF FUNDS FROM THE QUALIFIED SETTLEMENT FUND TO PAY EXPENSES AND ATTORNEY FEE AWARDS**

On December 23, 2020, Shields Movants filed a reply brief (ECF No. 4539) citing new evidence related to the potential partial distribution of attorneys' fees and expenses. They fail to even explain how the new evidence is relevant to their motion to stay any order on the Motion for Partial Disbursement (a motion that was not delayed, but filed mere days after ratifying the Watts Guerra settlement and in anticipation of final settlement payments being mailed to nearly all settlement claimants members by the end of the year). Nonetheless, Settlement Class Counsel submit the following clarification for the record:

1.  As the Court correctly found in its indicative ruling, the settlement agreement with Watts Guerra is unambiguous: no law firm that appealed the Court's fee orders is an "Appellee Party" to that agreement and *only* Appellee Parties are responsible for paying the Fee Increase from their fee awards. *See* Agr., ECF No. 4485-1 at §1(a)(i)-(ii) & 2. The Awbrey Law Firm ("Awbrey") is an appellant as part of the Paul Byrd consortium of appellants. *See* Response to

Parties on Appeal, ECF No. 4538-1 at 2 (listing Awbrey Law Firm as an appellant). Thus, their fee award from the Minnesota common benefit pool will not be reduced as a result of the agreement.

To begin the process of collecting the necessary information for a disbursement and to ensure that any distributions made pursuant the Motion for Disbursement of Funds were accurate, Settlement Class Counsel proactively emailed more than 100 law firms with their anticipated distribution amounts (clearly disclosing that any distribution was contingent on the outcome of the pending motion) with a specific request to "advise us of any discrepancies" (ECF No. 4539-1). The email attached to the reply mistakenly overlooked Awbry's status as an appellant. *See* Decl. of A. Williams, attached as Exhibit 1. But that mistake does not (and could not) alter the terms of the Watts Guerra settlement or the proposed order approving that agreement.

Rather than advising Settlement Class Counsel of the mistake, as they requested, Awbry elected to file a misleading reply brief. But the mistake could have been corrected without Court involvement. Upon reviewing the reply brief, Settlement Class Counsel immediately sent a corrective email to Awbrey clarifying that its fee award will ***not*** be reduced or impacted in any way by the Watts Guerra settlement because it is an appellant to the appeals of the fee orders. *See id*. Settlement Class Counsel's desire to ensure the accuracy of the potential distributions was precisely the purpose behind sending the email in the first place.

2. Pursuant to the Motion for Partial Disbursement, if granted, any firm awarded fees that wants to participate in the partial distribution must execute the agreement to return funds if necessary (Exhibit A to the Motion for Partial Disbursement). The Motion is clear that *all* firms awarded fees from one of the common benefit pools can participate if they comply. *See* Mot. for Partial Disbursement, ECF No. 4497 at 5 ("For these reasons, and subject to the approval of the

2

Joint Motion approving the settlement with the Watts Guerra Group, Settlement Class Counsel request that … the fees be distributed in accordance with its Common Benefit Fee Awards, as modified by the proposed order approving the settlement with Watts Guerra, reduced pro rata to account for the $30 million holdback."). This would include the Shields Movants, even though they are vigorously opposing their own partial distribution. The continued accusations of "secret" negotiations and malfeasance are just as meritless as their continuing references to a "Secret Fee Deal" that was publicly filed with this Court.

Settlement Class Counsel did not solicit a signed version of Exhibit A from the Shields Movants *at this time* based on the reasonable assumption that firms opposing the motion and opposing any distribution of attorneys' fees would not preemptively execute such an agreement until the Court ruled on their objections. Indeed, such an act would constitute waiver of their objections. If the Court grants the motion or at Shields Movants' request, Settlement Class Counsel will, of course, fulfill its obligations to facilitate the partial distribution to all eligible firms. Indeed, despite their false accusations, Settlement Class Counsel have acted for the benefit of all firms entitled to fees, including Shields Movants, throughout the pendency of these proceedings, including in obtaining the settlement for their clients and defending the settlement and aggregate fee award from which they share on appeal. They will continue to do so notwithstanding the inappropriate accusations and tone of Shield Movants' submissions.

Dated: December 28, 2020

Respectfully Submitted

/s/  Patrick J. Stueve
**STUEVE SIEGEL HANSON LLP**
Patrick J. Stueve, KS Bar #13847
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

Telephone:     (816) 714-7100
Facsimile:      (816) 714-7101
stueve@stuevesiegel.com

**CO-LEAD, CLASS, LIAISON AND SETTLEMENT
CLASS COUNSEL FOR PLAINTIFFS**

Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road
Ridgefield Park, NJ  07660
Telephone:     (212) 584-0700
Facsimile:      (212) 584-0799
cseeger@seegerweiss.com

**MEMBER OF PLAINTIFFS' SETTLEMENT NEGOTIATION
COMMITTEE AND SETTLEMENT CLASS COUNSEL**

Daniel E. Gustafson #0202241
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza - Suite 2600
120 South 6th Street
Minneapolis, MN 55402
Telephone:     (612) 333-8844
Facsimile:      (612) 339-6622
dgustafson@gustafsongluek.com

**SETTLEMENT CLASS AND MINNESOTA CLASS COUNSEL FOR PLAINTIFFS**