IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 ) <br> CORN LITIGATION, ) <br> ) <br> This Document Relates to All Cases <u>Except</u>: ) <br> ) <br>    *The Delong Co., Inc. v. Syngenta AG,* ) <br>    *et al.*, No. 17-2614 ) <br> ) <br>    *Heartland Corn Prods. v. Syngenta* ) <br>    *Seeds, LLC, et al.*, No. 20-2168 ) <br> ) <br> _____) | MDL No. 2591 <br><br> Case No. 14-md-2591-JWL |

## **MEMORANDUM AND ORDER**

This matter arising from multi-district litigation (MDL) comes before the Court on motions by the *Kellogg* plaintiffs to intervene (# 4503) and for a stay of the Court's ruling on the pending motion for partial disbursement of the Court's attorney fee awards (Doc. # 4517). For the reasons set forth below, the Court **denies** those motions.

This matter also comes before the Court on motions by Hossley-Embry, LLP; Paul Byrd Law Firm, PLLC; and Shields Law Group, LLC (collectively "Shields") for a stay of any ruling by the Court on the motion for disbursement of fees (Doc. # 4535) and for oral argument or a supplemental brief concerning the disbursement motion (Doc. # 4528).[1] The Court **denies** those motions as well.

---

[1] Both motions were joined by Toups/Coffman Plaintiffs' Counsel (Doc. ## 4537, 4532).

I.      *Kellogg* **Plaintiffs' Motion to Intervene**

At one time, this MDL included the suit titled *Kellogg v. Watts Guerra, LLP*, in which certain farmers with claims against Syngenta brought suit against attorneys who represented them with respect to those claims. In *Kellogg*, the plaintiffs' claims included a claim for forfeiture of attorney fees received by the attorney defendants for the litigation against Syngenta. In a series of orders, the Court dismissed the *Kellogg* plaintiffs' claims, and those plaintiffs are presently appealing the orders of dismissal.

The *Kellogg* plaintiffs now seek to intervene in this action for the purpose of opposing settlement class counsel's pending motion for partial disbursement of attorney fees awarded by the Court. Specifically, the *Kellogg* plaintiffs request that approximately $148,000,000 be held back and segregated from the fee award fund to cover their claim for forfeiture of fees awarded to the *Kellogg* defendants.[2]

The Court denies the request for intervention of right pursuant to Fed. R. Civ. P. 24(a). The Court has issued a judgment of dismissal of the *Kellogg* plaintiffs' claims, which judgment has not been stayed, and that judgment's preclusive effect is immediate, notwithstanding any appeal. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). Thus, these plaintiffs presently have no legal claim to any fees received by the *Kellogg* defendants. Accordingly, any disbursement of the fee awards will not "as a practical matter impair or impede the movant's ability to protect" a legal interest in those fees, as required for intervention under Rule 24(a). *See* Fed. R. Civ. P. 24(a)(2).

---

[2] In response to the disbursement motion, the *Kellogg* plaintiffs filed a notice in which they set forth their arguments relating to the fees that they claim.

The *Kellogg* plaintiffs also seek permissive intervention pursuant to Fed. R. Civ. P. 24(b), which provides that a court "may" permit intervention by one with a claim that shares a common question of law or fact with the main action, *see id.*, although they devote none of their argument to that request. Because the *Kellogg* plaintiffs presently have no legal claim to the fees they seek to shield from disbursement, the Court in its discretion denies the request for permissive intervention as well.

## II.    *Kellogg* **Plaintiffs' Motion for Stay**

The *Kellogg* plaintiffs also seek a stay of the Court's consideration of the disbursement motion.[3]  To the extent they seek a stay until their intervention motion is decided, the motion for a stay is denied as moot, as the Court has now denied intervention. To the extent they seek a further stay of 30 days to allow them to appeal the denial of intervention or seek other relief from the Tenth Circuit, the Court also denies that motion. The *Kellogg* plaintiffs have not shown any likelihood of success in their appeals from the dismissal orders or in any appeal from the denial of intervention; nor have they shown irreparable injury in the form of an inability to collect a judgment in the event they win reversal of the dismissals and then prevail on their forfeiture claim.  *See Nikon v. Holder*, 556 U.S. 418, 434 (2009) (most critical factors for a stay pending appeal are whether the stay applicant has made a strong showing of a likelihood of success on the merits and whether the applicant will be irreparably harmed absent a stay).

---

[3] The Court previously denied the portion of this motion seeking the Court's recusal.

### III. Shields's Motion for Stay

Shields filed a response brief in opposition to class counsel's motion for partial disbursement, in which it argued that the Court should not disburse any fees until all of the appeals from the Court's fee allocation and award orders have been resolved. Shields has now also moved for a stay of any ruling by the Court on the motion for disbursement. Thus, the relief sought by Shields in its motion – that there be no disbursement until after the appeals are resolved – is also what Shields seeks in opposing the motion for disbursement, and Shields makes the same arguments in both contexts. Accordingly, the Court denies the motion for a stay, but in deciding the motion for disbursement, it will consider the arguments made by all parties with respect to the motion for stay.[4]

The Court also denies the additional request for relief contained in Shields's reply brief. The submission supporting the motion for an indicative ruling and the Court's order granting that motion make clear that the settlement agreement with the Watts attorneys and the modification of the distribution of the fee awards do not affect any firm appealing the Court's fee orders.

### IV. Shields's Motion for Oral Argument or Further Briefing

Finally, the Court denies Shields's motion for oral argument or further briefing on the motion for partial disbursement. Shields states in the motion that it seeks argument or

---

[4] Granting the motion for immediate disbursement but then staying its effect until the appeals are resolved would be tantamount to denying the motion for disbursement.

further briefing to address the Court's indicative ruling.  Shields did not attach a proposed sur-reply brief, however, and the only issue that it has indicated that it would address in argument or further briefing is the issue of the Court's jurisdiction to disburse fees in light of the pending appeals.  Shields has already addressed that issue, however, both in its response to the disbursement motion (when the motion for an indicative ruling was pending) and in its briefs supporting its stay motion (after the ruling had been issued) – although it has still not addressed the arguments made by settlement counsel on that issue.[5]  In any event, the parties have now had ample opportunity to address any and all issues relating to the disbursement motion.  The Court therefore denies this motion, and it does not anticipate allowing any further submissions on the disbursement motion, which it will decide in due course.

IT IS THEREFORE ORDERED BY THE COURT THAT the motions by the *Kellogg* plaintiffs to intervene (# 4503) and for a stay of the Court's ruling on the pending motion for partial disbursement of the Court's attorney fee awards (Doc. # 4517) are hereby **denied**.

---

[5] In addition, as the Court will explain further in ruling on the disbursement motion, Shields appears to have willfully misrepresented what the Court did in the indicative ruling. The Court made clear in that ruling that it was not disturbing its findings regarding the reasonable allocations and awards of attorney fees (thus obviating the need for additional findings under Rule 23(h) beyond those explaining the altered distribution) and that it was merely agreeing to alter the distribution of fees from the claims administrator in accordance with the private settlement agreement for the sake of efficiency.

Shields's inexactitude extends to the outdated case caption that it has been using. In future filings, Shields is directed to use the correct caption used by the Court and other parties.

IT IS FURTHER ORDERED BY THE COURT THAT the motions by Hossley-Embry, LLP; Paul Byrd Law Firm, PLLC; and Shields Law Group, LLC for a stay of any ruling by the Court on the motion for disbursement of fees (Doc. # 4535) and for oral argument or a supplemental brief concerning the disbursement motion (Doc. # 4528) are hereby **denied**.

IT IS SO ORDERED.

Dated this 31st day of December, 2020, in Kansas City, Kansas.

>*s/ John W. Lungstrum*
>John W. Lungstrum
>United States District Judge