IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **IN RE SYNGENTA AG MIR162 CORN LITIGATION** | Master File No. 2:14-MD-02591-JWL-JPO |
| **THIS DOCUMENT RELATES TO ALL CASES <u>EXCEPT</u>:** | MDL No. 2591 |
| *The Delong Co., Inc. v. Syngenta AG, et al.*, No. 2:17-cv-02614-JWL-JPO | |
| *Heartland Corn Prods. v. Syngenta Seeds, LLC, et al.*, No. 20-cv-2168-JWL-JPO | |

**FINAL APPROVAL ORDER RELATED TO SETTLEMENT OF
FEE-ALLOCATION DISPUTE BETWEEN WATTS GUERRA AND CERTAIN
LEADERSHIP COUNSEL**

Watts Guerra LLP and certain law firms, which were the Kansas MDL Co-Lead Counsel, Minnesota Co-Lead Counsel, and Heninger Garrison Davis LLP ("HGD") (collectively "Settling Parties"), request that the Court approve a settlement of their dispute regarding the allocation of attorneys' fees in this MDL. They submitted their settlement agreement as amended and ratified by the Settling Parties ("the Agreement"), in connection with a motion for indicative ruling filed on November 3, 2020 (ECF No. 4485). The Court previously entered an indicative ruling that it would approve the Agreement. ECF No. 4524.[1] On January 4, 2021, the Tenth Circuit issued an order of limited remand for the Court to enter this order, as the Court indicated it would do upon remand. Prior to issuing the indicative ruling, the Court permitted and considered responses to the

---

[1] The Court reiterates that by this ruling it is *not* modifying or reconsidering its findings and conclusions regarding the reasonableness and propriety of the method and amounts of Court's previous allocation of fees among the four pools or its previous awards of fees from those pools, and that the Court, for the sake of efficiency, is only intending to modify its prior orders to the extent necessary to change the eventual distribution of money from the attorney fee fund to particular law firms to give effect to the settlement agreement.

Settling Parties' motion for an indicative ruling, including objections and opt-outs.  No firm opted out.  The Court received objections from the Shields Law Group LLC, Paul Byrd Law Firm PLLC, and Hossley-Embry PLLC, which the Court overruled in its Memorandum and Order granting the motion for indicative ruling.  It adopts its reasons and rationale therein for purposes of this order.  ECF No. 4524.  The Court now enters this order, which effects modification of the Court's December 31, 2018 Memorandum and Order (ECF No. 3882), March 20, 2019 Memorandum and Order (ECF No. 4128), July 16, 2019 Memorandum and Order (ECF No. 4202), and November 19, 2019 Memorandum and Order (ECF No. 4275) (collectively, "Fee Allocation Orders") as follows:

1. The Court finds that the Agreement reflects a reasonable compromise of the Settling Parties' dispute regarding allocation of the aggregate attorneys' fee award in this matter.  The Agreement is approved.

2. The Court increases the attorneys' fees awarded to Watts Guerra by $7,048,667 (the "Fee Increase"), which award is in addition to the attorneys' fees already awarded Watts Guerra by the Court's July 16, 2019 Memorandum and Order (ECF No. 4202) and also in addition to any fees that will be awarded to Watts Guerra from the IRPA Pool.  The Court reduces the awards to the Kansas Pool, the Minnesota Pool, and the Illinois Pool in the following amounts:  (a) The Kansas Pool is reduced by $2,966,333.67, said reduction to be shared *pro rata* according to awards from the Kansas Pool among all firms awarded fees from the Kansas Pool except the law firms of Weller, Green, Toups & Terrell, LLP; Richard L. Coffman, P.C.; and Hossley-Embry LLP.  (b) The Minnesota Pool is reduced by $1,582,333.33, said reduction to be shared *pro rata* according to awards from the Minnesota pool among all firms awarded fees from the Minnesota Pool except the law firms of Watts Guerra LLP; the Watts Guerra Group as that term is defined in

§ 2 b.1 of the Agreement; the Shields Law Group; the Paul Byrd Law Firm, PLLC; and Johnson Becker PLLC.[2] And (c) the Illinois Pool is reduced by $2,500,000, said reduction to be made from the award to HGD, with the Illinois Pool reduced by that same amount to account for this reduction in the HGD fee award.

    3.    In addition to the $7,048,667 increase set forth above, the Court orders that the amounts paid by Watts Guerra in connection with the *Mensik* settlement, currently being held in escrow in the MDL Common Benefit Fee and Expense Funds, shall be returned to Watts Guerra pursuant to the terms of the Agreement.

    4.    Incorporated into this order is a General and Mutual Release between (a) the Appellee Parties, which parties consist of Kansas MDL Co-Lead Counsel on behalf of themselves and all firms receiving fees from the Kansas pool (except the specific firms identified in paragraph 1); Minnesota Co-Lead Counsel on behalf of themselves and all firms receiving fees from the Minnesota pool (except the specific firms identified in paragraph 2); and HGD on behalf of itself and anyone with an interest in its fee award ("Appellee Parties"), on the one hand and (b) Watts Guerra LLP and any person, firm, or other entity sharing in the fees received by Watts Guerra LLP in relation to the Syngenta MIR162 Corn Litigation("Watts Guerra Group"), on the other hand. Except as provided for in Sections 3.f and 11 of the Agreement, pursuant to the General and Mutual Release, the Watts Guerra Group (on the one hand) and the Appellee Parties (on the other hand) release, waive, forfeit, and deem satisfied any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, common

---

[2] Unless otherwise noted, to the extent the law firms of Weller, Green, Toups & Terrell, LLP; Richard L. Coffman, P.C.; Hossley-Embry LLP; Shields Law Group; Paul Byrd Law Firm, PLLC: and Johnson Becker PLLC have sought fees on behalf of themselves and other affiliated or referral firms, the Court's references to the aforementioned firms includes any affiliated and referral firm.

3

law or equity, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, related to the Syngenta MIR162 Litigation. For clarification: the General and Mutual Release is intended to be a full and final resolution of the dispute between Watts Guerra Group (on the one hand) and Appellee Parties (on the other hand) related to the Syngenta MIR162 Litigation, provided that all Settling Parties retain the right to advocate for payment and affirmance of all attorneys' fees awarded by the Court that are not modified by their Agreement or to enforce their Agreement.

5.  Having given all Interested Parties an opportunity to respond to the Settling Parties' request for modification of the Fee Allocation Orders, and considering all such responses (if any), the Court overrules any timely objection for the reasons stated in its December 14, 2020 Memorandum and Order and finds that any Interested Party that did not timely respond has forfeit or waived its right to object to these modifications.

6.  The Court retains exclusive and continuing jurisdiction to resolve any dispute or disagreement between the Settling Parties relating to their Agreement.  This provision does not apply, however, to any dispute between Settling Parties and their own referral or co-counsel, including but not limited to any dispute involving Watts Guerra's allocation of its IRPA Pool Award and this Fee Increase among itself and firms in the Watts Guerra Group, and any other disputes within the scope of § 7.2.3.2 of the Agrisure Viptera / Duracade Class Settlement Agreement.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2021, in Kansas City, Kansas.

                                           *s/ John W. Lungstrum*
                                           Hon. JOHN W. LUNGSTRUM
                                           United States District Judge