IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION, <br><br> This Document Relates to All Cases <u>Except</u>: <br><br> *The Delong Co., Inc. v. Syngenta AG, et al.*, No. 17-2614 <br><br> *Heartland Corn Prods. v. Syngenta Seeds, LLC, et al.*, No. 20-2168 | MDL No. 2591 <br><br> Case No. 14-md-2591-JWL |

## **MEMORANDUM AND ORDER**

This matter arising from multi-district litigation (MDL) comes before the Court on the motion by settlement class counsel for disbursement of funds to pay a portion of the Court's attorney fee and expense awards (Doc. # 4497). For the reasons set forth below, the motion is **granted in part and denied in part**. The Court grants the request for immediate disbursement, but it denies without prejudice the request for an order concerning future disbursement of fee awards from the IRPA pool.

### **I.    Background**

By Memorandum and Order of December 7, 2018, the Court granted final approval of a settlement agreement resolving claims against the Syngenta defendants, and it awarded one third of the settlement fund as attorney fees. *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6436074 (D. Kan. Dec. 7, 2018). By Memorandum and Order of

December 31, 2018, the Court allocated the attorney fee award among four pools: the Kansas MDL common benefit pool; the Minnesota state court common benefit pool; the Illinois federal court common benefit pool; and a pool for individually-retained private attorneys (IRPAs), who would share that portion *pro rata* based on the ultimate recoveries by their claimant clients. *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6839380 (D. Kan. Dec. 31, 2018). The Court also ruled that attorneys could not recover additional fees from any client's recovery based on a contingent-fee contract. *See id.* at *10. By separate orders, the Court subsequently awarded fees from the three common benefit pools to particular law firms. *See In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 1274813 (D. Kan. Mar. 20, 2019) (Kansas pool); *In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 3202256 (D. Kan. July 16, 2019) (Minnesota pool); *In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 6134520 (D. Kan. Nov. 19, 2019) (Illinois pool). On January 5, 2021, the Court issued an order, after its indicative ruling and a limited remand from the Tenth Circuit, by which it modified the eventual distribution of awards from the common benefit pools for the sole purpose of effecting a settlement of appeals involving the Watts Guerra firm and associated counsel. *See In re Syngenta AG MIR 162 Corn Litig.*, 2020 WL 7344684 (D. Kan. Dec. 14, 2020) (indicative ruling). The Court has not yet awarded fees from the IRPA pool. By Memorandum and Order of July 19, 2019, the Court awarded expenses from the settlement fund. *See In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 3251526 (D. Kan. July 19, 2019).

No appeals remain with respect to the Court's approval of the class settlement with Syngenta in the underlying MDL litigation, and distribution to claimants from the

settlement fund is nearly complete. Various law firms have filed appeals challenging the Court's allocations and awards of attorney fees and expenses, which appeals remain pending, with oral argument scheduled for March 2021.

The Court's fee and expense awards have not yet been distributed to firms from the settlement fund, and by the present motion, settlement class counsel seek partial distribution of those awards. Specifically, class counsel seek a distribution, on a *pro rata* basis, of $412,714,426.35 in attorney fees, representing the remainder of the awards from the three common benefit pools,[1] less a $30,000,000 holdback to cover possible additional awards to firms that are appealing the fee and expense orders. Class counsel also seek a distribution of all of the Court's expense awards, in the total amount of $31,321,740.09. Counsel propose that to be eligible to receive a distribution at this time, a firm must sign an agreement promising to return any portion of the distribution in the event that an appeal is successful and a portion must be clawed back to satisfy an additional award to an appellant firm, with the Court retaining jurisdiction to enforce such agreements. Finally, class counsel request that the Court's future awards from the IRPA pool be distributed within fourteen days of those awards.

The present motion for partial disbursement of fees and expenses has been opposed by the following firms that are presently appealing the Court's fee and expense allocations and awards: Hossley-Embry, LLP; Paul Byrd Law Firm, PLLC; and Shields Law Group, LLC (collectively "Shields"); and Toups/Coffman Plaintiffs' Counsel ("Toups"). The

---

[1] The Court previously authorized one disbursement from the Illinois pool to pay a special master.

Court has already denied these firms' motions for a stay of the Court's consideration of this motion and for further briefing or oral argument (although it indicated that it would consider arguments made in support of those motions in ruling on the present disbursement motion). The Court has also denied motions to intervene, for a stay, and for recusal filed by plaintiffs in the related *Kellogg* case.

## II.     Jurisdiction

The Court first addresses Shields's argument that the Court lacks jurisdiction to grant the requested relief. In denying Shields's recent motion for reconsideration of the Court's attorney fee allocation and award orders, the Court held that it lacked jurisdiction to modify those orders because those orders were the subject of pending appeals. *See In re Syngenta AG MIR 162 Corn Litig.*, 2020 WL 7056073, *2-3 (D. Kan. Dec. 2, 2020). In addition, when co-lead plaintiffs' counsel and Watts Guerra sought a modification of the Court's fee orders to effect their settlement, they first sought an indicative ruling pursuant to Fed. R. Civ. P. 62.1 and a limited remand, based on their understanding that the Court otherwise lacked jurisdiction to modify those orders in light of the pending appeals. Shields thus argues that all parties and the Court have already agreed that the appeals have divested the Court of jurisdiction to act, including with respect to the disbursement of fee and expense awards.

The Court rejects this argument. In making this argument, Shields has refused to acknowledge that the present situation is different. In the two previous situations noted above, the motions involved the very orders and issues being challenged on appeal, namely

4

the allocations and awards of attorney fees.  By the present motion, however, class counsel do not seek modification of the fee and expense orders, but rather merely seek an order enforcing and giving effect to those prior orders.  Federal courts have recognized that the general rule that an appeal divests the district court of jurisdiction to act is subject to an exception, under which the district court retains jurisdiction to enforce its judgments and orders.  *See, e.g.*, *City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007); *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006); *Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 638 (7th Cir. 2006).  The Tenth Circuit has noted this exception as a correct statement of the law.  *See Tyler v. City of Manhattan*, 118 F.3d 1400, 1402 n.1 (10th Cir. 1997).  The Court's orders have immediate effect, and a stay would be required to prevent the Court's enforcement of its orders.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015) (absent a stay, court's judgment takes immediate effect); *see also* 16A Chas. A. Wright, et al., *Federal Practice and Procedure* § 3954 (5th ed. 2020) (appeal does not by itself suspend the execution of a district court order; stay of enforcement of the order must be sought).  No stay has been issued with respect to the Court's attorney fee and expense orders.[2]

Shields has not addressed this exception or the caselaw cited by class counsel.  Thus, Shields has not shown that the Court lacks jurisdiction to grant the requested relief, and the Court will consider the present motion on its merits.

---

[2] The Tenth Circuit denied Shields's emergency motion for a stay of this Court's consideration of the present motion.

### III.   Analysis

In support of their motion for a present disbursement of the attorney fee and expense awards, class counsel argue that they and the other plaintiffs' counsel have litigated this case against Syngenta for many years without compensation; that they have waited over a year since the Court's fee and expense awards without any disbursement; and that there is no reason to delay disbursement any further, despite the pending appeals. They argue more specifically that the distribution to the settlement class is nearly complete; that attorney fees are routinely distributed upon being awarded; that the pending appeals remain months from resolution; and that those appeals are unlikely to succeed, in light of the district court's discretion in awarding such fees. They further argue that a present disbursement will not harm appellant firms because the proposed holdback is sufficient to cover any additional amounts sought on appeal, and even if not, recipient firms would be required to repay amounts as necessary (pursuant to the required agreement, over which the Court would retain jurisdiction).

The Court agrees that it is appropriate to allow the proposed disbursement at this time, and that there is no reason to stay enforcement of the Court's fee and expense orders. The Court therefore grants the motion to that extent.

In opposing a present disbursement, Shields and Toups in essence seek a stay of the Court's fee and expense awards pending appeal. The most critical factors for the Court to consider in evaluating such a stay request are whether the stay applicant has made a strong showing of a likelihood of success on the merits and whether the applicant will be

6

irreparably harmed absent a stay. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Neither factor weighs in favor of a stay here.

First, the propriety of the fee and expense awards to the appellant firms has already been considered by special masters and multiple judges, and appellants' objections have been considered and rejected multiple times. The Court exercises considerable discretion with respect to such awards, and Shields and Toups have not shown that any appellant is likely to succeed in arguing that the Court abused that discretion.

Second, Shields and Toups have failed to show that they would be irreparably harmed by the proposed disbursement (assuming they prevailed on appeal). Their main argument is that it would be difficult to claw back these awards in the event of a reversal by the Tenth Circuit, as recipient firms will have spent the money, including by paying taxes on the awards. The Court rejects this argument, as Shields and Toups have offered only speculation that the Court would need to retrieve portions of the disbursed awards and would be unable to do so. Of primary significance is the $30 million holdback proposed by class counsel. Toups suggests that that amount is insufficient. Class counsel have persuasively argued, however, by reference to the particular arguments on appeal, that that amount would likely cover the maximum possible recovery of additional attorney fees by all of the appellants. Toups has not offered any alternative figure for the total amount at issue in the appeals.

Toups notes that it argues on appeal not just that it is entitled to a larger fee award, but that the Court erred in allocating the total fee award among the four pools, and that the entire structure of the fee awards must therefore be torn down. Even if the Tenth Circuit

were to accept this argument, however, and the Court must start from scratch with respect to the fee awards, a recipient firm would only be required to return a portion of its disbursement if, at the end of the day, its total award were decreased by more than seven percent of its common benefit award (the percentage represented by the $30 million holdback). Toups also argues on appeal that the Tenth Circuit should reverse this Court's ruling that firms may not recover on contingent fee contracts with client-claimants; even if Toups prevails on that argument, however, and is permitted to recovery on its contingent fee contracts, there would be no need to decrease any firm's award from the common benefit pools. Accordingly, even if Shields or Toups or another firm were to prevail on appeal, there is little likelihood of a clawback becoming necessary.

Class counsel has not proposed any holdback for disbursement of the expense awards, and Shields notes that some firms have challenged those awards on appeal. Shields suggests that those appeals could affect expense awards to other firms, but it has not explained how that could occur. Indeed, because the expense awards are not part of the one-third total fee award, any increased expense award would come from the claimants' portion of the settlement fund, and the disbursements to claimants have already been subject to a holdback to cover the expense award appeals. Moreover, Shields has not explained how it would have standing to challenge (and therefore affect) an expense award to another firm.

Finally, even in the unlikely event that a clawback is necessary, recipient firms will have agreed to return the disbursement as necessary, with the Court retaining jurisdiction to enforce those agreements. There is no reasonable basis to believe that, in such event, a

firm would not be able to return some small portion of its disbursement as required.  Thus, Shields and Toups have not shown that they would suffer irreparable harm absent a stay.

With respect to the balance of harms, Toups argues that movants would not suffer any harm if disbursement is delayed a little longer (having already waited this long), and that there is no urgency here.  The Court agrees with class counsel, however, that the appeals may not be resolved for many more months, and that firms would be harmed from any unnecessary delay in receiving compensation for the significant amount of work performed over many years.  Thus, all factors weigh against a stay in this case.

In addition, as noted by class counsel, and as neither Shields nor Toups disputes, courts routinely allow the immediate payment of attorney fees.  *See, e.g.*, *In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Marketing, Sales Practices and Prods. Liab. Litig.*, 952 F.3d 471, 487 (4th Cir. 2020) (although district court erred with respect to attorney fee awards, it did not err in approving provision for immediate payment of attorney fees, as such provisions have generally been approved by federal courts); *Brown v. Hain Celestial Group, Inc.*, 2016 WL 631880, at *10 (N.D. Cal. Feb. 17, 2017) (such "quick pay" attorney fee provisions are routinely approved in that district); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 469, 479-80 (S.D.N.Y. 1998) ("Numerous courts have directed that the entire fee award be disbursed immediately upon entry of the award, or within a few days thereafter.").[3]  The case for immediate disbursement in the

---

[3] In addition, as class counsel notes, in *In re NFL Players' Concussion Injury Litigation*, No. 18-2225 (3d Cir. June 26, 2018), the Third Circuit denied a motion to stay enforcement of the district court's attorney fee allocation order pending appeal, for the

9

present case is even more compelling in light of the proposed holdback to account for the possibility of additional fees awarded on or after appeal.

Toups argues that the Court should not disburse fees while an issue remains concerning the finality of the fee orders. Some appellants have argued that the Court's orders are not final for purposes of appeal until all such awards (including from the IRPA pool) have been made, and the Tenth Circuit has indicated that it will resolve that issue in the future. Toups has not cited any authority, however, indicating that the Court may not enforce its orders, whether those orders are interlocutory or final for purposes of appeal. As discussed above, an appeal does not divest the Court of its jurisdiction to enforce its orders, and fees are routinely disbursed immediately. The Court's previous discussions of finality arose only in the context of deciding which court would issue the final fee awards. The proposed disbursement involves only the Court's prior awards, in amounts certain, of common benefit fees and expenses, and the finality of those awards for purposes of appeal is irrelevant to whether those awards should be stayed pending appeal.

The Court also rejects Shields's many arguments relating to the Watts Guerra settlement and the Court's orders concerning that settlement. Shields notes that the present motion is dependent on this Court's approval of that settlement. The Court has already issued its indicative ruling and final order implementing that settlement, however, and the Tenth Circuit has rejected Shields's arguments in opposition to the limited remand and in favor of a stay.

---

reason that the appellants had not shown a likelihood of success on the merits or that irreparable harm would result absent a stay. *See id.*, slip op. at 1.

Shields also argues that the Court should not presently disburse fees because it refused in its indicative ruling and final order to comply with Fed. R. Civ. P. 23(h), which requires a court awarding fees under Rule 23 to find facts and state legal conclusions. *See id.* Shields has not shown a violation of that rule, however. The Court's fee awards in this case have been amply supported by factual findings. As explained by the Court in making its indicative ruling, the Court did not disturb its fee awards, but rather it altered the eventual distribution of those awards by the administrator to effect the Watts Guerra settlement, for the sake of efficiency. The Court did not make any substantive modification of its prior fee awards; nor did it indicate or imply that its original allocations and awards were not reasonable or appropriate, as Shields has erroneously suggested. The Court fully explained its intent and action in its prior orders, and there is no basis to suggest that the Watts Guerra settlement is improper or should not be given effect on this basis.

Shields further argues that the Court should not have allowed counsel to dictate by agreement the Court's fee awards. This argument too lacks merit, as the Watts Guerra agreement did not influence any finding by the Court concerning the amount of a reasonable fee award, as discussed above. The parties settled their dispute on appeal, as they were entitled to do.

Shields argues that the agreement sanctioned by the Court adds $7 million to the IRPA pool, but that only Watts Guerra may receive that amount, with other firms denied the opportunity to share in that addition to the pool. That argument is frivolous, based on a blatant misreading of the agreement. The agreement and the Court's orders make clear that the only modifications are to the common benefit pools, not the IRPA pool, and the

11

agreement provides that Watts Guerra shall treat the additional funds *as if they had come from the IRPA pool for the purpose of distributing those fund to associated counsel*.

The Court also rejects Shields's argument that appellant firms are improperly being forced to fund the Watts Guerra settlement payment. Shields relies on the fact that one appellant firm received a letter from class counsel seeking approval of a proposed partial distribution amount and return of a signed clawback agreement. Class counsel concedes, however, that the appellant was mistakenly sent that letter, which was intended for the non-appellant firms that agreed to the settlement payment. As the Court discussed in its indicative ruling, the settlement agreement requires payments only from firms that are *not* pursuing appeals, and the agreement does *not* affect the fee awards to the appellant firms.

Shields also mistakenly suggests that it and other appellants are not being allowed to participate in the partial disbursement. To the contrary, class counsel's request is that partial fees and expenses be disbursed to all firms that sign the required agreement. The fact that appellants did not receive the aforementioned letter from class counsel does not mean that appellants will be excluded from the disbursement. Perhaps class counsel should have included all potential recipients in their mailing (they claim that they did not expect appellants opposing the disbursement to sign the agreement as requested), but the requested relief includes disbursement to all firms awarded common benefit fees or expenses, whether or not they have filed an appeal or have opposed this motion.

Accordingly, the Court grants the motion for disbursement of fees and expenses as proposed in the motion. Firms will be entitled to receive the disbursement upon submission of the required written agreement to the administrator or to settlement class counsel. Class

counsel are directed immediately to provide the agreement form and proposed disbursement amounts to all possible recipients, and to facilitate the disbursement on these terms. In addition, the Court will order that any firm receiving such a disbursement must return a portion of that disbursement as necessary if the Court's allocation and award orders are hereafter vacated or modified, as further ordered by the Court, which retains jurisdiction over the recipients for this purpose. The Court will formally order the disbursement by separate order as proposed by class counsel and as modified in accordance with this opinion.

Finally, the Court denies without prejudice class counsel's request for an order concerning disbursement of the Court's forthcoming awards from the IRPA pool. The Court will entertain any motions for immediate disbursement of those awards at the time of that order, as issues may arise from that order that are presently unforeseen.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by settlement class counsel for disbursement of funds to pay a portion of the Court's attorney fee and expense awards (Doc. # 4497) is hereby **granted in part and denied in part**. The Court grants the request for immediate disbursement, which will be effected by separate order, but it denies without prejudice the request for an order concerning future disbursement of fee awards from the IRPA pool.

IT IS SO ORDERED.

Dated this 12th day of January, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge