IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION, | ) ) ) | MDL No. 2591 |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates to All Cases <u>Except</u>: | ) ) | |
| *Heartland Corn Prods. v. Syngenta Seeds, LLC, et al.*, No. 20-2168 | ) ) ) | |
| _____ | ) | |

# **MEMORANDUM AND ORDER**

This matter arising from multi-district litigation (MDL) comes before the Court for review of the special master's Report and Recommendation (R&R) (Doc. #4596) concerning attorney fee awards from the IRPA pool previously established by the Court. The Court has received objections from two groups of plaintiffs' attorneys: attorneys associated with the Toups and Coffman firms (collectively "Toups") (Doc. # 4598); and the Shields, Paul Byrd, and Hossley-Embry firms (collectively "Shields") (Doc. # 4599). As more fully set forth below, the Court **overrules** the objections, **adopts** the R&R in its entirety, and awards attorney fees in accordance with the R&R and its Exhibit 1.[1]

---

[1] All pending attorney fee award petitions, to the extent they seek awards from the IRPA pool, are hereby granted and denied to the extent of the Court's specific awards pursuant to Exhibit 1 to the special master's R&R, as set forth herein.

## I.     Background

By Memorandum and Order of December 7, 2018, the Court granted final approval of a settlement agreement resolving claims against the Syngenta defendants, and it awarded one third of the settlement fund as attorney fees. *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6436074 (D. Kan. Dec. 7, 2018). By Memorandum and Order of December 31, 2018, the Court allocated the attorney fee award among four pools: three common-benefit pools and a pool for individually-retained private attorneys (IRPAs). *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6839380 (D. Kan. Dec. 31, 2018). The Court allocated $60,400,000.00, constituting 12 percent of the total fee award, to the IRPA pool, which portion would be shared by IRPAs pro rata based on the ultimate recoveries by their claimant clients. *See id.* at *6-11. The Court concluded that such an amount, which was intended to result in a contingent fee for IRPAs of approximately 10 percent, was reasonable and appropriate in this case "for IRPAs who did not perform work (in addition to filing a case) that benefitted the entire settlement class" (such work benefitting the class would be compensated from the common-benefit pools). *See id.* at *6-10. In light of that conclusion concerning the reasonableness of this fee award, the Court further ruled that IRPAs could not recover additional fees from any client's recovery based on a contingent-fee contract. *See id.* at *10.

After determining the amount allocated to the IRPA pool, the Court reopened the application period and set a new deadline to allow IRPAs who had not yet filed an application for attorney fees to seek an award from the IRPA pool, as long as the applicant represented a settlement class claimant prior to the Court's preliminary approval of the

settlement. *See id.* The Court required any such application to include a list of all claimants represented by that attorney. *See id.* at *11. The Court ruled that specific awards from the IRPA pool would be "administered by this Court, in consultation with the Minnesota state court and the Illinois federal court, regardless of where an IRPA's cases were filed," which arrangement would allow for a consistent distribution of the fee awards from the IRPA pool. *See id.* The Court then adopted the following procedure for specific awards from the IRPA pool:

> Once the amount of each claimant's recovery from the settlement fund has been determined, the claims administrator, with oversight by the special master, shall calculate the *pro rata* IRPA award to be made from the IRPA pool to each attorney who has applied for a fee award, and the amount of an attorney's proposed IRPA fee award shall be communicated to that attorney, who shall have the opportunity to object to the calculation by the administrator. After the administrator has attempted to resolve any objection, the master shall file a report and recommendation concerning the proposed distribution of the IRPA pool to particular attorneys or law firms, in which the master shall note any outstanding objections and her recommendations concerning those objections. Objections to that report and recommendation may be filed within 14 days, and the Court will then resolve any such renewed objections.

*See id.* Finally, by separate Order of January 4, 2019, the Court required each applicant for an award from the IRPA pool to submit certain information, including a signed retainer agreement or power of attorney, to the claims administrator in a particular form.

By separate orders, the Court subsequently awarded fees from the three common benefit pools and expenses to particular law firms. *See In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 1274813 (D. Kan. Mar. 20, 2019) (Kansas pool); *In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 3202256 (D. Kan. July 16, 2019) (Minnesota pool); *In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 6134520 (D. Kan. Nov. 19, 2019) (Illinois

3

pool); *In re Syngenta AG MIR 162 Corn Litig.*, 2020 WL 7344684 (D. Kan. Dec. 14, 2020) (indicative ruling that Court would modify common-benefit awards to effect a settlement on appeal); *In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 3251526 (D. Kan. July 19, 2019) (expenses). The distribution of the settlement fund to claimants is nearly complete, and all appeals concerning the approval of the settlement have been resolved (with only appeals concerning fee and expense awards remaining pending).

## II.     The Special Master's Report and Recommendation

In its allocation order, the Court extended the appointment of Ellen Reisman as special master to oversee the distribution of attorney fees as allocated by the Court. *See In re Syngenta*, 2018 WL 6839380, at *15. On May 14, 2021, the master filed her R&R concerning the awards of fees to specific attorney applicants from the IRPA pool, as requested by the Court. A summary of the R&R follows.

IRPAs made a total of 114,060 submissions. By each submission, a particular IRPA sought to recover a pro rata portion of the IRPA pool based on a particular settlement claim by a client claimant. The administrator first attempted to link each submission to a particular claim, by claimant identification number or by other means. The administrator then reviewed the supporting documentation for each submission. After sampling the submissions to test the accuracy of the administrator's coding of submitted documents, the master deemed accepted any submission supported by a legible retainer agreement or power of attorney that was signed by or on behalf of a claimant, dated on or before the date of the preliminary approval, and for which there was no competing submission. If there

4

were competing submissions linked to a single settlement claim, the master opted against splitting the award, as such a process would have been complicated and time-consuming, requiring additional information. Instead, in the case of competing submissions, the master made the award pursuant to the following principles: if no submission satisfied the requirements for an award, all were rejected; if only one submission satisfied the requirements, that submission was deemed accepted; and if multiple submission satisfied all requirements, the master accepted the submission of the IRPA designated as counsel by the claimant in the online claims portal, or in the absence of such a designation, accepted the submission with the earliest signed retainer agreement or power of attorney.

On February 18, 2021, applicant IRPAs received notice of the special master's preliminary determinations, including which submissions were accepted, which submissions were rejected (with the basis for the rejection), the estimated IRPA award for each accepted submission, and the procedure and deadline for appealing the initial determination to the master. The master received and resolved approximately 2,800 timely appeals. The master permitted the submission of additional supporting documents other than new retainer agreements and powers of attorney, which were not accepted because the IRPA submission deadline had already passed. Submissions were deemed accepted on appeal if additional documents satisfied the requirements for an award, including evidence linking a submission to a particular settlement claim and evidence establishing when an undated retainer agreement or power of attorney had been executed. In accordance with the Court's order allocating funds to the IRPA pool for IRPAs retained prior to preliminary settlement approval, the master rejected on appeal the argument that submissions based on

a later agreement should be accepted if work had been performed for the client prior to that date.  In the case of an agreement or power of attorney that was unsigned or signed by someone other than the claimant, the appeal was denied unless evidence showed that the document had been signed by an authorized representative of the claimant.  In the case of competing submissions, the master rejected the argument on appeal that a "wet ink" signature should prevail over an electronic signature on a claim form that designated a particular attorney.

Having completed the appeal process, the master now recommends acceptance of 108,307 submissions, based on settlement claims totaling $607,981,931.21.  Those awards would thus result in an effective fee for each IRPA of approximately 9.93 percent of the amounts recovered by the attorney's clients (not including fee awards from the common-benefit pools).  Although the settlement claim amounts could still change for a few remaining claims, any such change would result in only a negligible change to the IRPA awards, and the master therefore recommends against any further delay in the awards, which would be paid only after each associated settlement claim was finalized and paid.  The master recommends rejection of 4,587 submissions for which there was no appeal to the master.  The master also recommends rejection of 1,166 submissions that were the subject of an unsuccessful appeal to the master.  Finally, the master recommends that the Court adopt a particular procedure for distribution of the awards from the IRPA pool, including the submission by attorneys of payment instructions, consents to such instructions by co-applicants, and W-9 forms.

### III. <u>Analysis</u>

In its allocation order, the Court explained the special master's authority and the Court's standard of review – which apply here as well – as follows:

> The Court referred to the special master the issues addressed in the R&R pursuant to Rule 23, which allows for such a referral as provided in Rule 54, which in turn directs the Court to Rule 53. *See* Fed. R. Civ. P. 23(h)(4), 54(d)(2)(D). Rule 53 sets the Court's standard of review: in the absence of a stipulation by the parties, the Court reviews de novo all objections to the special master's factual findings and legal conclusions.

*See In re Syngenta*, 2018 WL 6839380, at *3. In accordance with the procedure for specific awards from the IRPA pool set forth in the allocation order, *see id.* at *11, the Court has consulted with the Honorable Nancy J. Rosenstengel of the United States District Court for the Southern District of Illinois and the Honorable Laurie Miller of the District Court of Hennepin County, Minnesota. Those judges have approved the rulings contained herein concerning the specific awards of attorney fees from the IRPA pool.

After having conducted a de novo review, the Court adopts the special master's Report and Recommendation in its entirety. It therefore overrules the objections filed by Toups and Shields, and it awards attorney fees from the IRPA pool in accordance with the R&R and its exhibits.

The special master was assigned a monumental task, and the Court is convinced that she performed to the highest standard. The R&R demonstrates that the special master and claims administrator conducted a thorough and thoughtful review of more than 100,000 submissions by IRPA applicants, and the Court did not receive a single objection relating to the matters addressed in the R&R. The principles that the master applied in deciding

7

whether to recommend awards for particular submissions were sound and appropriate and consistent with the Court's prior orders. The Court therefore agrees with and applies those same principles, including the principles regarding the consideration of additional evidence other than new retainer agreements and powers of attorney; the requirement of a signed retainer agreement or power of attorney; the resolution of cases involving competing submissions (without splitting the award); and the reliance on electronic signatures on settlement claim forms. The Court agrees that the submissions recommended for acceptance should be accepted, and that the submissions recommended for rejection should be rejected for the reasons identified by the master.

The objection filed by Toups does not take issue with any particular recommendation contained in the R&R. Indeed, Toups states expressly in its briefs that it does not object to the "mathematics" underlying the master's recommendation for IRPA awards and does not appeal its client fee contracts "disallowed" by the master. In its filing, Toups only reiterates its prior objection to the multi-pool allocation method adopted by the Court in its prior allocation order – as argued by Toups in its prior briefs to this Court and to the Tenth Circuit, which Toups incorporates by reference – based on Toups's argument that the method has resulted in a total fee award to Toups that is unfair. The Court has previously rejected that argument by Toups, and the issue is now before the appellate court. Toups has not identified any basis for reconsideration of the Court's prior orders, and it appears that Toups has raised the issue again only to make sure that the issue is preserved for appeal. Only the special master's R&R is presently before the Court, and Toups has not objected to anything in the R&R; accordingly, the Court overrules the objection.

Toups did attach to its filing some exemplars of its contingent fee contracts with clients and a list of its client claimants who executed such contracts. Toups notes that such contracts were required in the IRPA fee submissions to the administrator, but they were not included with the R&R filed by the master. In their response to this objection, settlement class counsel argues that the Court should strike those exhibits because they do not relate to any objection addressed to the R&R. The Court denies this request, however. Although the Court need not consider those exhibits in reviewing the R&R, class counsel have not identified any authority supporting the striking of the exhibits. It is for the Tenth Circuit to decide which documents it will consider in deciding any appeal.

Similarly, Shields conceded that "much" of its present objection has been ruled previously and that it raises the issues (including by incorporating its prior briefs) to preserve them for appeal. First, Shields notes the Court's prior denial of the Shields firm's request to supplement its IRPA submissions to seek awards based on 96 additional settlement claims by clients. *See* Memorandum and Order of Sept. 23, 2020 (Doc. # 4455). Shields refers to its prior arguments and additionally argues that these submissions could be easily added. Shields has not identified any proper basis, however, for the Court's reconsideration of its prior conclusions that the Court's deadlines and requirements for IRPA fee submissions were clear and that the firm's supplementation request came far too late; and the Court declines to reconsider that prior discretionary ruling at this time.

Shields also repeats its prior arguments that the Court's allocation method and allocation to the IRPA pool does not provide it with a sufficient fee. Like Toups's objection, this objection does not address the particular matters contained in the R&R, and

9

Shields has not identified a proper basis for the Court's reconsideration of its prior orders at this time.  Shields's objection is therefore overruled.

Accordingly, the Court adopts the R&R in its entirety, and specifically adopts the recommendations contained in the "Conclusion" section of the R&R.  The Court thus (1) awards fees from the IRPA pool as set forth in Exhibit 1 to the R&R; (2) rejects other IRPA award petitions and overrules all objections to the recommended awards, including objections made to this Court and those made only to the special master on appeal from the master's initial determinations; and (3) requires each IRPA award recipient to undertake the procedural steps and make the submissions set forth in the R&R as a precondition to payment of the award.

IT IS THEREFORE ORDERED BY THE COURT THAT the Report and Recommendation of the special master (Doc. # 4596) is hereby **adopted in its entirety**; objections to the Report and Recommendation (Doc. ## 4598, 4599) are hereby **overruled**; and attorney fees are hereby awarded as set forth in the Report and Recommendation.

IT IS SO ORDERED.

Dated this 4th day of June, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge
