IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: SYNGENTA AG MIR 162 ) MDL No. 2591
CORN LITIGATION )
) Case No. 14-md-2591-JWL
This Document Relates To: )
 )
*Crumley Roberts, LLP and* )
*Burke Harvey, LLC v.* )
*Henninger Garrison Davis LLC*, )
No. 21-2261-JWL )
_____)

# **MEMORANDUM AND ORDER**

This single case within this multi-district litigation (MDL) presently comes before the Court on plaintiffs' motion for remand (Doc. # 20 in Case No. 21-2261). For the reasons set forth below, the Court **denies** the motion.[1]

After approving a global settlement in the MDL, the Court made various awards of attorney fees pursuant to a mechanism involving three common benefit pools and a pool for individually retained plaintiffs' attorneys (IRPAs). By Memorandum and Order of November 19, 2019, the Court awarded attorney fees in the amount of $33,764,227.70 from the Illinois federal court common benefit pool to the "Garrison Group". That award was based on an attorney fee application submitted by "Team HGD", a group of law firms including Henninger Garrison Davis LLC ("HGD"); Crumley Roberts, LLP ("CR"); Burke Harvey, LLC ("BH"); and others. The Court subsequently reduced the award by

___
[1] Because plaintiffs have not prevailed on their motion, the Court denies plaintiffs' request for attorney fees associated with the removal and the motion.

$2,500,000 to effect a settlement of appeals involving another law firm group. The Court has authorized distribution of all of the fees awarded from the common benefit pools with the exception of a total holdback of $30 million (to account for possible changes resulting from appeals), and over $29,000,000 of the award to the Garrison Group has been distributed to the HGD firm.

Plaintiffs CR and BH initiated the present action against defendant HGD in Illinois state court, HGD removed the case to federal court in the Southern District of Illinois, and the case was then transferred into the MDL. Plaintiffs allege that HGD owes them a portion of the common benefit award to the Garrison Group – which has been partially distributed to HGD – pursuant to an agreement among the parties.

By the present motion, plaintiffs seek remand of the action to state court in Illinois. HGD opposes remand on the basis of its argument that this Court has retained jurisdiction over the parties' dispute concerning the attorney fee award.[2] Plaintiffs do not dispute that if the Court did retain such jurisdiction, the case should stay in federal court and remand is not warranted.

The Court first takes the opportunity to address certain interpretations of its orders argued by HGD, as the MDL Panel invited the Court to do in the order transferring the case into the MDL. The Court first rejects HGD's characterization of plaintiffs' suit as an improper collateral attack on the Court's fee award to HGD that was enjoined in the Court's

---

[2] HGD also asserted diversity jurisdiction in its notice of removal, but it has abandoned that assertion in opposing remand.

Final Order and Judgment of December 7, 2018. There was no award to HGD from the Illinois common benefit pool, only an award to a group that included HGD and plaintiffs. Plaintiffs' suit does not invite the Court to revisit that award; rather, it asks that the award be distributed in accordance with an agreement among the parties. Moreover, in the final order and judgment, the Court enjoined suits involving claims that interfere with the Court's orders in the MDL, but the requested distribution of the fee award among the firms in a group would not interfere with the Court's award to that group. As discussed below, the Court retained jurisdiction over such a request elsewhere in the final order and judgment.

The Court also rejects HGD's argument that the Court previously abrogated all joint prosecution agreements (JPAs), including the alleged agreement on which plaintiffs rely. In its initial fee allocation order, in which the Court allocated its total fee award among the four pools, the Court stated its intention that its fee awards cover all fees recovered by attorneys on contingent fee contracts, and accordingly it prohibited the recovery of additional contingent fee payments from clients. *See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6839380, at *10 (D. Kan. Dec. 31, 2018) (Lungstrum, J.). The Court did not prohibit other fee-related claims or abrogate other agreements. Elsewhere in the opinion, the Court rejected the argument by some objectors that IRPA awards should be governed by particular JPAs or common benefit orders (CBOs). *See id.* at *6. The Court stated that the particular JPAs did not govern the Court's fee awards for the following reasons: the Court was not bound by agreements among attorneys; the JPAs addressed the

3

recovery of fees in separate litigations and thus did not apply in the global settlement context; and "the settlement agreement, which contemplates attorney fee determinations by the Court, expressly supersedes all other agreements." *See id.* The present dispute concerns an award from a common benefit pool and thus does not concern an IRPA fee award. The Court chose not to follow particular JPAs in creating and allocating to the IRPA pool, but it did not abrogate all JPAs or other agreements between attorneys or firms concerning the division of particular fee awards. Although the Court noted that the settlement agreement superseded other agreements concerning how fees should be awarded by the Court, the Court did not intend to affect any agreement concerning how an award was eventually distributed among awardees. Like many other awards from the common benefit pools, the award to the Garrison Group was an award to a group of multiple firms, which award necessarily presumes a division within the group in accordance with some terms agreed by the members of the group.

Finally, the Court rejects any argument by HGD that the Court has effectively prohibited plaintiffs' recovery of any portion of fees awarded from a common benefit pool because plaintiffs were primarily engaged in recruiting clients. In its initial allocation order, the Court stated that because work recruiting clients did not inure to the common benefit of the settlement class, such work would not be considered common benefit work for purposes of awards from the common benefit pools. *See id.* at *14. Thus, such work

4

by plaintiffs would not have justified a common benefit award to them by the Court.³ By that statement, however, the Court was not intending to opine or rule that firms could not agree among themselves to divide a common benefit award on that basis or according to any other terms. Again, the Court did not prohibit any particular agreements for dividing fee awards from the Court; rather, it prohibited only the enforcement of certain agreements with clients.

The Court does agree with HGD, however, that the Court in its prior orders retained jurisdiction over disputes like the one at issue in this suit. The settlement agreement approved by the Court provides that this Court shall retain "exclusive and continuing jurisdiction" over its award of fees; and that it "shall retain jurisdiction over any disputes arising out of or relating to the orders of the Court relating to" its fee award (except in two circumstances not relevant here). The Court expressly incorporated the settlement agreement into the final order and judgment. In that final order and judgment, the Court also reiterated that it retained exclusive jurisdiction to "decide any disputes among counsel related to attorneys' fees" (except in the two circumstances addressed separately in the settlement agreement). The parties' present dispute certainly relates to and arises from a particular fee award by the Court, and thus it falls within the scope of the jurisdiction retained by the Court. Moreover, the settlement agreement and judgment excepted from this Court's jurisdiction disputes arising from counsel referral agreements involving two

---

³ In addressing this argument by HGD, the Court does not mean to suggest that plaintiffs' work was in fact limited to the recruitment of clients.

5

particular law firms, jurisdiction over which would lie instead in Illinois federal court and Minnesota state court respectively. Those exceptions support the interpretation that disputes arising from other agreements between counsel would remain within the jurisdiction of this Court. Plaintiffs have not addressed these jurisdictional provisions in their briefs, and thus they have not explained why those provisions do not apply here in accordance with their plain meaning.

The Court reaffirmed its continuing jurisdiction in its Order of January 12, 2021, in which the Court authorized the distribution of expense awards and all but $30 million of its fee awards from the common benefit pools. In that order, the Court stated that disputes regarding the distribution among groups awarded fees collectively should be brought before it; and it further stated that it retained jurisdiction "over all firms relating to these fee and expense disbursements." Again, the present dispute is certainly one that relates to the ultimate disbursement of fees awarded by the Court. Plaintiffs argue in conclusory fashion in their reply brief that this retention of jurisdiction in the disbursement order was intended to encompass only disputes *between* groups awarded fees and not those *within* such groups; however, they do not explain how the actual language of the order supports that interpretation. In fact, the reference to disputes regarding distribution *among* firms or groups awarded fees *collectively* supports the Court's interpretation that it retained

jurisdiction over this dispute within a group of firms (the Garrison Group) that was awarded fees collectively.[4]

Finally, as HGD notes, part of the fee award of which plaintiffs seek a portion remains undistributed, in a qualified settlement fund (QSF) over which this Court has retained jurisdiction. The fact that this Court retained jurisdiction over this dispute and the fact that part of the relevant award remains within the Court's jurisdiction distinguish this case from cases cited by plaintiffs in which courts declined to exercise jurisdiction over a fee award dispute.

Plaintiffs insist that this case is akin to a dispute within a law firm involving the distribution among partners of a fee award to the firm, and they argue that the Court did not intend to retain jurisdiction over such an intramural dispute. The Court by this ruling offers no opinion concerning its possible jurisdiction over such a dispute. The analogy is not apt, however, as in this case fees were awarded to a group that included plaintiffs, based on an application that expressly included plaintiffs as applicants. Plaintiffs' dispute concerning the distribution of fees within that applicant/awardee group relates to and arises from a fee award by this Court, and the Court expressly retained jurisdiction over such disputes. The Court's assertion of jurisdiction in this case is therefore appropriate, and plaintiffs' motion for remand must therefore be denied.

---

[4] HGD argues that this provision of the disbursement order required plaintiffs to make this challenge before the funds were distributed to HGD. The Court declines at this time to consider that argument or to interpret that order further, however, as the facts relating to how settlement class counsel approved the distribution to HGD are not presently before the Court.

7

As a final matter, briefing on HGD's pending motion to dismiss was stayed before plaintiffs filed a response, and that stay is hereby lifted. HGD has informed the Court, however, that it wishes to amend that motion. The Court in its discretion will permit such an amendment. HGD shall file its amended motion and supporting brief on or before **July 19, 2021**. If HGD files an amended motion, its original motion to dismiss shall be denied as moot, and plaintiffs shall file their response brief within 21 days after filing of the motion. If HGD chooses not to file an amended motion, plaintiffs' response to the original motion to dismiss shall be filed on or before **August 9, 2021**. In either event, any reply brief shall be filed by HGD within 14 days after plaintiffs file their response.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for remand (Doc. # 20 in Case No. 21-2261) is hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of July, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge