IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION, <br><br> This Document Relates to All Cases <u>Except</u>: <br><br> *Crumley Roberts, LLP et al. v. Henninger Garrison Davis LLC*, No. 21-2261-JWL | MDL No. 2591 <br><br> Case No. 14-md-2591-JWL |

## **MEMORANDUM AND ORDER**

This matter arising from multi-district litigation (MDL) comes before the Court on the special master's Report and Recommendation of July 1, 2021 (Doc. # 4615), concerning a lien dispute between a settlement class member claimant and a purported lienholder. For the reasons set forth below, the Court **adopts** the Report and Recommendation in its entirety, and it orders that the entire final award amount of $34,863.77 for the claim by Oberg Family Farms be paid to lienholder Bell Bank.

On May 15, 2020, the Court approved Claims Processing Procedure CPP-7 concerning liens asserted against settlement claim awards, and it appointed Ellen Reisman as special master to take particular actions pursuant to that Procedure. Under that Procedure, if a lien cannot be resolved between a settlement class member claimant and a purported lienholder, the special master is required to file a report and recommendation with the Court regarding whether the lien should be honored and the amount to be paid to

the purported lienholder. Interested parties then have 14 days in which to file written objections to the report and recommendation.

Pursuant to the applicable claims processing procedures, the claims administrator determined a final award in the amount of $34,863.77 for claimant Oberg Family Farms ("Oberg"). In July 2019, Bell Bank notified the administrator that it was asserting a lien against any award in favor of Oberg, and it provided various supporting documents to the administrator. On December 10, 2020, after determining the award amount, the administrator sent Oberg a notice of the asserted lien and copies of the supporting documents. In January 2021, a representative responded that Oberg would not object to the lien as long as the award check was issued to both Oberg and Bell Bank and sent to Oberg. The administrator replied that it could not issue a joint check and provided Oberg with a copy of CPP-7. The representative then responded that Oberg did object to the lien, based on a particular forbearance agreement from July 2019. In February 2021, the administrator issued Oberg and Bell Bank a notice of their duty to attempt to resolve their lien dispute. When the deadline passed with no word from the parties, the administrator again contacted the parties and established a new deadline. After that deadline passed without a resolution, the administrator referred the dispute to the special master.

On June 4, 2021, the master notified Oberg and Bell Bank that they could submit additional information or arguments, but neither party chose to make a further submission. On July 1, 2021, the master filed her Report and Recommendation, in which she stated her conclusion that the parties' forbearance agreement "is best interpreted as having no effect on Bell Bank's security interest in the settlement proceeds of Oberg Family Farms;" and

in which she recommended that the lien asserted by Bell Bank be honored and that the administrator be ordered to pay the entire award to that party.[1]  No party has filed an objection or any other response to the Report and Recommendation of the special master.

After reviewing the matter *de novo*, the Court concludes that the special master's Report and Recommendation should be adopted in its entirety.  As noted by the special master, the documents submitted by Bell Bank establish their security interest in Oberg's general intangibles, and Oberg has never disputed the existence of that security interest (and indeed Oberg initially agreed that the award check should be paid also to Bell Bank). Oberg raised an objection with the administrator based on the forbearance agreement, but it did not support that objection with argument or citation to specific terms in the agreement.  In response to that objection, Bell Bank did cite specific terms to show that it retained its right to the settlement proceeds.  The Court agrees with the special master that, in the absence of any particular argument to the contrary, the agreement is most reasonably interpreted as having no effect on Bell Bank's security interest in the settlement proceeds. Oberg has not filed any objection to – and thus does not take issue with – that conclusion. Accordingly, the Court concludes that Bell Bank's lien should be honored and that Bell Bank should receive Oberg's settlement award.

---

[1] Because these parties and their attorneys may not receive notice of filings in the MDL, the special master served a copy of the Report and Recommendation by mail or electronic mail on counsel for the parties and on various individuals associated with Oberg. The special master then filed a certificate in this Court attesting to that service.  Those same persons will be served with a copy of this Memorandum and Order by mail.

IT IS THEREFORE ORDERED BY THE COURT the special master's Report and Recommendation of July 1, 2021 (Doc. # 4615) is hereby **adopted** in its entirety; the entire final award amount of $34,863.77 for the claim by Oberg Family Farms is ordered to be paid by the claims administrator to lienholder Bell Bank.

IT IS FURTHER ORDERED BY THE COURT THAT the Clerk of the Court shall mail a copy of this Memorandum and Order to all persons listed in the certificate of service (Doc. # 4616) filed by the special master with respect to her Report and Recommendation.

IT IS SO ORDERED.

Dated this 28th day of July, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge