IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION | ) | MDL No. 2591 |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates To: | ) | |
| *Crumley Roberts, LLP and Burke Harvey, LLC v. Henninger Garrison Davis LLC*, No. 21-2261-JWL | ) | |

**MEMORANDUM AND ORDER**

This single case within this multi-district litigation (MDL) presently comes before the Court on defendant's amended motion to dismiss (Doc. # 29 in Case No. 21-2261). For the reasons set forth below, the Court **grants in part and denies in part** the motion. The motion is granted with respect to plaintiffs' equitable estoppel claim, although plaintiffs are granted leave to amend that claim by filing an amended complaint on or before **September 23, 2021**. The motion is otherwise denied.

## I. Governing Standard

The Court will dismiss a cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to

provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

## II. Analysis

After a global settlement was reached and approved in the MDL, the Court awarded attorney fees to the "Garrison Group" from a pool established by the Court to compensate firms for work performed for the common benefit of the settlement class. That award was based on an attorney fee application submitted by "Team HGD", a group of law firms that included defendant Henninger Garrison Davis LLC ("HGD"); plaintiff Crumley Roberts, LLP ("CR"); plaintiff Burke Harvey, LLC ("BH"); and others. In the present action, plaintiffs CR and BH allege that defendant HGD owes them a portion of the common benefit award to the Garrison Group (which has been partially distributed to HGD) pursuant to an agreement among these three parties. By their complaint, plaintiffs assert claims for breach of an oral contract, breach of a contract implied in law, equitable estoppel, and promissory estoppel; and a claim for dissolution, accounting, and distribution under the Illinois Uniform Partnership Act.[1]

[1] This case was filed in Illinois state court, removed to federal court, and then transferred into the MDL. By previous order, the Court denied plaintiffs' motion to remand the case to state court.

*A.* *Alleged Oral Contract*

Defendant first contends that plaintiffs have not stated a plausible claim based on the alleged oral contract to divide attorney fees. Specifically, defendant argues that the parties did not contemplate the receipt of a common-benefit fee award, as they intended to prosecute only a mass tort action involving individual cases, in which any fees would be received on a per-client basis and not on the basis of particular work performed.

The Court rejects this argument for dismissal. Plaintiffs have alleged an agreement by defendant to divide all attorney fees received as a result of their clients' litigation against Syngenta. Defendant disputes the terms of the parties' agreement, but any such factual dispute is not ripe for resolution at this pleading stage. Defendant insists that it would not have agreed to divide common-benefit fees based on work performed; but the Court cannot conclude that a claim based on an agreement as alleged by plaintiffs is not plausible, as cooperating firms could reasonably have agreed to divide all legal fees however awarded or determined.[2]

---

[2] Defendant argues that plaintiffs could not have anticipated fees awarded as part of a class action, as the parties planned to file individual cases, and thus that plaintiffs would not have insisted on a split of common-benefit fees. Of course, plaintiffs' intent is a matter of fact yet to be litigated; and the possible assertion of class claims and the subsequent inclusion of their clients within a class could not reasonably have been dismissed by the parties as an impossibility. Moreover, defendant's argument cuts both ways – if the parties did not believe that a class action was likely, defendant may not have seen the need to object to an agreement to divide all fees however obtained (that is, whether obtained on an individual basis or in a class action based on work performed). The Court is also not persuaded by defendant's argument that the alleged agreement to split "fees" could not apply to the Court's common-benefit "award", as the Court's award was of attorney *fees*. Simply put, an agreement has been alleged, that allegation is not implausible on its face, Continued…

The Court also rejects defendant's argument that the alleged agreement's terms are not sufficiently definite to allow enforcement. *See, e.g., Association Benefit Servs., Inc. v. Caremark Rx, Inc.*, 493 F.3d 841, 850 (7th Cir. 2007) (under Illinois law, agreement must contain definite and certain terms).[3] Defendant notes that plaintiffs have not alleged that the parties' contract included a specific promise regarding the division of common-benefit fees. Plaintiffs have alleged an agreement to divide *all* fees, however, and defendant has not suggested any reason why such a term is not sufficiently definite. Moreover, plaintiffs were not required to allege every term in the contract, and the cases cited by defendant were decided only after a consideration of the evidence. *See id.* (appeal from summary judgment); *Academy Chicago Publishers v. Cheever*, 578 N.E.2d 981 (Ill. 1991) (review of declaratory judgment). This argument too must await the presentation of evidence. Accordingly, the Court denies the motion to dismiss the contract claim on this basis.

*B.* *Statute of Frauds*

Defendant argues in the alternative that Illinois's statute of frauds prohibits plaintiffs' enforcement of the alleged oral contract. That statute bars an action "on any agreement that is not to be performed within the space of one year from the making thereof" unless the agreement is in writing and signed by the defendant. *See* 740 Ill. Comp. Stat. 80/1. Defendant argues that the parties knew that any recovery (and thus division) of

---

and the actual terms of that agreement present a question of fact that cannot be resolved at his stage.

[3] The parties agree that plaintiffs' claims are governed by Illinois law.

attorney fees would occur years after the formation of the alleged agreement in October 2014. Defendant notes that the parties did not file any suit until September 2015 and that the settlement was not reached until 2018. In applying this statute, however, the agreement must be considered "from the standpoint of possibility," and if performance within a year is theoretically possible, the statute does not apply. *See Barnes v. Michalski*, 925 N.E.2d 323, 338-39 (Ill. App. Ct. 2010).

> If the contract is one of indefinite duration but performance within a year is possible by its terms, the contract is not within the statute, no matter how unlikely it is that it will actually be performed within a year. The test is whether the contract was capable of being performed within one year after its formation, not whether the parties contemplated that it would be performed within that time.

*See id.* at 339 (citations and internal quotation omitted).

The Court concludes that the statute of frauds does not bar plaintiffs' contract claim at this stage. In their complaint, plaintiffs have not alleged that the parties' contract had a particular duration, and as plaintiffs argue, the receipt of attorney fees within a year after the agreement (for instance after a quick settlement) was not impossible (even if it was unlikely). Defendant has not explained why the obligation to divide fees could not possibly have arisen within one year.[4] Accordingly, the Court denies the motion for dismissal on the basis of the statute of frauds.[5]

### *C. Partnership Claim Under Illinois Law*

---

[4] Defendant did not address this basis for dismissal in its reply brief.

[5] In light of this ruling, the Court need not address defendant's argument concerning possible exceptions to the statute.

Defendant seeks dismissal of plaintiffs' partnership claim. Defendant first argues that the parties did not intend to form a partnership. It is true that "[t]he intention of one party alone cannot create a partnership." *See Ramacciotti v. Simpkins*, 266 N.E.2d 700, 702 (Ill. App. Ct. 1970). In this case, however, plaintiffs have alleged a mutual agreement by the parties. Moreover, the Illinois Uniform Partnership Act provides that "the association of 2 or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intended to form a partnership," *see* 805 Ill. Comp. Stat. 206/202(a), and thus the fact that the parties did not intend to form a partnership (assuming that fact is established in the litigation) is not relevant.

Defendant also argues that plaintiffs have failed to allege the presence of certain hallmarks of a partnership recognized by courts (such as joint tax returns, joint accounts, division of profits and expenses, a partnership agreement, a partnership name, a certificate filed with governmental authorities). The Court rejects this argument as well. In the cases cited by defendant, such hallmarks were considered with all of the evidence in determining whether a partnership existed, but none of those hallmarks was deemed an absolute requirement (and the cases were not decided at the pleading stage). Plaintiffs have alleged that the parties agreed to recruit and represent clients in litigation against Syngenta and to divide all attorney fees, and defendant has not explained how such an association (if proved) would not meet the definition of a partnership.[6] Nor can the Court conclude that plaintiffs' claim of a partnership is implausible.

---

[6] Defendant did not address the partnership claim in its reply brief.

Finally, defendant argues that it is not plausible that the parties would have formed a partnership in 2014 under Illinois law, as the parties' first contact with Illinois (the filing of a suit there) did not occur until many months later (the parties are located in North Carolina and Alabama). The Court rejects this argument. As noted above, under the partnership act, there need not be any specific intent to form a partnership, and defendant has not cited any authority suggesting that Illinois law could not recognize and regulate a partnership formed initially in a different state. Accordingly, the Court denies the motion to dismiss the plaintiffs' partnership claim.[7]

*D.* *Equitable Estoppel*

Defendant separately seeks dismissal of plaintiffs' equitable estoppel claim. Defendant argues that plaintiffs have failed to allege a misrepresentation or concealment of a material fact, as required for the assertion of such a claim. Plaintiffs do not dispute that the elements of a claim of equitable estoppel under Illinois law include such a misrepresentation. *See, e.g.*, *Industrial Specialty Chems. v. Cummins Engine Co.*, 918 F. Supp. 1173, 1178-79 (N.D. Ill. 1996) (elements include a misrepresentation or concealment of a material fact, defendant's knowledge of the falsity, an expectation of reliance, actual reliance, and injury). Plaintiffs note that they have alleged that defendant made certain assurances to them concerning compliance with the parties' agreement. Plaintiffs have not

[7] The Court notes that defendant argues in its motion that plaintiffs' claims are governed by Illinois law. Because neither side has cited or discussed the statute, the Court has not considered the applicability of 805 Ill. Comp. Stat. 206/106(a), which provides that relations among partners are governed by the law of the jurisdiction in which the partnership has its chief executive office. *See id.*

alleged, however, that those statements were false and that defendant knew of the falsity at the time. Thus, plaintiffs have failed to allege facts to support an actionable claim of equitable estoppel, and dismissal of that claim is therefore appropriate.[8] Nevertheless, the Court will allow plaintiffs the opportunity to amend this claim to allege facts that satisfy the elements of this claim.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's amended motion to dismiss (Doc. # 29 in Case No. 21-2261) is hereby **granted in part and denied in part**. The motion is granted with respect to plaintiffs' equitable estoppel claim, and that claim is hereby dismissed, although plaintiffs are granted leave to amend that claim by filing an amended complaint on or before **September 23, 2021**. The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 9th day of September, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[8] Defendant also argues that plaintiffs' equitable claim is barred by their own unclean hands in insisting on payment of an unreasonable fee. This argument depends on the particular facts of the case, however, and thus the Court, exercising its equitable jurisdiction, declines to address it at this time.