IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION | ) ) ) | MDL No. 2591 |
| This Document Relates To: | ) ) ) | Case No. 14-md-2591-JWL |
| *Crumley Roberts, LLP and Burke Harvey, LLC v. Henninger Garrison Davis LLC*, No. 21-2261-JWL _____ | ) ) ) ) ) ) | |

## **MEMORANDUM AND ORDER**

This single case within this multi-district litigation (MDL) presently comes before the Court on plaintiffs' motion to dismiss or strike defendant's counterclaim (Doc. # 37). For the reasons set forth below, the Court retains the motion under advisement, pending further briefing by the parties in accordance with the schedule set forth below.

In this suit, plaintiffs seek to recover from defendant two thirds of an attorney fee award pursuant to an alleged oral agreement among the parties. Defendant has filed a counterclaim seeking a declaratory judgment to the effect that plaintiffs are not entitled to such a recovery and that plaintiffs collectively are entitled to recover only $850,000 from the fee award. Plaintiffs presently request that the counterclaim be dismissed or struck or treated as a defense pursuant to Fed. R. Civ. P. 8(c)(2) on the basis that the counterclaim is redundant of plaintiffs' own claims, merely stating defendant's position in opposition to those claims, thereby making the counterclaim entirely superfluous.

As a preliminary matter, defendant does not dispute that declaratory relief is entirely discretionary, and the Court may exercise its judgment to dismiss a declaratory judgment claim at the outset if it determines that litigation of the claim will serve no useful purpose. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Defendant notes that the Tenth Circuit has not directly addressed the issue of a redundant counterclaim, but defendant offers no reason why this Court should entertain the declaratory judgment counterclaim if in fact it does nothing more than state a defense to plaintiffs' claims. Indeed, the Court agrees with plaintiffs here that if defendant's counterclaim is truly redundant and a mirror image of plaintiff's claims, it should be dismissed or treated as a defense because it would serve no useful purpose as an affirmative claim. *See, e.g.*, *Allied Materials and Equip. Co. v. Pappa Geppetto's Toys Victoria Ltd.*, 1992 WL 97813, at *2 (D. Kan. Apr. 2, 1992) (citing *Tempco Elec. Heater Corp. v. Omega Eng'g*, 819 F.2d 746, 747 (7th Cir. 1987)) (dismissal of declaratory judgment claim was warranted because it served no useful purpose in light of the litigation of affirmative claims by the opposing party).

Defendant instead argues that its counterclaim is not purely redundant because it does not merely seek a declaration that it is not liable to plaintiffs under state law for two-thirds of the fee award pursuant to an oral agreement. Defendant notes that its claim also addresses the amount due to plaintiffs from the common-benefit attorney fee award for common-benefit work performed by plaintiffs, even if plaintiffs do not recover the two-thirds portion they seek. Defendant concedes that plaintiffs are owed some small portion of the fee award, and it states its belief that plaintiffs collectively should receive $850,000

2

in accordance with the Court's prior reasoning in awarding fees. Defendant argues that such a claim to determine the value of an award of common-benefit fees to plaintiffs under the Court's prior fee award orders in the MDL is independent of plaintiffs' claim for two thirds of the award under state law.

In their reply brief, plaintiffs insist that the counterclaim is redundant, but they do not address this argument by defendant or explain the redundancy of a declaratory claim to determine the value of plaintiffs' common-benefit work for the MDL settlement class in light of the fact that that issue would not necessarily be decided in the litigation of plaintiffs' claims. Thus, the Court agrees with defendant that the counterclaim, as stated, is not redundant or a mirror image of plaintiffs' claims, and plaintiffs are therefore not entitled to relief on that basis.

The Court also rejects plaintiffs' argument that defendant has not sufficiently pleaded its counterclaim for a declaratory judgment. Defendant has stated the declaration that it seeks – that plaintiffs are entitled to some portion of the common-benefit award not to exceed $850,000 – and it has sufficiently alleged that such a limited award is appropriate under the Court's prior fee orders and the standards set forth therein. Defendant is not required in its pleading to prove the claim in detail or to include all of its arguments in support of the claim.

Before the Court exercises its discretion to allow the declaratory judgment counterclaim to proceed, however, it wishes to satisfy itself that a live case or controversy exists, for purposes of constitutional standing, with respect to the non-redundant issue

raised by the counterclaim, namely the value of the fee award portion to which plaintiffs are undisputedly entitled. Defendant has not stated in its counterclaim whether a dispute actually exists with respect to that portion, as defendant concedes that plaintiffs' common-benefit fee award should be valued at $850,000. Nor has defendant alleged that it tendered such amount to plaintiffs,[1] or that plaintiffs refused such a tender or have otherwise indicated that they dispute defendant's valuation of their common-benefit work.[2]

Accordingly, on or before **December 9, 2021**, defendant shall file a supplemental response brief, in which it addresses that issue. If there is indeed no live controversy concerning that portion of the counterclaim, then defendant would lack standing to seek such declaratory relief, and the Court would dismiss or recharacterize the remainder of the counterclaim as purely redundant of plaintiffs' claims. Plaintiffs shall then file a supplemental reply brief on or before **December 16, 2021**. In that reply, plaintiffs should make clear whether they dispute that their common-benefit work in the MDL is properly valued at $850,000.[3] Because plaintiffs have sought dismissal of the counterclaim on the basis that it adds nothing new to their own claims, it is not clear whether plaintiffs do in fact dispute defendant's valuation of their common-benefit work. If after consideration of these supplemental briefs the Court is persuaded that an actual dispute exists concerning

---

[1] The Court notes that defendant has not alleged how its $850,000 valuation is divided between the two plaintiffs.

[2] Of course, plaintiffs could accept any such tender while stating explicitly that they do not waive their claims to a greater portion by that acceptance.

[3] Plaintiffs will not be deemed to have waived any argument that they are also entitled to the remainder of the two-thirds portion under the alleged oral agreement.

the limited amount that defendant concedes is owed to plaintiffs, the Court will deny plaintiffs' motion for dismissal at this stage and will allow the counterclaim to proceed.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion to dismiss or strike defendant's counterclaim (Doc. # 37) is hereby retained under advisement pending limited supplemental briefing as set forth herein. Defendant shall file a supplemental response brief on or before **December 9, 2021**, and plaintiffs shall file a supplemental reply brief on or before **December 16, 2021**.

IT IS SO ORDERED.

Dated this 1st day of December, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge