IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION | MDL No. 2591 |
| | Case No. 14-md-2591-JWL |
| This Document Relates To: | |
| *Crumley Roberts, LLP and Burke Harvey, LLC v. Henninger Garrison Davis LLC*, No. 21-2261-JWL | |

## **ORDER**

This single case within this multi-district litigation (MDL) presently comes before the Court on plaintiffs' motion to dismiss or strike defendant's counterclaim (Doc. # 37). By Memorandum and Order of December 1, 2021, the Court rejected plaintiffs' arguments for dismissal of the counterclaim, but it retained the motion under advisement to allow for further briefing concerning whether a live case or controversy exists with respect to the declaratory judgment sought by defendant in the counterclaim. In their briefs, the parties agree that a live controversy exists with respect to the amount of common-benefit attorney fees to which plaintiffs are entitled. Thus, the Court at this time will permit the counterclaim to proceed, although the Court retains its discretion concerning whether any

declaratory relief is ultimately appropriate. Accordingly, the Court **denies** plaintiffs' pending motion to dismiss the counterclaim.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion to dismiss or strike defendant's counterclaim (Doc. # 37) is hereby **denied**.

IT IS SO ORDERED.

Dated this 22nd day of February, 2022, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[1] In their supplemental brief, plaintiffs repeat their argument that the counterclaim should be dismissed as redundant of their own claims. As the Court noted in its previous order, however, plaintiffs failed to address defendant's particular argument in their original reply brief, and their citation to a single case from 1937 in a footnote in their supplemental brief hardly provides the analysis necessary to merit reconsideration of the Court's prior ruling. Indeed, the case cited by plaintiffs has recently been called into question, and plaintiffs have not addressed the concerns raised in that recent opinion. *See Roberson Constr., LLC v. Ellerby*, 2021 WL 880672, at *18-19 (Ill. Ct. App. Mar. 9, 2021) (unpub. op.) (discussing *Moreen v. Estate of Carlson*, 6 N.E.2d 871 (1937)). Accordingly, at this time the Court will not reconsider its prior ruling that the counterclaim is not necessarily redundant of plaintiffs' claims.