IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 | ) | MDL No. 2591 |
| CORN LITIGATION | ) | |
| | ) | Case No. 14-md-2591-JWL |
| This Document Relates To: | ) | |
| | ) | |
| *Crumley Roberts, LLP and* | ) | |
| *Burke Harvey, LLC v.* | ) | |
| *Henninger Garrison Davis LLC*, | ) | |
| No. 21-2261-JWL | ) | |
| _____ | ) | |

## <u>MEMORANDUM AND ORDER</u>

This single case within this multi-district litigation (MDL) presently comes before the Court on plaintiffs' second motion for leave to amend their complaint (Doc. # 78). For the reasons set forth below, the Court **grants** the motion, and plaintiffs shall file their amended complaint forthwith.

In this suit, plaintiff law firms seek to recover from defendant law firm two thirds of an attorney fee award pursuant to an alleged oral agreement among the parties. By their original complaint, plaintiffs assert claims for breach of contract; a claim of promissory estoppel; and a claim for dissolution, accounting, and distribution under the Illinois Uniform Partnership Act.[1]  Plaintiffs now seek leave to amend to add as defendants the five equity owners of defendant firm, an Alabama limited liability company; and to add a claim seeking to set aside any distributions of the subject fee award by defendant firm to

---

[1] The Court previously dismissed plaintiffs' equitable estoppel claim.

those owners pursuant to Ala. Code § 8-9B-5, a provision of the Alabama Uniform Voidable Transactions Act.

Plaintiffs originally sought to add this claim through a motion to amend in which they argued that they had learned in discovery, after the amendment deadline, that defendant had made the distributions to its owners. By Memorandum and Order of September 19, 2022, the Court denied the motion, concluding that plaintiffs had not shown good cause for modifying the scheduling order's amendment deadline. The Court based that ruling on the fact that, in the interrogatory answer on which plaintiffs relied, defendant stated that the funds had been "retained", which indicated that the funds had *not* been distributed. The Court added the following in a footnote, however: "Of course, if it comes to light that defendant did in fact distribute the funds to its owners and its statement that it retained the funds is therefore proven false, plaintiffs may seek relief as appropriate at that time." Defendant then filed a "clarification" in which it explained that it had not intended to state that the funds had never been distributed, and it stated in a supplemental interrogatory answer (attached to the clarification) that although it maintained some of the fee award in escrow, parts of the funds had been used or distributed in the ordinary course of business. In a subsequent telephone conference with the parties, the Court invited plaintiffs to file a new motion to amend and vacated other deadlines. Plaintiffs then filed the instant motion.

In opposing the amendment, defendant first argues that plaintiffs have still failed to show the requisite good cause. As the Court noted in its prior order, because plaintiffs seek

to amend after the deadline, they must show good cause, as required by Rule 16 for modification of the scheduling order.  *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014) (citing Fed. R. Civ. P. 16(b)(4)).  The Tenth Circuit has elaborated on the "good cause" requirement as follows:

> In practice this requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts.  Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.  If the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are barred.

*See id.* at 1240 (internal quotations and citations omitted).[2]

In arguing that plaintiffs have not shown good cause, defendant argues that plaintiffs have known that it made distributions to its owners since a conference with the Magistrate Judge in early July, and that because defendant was not compelled by the Magistrate Judge at that time to reveal the amounts of those distributions, plaintiffs cannot show that they have recently learned that defendant failed to retain enough to satisfy plaintiffs as creditors, as required to state a claim under the statute.  The Court concludes in its discretion, however, that plaintiffs have established good cause for modification of the schedule here, considering all of the events since the expiration of the amendment deadline in May.  Defendant does not suggest that plaintiffs knew or should have known about the distributions before that deadline.  Defendant has now clarified that it did in fact make

---

[2] Plaintiffs argue that they need not show good cause because the Court vacated the scheduling order's deadlines.  The Court rejects this argument.  Although the Court vacated existing deadlines, the amendment deadline had already passed, and thus modification would be required to allow an amendment at this time.

distributions from the fee award that it received, and in light of the large sums involved here, plaintiffs' belief that defendant has not retained the entirety of the amount in dispute is reasonable (particularly in light of defendant's continued refusal to state that it has retained that amount). The Court thus rejects this objection by defendant to the proposed amendment.

Second, defendant argues that plaintiff's proposed new claim is subject to dismissal – thereby making amendment futile – because plaintiffs have stated the claim conclusorily without supporting facts. The Court rejects this argument as well. Plaintiffs have not merely recited the elements from the statute but have alleged facts concerning the source and amount of the funds received by defendant and defendant's distributions of those funds to its owners (whom plaintiff has identified). Those facts provide reasonable notice to defendant and state a plausible claim for relief.[3]

Finally, the Court rejects defendant's argument that amendment would be futile because plaintiffs have failed to allege the specific dates of the alleged distributions for the purpose of establishing conformity with the applicable statute of limitations. *See* Ala. Code § 8-9B-10(c), (d) (action must be brought within four years after transfer for a claim arising before the transfer, within one year for a claim arising after the transfer). Under Tenth Circuit precedent that defendant has failed to address in its brief, a plaintiff need not anticipate affirmative defenses that may be raised, including the statute of limitations. *See*

---

[3] Defendant has abandoned its previous argument that plaintiffs are required to plead any such claim with particularity under Fed. R. Civ. P. 9(b).

4

*Bistline v. Parker*, 918 F.3d 849, 876 (10th Cir. 2019).  Thus, plaintiffs' failure to include the dates is not fatal to the pleading.[4]  The Court therefore grants plaintiffs' motion for leave to amend.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' second motion for leave to amend their complaint (Doc. # 78) is hereby **granted**, and plaintiffs shall file their amended complaint forthwith.

IT IS SO ORDERED.

Dated this 10th day of November, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[4]   Moreover, the proposed complaint is reasonably read as alleging a claim by plaintiffs arising at the time of the fee award, which would have preceded any distribution of that award by defendant, and this action falls well within a four-year limitations period.

5