# EXHIBIT "B"

Telephone:
612.573.3669

Toll Free:
866.573.3669

Cell:
612.718.1018

Fax:
612.355.2210

Email:
dnill@farmlaw.com

Online:
www.farmlaw.com



FarmLaw
DOUGLAS J. NILL, PLLC
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402

December 13, 2023

Christopher L. Goodman, Esq.  cgoodman@thompsoncoe.com
Thompson, Coe, Cousins & Irons, LLP
408 St. Peter St., # 510
St. Paul, MN 55102
   (Counsel for Watts Guerra LLP, Mikal C. Watts, and Francisco Guerra)

Patrick J. Stueve, Esq.  stueve@stuevesiegel.com
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

Michael M. Lafeber, Esq.  mlafeber@taftlaw.com
Taft Law
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2157
   (Counsel for Gustafson Gluek PLLC)

William L. Davidson, Esq.  william.davidson@lindjensen.com
Lind, Jensen, Sullivan & Peterson, P.A.
1900 AT & T Tower
901 Marquette Avenue South
Minneapolis, MN 55402
  (Counsel for Bassford Remele PA)

Re:   *Niekamp, et al. v. Watts Guerra LLP, et al.*
       N.D. Ohio Case No. 3:23-CV-2289

Dear Counsel:

I am directing this letter to Messrs. Mikal C. Watts and Francisco Guerra, principal partners in Watts Guerra LLP, Lewis A. Remele, Jr., a principal partner in Bassford Remele PA, and Daniel E. Gustafson, a principal partner in Gustafson Gluek PLLC, through counsel, and Patrick J. Stueve, a principal partner in Stueve Siegel Hanson LLP.

Attached is a Class Action Complaint For Declaratory And Injunctive Relief And Damages ("Class Action Complaint"), *Niekamp, et al. v. Watts Guerra LLP, et al.*, Case No. 3:23-CV-2289 (N.D. Ohio Nov. 28, 2023), ECF No. 1. Also attached is an October

1

24, 2023 letter opinion by Prof. Richard W. Painter filed with the Class Action Complaint as Exhibit 1 attached to an *Affidavit of Expert Review – Minn. Stat. § 544.42*, ECF No. 4. Within that letter, Prof. Painter expresses his "serious concern, indeed shock" at the gravity of your misconduct in the Syngenta litigation.

On behalf of the named and putative class plaintiffs ("Farmers") in the attached *Niekamp* lawsuit, I direct your attention to ¶¶ 44-47 of the Class Action Complaint which identify the $100,675,529.61 ($101 million) in attorney fee funds that are held in the Syngenta MDL common fund, under the control of Settlement Class Counsel. The referenced paragraphs, specifically, ¶ 45, provide notice that "the entire portion of this $101 million held in the Syngenta MDL common fund bank account that is claimed by the Defendants [in the attached Class Action Complaint] as their attorney fee award in the Syngenta litigation – and thus subject to forfeiture in this racketeering and legal malpractice lawsuit – are "disputed … funds" under Minn. R. Prof. Conduct 1.15(b) (lawyers "shall" hold "disputed … funds" in an escrow bank account until the dispute is "finally resolved"), the equivalent American Bar Association (ABA) Model Rule 1.15(e), and Kan. R. Prof. Conduct 1.15(c)."[1]

On behalf of the 60,000 Farmers who are named and putative class plaintiffs in the *Niekamp* lawsuit, I demand that you comply with the requirements of Minn. R. Prof. Conduct 1.15(a), (b) and (c). Accordingly, I demand that you provide the following information by no later than December 22, 2023:

1. Identify the bank account(s) holding the entire portion of the $101 million held in the Syngenta MDL Qualified Settlement Fund ("common fund") that is claimed by the Defendants [in the attached Class Action Complaint] as their attorney fee awards in the Syngenta litigation.

2. Identify the bank account(s) and provide an accounting of funds in the account(s). *See* Minn. R. Prof. Conduct 1.15(a), (b) and (c) ("disputed … funds … shall be deposited in one or more identifiable trust accounts" and the lawyer "shall … promptly notify [the] client" and provide "an accounting" of the funds); Kan. R. Prof. Conduct 1.15 (same).

3. If the entire portion of the $101 million held in the Syngenta MDL common fund that is claimed by the Defendants [in the attached Class Action

---

[1] The undersigned understands that a portion of the $101 million is claimed by the Shields Law Group LLC, Paul Byrd Law Firm PLLC, and Hossley-Embry LLP, *see* 2:14-MD-02591-JWL-JWL, ECF No. 4707, who are not Defendants in the *Niekamp, et* al. lawsuit. This Rule 1.15(b) demand is not intended to affect their interest, which is currently the subject of appeals in the Tenth Circuit. Appeal Nos. 21-3020, 21-3021, and 21-3022.

> Complaint] as their attorney fee awards in the Syngenta litigation remains in the Syngenta MDL common fund bank account, please confirm that the entire portion of the $101 million that is claimed by the Defendants in the *Niekamp* lawsuit, will remain in the account until the *Niekamp* lawsuit claims are finally resolved, pending a final resolution, through motion practice and trial and any possible appeals of district court orders.

4. If there has been a transfer or transfers of any portion of the $101 million that is claimed by the Defendants from the common fund bank account, under Minn. R. Prof. Conduct 1.15 (a), (b) and (c), provide "complete records" of the transfer(s) with your response to this letter.

If you do not respond to this letter by December 22, 2023, as requested, you are then engaged in professional misconduct and a fraud through the concealment of material facts. *In re Disciplinary Action against Wentzel*, 711 N.W.2d 516 (Minn. 2006) (disbarment is the appropriate discipline when a lawyer misappropriates client funds [in violation of Minn. R. Prof. Conduct 1.15] and makes false statements to that client to conceal the misappropriation); *Douglas' Case*, 937 A.2d 891, 896 (N.H. 2007) (disbarring lawyer who "misrepresented the status of [disputed] funds").

I note, for the record, that the Rules of Professional Conduct and the "shall" mandates within those Rules, such as Minn. R. Prof. Conduct 1.15(b) "disputed … funds … shall" be held in escrow for the protection of the client "until the dispute is resolved"), are substantive law, *Rich v. Simoni*, 772 S.E.2d 327, 334 (W.Va. 2015) ("shall" is a mandate which elevates an ethics rule into a clear expression of public policy and state substantive law), and do not contemplate that injured clients like the 60,000 Farmers in the *Niekamp* lawsuit should have to pursue independent "clawback" lawsuits to recover "disputed … funds." Minn. R. Prof. Conduct 1.15(b); ABA Model Rule 1.15(e); Kan. R. Prof. Conduct 1.15(c). Moreover, the Rules of Professional Conduct do not contemplate two tiers of attorney ethics and justice. Prominent lawyers at large law firms are not above the law and the ethics rules that govern our legal profession.

Sincerely,

Douglas J. Nill

Douglas J. Nill, PLLC
d/b/a FarmLaw
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402

Enclosures
Cc:   Clients

3