IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION, | MDL No. 2591 |
| | Case No. 14-md-2591-JWL |
| This Document Relates to All Cases <u>Except</u>: | |
| *Crumley Roberts, LLP, et al. v Heninger Garrison Davis LLC, et al.,* No. 21-2261 | |

## **ORDER TO SHOW CAUSE**

This matter arising from multi-district litigation (MDL) comes before the Court on the motion (Doc. # 4718) by Kansas Co-Lead Counsel (hereinafter "movants") to enforce the Court's Final Order and Judgment of December 7, 2018. Specifically, movants seek to enjoin certain settlement class members from pursuing a lawsuit filed in the United States District Court for the Northern District of Ohio, *Niekamp, et al. v. Watts Guerra LLP, et al.*, No. 23-2289 (N.D. Ohio). In *Niekamp*, the Ohio plaintiffs assert claims against their attorneys in the underlying Syngenta litigation and other plaintiffs' counsel in the MDL. Those claims essentially mirror the claims brought in a separate action by other settlement class members, *Kellogg, et al. v. Watts Guerra, LLP*, Nos. 14-2591, 18-2408 (D. Kan.), which case was transferred into the MDL from the District of Minnesota. The *Kellogg* plaintiffs were represented in that action by attorney Douglas Nill, who also filed the *Niekamp* action (along with Ohio local counsel). In *Kellogg*, the Court dismissed at the pleading stage all claims other than a claim for breach of fiduciary duty; the Court

dismissed the fiduciary duty claim as a sanction for Mr. Nill's repeated violations of the Court's orders; and the Tenth Circuit affirmed the Court's orders of dismissal. *See Kellogg v. Watts Guerra LLP*, 41 F.4th 1246 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 1022 (2023). Movants argue that the *Niekamp* action should be enjoined because those plaintiffs by their claims seek to interfere with this Court's orders relating to the approval of the settlement and the awarding of attorney fees in the MDL. Movants also seek an award of attorney fees and costs incurred as a result of the alleged violation of the terms of the Final Order and Judgment.

The instant motion was filed in this Court on January 26, 2024, and thus this Court's rules required any response to be filed by February 16, 2024. *See* D. Kan. Rule 6.1(d)(2). The *Niekamp* plaintiffs have not filed any response to the motion, however; nor have they sought an extension of the response deadline. Moreover, there is no doubt that the *Niekamp* plaintiffs' counsel has notice of the filing of this motion – movants' certificate of service indicates that the motion was served on Mr. Nill through the ECF system; notice of the motion was filed and served in the *Niekamp* action; and Mr. Nill explicitly references the motion in a document filed in *Niekamp*.[1]

---

[1] Indeed, Mr. Nill insists in that filing in *Niekamp* that his clients will not appear in this Court to respond to the instant motion. In a similar fashion, Mr. Nill refused to comply with the Court's orders in *Kellogg* in part based on his arguments that the Court lacked jurisdiction and that the undersigned was required to recuse (which arguments the Tenth Circuit rejected). The Court offers its assurance to Mr. Nill and the *Niekamp* plaintiffs, however, that they will not be deemed to have waived any arguments relating to the Court's jurisdiction or the propriety of any transfer into the MDL if they respond to the instant motion.

The Court's rules provide that if a response to a motion is not filed by the applicable deadline, the Court "will consider and decide the motion as an uncontested motion," which may be granted without further notice.  *See* D. Kan. Rule 7.1(c).  Despite that rule, the Court will grant the *Niekamp* plaintiffs one additional opportunity to be heard on the instant motion.  Accordingly, the *Niekamp* plaintiffs and Mr. Nill are hereby ordered to show cause, in a document filed on or before **March 6, 2024**, limited to five pages, why the instant motion by Kansas Co-Lead Counsel (Doc. # 4718) should not be granted as uncontested, with the Court granting the relief sought by movants (including an injunction against the further litigation of *Niekamp* and an award of fees and costs).  If the *Niekamp* plaintiffs wish to respond substantively to the instant motion, they should file such a brief along with their response to this order to show cause.  If the *Niekamp* plaintiffs and Mr. Nill fail to respond to this order to show cause, the Court will decide the instant motion as an uncontested motion in accordance with the applicable rule.

IT IS THEREFORE ORDERED BY THE COURT THAT the *Niekamp* plaintiffs and their counsel shall show cause, in a document filed in this action on or before **March 6, 2024**, limited to five pages, why Kansas Co-Lead Counsel's motion to enforce (Doc. # 4718) should not be granted as uncontested.[2]

---

[2] Although Mr. Nill should receive notice of this Order through ECF, the Clerk of Court is also directed to serve a copy on Mr. Nill by mail.

IT IS SO ORDERED.

Dated this 21st day of February, 2024, in Kansas City, Kansas.

  /s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4