# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: Syngenta AG MIR 162<br>Corn Litigation<br><br>_____ | MDL No. 2591<br><br>Case No. 14-md-2591-JWL |
| Christopher J. Niekamp, and<br>Randall D. Hebrink, individually,<br>and on behalf of all others<br>similarly situated, | Case No. 3:23-CV-2289<br><br>Judge: Jack Zouhary<br><br>Magistrate Judge: Darrell A. Clay |
| Plaintiffs, | |
| v. | |
| Watts Guerra LLP, Bassford Remele<br>PA, Gustafson Gluek PLLC, Schwebel<br>Goetz & Sieben PA, Stueve Siegel Hanson<br>LLP, Hare Wynn Newell & Newton<br>LLP, Gray, Ritter & Graham PC,<br>Reed & McGraw PC, Lockridge Grindal<br>Nauen PLLP, Paul McInnes LLP, Mikal<br>C. Watts, and Francisco Guerra, | |
| Defendants.<br>_____ | |

***NIEKAMP, ET AL.* PLAINTIFFS' SPECIAL APPEARANCE TO CONTEST THE JURISDICTION OF THE COURT AND RESPOND TO THE ORDER TO SHOW CAUSE, ECF NO. 4726, AND THE DEFENDANTS' MOTION, ECF NO. 4718**

| | |
|---|---|
| John C. Weisensell<br>WEISENSELL, MASTRANTONIO<br>& ORLANDO LLP<br>23 South Main Street<br>Suite 301<br>Akron, OH 44308<br>(330) 434-1000<br>jack@nwm-law.com | Douglas J. Nill<br>DOUGLAS J. NILL PLLC<br>d/b/a FARMLAW<br>1850 Fifth Street Towers<br>150 South Fifth Street<br>Minneapolis, MN  55402<br>(612) 573-3669<br>dnill@farmlaw.com |

*Counsel for Plaintiffs and the proposed Class*

The named and putative class plaintiffs ("Farmers") and counsel in *Niekamp, et al. v. Watts Guerra LLP, et* al, No. 3:23-CV-2289-JZ (N.D. Ohio Nov. 28, 2023) are making a special appearance in this Syngenta MDL litigation, No. 2:14-md-02591-JWL, through this response and the Declaration of Douglas J. Nill with Exhibits 1-5 to contest the jurisdiction of the court and address the Defendants' motion for injunctive relief. Farmers and counsel do not consent to the jurisdiction of the Court. By filing this special appearance to respond to the Court's Order To Show Cause and address the Defendants' motion, Farmers and counsel do not waive their objections to the jurisdiction of the Court over this matter.[1]

The Nie*kamp* lawsuit is an independent legal malpractice-fee forfeiture lawsuit and is not a collateral attack on the Syngenta MDL settlement or the fee award decisions. The lawsuit alleges racketeering and a breach of fiduciary obligations through deceit with additional misconduct that has occurred since the amended complaint was filed in the *Kellogg* lawsuit on November 13, 2018, D. Kan. No. 2:18-CV-2408-JWL-JPO, ECF No. 121, different Defendants, e.g., Kansas Co-Lead Counsel and MDL Settlement Class

---

[1] Farmers are represented in the *Niekamp* litigation by John C. Weisensell of Weisensell, Mastrantonio & Orlando, LLP and Douglas J. Nill of Douglas J. Nill, PLLC, d/b/a FarmLaw. After law school, Weisensell was a law clerk for the Honorable Paul C. Weick with the U.S. Sixth Circuit Court of Appeals. Weisensell is a member of The National Trial Lawyers Top 100, and a Past President of the Akron (Ohio) Bar Association. After law school, Nill was a law clerk for the Honorable Donald E. O'Brien, Chief Judge, U.S. District Court, Northern District of Iowa. Nill was selected as an Attorney of the Year in Minnesota in 2006 by the *Minnesota Lawyer* for his role as a lead counsel in *Peterson v. BASF Corp.,* a national consumer fraud class action.

Counsel), and different claims, e.g., Fraud On The Court Enterprise. *See Niekamp, et al.* Amended Complaint, Nill Decl. Ex. 1, ¶¶ 1-51, 31-33, 73-84, 85, and 319-321.

Farmers' expert on the liability issues is Prof. Richard W. Painter, the chief ethics counsel for President George W. Bush and the White House staff from 2005-2007, and the co-author of two books on legal ethics with Judge John T. Noonan, Jr., of the U.S. Court of Appeals for the Ninth Circuit. In an October 24, 2023 letter opinion filed with an Affidavit of Expert Review – Minn. Stat. § 544.42 *filed and served with the complaint and amended complaint*, N.D. Ohio No. 3:23-CV-2289-JZ, ECF Nos. 4 and 19, Nill Decl., Ex. 2, a requirement under Minnesota law for the Minnesota legal malpractice claims in the complaint and amended complaint, Painter expresses his "serious concern, indeed shock" at the gravity of the Defendant lawyers' misconduct in the Syngenta litigation. *See* Nill Decl., Ex. 2(1).

Prof. Painter notes that the *Niekamp* lawsuit is a follow-on class action to *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246 (10th Cir. 2022), *cert. denied*, 2023 WL 2563324 (U.S. Mar. 20, 2023) (No. 22-651), a case by six corn growers that was filed in the District of Minnesota in 2018, transferred to the Syngenta MDL during the settlement proceedings, and dismissed by this Court with the dismissal affirmed by the Tenth Circuit. On March 20, 2023, the U.S. Supreme Court denied a petition by the *Kellogg* plaintiffs for a writ of certiorari. Sup. Ct. No. 22-651. Nill Decl., Ex. 3.

The *Kellogg* lawsuit was not certified as a class action before the lawsuit claims

were dismissed against the six named plaintiffs under Fed. R. Civ. P. 12, and is not res judicata or collateral estoppel to the same claims by corn growers who were not named plaintiffs in the *Kellogg* lawsuit. *Smith v. Bayer Corp.*, 564 U.S. 299, 131 S. Ct. 2368, 2379-80 (2011) (unnamed member of putative class is not bound by any judgment in that litigation); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-812 (1985) (absent class members are not bound by merits judgment against named class plaintiffs without class certification notice and opportunity to opt-out).

Prof. Painter recognizes the *Niekamp, et al.* plaintiffs have a claim for breach of fiduciary duty (emphasis added):

> I have reviewed the findings of the District Court and the Tenth Circuit and nowhere are my substantive concerns with the professional conduct of class counsel addressed in any of those rulings. The district court appears to have recognized that there could be a breach of fiduciary issue, but *that issue was never adjudicated*. I am aware that [the plaintiff corn growers] had adverse decisions in the district court and the Tenth Circuit, but none of those decisions addressed the merits of the professional ethics issues that were central to my expert opinion. Insofar as the *substantive breach of fiduciary and professional ethics issues* are concerned, the orders in this case are not *res judicata* because *those issues were never adjudicated*.

The Tenth Circuit acknowledged the 60,000 putative class plaintiffs in the *Kellogg* lawsuit – now the *Niekamp, et al.* plaintiffs – have an actionable claim for a breach of fiduciary duty. *See Kellogg*, 41 F.4th at 1264 ("the [district court] did not find … that attorneys [had] never breached any duty of loyalty while representing farmers throughout the entire course of the underlying litigation … so *breach of a duty of loyalty could trigger an award to the Kellogg farmers*.") (citing *Perl v. St. Paul Fire & Marine Ins.*

*Co.*, 345 N.W.2d 209, 212 (Minn. 1984) (*Perl II*). (Emphasis added).

The Defendants argue on page 1 of their motion that this Court through the MDL national class settlement agreement, ECF No. 3850, ¶ 19, "enjoined … any other lawsuit or proceeding in any jurisdiction any claims or causes of action *that interfere with the Orders and Judgments* entered in this action *related to the Settlement and/or award or allocation of attorneys' fees, costs, or expenses* … ." The Defendants thus claim that the national class settlement agreement insulates the Defendants from lawsuits such as the *Niekamp, et al.* lawsuit for professional misconduct and deceit during the litigation.

The Defendants' argument is a false statement of fact and law for many reasons: First, the *Niekamp, et al*. lawsuit *does not interfere* with this Court's fee allocation decisions. Whether this Court awarded $394 million to the Defendants in the *Niekamp* lawsuit, or $30 million to the Defendants, is of no concern to the *Niekamp* lawsuit. *See* Nill Decl., Ex. 4, at pp. 5, 13-16 and Ex. 5, pp. 4-5. Second, the national class settlement agreement contains no language that releases the Defendants from lawsuits for fraud on the clients and the court during the litigation. Third, the national class settlement agreement cannot be applied by the Defendant lawyers to the *Niekamp, et al.* Farmers under Rule 1.8(h) of the Kansas, Minnesota, Ohio, and ABA Model Rules of Professional Conduct which all state that "[a] lawyer *shall not* … make an agreement *prospectively limiting* the lawyer's liability to a client for malpractice … or … settle a claim *or potential claim* for such liability with an unrepresented client … ."). *See* Nill Decl., Ex. 4,

4

at pp. 10-16.  Fourth, the Defendants' erroneous application of the national class settlement agreement is a disregard of black letter common law across the United States that lawyers who breach their fiduciary obligations to clients through deceit forfeit their entire fee. Amended Complaint, Summary of Claim, ¶¶ 1-51; *Perl III*, *Perl II*, and *Perl I*.

To the extent the Defendants suggest the All Writs Act, 28 U.S.C. § 1651, in footnote 4 on page 11 of their motion as a basis for this Court's authority, the All Writs Act is an extreme remedy that is never invoked if there is a legal remedy. In this case, the Defendants have two legal remedies. The Defendants can litigate the merits of the *Niekamp* legal malpractice claims in the Northern District of Ohio. Or, the Defendants can attempt transfer of this *Niekamp, et al.* legal malpractice-fee forfeiture lawsuit to the Syngenta MDL through motion practice under the MDL transfer statute, 28 U.S.C. § 1407(a), *see* JPML Rule 7.1(b)(i), to address their claim that the *Niekamp* lawsuit interferes with the MDL settlement and fee allocation decisions. MDL No. 2591, ECF No. 869 (Hearing Order) (*Niekamp, et al.* March 28, 2024 hearing); *In Re Bank of America Wage Hour Employment Litigation*, 740 F.Supp.2d 1207, 1209, 1217, 1219 (D. Kan. 2010) (defendant must proceed under the JPML transfer rules and allow the JPML to decide whether to consolidate the case at issue with the MDL cases). The JPML has already rejected their false arguments through the rejection of their tag-along claim on January 2, 2024, MDL 2591 ECF No. 856: "The Clerk of the Panel has determined that [the *Niekamp* lawsuit] is not appropriate for inclusion in the MDL."

Dated: March 1, 2024

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN # 0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
(612) 573-3669
dnill@farmlaw.com

John C. Weisensell (OH # 0029901)
WEISENSELL, MASTRANTONIO
& ORLANDO LLP
23 South Main Street
Suite 301
Akron, OH 44308
(330) 434-1000
jack@nwm-law.com

*Counsel for Plaintiffs and the proposed Class*

6

## CERTIFICATE OF DIGITAL SUBMISSION

In accordance with the court's CM/ECF User's Manual, I hereby certify that all required privacy redactions have been made. In addition, I certify that the hard copies of this pleading that may be required to be submitted to the court are exact copies of the ECF filing, and the ECF submission has been scanned for viruses with the most recent version of Trend Micro Maximum Security, with the most recent update on March 1, 2024, and according to the program, is free of viruses.

Dated: March 1, 2024

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

7

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2024, I electronically filed on CM/ECF and service was thereby electronically delivered to all counsel of record.

Dated: March 1, 2024

By: /s/ Douglas J. Nill _____
Douglas J. Nill (MN #0194876)

8