**UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

**IN RE: SYNGENTA AG MIR 162**
**CORN LITIGATION**                                           MDL No. 2591

                                                              Case No. 14-md-2591-JWL

This Filing Relates to the Following Case:

*Niekamp, et al. v. Watts Guerra, LLP, et al.*
Case No. 3:23-CV-2289
(Transferred from N.D. Ohio)

**DEFENDANT GUSTAFSON & GLUEK PLLC'S RESPONSE AND JOINDER TO MOTION TO ENFORCE (ECF (ECF 4718) AND NOTICE TO COURT (ECF 4788)**

On April 12, 2024, the JPML transferred the above-referenced *Niekamp* action to this Court (ECF 4732). The transfer order resolved the issue of which forum was proper for addressing the propriety of sanctions arising from such action. Specifically, the necessity of sanctions arising from *Niekamp's* attempts to interfere with the MDL settlement in violation of the express injunction prohibiting such conduct. As recognized in the Transfer Order, "Despite their largely conclusory argument that *Niekamp* is not a collateral attack on the MDL settlement or the fee award decisions in the *Syngenta* MDL, *Niekamp* appears to aim squarely at both…."). (ECF 4732)

1

*Niekamp* responded to the transfer order by *subsequently* filing a voluntary notice of dismissal of the Northern District of Ohio action and filing a "Notice of Development" with this Court contending the *post transfer* dismissal somehow rendered both the motion to transfer and the transfer order moot. ("Thus, the Defendants' motion to transfer this action to the United States District Court for the District of Kansas, ECF No. 857, and the Panel's transfer order, ECF No. 887, are now moot.")

Assuming *arguendo* a post transfer dismissal in the transferor court is effective, the transferee court certainly retains jurisdiction to address and award sanctions for pre-dismissal conduct[1]. It is well settled that a Rule 41(a)(1) voluntary dismissal does not divest a court of authority to address collateral issues such as sanctionable conduct. *Cooter & Gell*, 496 U.S. at 395, 110 S.Ct. 2447 ("It is well established that a federal court may consider collateral issues after an action is no longer pending.")

Pursuant to Rule 6.1(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and in response to the transfer order vesting authority in this Court to address sanctions, Defendant Gustafson Gluek PLLC, having incurred costs and fees as a direct result of the *Niekamp* action, hereby joins Co-

---

[1] It is questionable whether *Niekamp's* dismissal filed in the Northern District of Ohio *after* the matter was transferred to the JPML was proper or effective. *Niekamp* could easily address any such deficiency by filing a dismissal in the JPML. Irrespective, the transferee court certainly retains jurisdiction to address pre-dismissal misconduct.

2

Lead counsel's Motion to Enforce and for sanctions (ECF 4718) and their related Notice to the Court (ECF 4788).  As explained by Co-Lead Counsel in its Motion to Enforce, the "Court should. . .enforce its injunction, award attorneys' fees, and send a strong message to end these collateral attacks on the settlement of the *Syngenta* litigation."

Dated: April 24, 2024                    Respectfully Submitted,

*/s/ Michael M. Lafeber*
Michael M. Lafeber
Taft, Stettinius & Hollister - Minneapolis
2200 IDS Center
80 S. 8th St
Minneapolis, MN 55402
(612) 977-8400 Phone
(612) 977-8650 Fax
MLafeber@Taftlaw.com

*/s/ Jozeff W. Gebolys*
Jozeff W. Gebolys
Taft Stettinius & Hollister - Cleveland
Ste. 3500
200 Public Square
Cleveland, OH 44114
216-706-3975 Phone
216-241-3707 Fax
jgebolys@taftlaw.com

*Attorneys for Defendant Gustafson Gluek PLLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2024, I caused the foregoing to be electronically filed with the Clerk of Court using CM/ECF system which will send email notification of such filing to all counsel of record.

Dated:  April 24, 2024                              By: */s/ Michael M. Lafeber*
                                                                    Michael M. Lafeber (MN ID# 242871)