## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE: SYNGENTA AG MIR 162                     MDL No. 2591
CORN LITIGATION
                                               Case No. 14-md-2591-JWL
_____

CHRISTOPHER J. NIEKAMP, et al.,                N.D. Ohio No. 3:23-CV-2289-JZ

                    Plaintiffs,

v.

WATTS GUERRA LLP, et al.,

                    Defendants.
_____

### *NIEKAMP, ET AL.* PLAINTIFFS' SPECIAL APPEARANCE TO CONTEST THE JURISDICTION OF THE COURT AND RESPOND TO THE ORDER TO SHOW CAUSE, ECF NO. 4734

John C. Weisensell                     Douglas J. Nill
WEISENSELL, MASTRANTONIO               DOUGLAS J. NILL PLLC
& ORLANDO LLP                          d/b/a FARMLAW
23 South Main Street                   1850 Fifth Street Towers
Suite 301                              150 South Fifth Street
Akron, OH 44308                        Minneapolis, MN  55402
(330) 434-1000                         (612) 573-3669
jack@nwm-law.com                       dnill@farmlaw.com

*Counsel for Plaintiffs*

**I.      Special appearance.** The named plaintiffs ("Farmers") and counsel in *Niekamp, et al. v. Watts Guerra LLP, et* al, No. 3:23-CV-2289-JZ (N.D. Ohio Nov. 28, 2023) are making a special appearance in this Syngenta MDL litigation, No. 2:14-md-02591-JWL, through this response to contest the jurisdiction of the court and address the Court's Order To Show Cause, ECF No. 4734. Farmers and counsel do not consent to the jurisdiction of the Court. By filing this special appearance to respond to the Court's Order To Show Cause, Farmers and counsel do not waive their objections to the jurisdiction of the Court over this matter. This response incorporates Farmers' March 1, 2024 response with attached exhibits 1-5, ECF No. 4727, by reference.

**II.      Introduction.** The issue presented by the Court's Order is whether the Defendants' motion for attorney fees is moot as a result of the *Niekamp* plaintiffs' voluntary dismissal of their lawsuit in the Northern District of Ohio. The general rule is that a voluntary dismissal does not moot a request for sanctions. The general rule has no application to the *Niekamp* lawsuit. Even if the Court has jurisdiction to address the Defendants' motion (it does not), the motion is based on a misrepresentation of the terms of the Syngenta national class settlement agreement. The released parties in the settlement agreement are Syngenta and the Special Master. The released claims are those claims relating to the commercialization of the Syngenta GMO seed targeted in the lawsuit. There is no language in the settlement agreement releasing the Defendants from legal malpractice claims for professional misconduct and deceit during the litigation.

There cannot be such language because Rule 1.8(h) of the Rules of Professional Conduct in Kansas, Minnesota, Ohio, and across the United States, prohibits lawyers from imposing language in a settlement agreement that protects the lawyers from future malpractice claims. The Defendants' motion is a direct assault upon Rule 1.8(h). Through their motion, the Defendants ask the Court to ignore black letter law in Minnesota and across the United States that lawyers who breach their fiduciary obligations through deceit forfeit their entire fee. Richard W. Painter, a leading national attorney ethics expert, issued opinions supporting the merits of the *Niekamp* lawsuit. The Tenth Circuit acknowledged the *Niekamp* plaintiffs have an actionable claim for a breach of fiduciary duty. The Defendants' motion presents insurmountable conflicts of interest for the Defendants. They cannot represent the plaintiffs in the Syngenta MDL at the same they oppose the *Niekamp* lawsuit – a fee forfeiture lawsuit – by the same plaintiffs in the same court. The Defendants' motion, which cites no legal authority for a fee request, does not comply with Rule 11 safe harbor and separate motion requirements. The motion should be denied.

**III.    No jurisdiction.** The District of Kansas lacks even an arguable basis for jurisdiction to address the Defendants' motion, for several reasons:

**A.    Voluntary dismissal before transfer.** The *Niekamp* lawsuit was voluntarily dismissed in the Northern District of Ohio before the transfer was effective, and the file is closed. On April 12, 2024, the MDL Panel issued an order transferring the *Niekamp*

lawsuit to the Syngenta MDL in the District of Kansas. The transfer order was filed by the JPML in MDL No. 2591, ECF No. 887. That same day, Farmers' counsel filed a notice of voluntary dismissal of the *Niekamp, et al*. lawsuit, N.D. Ohio No. 3:23-CV-2289, ECF No. 48, which states, in pertinent part:

> In accordance with Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i), Plaintiffs Christopher J. Niekamp, and Randall D. Hebrink, individually, and on behalf of all others similarly situated, give notice that this action is voluntarily dismissed. Defendants … have not served an answer or motion for summary judgment in this action. Accordingly, Plaintiffs notice voluntary dismissal of this action, without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B).

The MDL transfer statute, 28 U.S.C. § 1407(c)(ii), has explicit requirements for an effective transfer of jurisdiction (emphasis added):

> Orders of transfer and such other orders as the panel may make thereafter shall be filed in the office of the clerk of the district court of the transferee district and *shall be effective when thus filed.* The clerk of the transferee district court shall forthwith transmit a certified copy of the panel's order to transfer to the clerk of the district court from which the action is being transferred.

In this case, the transfer order was filed by the Clerk of the District of Kansas in the Kansas file, 2:14-md-20591-JWL, ECF No. 4723, at 8:02 a.m. CDT on Monday morning, April 15, 2024. Farmers noticed a Fed. R. Civ. P. 41(a)(1)(A)(i) voluntary dismissal of the *Niekamp, et al.* lawsuit on Friday, April 12, before the transfer order was filed in the District of Kansas file on April 15, and before the transfer order became effective. Thus, the *Niekamp, et al.* file was closed, *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 460 (6th Cir. 2013), and the transfer order was moot.

As for the putative class action status of the *Niekamp* lawsuit on April 12, when

3

the lawsuit was voluntarily dismissed, Rule 23 of the Federal Rules of Civil Procedure was changed in 2003 to provide that court approval of a voluntary dismissal is only required for a certified class or a class proposed to be certified for purposes of settlement. *See* Rule 23(e). Because the *Niekamp* lawsuit was a putative class action, and no class was certified, courts have held, "voluntary dismissal of a putative class action is governed not by Rule 23, but by Rule 41 of the Federal Rules of Civil Procedure." *Adams v. USAA Cas. Ins. Co*., 863 F.3d 1069, 1082 (8th Cir. 2017) (collecting cases and quoting 2 McLaughlin on Class Actions § 6:1 (13th ed. 2016)).

**B.      Settlement agreement does not grant jurisdiction.** The Court has no jurisdiction because the MDL national class settlement agreement does not grant jurisdiction to the District of Kansas to address the *Niekamp* lawsuit; a legal malpractice-fee forfeiture lawsuit. The Defendants argue on page 1 of their motion – the entire premise of their motion – that this Court through the national class settlement agreement, ECF No. 3507-2, "enjoined … any other lawsuit or proceeding in any jurisdiction any claims or causes of action that interfere with the Orders and Judgments entered in this action related to the Settlement and/or award or allocation of attorneys' fees, costs, or expenses … ." ECF No. 3850, ¶ 19. The Defendants thus claim that the national class settlement agreement insulates the Defendants from lawsuits such as the *Niekamp* lawsuit for professional misconduct and deceit during the litigation. The Defendants' argument is a false statement of fact and law, for many reasons.

4

**First**, the Defendants misrepresent the national class settlement agreement. *See* ECF No. 3507-2. For example, ¶ 2.5 defines a "Claim" covered by the settlement agreement as "against any of the Released Parties arising out of Syngenta's commercialization of [Syngenta corn seed]." The "Released Parties" in ¶ 2.54 are Syngenta and the Special Master. The "Released Claims" in ¶ 6.1.1 are claims "that have been or could have been brought in connection with the development, introduction, production, distribution, sale, marketing, and efforts to gain regulatory approval of [Syngenta GMO seed and relating to a decrease in corn commodity prices]." The "Released Claims" in ¶ 6.2.1 "shall not include (a) any claim against any person or entity that is not a Released Party." Thus, the Defendants are not released from legal malpractice claims for professional misconduct and deceit during the litigation.

**Second**, the *Niekamp* lawsuit *does not interfere* with this Court's fee allocation decisions, which were resolved long ago. The *Neikamp, et al.* Amended Complaint requests a forfeiture of the Defendants' attorney fee awards in the MDL under Civil RICO and Minnesota statutory and common law. *See, e.g.,* Nill Decl., Ex. 1, Amended Complaint, Summary Of Claim, ¶¶ 1-51, and Requests For Relief, ¶ 3. Forfeiture is commonly defined as the repayment of money as a penalty for the breach of a legal obligation. Whether this Court awarded $394 million to the Defendants in the *Niekamp* lawsuit, or $30 million to the Defendants, is of no concern to the *Niekamp* lawsuit. The only concern is that whatever fees were awarded by this Court to the *Niekamp, et al.*

5

Defendants, are subject to forfeiture to Farmers through the Civil RICO and Minnesota statutory and common law legal malpractice-fee forfeiture claims in the *Niekamp* lawsuit, as determined through litigation of the merits of the claims in the Northern District of Ohio. The Defendants do not acknowledge the plain difference between fee awards for work on the case and a forfeiture of those fees for professional misconduct and deceit. *Rice v. Perl*, 320 N.W.2d 407, 411 (Minn. 1982) (*Perl I*) ("an attorney … who breaches his duty to his clients forfeits his right to compensation"); *Burrow v. Arce*, 997 S.W.2d 229 (Tex. 1999) (attorney must forfeit his compensation when that compensation is earned in violation of obligations owed to a client).

**Third**, the national class settlement agreement contains no language that releases the Defendants from lawsuits for fraud on the clients and the court during the litigation, *see* ECF No. 3507-2 (March 12, 2018) – and there cannot be such language. Rule 1.8(h) of the Kansas, Minnesota, Ohio, and ABA Model Rules of Professional Conduct all state that "[a] lawyer *shall not* … make an agreement *prospectively limiting* the lawyer's liability to a client for malpractice … or … settle a claim *or potential claim* for such liability with an unrepresented client … ."). *See* Nill Decl., Ex. 4, ECF No. 4727-4, at pp. 10-16. Rule 1.8(h) is an ethics rule adopted by the Kansas, Minnesota, and Ohio Supreme Courts that expresses the public policy of the States of Kansas, Minnesota, and Ohio and is a codification of the common law establishing substantive standards that must be applied by federal courts in accordance with *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).

**Fourth**, the Defendants' erroneous application of the national class settlement agreement is an abject disregard of black letter common law across the United States that lawyers who breach their fiduciary obligations to clients through deceit forfeit their entire fee. Amended Complaint, Summary of Claim, ¶¶ 1-51; *Perl III*, *Perl II*, and *Perl I*.

**C.    All Writs Act does not grant jurisdiction.** The All Writs Act, 28 U.S.C. § 1651, does not confer subject matter jurisdiction on the District of Kansas and is not a separate basis for original jurisdiction. *Burr & Forman v. Blair*, 470 3d. 1019 (11th Cir. 2006) (the All Writs Act is not an independent grant of jurisdiction); *Commercial Sec. Bank v. Walker Bank & Trust Co*., 456 F.2d. 1352 (10th Cir. 1972) (the All Writs Act allows a court to order a remedy only where subject matter jurisdiction already exists).

**IV.    Defendants' motion for attorney fees has no legal support.** There is no language in the settlement agreement releasing the Defendants from legal malpractice claims for professional misconduct and deceit during the litigation. Farmers' expert, Richard W. Painter, issued opinions supporting the merits of the *Niekamp* lawsuit (emphasis added):

> I have reviewed the findings of the District Court and the Tenth Circuit and nowhere are my substantive concerns with the professional conduct of class counsel addressed in any of those rulings. The district court appears to have recognized that there could be a breach of fiduciary issue, but *that issue was never adjudicated*. I am aware that [the plaintiff corn growers] had adverse decisions in the district court and the Tenth Circuit, but none of those decisions addressed the merits of the professional ethics issues that were central to my expert opinion. Insofar as the *substantive breach of fiduciary and professional ethics issues* are concerned, the orders in this case are not *res judicata* because *those issues were never adjudicated*.

7

*See* Farmers' Response, ECF No. 4727, at pp. 2-3. The Tenth Circuit acknowledged the 60,000 putative class plaintiffs in the *Kellogg* lawsuit – now the *Niekamp* plaintiffs – have an actionable claim for a breach of fiduciary duty. *See Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1264 (10th Cir. 2022), *cert denied* (March 20, 2023) ("the [district court] did not find … that attorneys [had] never breached any duty of loyalty while representing farmers throughout the entire course of the underlying litigation … so *breach of a duty of loyalty could trigger an award to the Kellogg farmers*.") (citing *Perl II*, 345 N.W.2d 209, 212 (Minn. 1984). (Emphasis added).

The Defendants' motion presents insurmountable conflicts of interest for the Defendants. *See, e.g.*, Minn. R. Prof. Conduct 1.7 (lawyer "shall not" proceed with representation "directly adverse" to current and former clients); Rule 1.8(h); Rule 1.9 (lawyer "shall not" proceed with representation directly adverse to former client unless former client gives consent in writing). The motion does not comply with Rule 11 safe harbor and separate motion requirements. Fed. R. Civ. P. 11(b)(2); *Royal Schnauzers, LLC v. Dukes Royal Schnauzers, et al*., No. 20-CV-00170-DAK, slip op. at p. 7, (D. Utah June 16, 2021) (denying Rule 11 motion after Rule 41(a)(1)(A)(i) voluntary dismissal). The Fifth Amendment of the U.S. Constitution and Art. I, Sec. 7 and Sec. 8 of the Minnesota Constitution guarantee the *Niekamp* plaintiffs due process, access to the courts, and the right to a remedy. The Defendants' motion should be denied.

Dated: April 29, 2024

Respectfully submitted,

By: /s/ Douglas J. Nill
Douglas J. Nill (MN # 0194876)
DOUGLAS J. NILL, PLLC
d/b/a FARMLAW
1850 Fifth Street Towers
150 South Fifth Street
Minneapolis, MN 55402
(612) 573-3669
dnill@farmlaw.com

John C. Weisensell (OH # 0029901)
WEISENSELL, MASTRANTONIO
& ORLANDO LLP
23 South Main Street
Suite 301
Akron, OH 44308
(330) 434-1000
jack@nwm-law.com

*Counsel for Plaintiffs*

9

**CERTIFICATE OF DIGITAL SUBMISSION**

In accordance with the court's CM/ECF User's Manual, I hereby certify that all required privacy redactions have been made. In addition, I certify that the hard copies of this pleading that may be required to be submitted to the court are exact copies of the ECF filing, and the ECF submission has been scanned for viruses with the most recent version of Trend Micro Maximum Security, with the most recent update on April 29, 2024, and according to the program, is free of viruses.

Dated: April 29, 2024

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2024, I electronically filed on CM/ECF and

service was thereby electronically delivered to all counsel of record.

Dated: April 29, 2024

By: /s/ Douglas J. Nill
Douglas J. Nill (MN #0194876)

11