IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: Syngenta AG MIR162
   Corn Litigation      § Master File No. 2:14-MD-02591-JWL-JPL

This applies to: All Cases     § MDL No. 2591

### CO-LEAD COUNSEL'S RESPONSE TO ORDER REQUESTING BRIEFING ON MOOTNESS

After being sued in Ohio (*Niekamp*) by attorney Douglas Nill, who represents two Settlement Class Members, Co-Lead Counsel filed a Motion to Enforce this Court's prior injunction barring interference with its settlement approval and fee-allocation orders. (ECF 4718.) Despite an opportunity to do so, Mr. Nill ignored all requests to cease the conduct that violated the injunction and even threatened current counsel and their clients with *more* litigation after the motion to enforce was filed.[1] After unsuccessfully opposing transfer of *Niekamp* to this MDL before the Judicial Panel on Multidistrict Litigation ("JPML"), Mr. Nill instantly filed a voluntary notice of dismissal without prejudice. *Niekamp* was subsequently transferred to this Court, and this Court requested briefing as to whether the voluntarily dismissal of *Niekamp* moots this Court's jurisdiction over the motion (ECF 4734).

As explained below, the motion to enforce is not moot because Co-Lead Counsel seek remedies to address their injury that this this Court can still order. First, Co-Lead Counsel sought an order requiring Mr. Nill and his clients to dismiss *Niekamp* with prejudice; after the JPML Order, *Niekamp* dismissed *without* prejudice. Second, Co-Lead Counsel also sought attorneys' fees and costs caused by the violation of the Injunction, and neither Mr. Nill nor his clients have paid such fees or costs. This relief—which is within the Court's authority to order—is necessary

---

[1] *See* ECF 4718 (filed Jan. 26, 2024); *Niekamp v. Watts Guerra LLP,* Case No. 2:24-cv-02146-JWL, ECF 39 (filing on Jan. 29, 2024, a motion for leave to file a motion for declaratory and summary judgment)

1

to redress the injuries suffered by movants due to Mr. Nill and his clients' conduct violating the Injunction. Moreover, such remedy is necessary to deter them from engaging in similar conduct in the future.

The Injunction was already violated before Mr. Nill and his clients attempted to dismiss *Niekamp* voluntarily. The consequences of doing that cannot be evaded by the artifice of a belated voluntary dismissal without prejudice; the foul already occurred. *Niekamp* was a flagrant violation of this Court's Injunction, and its filing demonstrates that Mr. Nill has no respect for such Orders. Absent action from this Court, he will almost certainly continue his harassing conduct.

## BACKGROUND

As the JPML agreed, "*Niekamp* bears a striking factual resemblance to the *Kellogg* action" that was transferred to this Court in 2018 and "litigated for approximately two years, with progress often stymied by the conduct of plaintiffs' counsel" Mr. Nill. (ECF 887 at 2) After his attempt to attack the Court's attorneys' fee award in the Syngenta MDL failed in *Kellogg*, Mr. Nill found two new plaintiffs and filed another substantively identical suit in a new jurisdiction (Ohio) adding Court-appointed counsel as defendants. But in addition to the flaws that doomed *Kellogg*, the filing (and prosecution) of the *Niekamp* lawsuit directly violated this Court's orders.

After *Kellogg* was filed, this Court entered its final Order approving the Settlement in the underlying litigation and enjoining all Settlement Class members and their counsel:

> from filing, commencing, prosecuting . . . participating as plaintiffs . . . or class members in any other lawsuit or proceeding in any jurisdiction any claims or causes of action that interfere with the Orders and Judgments entered in this action related to the Settlement and/or award or allocation of attorneys' fees, costs, or expenses. . .

ECF 3850, ¶ 19 (the "Injunction"). Within 90 minutes of the JPML transfer order being docketed requiring the *Niekamp* action to be transferred to this Court, in part to permit the Court "the opportunity to rule on the effect of his prior orders in both the MDL and in *Kellogg*" (ECF 887 at

2

2), the *Niekamp* plaintiffs availed themselves of Fed. R. Civ. P. 41(a)(1) to dismiss the suit without prejudice.

This Court unquestionably always has the "inherent power to enforce compliance with its lawful orders" and to remediate disobedience. *CGC Holding Co., LLC v. Hutchens*, 780 F. Appx. 604, 606-07 (10th Cir. 2019) (citation omitted); *see also McKay v. United States*, 207 F. App'x 892, 894 (10th Cir. 2006). Without action from this Court to enforce its Injunction, Co-Lead Counsel (and the other defendants) remain subject to repeat offenses by Mr. Nill – who apparently believes he may ignore this Court's mandates. The issues are not moot. Given the Court's continuing jurisdiction to rule on collateral matters, including attorneys' fees, its everlasting jurisdiction to enforce its own orders, and the open questions that remain in Co-Lead Counsel's motion, this Court should grant Co-Lead Counsel's motion to enforce, find Mr. Nill and his clients violated the Injunction, require that the dismissal in *Niekamp* be converted to "with prejudice," and award attorneys' fees and costs.

## ARGUMENT

Co-Lead Counsel sought three forms of relief in their motion: (1) dismissal of the claims in *Niekamp;* (2) with prejudice;[2] and (3) repayment of attorneys' fees and costs caused by the violation. As it stands, Mr. Nill and his clients have voluntarily provided only one of three requested forms of relief. The motion is accordingly not moot.

### A.   The Court's Order Would Have a Real World Impact.

Mootness occurs only where: (1) "the issues in a case … are no longer live or the parties lack a legally cognizable interest in the outcome;" or (2) "an event occurs while a case is pending

---

[2] Although not explicit in the Motion, by seeking to enforce the injunction, dismissal with prejudice is necessary to afford the complete relief sought. Otherwise, the *Niekamp* plaintiffs could simply re-file a separate lawsuit that would nonetheless violate the Court's injunction.

… that makes it impossible for the court to grant any effectual relief whatever to the prevailing party." *Prier v. Steed*, 456 F.3d 1209, 1212-13 (10th Cir. 2006) (quotations omitted). "The crucial question is whether granting a present determination of the issues offered … will have some effect in the real world." *Id*. at 1213 (citation omitted). "Put another way, a case becomes moot when a plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016). It is not impossible for the Court to grant effective, "real world" relief here as requested by the motion; therefore, the motion is not moot.

It is axiomatic that to moot a claim for relief, the intervening conduct must afford the offended party *full* relief. In certain circumstances, "a defendant could moot an action to restrain specific conduct by taking alternative steps that lead the defendant to abandon the conduct the plaintiff wishes to restrain." 13B Fed. Prac. & Proc. Juris. § 3533.2.1 (3d ed.).  But mere "partial self-help by a defendant … does not moot a claim for relief[.]" *Id.*; *see Marshall v. Stevens People and Friends for Freedom*, 669 F.2d 171, 174 (4th Cir. 1981) (action to enforce subpoena not mooted by the fact that some but not all information was secured). Thus, an "[a]ction that grants part but not all of the relief does not moot the demand for additional relief or the issues that must be determined to decide on further relief." 13B Fed. Prac. & Proc. Juris. § 3533.2.1; *Ryan v. City of Shawnee*, 13 F.3d 345, 350 (10th Cir. 1993) (award of reinstatement and backpay did not moot discriminatory promotion practices claim that, if successful, would entitle movant "to recover [additional] compensation").

Here, the belated voluntary dismissal of *Niekamp* did not constitute full relief. First, the voluntary dismissal was, by the *Niekamp* plaintiffs' express terms, without prejudice. *Niekamp*, ECF 48 ("Plaintiffs notice of voluntary dismissal of this action [is] without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B)").  Thus, as it stands, the unlawful case can simply be refiled (causing

4

additional damage to Co-Lead Counsel by having to hire counsel to defend the action). Dismissal *with* prejudice is necessary to enforce the MDL Injunction.

Second, the request for money damages in the form of attorneys' fees and costs incurred still remains outstanding. And "[b]ecause money damages are available, mootness is not an issue with regard to those claims." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010); *see also Premium Nutritional Products, Inc. v. Ducote,* 571 F. Supp. 2d 1216, 1220 (D. Kan. 2008) ("A complainant may recover attorneys' fees and expenses incurred in prosecuting a contempt motion.") (collecting cases).[3]

Simply put, Mr. Nill and the *Niekamp* plaintiffs cannot avoid the consequences of violating the Court's MDL Injunction while leaving Co-Lead Counsel without full relief – and while leaving the door open to simply re-file the action elsewhere.

### B. Mr. Nill Cannot Moot the Motion to Enforce Because it is Reasonably Expected to Recur.

Even if the availability of the two forms of relief requested above did not demonstrate a "real world" impact, the *Niekamp* plaintiffs cannot meet their burden to establish mootness. A party relying on voluntary cessation to a moot a case must show that the challenged conduct "cannot reasonably be expected to recur," which is a "formidable burden." *Fed. Bureau of Investigation v. Fikre*, 144 S. Ct. 771, 777 (2024) (quotation omitted). "Were the rule more forgiving, a defendant might suspend its challenged conduct after being sued, win dismissal, and later pick up where it left off; it might even repeat this cycle as necessary until it achieves all of its allegedly unlawful ends." *Id.* (quotation omitted). "A live case or controversy cannot be so easily

---

[3] *See also De Simone v. VSL Pharmaceuticals, Inc.,* 36 F.4th 518, 535–36 (4th Cir. 2022) ("The appropriate remedy for civil contempt is within the court's broad discretion. A court may assess attorneys' fees for the willful disobedience of a court order as part of the fine to be levied on the defendant. But the power to award fees for willful disobedience doesn't take away the inherent authority of a court to award attorneys' fees in a civil contempt proceeding … without finding willful disobedience." (internal marks and citations omitted)).

disguised, and a federal court's constitutional authority cannot be so readily manipulated. To show that a case is truly moot, a defendant must prove no reasonable expectation remains that it will "return to its old ways." *Id.* (quotation omitted).

Mr. Nill and his clients cannot meet this standard. They *explicitly* dismissed the *Niekamp* action without prejudice, leaving open the door to re-filing. *McKee Foods Corp. v. BFP, Inc.*, No. 23-5170, 2024 WL 1213808, at *5, *7 (6th Cir. Mar. 21, 2024) (voluntary dismissal did not moot request for an injunction); *In re Conseco, Inc.*, 330 B.R. 673, 679-80 (Bankr. N.D. Ill. 2005) (similar). Mr. Nill expressly views the *Kellogg* precedent as non-binding on future plaintiffs. (ECF 4718-3 at 4-5.) And, before filing *Niekamp*—and despite a Tenth Circuit judgment against him on the same claims in *Kellogg*—Mr. Nill attempted to extort Co-Lead Counsel and the other defendants of over $11 million in attorneys' fees (purportedly incurred in the *Kellogg*) upon threat of filing what became the separate *Niekamp* action. (ECF 4718-3 at 11-12.)

His conduct throughout *Kellogg* and *Niekamp*, which includes refusing to acknowledge and follow court orders or respect established precedent—including opposing JPML transfer of *Niekamp* despite the identical claims having been transferred in *Kellogg*, repeatedly challenging this Court's obligation to preside over these cases (despite the Tenth Circuit's affirmance of this Court's denial of his *many* motions to recuse), and his refusal to acknowledge this Court's jurisdiction—all supports that "he intends to locate and file new actions from among the 60,000 plaintiffs that retained Watts." (ECF 4718 at 14). Thus, here, more than a "reasonable expectation remains that [he] will return to [his] old ways." *Fikre*, 144 S. Ct. at 777 (quotation omitted).

The only thing that can stop Mr. Nill is a binding declaration that *Niekamp* violated the existing Injunction and an award of attorneys' fees and costs, which, in addition to strictly compensating Co-Lead Counsel for their actual injury, will also serve to deter future violations

and future lawsuits by Mr. Nill that violate the Injunction. Granting Co-Lead Counsel's Motion to Enforce will also provide an explicit, binding judicial opinion against which any future lawsuits filed by Mr. Nill can be assessed. For these reasons, the motion is not moot.

### C. Even if the Requested Relief Did Not Have a Real World Impact (it does), the Court Retains Jurisdiction to Award Attorney Fees.

Even if a finding that the *Niekamp* action was in violation of the Injunction did not have a real-world impact (it does), the question of attorneys' fees nonetheless remains ripe for this Court's decision as a collateral issue. "It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). This expressly includes "the imposition of costs, attorney's fees, and contempt sanctions, [as well as] the imposition of a Rule 11 sanction." *Id.* at 396; *see also Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1217-18 (10th Cir. 2010) (recognizing that a voluntary dismissal without prejudice under Rule 41(a)(1)(i) does not deprive a district court of its authority to award costs).

This rule makes procedural and practical sense. Permitting the award of attorneys' fees *after* the voluntary dismissal of an action furthers the purpose behind Rule 41(a). As the Supreme Court summarized in *Cooter*, Rule 41(a) was intended to eliminate:

> the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure.

*Cooter*, 497 U.S. at 397 (citation omitted).

As noted, Mr. Nill has a history of disobeying the Court's orders, including the Injunction. He did not cease the offending conduct when notified that he was violating the Injunction. Rather, he contended (after being ordered to respond) that the Court lacked jurisdiction over him and his clients. (ECF 4726 at 2.) He waited until after the JPML ordered *Niekamp* transferred to this Court to dismiss *Niekamp*, reflecting that he intends to continue to evade this Court's direct

7

jurisdiction over his serial claims, which failed in this Court in *Kellogg*. Consequently, although Rule 41(a) permits a plaintiff to dismiss his case without prejudice in the early stages of the proceedings, neither the rule itself nor its history suggests that the rule was intended to *reward* a plaintiff for halting his case early in order to evade responsibility for violating an injunction. Rather, the Supreme Court has held "Rule 41(a)(1) was not designed to give a plaintiff any benefit *other than* the right to take one such dismissal without prejudice." *Id*.

Permitting the *Niekamp* plaintiffs and their counsel to use Rule 41(a)(1) as a shield to avoid the repercussions of violating this Court's prior orders would thus violate the intended purpose of Rule 41(a)(1). As one court summarized in rejecting a similar argument, allowing a Rule 41(a)(1) dismissal to avoid a request for attorneys' fees "would effectively transform a rule designed to restrict plaintiffs into a vehicle by which plaintiffs may evade otherwise appropriate sanctions and costs." *Bldg. Innovation Indus. L.L.C. v. Onken*, 473 F. Supp. 2d 978, 983 (D. Ariz. 2007). Such evasion would be particularly inappropriate here.

## CONCLUSION

Within their motion to enforce the Injunction, Co-Lead Counsel requested this Court "send a strong message to end these collateral attacks on the settlement of the *Syngenta* litigation." (ECF 4718 at 15.) For the foregoing reasons, Co-Lead counsel respectfully submit that the issues are not moot: the Court should grant Co-Lead Counsel's Motion to Enforce by finding that the claims in *Niekamp* violate the Injunction, require dismissal of that case be with prejudice, and award attorneys' fees and costs caused by violation of the Injunction to be paid by Mr. Nill.

Enough is enough.

Date: April 29, 2024                             Respectfully submitted,

*s/ Douglas Dalgleish*
Douglas Dalgleish (D. Kan. # 22328)
Courtney J. Harrison (D. Kan. # 27553)
**STINSON LLP**
1201 Walnut Street, Suite 2900
Kansas City, MO 64105
Telephone: (816) 842-8600
Doug.Dalgleish@stinson.com
Courtney.Harrison@stinson.com


ATTORNEYS FOR STUEVE SIEGEL HANSON LLP and GRAY, RITTER & GRAHAM

-&-

**FAEGRE DRINKER BIDDLE & REATH LLP**

s/ *John W. Ursu*
John W. Ursu (MN #32257X)
Jeffrey P. Justman (MN #0390413)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
P: (612) 766-7000
F: (612) 766-1600
john.ursu@faegredrinker.com
jeff.justman@faegredrinker.com

ATTORNEYS FOR HARE WYNN NEWELL & NEWTON and GRAY REED & MCGRAW, PC