IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: SYNGENTA AG MIR 162  )  MDL No. 2591
CORN LITIGATION,     )
            )  Case No. 14-md-2591-JWL
            )

## MEMORANDUM AND ORDER

In this matter arising from multi-district litigation (MDL), Kansas Co-Lead Counsel (hereinafter "movants") filed a motion (Doc. # 4718) to enforce the Court's Final Order and Judgment of December 7, 2018. Specifically, movants sought to enjoin certain settlement class members from pursuing a particular lawsuit, *Niekamp, et al. v. Watts Guerra LLP, et al.*, No. 23-2289 (N.D. Ohio), that has since been dismissed. Movants also sought an award of attorney fees and costs incurred as a result of the alleged violation of the terms of the Final Order and Judgment. For the reasons set forth below, the Court **denies** the motion.

## I. Procedural History

By Memorandum and Order of December 7, 2018, the Court approved a global class settlement of the cases against Syngenta involved in this MDL. *See In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094 (Lungstrum, J.). In that same order, the Court awarded as attorney fees one third of the settlement fund, in the approximate amount of $503 million. *See id.* By Memorandum and Order of December 31, 2018, the Court allocated the attorney fee award to various pools, *see In re Syngenta AG MIR 162 Corn*

*Litig.*, 2018 WL 6839380 (D. Kan. Dec. 31, 2018) (Lungstrum, J.), from which pools the Court by subsequent orders awarded attorney fees and expenses to specific law firms. The Court has also ordered the distribution of the awarded amounts to the recipient firms.[1]  The Tenth Circuit has affirmed this Court's orders concerning the awards of attorney fees. *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126 (10th Cir. 2023); *Shields Law Group, LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251 (10th Cir. 2024).  At the time of the final settlement approval, on December 7, 2018, the Court also issued a Final Order and Judgment, which included the following provision at paragraph 19:

> 19.    In addition, all Settlement Class members are forever enjoined from filing, commencing, prosecuting, continuing to prosecute, supporting, intervening in, or participating as plaintiffs, claimants, or class members in any other lawsuit or proceeding in any jurisdiction against the Released Parties any Released Claims.  Further, Settlement Class Members and their counsel are forever enjoined from filing, commencing, prosecuting, continuing to prosecute, supporting, intervening in, or participating as plaintiffs, claimants, or class members in any other lawsuit or proceeding in any jurisdiction any claims or causes of action that interfere with the Orders and Judgments entered in this action related to the Settlement and/or award or allocation of attorneys' fees, costs, or expenses, subject only to the express exceptions listed in the Settlement Agreement's Reservation of Claims and Rights in section 6.2.  To the extent any such proceeding exists in any court, tribunal or other forum as of the Effective Date, the Class Representatives and Settlement Class members are ordered to withdraw and seek dismissal with prejudice of such proceeding forthwith.

*See In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 6710081, at *6 (D. Kan. Dec. 7, 2018) (Lungstrum, J.).

---

[1]  In its last disbursement order, the Court noted that a little over $2 million would remain in escrow because firms had not yet executed certain required agreements; and that it had not yet determined how or to whom over $10 million in interest would be distributed.

In 2018, after the Court's preliminary approval of the global settlement but prior to final approval, certain settlement class members (who had been producer plaintiffs asserting claims against Syngenta) brought a putative class action, *Kellogg, et al. v. Watts Guerra, LLP, et al.*, Nos. 14-2591, 18-2408 (D. Kan.), against their attorneys in the underlying Syngenta litigation and other plaintiffs' attorneys in the MDL, which case was transferred into the MDL from the District of Minnesota. In *Kellogg*, the Court dismissed at the pleading stage all claims other than a claim for breach of fiduciary duty against the plaintiffs' own former attorneys; the Court dismissed that fiduciary duty claim as a sanction for repeated violations of the Court's orders by counsel for the *Kellogg* plaintiffs; and the Tenth Circuit affirmed the Court's orders of dismissal. *See Kellogg v. Watts Guerra LLP*, 41 F.4th 1246 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 1022 (2023).

On November 28, 2023, the *Kellogg* plaintiffs' counsel and additional Ohio counsel filed in the United States District Court for the Northern District of Ohio a new lawsuit, *Niekamp, et al. v. Watts Guerra LLP, et al.*, No. 23-2289 (N.D. Ohio), on behalf of two former Syngenta producer plaintiffs who were not among the named plaintiffs in *Kellogg*, but who had been putative class members in that case. The claims asserted in *Niekamp* largely mirrored those that had been asserted in *Kellogg*. The *Niekamp* plaintiffs filed an amended complaint on December 21, 2023.

On January 26, 2024, movants, who had been named as defendants in *Niekamp*, filed the instant motion to enforce. Movants argue by that motion that the *Niekamp* plaintiffs (who were members of the MDL settlement class) and their counsel violated paragraph 19 of the Final Order of Judgment of December 7, 2018, because the Ohio action

interfered with settlement or attorney fee orders issued in the MDL.  Movants requested that the Court enforce paragraph 19's injunction by ordering the *Niekamp* plaintiffs and their counsel to dismiss that action in Ohio, and movants further requested an award of attorney fees and costs incurred because of the alleged violation.  After the response deadline passed, the Court ordered the *Niekamp* plaintiffs and their counsel to show cause why the motion to enforce should not be granted as uncontested.  The *Niekamp* plaintiffs and their counsel then filed a substantive response to the motion, and movants filed a reply brief.

After *Niekamp* was filed in Ohio, the defendants filed a notice with the United States Judicial Panel on Multidistrict Litigation (JPML) that *Niekamp* was a potential tag-along action for the MDL.  The JPML initially declined to transfer the case into the MDL, but the *Niekamp* defendants filed a motion for transfer, and the matter was briefed and argued to the Panel.  On April 12, 2024, the JPML ordered that *Niekamp* be transferred to this Court and into the Syngenta MDL.  On the same day, seemingly in response to the transfer order, the *Niekamp* plaintiffs filed in the Ohio court a notice of voluntary dismissal of the case without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i); and they then filed a notice of that dismissal with the JPML, in which they stated that the dismissal rendered both the motion for transfer and the JMPL's transfer order moot.  On April 15, 2024, the JMPL's transfer order was filed in this Court.

On April 15, 2024, movants gave notice to this Court of the transfer order and the voluntary dismissal.  In that notice, movants argued that the motion to enforce should not be deemed moot because they had also requested an award of fees and costs.  The Court

proceeded to order briefs from the parties concerning the issue of mootness, and both movants and the *Niekamp* plaintiffs and counsel filed briefs.  In addition, on April 24, 2024, the firm of Gustafson Gluek PLLC ("Gustafson"), who had been named as a defendant in *Niekamp*, filed a document in this Court in which it purported to join the instant motion to enforce.  The motion to enforce is now ripe for ruling.

## II.   <u>Analysis</u>

### A.   <u>*The Effect of the Voluntary Dismissal*</u>

The Court first addresses the argument by the *Niekamp* plaintiffs and their counsel (hereinafter "the plaintiffs") that because they dismissed *Niekamp*, the JPML's transfer order has no effect.  This argument appears to relate to the mootness issue, as movants have argued that a court retains jurisdiction to address collateral matters such as attorney fees even after a voluntary dismissal.

The plaintiffs rely on the MDL statute, 28 U.S.C. § 1407, which states that "[o]rders of transfer . . . shall be filed in the office of the clerk of the district court of the transferee district and *shall be effective when thus filed*."  *See id.* § 1407(c) (emphasis added).  In this case, the JPML issued its transfer order on April 12, 2024, but that order was not filed in this Court (the transferee court) until April 15, 2024, after the plaintiffs had already filed the notice of voluntary dismissal in the Ohio court.  Thus, pursuant to the statute, at the time the transfer order would have taken effect, there was no longer any action "pending", *see id.* § 1407(a) ("pending" actions may be transferred by the JPML); and therefore plaintiffs appear to be correct in arguing that the transfer order in this case would have had

no effect.[2]  That question is essentially academic, however, as the present motion has been filed in the main MDL case, not in *Niekamp*, and there is presently no pending collateral matter in *Niekamp* for any court to consider.  Therefore, this Court need not decide definitively the effect of the transfer order.

Movants note that the plaintiffs dismissed their action without prejudice, and movants have argued, in addressing the mootness issue, that the Court should grant them relief on the motion by ordering that any dismissal be with prejudice.  The applicable rule, however, allowed the plaintiffs to dismiss their action by notice of dismissal without a court order, as the defendants had not filed an answer or a motion for summary judgment *see* Fed. R. Civ. P. 41(a)(1); under the rule, any such dismissal was without prejudice, unless the notice stated otherwise, *see id.*; and the plaintiffs' dismissal stated explicitly that the dismissal was without prejudice.  Movants have not cited any authority that would allow a court to revive the case simply so that it could then be dismissed with prejudice.  More importantly, although in their motion movants requested an order requiring the plaintiffs to dismiss their action, they did not request an order specifically requiring a dismissal *with*

---

[2]  Thus, in one case the court held that a remand order was effective because it had been filed before the JPML's transfer order took effect upon filing in the transferee court, *see In re Rezulin Prods. Liability Litig.*, 133 F. Supp. 2d 272, 297-98 (S.D.N.Y. 2001); while in another case, the JPML ruled that certain remand orders had no effect because they were filed after the JPML's transfer order was filed in the transferee court, *see In re Baycol Prods. Liability Litig.*, 269 F. Supp. 2d 1376, 1377 (JPML 2003).

*prejudice*, and the Court declines to allow movants to amend their motion in that way at this time.[3]

      *B.*    <u>Mootness</u>

Thus, the plaintiffs' voluntary dismissal renders moot the pending motion to enforce to the extent that it seeks an order requiring such dismissal.  The Court agrees with movants, however, that the motion has not been rendered moot in its entirety.  As movants note, they have requested an award of fees and costs incurred as a result of the alleged violation of paragraph 19's injunction, and while the dismissal may effectively cap any such award, it does not eliminate the prejudice allegedly suffered by movants.  The plaintiffs argue that the general rule asserted by movants, under which a collateral matter such as attorney fees may be addressed even after dismissal, does not apply here because fees are not being sought in the *Niekamp* case.  The plaintiffs have offered no reason, however, why the dismissal would affect movants' request for fees in the MDL for a violation of the injunction in the Final Order and Judgment.

Accordingly, the Court denies the pending motion as moot with respect to the request for an order requiring dismissal; but it will address the motion's request for fees and expenses based on the alleged violation.

---

[3] The Court does not agree that a request for dismissal with prejudice was implicit in the relief requested in the motion.  Movants argue that a dismissal without prejudice does not prevent the plaintiffs from filing the same suit again.  Whether a future filing would violate paragraph 19's injunction, however, may be addressed in the context of an actual filing in the future.  The Court also notes that movants have not requested a new injunction against a future lawsuit asserting any particular type of claim.

C.   *Gustafson's Joinder of the Motion*

The Court next addresses the document filed in this Court (through ECF) by Gustafson.  The caption of the document indicates that it is being filed in the JPML, but it was in fact filed in this Court (and was not also filed in the JPML, according to that proceeding's ECF docket).  The title of the document states that it is a response and joinder to the motion to enforce and a notice to the court.  At one point, Gustafson appears to be addressing the JPML, as it refers to a notice filed "with this Court" that was filed by the plaintiffs in the JPML (in which notice the plaintiffs stated that the transfer order was moot); in another place, Gustafson refers to the transfer order's vesting of authority "in this Court" (presumably meaning the MDL court) to address sanctions.  At any rate, Gustafson appears by this document to seek joinder in the instant motion to enforce.  Accordingly, the Court will consider Gustafson to be among the movants with respect to this motion.

D.   *Jurisdiction to Address the Alleged Violation*

In their briefs, the plaintiffs state explicitly that by their appearance here they are not consenting to the jurisdiction of this Court.  By such statements, the plaintiffs seem to be renewing their objection to any transfer of *Niekamp* into the MDL; and they also seem to argue that this Court lacks jurisdiction to act in the *Niekamp* case because that case was dismissed before the transfer order took effect.  As noted, however, the present motion does not arise in the *Niekamp* case itself; rather, movants have filed their motion in the main MDL case, over which this Court undoubtedly has jurisdiction.  The plaintiffs have not offered any reason why this Court would not have jurisdiction to enforce a provision in its own Final Order and Judgment in the MDL case.

8

E.    *Whether the Motion Should Be Granted as Uncontested*

As noted above, after movants filed the present motion, the deadline for a response expired with no response from the plaintiffs.  The Court then ordered the plaintiffs to show cause why the motion should not be granted as uncontested under D. Kan. Rule 7.1(c); and it further stated that if the plaintiffs wished to respond substantively to the motion to enforce, "they should file such a brief along with their response to this order to show cause."  The plaintiffs filed a document titled as a response to the show-cause order.  In that response, however, the plaintiffs did not address their failure to respond to the motion by the applicable deadline; rather, they simply responded to the motion substantively.  Movants argue that because the plaintiffs failed to show excusable neglect in failing to file a timely response to the motion, the Court should indeed grant the motion as uncontested.

The Court confesses that it is dismayed by the plaintiffs' failure to follow its orders (a) to show cause why the motion should not be granted as uncontested under the local rule and (b) to file any substantive response brief separate from the response to the show-cause order – particularly given counsel's history of flouting the Court's orders in *Kellogg* and being sanctioned therefor.  Nevertheless, movants did not suffer any prejudice from the plaintiffs' delay in filing a substantive response, and the Court concludes in its discretion that the present motion should be decided on its merits.  *See Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("our legal system strongly prefers to decide cases on their merits"); *Sprint Communications Co. L.P. v. Comcast Cable Communications LLC*, 2017 WL 3730493, at *2 (D. Kan. Aug. 30, 2017) (Lungstrum, J.) (noting the Court's preference to ensure that a case is decided on its merits).  The Court therefore will consider

9

the plaintiffs' untimely response to the motion (along with the parties' supplemental briefs).

### F.    *Merits of the Motion*

The Court thus turns to the merits of the motion to enforce.  Movants ask the Court to exercise its inherent authority to award them fees and costs incurred because of the plaintiffs' alleged violation of the injunction in paragraph 19 of the Court's Final Order and Judgment in the MDL case.  Specifically, movants argue that the plaintiffs' filing of the *Niekamp* action "interfered" with the Court's orders in the MDL case relating to the settlement or attorney fee awards, in violation of the injunction.  The Court is not persuaded, however, that the *Niekamp* claims, if litigated, actually would have interfered with any such order.

The primary basis for the claims asserted in the *Niekamp* complaint is the plaintiffs' allegation that their attorneys improperly filed individual suits on their behalf without sufficiently considering and disclosing to them the benefits of pursuing a class action instead.  Movants attempt to couch that allegation and related allegations as disagreements with various rulings by this Court, including the appointment of MDL lead counsel (in which the Court sought to balance the interests of attorneys favoring individual actions and those favoring class actions); the Court's "finding" that certain Joint Prosecution Agreements (JPAs) among attorneys did not call into question lead counsel's adequacy to represent all plaintiffs; and the certification of the litigation classes (which classes did not include the plaintiffs and other Watts Guerra plaintiffs pursuing individual actions).  While the plaintiffs might remain unhappy with such rulings or believe that those rulings

contributed to their purported harm, however, movants have not explained how any such rulings could now be affected by claims such as those asserted in *Niekamp*. The plaintiffs did not seek any such relief in *Niekamp*, and there is no basis to believe that any such ruling could be undone or otherwise affected.[4]  Moreover, those rulings do not directly relate to any settlement or fee award order, as required for a violation here.

Similarly, the Court rejects movants' argument based on their contention that the plaintiffs sought by their claims in *Niekamp* to "litigate the value of the individual lawsuits to the achievement of the Settlement."  Movants rely on the fact that the Court, in allocating the attorney fee awards among the common benefit and IRPA pools, considered (in a holistic sense) the value that the individual actions against Syngenta contributed to the realization of the settlement.  The fact that the plaintiffs might have attributed less value to the individual suits (in claiming that their attorneys should not have pursued individual actions on their behalf) than did this Court, however, did not create the potential that the Court's actual fee allocations would be affected.  Indeed, the Court did not determine any specific "value" that the individual cases had in contributing to the settlement; nor does it appear that *Niekamp* in fact would have required any determination of the specific value of the individual suits.  Plaintiffs' argument for a different *relative* value between individual and class actions would not provide any basis for upsetting and thus interfering with the Court's settlement or fee award orders.

---

[4]  In issuing the Final Order and Judgment, the Court intended the word "interfere" in this context of paragraph 19 to require some potential adverse effect on the settlement or the fee awards themselves or other specific provisions of the Court's orders.

The same is true for movants' arguments concerning the JPAs.  The Court, in awarding attorney fees, rejected the argument that awards should be governed by provisions in the JPAs.  Movants note that in *Niekamp* the plaintiffs essentially claimed that the JPAs were themselves unlawful, while basing their claims against other plaintiffs' counsel on their signing those agreements; but whether those JPAs could or could not serve as the basis for tort liability for movants, the Court cannot fathom any potential effect on the Court's fee orders.  The Court does not agree with movants that the necessary interference with settlement or fee orders may be shown merely by the plaintiffs' allegations suggesting disagreement or unhappiness with prior decisions of the Court in the MDL without any real potential for an adverse effect on the Court's actual orders pertaining to the settlement or the fee awards.[5]

By their suit, the plaintiffs sought forfeiture of all fees awarded to the defendants and damages in the amount of any such fees (trebled); but as the plaintiffs point out, that claim would have remained the same whatever the amounts of fees awarded to those defendants, and thus, there could be no effect on the Court's actual allocations.  Moreover, the fact that a fee award recipient faces a claim for some portion (or all) of that award does

---

[5] As Gustafson noted in its joinder, in its transfer order the JPML stated as follows: "Despite [the *Niekamp* plaintiffs'] largely conclusory argument that *Niekamp* is not a collateral attack on the MDL settlement or the fee award decisions in the Syngenta MDL, *Niekamp* appears to aim squarely at both, in addition to further misconduct plaintiffs allege arose in the MDL."  Despite this observation by the JPML, this Court does not believe that *Niekamp* had the potential actually to interfere with the Court's settlement or fee award orders, and therefore it is not persuaded that its injunction has been violated.  The JPML was applying a different standard in deciding whether to transfer the case into the MDL, and this Court expresses no opinion on that decision by the JPML.

not mean that the award itself is being challenged – in the same way that a garnishment claim against an attorney would not constitute interference with the Court's order awarding fees to that attorney for the purpose of enforcing the injunction in paragraph 19.

Movants' best argument – because it claims an actual effect on the Court's orders relating to attorney fees – is that the plaintiffs' claims in *Niekamp* for the forfeiture of attorney fees interfere with the Court's orders requiring movants (as settlement class counsel) to distribute awards among law firms (including the *Niekamp* defendants).  In particular, movants cite paragraph 49 of the amended complaint in *Niekamp*, in which the plaintiffs alleged that the assertion of their claims was enough to prevent the defendants from "collecting" awarded attorney fees, which the plaintiffs deemed "disputed funds" under applicable ethical rules; and movants thus argue that the plaintiffs sought to interfere with the Court's distribution orders by seeking to impose liability for the mere act of distributing the fee awards.  In that paragraph and in the *Niekamp* complaint generally, however, the plaintiffs did not seek to prevent the distribution of attorney fee awards to law firms as ordered by this Court; rather, they claimed that because they sought the forfeiture of any fee award amounts, such amounts were "disputed funds" that had to be held in escrow by the defendants until the dispute was resolved, as required by the cited ethical rules.  Thus, the Court does not discern any potential for interference with the Court's orders that its attorney fees awards be distributed to the rightful recipients.

Movants insist that counsel for the plaintiffs must be stopped from filing such suits as *Kellogg* and *Niekamp*.  This Court has no power to enjoin the litigation of any similar suit in the future, however, unless that suit would interfere with the Court's settlement or

fee orders in the MDL in violation of the terms of the injunction in paragraph 19.  The Court further notes that if a suit is truly without legal or factual basis, defendants may seek a remedy within that particular suit, for instance under Fed. R. Civ. P. 11.[6]

In this case, the Court is not persuaded that the plaintiffs, in filing the *Niekamp* action, violated the injunction in the Final Order and Judgment as alleged by movants. Accordingly, the Court denies movants' request for an award of fees and costs based on the alleged violation, and it therefore denies the motion to enforce in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT Kansas Co-Lead Counsel's motion to enforce the Final Order and Judgment (Doc. # 4718) is hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of May, 2024, in Kansas City, Kansas.

　/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[6]  As the plaintiffs note, not all of the claims in *Kellogg* were dismissed on their merits.