IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: SYNGENTA AG MIR 162 CORN LITIGATION, | ) ) ) ) | MDL No. 2591<br><br>Case No. 14-md-2591-JWL |

## MEMORANDUM AND ORDER

This matter arising from multi-district litigation (MDL) comes before the Court on the special master's Report and Recommendation of June 21, 2024 (Doc. # 4742), concerning particular issues that have arisen with respect to the distribution of attorney fees awarded by the Court from the Individually Retained Private Attorneys (IRPA) pool. For the reasons set forth below, the Court **adopts** the Report and Recommendation in its entirety.

On June 4, 2021, the Court awarded fees to particular attorneys from the IRPA pool. The Court adopted the special master's report and recommendation, which established a procedure for the distribution of those fee awards. On December 13, 2023, the Court authorized distribution of the IRPA fee awards. On April 22, 2024, the Court extended the appointment of the special master to authorize her to address any issues relating to the modification of protocols or the substitution of recipients with respect to the IRPA awards. That order authorized the special master to submit a report and recommendation to the Court regarding any such requests or issues, which the Court would then review *de novo*. On June 21, 2024, the special master submitted a Report and Recommendation in which she addressed two specific issues and recommended a process to address additional issues

relating to the IRPA awards that may arise in the future. The Court set a deadline of July 12, 2024, for the filing of any objection to the report and recommendation; no objection or other response was filed by that deadline, however. After reviewing the issues *de novo*, the Court concludes that the special master's Report and Recommendation should be adopted in its entirety.

1. The special master first addressed the request by Law Firm Solutions LLC ("LFS") to be substituted as the awardee for the IRPA fee award to Speer Law Firm ("Speer"). As related in the special master's Report, Speer was dissolved after the death of its founder, and a Missouri court has ruled that LFS, Speer's creditor, has a first priority lien on any amounts owed to Speer. Because the amount owed to LFS exceeds the amount of the award to Speer, LFS is therefore entitled to the entire award to Speer. The special master has confirmed the court judgment with the trustee for the dissolved entity, and no party has objected to this substitution. As the special master found, a judicial proceeding has established LFS's ownership of the award to Speer; therefore, the Court agrees with the special master that LFS should be substituted for Speer as the awardee.

Specifically, in accordance with the special master's recommendations, the Court (1) finds that Law Firm Solutions LLC owns the right to receive the IRPA award to the Speer Law Firm; and (2) authorizes the claims administrator to obtain the necessary documents from LFS and to pay the Speer Law Firm award to Law Firm Solutions LLC.

2. The second issued addressed by the special master concerns the IRPA award to the Phipps/Clark/Flowers Group, which was a joint venture involving three firms: Phipps Anderson Deacon LLP ("Phipps"), Clark Love Hutson PLLC ("Clark"), and Myers

& Flowers Law Firm ("Flowers"). Clark has requested that it be substituted for Phipps as the Submitting Firm for the group, with the responsibility for obtaining consents from referring attorneys and allocating fees from the award properly.

As related by the special master, an arbitrator has ruled that Phipps no longer has any interest in the IRPA fee award to the group because of Phipps's breach of the firms' joint venture agreement, and that decision has been reduced to a final judgment by a Texas court. That judgment has apparently been appealed by a creditor of Phipps that may assert an interest in the fee award. Neither Phipps nor any other party, however, has objected – either to the special master or to this Court – to this request for Clark to be substituted as the Submitting Firm. The Court agrees with the special master that because Phipps no longer has any financial interest in the fee award to the group, as adjudged by a court, it is appropriate for another member of the group to take over from Phipps as the Submitting Attorney.[1] In the event that the appeal is successful and the creditor company is adjudged to have an interest in the fee award, the resulting distribution may be accomplished by Clark as the Submitting Firm. Accordingly, the Court orders the claims administrator to substitute Clark as the Submitting Firm for this group.

3. No party has objected to the special master's recommendations concerning issues that may arise in the future with respect to the distribution of the IRPA awards, and upon review the Court agrees with those recommendations. Accordingly, the Court adopts those recommendations as set forth in the special master's Report and Recommendation.

---

[1] Flowers, the other member of the group, has consented to having Clark act as the Submitting Attorney.

IT IS THEREFORE ORDERED BY THE COURT the special master's Report and Recommendation of June 21, 2024 (Doc. # 4742) is hereby **adopted** in its entirety. Distributions of IRPA fee awards shall proceed as recommended by the special master and as set forth herein with respect to the two specific issues addressed by the special master; and future issues shall be addressed by the special master in accordance with her recommendations.

IT IS SO ORDERED.

Dated this 19th day of July, 2024, in Kansas City, Kansas.

  /s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge