# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: Syngenta AG MIR 162 Corn Litigation | Master File No. 14-MD-2591-JWL-JPO <br><br> MDL No. 2591 |
| David G. Dingmann and Randall D. Hebrink, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Bassford Remele PA, Gustafson Gluek PLLC, Schwebel Goetz & Sieben PA, Lockridge Grindal Nauen PLLP, Lewis A. Remele Jr., Daniel E. Gustafson, and John Does 1-10, <br><br> Defendants. | D. Kan. No. 24-CV-2576-JWL-ADM <br><br> **DEFENDANTS' RESPONSE TO THE COURT'S JANUARY 23, 2025 ORDER** |

In response to the Court's January 23, 2025 Order (D. Kan. 24-CV-2576-JWL-ADM, Doc. 64) directing the parties to address "whether there is any reason why the case should not now proceed in this Court, with the setting of a deadline for responses to the complaint," Defendants believe the case should proceed and that a reasonable deadline for responding to the complaint should be set.

Given Plaintiffs' Withdrawal of Motion for Reconsideration filed with the Judicial Panel on Multidistrict Litigation, and with the Eighth Circuit Court of Appeals' issuance of a mandate following its dismissal of Plaintiffs' appeal, Defendants believe the case should proceed in this Court. Defendants suggest that forty-five days would be a reasonable amount of time for Defendants to respond to the complaint. Defendants intend to bring a Rule 12 motion that encompasses their earlier motions to dismiss arguments regarding a lack of an indispensable party as well as other issues. Defendants' motion for leave (D. Kan. 24-CV-2576-JWL-ADM,

Doc. 58) was denied without prejudice in this Court's January 10, 2025 Order (MDL No. 2591, Doc. 4760) that, *inter alia*, vacated all deadlines for responding to the complaint until further order of the Court after the JPML ruled on the Plaintiffs' then-pending reconsideration motion, and noted it would "set a deadline for any and all Rule 12 motions (with new or updated briefing) that defendants wish to file."

Defendants request and suggest that the deadline for a response to the complaint be set for March 17. In anticipation of Plaintiffs perhaps arguing that any deadline to respond should be shorter, Defendants note that they have not sat idle since Plaintiffs commenced suit in late August 2024. Beyond successfully removing this matter to federal court and obtaining a transfer to this Court, Defendants have received or responded to numerous motions and filings from Plaintiffs, including: a September 20, 2024 motion to remand to state court (D. Minn. 24-cv-3675-ECT-LIB, Doc. 5); an October 7, 2024 Motion to Vacate Conditional Transfer Order (D. Minn. 24-cv-3675-ECT-LIB, Doc. 15); a November 4, 2024 Reasons Why Oral Argument Should be Heard (D. Minn. 24-cv-3676-ECT-LIB, Doc. 34); a November 20, 2024 Notice of Appeal (D. Minn. 24-cv-3675-ECT-LIB, Doc. 47); a December 16, 2024 Motion to Reconsider and Withdraw Transfer Order (D. Kan. 24-CV-2576-JWL-ADM, Doc. 56-1; MDL No. 2591, Doc. 929); a January 2, 2025 Appellants' Motion for Leave to File Surreply (8th Cir. No. 24-3365); a January 6, 2025 Appellants' Motion to Withdraw Previously Filed Motion for Leave to File Surreply (8th Cir. No. 24-33655); and a January 17, 2025 Withdrawal of Motion for Reconsideration (D. Minn. 24-cv-3675-ECT-LIB).

Defendants believe forty-five days is a reasonable deadline because of the number of different defendant firms and attorneys and the need to coordinate their efforts to provide the Court with a clear and complete motion addressing all relevant Rule 12 issues. While effective

collaboration may require additional time among the below counsel and their respective clients, Defendants believe the additional time will promote judicial economy through joint and coordinated briefing.

| **Lind, Jensen, Sullivan & Peterson, P.A.** | **Gordon Rees Scully Mansukhani, LLP** |
|---|---|
| /s/ William L. Davidson<br>William L. Davidson (#201777)<br>901 Marquette Avenue South, Suite 1900<br>Minneapolis, MN 55402<br>(612) 333-3637<br>william.davidson@lindjensen.com<br><br>*Attorney for Defendants Bassford Remele PA and Lewis A. Remele Jr.* | /s/ Suzanne L. Jones<br>Suzanne L. Jones (#389345)<br>80 South Eighth Street, Suite 3850<br>Minneapolis, MN 55402<br>(612) 351-5969<br>sljones@grsm.com<br><br>*Attorney for Defendant Lockridge Grindal Nauen PLLP* |
| **Taft Stettinius & Hollister Llp** | **Gordon Rees Scully Mansukhani, LLP** |
| /s/ Michael Lafeber<br>Michael M. Lafeber (#0242871)<br>2200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402-2157<br>(612) 977-8400<br>mlafeber@taftlaw.com<br>*Attorney for Defendants Gustafson Gluek PLLC and Daniel Gustafson* | /s/ David A. Schooler<br>David A. Schooler (#225782)<br>80 South Eighth Street, Suite 3850<br>Minneapolis, MN 55402<br>(612) 216-3455<br>dschooler@grsm.com<br><br>*Attorney for Defendant Schwebel Goetz & Sieben PA* |

## CERTIFICATE OF DIGITAL SUBMISSION

In accordance with the court's CM/ECF User's Manual, I hereby certify that all required privacy redactions have been made. In addition, I certify that the hard copies of this pleading that may be required to be submitted to the court are exact copies of the ECF filing, and the ECF submission has been scanned for viruses.

Dated: January 31, 2025              /s/ William L. Davidson

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, I electronically filed the foregoing on CM/ECF and service was thereby electronically delivered to all counsel of record.

3

Dated: January 31, 2025            /s/ Wiliam L. Davidson

4