IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: SYNGENTA AG MIR 162 )  MDL No. 2591
CORN LITIGATION, )
 )  Case No. 14-md-2591-JWL
 )

## MEMORANDUM AND ORDER

In this matter arising from multi-district litigation (MDL), Settlement Class Counsel have filed a motion to distribute unallocated interest earned on the funds set aside for awards of attorney fees and expenses (Doc. # 4780). No responses to the motion were filed. As more fully set forth below, the Court **grants the motion in part and denies it in part**. The Court concludes that the remaining interest should be distributed on a *pro rata* basis to all firms that received fee or expense awards, without any additional awards to firms who have performed work since those initial awards.

In this case, the Court awarded over $503 million in attorney fees (one-third of the overall settlement fund) and over $31 million in expenses. Those funds earned interest prior to distribution, and as of August 27, 2025, the remaining unallocated amount of such interest is $11,998,210.92 (which amount continues to grow). By the present motion, class counsel propose that the remaining interest be awarded and distributed as follows: (a) $7,834,866.20 to six firms, representing those firms' lodestar for work performed administering, defending (including on appeal), and distributing the settlement and the attorney fee and expense awards; and (b) the remaining funds, on a *pro rata* basis, to all firms that received any award of fees or expenses (from the common-benefit pools or from

the IRPA pool).[1]  The six firms who would receive lodestar awards under this proposal have served in leadership positions among plaintiffs' counsel in the litigation, including as Settlement Class Counsel, Kansas Co-Lead Counsel, and Minnesota Co-Lead Counsel.

The Court agrees that the starting point for the most equitable distribution of the remaining interest must be the further distribution of the interest to the firms that received awards from the fee and expense funds that generated that interest, on a *pro rata* basis.  *See In re Oracle Sec. Litig.*, 852 F. Supp. 1437, 1458 (N.D. Cal. 1994) (cited by movants) (applying the "standard approach" to interest, under which counsel receives an award of interest to the extent such interest arises out of counsel's portion of the settlement funds).

The Court is not persuaded, however, that it should deviate from that equitable approach to award a significant portion of the interest to the six firms for their work since the initial fee awards, as the Court believes that those firms have already been adequately compensated for that work.  On March 19, 2019, the Court adopted in full the Report and Recommendation (R&R) submitted by Kansas Co-Lead Counsel concerning how attorney fees should be allocated and distributed from the Kansas common-benefit pool.  *See In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 1274813 (D. Kan. Mar. 20, 2019) (Lungstrum, J.), *aff'd*, 61 F.4th 1126 (10th Cir. 2023).  The Court noted that Co-Lead

---

[1]  Counsel propose determining the *pro rata* shares for firms that appealed the fee awards based on the entirety of the remaining funds, and then determining the shares for other firms based on the remainder after deduction of the lodestar amount proposed for distribution to the six firms.  Counsel suggest that such a method would ensure that fees are not effectively shifted to the six firms (who litigated to success in the appeals) from the losing appellants.  In light of its rejection of the proposed award to the six firms, however, the Court need not perform the *pro rata* distribution in multiple stages.

Counsel had explained in the R&R the reasons for the specific treatment of each firm placed into one of several tiers based on each firm's contribution to the overall benefit of the settlement class, and it stated that it agreed with that reasoning as set forth in the R&R. *See id.* at *4. The R&R (Doc. # 4079) was signed and submitted by five of the six firms singled out in the present motion. In the R&R, those five firms proposed that they comprise the top tier, to be compensated with the highest multipliers applied to their lodestars, because of those firms' significant investment in and contributions to the overall litigation and resulting settlement.[2] In justifying that top-tier treatment of the five firms for purposes of allocating the Kansas common-benefit attorney fee pool, the authors of the R&R relied in part on work performed even after the settlement was reached (which work would necessarily continue throughout the claims process), and they also included the following footnote:

> It should also be recognized that the Tier 1 firms will continue to incur significant labor and expenses defending the settlement and fee award on appeal (work that continues to benefit all of the members of the Kansas Common Benefit Pool). There are currently common benefit fee and expense contributions in . . . the common benefit fee and expense established by the Court's Common Benefit Order . . . . In accordance with that order, no allocation or distribution of those funds will occur until further order of this Court.

These six firms took on leadership roles in this litigation, and they were rewarded appropriately for that investment in the litigation through fee awards determined with the

---

[2] The sixth firm received an award based on its placement in the top tier for recommended distributions from the Minnesota common-benefit pool. *See In re Syngenta AG MIR 162 Corn Litig.*, 2019 WL 3202256 (D. Kan. July 16, 2019) (Lungstrum, J.), *aff'd*, 61 F.4th 1126 (10th Cir. 2023).

highest multipliers applied to their lodestar amounts (actual hours times usual hourly rates). When they undertook those roles, they reasonably would have understood that work would need to be performed for the settlement class even after the initial fee awards – and indeed, the authors of the Kansas R&R justified their proposed multipliers in part by citing that very fact. The Court commends the firms for their substantial work as they diligently and ably administered and defended the settlement and fee awards; but the Court's intent in making the initial fee awards was that those top-tier firms receiving awards with the highest multipliers would not receive further awards for work performed after those awards.[3]

Accordingly, the Court denies the motion to the extent that it seeks an additional lodestar award to six firms. The motion is granted to the extent that it otherwise seeks a *pro rata* distribution to all other firms that received fee or expense awards. The Court thus orders that all remaining interest shall be distributed on a *pro rata* basis to firms (including the six firms discussed herein) based on the amounts of the fees and expenses previously awarded to each firm.

The Court grants the other requests made in the motion. Accordingly, payments shall be mailed to firms pursuant to this order within 14 days of this order. Checks must be negotiated within 30 days of their mailing, or else those amounts may be forfeited.

---

[3] The Court notes that in addition to common-benefit pool awards, these six firms may also have received awards from the IRPA fee pool, and they may yet receive fees from the forthcoming distribution of Common Benefit Order funds referenced in the R&R's footnote (in the Court's understanding, the last issue remaining unresolved in the MDL). In addition, these firms – as they are among the largest recipients from the initial awards – will also receive the largest *pro rata* shares of this remaining interest.

Settlement Class Counsel are authorized to pay actual or expected liabilities, such as taxes or fees associated with the distribution of these further awards, from the remaining interest prior to calculation of the particular awards and the mailing of checks. Any *de minimis* amounts remaining from such payments and any amounts forfeited shall be paid equally to the two *cy pres* recipients previously approved by the Court.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by Settlement Class Counsel to distribute certain remaining interest (Doc. # 4780) is hereby **granted in part and denied in part**, as set forth herein.

IT IS SO ORDERED.

Dated this 18th day of September, 2025, in Kansas City, Kansas.

      /s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge